|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON AT SEATTLE | |
| BOMBARDIER INC.,<br><br>             Plaintiff,<br><br>     v.<br><br>MITSUBISHI AIRCRAFT CORPORATION, MITSUBISHI AIRCRAFT CORPORATION AMERICA INC., AEROSPACE TESTING ENGINEERING & CERTIFICATION INC., MICHEL KORWIN-SZYMANOWSKI, LAURUS BASSON, MARC-ANTOINE DELARCHE, CINDY DORNÉVAL, KEITH AYRE, AND JOHN AND/OR JANE DOES 1-88,<br><br>             Defendants. | No. 2:18-cv-1543<br><br>BOMBARDIER INC.'S MOTION TO SEAL EXHIBITS A-J TO THE DECLARATION OF DANIEL BURNS AND EXHIBIT A TO THE DECLARATION OF DAVID TIDD IN SUPPORT OF ITS MOTION FOR A PRELIMINARY INJUNCTION<br><br>**NOTE ON MOTION CALENDAR: NOVEMBER 2, 2018** |

### I. INTRODUCTION

Contemporaneous with this Motion to Seal, Plaintiff Bombardier Inc. ("Plaintiff" or "Bombardier") is filing its Complaint for, among other things, trade secret misappropriation and its motion for an injunction preliminarily enjoining certain defendants from using, disclosing, or disseminating in any way certain Bombardier confidential and proprietary documents and information contained therein. Bombardier's Complaint details how former Bombardier employees, including Defendants Laurus Basson, Marc-Antoine Delarche, Cindy Dornéval, and Keith Ayre, retained without authorization certain Bombardier confidential and proprietary documents and information related to aircraft certification prior to leaving

BOMBARDIER INC.'S MOTION TO SEAL - 1

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

Bombardier to work for Defendant Aerospace Testing Engineering & Certification Inc. ("AeroTEC") or Defendant Mitsubishi Aircraft Corporation ("MITAC"). AeroTEC has partnered with Defendants MITAC and Mitsubishi Aircraft Corporation America ("MITAC America") to further the MITAC entities goal of certifying the Mitsubishi Regional Jet ("MRJ").

Bombardier's preliminary injunction motion is predicated on Defendants Laurus Basson, Marc-Antoine Delarche, and Cindy Dornéval's actual or threatened disclosure of Bombardier's trade secret documents and information to Defendants AeroTEC, MITAC, and MITAC America. Therefore, Plaintiff must necessarily disclose and describe the confidential and proprietary documents and information comprising the trade secrets at issue for its preliminary injunction motion for the purpose of showing that such documents and information comprise subject matter eligible for trade secret protection. Further, Plaintiff's preliminary injunction motion is also predicated in part on the usefulness of the Bombardier confidential and proprietary trade secret documents and information at issue to Defendants AeroTEC, MITAC, and MITAC America, and Plaintiff has submitted declarations from Daniel Burns and David Tidd describing the value of these documents, Bombardier's extraordinary efforts in developing these documents and information, and how they could be used to save Defendants AeroTEC, MITAC, and MITAC America hundreds of millions of dollars in flight testing costs.

Thus, if these documents, attached as Exhibits A-J to the declaration of Daniel Burns and Exhibit A to the declaration of David Tidd, were to be filed publicly, Bombardier would lose significant competitive advantage by having its proprietary processes and procedures related to aircraft certification available to any of its competitors.

In accordance with the procedures of the local rules, Plaintiff moves for leave to file under seal the Exhibit A-J to the Declaration of Daniel Burns and Exhibit A to the Declaration of David Tidd.

BOMBARDIER INC.'S MOTION TO SEAL - 2

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

## II. LOCAL RULE 5(g)(3)(A) CERTIFICATION

Pursuant to Local Rule (5)(g)(3)(A), Plaintiff certifies that its counsel has explored all alternatives to filing Exhibits A-J to the declaration of Daniel Burns and Exhibit A to the declaration of David Tidd under seal. Because of the timing of Plaintiff's motion, and relatedly because the identity of Defendants' counsel for this matter has not yet been determined through any notice of appearance, Plaintiff's counsel was unable to confer with Defendants' counsel regarding Plaintiff's motion to seal. However, all of the information sought to be filed under seal is Plaintiff's confidential and proprietary trade secret information that is the subject of this dispute, and Plaintiff submits that it has met the compelling reasons standard to file this information under seal.

Additionally, because Defendants' counsel has not yet been determined through any notice of appearance, Plaintiff will be unable to serve the sealed filings to any counsel for Defendants. As soon as Defendants' counsel appears in this case and agrees to treat the sealed filings as "Highly Confidential - Attorneys' Eyes Only," i.e., not shared with any Defendant or other third party, Plaintiff will immediately serve these filings.

## III. LOCAL RULE 5(g)(3)(B) REQUIREMENTS

In the context of a dispositive motion, documents filed with the Court are generally to be made public unless "compelling reasons" exist to maintain documents under seal. *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1136 (9th Cir. 2003). Such reasons include, but are not limited to, "whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes." *Id*. at 1135 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). "Courts have properly refused to 'permit their files to serve as reservoirs of libelous statements for press consumption' or 'as sources of business information that might harm a litigant's competitive standing.'" *In re McClatchy Newspapers, Inc.,* 288 F.3d 369, 374 (9th Cir. 2002 (quoting *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 598 (1978)); see also *In re Electronic Arts*, 298 Fed. App'x 568, 569 (9th Cir. 2008) ("compelling reason" may exist if sealing is required to prevent judicial documents from

BOMBARDIER INC.'S MOTION TO SEAL - 3

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

being used "as sources of business information that might harm a litigant's competitive standing"); *Hill v. Xerox Corp.*, No. C12-0717-JCC, 2014 WL 1356212, at *1 (W.D. Wash. Apr. 7, 2014) ("sources of business information that might harm [Defendant's] competitive standing . . . are therefore compelling reasons to keep [the] document sealed"). Where documents contain sensitive material in part, public disclosure of appropriately redacted versions of such documents can simultaneously serve competing private and public interests. *E.g., Foltz*, 331 F.3d at 1137-38.

Exhibits A-J to the Declaration of Daniel Burns and Exhibit A to the Declaration of David Tidd that Plaintiff seeks to seal are precisely the type of information the Ninth Circuit has recognized as meeting the compelling reasons standard. As described above, Exhibits A-J to the Daniel Burns declaration and Exhibit A to the David Tidd declaration contain Bombardier confidential and proprietary trade secret information that is the subject of this trade secret misappropriation suit. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (recognizing that "compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might . . . release trade secrets"). Additionally, the Declaration of Daniel Burns describes how a competitor would use the Exhibits A-J to his declaration to gain a significant competitive advantage at Bombardier's expense. *See e.g.*, Declaration of Daniel Burns, ¶¶7, 10, 12, 15, 20, 25. Likewise, the David Tidd declaration describes how a competitor would use Exhibit A to his declaration to gain a significant competitive advantage at Bombardier's expense. *See e.g.,* Declaration of David Tidd, ¶7. Thus, these "sources of business information" that would "harm [Bombardier's] competitive standing" create sufficient "compelling reasons to keep [the] documents sealed." *Hill v. Xerox Corp.*, No. C12-0717-JCC, 2014 WL 1356212, at *1 (W.D. Wash. Apr. 7, 2014).

BOMBARDIER INC.'S MOTION TO SEAL - 4

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

## IV.  CONCLUSION

Compelling reasons exist for issuance of an Order sealing the Exhibits A-J of the Declaration of Daniel Burns and Exhibit A to the Declaration of David Tidd. Accordingly, Plaintiff respectfully requests that the motion be granted.

Dated this 19th day of October, 2018.

CHRISTENSEN O'CONNOR
JOHNSON KINDNESS[PLLC]

s/ John D. Denkenberger
John D. Denkenberger, WSBA No.: 25,907
Brian F. McMahon, WSBA No. 45,739
Christensen O'Connor Johnson Kindness[PLLC]
1201 Third Avenue, Suite 3600
Seattle, WA  98101-3029
Telephone:  206.682.8100
Fax:  206.224.0779
E-mail:  john.denkenberger@cojk.com,
brian.mcmahon@cojk.com, litdoc@cojk.com

*Attorneys for Plaintiff Bombardier Inc.*

BOMBARDIER INC.'S MOTION TO SEAL - 5

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

s/<u>John D. Denkenberger</u>
John D. Denkenberger, WSBA No.: 25,907
Brian F. McMahon, WSBA No. 45,739
Christensen O'Connor Johnson Kindness$^{PLLC}$
1201 Third Avenue, Suite 3600
Seattle, WA 98101-3029
Telephone: 206.682.8100
Fax: 206.224.0779
E-mail: john.denkenberger@cojk.com,
brian.mcmahon@cojk.com, litdoc@cojk.com

*Attorney for Plaintiff Bombardier Inc.*

BOMBARDIER INC.'S MOTION TO SEAL - 6

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100