THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOMBARDIER INC., <br><br> Plaintiff, <br><br> v. <br><br> MITSUBISHI AIRCRAFT CORPORATION, MITSUBISHI AIRCRAFT CORPORATION AMERICA, INC., et al., <br><br> Defendants. | 2:18-cv-1543 RAJ <br><br> DEFENDANT MITSUBISHI AIRCRAFT CORPORATION AMERICA, INC'S OPPOSITION TO PLAINTIFF'S MOTION TO SEAL EXHIBITS A-J TO THE DECLARATION OF DANIEL BURNS AND EXHIBIT A TO THE DECLARATION OF DAVID TIDD IN SUPPORT OF ITS MOTION FOR A PRELIMINARY INJUNCTION <br><br> NOTED ON MOTION CALENDAR: November 9, 2018 |

## I.   INTRODUCTION

Plaintiff Bombardier Inc.'s ("Plaintiff" or "Bombardier") Motion to Seal [Dkt. No. 3] is procedurally improper and substantively flawed.  It should be denied on both bases.  The only Defendants who appear to have been properly served with the Summons and Complaint are Aerospace Testing Engineering & Certification Inc. (AeroTEC") and possibly some of the AeroTEC individual employees.  Mitsubishi Aircraft Corporation of America, Inc. ("Mitsubishi Aircraft America") has not yet received verification that the Summons was properly served,

DEFENDANT MITSUBISHI AIRCRAFT CORPORATION AMERICA, INC.'S OPP'N TO MOT. TO SEAL (NO. 18-CV-1543 RAJ) – 1
121153-0002/141757557.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

since the original Summons was unsigned and without the Court's seal. (Decl. J. Riedinger ¶¶ 2-3.) In addition, neither the instant Motion to Seal (now re-noted to be heard on November 9, 2018 [Dkt. No. 22]) nor the pending Motion for a Preliminary Injunction (now re-noted to be heard on December 7, 2018 [Dkt. No. 25]) has been properly served on Mitsubishi Aircraft America or any other Defendant. (Decl. J. Riedinger ¶ 4; Mot. to Seal at 3 [Dkt. No. 4].) As the Motion to Seal is procedurally improper for lack of service, its noting is impermissibly premature under the local rules. The Motion should be denied outright based on these procedural irregularities.

In addition, Mitsubishi Aircraft America does not believe the information in the documents satisfies the legal definition of trade secrets. Further, Bombardier has not satisfied even the lesser showing necessary for sealing business records under the applicable Ninth Circuit law. Bombardier's Motion to Seal should be denied on this basis as well.

## II.   ARGUMENT

Bombardier disregarded the procedural rules by prematurely filing and noting for hearing a Motion to Seal certain documents [Dkt. No. 3] that were filed in support of Bombardier's Motion for a Preliminary Injunction [Dkt. No. 4]. That Motion seeks to seal Exhibits A-J to the Declaration of Daniel Burns [Dkt. Nos. 5-6] and Exhibit A to the Declaration of David Tidd [Dkt. Nos. 7-8]. (See generally Mot. to Seal [Dkt. No. 3].) None of these exhibits have been served on Defendants. (Mot. for Prelim. Inj. 3 [Dkt. No. 4]; Decl. J. Riedinger ¶ 4).) This litigation is predicated on Bombardier's accusation that its prior employees, five named individuals and "John and/or Jane Does 1-88, stole documents with the intent to misappropriate the purported trade secrets contained therein to help their new employer obtain certification of the Mitsubishi Regional Jet ("MRJ"). (See generally Compl. [Dkt. No. 1]).) Bombardier's Motion should be denied on both procedural and substantive bases.
DEFENDANT MITSUBISHI AIRCRAFT CORPORATION AMERICA, INC.'S OPP'N TO MOT. TO SEAL (NO. 18-CV-1543 RAJ) – 2
121153-0002/141757557.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

A.   **The Motion Is Premature and Should Be Denied Because Not All Parties Have Been Served.**

As a preliminary matter, Bombardier argues that the documents it seeks to seal were stolen by three individual Defendants. (Mot. to Seal 1-2 [Dkt. No. 3].) Bombardier relies on these purportedly stolen trade secret documents to support its contention that it needs immediate and extraordinary relief in the form of a preliminary injunction. (Mot. for Prelim. Inj. 20-21 [Dkt. No. 4].) Bombardier seeks to enjoin, among other things, these three individuals from continuing to work on the MRJ's certification for the duration of these proceedings—thus essentially depriving each of them of their livelihood. (Id. 24.)

To date, Bombardier has not perfected service on all the named Defendants. At a minimum, the unserved Defendant(s) whom Bombardier seeks to enjoin from continuing to work on the MRJ's certification need to be served, obtain counsel, appear, and have an opportunity to be heard on the pending motions, including this one. *See, e.g.,* LCR 5(g); 7(d)(2); LCR 7(b)(1); *see also* Fed. R. Civ. P. 65(a)(1).

B.   **The Motion Is Premature and Should Be Denied Because It Was Noted in Violation of the Local Rules Requiring Timely Service.**

The Motion to Seal was originally noted for November 2, 2018; Bombardier has re-noted the Motion for November 9, 2018. [Dkt. Nos. 3, 22.] Bombardier seeks to file under seal Exhibits A-J to the Declaration of Daniel Burns and Exhibit A to the Declaration of David Tidd. Mitsubishi Aircraft America has not been served with a copy of these exhibits; and it appears that no other Defendant has either. (Decl. J. Riedinger ¶ 4; Mot. to Seal 3 [Dkt. No. 4].) While Mitsubishi Aircraft America's counsel had a limited opportunity to "view" these documents in the offices of Bombardier's counsel on October 31, counsel were not permitted to copy or to retain any portion of these documents, or even make notes regarding the content of the documents. (Decl. J. Riedinger ¶ 4.)

A properly served motion to seal is a "Second Friday" motion. LCR 7(d)(2). Thus, a motion to seal may be noted for consideration "*no earlier* than the second Friday after filing and

---

DEFENDANT MITSUBISHI AIRCRAFT CORPORATION AMERICA, INC.'S OPP'N TO MOT. TO SEAL (NO. 18-CV-1543 RAJ) – 3

121153-0002/141757557.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

service of the motion." *Id.* (emphasis added). To properly serve a motion to seal, "[t]he moving party shall ensure that the motion papers are received by the opposing party on or before the filing date." *Id*. In addition to the motion, the moving party has the obligation to file and serve "all affidavits, declarations . . . or other evidence presented in support of the motion." LCR 7(b)(1).

To this day, the Motion's supporting papers have still not been served on Defendant Mitsubishi Aircraft America, or apparently on anyone else. And while Bombardier's counsel allowed Mitsubishi Aircraft America's counsel to view the sealed documents in their offices, they did so only so long as Mitsubishi Aircraft America's counsel agreed that they would not describe the documents to their clients, nor copy or keep any portion of the documents. Such a limited "viewing" does not constitute service.

The Motion to Seal thus fails to comply with the rules of procedure on what papers a movant is required to file and serve with a motion by its filing date (*see* LCR 7(b)(1)), and fails to comply with the rules of procedure regarding when a *properly* filed and served motion can be noted for hearing (*see* LCR 7(d)(2)). The Motion to Seal must therefore be denied and re-noted after proper service of the supporting papers in accordance with the noting provisions in the local rules.

**C.     The Motion Is Premature and Should Be Denied Because It Was Noted in Violation of the Local Rules Requiring a Meet and Confer.**

Bombardier's Motion to Seal should also be denied for failure to comply with the certification requirement of LCR 5(g)(3)(A), which requires the parties to meet and confer to limit the burden on the courts and the clerk by minimizing the size of sealed documents and the scope of the dispute that needs resolution. Bombardier argues that it should be excused for ignoring the certification requirements of the rule because "the identity of Defendants' counsel for this matter has not yet been determined *through any notice of appearance*." (Mot. to Seal

DEFENDANT MITSUBISHI AIRCRAFT CORPORATION AMERICA, INC.'S OPP'N TO MOT. TO SEAL (NO. 18-CV-1543 RAJ) – 4
121153-0002/141757557.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

3:4-6 (emphasis added) [Dkt. No. 4].) Bombardier's rationale for ignoring the certification requirement is not well-founded.

First, Bombardier neglects to mention that Bombardier and its attorneys were advised in September 2018 (well before the filing date of Oct. 19, 2018), that Mitsubishi Aircraft America was represented by Perkins Coie LLP. (Decl. J. Riedinger Ex B & ¶ 8.) In fact, a Perkins Coie attorney had a lengthy discussion with the Bombardier lawyers representing Bombardier about the events giving rise to the lawsuit in early September 2018, weeks before the Complaint was filed. (Decl. J. Riedinger ¶ 8.) Indeed, Bombardier's lawyers contacted the same Perkins Coie lawyer the day after filing the Complaint to confirm that he continued to represent Mitsubishi Aircraft America. (Decl. J. Riedinger ¶ 9.) Nothing precluded Bombardier from calling Perkins Coie in advance of filing its Motion to request a meet and confer, or to request information about whether someone new would be representing Mitsubishi Aircraft America. Thus, Bombardier was not precluded by insufficient information from conducting the required meet and confer. Rather, Bombardier chose not to call Perkins Coie before filing the pending Motions.

Further, nothing precluded Bombardier from waiting the 21 days after service of the Summons and Complaint for the parties to appear, having the required meet and confer, and then filing a motion to seal that complied with the rules. Bombardier could have filed its Motion in compliance with the rules and could have done so without prejudice. As Bombardier admits in its Complaints, the facts giving rise to this lawsuit—the hiring of Bombardier's employees by Mitsubishi Aircraft America and AeroTEC—are facts that have been known to Bombardier for three years. (See, e.g., Compl. ¶¶ 51-51.) Further, Bombardier states that it plans to seek a *second* preliminary injunction against the rest of the unserved Defendants after those Defendants are properly served. (Mot. for Prelim. Inj. 1 n.1 [Dkt. 4].) Thus, there is no urgency to any of the pending motions that necessitated Bombardiers disregard for the meet-and-confer requirement.

DEFENDANT MITSUBISHI AIRCRAFT CORPORATION AMERICA, INC.'S OPP'N TO MOT. TO SEAL (NO. 18-CV-1543 RAJ) – 5
121153-0002/141757557.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

### D. The Motion to Seal Should Be Denied on the Merits.

Even if the Court were to disregard the procedural deficiencies, the Motion to Seal should still be denied. A strong presumption of public access to court files exists, and the moving party bears the burden of overcoming this presumption. *See* LCR 5(g). A court cannot allow documents to remain under seal unless it articulates its reasons for doing so. *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) (vacating order sealing, without explanation, documents submitted in support of injunction motion). To justify sealing records attached to a dispositive motion, a party must show "compelling reasons." *See Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)). Under the "compelling reasons" standard, a court must evaluate relevant factors, including "the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679 n.6 (9th Cir. 2010) (citation omitted).

Pursuant to LCR 5(g), the party who designates a document confidential must provide a "specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interest that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient." LCR 5(g). Bombardier has not done so.

From Mitsubishi Aircraft America's counsel's limited viewing of the documents at issue, Bombardier has not made--and does not appear it will be able to make--the showing necessary to seal the documents in their entirety. For example, based on memory of the documents, Exhibit A to the Burns Declaration appears to be an approximately 60 page PowerPoint presentation made to Transport Canada. (Decl. J. Riedinger ⁋ 6.) Numerous pages cannot contain confidential information, or even business information, such as the title page, the agenda page, the overview

DEFENDANT MITSUBISHI AIRCRAFT CORPORATION AMERICA, INC.'S OPP'N TO MOT. TO SEAL (NO. 18-CV-1543 RAJ) – 6
121153-0002/141757557.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

pages, and likely much more. (*Id.*) Similarly, Exhibit A to the Tidd Declaration consists of an almost 200-page document that includes, among other non-confidential statements, pages that include standard aerodynamic equations and generic paragraphs of descriptive verbiage that was not specific to Bombardier or Bombardier aircraft. (Decl. J. Riedinger ¶ 7.) Even a limited viewing of the documents thus demonstrates that some or all of the documents could and should be publicly filed because they do not reveal any confidential business information. Other pages could and should be publicly filed with limited redactions.

Other questions remain about the purported confidentiality of these documents. For example, copies of some documents were provided to Transport Canada a government agency. (See, e.g., Decl. D. Burns Ex. A [Dkt. Nos. 5-6].) In addition, a notation running down each page of Exhibit A to the Declaration of David Tidd suggests that the document and revisions to it were published to at least some audience. (See generally Decl. D. Tidd Ex. A [Dkt. Nos. 7-8].) Given the questions raised by such a limited "viewing," additional objections to sealing these documents in their entirety will become apparent once these documents have been properly served and their content fully analyzed and investigated.

Accordingly, even assuming the Court reaches the issue of sealing and determines that some of the factors for sealing are met, it should still deny the Motion to Seal as it now stands. At a minimum, Bombardier has not met its burden for sealing the documents in their entirety because there are less restrictive alternatives such as redaction.

Mitsubishi Aircraft America takes no position at this stage on whether the documents at issue contain some Bombardier confidential information given its counsel's limited opportunity to review at the documents and counsel's inability to discuss the document's contents with Mitsubishi Aircraft America or with a consultant. In no event, however, does Mitsubishi Aircraft America believe the documents constitute "trade secrets" under the Washington Uniform Trade Secrets Act (Ch. 19.108 RCW) or the federal Defend Trade Secrets Act (18 U.S.C. § 1836, et seq.).

DEFENDANT MITSUBISHI AIRCRAFT CORPORATION AMERICA, INC.'S OPP'N TO MOT. TO SEAL (NO. 18-CV-1543 RAJ) – 7
121153-0002/141757557.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

### III. CONCLUSION

For the reasons set forth above, the Court should deny Bombardier's Motion to Seal Exhibits A-J to the Declaration of Daniel Burns and Exhibit A to the Declaration of David Tidd in Support of its Motion for a Preliminary Injunction.

RESPECTFULLY SUBMITTED this 7th day of November 2018.

*s/Mary Z. Gaston*
Jerry A. Riedinger, WSBA No. 25828
Mack H. Shultz, WSBA No. 27190
James Sanders, WSBA No. 24565
Mary Z. Gaston, WSBA No. 27258
Shylah R. Alfonso, WSBA No. 33138
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
E-mail: JRiedinger@perkinscoie.com
E-mail: MShultz@perkinscoie.com
E-mail: MGaston@perkinscoie.com

Attorneys for Defendant Mitsubishi Aircraft Corporation America Inc.

DEFENDANT MITSUBISHI AIRCRAFT CORPORATION AMERICA, INC.'S OPP'N TO MOT. TO SEAL (NO. 18-CV-1543 RAJ) – 8
121153-0002/141757557.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that on November 7, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses indicated on the Court's Electronic Mail Notice List.

DATED this 7th day of November, 2018.

*s/Mary Z. Gaston*
Mary Z. Gaston, WSBA No. 27258
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
E-mail: MGaston@perkinscoie.com

CERTIFICATE OF SERVICE
(NO. 18-CV-1543 RAJ) – 1

121153-0002/141757557.3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000