Honorable Judge Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

BOMBARDIER INC.,

    Plaintiff,

v.

MITSUBISHI AIRCRAFT CORPORATION, MITSUBISHI AIRCRAFT CORPORATION AMERICA INC., AEROSPACE TESTING ENGINEERING & CERTIFICATION INC., MICHEL KORWIN-SZYMANOWSKI, LAURUS BASSON, MARC-ANTOINE DELARCHE, CINDY DORNÉVAL, KEITH AYRE, AND JOHN AND/OR JANE DOES 1-88,

    Defendants.

No. 2:18-cv-01543-RAJ

BOMBARDIER INC.'S REPLY TO MITSUBISHI AIRCRAFT CORPORATION AMERICA, INC.'S OPPOSITION TO MOTION TO SEAL EXHIBITS A-J TO THE DECLARATION OF DANIEL BURNS AND EXHIBIT A TO THE DECLARATION OF DAVID TIDD IN SUPPORT OF ITS MOTION FOR A PRELIMINARY INJUNCTION

**NOTE ON MOTION CALENDAR: NOVEMBER 9, 2018**

BOMBARDIER'S REPLY TO MITSUBISHI'S OPPOSITION TO MOTION TO SEAL (2:18-cv-01543-RAJ)

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

Honorable Judge Richard A. Jones

Plaintiff Bombardier Inc. ("Bombardier") hereby submits its reply to Defendant Mitsubishi Aircraft Corporation America, Inc's ("MITAC America") Opposition to Plaintiff's Motion to Seal Exhibits A-J to the Declaration of Daniel Burns and Exhibit A to the Declaration of David Tidd in Support of Its Motion for a Preliminary Injunction ("Opposition," Dkt. No. 31), and submits as follows:

The arguments contained in MITAC America's Opposition are as surprising as they are disappointing. They are surprising because MITAC America filed its Opposition on the same day that counsel for the parties had concluded its latest teleconference, during which MITAC America could have raised any of the issues it now presents. Indeed, Bombardier's counsel had invited counsel for MITAC America (and AeroTEC) to raise any issues with respect to the instant Motion to Seal (Dkt. No. 3), and they instead elected to remain silent. While Bombardier certainly appreciates that MITAC America had no obligation to raise its issues at that time, its choice was certainly unexpected. Bombardier had already demonstrated a commitment to accommodating counsel's reasonable requests made during previous teleconferences, as evidenced at least by the re-noting of Bombardier's Motion to Seal (Dkt. No. 22) and the re-noting of Bombardier's Motion for Preliminary Injunction (Dkt. No. 25). (*See also* Declaration of John D. Denkenberger in Support of Plaintiff's Reply in Support of Motion to Seal ("Denkenberger Decl."), at ¶ 9.) Bombardier also had already expressed a willingness to re-note the Motion to Seal as needed. (Denkenberger Decl., at ¶¶ 2, 5.) Had MITAC America been more forthcoming, the parties may well have obviated the need for Court involvement at this early stage in the proceedings. MITAC America's decision to strain Court resources for a matter as simple as a motion to seal, particularly under the circumstances, is surprising.

The arguments MITAC America raises in its Opposition are similarly disappointing. Instead of providing the Court with full and proper context to adjudicate the motion, MITAC America omits important facts, mischaracterizes others, and relies on a fundamental misunderstanding of this Court's local rules to oppose Bombardier's Motion to Seal. Further,

BOMBARDIER'S REPLY TO MITSUBISHI'S OPPOSITION TO MOTION TO SEAL (2:18-cv-01543-RAJ) 1

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

MITAC America relies on a demonstrably inaccurate and misleadingly imprecise declaration of its reputed counsel of record. An appreciation of all relevant facts readily supports granting of Bombardier's Motion to Seal, notwithstanding the arguments MITAC America makes to the contrary. MITAC America's three procedural arguments (Opposition, Dkt. No. 31, at 3-5), along with the lone substantive argument it presents (*id.* at 6-7), are collectively unavailing.

For instance, MITAC America's first procedural argument—that Bombardier's Motion to Seal should be denied because the "Defendant(s) whom Bombardier seeks to enjoin from continuing to work on the MRJ's certification [still] need to be served, obtain counsel, appear, and have an opportunity to be heard on the pending motions, including this one" (*id.* at 3)—is misguided for a number of reasons. As a threshold matter, MITAC America lacks standing to raise it. MITAC America's counsel has already represented to Bombardier that they do not represent any person named as a Defendant in a personal capacity in this matter. (Denkenberger Decl., at ¶ 5.) Moreover, the current record reflects that certain named individuals are already being represented by other counsel in this matter, so the argument is theirs to make—not MITAC America's. (*See* AeroTEC Defendants' Opposition to Motion to Seal Exhibits, Dkt. No. 29 ("AeroTEC Opposition").) Even assuming proper standing, however, MITAC America lacks requisite information to make the argument. Nothing in the Opposition even suggests that MITAC America has reason to know the status of service of process for the individual defendants. (*See generally*, Opposition, Dkt. No. 31.) This lack of knowledge certainly explains why the argument is factually inaccurate, as several defendants have already been served and have retained counsel. (AeroTEC Opposition, Dkt. No. 29, at 2.)

Further, MITAC America's first procedural argument is predicated on mistaken assumptions, and it ignores the facts giving rise to this dispute. Bombardier filed its Motion to Seal as part of the papers initiating this litigation. (*Compare* Complaint, Dkt No. 1 (having a date of filing of October 19, 2018) *with* Motion to Seal, Dkt No. 3 (having the same filing date).) Consistent with local rule, Bombardier noted its Motion to Seal as a two-Friday

BOMBARDIER'S REPLY TO MITSUBISHI'S
OPPOSITION TO MOTION TO SEAL (2:18-cv-01543-RAJ) - 2

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

motion, and it set the initial noting date for November 2, 2018. (Motion to Seal, Dkt. No. 3.) Aware of potential issues relating to service and notice of the Motion to Seal, however, Bombardier never had the intention of keeping that noting date fixed. (Denkenberger Decl., at ¶ 2.). In other words, Bombardier set the noting date of November 2, 2018 as a mere placeholder, and its counsel made this clear to the various defendants' counsel contemporaneously with their filed notices of appearance. (*Id.*) Bombardier honored this representation by re-noting—at MITAC America's request—its Motion to Seal for November 9, 2018. (Dkt. No. 22.) At that time, Bombardier's counsel also stated its willingness to re-note the Motion to Seal beyond November 9 if needed. (*See id.*) As recently as November 7, 2018, Bombardier's counsel asked MITAC America's counsel if there were any issues pertaining to Bombardier's Motion to Seal, or whether all could agree that the documents could be filed under seal. (*Id.* at ¶¶ 11-12.) MITAC America's counsel raised no issues relating to the pending Motion to Seal. (*Id.*) Had counsel been more forthcoming, the alleged deficiencies MITAC America withheld for Court briefing easily could have been rectified. By opting instead to formally brief its Opposition, thereby wasting judicial resources in the process, MITAC America's conduct more than compensates for the alleged factually inaccurate procedural deficiency it attributes to Bombardier (despite lacking standing or requisite knowledge to do so).

Similarly, MITAC America's conduct, coupled with its incomplete briefing approach, should similarly preclude it from raising its remaining two procedural arguments. MITAC America contends that Bombardier's Motion to Seal should be denied because of Bombardier's failure to strictly adhere to the Court's local rules requiring timely service (Opposition, Dkt. No. 31, at 3-4) and a pre-filing conference (*id.* at 5-6). Neither argument, when viewed with knowledge of all relevant facts, passes muster.

With respect to Bombardier's alleged failure to timely serve requisite documents, MITAC America's argument is predicated on inaccurate, incomplete, and vague facts. For example, MITAC America contends that the "original Summons served on Mitsubishi

BOMBARDIER'S REPLY TO MITSUBISHI'S OPPOSITION TO MOTION TO SEAL (2:18-cv-01543-RAJ) - 3

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

Aircraft America was unsigned and without the Court's seal." (Declaration of J. Riedinger, Dkt. No. 32, at ¶ 2.) While MITAC America did receive such a document, it fails to state that it also received at the same time an operative summons signed and sealed by the Court. (Declaration of Chris Dathe in Support of Service on Mitsubishi Aircraft Corporation America Inc., at ¶¶ 2-4 and exhibit A thereto.) Mr. Riedinger also ambiguously testifies that "[c]ounsel for Bombardier permitted two Perkins Coie lawyers representing Mitsubishi Aircraft America, [him]self included, to view [the documents filed under seal] in their office for less than two hours." (Declaration of J. Riedinger, Dkt. No. 32, at ¶ 5.) While true, it is relevant to note that Bombardier's counsel did not impose a restriction on the number of attorneys that could conduct the review, imposed no time limitation on the review, and stated that "unless you need more time, we will have the conference room available [for two hours]." (Denkenberger Decl., at ¶ 7 and exhibit C thereto.) MITAC's counsel *elected* to have only two attorneys conduct the review in less than two hours. (Denkenberger Decl., at ¶¶ 6-8.)

Further, MITAC America's counsel inaccurately states that they "were also not permitted to copy or retain any portion of the sealed documents or take notes regarding the content of the documents." (Declaration of J. Riedinger, Dkt. No. 32, at ¶ 5.) More accurately, Bombardier's counsel permitted notes during review, but only on the condition that the notes or their substance would "not be shared with anyone beyond Perkins Coie attorneys." (Denkenberger Decl., at ¶ 7 and exhibit C thereto.) MITAC America's counsel did not agree to that condition, so they opted to not take notes. (*Id.*) Further still, MITAC America neglects to mention that *Bombardier's counsel on the day this suit commenced offered to provide counsel for MITAC America full, unredacted copies of the documents filed under seal* so long as they agreed not to share them with their client without prior consent from Bombardier or this Court. (*Id.* at ¶ 4.) Counsel refused the offer predicated on that condition, which ultimately led to the review carefully characterized by MITAC America. In light of the foregoing, MITAC America, through its counsel, is complicit in any failure by Bombardier to timely serve the requisite documents. As originally noted in its Motion to Seal, and as is still

BOMBARDIER'S REPLY TO MITSUBISHI'S
OPPOSITION TO MOTION TO SEAL (2:18-cv-01543-RAJ) - 4

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

the case, Bombardier will serve all pertinent documents "[a]s soon as Defendants counsel . . . agrees to treat the sealed filings as 'Highly Confidential – Attorneys' Eyes Only,' i.e., not shared with any Defendant or other third party." (Motion to Seal, Dkt. No. 3, at 3.)

As for the notion that Bombardier's Motion to Seal should be denied for failing to meet and confer prior to filing, MITAC America incorrectly argues, "Nothing precluded Bombardier from calling Perkins Coie in advance of filing its Motion to request a meet and confer" because "Bombardier and its attorneys were advised in September 2018 (well before the filing date of Oct. 19, 2018), that Mitsubishi Aircraft America was represented by Perkins Coie LLP." (Opposition, Dkt No. 31, at 5 (citing Decl. J. Riedinger Ex. B & ¶ 8.).) Bombardier does not dispute that Bombardier was so informed, but MITAC America's Opposition omits critical details from that September 2018 meeting that explain why Bombardier did not call Perkins Coie in advance of filing. For example, when Bombardier was informed in September 2018 of Perkins Coie's representation of MITAC America, it simultaneously learned that Perkins Coie was also representing the interests of MITAC America's corporate parent, Mitsubishi Aircraft Corp. ("MITAC"). (Denkenberger Decl., at ¶ 3.) Bombardier was not informed at any time prior to initiating suit, however, that Perkins Coie would represent either MITAC entity's interest in any ensuing litigation. (*Id.*) This distinction is significant: Counsel for MITAC America stated to Bombardier's counsel on the day this suit began that he could not yet confirm whether he represented either MITAC entity for purposes of the litigation. (*Id.*) Further, he has since relied on this distinction to state that he does not represent MITAC in this litigation (*id.* at ¶ 5); and he now blurs it to blame Bombardier for failing to meet and confer with "known" litigation counsel prior to filing its Motion. (Opposition, Dkt. No. 31, at 5.) MITAC America cannot have it both ways.

Relatedly, MITAC America's argument that no urgency surrounded the Motion to Seal ignores realities known to MITAC America but omitted from its Opposition. (*See id.* at 5 ("there is no urgency to any of the pending motions").) Indeed, the "facts giving rise to this lawsuit" are more than the mere "hiring of Bombardier's employees by [MITAC America]

BOMBARDIER'S REPLY TO MITSUBISHI'S
OPPOSITION TO MOTION TO SEAL (2:18-cv-01543-RAJ) - 5

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

1  and AeroTEC" as MITAC America suggests. (*Id.*) They also involve public indications that
2  the defendants are illicitly using Bombardier trade secrets to expedite regulatory certification
3  of its Mitsubishi Regional Jet ("MRJ") (*e.g.*, Motion for Preliminary Injunction, Dkt. No. 4, at
4  22 (citing a March 12, 2018 publication in the Federal Register)). They also include that
5  MITAC America was made aware of Bombardier's concerns relating to its intellectual
6  property early on, and since that time Bombardier engaged in extensive communications with
7  MITAC with the hope of avoiding the need for litigation. (Complaint, Dkt. No. 1, at ¶ 58.)
8  Having failed in these efforts, and given recent reports that "MITAC expects to certify the
9  MRJ in mid-2019," Bombardier had no choice but to proceed as it did—"time is [now] of the
10 essence." (*Id.*) To argue otherwise ignores critical facts giving rise to this case, and MITAC
11 America would have the Court punish Bombardier for its good-faith efforts to avoid litigation.

12 Lastly, MITAC America's lone substantive argument that Bombardier's Motion to
13 Seal should be denied on the merits is predicated on a mischaracterization of Bombardier's
14 Motion as well as a misunderstanding of the Court's local rules. As to the former, MITAC
15 America is simply wrong to state that Bombardier has not met its burden under LCR 5(g) to
16 file the documents at issue under seal. (Opposition, Dkt No. 31, at 6.). Bombardier cites
17 governing precedent, explains why compelling reasons exist to file the documents at issue
18 under seal, and cites with specificity the unsealed declarations of Daniel Burns and David
19 Tidd in support. (Motion to Seal, at 3-4.) As for the latter, nothing in this Court's local rules
20 suggests that Bombardier should have filed approximately 700 pages of sensitive business
21 information publicly in redacted form because a "title page," an "agenda" page, and an
22 "overview page" comprise some of that information. (Opposition, Dkt. No. 31, at 6.)

23 For the foregoing reasons, as well as for those raised in Bombardier's Motion to Seal,
24 Dkt No. 3, Bombardier respectfully requests that the Court seal the documents at issue. In the
25 event the Court denies the pending Motion to Seal, Bombardier respectfully requests pursuant
26 to LCR 5(g)(6) that the Court withdraw the Exhibits A-J to the Declaration of Daniel Burns
27 and Exhibit A to the Declaration of David Tidd from the record rather than unseal them.

BOMBARDIER'S REPLY TO MITSUBISHI'S
OPPOSITION TO MOTION TO SEAL (2:18-cv-
01543-RAJ) - 6

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

Dated this 9th day of November, 2018.

              CHRISTENSEN O'CONNOR
              JOHNSON KINDNESS$^{PLLC}$

              /s  John D. Denkenberger
              John D. Denkenberger, WSBA No.: 25,907
              Brian F. McMahon, WSBA No.: 45,739
              Christensen O'Connor Johnson Kindness$^{PLLC}$
              1201 Third Avenue, Suite 3600
              Seattle, WA  98101-3029
              Telephone:  206.682.8100
              Fax:  206.224.0779
              E-mail:  john.denkenberger@cojk.com,
              brian.mcmahon@cojk.com, litdoc@cojk.com

              *Attorneys for Plaintiff Bombardier Inc.*

BOMBARDIER'S REPLY TO MITSUBISHI'S OPPOSITION TO MOTION TO SEAL (2:18-cv-01543-RAJ) - 7

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

# CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | | |
|---|---|---|
| Jerry A. Riedinger<br>PERKINS COIE LLP<br>Email:<br>JRiedinger@perkinscoie.com<br>docketsea@perkinscoie.com<br>lshaw@perkinscoie.com<br>sporter@perkinscoie.com | Mack H. Shultz<br>PERKINS COIE LLP<br>Email:<br>MShultz@perkinscoie.com<br>docketseapl@perkinscoie.com<br>sbilger@perkinscoie.com | Mary Z. Gaston<br>PERKINS COIE LLP<br>Email:<br>MGaston@perkinscoie.com<br>docketsea@perkinscoie.com<br>jstarr@perkinscoie.com |
| James Sanders<br>PERKINS COIE LLP<br>Email:<br>JSanders@perkinscoie.com<br>RBecken@perkinscoie.com<br>docketsea@perkinscoie.com<br>jdavenport@perkinscoie.com | Shylah R. Alfonso<br>PERKINS COIE LLP<br>Email:<br>SAlfonso@perkinscoie.com<br>docketsea@perkinscoie.com | |

Attorneys for Mitsubishi Aircraft Corporation America Inc.

| | |
|---|---|
| Richard J. Omata<br>KARR TUTTLE CAMPBELL<br>Email: romata@karrtuttle.com<br>jnesbitt@karrtuttle.com<br>swatkins@karrtuttle.com | Mark A. Bailey<br>KARR TUTTLE CAMPBELL<br>Email: mbailey@karrtuttle.com<br>jsmith@karrtuttle.com<br>mmunhall@karrtuttle.com<br>sanderson@karrtuttle.com |

Attorneys for Aerospace Testing Engineering & Certification Inc., Michel Korwin-Szymanowski, Laurus Basson, and Cindy Dornéval

                                                  s/ John D. Denkenberger
John D. Denkenberger, WSBA No.: 25,907
Brian F. McMahon, WSBA No.: 45,739
Christensen O'Connor Johnson Kindness<sup>PLLC</sup>
1201 Third Avenue, Suite 3600
Seattle, WA 98101-3029
Telephone: 206.682.8100
Fax: 206.224.0779

BOMBARDIER'S REPLY TO MITSUBISHI'S OPPOSITION TO MOTION TO SEAL (2:18-cv-01543-RAJ) - 8

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

E-mail: john.denkenberger@cojk.com, brian.mcmahon@cojk.com, litdoc@cojk.com

*Attorneys for Plaintiff Bombardier Inc.*

BOMBARDIER'S REPLY TO MITSUBISHI'S OPPOSITION TO MOTION TO SEAL (2:18-cv-01543-RAJ) - 9

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100