Honorable Judge Richard A. Jones

1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8

9    BOMBARDIER INC.,                              No. 2:18-cv-01543-RAJ

                        Plaintiff,                 DECLARATION OF JOHN D.
10                                                 DENKENBERGER IN SUPPORT
                 v.                                OF BOMBARDIER INC.'S REPLY
11                                                 TO MITSUBISHI AIRCRAFT
     MITSUBISHI AIRCRAFT CORPORATION,              CORPORATION AMERICA
12   MITSUBISHI AIRCRAFT CORPORATION               INC.'S OPPOSITION TO
     AMERICA INC., AEROSPACE TESTING               MOTION TO SEAL EXHIBITS A-
13   ENGINEERING & CERTIFICATION INC.,             J TO THE DECLARATION OF
     MICHEL KORWIN-SZYMANOWSKI,                    DANIEL BURNS AND EXHIBIT
14   LAURUS BASSON, MARC-ANTOINE                   A TO THE DECLARATION OF
     DELARCHE, CINDY DORNÉVAL, KEITH               DAVID TIDD IN SUPPORT OF
15   AYRE, AND JOHN AND/OR JANE DOES 1-            ITS MOTION FOR A
     88,                                           PRELIMINARY INJUNCTION
16
                        Defendants.
17

18

19

20           I, John D. Denkenberger, declare as follows:

21           1.      I am an attorney with the law firm of Christensen O'Connor Johnson Kindness

22   PLLC ("COJK") and counsel of record for Plaintiff Bombardier Inc. ("Plaintiff" or

23   "Bombardier"). I have personal knowledge of the matters addressed herein. This declaration

24   is being submitted in support of Bombardier Inc.'s Reply to Mitsubishi Aircraft Corporation

25   America Inc.'s Opposition to Bombardier Inc.'s Motion to Seal Exhibits A-J to the

26   Declaration of Daniel Burns and Exhibit A to the Declaration of David Tidd in Support of its

27   Motion for a Preliminary Injunction (Dkt. No. 3) ("Motion").

DECLARATION OF JOHN DENKENBERGER
(2:18-cv-01543-RAJ) - 1

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

2.      On October 19, 2018, Bombardier initiated this lawsuit against the named defendants by filing in relevant part its Complaint, a Motion for Preliminary Injunction, and a Motion to Seal certain documents supporting Bombardier's Motion for Preliminary Injunction that contain highly proprietary Bombardier trade secret information.   Because of the protracted nature of pre-filing discussions between principal parties that ultimately could not obviate the need for litigation, and given the exigencies described in Bombardier's Motion for Preliminary Injunction, the need to expedite these proceedings—particularly those related to the preliminary injunctive relief Bombardier seeks—was paramount.   As such, Bombardier initially noted its Motion to Seal for November 2, 2018, and its Motion for Preliminary Injunction for November 16, 2018, to comply with the Court's local rules regarding "two-Friday" and "four-Friday" motions, respectively.   Bombardier appreciated, however, that these dates would be re-noted by necessity.   No counsel of record would appear immediately, service would take time to perfect, and the parties would require sufficient notice to adequately prepare its positions with respect to Bombardier's two pending motions.   In light of the foregoing, and as explained in more detail below, I made it a point to convey in my conversations with defendants' counsel (as respective notices of appearance were filed) Bombardier's willingness to accommodate reasonable requests from counsel to re-note either or both of the pending motions.

3.      Also on October 19, 2018, I had a telephone call with Jerry Riedinger, now counsel of record for Mitsubishi Aircraft Corporation America Inc. ("MITAC America"), shortly after this litigation had been initiated. During that call, I had sought confirmation as to whether he would be representing MITAC America and its corporate parent, Mitsubishi Aircraft Corporation ("MITAC"), in the litigation.   Mr. Riedinger had represented MITAC and MITAC America during certain pre-filing discussions held between Bombardier and MITAC in September, and so I thought confirmation was appropriate and required.   In response, Mr. Riedinger stated that while both MITAC entities were current clients, he was not sure whether he would be representing either MITAC entity in the litigation.

DECLARATION OF JOHN DENKENBERGER
(2:18-cv-01543-RAJ) - 2

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

4.      During this same call, I informed Mr. Riedinger that I would make available to him in his capacity as counsel for both MITAC and MITAC America copies of the documents filed under seal on the condition that he not share the documents with his clients.  After some discussion on the topic, I followed up with an email, a true and correct copy of which is attached hereto as Exhibit A.  In that email, I stated in part that we "are willing to share the documents with Perkins in your capacity as counsel for MITAC and MITAC America in this litigation but only with the understanding that you will treat them as 'ATTORNEYS EYES ONLY.'"  I further stated in that email, "in the event that you perceive a need to share these documents with anyone other than Perkins' personnel, I request that you do so only with prior permission from us or the Court."

5.      On October 26, 2018, I had another telephone conversation with Mr. Riedinger.  We had arranged earlier that day by email to speak at 3:00 pm, and the topics to be covered included scheduling the date by which an answer to the Complaint would be due, the schedule for Bombardier's Motion for Preliminary Injunction, the documents filed under seal and Bombardier's Motion to Seal, and other matters.  We covered these and other issues during our call, and I expressed unequivocally that we were willing to work with counsel to accommodate and reset all currently noted dates, including the noting date for the Motion for Preliminary Injunction as well as the Motion to Seal.  I explained that we were not taking an approach in this litigation that would deprive any defendant a full and fair opportunity to prepare its positions for either of Bombardier's pending motions.  For his part, Mr. Riedinger volunteered during the call that it was very unlikely that he or Perkins Coie LLP would be representing any individually named defendant in the litigation.  Further, he stated that while he is acting as counsel in the litigation for his client MITAC America, he had not been retained to represent MITAC in the litigation.

6.      On October 29, 2018, Mr. Riedinger sent an email stating, "You suggested over the weekend that we could review the documents filed under seal to help us determine our position on Bombardier's Motion to Seal.  We would like to conduct that review.  Please

DECLARATION OF JOHN DENKENBERGER
(2:18-cv-01543-RAJ) - 3

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

understand that by agreeing to review the documents, we are not agreeing to take any position on the Motion, nor are we waiving our right to require proper service for purposes of an appropriate noting date. Our position will be decided after we have a chance to review the documents." A copy of that email is attached hereto as Exhibit B.

7.      Attached hereto as Exhibit C is a true and correct copy of the written exchange between counsel prompted by Mr. Riedinger's email of October 29, 2018, described above. In relevant part, Mr. Brian McMahon, counsel for Bombardier, made clear that he would reserve a conference room for counsel's review for a period of two hours, "unless [counsel] need[ed] more time"; that Bombardier had no objection to Mr. Riedinger's request to have two Perkins Coie attorneys conduct the review; and that Mr. Riedinger's request to take notes was "fine, so long as the notes themselves or their substance will not be shared with anyone beyond Perkins Coie attorneys." Mr. Riedinger objected to that constraint, but he nevertheless conducted the review with Ms. Mary Gaston, co-counsel of record for MITAC America, without taking notes.

8.      On October 30, 2018, Mr. Riedinger and Ms. Gaston visited the offices of COJK to conduct their review of the documents subject to Bombardier's Motion to Seal. On that same day, in response to counsel's request to re-note the date for Bombardier's Motion to Seal, I authorized the filing of Bombardier's notice to re-note the Motion to Seal to November 9, 2018, Dkt. No. 22.

9.      On November 5, 2018, Mr. Riedinger on behalf of MITAC America requested a teleconference to discuss the possibility of adjusting the noting date for Bombardier's preliminary injunction motion. Specifically, he requested a call that afternoon. I responded by stating that I was not available that afternoon, but I suggested a call for the following morning at 10:00 a.m. I also included Mr. Mark Bailey, then-counsel of record for only Aerospace Testing Engineering & Certification Inc. ("AeroTEC"), in the distribution of my response email. I suggested to Mr. Riedinger that it made sense for all counsel of record to participate in the call. I also agreed in that email to re-note the date for the Motion for

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

1    Preliminary Injunction at MITAC America's request, with the precise date of re-noting to be
2    discussed during the call set for the following day.

3        10.    On November 6, 2018, I participated in that telephone conference along with
4    Brian McMahon for Bombardier; Jerry Riedinger and Mary Gaston for MITAC America; and
5    Mark Bailey and Richard Omata for AeroTEC.   The call was brief due to some counsel's
6    limited availability that morning, but the topics of discussion included whether the parties
7    could agree to terms limiting the availability and distribution of the sealed exhibits once
8    Defendants' counsel received copies of the same.   Mr. McMahon explained that he was
9    working on a draft proposed protective order, and he would circulate it later that afternoon.
10   All counsel agreed to reconvene the teleconference the following morning to discuss, among
11   other issues, the proposed protective order.   At no time during the call did counsel for any
12   defendant raise procedural or substantive issues related to Bombardier's Motion to Seal.

13       11.    The following morning, on November 7, 2018, all counsel present for the
14   November 6, 2018 call participated in the follow-up call.  Mr. McMahon had circulated the
15   draft proposed protective order, a true and correct copy of which is attached hereto as Exhibit
16   D.  I arrived a few minutes after the call had already started, and Mr. McMahon summarized
17   for me during the call some of the talking points that had been covered prior to my arrival.
18   Among those topics, I am informed, was that counsel for AeroTEC mentioned a need for the
19   individual defendants to see the sealed documents to determine whether the documents were
20   in fact confidential and proprietary, whether they had seen those documents before, and
21   whether, in certain cases, they actually had copies of the documents as alleged in
22   Bombardier's Complaint.   I understand that Mr. McMahon had responded to counsel's
23   concern prior to my arrival by stating that the position made sense, and that Bombardier was
24   certainly willing to consider a proposed revision from AeroTEC's counsel to accommodate
25   that concern.   Prior to the conclusion of the call, AeroTEC's counsel committed to proposing
26   such a revision in writing.  Further, MITAC America's counsel also stated that it would work

27

DECLARATION OF JOHN DENKENBERGER
(2:18-cv-01543-RAJ) - 5

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

on circulating an "interim" protective order that would have applicability only with respect to briefing the Motion for Preliminary Injunction.

12.    Also during this call, in an effort to make progress on what I believed to be a relatively simple matter, I asked whether all counsel could stipulate to Bombardier's Motion to Seal.  I further clarified that this would not be construed as an admission on any defendants' part that the documents contained trade secret information.  My request was met by a topic change.  At no time, however, did any of defendants' counsel raise any issue—procedural or otherwise—related to Bombardier's Motion to Seal.  Defendants' counsel even raised no issue when, upon concluding the call, I asked each party represented whether there were any other outstanding issues to address.

13.    Later that same day, I received ECF notification of MITAC America's Opposition to Bombardier's Motion to Seal.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 9th day of November, 2018.

CHRISTENSEN O'CONNOR
JOHNSON KINDNESS\ :^{PLLC}$

s/  John D. Denkenberger
John D. Denkenberger, WSBA No.:  25,907
Christensen O'Connor Johnson Kindness\ :^{PLLC}$
1201 Third Avenue, Suite 3600
Seattle, WA  98101-3029
Telephone:  206.682.8100
Fax:  206.224.0779
E-mail:  john.denkenberger@cojk.com,

*Attorney for Plaintiff Bombardier Inc.*

DECLARATION OF JOHN DENKENBERGER
(2:18-cv-01543-RAJ) - 6

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

1

**CERTIFICATE OF SERVICE**

2        I hereby certify that on November 9, 2018, I electronically filed the foregoing with the

3   Clerk of the Court using the CM/ECF system which will send notification of such filing to the

4   following:

5

6   Jerry A. Riedinger              Mack H. Shultz                Mary Z. Gaston
    PERKINS COIE LLP               PERKINS COIE LLP              PERKINS COIE LLP
    Email:                         Email:                        Email:
7   JRiedinger@perkinscoie.com     MShultz@perkinscoie.com       MGaston@perkinscoie.com
    docketsea@perkinscoie.com      docketseapl@perkinscoie.com   docketsea@perkinscoie.com
8   lshaw@perkinscoie.com          sbilger@perkinscoie.com       jstarr@perkinscoie.com
    sporter@perkinscoie.com
9

10  James Sanders                  Shylah R. Alfonso
    PERKINS COIE LLP               PERKINS COIE LLP
11  Email:                         Email:
    JSanders@perkinscoie.com       SAlfonso@perkinscoie.com
12  RBecken@perkinscoie.com        docketsea@perkinscoie.com
    docketsea@perkinscoie.com
13  jdavenport@perkinscoie.com

14
    Attorneys for Mitsubishi Aircraft Corporation America Inc.
15

16
    Richard J. Omata               Mark A. Bailey
17  KARR TUTTLE CAMPBELL           KARR TUTTLE CAMPBELL
    Email: romata@karrtuttle.com   Email: mbailey@karrtuttle.com
18  jnesbitt@karrtuttle.com        jsmith@karrtuttle.com
    swatkins@karrtuttle.com        mmunhall@karrtuttle.com
19                                 sanderson@karrtuttle.com

20
    Attorneys for Aerospace Testing Engineering & Certification Inc., Michel Korwin-
21  Szymanowski, Laurus Basson, and Cindy Dornéval

22

23                                 s/ John D. Denkenberger
                                   John D. Denkenberger, WSBA No.:  25,907
24                                 Brian F. McMahon, WSBA No.:  45,739
                                   Christensen O'Connor Johnson Kindness<sup>PLLC</sup>
25                                 1201 Third Avenue, Suite 3600
                                   Seattle, WA  98101-3029
26                                 Telephone:  206.682.8100
                                   Fax:  206.224.0779
27

DECLARATION OF JOHN DENKENBERGER
(2:18-cv-01543-RAJ) - 7

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

E-mail:  john.denkenberger@cojk.com,
brian.mcmahon@cojk.com, litdoc@cojk.com

*Attorneys for Plaintiff Bombardier Inc.*

DECLARATION OF JOHN DENKENBERGER
(2:18-cv-01543-RAJ) - 8

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100