Honorable Judge Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| BOMBARDIER INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MITSUBISHI AIRCRAFT CORPORATION, MITSUBISHI AIRCRAFT CORPORATION AMERICA INC., AEROSPACE TESTING ENGINEERING & CERTIFICATION INC., MICHEL KORWIN-SZYMANOWSKI, LAURUS BASSON, MARC-ANTOINE DELARCHE, CINDY DORNÉVAL, KEITH AYRE, AND JOHN AND/OR JANE DOES 1-88,<br><br>　　　　Defendants. | No. 2:18-cv-01543-RAJ<br><br>BOMBARDIER INC.'S REPLY TO AEROTEC DEFENDANTS' OPPOSITION TO MOTION TO SEAL EXHIBITS A-J TO THE DECLARATION OF DANIEL BURNS AND EXHIBIT A TO THE DECLARATION OF DAVID TIDD IN SUPPORT OF ITS MOTION FOR A PRELIMINARY INJUNCTION<br><br>**NOTE ON MOTION CALENDAR:**<br>**NOVEMBER 9, 2018** |

BOMBARDIER'S REPLY TO AEROTEC'S
OPPOSITION TO MOTION TO SEAL (2:18-cv-01543-RAJ)

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

Honorable Judge Richard A. Jones

1  Plaintiff Bombardier Inc. ("Bombardier") hereby submits its reply to AeroTEC
2  Defendants' Opposition to Plaintiff's Motion to Seal Exhibits ("Opposition," Dkt. No. 29),
3  which was filed on behalf of Defendants Aerospace Testing Engineering & Certification Inc.
4  ("AeroTEC"), Mr. Michel Korwin-Szymanowski, Mr. Laurus Basson, and Ms. Cindy
5  Dornéval (collectively, "the AeroTEC Defendants"), and submits as follows:

6  As noted in Bombardier's Reply to Mitsubishi Aircraft Corporation America, Inc.'s
7  ("MITAC America") Opposition to Motion to Seal (filed contemporaneously herewith),
8  Bombardier is surprised by the AeroTEC Defendants' Opposition. On Wednesday,
9  November 7, 2018, several hours before the AeroTEC Defendants filed their Opposition,
10 counsel for Bombardier, MITAC America, and the AeroTEC Defendants participated in a
11 teleconference to address various issues pertaining this case. (Declaration of John D.
12 Denkenberger in Support of Plaintiff's Reply to AeroTEC Defendants' Opposition
13 ("Denkenberger Decl."), filed concomitantly herewith, at ¶¶ 7-8.) Among the topics covered
14 was whether the parties would consent to keeping Exhibits A-J to the Declaration of Daniel
15 Burns and Exhibit A to the Declaration of David Tidd (collectively, "the documents at issue")
16 under seal. (*Id.*) Neither counsel for the AeroTEC Defendants, nor MITAC America, raised
17 any issues with respect to the instant Motion to Seal (Dkt. No. 3). (*Id.*) Admittedly, counsel
18 had no obligation to raise their issues at that time, but the choice to remain silent was
19 unexpected to say the least. By November 7, 2018, Bombardier had already demonstrated a
20 commitment to accommodating counsel's reasonable requests made during previous
21 teleconferences, as evidenced at least by the re-noting of Bombardier's Motion to Seal (Dkt.
22 No. 22) and the re-noting of Bombardier's Motion for Preliminary Injunction (Dkt. No. 25)
23 (*see also* Denkenberger Decl., at ¶ 5). Bombardier also had already expressed a willingness to
24 re-note the Motion to Seal a second time if needed. (Denkenberger Decl., at ¶¶ 2-3.) Under
25 the circumstances, Bombardier is surprised that the AeroTEC Defendants would rather burden
26 the Court with this "dispute" in lieu of resolving any issues privately. Nevertheless, the
27 arguments raised by the AeroTEC Defendants warrant a response.

BOMBARDIER'S REPLY TO AEROTEC'S
OPPOSITION TO MOTION TO SEAL (2:18-cv-
01543-RAJ) - 1

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

The AeroTEC Defendants raise three enumerated arguments to oppose Bombardier's Motion to Seal, but each ignores significant factual circumstances surrounding this case. (*See* Opposition, Dkt. No. 29, at 1-3.) The AeroTEC Defendants' first argument maintains that Bombardier's Motion to Seal should be denied because it is "premature and procedurally deficient, as not all Defendants were timely served." (*Id.* at 1.) The Opposition then admits that AeroTEC was timely served "[t]he summons, complaint, Motion to Seal and other pleadings and partial motion papers," and it merely suggests that the actual timing of such service to Defendants Korwin-Szymanowski, Basson, and Dornéval may be in question. (*See id.* at 2 ("The undersigned is advised that while Mr. Korwin-Szymanowski authorized [Bradley] Briscoe[, 'Governor for AeroTEC'], to accept service for him, neither Mr. Basson nor Ms. Dornéval gave Mr. Briscoe authority to accept service on their behalf.").) Critically omitted from the Opposition, however, is any declaration or other factual evidence to support the contention that the service of Mr. Basson and Ms. Dornéval through Mr. Briscoe was done without any authorization. Further, even assuming that such service was not effective on October 24, 2018, the AeroTEC Defendants now admit that "service of process is now accepted." (*Id.* at 2.) As such, the issue the AeroTEC Defendants have with respect to "timely service" could have been addressed without need for Court involvement by merely requesting Bombardier to re-note the Motion to a later date. (*See* Denkenberger Decl., at ¶ 4.) Given that Bombardier's counsel repeatedly expressed its willingness to accommodate such a request, and given that counsel for the AeroTEC Defendants remained silent on the issue even after being invited to raise any issues on the very day the Opposition was filed (Denkenberger Decl., at ¶ 8), the argument hardly justifies denying Bombardier's Motion to Seal.

The AeroTEC Defendants' second argument to deny Bombardier's Motion to Seal is also procedural in nature, specifically citing Bombardier's failure to meet and confer prior to filing the Motion. (Opposition, Dkt. No. 29, at 2.) According to the AeroTEC Defendants, Bombardier should have arranged a meet and confer with AeroTEC Defendants' counsel of record in this case, prior to filing its motion and prior to any notice of appearance filed by

BOMBARDIER'S REPLY TO AEROTEC'S
OPPOSITION TO MOTION TO SEAL (2:18-cv-
01543-RAJ) - 2

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

counsel, based on the fact that counsel of record sent a letter on behalf of AeroTEC to Bombardier's then-counsel nearly two-and-a-half years ago. (*Id.* at 2 (citing the Declaration of Richard J. Omata, Dkt. No. 30).) Bombardier knows of no rule, and the AeroTEC Defendants cite to none, requiring a movant to meet and confer with *potential* litigation counsel under these circumstances—particularly where Bombardier expressly and repeatedly stated its willingness to extend the noting date of its Motion to Seal, demonstrated a repeated willingness to discuss any issues relating to the Motion, and confirmed in writing to this Court that Bombardier would serve copies of all documents at issue "[a]s soon as Defendants' counsel appears in this case and agrees to treat the sealed filings as 'Highly Confidential – Attorneys' Eyes only.'" (Motion to Seal, Dkt. No. 3, at 3.)

The AeroTEC Defendants third and final argument in opposing Bombardier's Motion to Seal is premised on the inaccurate representation that "Plaintiff has refused to allow anyone other than counsel [to] review the documents." (Opposition, Dkt. No. 29, at 2.) More accurately, Plaintiff has offered the documents on the condition that counsel not share the documents with their clients. (Denkenberger Decl., at ¶ 2; *see also* Motion to Seal, Dkt. No. 3, at 3 (expressing that service of the documents at issue would occur upon the condition that counsel treat the documents as "Highly Confidential – Attorneys' Eyes Only").) Further, the AeroTEC Defendants are aware, yet fail to mention, that the parties have been working diligently to negotiate a protective order, a draft proposal of which was circulated by Bombardier's counsel and served as a significant talking point during counsels' November 7, 2018 teleconference. (Denkenberger Decl., at ¶¶ 6-7.) During the call, the AeroTEC Defendants' counsel did raise for the first time their issue concerning the "individual Defendants[' . . .] especially serious need to see the sealed documents." (Opposition, Dkt. No. 29, at 3; *see also* Denkenberger Decl., at ¶ 7.) Bombardier's counsel stated in response that the concern was understandable, and then invited the AeroTEC Defendants' counsel to provide suggested language in a revision to the previously circulated protective order. (*Id.*)

BOMBARDIER'S REPLY TO AEROTEC'S
OPPOSITION TO MOTION TO SEAL (2:18-cv-01543-RAJ) - 3

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

The AeroTEC Defendants' counsel agreed to do so, and Bombardier is still awaiting the proposed revisions. (*Id.*)

Regardless of what terms the parties ultimately agree to, however, the AeroTEC Defendants' "especially serious need" to see the documents at issue does not make the documents appropriate for public viewing. The parties are diligently working on reaching an agreement as to whether or to what extent the documents at issue can be shared with individual and/or corporate designees of the Defendants. (*Id.*) In the interim, sealing the documents at issue is just, particularly given (a) the potential harm to Bombardier if the documents are disclosed to the public (*see* Motion to Seal, Dkt. No. 3, at 4 (citing the Declarations of Daniel Burns and David Tidd, Dkt. Nos. 5 and 7, respectively); (b) the demonstrated willingness of Bombardier to accommodate Defendants' counsel's reasonable requests (*see supra*); and (c) the fact that any defendant "may [subsequently] file a motion or stipulated motion requesting that the court unseal a document." LCR 5(g)(8). Nothing in the Opposition suggests otherwise.

For the foregoing reasons, as well as for those raised in Bombardier's Motion to Seal, Dkt No. 3, Bombardier respectfully requests that the Court seal the documents at issue. In the event the Court denies the pending Motion to Seal, Bombardier respectfully requests pursuant to LCR 5(g)(6) that the Court withdraw the Exhibits A-J to the Declaration of Daniel Burns and Exhibit A to the Declaration of David Tidd from the record rather than unseal them.

Dated this 9th day of November, 2018.

BOMBARDIER'S REPLY TO AEROTEC'S OPPOSITION TO MOTION TO SEAL (2:18-cv-01543-RAJ) - 4

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

CHRISTENSEN O'CONNOR
JOHNSON KINDNESS[PLLC]

/s John D. Denkenberger
John D. Denkenberger, WSBA No.: 25,907
Brian F. McMahon, WSBA No.: 45,739
Christensen O'Connor Johnson Kindness[PLLC]
1201 Third Avenue, Suite 3600
Seattle, WA 98101-3029
Telephone: 206.682.8100
Fax: 206.224.0779
E-mail: john.denkenberger@cojk.com,
brian.mcmahon@cojk.com, litdoc@cojk.com

*Attorneys for Plaintiff Bombardier Inc.*

BOMBARDIER'S REPLY TO AEROTEC'S OPPOSITION TO MOTION TO SEAL (2:18-cv-01543-RAJ) - 5

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

# CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | | |
|---|---|---|
| Jerry A. Riedinger<br>PERKINS COIE LLP<br>Email:<br>JRiedinger@perkinscoie.com<br>docketsea@perkinscoie.com<br>lshaw@perkinscoie.com<br>sporter@perkinscoie.com | Mack H. Shultz<br>PERKINS COIE LLP<br>Email:<br>MShultz@perkinscoie.com<br>docketseapl@perkinscoie.com<br>sbilger@perkinscoie.com | Mary Z. Gaston<br>PERKINS COIE LLP<br>Email:<br>MGaston@perkinscoie.com<br>docketsea@perkinscoie.com<br>jstarr@perkinscoie.com |
| James Sanders<br>PERKINS COIE LLP<br>Email:<br>JSanders@perkinscoie.com<br>RBecken@perkinscoie.com<br>docketsea@perkinscoie.com<br>jdavenport@perkinscoie.com | Shylah R. Alfonso<br>PERKINS COIE LLP<br>Email:<br>SAlfonso@perkinscoie.com<br>docketsea@perkinscoie.com | |

Attorneys for Mitsubishi Aircraft Corporation America Inc.

| | |
|---|---|
| Richard J. Omata<br>KARR TUTTLE CAMPBELL<br>Email: romata@karrtuttle.com<br>jnesbitt@karrtuttle.com<br>swatkins@karrtuttle.com | Mark A. Bailey<br>KARR TUTTLE CAMPBELL<br>Email: mbailey@karrtuttle.com<br>jsmith@karrtuttle.com<br>mmunhall@karrtuttle.com<br>sanderson@karrtuttle.com |

Attorneys for Aerospace Testing Engineering & Certification Inc., Michel Korwin-Szymanowski, Laurus Basson, and Cindy Dornéval

s/ John D. Denkenberger<br>
John D. Denkenberger, WSBA No.: 25,907<br>
Brian F. McMahon, WSBA No.: 45,739<br>
Christensen O'Connor Johnson Kindness<sup>PLLC</sup><br>
1201 Third Avenue, Suite 3600<br>
Seattle, WA 98101-3029<br>
Telephone: 206.682.8100<br>
Fax: 206.224.0779

BOMBARDIER'S REPLY TO AEROTEC'S OPPOSITION TO MOTION TO SEAL (2:18-cv-01543-RAJ) - 6

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

E-mail:  john.denkenberger@cojk.com, brian.mcmahon@cojk.com, litdoc@cojk.com

*Attorneys for Plaintiff Bombardier Inc.*

BOMBARDIER'S REPLY TO AEROTEC'S OPPOSITION TO MOTION TO SEAL (2:18-cv-01543-RAJ) - 7

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100