UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| BOMBARDIER INC., <br><br> Plaintiff, <br><br> v. <br><br> MITSUBISHI AIRCRAFT CORPORATION, MITSUBISHI AIRCRAFT CORPORATION AMERICA INC., AEROSPACE TESTING ENGINEERING & CERTIFICATION INC., MICHEL KORWIN-SZYMANOWSKI, LAURUS BASSON, MARC-ANTOINE DELARCHE, CINDY DORNÉVAL, KEITH AYRE, AND JOHN AND/OR JANE DOES 1-88, <br><br> Defendants. | No. 2:18-cv-01543-RAJ <br><br> BOMBARDIER'S BRIEF SETTING FORTH ITS POSITIONS OUTLINED IN STIPULATED MOTION FOR SCHEDULING CONFERENCE |

BOMBARDIER'S BRIEF RE: POSITION IN
STIPULATED MOTION FOR SCHEDULING
CONFERENCE (2:18-cv-01543-RAJ) - i

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

Pursuant...

Pursuant to this Court's Minute Order of November 30, 2018 (Dkt. No. 45, "Minute Order") denying the parties' Stipulated Motion for a Scheduling Conference (Dkt No. 44, "Stipulated Motion"), Plaintiff Bombardier Inc. ("Bombardier") hereby submits this Brief Setting Forth Its Positions Outlined in Stipulated Motion for Scheduling Conference ("Brief").

## I.  INTRODUCTION AND RELEVANT BACKGROUND

Despite the nascent nature of this litigation, a number of issues have already arisen that warrant the Court's attention at its earliest opportunity. On October 19, 2018, Bombardier initiated this action against Defendants Mitsubishi Aircraft Corporation ("MITAC Japan"), Mitsubishi Aircraft Corporation America Inc. ("MITAC America"), Aerospace Testing Engineering & Certification Inc. ("AeroTEC") (collectively, the "Corporate Defendants"), as well as against Mr. Michel Korwin-Szymanowski, Mr. Laurus Basson, Mr. Marc-Antoine Delarche, Ms. Cindy Dornéval, and Mr. Keith Ayre (collectively, the "Individual Defendants") in part to prevent the continued misappropriation and misuse of Bombardier's trade secret information pertaining to aircraft certification: a highly complex multibillion dollar endeavor that the Corporate Defendants—until recently—have been pursuing futilely for years. (*See* Verified Complaint, Dkt. No. 1, at ¶¶ 35-48.) Beginning in 2008, MITAC Japan began its efforts to build, certify, and deliver Japan's first commercial aircraft in over 50 years, the Mitsubishi Regional Jet ("MRJ"). It subsequently formed MITAC America, partnered with AeroTEC, and enlisted the help of several third-party experts to accomplish this goal, but these efforts proved unsuccessful. (*Id.*) Beginning in 2016, the Corporate Defendants began a targeted campaign to lure and hire Bombardier employees to work on their MRJ project (*id.* at ¶¶ 49-51), which itself is not the problem warranting the Court's attention now. The urgent issue is that several now-former Bombardier employees absconded with Bombardier trade secret information before their departure (*id.* at ¶¶ 59-68), and relatively recent publicly available information makes clear

BOMBARDIER'S BRIEF RE: POSITION IN
STIPULATED MOTION FOR SCHEDULING
CONFERENCE (2:18-cv-01543-RAJ) - 1

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

that the Corporate Defendants are relying on this information to certify the MRJ (Motion for Preliminary Injunction, Dkt. No. 4 ("Motion"), at 22).

In the several months preceding this suit, Bombardier in good faith had engaged in extensive pre-filing discussions with MITAC Japan, MITAC America, and their corporate parent Mitsubishi Heavy Industries (*see* MITAC America Corporate Disclosure Statement, Dkt. No. 24) with the hope of avoiding the need for litigation. (*See* Verified Complaint, Dkt. No. 1, at ¶¶ 54-58.) When it became clear that further discussions would be unproductive, and particularly because Bombardier could no longer endure the continuing and increasingly substantial and imminent harm resulting from Defendants' trade secret misappropriation, it filed suit. And because exigencies required it, Bombardier filed its Motion concomitantly with its Verified Complaint. (Dkt Nos. 1, 4.)

Pursuing injunctive relief against the Defendants has proved challenging for a number of reasons. First, not all of the named Defendants reside in the United States. Prior to filing, Bombardier was aware that Defendants MITAC Japan and Mr. Ayre were located in Japan, and absent waiver of service, service of the Complaint and Motion would take months. For this reason, Bombardier's Motion does not seek to enjoin MITAC Japan and Mr. Ayre at this time, but instead has informed the Court that Bombardier will "seek on the same substantive grounds the same injunctive relief against [them]" once service is complete. (Motion, Dkt. No. 4, at 1, n.1.) Second, Bombardier learned, only after attempting to serve Defendant Delarche at his (now-previous) place of employment at AeroTEC, that he was recently transferred overseas to MITAC Japan and now lives in Japan. Third, because Bombardier seeks injunctive relief based on trade secret misappropriation, its Motion required Bombardier "to disclose and describe the confidential and proprietary documents and information comprising the trade secrets at issue," thereby necessitating a motion to file under seal and requiring Bombardier to withhold service of Bombardier's trade secrets until "Defendants' counsel appears in this case and agrees to treat [them] as 'Highly Confidential – Attorneys' Eyes Only.'" (Bombardier Inc.'s Motion to Seal Exhibits A-J to the Declaration of Daniel

BOMBARDIER'S BRIEF RE: POSITION IN
STIPULATED MOTION FOR SCHEDULING
CONFERENCE (2:18-cv-01543-RAJ) - 2

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

Burns and Exhibit A to the Declaration of David Tidd in Support of Its Motion for a Preliminary Injunction, Dkt. No. 3 ("Motion to Seal"), at 2, 3.)  Fourth, despite being represented during pre-filing negotiations by the same counsel now appearing only on behalf of MITAC America, MITAC Japan has repeatedly refused to waive service under the Hague Convention.  Fifth, counsel for MITAC America, AeroTEC, Ms. Dornéval, Mr. Basson, and Mr. Korwin-Szymanowksi (collectively, "the Served Defendants") believe that Bombardier's Motion for Preliminary Injunction requires a two-day evidentiary hearing before the Court can properly and fairly adjudicate Bombardier's request.

The third and fourth facts identified above have particular significance to the issues now being presented to the Court.  Since counsel for the Served Defendants made their respective notices of appearance in this matter on October 26, 2018, Bombardier had been trying to serve counsel with copies of the documents filed under seal under terms that would preserve and protect the sensitive nature of those documents.  In protracted discussions among counsel lasting weeks, counsel for MITAC America initially refused to accept service until Bombardier would agree to allow access to those documents for no less than 15 in-house counsel.  MITAC America subsequently reduced its request to eight in-house counsel, then stood firm on six.

Bombardier then learned through these discussions that MITAC America's "in-house" counsel were actually employed by non-party Mitsubishi Heavy Industries, that they functioned as "in-house" counsel for both MITAC America and MITAC Japan, and that MITAC Japan would therefore have access to Bombardier's trade secret information before ever having to appear in this case.  Upon learning this information, Bombardier again requested if MITAC Japan would waive service under the Hague Convention.  MITAC Japan again refused.  Because of the pressing need to serve the documents so that its Motion for Preliminary Injunction could finally be fully briefed, Bombardier capitulated to MITAC America's "in-house" counsel demand.

BOMBARDIER'S BRIEF RE: POSITION IN
STIPULATED MOTION FOR SCHEDULING
CONFERENCE (2:18-cv-01543-RAJ) - 3

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

During these same discussions, counsel for AeroTEC, Ms. Dornéval, Mr. Basson, and Mr. Korwin-Szymanowksi (collectively, the "AeroTEC Defendants") initially refused service of the documents unless Individual Defendants Dornéval and Basson were allowed to view without restriction the trade secret documents each was alleged to have misappropriated. Bombardier countered by proposing restrictions in various forms that would adequately safeguard against further misuse of the documents, but the AeroTEC Defendants re-countered with looser restrictions. On December 6, 2018, Bombardier and the Served Defendants finally reached terms for an Interim Protective Agreement ("Interim Agreement") that would govern the care of Bombardier's trade secrets for purposes of the Motion. Within minutes after execution of the Interim Agreement, Bombardier served all confidential documents supporting its Motion, but only after being forced to re-note its Motion three separate times. (Dkt. Nos. 25, 42, and 46.)

Against this backdrop, Bombardier respectfully presents its positions on each of the topics identified in this Court's Minute Order (Dkt. No. 45).

## II.   BOMBARDIER'S POSITIONS

### 1.   Scheduling of Multiple Motions for Preliminary Injunctions

As noted above, Bombardier does not seek injunctive relief against Defendants MITAC Japan and Mr. Ayre at this time, and instead it has stated its intention to seek injunctive relief "on the same substantive grounds" "[o]nce service is complete." (Motion, Dkt. No. 4, at 1, n.1.) Additionally, Bombardier appreciates that the relief sought in its Motion cannot extend to Mr. Delarche until he receives service and has a full and fair opportunity to oppose the Motion on the merits. The Served Defendants have suggested that Bombardier's intention to pursue injunctive relief on the same bases against different parties at different times is inefficient, and the better course is to postpone adjudication of Bombardier's Motion until after all Defendants have been served. Bombardier disagrees for several reasons.

BOMBARDIER'S BRIEF RE: POSITION IN
STIPULATED MOTION FOR SCHEDULING
CONFERENCE (2:18-cv-01543-RAJ) - 4

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

As an initial matter, the Served Defendants' suggested course necessarily ignores the on-going harm Bombardier continues to endure at the hands of the Served Defendants until a preliminary injunction is entered.  The Served Defendants—and particularly MITAC America and its counsel—are well aware that service of a Japanese entity under the Hague Convention is a time-consuming process, requires full translation of all documents, and will span months from delivery to service.  The Served Defendants' proposal would have the Court postpone proceedings until service in Japan is complete, thereby allowing all Defendants to continue their misuse and misappropriation of Bombardier trade secret information in the interim. Under their proposal, particularly given MITAC Japan's public statements that it expects to obtain regulatory certification for its commercial aircraft "in mid-2019" (Verified Complaint, Dkt. No. 1, at ¶ 47), Bombardier's request for injunctive relief may well be moot before briefing is complete.

Additionally, Defendants' proposal ignores the fact that MITAC Japan and MITAC America are singularly motivated to delay adjudication of Bombardier's Motion for Preliminary Injunction, and they have already employed tactics to that end.  As noted above, MITAC America delayed effective service of the Motion by refusing to accept service of documents lodged under seal with the Court until 15, then eight, then six "in-house" counsel serving both MITAC America and MITAC Japan were permitted to view the documents. Further, MITAC Japan still refuses to waive service under the Hague Convention, notwithstanding that its "in-house" counsel will now have access to Bombardier's trade secrets well before service is complete.  Bombardier has already had to re-note its motion three times as a result of these tactics.  Defendants should not be rewarded by any further delay of Bombardier's motion.

Finally, while Bombardier would much prefer to pursue injunctive relief against all parties at the same time, current exigencies do not permit that luxury.  Bombardier needs preliminary injunctive relief now, even if that means obtaining such relief against only the Served Defendants.  Bombardier will reserve its pursuit of injunctive relief against MITAC

BOMBARDIER'S BRIEF RE: POSITION IN
STIPULATED MOTION FOR SCHEDULING
CONFERENCE (2:18-cv-01543-RAJ) - 5

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

Japan, Mr. Ayre, and now Mr. Delarche following his sudden relocation and reassignment from AeroTEC in Seattle to MITAC Japan—assuming such relief does not become moot in the interim.

### 2. Access to Unserved Documents and Interim Confidentiality Agreement

This issue is now moot following the execution of the Interim Agreement and service of the remaining unserved documents on December 6, 2018.

### 3. Briefing Schedule for the Motion for Preliminary Injunction

This issue is now moot following a private agreement reached between Bombardier and the Served Defendants. In exchange for Bombardier re-noting the Motion for Preliminary Injunction to January 4, 2019, the Served Defendants have agreed to file any oppositions by no later than December 26, 2018 and to permit Bombardier's reply to be filed by January 4, 2019. The parties agreed to a slight departure from the schedule of a traditionally noticed four-Friday motion under local rule to accommodate for the intervening Federal holidays.

### 4. Trade Secret Identification

Bombardier believes that this issue is now moot for purposes of briefing the Motion for Preliminary Injunction, as Bombardier has agreed to narrow the scope of relief it originally sought. Initially, Bombardier sought to enjoin the Served Defendants (and Mr. Delarche) from "Using, accessing, imitating, copying, disclosing, or making available to any person or entity any additional documents, and any information or data contained therein," that were not expressly identified and submitted in support of Bombardier's Motion for Preliminary Injunction. ([Proposed] Order Granting Motion for Preliminary Injunction, Dkt. No. 4-1, at 2.) To eliminate the need to identify all Bombardier trade secrets potentially implicated by the breadth of this relief sought, Bombardier has agreed to limit the scope of injunctive relief sought to extend only to the further "[u]sing, accessing, imitating, copying, disclosing, or making available to any person or entity" of (a) the documents identified as Exhibits A-J to the Declaration of Daniel Burns and Exhibit A to the Declaration of David Tidd in Support of Its Motion for a Preliminary Injunction (Dkt. Nos. 6-1 through 6-10,

BOMBARDIER'S BRIEF RE: POSITION IN
STIPULATED MOTION FOR SCHEDULING
CONFERENCE (2:18-cv-01543-RAJ) - 6

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

inclusive, and Dkt No. 8); (b) any information or data contained therein; and/or (c) any information or data derived therefrom.

With respect to identification of all trade secrets potentially at issue in this litigation in general, Bombardier has agreed to provide the Served Defendants with an identification of all such trade secrets before discovery formally commences.

### 5. Preliminary Injunction Evidentiary Hearing

As noted above, the Served Defendants believe that a two-day evidentiary hearing, during which the Served Defendants have committed to call only their own witnesses, is necessary before the Court can fairly adjudicate Bombardier's Motion. Bombardier believes not only that such a hearing is unwarranted, but also that any evidentiary hearing will unduly prejudice Bombardier.

No evidentiary hearing is warranted because Bombardier is seeking very narrowly tailored relief. In essence, Bombardier seeks only to prevent the continued misuse and misappropriation of the documents identified as Exhibits A-J to the Declaration of Daniel Burns and Exhibit A to the Declaration of David Tidd in Support of Its Motion for a Preliminary Injunction and the information contained therein. If the Corporate Defendants do not have copies of those documents already in their possession, the injunction has no impact. Similarly, if the Corporate Defendants have the documents but have not used them in any way, the injunction has no impact other than to ensure that they do not use such information for the duration of these proceedings. Under these circumstances, the Court does not need to dedicate any scheduling to accommodate the presentment of live testimony. Such testimony is more than adequately presented by way of declaration. (*See*, *e.g.*, Declaration of Daniel Burns in Support of Motion for Preliminary Injunction, Dkt. No. 5; Declaration of David Tidd in Support of Motion for Preliminary Injunction, Dkt. No. 7; Declaration of Nicole L'Ecuyer in Support of Motion for Preliminary Injunction, Dkt. No. 9; Declaration of Moshe Toledano in Support of Motion for Preliminary Injunction, Dkt. No. 10.)

BOMBARDIER'S BRIEF RE: POSITION IN STIPULATED MOTION FOR SCHEDULING CONFERENCE (2:18-cv-01543-RAJ) - 7

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

Likewise, the Individual Defendants have no need to testify on the issues presented in Bombardier's Motion. Bombardier initially sought to preliminarily enjoin Defendants Dornéval and Basson from continuing their work on the MRJ project for AeroTEC, believing that AeroTEC had other projects that could keep Defendants Dornéval and Basson employed, and suspecting that discovery in this matter would reveal that they misappropriated Bombardier trade secret documents beyond those identified in support of its Motion. Counsel for the AeroTEC Defendants recently informed Bombardier's counsel, however, that at least one Individual Defendant is concerned that this injunctive relief would threaten continued employment at AeroTEC. Bombardier appreciates that the continued employment of any Individual Defendant should not hinge on a determination made in the preliminary stages of this litigation, particularly where Bombardier's burden of proof is far lower now than during trial. Bombardier has therefore agreed to further narrow the scope of injunctive relief sought by way of its Motion, to withdraw its request to enjoin Defendants Dornéval and Basson from continuing their work on the MRJ project, and to reserve the right to seek additional injunctive relief if discovery in this matter reveals that documents beyond those identified in support of its Motion were misappropriated.

Under these circumstances, any testimony sought from Defendants Dornéval and Basson may be proffered by way of declaration. Preliminary injunctive relief does not threaten any continued employment, and the issue before the Court is now strictly whether any Served Defendant should be able to continue using in any manner the documents and/or information contained in or derived from Exhibits A-J to the Declaration of Daniel Burns and Exhibit A to the Declaration of David Tidd. A determination of this kind does not need an evidentiary hearing.

Further, permitting the Served Defendants two days to present testimony before adjudication of Bombardier's Motion is highly prejudicial to Bombardier. As a practical matter, the issue before the Court necessarily involves discussion of highly sensitive information that will require closed-door proceedings. Given the Court's crowded docket,

BOMBARDIER'S BRIEF RE: POSITION IN
STIPULATED MOTION FOR SCHEDULING
CONFERENCE (2:18-cv-01543-RAJ) - 8

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

finding two days in the Court's schedule to accommodate such a hearing may well require a hearing date several months from now. This may prove too late, as MITAC Japan expects certification of its aircraft by mid-2019. Additionally, until discovery commences in this matter, the Served Defendants are in exclusive possession of all relevant evidence (other than that presented in support of Bombardier's motion) tending to refute or establish Bombardier's allegations. An evidentiary hearing will provide the Served Defendants the opportunity to present its best, self-serving evidence to the exclusion of evidence tending to establish Bombardier's positions. Bombardier should not have to endure the distinct evidentiary disadvantage an evidentiary hearing would impose, particularly in the context of seeking preliminary relief on extraordinarily narrow grounds.

Dated this 7th day of December, 2018.

CHRISTENSEN O'CONNOR
JOHNSON KINDNESS<sup>PLLC</sup>

s/ John D. Denkenberger
John D. Denkenberger, WSBA No.: 25,907
Brian F. McMahon, WSBA No.: 45,739
Christensen O'Connor Johnson Kindness<sup>PLLC</sup>
1201 Third Avenue, Suite 3600
Seattle, WA 98101-3029
Telephone: 206.682.8100
Fax: 206.224.0779
E-mail: john.denkenberger@cojk.com,
brian.mcmahon@cojk.com, litdoc@cojk.com

*Attorneys for Plaintiff Bombardier Inc.*

BOMBARDIER'S BRIEF RE: POSITION IN
STIPULATED MOTION FOR SCHEDULING
CONFERENCE (2:18-cv-01543-RAJ) - 9

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

**CERTIFICATE OF SERVICE**

I hereby certify that on December 7, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | | |
|---|---|---|
| Jerry A. Riedinger<br>PERKINS COIE LLP<br>Email:<br>JRiedinger@perkinscoie.com<br>docketsea@perkinscoie.com<br>lshaw@perkinscoie.com<br>sporter@perkinscoie.com | Mack H. Shultz<br>PERKINS COIE LLP<br>Email:<br>MShultz@perkinscoie.com<br>docketseapl@perkinscoie.com<br>sbilger@perkinscoie.com | Mary Z. Gaston<br>PERKINS COIE LLP<br>Email:<br>MGaston@perkinscoie.com<br>docketsea@perkinscoie.com<br>jstarr@perkinscoie.com |
| James Sanders<br>PERKINS COIE LLP<br>Email:<br>JSanders@perkinscoie.com<br>RBecken@perkinscoie.com<br>docketsea@perkinscoie.com<br>jdavenport@perkinscoie.com | Shylah R. Alfonso<br>PERKINS COIE LLP<br>Email:<br>SAlfonso@perkinscoie.com<br>docketsea@perkinscoie.com | |

Attorneys for Mitsubishi Aircraft Corporation America Inc.

| | |
|---|---|
| Richard J. Omata<br>KARR TUTTLE CAMPBELL<br>Email: romata@karrtuttle.com<br>jnesbitt@karrtuttle.com<br>swatkins@karrtuttle.com | Mark A. Bailey<br>KARR TUTTLE CAMPBELL<br>Email: mbailey@karrtuttle.com<br>jsmith@karrtuttle.com<br>mmunhall@karrtuttle.com<br>sanderson@karrtuttle.com |

Attorneys for Aerospace Testing Engineering & Certification Inc., Michel Korwin-Szymanowski, Laurus Basson, and Cindy Dornéval

s/ John D. Denkenberger
John D. Denkenberger, WSBA No.: 25,907
Brian F. McMahon, WSBA No.: 45,739
Christensen O'Connor Johnson Kindness[PLLC]
1201 Third Avenue, Suite 3600
Seattle, WA 98101-3029
Telephone: 206.682.8100
Fax: 206.224.0779

BOMBARDIER'S BRIEF RE: POSITION IN STIPULATED MOTION FOR SCHEDULING CONFERENCE (2:18-cv-01543-RAJ) - 10

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

E-mail:  john.denkenberger@cojk.com,
brian.mcmahon@cojk.com, litdoc@cojk.com

*Attorneys for Plaintiff Bombardier Inc.*

BOMBARDIER'S BRIEF RE: POSITION IN
STIPULATED MOTION FOR SCHEDULING
CONFERENCE (2:18-cv-01543-RAJ) - 11

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100