The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| BOMBARDIER, INC., | ) | NO. 2:18-cv-1543-RAJ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | AEROTEC DEFENDANTS' |
| | ) | POSITION BRIEF RE: |
| MITSUBISHI AIRCRAFT CORPORATION, | ) | SCHEDULING ISSUES |
| MITSUBISHI AIRCRAFT CORPORATION | ) | |
| AMERICA, INC.; AEROSPACE TESTING | ) | |
| ENGINEERING & CERTIFICATION, INC.; | ) | |
| MICHEL KORWIN-SZYMANOWSKI; | ) | |
| LAURUS BASSON; MARC-ANTOINE | ) | |
| DELARCHE; CINDY DORNÉVAL; KEITH | ) | |
| AYRE; and JOHN AND/OR JANE DOES 1-88, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On November 28, 2018, the Plaintiff and those defendants who have been served filed a Stipulated Motion for a Scheduling Conference (Dkt. #44). Pursuant to the Court's November 30, 2018, Minute Order denying the motion (Dkt. #45), Defendants Aerospace Testing Engineering & Certification, Inc. ("AeroTEC"), Laurus Basson ("Basson"), Cindy Dornéval ("Dornéval"), and Michel Korwin-Szymanowski (collectively, the "AeroTEC Defendants") respectfully submit this brief to set forth their position on the following issues.

**1.  Scheduling of Multiple Motions for Preliminary Injunctions**

Plaintiff's Motion for Preliminary Injunction (Dkt. #4) is directed to five of the eight named

AEROTEC DEFENDANTS' BRIEF - 1
#1213759 v1 / 45898-028

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1   Defendants: two corporate Defendants (AeroTEC and Mitsubishi Aircraft Corporation America,

2   Inc.), and three individual defendants (Basson, Dornéval, and Marc Antoine Delarche).  In the

3   motion, Plaintiff explains that the other Defendants have not yet been served, but once they are, it

4   "fully intends to seek on the same substantive grounds the same injunctive relief" against those

5   unserved Defendants. Dkt. # 4 at p. 1, n. 1.  Plaintiff has since acknowledged that Mr. Delarche

6   has also not been served, so presumably Plaintiff intends to seek an injunction against him at a

7   later date as well.

8        The AeroTEC Defendants believe that multiple, serial preliminary injunction motions

9   would be an unwarranted waste of resources, and Plaintiff has identified no urgent need for

10  injunctive restraints.  Because the contemplated future motions are based on the "same substantive

11  grounds" as the pending motion, all Defendants should have an opportunity to litigate the merits

12  in one proceeding, avoiding the possibility of inconsistent rulings in piecemeal injunction

13  proceedings.  Mr. Delarche was once employed by AeroTEC and his alleged actions are imputed

14  to AeroTEC, but he now works for Mitsubishi Aircraft Corporation in Japan.  AeroTEC's defense

15  of the allegations will be prejudiced if Mr. Delarche and the other defendants Plaintiff seek to

16  restrain are not involved.  A single preliminary injunction motion should be addressed only after

17  all defendants subject to the proposed order are before the Court.

18        **2.  Access to Unserved Documents and Interim Confidentiality Agreement**

19        This issue has been resolved, and pursuant to an interim confidentiality agreement that the

20  parties executed on December 6, 2018, the documents filed herein under seal as attachments to the

21  Burns and Tidd declarations were served yesterday.

22        **3.  Briefing Schedule for the Motion for Preliminary Injunction**

23        This issue has also been resolved, at least for the time being.  If the Court permits the

24  pending preliminary injunction motion to proceed without the unserved defendants, Plaintiff has

25  re-noted that motion for January 4, 2019, and the parties have agreed to a briefing schedule with

26  oppositions due by December 26, 2018.

27

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

### 4.  Trade Secret Identification

Plaintiff's Preliminary Injunction Motion and Complaint identify some allegedly confidential documents by file name, but also vaguely refer to "additional documents, and any information or data contained therein[.]"  *See* Plaintiff's proposed order at Dkt. 4-1.  Moreover, in paragraph 3 of the proposed order, Plaintiff broadly seeks to enjoin the use of "any information derived from" any of these identified and additional documents.  The Plaintiff should be required to specifically identify all documents that they contend contain confidential information or trade secrets, as well as the specific confidential contained in those documents, with particularity.

In addition, some of the documents listed in Plaintiff's proposed preliminary injunction order have not even been filed.  Specifically, these documents are listed in the proposed order at paragraph 1, subparagraphs j, k, l, and m.  *See* Dkt. No. 4-1.  It is the AeroTEC Defendants' understanding that Plaintiff is planning to narrow the scope of its proposed order to remove references to these documents, but to date nothing has been filed to confirm that.

### 5.  Preliminary Injunction Evidentiary Hearing

The AeroTEC Defendants request an evidentiary hearing with live witness testimony, which is needed for the Court to adjudicate Plaintiff's Preliminary Injunction Motion on a fully-informed basis.  Plaintiff accuses Basson and Dornéval (and Delarche) of stealing highly confidential and valuable trade secret documents to take to AeroTEC for the purpose of using and disclosing the information to others for the benefit of AeroTEC and MITAC.[1]

The AeroTEC Defendants dispute these claims.  If called to testify, Basson and Dornéval would explain that they sent Bombardier documents to their personal email accounts in order to work on them at home for Bombardier.  They would further testify this was a common practice at Bombardier and was not discouraged.  Their testimony will show that they did not email themselves for any improper purpose, and that they have never used or disclosed the documents or information contained therein to anyone, including anyone at AeroTEC or MITAC.  They will

---

[1] In its motion, Plaintiff sought to enjoin Basson and Dornéval from working on the certification of the Mitsubishi Regional Jet (MRJ), but at about 3:00 pm the day this brief was filed Plaintiff's counsel informed the parties they were withdrawing this requested relief.

AEROTEC DEFENDANTS' BRIEF - 3
#1213759 v1 / 45898-028

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1    also explain why at least some the information in the sealed documents is not confidential and in

2    any event of no value to AeroTEC or MITAC, or the work they do.  The merits of Plaintiff's claims

3    will require credibility determinations.  Other witnesses could also testify to critical issues such as

4    the irrelevance of the Bombardier information to MITAC and AeroTEC's aircraft certification

5    efforts, and public availability to some or all of the information contained in the sealed documents.

6    The AeroTEC Defendants submit that an evidentiary hearing will be crucial for the Court to make

7    a fully informed ruling.

8        The secrecy of the information contained in the sealed documents and its applicability, if

9    any, to the Defendants' aircraft design and certification efforts, involve highly technical issues.

10   Testimony from the individuals as to why they emailed documents to themselves, and what they

11   did with those documents, will be key to determining the likely merits of Plaintiff's very serious

12   allegations and the propriety of the relief sought.  The AeroTEC Defendants believe an evidentiary

13   hearing is warranted as a matter of fundamental fairness.

14       Dated this 7th day of December, 2018.

15                                KARR TUTTLE CAMPBELL
16                                *Attorneys for Defendants AeroTEC, Basson,*
                                 *Dornéval and Korwin-Szymanowski*
17
18   */s/ Richard J. Omata*
     */s/ Mark A. Bailey*
19   Richard J. Omata, WSBA #7032
     Mark A. Bailey, WSBA #26337
20   701 Fifth Avenue, Suite 3300
     Seattle, WA 98104
21   Phone: 206-223-1313
     Fax: 206-682-7100
22   Email: romata@karrtuttle.com
23           mbailey@karrtuttle.com

24

25

26

27

AEROTEC DEFENDANTS' BRIEF - 4
#1213759 v1 / 45898-028

1

CERTIFICATE OF SERVICE

2

I, Sandy Watkins, affirm and state that I am employed by Karr Tuttle Campbell in King

3

County, in the State of Washington. I am over the age of 18 and not a party to the within action.

4

My business address is: 701 Fifth Avenue, Suite 3300, Seattle, WA 98104. On this day, I

5

electronically filed the foregoing AeroTEC Defendants' Brief with the Clerk of the Court and

6

caused it to be served upon the below counsel of record using the CM/DKT. system.

7

8

Brian F. McMahon, WSBA #45739
John D. Denkenberger, WSBA #25907
Christensen O'Connor Johnson & Kindness
1201 Third Avenue, Suite 3600
Seattle, WA 98101-3029
Phone: 206-682-8100
Fax: 206-224-0779
Email: brian.mcmahon@cojk.com
          denkenj@cojk.com
*Attorneys for Plaintiff*

9

10

11

12

Jerry A. Riedinger, WSBA #25828
Mack H. Shultz, Jr., WSBA #27190
James Sanders, WSBA #24565
Mary Z. Gaston, WSBA #27258
Shylah R. Alfonso, WSBA #33138
Perkins Coie LLP
1201 3rd Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206-359-8000
Fax: 206-359-9000
Email: jriedinger@perkinscoie.com
          mshultz@perkinscoie.com
          jsanders@perkinscoie.com
          mgaston@perkinscoie.com
          salfonso@perkinscoie.com
*Attorneys for Mitsubishi Aircraft
Corporation America, Inc.*

13

14

15

16

17

18

I declare under penalty of perjury under the laws of the United States that the foregoing is

19

true and correct, to the best of my knowledge.

20

Dated this 7th day of December, 2018, at Seattle, Washington.

21

*/s/ Sandy Watkins*
Sandy Watkins
Legal Assistant

22

23

24

25

26

27

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100