THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BOMBARDIER INC.,

                Plaintiff,

v.

MITSUBISHI AIRCRAFT
CORPORATION, MITSUBISHI
AIRCRAFT CORPORATION AMERICA,
INC., et al.,

                Defendants.

2:18-cv-1543 RAJ

DEFENDANT MITSUBISHI AIRCRAFT
CORPORATION AMERICA, INC.'S
POSITION ON SCHEDULING ISSUES

The parties sought a scheduling conference to resolve five issues needed to establish a fair process to resolve Plaintiff Bombardier Inc.'s Motion for a Preliminary Injunction. (Dkt. 4). The parties recently resolved two of the five issues, and partially resolved another.  The rest remain for decision by the Court. Defendant Mitsubishi Aircraft Corporation America, Inc. ("Mitsubishi Aircraft America") now respectfully provides its position on the remaining issues, pursuant to the Court's Order. (Dkt. 45).

## I.      APPLICABLE FACTS

### A.    The Motion for Preliminary Injunction

Bombardier filed its Motion for a Preliminary Injunction ("the Motion") on October 19, 2018.  Bombardier originally noted the Motion for November 16, 2018, (Dkt. 4), but the Motion

MITSUBISHI AIRCRAFT AMERICA'S POSITION ON
SCHEDULING ISSUES (NO. 18-CV-1543 RAJ) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

is now noted for January 4, 2019.  (Dkt. 46.)  Bombardier's Motion was filed almost three years to the day from when Bombardier first raised the issues in this case—Exhibit B to Bombardier's Complaint shows Bombardier first challenged a defendant's conduct on October 22, 2015, when it contended that Defendant AeroTEC was allegedly hiring Bombardier employees. (Dkt.1.) Bombardier then filed its Motion three years later, long after any preliminary injunction could have prevented the alleged harm.  Mitsubishi Aircraft America will demonstrate that no alleged trade secrets were misappropriated, or indeed, that it even received the alleged secrets. Regardless, Bombardier's Motion was filed long after it could prevent the supposed harm Bombardier alleges.

The Motion contends, *inter alia,* that Mitsubishi Aircraft America misappropriated alleged trade secrets for use in certifying the Mitsubishi Regional Jet ("MRJ").  In the accompanying Proposed Order (Dkt. 4-1), Bombardier requests, *inter alia*, that the Court enjoin Mitsubishi Aircraft America from using eleven Bombardier documents, and any information "derived from" those documents.  Bombardier contends that the documents were misappropriated by former-Bombardier employee Defendants Laurus Basson, Marc-Antoine Delarche and Cindy Dornéval.  None of the individuals are alleged to have ever worked for Mitsubishi Aircraft America, and the evidence will show that the individuals did not provide the documents to, or use the documents on behalf of, Mitsubishi Aircraft America (or any other Defendant.)  Nonetheless, Bombardier contends that the alleged trade secrets were misappropriated by Mitsubishi Aircraft America, as well as the other Defendants.

**B.    Bombardier Intends to File Successive Motions for Preliminary Injunctions.**

The pending Motion for a Preliminary Injunction seeks to enjoin two of the three corporate Defendants: Mitsubishi Aircraft America and AeroTEC, both of whom have been served.  Until 2:02 PM today, the Motion sought to enjoin three of the five individual Defendants from using information on the MRJ program: Mr. Basson, Ms. Dornéval and Ms. Delarche. (Dkt. 4.)  Bombardier notified Defendants' counsel at that time that it would no longer seek a

MITSUBISHI AIRCRAFT AMERICA'S POSITION ON
SCHEDULING ISSUES (NO. 18-CV-1543 RAJ) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

preliminary injunction against individuals.[1] (Decl. J. Riedinger ¶ 2 Ex. A).  Bombardier has also

stated in its Motion that it intends to file a second preliminary injunction motion, this time

against Mitsubishi Aircraft Corporation ("MITAC"), a Japanese corporation, and Keith Ayre, a

resident of Japan, after it effects service on those Defendants.  (*See* Dkt. 4 n.1.)  Bombardier's

second motion for a preliminary injunction will be based on the "same substantive grounds" as

the first motion, and will seek the same injunctive relief but against MITAC and Mr. Ayre.  (*Id.*)

Bombardier thus intends duplicative motions on the same grounds, addressing the same

documents.

## C.    The Alleged Trade Secrets

Bombardier filed its Motion for a Preliminary Injunction accompanied by an extremely

broad Proposed Order.  (*See generally* Dkt. 4-1.) That Proposed Order sought an injunction

against the use of 15 documents (*id*. at 2), but only eleven were discussed in Bombardier's

Motion (*see generally* Dkt. 4). It also proposed an injunction against use or disclosure of "any

additional documents, and any information or data contained therein" that "were retained by

former Bombardier employees." (Dkt. 4-1 ¶¶ 2-3.)  The Proposed Order did not identify or

describe any of the "additional documents" or place any limit on which persons were "former

Bombardier employees."  Mitsubishi Aircraft America has discussed the breadth of that

Proposed Order for weeks with Bombardier, which is why the Stipulated Motion for a

Scheduling Conference listed "Trade Secret Identification" as one of the topics for resolution.

Bombardier's email this afternoon narrowed Bombardier's Motion to the eleven documents

subject to the pending Motion to Seal.  (Decl. Riedinger Ex. A.)

The eleven remaining documents consist of hundreds of pages, and Bombardier agrees

that not all the information in those hundreds of pages of documents are trade secrets.  (*See, e.g.,*

Dkt. 5 at 15.)  Bombardier's Motion fails to distinguish between the public information in the

---

[1] Mr. Delarche, a resident of Japan, has not been served with the Summons and Complaint.

MITSUBISHI AIRCRAFT AMERICA'S POSITION ON
SCHEDULING ISSUES (NO. 18-CV-1543 RAJ) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

121153-0002/142369736.1

documents, and the allegedly trade secret information.  Bombardier nevertheless seeks to enjoin the Mitsubishi Aircraft America from using any information in the eleven documents, or any information derived from those documents, regardless of whether the information is secret.  (Dkt. 4-1 at 2-3.)

### D.   Bombardier Has Known for Years of the Alleged Misappropriation

Bombardier first raised the issues addressed by its Motion in 2015.  It did not file suit. Nor did it attempt to seek an injunction.  The three individuals alleged to have misappropriated the eleven documents left Bombardier in March 2016, May 2016, and February 2017.  (*See* Dkt. 1 at ¶¶ 60-62.)  Bombardier again did not file suit, and again did not seek an injunction. Bombardier's theory of misappropriation is summarized as (a) those three individuals collectively emailed the eleven documents to their personal email addresses before they left Bombardier and went to work for AeroTEC, and thereafter (b) the delay in certification of the MRJ was somehow reduced by an unidentified use of the documents by AeroTEC and Mitsubishi Aircraft America.  Bombardier could have asserted the same theory it is now pursuing at least by early 2017, but delayed until October 2018 to assert its Motion, and plans yet another, nearly identical motion, sometime next year.

## II.   Pending Issues

Mitsubishi Aircraft America's position on the remaining issues is as follows:

### A.   Multiple Preliminary Injunction Motions are Improper

The pending Motion is premature.  It should be decided only after all parties are served, and Bombardier files it second motion for a preliminary injunction.  Bombardier should not be allowed to file consecutive preliminary injunction motions to obtain "the same injunctive relief" against other Defendants (MITAC and Keith Ayre) "on the same substantive grounds. . . as that now requested."

Successive motions for preliminary injunctions on the same grounds are not contemplated by the rules and are inherently inefficient.  Such motions waste judicial resources

MITSUBISHI AIRCRAFT AMERICA'S POSITION ON
SCHEDULING ISSUES (NO. 18-CV-1543 RAJ) – 4

and improperly give a plaintiff multiple bites at the apple, thereby encouraging piecemeal litigation.  Bombardier's delay in filing its Motion also shows that there is no urgency to any issue that warrants having the same issue decided in successive motions.  The facts alleged in the Motion have been known to Bombardier since at least early last year, the alleged misappropriation occurred at least 22 months ago, and Bombardier had an opportunity to seek a preliminary injunction as long as three years ago.  Fundamental fairness and judicial economy mandate that the pending Motion not be considered until after all parties have been served and had an opportunity to address the accusations against them, especially where, as here, Bombardier delayed for years any attempt to obtain a preliminary injunction.

**B.      Access to Unserved Documents & Interim Confidentiality Agreement**

The parties have resolved this issue pursuant to the terms and conditions set forth in an Interim Confidentiality Agreement negotiated by the parties. (Decl. Riedinger Ex. B.)

**C.      Briefing Schedule for the Motion for Preliminary Injunction**

Bombardier seeks to file consecutive motions. Until Bombardier files its second motion, the present Motion is premature, improper, and inefficient.

If the pending Motion nonetheless proceeds with its current noting date of January 4, 2019, the parties have agreed upon a briefing schedule, and this portion of the issue has been resolved.

**D.      Trade Secret Identification**

Bombardier's eleventh hour narrowing of the Proposed Order has resolved much of this issue, although it does not resolve the fact that Plaintiff admits the eleven documents also contains non-trade secret information. Plaintiffs should be required to identify the trade secrets

MITSUBISHI AIRCRAFT AMERICA'S POSITION ON
SCHEDULING ISSUES (NO. 18-CV-1543 RAJ) – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

121153-0002/142369736.1

within the eleven documents for the reasons set forth in Mitsubishi Aircraft America's response to Bombardier' Motion to Seal.[2]

**E.   An Evidentiary Hearing Should be Conducted**

A short (at most two-day) evidentiary hearing is appropriate on Bombardier's motion. Such hearings are appropriate when justified by "general concepts of fairness, the underlying practice, the nature of the relief requested, and the circumstances of the particular cases." *See* 7 J. Moore, J. Lucas & K. Sinclair, Moore's Federal Practice ¶ 65.04[3] at 65–59 n. 12 (2d ed. 1986).

Bombardier's contentions are sharply contested by Defendants, especially since Bombardier relies only on speculation to contend that its alleged trade secrets were misappropriated by Mitsubishi Aircraft America.  Bombardier assumes progress toward certifying the MRJ has accelerated since AeroTEC and Mitsubishi Aircraft America hired former Bombardier employees, and from that, Bombardier further assumes that the progress resulted from misappropriation of its alleged trade secrets.  (Dkt. 4 at 17-18.)  Yet Bombardier has not identified any facts showing Mitsubishi Aircraft America even received the allegedly misappropriated documents, let alone used them.

Defendants seek the opportunity to refute Bombardier's speculative conclusions through live testimony, including from the individual defendants whom Bombardier contends misappropriated the documents.  The individuals will explain that they did not provide the documents to Mitsubishi Aircraft America (or any other defendant), and that the documents were not used in the MRJ program.  The individuals will also explain that the allegedly misappropriated documents were used by the individuals at their homes only to perform work for Bombardier.  The Court should have the opportunity to listen to the witnesses and evaluate their

---

[2] At the time this paper was completed, Bombardier had not yet served a revised Proposed Order.  If that order does not match the assertions in Bombardier's 2:02 PM email, Mitsubishi Aircraft America will seek leave to address any issues the new proposed order may create.  (Decl. Riedinger Ex. A.)

MITSUBISHI AIRCRAFT AMERICA'S POSITION ON
SCHEDULING ISSUES (NO. 18-CV-1543 RAJ) – 6

121153-0002/142369736.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

credibility.   Mitsubishi Aircraft America also believes the Court should hear other witnesses explain that (1) the documents at issue do not contain trade secrets and (2) the differences between the MRJ and Bombardier's aircraft prevent the alleged Bombardier trade secrets from even being useful to the Defendants' certification efforts.

Allegations of trade secret misappropriation are serious, and by themselves cause serious harm to the defendants.  Live testimony is the best way for the Defendants to show the Court that the Defendants acted in good faith, and did not misappropriate the alleged secrets.

RESPECTFULLY SUBMITTED this 7th day of December 2018.

*s/  Mary Z. Gaston*
Jerry A. Riedinger, WSBA No. 25828
Mack H. Shultz, WSBA No. 27190
James Sanders, WSBA No. 24565
Mary Z. Gaston, WSBA No. 27258
Shylah R. Alfonso, WSBA No. 33138
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
E-mail:  JRiedinger@perkinscoie.com
E-mail:  MShultz@perkinscoie.com
E-mail:  MGaston@perkinscoie.com

Attorneys for Defendant Mitsubishi Aircraft
Corporation America, Inc.

MITSUBISHI AIRCRAFT AMERICA'S POSITION ON
SCHEDULING ISSUES (NO. 18-CV-1543 RAJ) – 7

121153-0002/142369736.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that on December 7, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses indicated on the Court's Electronic Mail Notice List.

DATED this 7th day of December 2018.

*s/Mary Z. Gaston*
Mary Z. Gaston, WSBA No. 27258
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
E-mail: MGaston@perkinscoie.com

CERTIFICATE OF SERVICE
(NO. 18-CV-1543 RAJ) – 1

121153-0002/142369736.1