# EXHIBIT B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOMBARDIER INC., <br><br> Plaintiff, <br><br> v. <br><br> MITSUBISHI AIRCRAFT CORP. et al., <br><br> Defendants. | CASE NO. 2:18-cv-1543 <br><br> **STIPULATED INTERIM AGREEMENT RE CONFIDENTIAL DOCUMENTS AND INFORMATION** |

1. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of information that one or more of the parties considers to be confidential, proprietary, trade secret, or private information for which special protection may be warranted.[1] Accordingly, the parties hereby agree to the following Stipulated Interim Agreement Re Confidential Documents and Information ("Interim

---

[1] The parties to this Interim Confidentiality Agreement do not intend that this agreement in any way modifies the timing of discovery in this matter, which the parties acknowledge is governed solely by the federal and local rules of procedure, as may be modified or supplemented by court order.

Agreement") for the limited purpose of exchanging the specific documents identified herein that relate to Bombardier's Motion for a Preliminary Injunction.[2]

The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery. The protection it affords from public disclosure and use extends only to the limited information identified herein and it does not presumptively entitle parties to file confidential information under seal. By entering into this Interim Agreement, the parties are not agreeing that the same limitations on the access and use of the "Confidential" material identified herein will continue in place after the Court has ruled on Bombardier's Motion for Preliminary Injunction. The parties anticipate entering into a separate confidentiality agreement to govern the balance of the litigation ("Permanent Agreement").

In the event that the parties fail to agree to terms of a Permanent Agreement prior to the Court's adjudication of Bombardier's Motion for Preliminary Injunction, however, the parties shall expressly abide by the provisions of this Interim Agreement until a Permanent Agreement is finalized and executed by the parties or until the Court orders otherwise.  Upon finalization and execution of the Permanent Agreement contemplated herein, any Confidential material qualifying for protection under the terms of this Interim Agreement shall be treated in accordance with the terms of the Permanent Agreement, unless otherwise ordered by the Court. The parties also expressly agree that at no time shall Confidential material entitled to protection under this Interim Agreement lose any protections afforded by either the Interim Agreement or Permanent Agreement unless or until either (1) the designating party agrees in writing that such

---

[2] This agreement is a compromise reached solely for purposes of resolving the need to exchange the limited set of documents identified in Section 2 in order to timely resolve the Motion for a Preliminary Injunction.  The Parties agree that they will not use a party's agreement to the terms of this Interim Agreement to argue that one or more terms of this Interim Agreement are appropriate for the Permanent Agreement that parties intend to negotiate after resolution of the Motion for Preliminary Injunction and that is intended to govern the confidential documents and information disclosed during this litigation through its resolution.

Confidential material shall no longer be treated in accordance with either Agreement; or (2) a Court orders otherwise.

2. "CONFIDENTIAL" MATERIAL

For purposes of this Interim Agreement, "Confidential" material shall include only the following documents and tangible things produced or otherwise exchanged pursuant to the Interim Agreement: Exhibits A-J to the Declaration of Daniel Burns and Exhibit A to the Declaration of David Tidd In Support of Bombardier's Motion for a Preliminary Injunction. Nothing in this Interim Agreement shall constitute an admission or waiver by any party that any document designated as "Confidential" for purposes of this Interim Agreement is, in fact, confidential, or a trade secret under either the Washington Uniform Trade Secret Act (Ch. 19.108 RCW) or the federal Defend Trade Secret Act (18 U.S.C. § 1836, et seq.), or otherwise.

3. SCOPE

The protections conferred by this agreement cover not only Confidential material (as defined above), but also (1) any information copied or extracted from Confidential material; (2) all copies, excerpts, or compilations of Confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential material.

However, the protections conferred by this agreement do not cover information that is lawfully in the public domain or lawfully becomes part of the public domain through trial.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1 Basic Principles. A receiving party may use Confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose Confidential material only to:

(a)     all counsel of record, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the in-house corporate legal team of the receiving party of no more than six individuals to whom disclosure is reasonably necessary for this litigation, provided those individuals are not interacting with the regulatory agencies overseeing the certification of aircraft and/or are not providing advice regarding the certification of aircraft.  Each person to whom disclosure is made under this subsection (b) shall have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) prior to the disclosure, which signed Exhibit A shall also include their respective employer and position.

(c)     independent experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).  For purposes of this Interim Agreement only, the parties to it agree that any independent expert and/or consultant to whom Confidential information designated by the opposing party is provided will not be a former or current employee of Bombardier Inc., Mitsubishi Aircraft Corporation of America, Inc., Mitsubishi Aircraft Corporation, or Aerospace Testing Engineering & Certification Inc. as of the time of the designation or during the pendency of this litigation.  A party shall have 48 hours after written receipt of a signed Exhibit A and a current curriculum vitae for an expert and/or consultant to contest in writing the independence of an expert and/or consultant, during which time no disclosure of Confidential material shall be made to the expert and/or consultant.  A party who contests the independence of an identified expert or consultant pursuant to this subsection (c) shall file and serve a motion to preclude the expert and/or consultant from being provided the documents identified in Section 2 under Local Civil Rule 7.  In the event such a motion is filed within the 48-hour period identified above, no

disclosure of Confidential material shall be made to the expert and/or consultant whose independence is the subject of such motion until the motion is either withdrawn by the moving party or adjudicated in favor of the non-moving party. The burden of persuasion of the independence of an expert or consultant shall be on the moving party.  If a party contests the independence or an expert who is not a former or current employee of Bombardier, MITAC-America, MITAC or AeroTEC, the parties agree to meet and confer in good faith prior to the motion's filing to discuss the need to adjust the noting date for Bombardiers pending Motion for Preliminary Injunction due to the delay that will be caused by the filing, and if necessary, will employ the Court's policy of contacting the Court telephonically to discuss the scheduling issues arising from the motion.  In the event that resolution cannot be reached after conferring with the Court telephonically, or in the event that parties are unsuccessful in attempting to confer with the Court telephonically, the parties agree that the noting date for Bombardier's pending Motion for Preliminary Injunction will be extended for no less than the number of days from the filing of a motion under this subsection to the motion's resolution, unless the parties confer in good faith and agree that any motion pending under this subsection (c) will not materially affect the defendants' ability to prepare and respond to the pending Motion for Preliminary Injunction;

    (d) the court, court personnel, and court reporters and their staff;

    (e) copy or imaging services retained by counsel to assist in the duplication of Confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Confidential material to third parties and to immediately return all originals and copies of any Confidential material;

    (f) during any depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must

be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement; and

    (g) the individuals (and their counsel) who, according to Bombardier's Complaint, Dkt. No. 1, allegedly emailed or attempted to email Confidential material to himself or herself, but only after signing the "Acknowledgment and Agreement to Be Bound" (Exhibit A) prior to the disclosure, and subject to the further restrictions identified herein. Access for such individuals shall be limited to viewing only those Confidential materials that each particular individual is alleged to have emailed or to have attempted to email to himself or herself. Further, access under this subsection shall be provided to the individual only by way of Microsoft Word digital Information Rights Management (IRM) restrictions (or similar restrictions for .pdf documents if necessary) that preclude copying or printing the Confidential material provided under this subsection. The parties acknowledge that the individuals may have devices that have stored copies of the emails and attached documents that they allegedly emailed or attempted to email to themselves. The parties acknowledge that the individuals may access such emails but will not open, copy, review, or forward the email attachments or copies thereof, if any. Further, before any individual accesses or attempts to access such emails, the devices he or she uses to access such emails will be forensically imaged for preservation purposes before such access.

  4.3 <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

  5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    **Exercise of Restraint and Care in Designating Material for Protection**. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Absent express written agreement by the parties prior to any particular production of documents or materials, mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    **Manner and Timing of Designations**. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)    **Information in documentary form:** (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within fifteen days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as confidential. If a party or non-party desire to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1   <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a

declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.      <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items contained in Exhibits A-J to the Declaration of Daniel Burns and/or Exhibit A to the Declaration of David Tidd In Support of Bombardier's Motion for a Preliminary Injunction, or otherwise designated in this action as "CONFIDENTIAL," that party must:

(a)     promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures and identify with specificity the facts and circumstances leading to the unauthorized disclosure, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.  Satisfaction of these conditions shall not preclude the producing party from seeking sanctions or other appropriate remedies for any deliberate unauthorized disclosure of Confidential material, or for any unauthorized disclosure resulting from carelessness or negligence that causes prejudice or harm to the designating party.

9. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d).

10. <u>NON-TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this lawsuit, including all appeals, each receiving party must return all Confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

1  Notwithstanding this provision, outside counsel of record are entitled to retain one
2  archival copy of all documents filed with the court, trial, deposition, and hearing transcripts,
3  correspondence, deposition and trial exhibits, expert reports, attorney work product, and
4  consultant and expert work product, even if such materials contain Confidential material.

5  The confidentiality obligations imposed by this agreement shall remain in effect until the
6  respective designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  December 6, 2018

*s/*  John D. Denkenberger
John D. Denkenberger, WSBA No. 25907
Brian F. McMahon, WSBA No. 45739
**Christensen O'Connor Johnson Kindness PLLC**
1201 Third Avenue, Suite 3600
Seattle, WA 98101-3029
Telephone: 206.682.8100
Facsimile: 206.224.0779
E-mail: john.denkenberger@cojk.com,
E-mail:  brian.mcmahon@cojk.com


Attorneys for Plaintiff Bombardier Inc.

Dated: 12/6/18

s/ *E. X. R.*
Jerry A. Riedinger, WSBA No. 25828
Mack H. Shultz, WSBA No. 27190
James Sanders, WSBA No. 24565
Mary Z. Gaston, WSBA No. 27258
Shylah R. Alfonso, WSBA No. 33138
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
E-mail: JRiedinger@perkinscoie.com
E-mail: MShultz@perkinscoie.com
E-mail: MGaston@perkinscoie.com

Attorneys for Defendant Mitsubishi Aircraft Corporation America, Inc.

Dated: 12/6/18

s/ *Mark Bailey*
Richard J. Omata, WSBA #7032
Mark A. Bailey, WSBA #26337
**Karr Tuttle Campbell**
701 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: 206-223-1313
Facsimile: 206-682-7100
Email: romata@karrtuttle.com
　　　　mbailey@karrtuttle.com

Attorneys for Defendants Aerospace Testing Engineering & Certification Inc., Michel Korwin-Szymanowksi, Laurus Basson, and Cindy Dornéval

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Interim Agreement Re Confidential and Information ("Interim Agreement") that was filed in the United States District Court for the Western District of Washington on October 19, 2018 in the case of *Bombardier v. Mitsubishi Aircraft Corp., et al,* I agree to comply with and to be bound by all the terms of this Interim Agreement and I understand and acknowledge that failure to so comply could expose me to sanctions. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Interim Agreement to any person or entity except in strict compliance with the provisions of this Agreement.

Date: _____

City and State where signed: _____

Printed name: _____

Employer: _____

Position: _____

Signature: _____