The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BOMBARDIER INC.,

    Plaintiff,

v.

MITSUBISHI AIRCRAFT CORPORATION; MITSUBISHI AIRCRAFT CORPORATION AMERICA, INC.; AEROSPACE TESTING ENGINEERING & CERTIFICATION, INC.; MICHEL KORWIN-SZYMANOWSKI; LAURUS BASSON; MARC-ANTOINE DELARCHE; CINDY DORNÉVAL; KEITH AYRE; and JOHN AND/OR JANE DOES 1-88,

    DEFENDANTS.

NO. 2:18-cv-1543-RAJ

AEROTEC DEFENDANTS' MOTION TO FILE ITS OPPOSITION TO BOMBARDIER'S PRELIMINARY INJUNCTION AND SUPPORTING EXHIBITS UNDER SEAL

NOTE ON MOTION CALENDAR:

Friday, January 4, 2019

ORAL ARGUMENT REQUESTED

Pursuant to Western District of Washington Local Rule 5(g) ("LCR 5(g)"), at Plaintiff's request, Defendants Aerospace Testing Engineering & Certification, Inc. ("AeroTEC"), Michel Korwin-Szymanowski, Laurus Basson and Cindy Dornéval (collectively, the "AeroTEC Defendants") requests leave to file the following documents under seal: the following documents under seal: (1) an unredacted version of the AeroTEC Defendant's Opposition to Bombardier Inc.'s Motion for Preliminary Injunction; (2) the supporting Declaration of Laurus Basson; and

AEROTEC DEFENDANTS' MOTION SEAL - 1
#1218731 v1 / 45898-028

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

(3) the supporting Declaration of Cindy Dornéval.

## I. STATEMENT OF FACTS

On December 6, 2018, the AeroTEC Defendants entered into a Stipulated Interim Agreement re Confidential Documents and Information with Bombardier Inc. and Mitsubishi Aircraft Corporation America Inc., reflecting Bombardier's belief that the eleven exhibits to the Declarations of Daniel Burns and David Tidd, which Plaintiff filed on under seal on October 19, 2018, contain confidential information. The Agreement broadly also covers "any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential material." The AeroTEC Defendants do not believe that anything in their Preliminary Injunction Opposition or the supporting declarations contain any confidential information, but out of an abundance of caution, they agreed to serve Plaintiff's counsel with copies on December 26, 2017, and that Plaintiff's counsel would have a chance to "identify the content it deems confidential and appropriate for redaction, if any" by 3:00 today. (Dkt. No. 57 at 2:35.)

Pursuant to Local Rule 5(g)(3), and as set forth in the Declaration of Mark Bailey filed herewith, AeroTEC certifies that the parties have met and conferred on the need to file the documents under seal. Despite vigorous disagreement from the AeroTEC and MITAC Defendants, Bombardier maintained that the redactions and sealing were necessary, though the requested redactions clearly contain legal arguments, publicly available information, and other obviously non-confidential information. The AeroTEC Defendants disagree with Plaintiff's designations, but have agreed to file a redacted opposition brief, and to file the Basson and Dornéval Declarations under seal in their entirety. This is done under protest. The Basson and Dornéval Declarations generally discuss their backgrounds and experience, and explain the acts that Plaintiff alleges to

AEROTEC DEFENDANTS' MOTION SEAL - 2
#1218731 v1 / 45898-028

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

have been wrongful. The Exhibits are their agreements with AeroTEC, and Basson includes a copy of a document he found on-line. Nothing in the Declarations should remain under seal. The redacted content of the AeroTEC Declarations is similarly not appropriate for filing under seal. Plaintiff has simply demanded redaction of any reference to the Burns and Tidd Declaration Exhibits, even though they do not disclose any content. Plaintiff's own pleadings and papers describe those and summarize their content documents freely and openly.

Given the fact that Plaintiff's counsel was unable to limit the scope of their redactions and requests, the parties' meet and confer was as thorough as it could be insofar as attempting to reach a resolution in the hopes of avoiding disputes.

## II.  LEGAL AUTHORITY AND ARGUMENT

LCR 5(g) specifies that "there is a strong presumption of public access to the court's files." "Only in rare circumstances should a party file a motion, opposition, or reply under seal." LCR 5(g)(5). A party moving to seal its brief must make "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary." LCR 5(g)(3)(B).

In our case, the party moving to redact and seal the documents at issue is not the designating party. Pursuant to LCR 5(g), whichever party designates a document confidential must provide a "specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interest that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient." LCR 5(g). Here, Bombardier is the designating party, and bears the burden to justify its designations sealing the exhibits and redacting

AEROTEC DEFENDANTS' MOTION SEAL - 3
#1218731 v1 / 45898-028

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

portions of the Opposition referencing the exhibits.

As was clear at the meet and confer, Bombardier will not be able to rationally justify its designations in this case. Nevertheless, AeroTEC is obligated to abide by its agreement and therefore asks leave of this Court to file under seal. The Court should order Plaintiff to file a response to the motion to seal, and include the information required by Local Rule 5(g)(3)(B) to justify the need for the documents to remain under seal.

A Proposed Order has been filed with this motion pursuant to Local Civil Rule 7(b)(1).

DATED this 27th day of December, 2018.

KARR TUTTLE CAMPBELL
*Counsel for the AeroTEC Defendants*

/s/ Richard J. Omata
/s/ Mark A. Bailey
Richard J. Omata, WSBA #7032
Mark A. Bailey, WSBA #26337
701 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: 206-223-1313
Facsimile: 206-682-7100
Email: romata@karrtuttle.com
Email: mbailey@karrtuttle.com

AEROTEC DEFENDANTS' MOTION SEAL - 4
#1218731 v1 / 45898-028

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100