The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BOMBARDIER, INC.,

    Plaintiff,

v.

MITSUBISHI AIRCRAFT CORPORATION; MITSUBISHI AIRCRAFT CORPORATION AMERICA, INC.; AEROSPACE TESTING ENGINEERING & CERTIFICATION, INC.; MICHEL KORWIN-SZYMANOWSKI; LAURUS BASSON; MARC-ANTOINE DELARCHE; CINDY DORNÉVAL; KEITH AYRE; and JOHN AND/OR JANE DOES 1-88,

    Defendants.

NO. 2:18-cv-1543-RAJ

DECLARATION OF MARK BAILEY IN SUPPORT OF MOTION TO SEAL

I, Mark A. Bailey, declare as follows:

1. I am an attorney with Karr Tuttle Campbell ("KTC"), counsel of record for Defendants Aerospace Testing Engineering & Certification, Inc. ("AeroTEC"), Michel Korwin-Szymanowski, Laurus Basson, and Cindy Dornéval (collectively, the "AeroTEC Defendants"). I make this declaration based on personal knowledge, and am otherwise competent to testify to the matters stated herein.

2. The parties who have been served in this action entered into a Stipulated Interim Agreement re Confidential Documents and Information dated December 6, 2018 (the

BAILEY DECLARATION - 1
#1218161 v3 / 45898-028

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

"Agreement"). Pursuant to the Agreement, the parties agreed that the Exhibits to the Declarations of Daniel Burns and David Tidd, which Plaintiff filed on under seal on October 19, 2018, would be treated as confidential for purposes of Plaintiff's pending Motion for Preliminary Injunction. More broadly, the Agreement provides that it also covers "any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential material."

3.  The AeroTEC Defendants do not believe that anything in their Preliminary Injunction Opposition or the supporting declarations contain any confidential information, but out of an abundance of caution, we agreed to provide Plaintiff's counsel with copies on December 26, 2017, and that Plaintiff's counsel would have a chance to "identify the content it deems confidential and appropriate for redaction, if any" by 3:00 today. Dkt. No. 57 at 2:35.

4.  The parties scheduled a meet and confer at 3:30 today to discuss any redactions Plaintiff's counsel identified as appropriate. At 3:36, we received notice from Plaintiff's counsel that they wanted the Basson and Dornéval Declarations filed under seal in their entirety, and provided a copy of the AeroTEC Defendant's preliminary injunction opposition with sections identified for redaction highlighted.

5.  Plaintiff's counsel joined the need and confer at about 3:45, and explained that given the voluminous nature of the pleadings, and the fact that their client contact was on vacation and unreachable, he would be unable to narrow the scope of the information claimed as confidential. The parties met and conferred again at 5:30, and Plaintiff's counsel reiterated that it had no way to contact his client, and no authority to narrow the scope of their requests to redact and seal any information.

6.  The AeroTEC Defendants disagree with Plaintiff's designations, but have agreed to file a redacted opposition brief, and to file the Basson and Dornéval Declarations under seal in their entirety. This is done under protest.

7.  The Basson and Dornéval declarations generally discuss their backgrounds and experience, and explain the acts that Plaintiff alleges to have been wrongful. The exhibits are their agreements with AeroTEC, and bassoon includes a copy of a document he found on-line. Nothing

BAILEY DECLARATION - 2
#1218161 v3 / 45898-028

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1 | in the declarations should remain under seal.

2 |     8.    The redacted content of the AeroTEC declarations is similarly not appropriate for filing under seal. Plaintiff has simply demanded redaction of any reference to the Burns and Tidd declaration exhibits, even though they do not disclose any content. Plaintiff's own pleadings and papers describe those and summarize their content documents freely and openly.

    9.    Given the fact that Plaintiff's counsel was unable to limit the scope of their redactions and requests, the parties' meet and confer was as thorough as it could be insofar as attempting to reach a resolution in the hopes of avoiding disputes.

    I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

    Executed this 27th day of December, 2018, at Seattle, Washington.

_____
Mark A. Bailey

BAILEY DECLARATION - 3
#1218161 v3 / 45898-028

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100