The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOMBARDIER, INC., | NO. 2:18-cv-1543 RAJ |
| Plaintiff, | |
| v.v. | DECLARATION OF LEE HUMAN |
| MITSUBISHI AIRCRAFT CORPORATION, MITSUBISHI AIRCRAFT CORPORATION AMERICA, INC.; AEROSPACE TESTING ENGINEERING & CERTIFICATION, INC.; MICHEL KORWIN-SZYMANOWSKI; LAURUS BASSON; MARC-ANTOINE DELARCHE; CINDY DORNÉVAL; KEITH AYRE; and JOHN AND/OR JANE DOES 1-88, | |
| Defendants. | |

I, Lee Human, declare as follows:

1. I am the President and CEO of Aerospace Testing Engineering & Certification, Inc. ("AeroTEC"). I make this declaration based on personal knowledge and am otherwise competent to testify to the matters stated herein.

2. As its name implies, AeroTEC is in the business of testing, engineering and certification of aircraft for its clients. One of our clients is Mitsubishi Aircraft Corporation ("MITAC"). In mid-2014, MITAC formed a U.S. subsidiary, Mitsubishi Aircraft Corporation America, Inc. ("MITAC-A") and retained AeroTEC to assist with its efforts to design, develop

HUMAN DECLARATION - 1
#1216253 v4 / 45898-028

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1  and certify the Mitsubishi Regional Jet ("MRJ").

2  3. In May 2015, we hired Michel Korwin-Szymanowski, a former Bombardier employee, as our Director, Test & Evaluation. In that role, Michel is responsible for the management of AeroTEC resources for Instrumentation, Data Services, Flight Test Engineering and Test Flights. He is responsible for all AeroTEC projects, not just the MRJ project.

3  4. From May 2015 to February 2016, Michel was heavily involved in organizing and reporting on the build of the new MRJ flight test facility in Moses Lake, Washington. As part of that build, Michel helped organize job fairs at a number of locations, including Florida, California, Texas, and later job fairs in Montreal and Wichita. We certainly did not specifically target only Bombardier or its employees, though we were aware that Bombardier was having financial difficulties, closing its Mirabel flight test center, and laying off a number of its personnel.

4  5. On October 22, 2015, Bombardier sent me a letter enclosing a copy of a letter they had sent to Michel on the same day. The letter to Michel accused him of breaching his confidentiality obligations to Bombardier through efforts to recruit Bombardier employees. A copy of the letter is attached to Bombardier's Complaint as Exhibit B. We did not agree with Bombardier's claims of any impropriety, but since Michel was not critical to our recruitment activities, and because AeroTEC had recently been invited by Bombardier to bid on a project for them and we wanted to stay in their good graces, we decided to cancel the impending social events and job fairs in Wichita and Montreal, and agreed Michel would not contact any Bombardier employees going forward.

5  6. Our efforts did not satisfy Bombardier. I received a letter from their attorneys dated April 26, 2016, accusing AeroTEC, Michel and others of continuing to interfere and breach obligations to Bombardier. Bombardier suggested litigation might be avoided if AeroTEC, Michel and all other former Bombardier employees at AeroTEC sign a form "Agreement and Acknowledgment," which included a provision that we would refrain from "[d]irectly or indirectly soliciting or communicating with any current or recently departed employee of Bombardier regarding any employment or similar opportunities for work outside of Bombardier[.]" A copy of

HUMAN DECLARATION - 2
#1216253 v4 / 45898-028

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1  that letter and the attachments are attached to Bombardier's Complaint as Exhibit C. Although we initially were willing to reasonably restrict current AeroTEC employees who previously had worked at Bombardier from actively soliciting other Bombardier employees, we never agreed to sign those agreements.

7. AeroTEC hired Laurus Basson, Marc-Antoine Delarche and Cindy Dornéval in March 2016, May 2016, and February 2017, respectively. Delarche no longer works for AeroTEC. AeroTEC has never wanted or needed to have access to any confidential or proprietary Bombardier information. AeroTEC took reasonable precautions to ensure that newly hired employees would not use or disclose any of their former employers' confidential information, including requiring former-Bombardier employees to sign offer letters expressly stating they would not use or reveal any Bombardier trade secrets or confidential or proprietary information to AeroTEC. This is a practice we continue to this day.

8. In the Fall of 2017, we learned that Bombardier was accusing Basson, Delarche and Dornéval of having stolen certain documents attached to emails that they had sent from their Bombardier email account to their personal email accounts. Those very documents are now the subject of this lawsuit.

9. I have never seen (and Bombardier has refused to allow me to see) any of the documents at issue and filed under seal in this lawsuit. As the documents have been described by Bombardier, they would be of minimal or no use.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and accurate.

Executed this 21st day of December, 2018, at Seattle, Washington.

_____
Lee Human

HUMAN DECLARATION - 3
#1216253 v4 / 45898-028

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100