THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOMBARDIER INC., <br><br> Plaintiff, <br><br> v. <br><br> MITSUBISHI AIRCRAFT CORPORATION, MITSUBISHI AIRCRAFT CORPORATION AMERICA INC., et al., <br><br> Defendants. | No. 2:18-cv-1543 RAJ <br><br> DEFENDANT MITSUBISHI AIRCRAFT CORPORATION AMERICA, INC.'S MOTION TO FILE UNDER SEAL ITS OPPOSITION TO BOMBARDIER'S MOTION FOR PRELIMINARY INJUNCTION AND SUPPORTING MATERIALS THERETO <br><br> NOTE ON MOTION CALENDAR: <br> Friday, January 4, 2019 |

Pursuant to Western District of Washington Local Civil Rule 5(g) ("LCR 5(g)"), and the parties' Interim Confidentiality Agreement (Dkt. 50-2), Defendant Mitsubishi Aircraft Corporation America, Inc. ("MITAC America") hereby respectfully submits this Motion to File Under Seal the following documents: (1) MITAC America's Opposition to Bombardier's Motion for Preliminary Injunction ("Opposition"), along with four of the declarations supporting the Opposition and all of their attached exhibits, namely, the declarations of (2) Dr. Robert John Hansman Jr., (3) Stephen Boyd, (4) Duc Nguyen, and (5) Jerry Riedinger (collectively, the "Subject Filings").

MITAC America files this motion to provisionally file under seal not because it believes that the identified documents consist of confidential information, but because Bombardier is

MITSUBISHI AIRCRAFT CORPORATION AMERICA, INC.'S MOTION TO FILE UNDER SEAL (No. 18-cv-1543 RAJ) –1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

contending that the documents must be filed under seal pursuant to the parties' Interim Confidentiality Agreement.

It is MITAC America's position that the materials that Bombardier insists must be filed under seal have no business being filed under seal and that it is readily apparent that the materials do not meet the Ninth Circuit's requirement for being filed under seal. Further, it is MITAC America's position that Bombardier has no reasonable argument to support its insistence that these documents be filed under seal, and that its position is patently unsustainable.

Bombardier's improper tactics should not be condoned. Bombardier's refusal to allow MITAC America's Subject Filings to be filed publicly speaks volumes about the merit of Bombardier's allegations. As discussed below, the Court should reject Bombardier's efforts to keep hidden from the public and the press the Subject Filings, which rebut in no uncertain terms Bombardier's allegations of wrongdoing against MITAC America., and unseal the Subject Filings at its earliest opportunity.

## I. ARGUMENT

"There is a strong presumption of public access to the court's files." LCR 5(g). "Only in rare circumstances should a party file a motion, opposition, or reply under seal." LCR 5(g)(5). Normally the party moving to seal materials must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary." LCR 5(g)(3)(B).

Pursuant to LCR 5(g), whichever party designates a document as confidential must provide a "specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interest that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient." LCR 5(g). Here, Bombardier is the designating party and thus the burden is on Bombardier to justify keeping the identified documents sealed in its response to the present motion. *Id*.

MITSUBISHI AIRCRAFT CORPORATION AMERICA, INC.'S MOTION TO FILE UNDER SEAL (No. 18-cv-1543 RAJ) – 2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## II. FACTUAL BACKGROUND

The parties negotiated an Interim Confidentiality Agreement that governs the production and distribution of the eleven documents that Bombardier contends constitute or contain the purported trade secrets at issue in this case. (*See* Dkt. 50-2). MITAC America entered the Interim Confidentiality Agreement so it could view the allegedly confidential documents and adequately prepare a response to Bombardier's Motion for a Preliminary Injunction. The eleven documents are identified by Bombardier as Exhibits A-J to the Burns declaration (Dkt. 5) and Exhibit A to the Tidd Declaration. (Dkt. 7). Bombardier moved to file those eleven exhibits under seal, and MITAC America opposed Bombardier's motion. (Dkt. 6, 8.) Bombardier's Motion to Seal is currently pending. (Dkt. 3). Under the Interim Confidentiality Agreement, MITAC America is not permitted to disclose the content of the eleven documents Bombardier designated as confidential under the Agreement without the Court's permission.

MITAC America's Opposition and the Hansman, Boyd, Nguyen, and Riedinger Declarations in support thereof reference in very small part the eleven documents that Bombardier has designated as confidential (and none in a way that warrants sealing). But the vast majority of each declaration (as well as their exhibits) consists of information that cannot credibly be considered Bombardier confidential information, as defined in the Interim Confidentiality Agreement.[1] For example: the Hansman declaration includes a discussion about the Mitsubishi Regional Jet, which Bombardier has no basis to argue needs to be filed under seal. The Boyd declaration has an entire section clearly titled "The Role of Publicly Available Information in the Certification of Aircraft," in which Boyd discusses public information relevant to certifying aircraft. The Nguyen declaration discusses a forensic review of MITAC America servers and does not discuss the content of any Bombardier eleven documents at all. And, although Mr. Nguyen

---

[1] Bombardier proposed unreasonable and wholly unjustified redactions to the Opposition. For example, Bombardier requested that MITAC America redact mere citations to publicly available FAA regulations. Bombardier further requested that the entirety of the four listed declarations, and each of their exhibits, be filed under seal with no corresponding redacted public version.

MITSUBISHI AIRCRAFT CORPORATION AMERICA, INC.'S MOTION TO FILE UNDER SEAL (No. 18-cv-1543 RAJ) – 3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

lists the file names of the eleven documents, so do Bombardier's own Burns and Tidd declarations, which are already in the public record. (*See* Dkts. 5, 7.) Finally, the Riedinger declaration attaches multiple exhibits that were downloaded from the Internet.

Under the Interim Confidentiality Agreement, the parties agreed that prior to filing materials that discussed or referenced the eleven allegedly confidential documents, the parties would meet and confer to discuss any redactions that might be necessary to protect the confidential information in the eleven documents. However, Bombardier thereafter took the position that it could not conduct the requisite meet and confer until it was able to see those portions of the MITAC America filings that referenced the eleven documents identified in the Interim Confidentiality Agreement. *See* Decl. of M. Gaston in Supp. of MITAC America's Motion to File Under Seal ("Gaston Decl.") ¶ 6.

Accordingly, the parties agreed (as described in the Joint Notice at Dkt. 57) that on December 26, 2018, counsel for MITAC America would serve its Opposition and all supporting materials on counsel for Bombardier. *Id.* ¶¶ 6-7. Bombardier then had 24 hours during which to identify the portions of those documents that it contended required redaction or filing under seal because they consisted of Confidential Information under the Interim Confidentiality Agreement. *Id.* After the 24-hour period expired, the parties were to hold a telephonic meet and confer to discuss Bombardier's contentions as to which portions of the Opposition materials required sealing. *Id.*

Bombardier did not comply with the agreed procedure. First, it did not provide its proposed redactions within the 24-hour period. Instead, Bombardier advised the parties minutes after the meet and confer was scheduled to begin of its position that certain declarations and all their corresponding exhibits had to be filed under seal in their entirety. *Id.* ¶ 8 & Ex. A. In addition, Bombardier identified significant portions of the Opposition brief it wanted redacted (including, in several instances, mere citations to public documents and expert declarations). Specifically, Bombardier advised that the Hansman, Boyd, Nguyen, and Riedinger declarations must be filed

MITSUBISHI AIRCRAFT CORPORATION AMERICA, INC.'S MOTION TO FILE UNDER SEAL (No. 18-cv-1543 RAJ) – 4

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1  under seal in their entirety—implicitly contending that these declarations contain nothing but
2  Bombardier confidential material incapable of being parsed for redaction. *Id.* At the meet and
3  confer, Bombardier's counsel rationalized his position as follows: he claimed he could not identify
4  what portions of the declarations and their exhibits were confidential because there was too much
5  material for him to review in the 24-hour period and because his primary Bombardier client contact
6  was out of the office until January 7th. *See* Gaston Decl. Ex. A. Thus, he insisted that the
7  declarations and all of their exhibits must be filed under seal in their entirety to ensure that
8  Bombardier's confidential information was protected. *Id.*

9       Bombardier's position is absurd, unreasonable and blatantly in violation of the Local
10 Rules—all conclusions that were conveyed to Bombardier's counsel at the meet and confer in no
11 uncertain terms. As an easy example, and one that was specifically conveyed to counsel, the
12 Hansman, Boyd, and Nguyen declarations include lengthy statements regarding the declarants'
13 backgrounds and experience (which is most certainly not confidential Bombardier information).
14 And the Hansman and Boyd declarations also contain discussions of the aircraft certification
15 process generally and numerous public materials that are easily identifiable and definitely not
16 confidential to Bombardier. The Nguyen declaration, as discussed, says nothing that can credibly
17 be claimed as Bombardier confidential information; rather it states only the results of a forensic
18 examination of MITAC America's computers, such as that none of the eleven documents exists
19 on any of MITAC America servers.

20      MITAC America also used examples to point out that Bombardier's counsel made no effort
21 at all to identify which portions of those declarations constitute Bombardier confidential
22 information, or even what information plainly did not consist of Bombardier confidential
23 information. MITAC America's protestations were for naught. Bombardier insisted that under
24 the Interim Confidentiality Agreement, MITAC America was required to file the declarations
25 under seal in their entirety and maintained that position even after the meet and confer.

26

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S MOTION TO FILE
UNDER SEAL (No. 18-cv-1543 RAJ) – 5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

None of Bombardier's justifications for its position withstand scrutiny. For example, Bombardier's claim that the 1500-page filing was too voluminous to review carefully in the time allotted by the parties' agreed-upon procedure rings hollow upon even a cursory review of MITAC America's Opposition materials. *See* Gaston Decl. Ex. A. As just one example, the Boyd declaration attaches as Exhibit E a 481-page "FAA Advisory Circular." Thus, 481 pages of the 1500-page filing (essentially 1/3) is a single public document describing methods of compliance for FAA certification requirements, which is drafted and published by the FAA. It is available on the FAA website to anyone. Yet Bombardier not only requires this document to be filed under seal, it even requests that citations to this Advisory Circular be redacted out of the Opposition brief. Surely Bombardier, an aerospace manufacturer, understands that FAA Advisory Circulars are public documents. And identifying Boyd Exhibit E as an FAA Advisory Circular takes no more than a few seconds. Thus, one third of Bombardier's review of MITAC America's "voluminous" 1500-page filing could have been completed in a matter of minutes.

More broadly, and to put Bombardier's complaint that it was unable to review "in excess of 1500 pages" of documents during its 24-hour confidentiality review into perspective, over 1400 of those pages are exhibits to the Boyd Declaration, *all of which are comprised of publicly available materials*. A simple review of the title pages of the exhibits alone would have confirmed this. Thus, under the guise of "volume," Bombardier appears to be improperly using overbroad and unjustified redactions and under-seal filings to muzzle the impact of MITAC America's Opposition, seeking to keep hidden from the public (and the press) the frivolity of Bombardier's positions and its claims of wrongdoing.

Bombardier's counsel also contends that its primary client contact has been unavailable to consult on these matters, given the holidays. *See* Gaston Decl. Ex. A. But Bombardier agreed to this exact procedure, *and in fact insisted on it*, knowing the dates involved. *Id.* ¶¶ 3-4. Further, Bombardier's counsel even refused MITAC America's reasonable proposal to move the deadlines to accommodate the holidays. *Id.* After forcing MITAC America's counsel and their staff to work

MITSUBISHI AIRCRAFT CORPORATION AMERICA, INC.'S MOTION TO FILE UNDER SEAL (No. 18-cv-1543 RAJ) – 6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

over Christmas, which could have been avoided, Bombardier's reliance on the holidays as an excuse for failing to comply with the procedure it insisted on is not well taken.

### III.   CONCLUSION

Given the restrictions of the Interim Confidentiality Agreement, and Bombardier's refusal to allow the Subject Filings to be filed with minimal redactions, MITAC America moves the Court to provisionally file under seal these materials pending Bombardier's response in accordance with LCR 5(g).  Under LCR 5(g), Bombardier bears the burden to justify sealing the identified portions of the Opposition and supporting materials.   Under the Interim Confidentiality Agreement, Bombardier agreed that "mass, indiscriminate, or routinized designations"—i.e., exactly what Bombardier has done here—are prohibited, and acknowledged that "[d]esignations that are shown to be clearly unjustified or that have been made for an improper purpose . . . expose the designating party to sanctions." (Dkt. 50-2 at § 5.1.)  Bombardier's overbroad and unjustifiable confidentiality designations are improper, and its tactic should be firmly rejected.

DATED this 27th day of December 2018.

/s/ Jerry A. Riedinger
Jerry A. Riedinger, WSBA No. 25828
Mack H. Shultz, WSBA No. 27190
James Sanders, WSBA No. 24565
Mary Z. Gaston, WSBA No. 27258
Shylah R. Alfonso, WSBA No. 33138
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
E-mail:  JRiedinger@perkinscoie.com
E-mail:  MShultz@perkinscoie.com
E-mail:  MGaston@perkinscoie.com

Attorneys for Defendant Mitsubishi Aircraft Corporation America, Inc.

MITSUBISHI AIRCRAFT CORPORATION AMERICA, INC.'S MOTION TO FILE UNDER SEAL (No. 18-cv-1543 RAJ) – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that on December 27, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses indicated on the Court's Electronic Mail Notice List.

DATED this 27th day of December 2018.

*/s/ Jerry A. Riedinger*
Jerry A. Riedinger, WSBA No. 25828
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
E-mail: JRiedinger@perkinscoie.com

CERTIFICATE OF SERVICE
(No. 18-cv-1543 RAJ) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000