Honorable Judge Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| BOMBARDIER INC., <br><br> Plaintiff, <br><br> v. <br><br> MITSUBISHI AIRCRAFT CORPORATION, MITSUBISHI AIRCRAFT CORPORATION AMERICA INC., AEROSPACE TESTING ENGINEERING & CERTIFICATION INC., MICHEL KORWIN-SZYMANOWSKI, LAURUS BASSON, MARC-ANTOINE DELARCHE, CINDY DORNÉVAL, KEITH AYRE, AND JOHN AND/OR JANE DOES 1-88, <br><br> Defendants. | No. 2:18-cv-01543-RAJ <br><br> DECLARATION OF FRANCESCO LONGO IN SUPPORT OF BOMBARDIER INC.'S MOTION FOR PRELIMINARY INJUNCTION <br><br> **NOTE ON MOTION CALENDAR: JANUARY 4, 2019** |

I, FRANCESCO LONGO declare as follows:

1. I am an employee of Bombardier, Inc. ("Bombardier") and currently work in the position of Manager, Flight Performance. I have personal knowledge of the matters addressed herein.

2. I have reviewed the Declaration of Cindy Dornéval ("Dornéval Declaration"), which I understand was provided by Defendant AeroTEC in this case (Dkt. No. 64).

3. Since August 2016, I have been employed by Bombardier as Manager, Flight Performance. I am currently a direct supervisor to three Section Chiefs, including Mr.

DECLARATION OF FRANCESCO LONGO IN SUPPORT OF BOMBARDIER'S MOTION FOR PRELIMINARY INJUNCTION (2:18-cv-01543-RAJ) - 1

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

1  Jitendra Patel and Mr. Jean-François Chrétien. From September 2016 to early January 2017,
2  Mr. Patel was a direct managerial supervisor to Ms. Dornéval, and Mr. Chrétien was technical
3  lead supervising Ms. Dornéval. Beginning in January 2017, Mr. Chrétien was promoted to
4  Section Chief, and he became the direct managerial supervisor to Ms. Dornéval. Mr. Chrétien
5  was the Section Chief at the time of Ms. Dornéval's departure.

6      4.    At paragraph 4 of the Dornéval Declaration, Ms. Dornéval states that she did
7  not have access to a floater laptop, and therefore needed to send Bombardier documents to her
8  personal email address. I disagree that Ms. Dornéval needed to send those documents to her
9  personal email address because members of the Flight Performance Group had access to
10 floater laptops available to them (as Ms. Dornéval admits in paragraph 4 of the Dornéval
11 Declaration), and during my time as Manager (since about 2008), Bombardier had a secure
12 system, known as BDirect, in place to help employees perform limited work functions
13 remotely and securely away from Bombardier's offices. To the best of my knowledge and at
14 all relevant times, BDirect was available to all relevant Bombardier employees, including Ms.
15 Dornéval. This system allowed employees to access their Bombardier email accounts and
16 corporate documents through a secure location known as an e-room. I have no reason to
17 believe that Ms. Dornéval did not have access to BDirect at the time she emailed Bombardier
18 confidential documents to her personal email address. Further, I have reviewed Bombardier's
19 Code of Ethics and note that page 15 states that employees can transmit confidential
20 documents by email only when it is reasonable to believe that it can be done under secure
21 conditions. I do not consider it secure to transmit confidential and proprietary information to
22 a personal e-mail address. Therefore, I see no justification for her violation of Bombardier's
23 Code of Ethics and policy by sending Bombardier confidential documents to her personal
24 email account. I have never given permission to any Bombardier employee, including Ms.
25 Dornéval, to email Bombardier proprietary or confidential information to a personal e-mail
26 account, or to download such Bombardier information to a personal computer. Further, I have
27 no knowledge of anyone who reported to me giving such permission.

DECLARATION OF FRANCESCO LONGO IN
SUPPORT OF BOMBARDIER'S MOTION FOR
PRELIMINARY INJUNCTION (2:18-cv-01543-
RAJ) - 2

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

5. At paragraph 5 of the Dornéval Declaration, Ms. Dornéval claims that management advised that layoffs were coming. At no time when I oversaw the Flight Performance Group did I announce to that group that layoffs were planned for that group, let alone substantial or imminent layoffs. In fact, at that time, there had not been any such layoffs in the Flight Performance Group. Moreover, I am not aware of anyone who reports directly to me announcing to that group that layoffs were planned for that group.

6. In paragraph 7 of the Dornéval Declaration, Ms. Dornéval states that AeroTEC offered her a job on January 10, 2017. On January 30, 2017, I received the resignation letter of Ms. Dornéval. I did not ask Ms. Dornéval to perform any work for Bombardier after her employment ended. Also, contrary to Ms. Dornéval's assertion in paragraph 8 of the Dornéval Declaration, I did not ask any work-related questions of Ms. Dornéval after her employment ended. Further, I am not aware that any manager who reported directly to me asked Ms. Dornéval to perform any work for Bombardier after her employment ended, or asked any work-related questions of Ms. Dornéval after her employment ended.

7. Based upon my review of the Dornéval Declaration, I understand that she emailed four FTP documents to her personal email address on November 18, 2016. I did not give Ms. Dornéval permission to send these documents to her personal email account, and I am not aware that any manager who reported directly to me did so. Ms. Dornéval's Declaration states that she emailed the documents to herself to prepare for a flight test scheduled for November 19, 2016. These documents contain proprietary Bombardier data and procedures—even the layout of the documents is proprietary to Bombardier. If Ms. Dornéval needed to access this information remotely from Bombardier's offices, she should have done so through BDirect or on a floater laptop, not by emailing the documents to her personal email address.

8. I have reviewed the documents that Ms. Dornéval emailed to herself on November 18, 2016, including the document titled "FTP PROD CSeries Rev 5.0 – 17 November 2016.pdf" which I will refer to as the "FTP document." I note that nearly every

DECLARATION OF FRANCESCO LONGO IN
SUPPORT OF BOMBARDIER'S MOTION FOR
PRELIMINARY INJUNCTION (2:18-cv-01543-
RAJ) - 3

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

1    page of the FTP document indicates the presence of "proprietary" and "confidential" information of Bombardier, and the Preface on page 6 states that the information is the exclusive property of Bombardier.  The FTP document does in fact contain extensive information that is proprietary to Bombardier, including: how to test the aircraft in order to demonstrate/flight test both the overall aircraft level performance and individual system level performances; how to configure the aircraft to achieve performance thresholds in the defined production flight test environment; and how to organize an FTP document.  Although certain of the procedures described in the FTP document do not relate to certifiable procedures (such as cruise performance), other procedures certainly do validate certifiable systems and performance, such as the anti-ice procedures and systems described in Sections 4.9, 5.13, and 5.53.  Because these procedures relate to defining production flight test environments generally and how to test an aircraft (including certifiable systems), they would be highly valuable as examples or templates to another aircraft manufacturer attempting to design, build, certify and production test its own commercial aircraft—especially a manufacturer without an established process for defining/validating an aircraft's capabilities.

9.    Based upon my review of the Dornéval Declaration, I understand that she attempted to email four documents to her personal email address on February 10, 2017.  I have reviewed the four documents, which I note are all "Bombardier Manuals" that convey an overall logic of how to accomplish a large task.  Each of the four Bombardier Manuals prominently includes a notice of the presence of "proprietary" and "confidential" information of Bombardier.  I did not give Ms. Dornéval permission to send these Bombardier Manuals to her personal email account, nor am I aware that any manager who reported directly to me gave her permission to do so—and certainly not on Ms. Dornéval's last day of employment.

10.   I have reviewed the documents that Ms. Dornéval attempted to email to herself on February 10, 2017, including the document titled "BM7002.02.15.02 – Flight Performances.pdf" which I will refer to as the "CAFM Bombardier Manual."  Generally, a Computerized Aircraft Flight Manual ("CAFM") is software that replaces the "Certified

DECLARATION OF FRANCESCO LONGO IN
SUPPORT OF BOMBARDIER'S MOTION FOR
PRELIMINARY INJUNCTION (2:18-cv-01543-
RAJ) - 4

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

Performance Section" of an Aircraft Flight Manual ("AFM"). The CAFM executable software is provided to the aircraft operator and is certified by the regulatory authorities (including Transport Canada, FAA, and EASA) to meet the relevant certification requirements. The CAFM Bombardier Manual that Ms. Dornéval sent herself provides all aircraft performance calculation methodologies used by Bombardier in the CAFM executable software for its CRJ-900 aircraft and all new future Bombardier aircraft designs. This was the most current version of the CAFM Bombardier Manual available at the time she attempted to email this document to her personal email address. The CAFM Bombardier Manual contains equations—yes—but also the building blocks needed to develop the performance calculation modules, as is necessary to enable the programming of the CAFM executable software. The building blocks include the selection of specific performance calculation modules, as reflected in the Table of Contents. This unique logic is the product of Bombardier's decades of experience with designing, building, and certifying commercial aircraft, and is reflected in Bombardier's selection of relevant performance calculation modules (to the exclusion of all others), selection of calculation methodologies for each module, and the organization and presentation of the methodologies to maximize understanding (again, to the exclusion of all other possible arrangements). It is self-evident that Bombardier regarded this selection, organization, and presentation of information as valuable, confidential and proprietary because the CAFM Bombardier Manual itself explicitly states that it will be used "for all future aircraft designs." Because the CAFM Bombardier Manual is directly applicable to the preparation of one of the most vital documents/software for any certifiable aircraft, it would be valuable if known, even as an example or template, to another aircraft manufacturer attempting to certify its own commercial aircraft, including the MRJ. This is true even for an aircraft, such as the MRJ, without a CAFM executable software.

DECLARATION OF FRANCESCO LONGO IN SUPPORT OF BOMBARDIER'S MOTION FOR PRELIMINARY INJUNCTION (2:18-cv-01543-RAJ) - 5

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

1     I declare under penalty of perjury under the laws of the United States of America that
2 the foregoing is true and correct.
3     EXECUTED at Montreal, QC, Canada, this __3rd__ day of January, 2019

                                       FRANCESCO LONGO

DECLARATION OF FRANCESCO LONGO IN
SUPPORT OF BOMBARDIER'S MOTION FOR
PRELIMINARY INJUNCTION (2:18-cv-01543-
RAJ) - 6

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

# CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | | |
|---|---|---|
| Jerry A. Riedinger<br>PERKINS COIE LLP<br>Email:<br>JRiedinger@perkinscoie.com<br>docketsea@perkinscoie.com<br>lshaw@perkinscoie.com<br>sporter@perkinscoie.com | Mack H. Shultz<br>PERKINS COIE LLP<br>Email:<br>MShultz@perkinscoie.com<br>docketseapl@perkinscoie.com<br>sbilger@perkinscoie.com | Mary Z. Gaston<br>PERKINS COIE LLP<br>Email:<br>MGaston@perkinscoie.com<br>docketsea@perkinscoie.com<br>jstarr@perkinscoie.com |
| James Sanders<br>PERKINS COIE LLP<br>Email:<br>JSanders@perkinscoie.com<br>RBecken@perkinscoie.com<br>docketsea@perkinscoie.com<br>jdavenport@perkinscoie.com | Shylah R. Alfonso<br>PERKINS COIE LLP<br>Email:<br>SAlfonso@perkinscoie.com<br>docketsea@perkinscoie.com | |

Attorneys for Mitsubishi Aircraft Corporation America Inc.

| | |
|---|---|
| Richard J. Omata<br>KARR TUTTLE CAMPBELL<br>Email: romata@karrtuttle.com<br>jnesbitt@karrtuttle.com<br>swatkins@karrtuttle.com | Mark A. Bailey<br>KARR TUTTLE CAMPBELL<br>Email: mbailey@karrtuttle.com<br>jsmith@karrtuttle.com<br>mmunhall@karrtuttle.com<br>sanderson@karrtuttle.com |

Attorneys for Aerospace Testing Engineering & Certification Inc., Michel Korwin-Szymanowski, Laurus Basson, and Cindy Dornéval

Daneil T. Hagen
KARR TUTTLE CAMPBELL
Email: dhagen@karrtuttle.com

s/ John D. Denkenberger

John D. Denkenberger, WSBA No.: 25,907
Brian F. McMahon, WSBA No.: 45,739
E. Lindsay Calkins, WSBA No.: 44,127
Christensen O'Connor Johnson Kindness<sup>PLLC</sup>

DECLARATION OF FRANCESCO LONGO IN SUPPORT OF BOMBARDIER'S MOTION FOR PRELIMINARY INJUNCTION (2:18-cv-01543-RAJ) - 7

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

1201 Third Avenue, Suite 3600
Seattle, WA  98101-3029
Telephone:  206.682.8100
Fax:  206.224.0779
E-mail:  john.denkenberger@cojk.com,
brian.mcmahon@cojk.com,
lindsay.calkins@cojk.com, litdoc@cojk.com

*Attorneys for Plaintiff Bombardier Inc.*

DECLARATION OF FRANCESCO LONGO IN SUPPORT OF BOMBARDIER'S MOTION FOR PRELIMINARY INJUNCTION (2:18-cv-01543-RAJ) - 8

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100