THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOMBARDIER INC., <br><br> Plaintiff, <br><br> v. <br><br> MITSUBISHI AIRCRAFT CORPORATION, MITSUBISHI AIRCRAFT CORPORATION AMERICA INC., et al., <br><br> Defendants. | No. 2:18-cv-1543 RAJ <br><br> DEFENDANT MITSUBISHI AIRCRAFT CORPORATION AMERICA INC.'S SUR-REPLY AND MOTION TO STRIKE FOOTNOTE 1 FROM PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION <br><br> NOTE ON MOTION CALENDAR: <br> Friday, January 4, 2019 |

MITAC AMERICA'S MOTION TO STRIKE FN 1
(No. 2:18-cv-1543 RAJ)

142817332.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

To its credit, the Western District of Washington remains a jurisdiction where civility and professionalism are the norm, not the exception. Casual and spurious allegations of professional misconduct, common in some other jurisdictions, are thankfully still rare here. For that reason, when they do occur, they require an immediate answer. Accordingly, Defendant Mitsubishi Aircraft Corporation America ("MITAC America") moves to strike footnote 1 of Bombardier's Reply to Mitsubishi Aircraft Corporation America's Opposition to Plaintiff's Motion for Preliminary Injunction ("Reply Br.").

In footnote 1, Bombardier accuses MITAC America's counsel of "knowingly" making a "false statement" to this Court in violation of Washington Rule of Professional Conduct 3.3(a)(1). The supposedly "false" statement—*which, to be clear, MITAC America's counsel stands behind 100%*—is that the true and primary purpose of Bombardier's lawsuit and its motion for preliminary injunction is to stifle and restrain lawful competition, including the free labor market that allows aerospace employees to seek out better employment opportunities.

Bombardier characterizes the supposedly "false" statement as having no "plausible support." For the Court's convenience, some of the record support for MITAC America's position is quoted below, starting with Bombardier's own words:

- "[W]e are hereby formally putting you on notice to immediately . . . [c]ease the solicitation, directly or indirectly, of our employees, . . . [and r]equire all former employees of Bombardier to sign agreements undertaking not to solicit employees of Bombardier." (Dkt. 1-18 at 5-6)

- "I am seeking your assistance in ensuring that this practice of soliciting and hiring Bombardier key flight testing employees ceases immediately. . ." (Dkt. 1-14 at 2-3)

- "You will understand that conducting massive solicitation that could result in a significant number of key employees leaving Bombardier and joining MHI may have severe and detrimental consequences on Bombardier's business . . ." (Dkt. 1-15 at 2)

- "Last August, I wrote to inform you that MHI has been engaging in massive solicitation of Bombardier engineers and asked that MHI ceases such solicitation which is contrary to the relationship of trust that must prevail between close business

MITAC AMERICA'S MOTION TO STRIKE FN 1
(No. 2:18-cv-1543 RAJ) – 1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

142817332.1

partners such as ourselves . . . The expertise acquired by these employees is rare and extremely valuable. It is very hard to acquire or replace."  (Dkt. 1-17)[1]

Similarly, as documented in Exhibit I to the Complaint, Bombardier portrays normal competition for qualified employees as "reprehensible," "unfair competition," and "illegal solicitation."  (Dkt. 1-18 at 3, 5) This "reprehensible" conduct included things like meeting candidates in coffee shops near where the candidates worked, "targeting" employees with relevant expertise, contacting candidates multiple times and offering increasing compensation packages. *Id.* Notably, the correspondence quoted above was each accompanied by a clear demand that the hiring and solicitation of Bombardier employees must stop. Of course, had the Defendants acquiesced, this would have solved Bombardier's employee attrition problems without requiring Bombardier to increase pay or improve working conditions.

Nor are these the only examples of the robust "plausible support" found in the record. For example, faced with the unrebutted declarations of the served individual defendants (who state unequivocally under oath that they have never used or disclosed the "emailed" documents), Bombardier insists on proceeding with the Motion and instead offers to narrow the scope of the requested injunction in an apparent attempt to make its position seem more reasonable. For example, Bombardier now apparently wants only that the eleven (11) emailed documents be destroyed. (Dkt. 86 at 5). But this is something that could easily have been addressed with an agreement were it truly Bombardier's goal. Again, Bombardier's own words undermine its 11th hour revision. In previous correspondence, Bombardier specifically demanded that no evidence relevant to its allegations be destroyed. *E.g.,* (Dkt. 1-12 at 13) ("we demand that AeroTEC and each of the former employees refrain from deleting, altering or destroying any potentially relevant information relating to the present dispute").

---

[1] The fact that Bombardier's demands to stop hiring its employees were sometimes accompanied by a stated rationale that the employees may have been exposed to Bombardier trade secrets is irrelevant, as exposure to trade secrets cannot justify a wholesale demand to cease soliciting and hiring a company's employees.

MITAC AMERICA'S MOTION TO STRIKE FN 1
(No. 2:18-cv-1543 RAJ) – 2

142817332.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

MITAC America and the other served defendants have no need or interest in using the eleven emailed documents, have explicitly advised Bombardier of that fact, and have voluntarily agreed to the ever-narrowing relief sought by Bombardier. (Dkt. 71 at 16) As a result, the request for the increasingly narrower preliminary injunction is inexplicable unless there is an underlying, alternative motive: to obtain the extraordinary relief of a public court order that will chill other employees from considering job offers with the defendants (or other aerospace companies), and perhaps even slow sales of the Mitsubishi Regional Jet. That is not only a reasonable inference. It is the only plausible inference. Saying so directly is not remotely a violation of the RPC.

MITAC America's position and argument is well-supported by facts that are in the record and not in dispute. Spurious allegations of professional misconduct, such as that in footnote 1 of Bombardier's Reply have no place before this Court or in this lawsuit. To ensure that such serious (but unjustified) accusations do not become the norm, MITAC America respectfully asks the Court to order Bombardier to remove footnote 1 and file a corrected Reply Brief.

RESPECTFULLY SUBMITTED this 9th day of January 2018.

*/s/ Jerry A. Riedinger*
Jerry A. Riedinger, WSBA No. 25828
Mack H. Shultz, WSBA No. 27190
Mary Z. Gaston, WSBA No. 27258
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
E-mail: JRiedinger@perkinscoie.com
E-mail: MShultz@perkinscoie.com
E-mail: MGaston@perkinscoie.com

Attorneys for Defendant Mitsubishi Aircraft Corporation America Inc.

MITAC AMERICA'S MOTION TO STRIKE FN 1
(No. 2:18-cv-1543 RAJ) – 3

142817332.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# CERTIFICATE OF SERVICE

I certify under penalty of perjury that on January 9, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses indicated on the Court's Electronic Mail Notice List.

DATED this 9th day of January 2019.

/s/ *Jerry A. Riedinger*
Jerry A. Riedinger, WSBA No. 25828
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
E-mail: jriedinger@perkinscoie.com

CERTIFICATE OF SERVICE
(No. 2:18-cv-1543 RAJ) – 1

142817332.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000