The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BOMBARDIER, INC.,

    Plaintiff,

v.

MITSUBISHI AIRCRAFT CORPORATION, et al.,

    Defendants.

NO. 2:18-cv-1543-RAJ

AEROTEC DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

Noted on Motion Calendar:
Friday, January 11, 2019

ORAL ARGUMENT REQUESTED

    Plaintiff's Response to the AeroTEC Defendants' Motion to Dismiss reiterates the mantra that AeroTEC specifically recruited employees who "stole" Plaintiff's trade secrets so they could be "used" at AeroTEC, but the Complaint's allegations fail to plausibly support these theories. Plaintiff does not address the failure to allege consideration as necessary for its breach of contract claims, and instead turns to Canadian law to attempt to establish other new allegations not pled in the Complaint. It fails to establish the validity of the various business expectancies necessary to state cognizable tortious interference claims. And despite its extensive quoting from the Complaint, its trade secret misappropriation claims are based on wild speculation, implausible inferences and formulaic recitations that fail to meet the requirements of Fed. R. Civ. P. 12(b)(6).

    "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

AEROTEC DEFENDANTS' REPLY
IN SUPPORT OF MOTION TO DISMISS - 1
(Case No. 2:18-cv-01543 RAJ)
#1220716 v1 / 45898-028

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1  statements" are not sufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). After reciting a litany of facts from the Complaint, Plaintiff claims they far exceed the plausibility requirement of *Iqbal* and *Twombly*, citing *AccentCare Home Health of Rogue Valley, LLC v. Bliss*, No. 1:16-cv-01393-CL, 2017 U.S. Dist. LEXIS 88125 (D. Or. Apr. 13, 2017), as "recent precedent" supporting the sufficiency of Plaintiff's allegations. Dkt. # 92 at 5. The *AccentCare* opinion has no relevance here. It had nothing to do with pleading standards on a 12(b)(6) motion to dismiss, and instead involved a motion to dismiss for failure to join a necessary party and lack of personal jurisdiction. Moreover, whether some other litigant's complaint stated a cause of action does not mean that the Complaint in this case does. None of the cases cited in the Response on page 6 shed any light on the actual allegations in the complaints those courts were confronted with, much less that those complaints contained "fewer facts than are involved here" (Dkt. #92 at 6), and the fact that the courts in those cases denied motions to dismiss has no relevance to this case or the sufficiency of Plaintiff's Complaint allegations. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Nothing Plaintiff argues in its response changes the fact that its Complaint relies on nothing more than implausible inferences from circumstantial evidence that AeroTEC hired people who had emailed documents to themselves while they worked for Plaintiff. It is not plausible to infer that the employee defendants had an improper motive to use those limited documents or that AeroTEC hired them for that purpose. Plaintiff does not address the fact that the documents have nothing to do with the MRJ's avionics bay, the redesign of which is the key to Plaintiff's claim that the documents must have been "used" by AeroTEC. Plaintiff's apparent concession of this deficiency is telling, and makes its allegations even more implausible. Much more plausible is that AeroTEC hired employees with relevant skills and experience to engineer, test and certify an aircraft that threatens to compete with Plaintiff's aircraft. This Court should dismiss Plaintiff's claims against the AeroTEC Defendants.

AEROTEC DEFENDANTS' REPLY
IN SUPPORT OF MOTION TO DISMISS - 2
(Case No. 2:18-cv-01543 RAJ)
#1220716 v1 / 45898-028

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

**1. Breach of Contract Claims.**

Defendants Basson and Dornéval were dragged into this dispute simply because they had the unfortunate luck to have emailed work documents to themselves near the end of their employment at Bombardier. Plaintiff asserted claims for breach of contract based on its Code of Ethics and despite its new arguments, it does not dispute that it failed to plead any consideration that would make the Code of Ethics a binding contract. That undisputed fact warrants dismissal of the breach of contract claim. Plaintiff accuses the AeroTEC Defendants of not "faithfully represent[ing]" the holding of *Thompson v. St. Regis Paper Co.*, 102 Wn.2d 219, 228-29 (1984), that "offer, acceptance and consideration are necessary predicates to establishing that policies in an employment manual" are part of an employment contract. Dkt. # 92 at 7; Dkt. # 56 at 7. That is a direct quote from *Thompson*, and it is the law. The *Thompson* court's subsequent discussion of the employer being able to control and define the employment relationship, as quoted by Plaintiff, is expressly "[i]ndependent of [the] contractual analysis" that the AeroTEC Defendants quoted in their motion to dismiss.

Though it was not pled, Plaintiff now argues it gave consideration to Basson and Dornéval because after they acknowledged receipt of the Code of Ethics, they were allowed to "continue to work" and "receive a salary." Dkt. # 92 at 7. That is not the law in Washington (which is the only law the Complaint alleged to control). A "contract entered into after employment or a modification of an existing employment contract will be enforced if it is supported by independent, additional consideration." *Omega Morgan, Inc. v. Heely*, No. C14-556RSL, 2015 WL 1954653, at *3 (W.D. Wash. Apr. 29, 2015); *see also Labriola v. Pollard Grp., Inc.*, 152 Wn.2d 828, 834 (2004)) (summary judgment dismissal of employer's claim to enforce employee manual confidentiality provisions was proper because of lack of consideration, even though employee had signed an "acknowledgement form" after employee commenced employment). Independent consideration can include things like increased wages, a promotion, or a bonus, but does not include continued employment on the same terms as before. *Labriola*, 100 Wn. 2d at 834; *see also Int'l Paper Co. v. Stuit*, No. C11-2139JLR, 2012 WL 1857143, at *4 (W.D. Wash. May 21, 2012).

AEROTEC DEFENDANTS' REPLY
IN SUPPORT OF MOTION TO DISMISS - 3
(Case No. 2:18-cv-01543 RAJ)
#1220716 v1 / 45898-028

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

The cases Plaintiff cites involve whether an employer can be liable for wrongful termination because it becomes bound by promises to at-will employees in an employee handbook. Plaintiff's Complaint does not allege that Basson or Dornéval relied on any specific treatment outlined in the Code of Ethics, and that is not an issue in this case. Plaintiff may have had the right to terminate employees who violated the Code of Ethics, but that does not mean the Code of Ethics subjects former employees to contract liability for doing so.

Plaintiff relies on *Gaglidari v. Denny's Rests.*, 117 Wn.2d 426 (1991) and *Cascade Auto Glass, Inc. v. Progressive Cas. Ins. Co.*, 135 Wn. App. 760, 769 (2006), which both involved situations where an employer communicated terms of continued employment through its employee handbook, which the employee was free to either accept by continued employment or reject by terminating their employment. *Cascade*, 135 Wn. App. at 769; *Gaglidari*, 117 Wn.2d at 429, 433-34. Nowhere does Plaintiff's Complaint allege the Code of Ethics constituted terms of employment. There is no allegation that Basson's or Dornéval's continued employment was supplied in consideration for their alleged promises. Simply stating that the agreements were signed and that the employees continued to work for Bombardier is insufficient.

Contrary to Plaintiff's statements, the AeroTEC Defendants do not make the dramatic claim that confidentiality obligations are never enforceable, nor "that an employee may freely ignore its employer's Code of Ethics and steal company-confidential documents." Dkt. # 92 at 9. Instead, the motion to dismiss merely points out that Plaintiff has failed to adequately plead consideration in its breach of contract claims. The existence of a contract is a necessary condition for a breach of contract claim. Consideration is necessary for the existence of a contract. Failure to adequately plead consideration in a contract claim is grounds for dismissal. *See Butcher v. Mortgage Elec. Registration Sys.*, No. 3:11-cv-00886-ECR-WGC, 2012 U.S. Dist. LEXIS 124162, at *8 (D. Nev. Aug. 31, 2012). Plaintiff cites no case holding that contract claims based on employment manuals are entitled to a reduced pleading standard.

Plaintiff's efforts to distinguish *Mattel, Inc. v. MGM Entm't Inc.*, 782 F. Supp. 2d 911 (C.D. Cal. 2010), and *Mills v. Bank of Am., N.A.*, 3:14-cv-05238, 2014 U.S. Dist. LEXIS 117563 (W. D.

AEROTEC DEFENDANTS' REPLY
IN SUPPORT OF MOTION TO DISMISS - 4
(Case No. 2:18-cv-01543 RAJ)
#1220716 v1 / 45898-028

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

Wash. Aug. 22, 2014), miss the point. *Mattel* was cited for the proposition that consideration is required for an employer's code of conduct to be binding, which it is. *Mills* was cited for the proposition that a complaint must allege facts showing the formation of a contract, including consideration, which it must. Further, Plaintiff dismisses *Labriola v. Pollard Grp., Inc.*, 152 Wn.2d 828 (2008), because it involved a non-compete contract instead of an employee manual. However, a non-compete contract is more similar to an employer confidentiality provision than it is to ordinary provisions in an employee manual, because Bombardier alleges the contractual obligation continues even after the employment is terminated, perhaps into perpetuity.

Plaintiff next argues that as Canadian employees, Basson and Dornéval had *statutory* obligations of good faith and loyalty, arguing that under Canadian law, their actions "may amount to theft." Dkt. # 92 at 9-10. No such allegation was made in Plaintiff's complaint, nor was any reference made to duties imposed under Canadian law. Basson and Dornéval may have had obligations of loyalty, and to maintain confidentiality of trade secrets or other confidential information, but Plaintiff has insufficiently pled that those obligations arose from any *contract*. Even if Canadian law did impose additional duties on the Defendant, Plaintiff itself acknowledges that these would not be contract duties. Canadian law has no bearing on the validity of the alleged contract, nor on Plaintiff's failure to adequately plead a breach of contract cause of action. The existence of extra-contractual duties does not excuse the failure to plead the essential elements of a valid contract.

Turning to the issue of breach, Plaintiff summarily alleges that Basson and Dornéval "emailed" and "stole" documents, and "failed to return or delete" them (Dkt. # 92 at 10), but it fails to identify any provisions of the Code of Ethics prohibiting the acts alleged.

**2. Tortious Interference Claims.**

Plaintiff argues AeroTEC and Korwin-Szymanowski targeted for recruitment "employees who would have access to – and therefore could abscond with – Bombardier trade secrets." Dkt. # 92 at 5. Presumably, *all* Bombardier employees would have some access to Plaintiff's

AEROTEC DEFENDANTS' REPLY
IN SUPPORT OF MOTION TO DISMISS - 5
(Case No. 2:18-cv-01543 RAJ)
#1220716 v1 / 45898-028

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

confidential information. If Plaintiff's speculative claim had merit, it would prohibit any competitor from soliciting any Bombardier employees.

In any event, Plaintiff fails to adequately plead the existence of any valid contractual relationship or business expectancy. The "contractual relationship" under the Code of Ethics is discussed above. The remaining "business expectancies" have no basis in law. Plaintiff cites to no authority to support the notion that an employer can have a valid expectancy in continuing to employ anyone, in precluding key personnel from joining a competitor, or in adhering to its own certification schedules. The authorities cited in the AeroTEC Defendants' Motion to Dismiss show that these are not valid expectancies. Dkt. # 57 at 10-11.

Plaintiff's factual allegations relating to interference for an "improper purpose" strain credulity and fail to meet the required plausibility standard. Yes, AeroTEC openly solicited Bombardier employees, who most likely would have had authorization to access confidential information as part of their jobs. But to infer that AeroTEC did this to "illicitly obtain" confidential Bombardier information, or to "harm Bombardier in the form of costly delays" is not reasonable or warranted. AeroTEC relies on aircraft manufacturers for its business, and there is no conceivable reason why it would jeopardize its reputation in the aerospace industry by behaving as Plaintiff suggests. The Court is not required to accept as true such implausible or threadbare allegations. *Twombly*, 550 U.S. at 555-56. Nor is it required to "accept as true conclusory allegations, nor make unwarranted deductions or unreasonable inferences." *In re Gilead Sciences Secs. Litig.*, 536 F.3d 1049, 1057 (9th Cir. 2008). AeroTEC does not design, manufacture or sell airplanes, and there is no reason to infer that it would have anything to gain by harming Bombardier. Plaintiff does not dispute that the documents Basson, Dornéval and Delarche allegedly "stole" had nothing to do with the avionics bay redesign that happened to occur after AeroTEC hired those employees. The circumstantial and speculative allegations of the Complaint are not sufficient to warrant a plausible inference of improper purpose, and the tortious interference claims should be dismissed.

### 3. WUTSA Preemption.

Plaintiff's breach of contract and tortious interference claims rely on the same facts it uses

AEROTEC DEFENDANTS' REPLY
IN SUPPORT OF MOTION TO DISMISS - 6
(Case No. 2:18-cv-01543 RAJ)
#1220716 v1 / 45898-028

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

to support its trade secret misappropriation claims. Despite the Washington Supreme Court's holding in *Boeing Co. v. Sierracin Corp.*, 108 Wn.2d 38, 48 (1987), upon which Plaintiff's argument relies, this Court has held that claims must be "wholly independent" of facts used to prove trade secret misappropriation to survive. *Inteum Co., LLC v. Nat'l Univ. of Singapore*, No. C17-1252-JCC, 2018 U.S. Dist. LEXIS 85713 at *4 (W.D. Wash. May 22, 2018); *T-Mobile USA, Inc. v. Huawei Device USA, Inc.*, 115 F. Supp. 3d 1184, 1199 (W.D. Wash. 2015).

### 4. Trade Secret Misappropriation Claims.

The Complaint fails to state a claim for trade secret misappropriation against any of the AeroTEC Defendants. Plaintiff offers nothing but formulaic recitations that "trade secrets" were "stolen" and therefore acquired through "improper means," and its conclusory allegations that the AeroTEC Defendants later "used" or "disclosed" those alleged trade secrets are based on such a thin string of circumstantial events that they are implausible on their face.

The conclusory and formulaic claim that Basson and Dornéval "stole" documents is contradicted by the Complaint's allegations. There is no dispute that Basson and Dornéval were authorized to access the documents, which they worked on in the scope of their employment. Basson and Dornéval had possession of the documents before they emailed them, and the act of emailing them while employed at Bombardier does not amount to "acquisition" of the documents. *See JustMed Inc. v. Byce*, 600 F.3d 1118, 1129 (9th Cir. 2010). Moreover, since most of Dornéval's emails failed, those email attempts cannot support a misappropriation claim. Plaintiff also points to nothing in the Code of Ethics or anything else that prohibited employees from emailing documents to themselves. The Complaint therefore fails to plausibly allege any acquisition by "improper means."

The question, then, is whether the Complaint plausibly states a misappropriation cause of action based on any "use" or "disclosure" of the alleged trade secrets. It does not. Plaintiff argues that the recruited Bombardier employees had access to trade secrets relating to aircraft certification, and that the employees "stole" the trade secrets and now work for AeroTEC. It claims these allegations alone justify denying the 12(b)(6) motion. Dkt. # 92 at 17.

AEROTEC DEFENDANTS' REPLY
IN SUPPORT OF MOTION TO DISMISS - 7
(Case No. 2:18-cv-01543 RAJ)
#1220716 v1 / 45898-028

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1  As further support for its claim that trade secrets were "used" or "disclosed," Plaintiff relies on the allegation that after Basson and Dornéval went to AeroTEC, "MITAC announced that there would be significant redesigns of the MRJ in light of certification concerns." Dkt. # 92 at 17. But Plaintiff does not even attempt to rebut the fact that the documents at issue have nothing to do with an aircraft's avionics bay, which is what the Complaint alleges was the subject of the redesign. Dkt. # 1 at ¶¶ 47-48.

Plaintiff argues that based on the circumstances, AeroTEC's employment of former Bombardier employees makes it "axiomatic" that trade secrets were used. Dkt. # 92 at 17. This is absurd. A person's knowledge of a former employer's trade secrets does not automatically mean he or she will inevitably use those trade secrets when working for other employers. At most, Plaintiff's allegations make it "possible" that trade secrets could have been used, but that is not enough to meet Plaintiff's burden. *See Joshua David Mellberg LLC v. Will*, 96 F. Supp. 3d 953, 982 (D. Ariz. 2015).

Even assuming Plaintiff had plausibly alleged that an AeroTEC employee ever used a Bombardier trade secret, that does not make AeroTEC liable. The employer must know that the trade secret was used, and that it was obtained through improper means. 18 U.S.C. § 1839(5); RCW 19.108.010(2). Plaintiff argues AeroTEC knew or should have known that trade secrets were stolen because of Plaintiff's 2015 and 2016 cease and desist letters. Dkt. # 92 at 21. Those letters, which are attached to the Complaint as Exhibits B and C, do not mention the documents alleged to be trade secrets in the Complaint. Instead, the letters vaguely refer to generalized "trade secrets," "know-how," and "expertise" that Plaintiff's former employees supposedly possessed. A claim of misappropriation requires an allegation that the defendant has knowledge that improper means were used to acquire, use or disclose the trade secrets at issue. *See* 18 U.S.C. § 1839(5); RCW 19.108.010(2). AeroTEC was not put on notice of the trade secrets at issue in those letters, nor can it be said AeroTEC should have known improper misappropriation had occurred just because Plaintiff said so. The Complaint fails to plausibly allege any misappropriation by AeroTEC.

As a fallback position, Plaintiff now argues that AeroTEC would be vicariously liable for

AEROTEC DEFENDANTS' REPLY
IN SUPPORT OF MOTION TO DISMISS - 8
(Case No. 2:18-cv-01543 RAJ)
#1220716 v1 / 45898-028

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

any trade secret misappropriation by its employees. Dkt. # 92 at 19-21. While Plaintiff cites cases for the proposition that an employer "may" be liable for an employee's trade secret misappropriation under the doctrine of *respondeat superior* (*id*. at 20), Plaintiff does not allege that the use of its trade secrets was within the scope of any defendant's employment with AeroTEC, which all those cases require. In fact, the Complaint does not contain any allegations of vicarious liability, and this new argument does not alter the fact that the claim is not stated or alleged.

Plaintiff asserts that "AeroTEC has presented no explanation, much less a plausible one, for why it actively recruited Bombardier's certification personnel who then stole confidential certification and design-related documents from Bombardier just prior to beginning their work on the MRJ." Dkt. # 92 at 20. It is not plausible to suggest AeroTEC hoped to hire people who would steal and use trade secrets. In their motion, the AeroTEC Defendants explain that the obvious purpose for its open and well-known recruiting efforts was that AeroTEC simply wanted to hire employees with relevant skills, knowledge and experience. Such recruiting by a competitor is not improper or wrongful, and does not imply that trade secret misappropriation must have occurred. *See Ed Nowogroski Ins., Inc. v. Rucker*, 137 Wn. 2d 427, 437 (1999) (*en banc*).

While Plaintiff's allegations of misconduct are possible, the fact that such an obvious alternative explanation exists warrants dismissal. *Twombly*, 550 U.S. at 567; *see also In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013). Plaintiff attempts to downplay the applicability of this Court's decision in *Inteum Co., LLC v. National University of Singapore*, No. C17-1252-JCC, 2017 WL 6611961, at *3-4 (W.D. Wash. Dec. 27, 2017), because there were "factual inconsistencies" between the complaint's allegations and attached exhibits. Dkt. # 92 at 17-18. But Plaintiff does not disagree with *Inteum*'s holding that allegations of mere motive and opportunity to misappropriate trade secrets are insufficient if they support only a "possibility" of improper use or disclosure.

Plaintiff's Complaint does not allege sufficient facts plausibly showing that any of the AeroTEC Defendants used or disclosed any trade secrets, nor that AeroTEC should have known

AEROTEC DEFENDANTS' REPLY
IN SUPPORT OF MOTION TO DISMISS - 9
(Case No. 2:18-cv-01543 RAJ)
#1220716 v1 / 45898-028

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1  the alleged trade secrets were "stolen" or even emailed by the individual defendants.

2      For all these reasons, this Court should grant the Motion to Dismiss all claims asserted

3  against the AeroTEC Defendants.

4      Dated this 11th day of January, 2019.

**KARR TUTTLE CAMPBELL**
*Attorneys for Defendants AeroTEC, Basson, Dornéval and Korwin-Szymanowski*

*/s/ Richard J. Omata*
*/s/ Mark A. Bailey*
Richard J. Omata, WSBA #7032
Mark A. Bailey, WSBA #26337
701 Fifth Avenue, Suite 3300
Seattle, WA 98104
Phone: 206-223-1313
Fax: 206-682-7100
Email: romata@karrtuttle.com
       mbailey@karrtuttle.com

AEROTEC DEFENDANTS' REPLY
IN SUPPORT OF MOTION TO DISMISS - 10
(Case No. 2:18-cv-01543 RAJ)
#1220716 v1 / 45898-028

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

# CERTIFICATE OF SERVICE

I, Sherelyn Anderson, affirm and state that I am employed by Karr Tuttle Campbell in King County, in the State of Washington. I am over the age of 18 and not a party to the within action. My business address is: 701 Fifth Avenue, Suite 3300, Seattle, Washington 98104. On this day, I electronically filed the foregoing AeroTEC Defendants' Reply in Support of Motion to Dismiss with the Clerk of the Court and caused it to be served upon the below counsel of record using the CM/ECF system.

| | |
|---|---|
| Brian F. McMahon, WSBA #45739<br>Erin L. Calkins, WSBA #44127<br>John D. Denkenberger, WSBA #25907<br>Christensen O'Connor Johnson & Kindness<br>1201 Third Avenue, Suite 3600<br>Seattle, WA 98101-3029<br>Phone: 206-682-8100<br>Fax: 206-224-0779<br>Email: brian.mcmahon@cojk.com<br>         lindsay.calkins@cojk.com<br>         denkenj@cojk.com<br>*Attorneys for Plaintiff* | Jerry A. Riedinger, WSBA #25828<br>Mack H. Shultz, Jr., WSBA #27190<br>James Sanders, WSBA #24565<br>Mary Z. Gaston, WSBA #27258<br>Shylah R. Alfonso, WSBA #33138<br>Perkins Coie LLP<br>1201 3rd Avenue, Suite 4900<br>Seattle, WA 98101-3099<br>Phone: 206-359-8000<br>Fax: 206-359-9000<br>Email: jriedinger@perkinscoie.com<br>         mshultz@perkinscoie.com<br>         jsanders@perkinscoie.com<br>         mgaston@perkinscoie.com<br>         salfonso@perkinscoie.com<br>*Attorneys for Mitsubishi Aircraft Corporation America, Inc.* |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, to the best of my knowledge.

Dated this 11th day of January, 2019, at Seattle, Washington.

>   */s/ Sherelyn Anderson*
>   Sherelyn Anderson
>   Litigation Legal Assistant

AEROTEC DEFENDANTS' REPLY
IN SUPPORT OF MOTION TO DISMISS - 11
(Case No. 2:18-cv-01543 RAJ)
#1220716 v1 / 45898-028

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100