Honorable Judge Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| BOMBARDIER INC.,<br><br>Plaintiff,<br><br>v.<br><br>MITSUBISHI AIRCRAFT CORPORATION, MITSUBISHI AIRCRAFT CORPORATION AMERICA INC., AEROSPACE TESTING ENGINEERING & CERTIFICATION INC., MICHEL KORWIN-SZYMANOWSKI, LAURUS BASSON, MARC-ANTOINE DELARCHE, CINDY DORNÉVAL, KEITH AYRE, AND JOHN AND/OR JANE DOES 1-88,<br><br>Defendants. | No. 2:18-cv-01543-RAJ<br><br>BOMBARDIER INC.'S RESPONSE TO AEROTEC DEFENDANTS' MOTION TO FILE ITS OPPOSITION TO BOMBARDIER'S PRELIMINARY INJUNCTION AND SUPPORTING EXHIBITS UNDER SEAL<br><br>**NOTE ON MOTION CALENDAR:**<br>**JANUARY 18, 2019** |

Plaintiff Bombardier Inc. ("Bombardier") hereby responds to Aerospace Testing Engineering & Certification, Inc., Michel Korwin Szymanowski, Laurus Basson and Cindy Dornéval's (collectively, the "AeroTEC Defendants") Motion to File Its Opposition to Bombardier's Motion for Preliminary Injunction and Supporting Exhibits Under Seal filed on December 27, 2018 (Dkt. No. 58, "Motion to Seal") and, pursuant to the Stipulated Interim Agreement Re Confidential Documents and Information (Dkt. No. 50-2, "Stipulated Agreement"), Fed. R. Civ. P. 26, and LCR 5, Bombardier files this responsive memorandum setting forth the applicable legal standard and the reasons for keeping under seal certain

BOMBARDIER INC.'S RESPONSE TO AEROTEC'S MOTION TO SEAL (2:18-cv-01543-RAJ) - 1

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

information referenced in AeroTEC Defendants' Opposition to Bombardier's Motion for Preliminary Injunction and supporting materials thereto (Dkt. Nos. 61-64).

## INTRODUCTION

With one exception, Bombardier agrees with the AeroTEC Defendants that much of what has been filed under seal and/or redacted from public filings in AeroTEC Defendants' Opposition to Bombardier Inc.'s Motion for Preliminary Injunction (Dkt. Nos. 60 (redacted version), 61 (filed under seal)); (2) the supporting Declaration of Laurus Basson (Dkt. No. 62 (filed under seal)); (3) Exhibit C thereto (Dkt. No. 63 (filed under seal)); and (4) the supporting Declaration of Cindy Dornéval (Dkt. No. 64 (filed under seal)) does not warrant filing under seal or redaction. Bombardier had previously made its request to the AeroTEC Defendants for information to be redacted or filed under seal under exigent circumstances—Defendant MITAC America had just identified over 1700 pages of documents to be reviewed overnight for redaction purposes, and the AeroTEC Defendants made their disclosures at the same time. In an agreement reached prior to Bombardier becoming aware of the size of MITAC America's filings, Bombardier had agreed to provide the defendants any requested redactions within 24 hours of the defendants' disclosures. Honoring this commitment once the size of MITAC America's filing was disclosed proved challenging, and Bombardier exercised best efforts in the time allotted to balance the need to minimize redactions/filing under seal while maintaining the security of Bombardier's confidential information.

Having now had adequate time to review and carefully examine the filings of all defendants, Bombardier agrees that with the exception of two sentences in the Declaration of Laurus Basson, Dkt. No. 62, there is no need to redact or file under seal the remainder of Dkt. Nos. 60–64. Docket Number 60 can be removed from the record accordingly.

## ARGUMENT

### I. Legal Standard

The operative Stipulated Agreement and applicable court rules permit the AeroTEC Defendants to file material under seal. Pursuant to the Stipulated Agreement executed by the

BOMBARDIER INC.'S RESPONSE TO
AEROTEC'S MOTION TO SEAL (2:18-cv-01543-
RAJ) - 2

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

parties on December 6, 2018 (modeled heavily on this Court's Model Stipulated Protective Order), the AeroTEC Defendants may seek to file under seal confidential material or material discussing or referencing such material, with such material to remain under seal upon Court approval. Paragraph 4.3 of the Stipulated Agreement provides as follows:

> Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

(Dkt. No. 50-2, at ¶ 4.3.)

Furthermore, the Federal Rules of Civil Procedure recognize that courts may permit parties to file "trade secrets or other confidential research, development, or commercial information" under seal. Fed. R. Civ. P. 26(c)(1)(G)-(H). District courts are "in the best position to weigh fairly the competing needs and interest of the parties affected by discovery" in crafting the appropriate treatment of documents for which protected treatment is requested. *Seattle Times Co. v. Rhinehart*, 467, U.S. 20, 36 (1984); *see also Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211-1212 (9th Cir. 2002). "A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

It is well settled "that a trade secret may consist of a compilation of data, public sources or a combination of propriety and public sources." *United States v. Nosal*, 844 F.3d 1024, 1042 (9th Cir. 2016); *accord Digital Mentor, Inc. v. Ovivo USA, LLC et al.*, No. C17-1935-RAJ, 2018 WL 6724765, at *7 (W.D. Wash. Dec. 21, 2018) (stating that the Court "did not dispute" that a trade secret may be "comprised of elements that have been in the public domain or are well-known." Under the law of this Circuit, "The fact that some or all of the components of the trade secret are well-known does not preclude protection for a secret

BOMBARDIER INC.'S RESPONSE TO
AEROTEC'S MOTION TO SEAL (2:18-cv-01543-RAJ) - 3

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

combination, compilation, or integration of the individual elements." *Nosal*, 844 F.3d at 1042 (quoting Restatement (Third) of Unfair Competition § 39 cmt. f (1995) and citing *Computer Care v. Serv. Sys. Enters., Inc.*, 982 F.2d 1063, 1074 (7th Cir. 1992) ("A trade secret can exist in a combination of characteristics and components, each of which, by itself, is in the public domain, but the unified process design and operation of which in unique combination affords a competitive advantage and is a protectable trade secret"); *see also Boeing Co. v. Sierracin Corp.*, 108 Wash.2d 38, 738 P.2d 665, 675 (1987) (holding that "trade secrets frequently contain elements that by themselves may be in the public domain but together qualify as trade secrets")).

## II.     Information Identified Herein Should Remain Under Seal

As noted above, Bombardier agrees that with the exception of two sentences from the Declaration of Laurus Basson, the remainder of Dkt. Nos. 60-64 do not require redaction or filing under seal. The sentences begin at the fourth word of line 2 of page 4 of the declaration, and they end with the third word of line 4 of the same page. Bombardier's proposed redactions to the Declaration of Laurus Basson are attached hereto as Exhibit A. This information is not publicly available information, Mr. Basson was aware of it only through his employment with Bombardier, and it is self-evidently proprietary to Bombardier's pertinent certification approach. The information relates to Bombardier's highly valuable, highly proprietary aircraft certification procedures that are the subject of considerable efforts to maintain as secret and are confidential. (*See, e.g.*, Declaration of Daniel Burns in Support of Motion for Preliminary Injunction, Dkt. No. 5 ("Burns Decl."), at ¶¶ 5, 11, 14, 19, 23, 26; Declaration of David Tidd in Support of Motion for Preliminary Injunction, Dkt. No. 7 ("Tidd Decl."), at ¶¶ 4-7; Declaration of Moshe Toledano in Support of Motion for Preliminary Injunction, Dkt. No. 10, at ¶¶ 4-5 ("As a Senior Engineering Specialist at Bombardier, Laurus Basson was given access to confidential files and information . . . .").) Good cause therefore exists to redact those two sentences of the Declaration of Laurus Basson from public view.

BOMBARDIER INC.'S RESPONSE TO
AEROTEC'S MOTION TO SEAL (2:18-cv-01543-RAJ) - 4

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

## CONCLUSION

For the foregoing reasons, Bombardier respectfully requests that the Court grant-in-part and deny-in-part AeroTEC Defendants' Motion to Seal and to deem all but the two sentences of the Basson Declaration (Dkt. No. 62) identified herein fit for public filing.

Dated this 14th day of January, 2019.

CHRISTENSEN O'CONNOR
JOHNSON KINDNESS<sup>PLLC</sup>


s/ John D. Denkenberger
John D. Denkenberger, WSBA No.: 25,907
Brian F. McMahon, WSBA No.: 45,739
E. Lindsay Calkins, WSBA No.: 44,127
Christensen O'Connor Johnson Kindness<sup>PLLC</sup>
1201 Third Avenue, Suite 3600
Seattle, WA  98101-3029
Telephone:  206.682.8100
Fax:  206.224.0779
E-mail:  john.denkenberger@cojk.com,
brian.mcmahon@cojk.com,
lindsay.calkins@cojk.com, litdoc@cojk.com

*Attorneys for Plaintiff Bombardier Inc.*

BOMBARDIER INC.'S RESPONSE TO AEROTEC'S MOTION TO SEAL (2:18-cv-01543-RAJ) - 5

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

# CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | | |
|---|---|---|
| Jerry A. Riedinger<br>PERKINS COIE LLP<br>Email:<br>JRiedinger@perkinscoie.com<br>docketsea@perkinscoie.com<br>lshaw@perkinscoie.com<br>sporter@perkinscoie.com | Mack H. Shultz<br>PERKINS COIE LLP<br>Email:<br>MShultz@perkinscoie.com<br>docketseapl@perkinscoie.com<br>sbilger@perkinscoie.com | Mary Z. Gaston<br>PERKINS COIE LLP<br>Email:<br>MGaston@perkinscoie.com<br>docketsea@perkinscoie.com<br>jstarr@perkinscoie.com |
| James Sanders<br>PERKINS COIE LLP<br>Email:<br>JSanders@perkinscoie.com<br>RBecken@perkinscoie.com<br>docketsea@perkinscoie.com<br>jdavenport@perkinscoie.com | Shylah R. Alfonso<br>PERKINS COIE LLP<br>Email:<br>SAlfonso@perkinscoie.com<br>docketsea@perkinscoie.com | |

Attorneys for Mitsubishi Aircraft Corporation America Inc.

| | |
|---|---|
| Richard J. Omata<br>KARR TUTTLE CAMPBELL<br>Email: romata@karrtuttle.com<br>jnesbitt@karrtuttle.com<br>swatkins@karrtuttle.com | Mark A. Bailey<br>KARR TUTTLE CAMPBELL<br>Email: mbailey@karrtuttle.com<br>jsmith@karrtuttle.com<br>mmunhall@karrtuttle.com<br>sanderson@karrtuttle.com |

Attorneys for Aerospace Testing Engineering & Certification Inc., Michel Korwin-Szymanowski, Laurus Basson, and Cindy Dornéval

Daneil T. Hagen
KARR TUTTLE CAMPBELL
Email: dhagen@karrtuttle.com

          s/ John D. Denkenberger
          John D. Denkenberger, WSBA No.: 25,907
          Brian F. McMahon, WSBA No.: 45,739
          E. Lindsay Calkins, WSBA No.: 44,127
          Christensen O'Connor Johnson Kindness$^{PLLC}$
          1201 Third Avenue, Suite 3600

BOMBARDIER INC.'S RESPONSE TO AEROTEC'S MOTION TO SEAL (2:18-cv-01543-RAJ) - 6

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

Seattle, WA  98101-3029
Telephone:  206.682.8100
Fax:  206.224.0779
E-mail:  john.denkenberger@cojk.com,
brian.mcmahon@cojk.com,
lindsay.calkins@cojk.com, litdoc@cojk.com

*Attorneys for Plaintiff Bombardier Inc.*

BOMBARDIER INC.'S RESPONSE TO
AEROTEC'S MOTION TO SEAL (2:18-cv-01543-RAJ) - 7

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100