Honorable Judge Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| BOMBARDIER INC.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MITSUBISHI AIRCRAFT CORPORATION, MITSUBISHI AIRCRAFT CORPORATION AMERICA INC., AEROSPACE TESTING ENGINEERING & CERTIFICATION INC., MICHEL KORWIN-SZYMANOWSKI, LAURUS BASSON, MARC-ANTOINE DELARCHE, CINDY DORNÉVAL, KEITH AYRE, AND JOHN AND/OR JANE DOES 1-88,<br><br>　　　　　　Defendants. | No. 2:18-cv-01543-RAJ<br><br>BOMBARDIER INC.'S RESPONSE TO MITSUBISHI AIRCRAFT CORPORATION AMERICA, INC.'S MOTION TO FILE UNDER SEAL ITS OPPOSITION TO BOMBARDIER'S MOTION FOR PRELIMINARY INJUNCTION AND SUPPORTING MATERIALS THERETO<br><br>**NOTE ON MOTION CALENDAR:**<br>**JANUARY 18, 2019** |

BOMBARDIER INC.'S RESPONSE TO MITAC US'S MOTION TO SEAL (2:18-cv-01543-RAJ) - i

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

ARGUMENT .........................................................................................................................2

    I.    Legal Standard..................................................................................................2

    II.   Information Identified Herein Should Remain Under Seal ...................................3

CONCLUSION ......................................................................................................................8

BOMBARDIER INC.'S RESPONSE TO MITAC
US'S MOTION TO SEAL (2:18-cv-01543-RAJ) - ii

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

# TABLE OF AUTHORITIES

**Cases**

*Boeing Co. v. Sierracin Corp.*, 108 Wash.2d 38, 738 P.2d 665 (1987) .................................. 3, 4

*Computer Care v. Serv. Sys. Enters., Inc.*, 982 F.2d 1063 (7th Cir. 1992) ................................ 3

*Digital Mentor, Inc. v. Ovivo USA, LLC et al.*, No. C17-1935-RAJ, 2018 WL 6724765 (W.D. Wash. Dec. 21, 2018) ........................................................................................................... 3

*Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) ............................ 3

*Phillips v. General Motors Corp.*, 307 F.3d 1206 (9th Cir. 2002) ............................................ 3

*Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984) ................................................................ 2

*United States v. Nosal*, 844 F.3d 1024 (9th Cir. 2016) ............................................................ 3

**Other Authorities**

Restatement (Third) of Unfair Competition § 39 cmt. f (1995) ................................................. 3

**Rules**

Fed. R. Civ. P. 26 ....................................................................................................................... 1

Fed. R. Civ. P. 26(c)(1)(G)–(H) ................................................................................................. 2

BOMBARDIER INC.'S RESPONSE TO MITAC US'S MOTION TO SEAL (2:18-cv-01543-RAJ) - iii

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

Plaintiff Bombardier Inc. ("Bombardier") hereby responds to Defendant Mitsubishi Aircraft Corporation America, Inc.'s ("MITAC America") Motion to File Under Seal Its Opposition to Bombardier's Motion for Preliminary Injunction and Supporting Materials Thereto filed on December 27, 2018 (Dkt. No. 69, "Motion to Seal"). In addition, pursuant to the Stipulated Interim Agreement Re Confidential Documents and Information (Dkt. No. 50-2, "Stipulated Agreement"), Fed. R. Civ. P. 26, and LCR 5, Bombardier sets forth the applicable legal standard and the reasons for keeping under seal certain information referenced in Mitsubishi America's Opposition to Bombardier's Motion for Preliminary Injunction and supporting materials thereto (Dkt. Nos. 75-79).

## INTRODUCTION

MITAC America's Motion to Seal makes much ado about nothing. It frames the issue before the Court as one where Bombardier is insisting upon the sealing of documents that "have no business being filed under seal," that "do not meet the Ninth Circuit's requirement for being filed under seal," and that "Bombardier's improper tactics should not be condoned." (Motion to Seal, Dkt. No. 69, at 2.) More accurately, MITAC America sought to file approximately 1700 pages of documents to oppose Bombardier's Motion for Preliminary Injunction in a trade secret case, provided no advance notice that its filing would be so voluminous, refused to identify any of those documents in advance of its filing, provided less than 24 hours for Bombardier's counsel to review those documents for redaction purposes,[1] and in response Bombardier simply requested to file the documents under seal on an interim basis so that it could have more time to review the documents for proper redaction.

---

[1] Admittedly, Bombardier did agree in advance of receiving MITAC America's filing that it would provide proposed redactions to MITAC America within 24 hours of receipt of the papers, but Bombardier had no idea—and had no reason to suspect—at the time of agreement that it would be forced to review approximately 1700 pages overnight. That information was exclusively in the possession of MITAC America prior to service of its papers, and MITAC America could have provided notice at any time. (*See* Declaration of Brian F. McMahon in Support of Bombardier's Response to MITAC America's Motion to File Under Seal ("McMahon Decl."), filed concomitantly herewith, at Exhibit A.)

BOMBARDIER INC.'S RESPONSE TO MITAC US'S MOTION TO SEAL (2:18-cv-01543-RAJ) - 1

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

With sufficient time to review the documents at issue, Bombardier now respectfully asks the Court to maintain the limited information identified below outside of the public sphere, and requests that the remaining information be filed publicly. As set forth below, the specific information Bombardier seeks to keep under seal concerns proprietary research, development, business strategy, trade secret, and other competitive commercial information, and is the properly designated for filing under seal in this District.

## ARGUMENT

### I.     Legal Standard

The operative Stipulated Agreement and applicable court rules permit MITAC America to file material under seal. Pursuant to the Stipulated Agreement executed by the parties on December 6, 2018 (modeled heavily on this Court's Model Stipulated Protective Order), MITAC America may seek to file under seal confidential material or material discussing or referencing such material, with such material to remain under seal upon Court approval. Paragraph 4.3 of the Stipulated Agreement provides as follows:

> Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

(Dkt. No. 50-2, at ¶ 4.3.)

Furthermore, the Federal Rules of Civil Procedure recognize that courts may permit parties to file "trade secrets or other confidential research, development, or commercial information" under seal. Fed. R. Civ. P. 26(c)(1)(G)–(H). District courts are "in the best position to weigh fairly the competing needs and interest of the parties affected by discovery" in crafting the appropriate treatment of documents for which protected treatment is requested. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *see also Phillips v. General Motors*

BOMBARDIER INC.'S RESPONSE TO MITAC US'S MOTION TO SEAL (2:18-cv-01543-RAJ) - 2

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

*Corp.*, 307 F.3d 1206, 1211–1212 (9th Cir. 2002). "A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006).

It is well settled "that a trade secret may consist of a compilation of data, public sources or a combination of propriety and public sources." *United States v. Nosal*, 844 F.3d 1024, 1042 (9th Cir. 2016); *accord Digital Mentor, Inc. v. Ovivo USA, LLC et al.*, No. C17-1935-RAJ, 2018 WL 6724765, at *7 (W.D. Wash. Dec. 21, 2018) (stating that the Court "did not dispute" that a trade secret may be "comprised of elements that have been in the public domain or are well-known.") Under the law of this Circuit, "The fact that some or all of the components of the trade secret are well-known does not preclude protection for a secret combination, compilation, or integration of the individual elements." *Nosal*, 844 F.3d at 1042 (quoting Restatement (Third) of Unfair Competition § 39 cmt. f (1995) and citing *Computer Care v. Serv. Sys. Enters., Inc.*, 982 F.2d 1063, 1074 (7th Cir. 1992) ("A trade secret can exist in a combination of characteristics and components, each of which, by itself, is in the public domain, but the unified process design and operation of which in unique combination affords a competitive advantage and is a protectable trade secret"); *see also Boeing Co. v. Sierracin Corp.*, 108 Wash.2d 38, 738 P.2d 665, 675 (1987) (holding that "trade secrets frequently contain elements that by themselves may be in the public domain but together qualify as trade secrets")).

## II. Information Identified Herein Should Remain Under Seal

As noted above, Bombardier agrees that much of MITAC America's December 27, 2018 filing under seal may be filed in the public domain. However, Bombardier was in no position to make that determination within the 24-hour period previously agreed to by the parties because Bombardier had no idea—and MITAC America provided no indication—that the December 27 filing would exceed 1700 pages. MITAC America contends that this is no excuse, however, because many of the documents comprising that voluminous total are public documents. (Motion to Seal, Dkt. No. 69, at 3-4.) But this position ignores a long-established

BOMBARDIER INC.'S RESPONSE TO MITAC US'S MOTION TO SEAL (2:18-cv-01543-RAJ) - 3

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

principal of trade secret law—"trade secrets frequently contain elements that by themselves may be in the public domain but together qualify as trade secrets." *Boeing Co.*, 738 P.2d at 675. Thus, Bombardier needed adequate time to ensure that any unredacted identification of publicly available information did not diminish the value of Bombardier's trade secrets.

One of the primary arguments MITAC America makes in its Opposition to Bombardier's Motion for Preliminary Injunction is that much of the information contained in the documents at issue—the misappropriated documents containing Bombardier trade secrets—is publicly available, but that argument falls flat. (MITAC America's Opposition to Plaintiff's Motion for Preliminary Injunction, Dkt. No. 75 ("Opposition"), at 3-6.) Its Opposition, and the documents submitted in support, therefore go to great lengths to identify for the Court where information contained in the Bombardier documents may be found publicly. (*See*, *e.g.*, Declaration of Robert John Hansman Jr., Dkt. No. 78, at Exhibit 7 (expressly identifying 32 topics contained in a document lodged under seal with the Court, citing where the topic is addressed in that document, and alleging with precision where that information can be found in the public); Declaration of Stephen Boyd, Dkt. No. 77, at 38 ("It should be noted that this report is referenced in Burns Sealed Exhibits D and G.").)

Assuming MITAC America's allegation to be true, filing its papers publicly without redaction would therefore eviscerate any competitive advantage Bombardier could derive from its compilation of publicly available information. (*See, e.g.*, Declaration of Daniel Burns in Support of Motion for Preliminary Injunction, Dkt. No. 5 ("Burns Decl."), at ¶¶ 4 ("information in these documents [can be used] as a roadmap to design, develop, and to obtain regulatory acceptance of a future aircraft's SDS design for years to come"), 12 ("that is not to say that at least some of the information disclosed in these exhibits could not be gleaned through publicly available information . . . [b]ut the exhibits also disclose . . . the technical references relied upon by Bombardier to demonstrate compliance . . . [that is not] publicly available or readily ascertainable without reference to Bombardier proprietary information"); *see also* Declaration of David Tidd in Support of Motion for Preliminary Injunction, Dkt. No.

BOMBARDIER INC.'S RESPONSE TO MITAC US'S MOTION TO SEAL (2:18-cv-01543-RAJ) - 4

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

7 ("Tidd Decl."), at ¶ 4 (the document at issue "contains, for example, numerous coefficients, coefficients *determined by equations and constants that were negotiated with the applicable regulatory authorities*, that are used for performance calculations").

The value in Bombardier's trade secret information lies not only in the proprietary information contained in the documents at issue that are not readily ascertainable by public means, but also in the fact that certain specified publicly available information *was used by Bombardier with success* for certification purposes. The identity of that information is not public, is at least confidential, and Bombardier contends that it constitutes in part the trade secret information at issue. Public disclosure of that information prior to trial will deny Bombardier the opportunity to prove the value derived from keeping that compilation of publicly available information secret.

Good cause therefore exists to keep such information from public disclosure, and Bombardier therefore respectfully requests that public versions of MITAC America's documents (Dkt. Nos. 75-79) should have the following redactions:[2]

Dkt. No. 75, Defendant Mitsubishis Aircraft Corporation America, Inc.'s Opposition to Plaintiff's Motion for Preliminary Injunction:

In addition to the redactions found in the public version of this document already filed with the Court at Dkt. No. 71, MITAC America should be ordered to withdraw its Dkt. No. 71 and supplement its redactions to include redaction of the entire text starting immediately after "are explained" at page 4, line 26, and ending with the end of page 5, line 10. Bombardier had originally requested that MITAC America redact all references to the identified texts in this passage, but MITAC America refused. The explicit identification of the references, particularly given the context of MITAC America's arguments, would inform the public that these texts have information *relied upon successfully by Bombardier to certify its aircraft*,

---

[2] For the Court's and MITAC America's convenience, a copy of Dkt Nos. 75, 77, and 78 with Bombardier's requested redactions are attached as exhibits to the McMahon Decl., Exhibits B-D.

BOMBARDIER INC.'S RESPONSE TO MITAC US'S MOTION TO SEAL (2:18-cv-01543-RAJ) - 5

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

which is information not publicly known and is at least confidential and proprietary to Bombardier's business.

Bombardier respectfully requests the additional redactions identified above, notwithstanding that MITAC America has already publicly disclosed the information at issue, because the issue may soon become a slippery slope. MITAC America's current limited identification of the documents successfully relied upon by Bombardier for aircraft certification purposes, without more, do not constitute so extensive a disclosure so as to deprive Bombardier of the substantial competitive value the documents currently reflect. But MITAC America's limited disclosure now "opens the door" to the gradual and potentially complete degradation of that value. If MITAC America is permitted to continue its piecemeal disclosures of Bombardier's compilation of publicly available information used successfully for certification purposes, Bombardier's entire compilation will eventually become public knowledge, and any competitive value the compilation once had for Bombardier will have been eviscerated before ever having the chance to prove that value at trial. Good cause therefore exists to require the requested redactions—even after MITAC's unauthorized public disclosure of the information at issue.

<u>Dkt. No. 76, Declaration of Jerry A. Riedinger in Support of Defendant Mitsubishi Aircraft Corporation America, Inc.'s Opposition to Plaintiff's Motion for Preliminary Injunction</u>:

Upon further review, this document contains no information that requires redaction from public viewing.

<u>Dkt. No. 77 and 78, Declarations of Stephen Boyd and Dr. Robert John Hansman Jr., and Accompanying Exhibits</u>:

The contents of these documents are for the most part sufficiently generic such that redaction is not required for the vast majority of the document. However, Dr. Hansman and Mr. Boyd do make specific reference to the contents of the documents at issue that the public would not know, would have no need to know, and that have substantial competitive value to

BOMBARDIER INC.'S RESPONSE TO MITAC US'S MOTION TO SEAL (2:18-cv-01543-RAJ) - 6

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

Bombardier.  (*See* Burns Decl. and Tidd Decl., Dkt Nos. 5 and 7, respectively.)  Further, Dr. Hansman and Mr. Boyd in several instances identify specific publicly available information that, in the context of their discussions, would reveal that the information is part of the compilation of public information Bombardier maintains as a trade secret.  Dr. Hansman and Mr. Boyd also state conclusions based on their respective reviews of Bombardier proprietary information, and in some (but not all) instances, the conclusions disclose specifics of Bombardier proprietary information that the public has no need to know nor would know based on publicly available information.  The particular language of the declarations requiring redaction on these bases is identified the McMahon Declaration at Exhibits B-D.

Additionally, Bombardier respectfully requests that Exhibits J, K, O, S, and T of the Boyd Declaration remain under seal in their entirety.  These are five of the documents relied upon by Mr. Boyd to argue that information contained in the Bombardier documents at issue is publicly available.  While the documents Mr. Boyd cites are themselves publicly available, they are not promulgated by FAA, Transport Canada, or any other aircraft regulatory certification body, so the public would not necessarily think to turn to these sources for information pertinent to aircraft certification.  Moreover, Mr. Boyd's identification of these documents, and the disclosure of their contents, in the context of MITAC America's Opposition establishes that the information contained therein was successfully relied upon by Bombardier for aircraft certification purposes.  This is information that Bombardier alleges to constitute part of its trade secrets, and Bombardier should have the opportunity to prove as much before MITAC America is permitted to disclose—even in part—the information Bombardier has relied upon for aircraft certification.

Finally, Bombardier respectfully requests that Exhibit 7 of Dr. Hansman's declaration remain under seal in its entirety.  As noted above, Exhibit 7 expressly identifies 32 topics contained in Exhibit A to the Tidd Declaration, a document lodged under seal with the Court.  Exhibit 7 also cites where the topic is addressed in that document, and it alleges with precision where that information can be found in the public.  Disclosing this information in a

BOMBARDIER INC.'S RESPONSE TO MITAC
US'S MOTION TO SEAL (2:18-cv-01543-RAJ) - 7

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

public filing would deprive Bombardier of the competitive value it derives from the document without having the opportunity to prove the document's worth at trial. *See* Tidd Decl., at ¶¶ 4-7 (explaining the value and proprietary nature of the information contained in Bombardier's CAFM).

<u>Dkt. No. 79, Declaration of Duc Nguyen in Support of Defendant Mitsubishi Aircraft Corporation America, Inc.'s Opposition to Bombardier, Inc.'s Motion for Preliminary Injunction</u>:

Upon further review, this document contains no information that requires redaction from public viewing.

## **CONCLUSION**

For the foregoing reasons, Bombardier respectfully requests that the Court grant in part and deny in part MITAC America's Motion to Seal, as follows:

- That the Motion to Seal is GRANTED with respect to Dkt. Nos. 75, 77, and 78, which are to remain under seal;
- That the Motion to Seal is DENIED with respect to Dkt. Nos. 76 and 79, which are to be filed in the public record;
- That the Clerk shall remove Dkt. No. 71 from the public record; and
- That MITAC America shall file public versions of Dkt. Nos. 75, 77, and 78 in accordance with the requested redactions identified herein and ensuring that no portion of Exhibit 7 to the Hansman Declaration and no portion of Exhibits J, K, O, S, and T to the Boyd Declaration are publicly disclosed.

Dated this 14th day of January, 2019.

CHRISTENSEN O'CONNOR
JOHNSON KINDNESS<sup>PLLC</sup>

BOMBARDIER INC.'S RESPONSE TO MITAC
US'S MOTION TO SEAL (2:18-cv-01543-RAJ) - 8

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

                s/ John D. Denkenberger
                John D. Denkenberger, WSBA No.: 25,907
                Brian F. McMahon, WSBA No.: 45,739
                E. Lindsay Calkins, WSBA No.: 44,127
                Christensen O'Connor Johnson Kindness<sup>PLLC</sup>
                1201 Third Avenue, Suite 3600
                Seattle, WA  98101-3029
                Telephone:  206.682.8100
                Fax:  206.224.0779
                E-mail:  john.denkenberger@cojk.com,
                brian.mcmahon@cojk.com,
                lindsay.calkins@cojk.com, litdoc@cojk.com

*Attorneys for Plaintiff Bombardier Inc.*

BOMBARDIER INC.'S RESPONSE TO MITAC US'S MOTION TO SEAL (2:18-cv-01543-RAJ) - 9

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

**Certificate of service**

I hereby certify that on January 14, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | | |
|---|---|---|
| Jerry A. Riedinger<br>PERKINS COIE LLP<br>Email:<br>JRiedinger@perkinscoie.com<br>docketsea@perkinscoie.com<br>lshaw@perkinscoie.com<br>sporter@perkinscoie.com | Mack H. Shultz<br>PERKINS COIE LLP<br>Email:<br>MShultz@perkinscoie.com<br>docketseapl@perkinscoie.com<br>sbilger@perkinscoie.com | Mary Z. Gaston<br>PERKINS COIE LLP<br>Email:<br>MGaston@perkinscoie.com<br>docketsea@perkinscoie.com<br>jstarr@perkinscoie.com |
| James Sanders<br>PERKINS COIE LLP<br>Email:<br>JSanders@perkinscoie.com<br>RBecken@perkinscoie.com<br>docketsea@perkinscoie.com<br>jdavenport@perkinscoie.com | Shylah R. Alfonso<br>PERKINS COIE LLP<br>Email:<br>SAlfonso@perkinscoie.com<br>docketsea@perkinscoie.com | |

Attorneys for Mitsubishi Aircraft Corporation America Inc.

| | |
|---|---|
| Richard J. Omata<br>KARR TUTTLE CAMPBELL<br>Email: romata@karrtuttle.com<br>jnesbitt@karrtuttle.com<br>swatkins@karrtuttle.com | Mark A. Bailey<br>KARR TUTTLE CAMPBELL<br>Email: mbailey@karrtuttle.com<br>jsmith@karrtuttle.com<br>mmunhall@karrtuttle.com<br>sanderson@karrtuttle.com |

Attorneys for Aerospace Testing Engineering & Certification Inc., Michel Korwin-Szymanowski, Laurus Basson, and Cindy Dornéval

Daneil T. Hagen
KARR TUTTLE CAMPBELL
Email: dhagen@karrtuttle.com

                        s/ John D. Denkenberger
                        John D. Denkenberger, WSBA No.: 25,907
                        Brian F. McMahon, WSBA No.: 45,739
                        E. Lindsay Calkins, WSBA No.: 44,127
                        Christensen O'Connor Johnson Kindness[PLLC]
                        1201 Third Avenue, Suite 3600

BOMBARDIER INC.'S RESPONSE TO MITAC US'S MOTION TO SEAL (2:18-cv-01543-RAJ) - 10

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

1
2
3
4

Seattle, WA  98101-3029
Telephone:  206.682.8100
Fax:  206.224.0779
E-mail:  john.denkenberger@cojk.com,
brian.mcmahon@cojk.com,
lindsay.calkins@cojk.com, litdoc@cojk.com

5

*Attorneys for Plaintiff Bombardier Inc.*

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

BOMBARDIER INC.'S RESPONSE TO MITAC
US'S MOTION TO SEAL (2:18-cv-01543-RAJ) - 11

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100