# EXHIBIT A

| | |
|---|---|
| **From:** | Brian McMahon |
| **Sent:** | Friday, December 21, 2018 6:56 PM |
| **To:** | Riedinger, Jerry A. (Perkins Coie) |
| **Cc:** | Gaston, Mary Z. (Perkins Coie); Shultz, Mack H. (Perkins Coie); Sanders, James (Perkins Coie); Alfonso, Shylah R. (Perkins Coie); John Denkenberger; Lindsay Calkins; BMBD-6-3764 |
| **Subject:** | Re: Bombardier v. MITAC et al -- Motion to Seal |

We don't need the papers, Jerry, as I've stated expressly before.  Under LCR 5(g)(1), we have a duty to explore all alternatives to filing under seal.  We cannot confirm that we've met that requirement  if you continue to refuse us the opportunity to review and make an informed decision about whether your submission requires redaction.  We have tried to do this in the abstract, and for the reasons I've already articulated that approach is not workable.

Thanks very much,

Brian

Sent from my iPhone

> On Dec 21, 2018, at 6:45 PM, Riedinger, Jerry A. (Perkins Coie) <JRiedinger@perkinscoie.com> wrote:
>
> Brian, please let us know what in LCR 5(g) or our interim confidentiality agreement requires us to show you our papers before they are ready to be filed.  Is there anything?  Thanks.
>
> Jerry
>
> **Jerry A. Riedinger | Perkins Coie LLP**
> 1201 Third Avenue Suite 4900
> Seattle, WA 98101-3099
> Direct 206.359.8664
> Cell 425.985.9469
> Fax 206.359.9664
> Email JRiedinger@perkinscoie.com
>
> ---
>
> **From:** Brian McMahon <brian.mcmahon@cojk.com>
> **Sent:** Friday, December 21, 2018 6:41 PM
> **To:** Riedinger, Jerry A. (SEA) <JRiedinger@perkinscoie.com>
> **Cc:** Gaston, Mary Z. (SEA) <MGaston@perkinscoie.com>; Shultz, Mack H. (SEA) <MShultz@perkinscoie.com>; Sanders, James (SEA) <JSanders@perkinscoie.com>; Alfonso, Shylah R. (SEA) <SAlfonso@perkinscoie.com>; John Denkenberger <john.denkenberger@cojk.com>; Lindsay Calkins <Lindsay.Calkins@cojk.com>; BMBD-6-3764 <BMBD-6-3764@cojk.com>
> **Subject:** Re: Bombardier v. MITAC et al -- Motion to Seal
>
> Jerry,
> We are willing to meet, but meeting in advance of receiving the information you will be filing will not satisfy the meet and confer requirement prior to filing any motion (if one proves necessary).  We need to have the opportunity to review what you are seeking to file.  Again, we don't need to see the entire brief, but just those portions that discuss or reference the information we previously identified as confidential.

If we get this information, and a meeting still proves necessary, John and I can be available tomorrow to meet in person.

Thanks,
Brian


Sent from my iPhone

On Dec 21, 2018, at 6:16 PM, Riedinger, Jerry A. (Perkins Coie) <JRiedinger@perkinscoie.com> wrote:

> Brian, let's meet and talk about this – we'll try to provide explanations to help you decide. Please let us know when you are willing to talk.
>
> Jerry
>
> **Jerry A. Riedinger | Perkins Coie LLP**
> 1201 Third Avenue Suite 4900
> Seattle, WA 98101-3099
> Direct 206.359.8664
> Cell 425.985.9469
> Fax 206.359.9664
> Email JRiedinger@perkinscoie.com
>
> **From:** Brian McMahon <brian.mcmahon@cojk.com>
> **Sent:** Friday, December 21, 2018 5:52 PM
> **To:** Gaston, Mary Z. (SEA) <MGaston@perkinscoie.com>
> **Cc:** Riedinger, Jerry A. (SEA) <JRiedinger@perkinscoie.com>; Shultz, Mack H. (SEA) <MShultz@perkinscoie.com>; Sanders, James (SEA) <JSanders@perkinscoie.com>; Alfonso, Shylah R. (SEA) <SAlfonso@perkinscoie.com>; John Denkenberger <john.denkenberger@cojk.com>; Lindsay Calkins <Lindsay.Calkins@cojk.com>; BMBD-6-3764 <BMBD-6-3764@cojk.com>
> **Subject:** Re: Bombardier v. MITAC et al -- Motion to Seal
>
> Mary,
> I'm still unavailable, and John is in this same meeting. We are trying to prepare for trial in a different matter. Lindsay is out of the office for the holiday.
>
> With regard to proposal no. 1, what paragraph and page numbers are you referring to? I'm sorry if I've lost track, but I'm trying to do this from my cell phone.
>
> Re proposal 2, that's more problematic without knowing the content of your summaries. Whether a summary is sufficiently "high level" to not require redaction has to be done on a case-by-case basis, as the determination is inherently subjective.
>
> We would very much like to avoid burdening the Court with any disputed motions practice over this issue, and we think a stipulated motion if redactions are required is eminently achievable here—assuming one is even necessary. We are not looking for an advanced screening of your brief; we just need to have a better understanding of what you're proposing.
>
> With regard to excerpts quoted from the exhibits, we can't give you an answer until we know what you're quoting. I'm sorry we can't be more definitive on this. But if you identify the excerpts you intend to quote, we will get back to you as soon as we can.

2

I again apologize for any delay.  John and I are still meeting, but I am doing what I can to be responsive to your requests.  I think the most efficient way to proceed here is that you please provide us with sufficient information under LCR 5(g) so that we can give you an informed position regarding the need for any redactions.   Your general descriptions of what you intend to submit do not give us the information we need.

Thanks.
Sent from my iPhone

On Dec 21, 2018, at 4:14 PM, Gaston, Mary Z. (Perkins Coie) <MGaston@perkinscoie.com> wrote:

> Brian
>
> We are attempting to comply with Judge Jones' required procedures to minimize the number of documents and redactions filed under seal.  Let me try again to clarify:
>
> Regarding proposal no. 1 below, we will refer only to page numbers or paragraph numbers. We will describe only the information that is in the public domain.  Do you want these references to page numbers and paragraphs redacted?
>
> Regarding proposal no. 2 below, we will only generally summarize the Burns and Tidd exhibits, without providing detail (like Bombardier's explanations in the declarations of Burns and Tidd).  Do you want these general summaries redacted?
>
> Of course, we will sometimes quote or excerpt portions of the Burns and Tidd exhibits.  Do you want these excerpts redacted?
>
> The purpose of the meet-and-confer is to answer your questions and resolve whether you will agree that our briefs and declarations need not be redacted, and we need not file anything under seal.  If you agree that nothing needs to be redacted, we do not need a motion to seal and we will not need to have a meet-and-confer.  If you believe anything described above should be redacted, we must meet and confer.  We can still meet today.  If you are not available, then we can meet with John Denkenberger or Lindsay Calkin.
>
> Mary
>
> **Mary Gaston** | **Perkins Coie LLP**
> PARTNER
> 1201 Third Avenue Suite 4900
> Seattle, WA 98101-3099
> D. +1.206.359.3910
> F. +1.206.359.4910
> E. MGaston@perkinscoie.com
>
> > **From:** Brian McMahon <brian.mcmahon@cojk.com>
> > **Sent:** Friday, December 21, 2018 3:50 PM

3

**To:** Gaston, Mary Z. (SEA) <MGaston@perkinscoie.com>
**Cc:** Riedinger, Jerry A. (SEA) <JRiedinger@perkinscoie.com>; Shultz, Mack H. (SEA) <MShultz@perkinscoie.com>; Sanders, James (SEA) <JSanders@perkinscoie.com>; Alfonso, Shylah R. (SEA) <SAlfonso@perkinscoie.com>; John Denkenberger <john.denkenberger@cojk.com>; Lindsay Calkins <Lindsay.Calkins@cojk.com>; BMBD-6-3764 <BMBD-6-3764@cojk.com>
**Subject:** Re: Bombardier v. MITAC et al -- Motion to Seal

Mary,

Please provide the information in advance so that we can have time to assess your "summaries" and "references" before the meeting. Asking for the information in advance of the meeting, given that all parties have known about the terms of the interim agreement and rule 5(g)'s applicability since December 6, and given that you asked for an exception to those terms less than 48 hours ago, is not unreasonable and should not be unexpected.

I am still in the same meeting I referenced earlier, and I now have a follow-on meeting, so please excuse any delay to any subsequent correspondence.

Thank you.


Sent from my iPhone

On Dec 21, 2018, at 3:31 PM, Gaston, Mary Z. (Perkins Coie) <MGaston@perkinscoie.com> wrote:

> Brian,
>
> We would be happy to meet and confer today to provide you the additional information that you say you need to respond.
>
> Given that the filing is in one business day, and you only declined the proposal that we gave you at the meet and confer on Wednesday late yesterday, I do no think my request for a meet and confer this afternoon is either unreasonable or unexpected.
>
> Best regards,
>
> Mary
>
>
> On Dec 21, 2018, at 2:30 PM, Brian McMahon <brian.mcmahon@cojk.com> wrote:
>
>> Mary,

You're asking us to agree or disagree with your positions without sufficient information. Re: point 1, below, we obviously won't seek redaction of information that is publicly available, but it sounds like you will attempt to characterize the information from the exhibits as substantively the same as what is publicly available. Depending on the information you're targeting and how you will characterize it, that potentially could require redaction. We're not saying that it will, but we need to know more than what you're disclosing in your email below. Re: point 2, it's essentially the same problem--we can't assess the propriety of publicly filing your "summaries" until we see your summaries or at least have a better understanding of the level of specificity you intend to use in your summaries. As you can appreciate, detailed summaries can include disclosure of confidential information, so we have to know more before we can provide our position on whether redactions are required or unnecessary.

Given the foregoing, a meet-and-confer this afternoon seems premature. And in the future, we'd appreciate more than a couple of hours' notice to meet and confer on your issues. We've already accommodated a number of your demands to meet and confer with relatively little notice, but we cannot guarantee continued availability in all instances to meet and confer with the minimal notice you've been providing to date. We appreciate your understanding.

Thanks,
Brian

Brian F. McMahon
Member
Christensen O'Connor Johnson
Kindness PLLC
1201 Third Avenue, Suite 3600
Seattle, Washington 98101
Direct Dial: 206.695.1655

5

www.cojk.com
PRIVILEGED and CONFIDENTIAL. If you received this e-mail in error, please advise the sender and permanently delete the message, including all attachments, without copying or disclosing the contents. Thank you.

**From:** Gaston, Mary Z. (Perkins Coie) [mailto:MGaston@perkinscoie.com]
**Sent:** Friday, December 21, 2018 1:44 PM
**To:** Brian McMahon; Riedinger, Jerry A. (Perkins Coie)
**Cc:** Shultz, Mack H. (Perkins Coie); Sanders, James (Perkins Coie); Alfonso, Shylah R. (Perkins Coie); John Denkenberger; Lindsay Calkins; BMBD-6-3764
**Subject:** RE: Bombardier v. MITAC et al -- Motion to Seal

Dear Brian,

Thank you for your response.

For clarification we do not intend to file any of the Burns and Tidd exhibits, or any portion of them, as exhibits to our Dec. 26 filing.  Rather, there are two simple issues to resolve with regard to our filing:

1. We will file a responsive brief and supporting declarations <u>that reference specific pages of your Burns and Tidd exhibits, and/or reference statements/information in those pages</u>, to show that the same information is publicly available by providing the public source for the information referenced.  It is our position that such references are not required to be redacted from either our brief or our declarations notwithstanding the fact that you have blanketly designated the exhibits as Confidential Information.  (See Section 3 of the Interim Confidentiality Agreement).

    Please confirm your agreement

6

      that we may file such references without redaction, or otherwise advise of your position.

2. We will also be <u>generally summarizing the content of each exhibit</u> as a whole (much like Burns and Tidd's did in their declarations) for essentially the same purpose: demonstrating amongst other things that the information is publicly available.

   Please confirm your agreement that we may file such summaries without redaction, or otherwise advise of your position.

If you disagree with our position that these types of references and summaries do not need to be redacted, please let us know as soon as possible so that we may meet and confer this afternoon.

Last, if we end up deciding to include in our filings any actual illustrations or quotes from any the sealed documents, we will let you know by Dec. 23 so that you have sufficient time to advise us whether you will withdraw the CI designations or whether we need to meet and confer/move to seal/redact.

I look forward to your response.

Best regards,

Mary


**Mary Gaston** | **Perkins Coie LLP**
PARTNER
1201 Third Avenue Suite 4900
Seattle, WA 98101-3099
D. +1.206.359.3910
F. +1.206.359.4910
E. MGaston@perkinscoie.com

---

**From:** Brian McMahon <brian.mcmahon@cojk.com>

7

**Sent:** Thursday, December 20, 2018 4:58 PM
**To:** Riedinger, Jerry A. (SEA) <JRiedinger@perkinscoie.com>
**Cc:** Shultz, Mack H. (SEA) <MShultz@perkinscoie.com>; Gaston, Mary Z. (SEA) <MGaston@perkinscoie.com>; Sanders, James (SEA) <JSanders@perkinscoie.com>; Alfonso, Shylah R. (SEA) <SAlfonso@perkinscoie.com>; John Denkenberger <john.denkenberger@cojk.com>; Lindsay Calkins <Lindsay.Calkins@cojk.com>; BMBD-6-3764 <BMBD-6-3764@cojk.com>
**Subject:** RE: Bombardier v. MITAC et al -- Motion to Seal

Jerry,

I think we're better off under the circumstances with strictly complying with section 4.3 of the interim protective agreement, LCR 5(g), and our previous representations to the Court.  If you would please provide us with the language you intend to use in your papers in "discussing or referencing" the information we have previously identified as confidential, we will timely provide you our position as to whether we "will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted."  (Interim Agreement, at section 4.3.)  Provided you give us adequate notice and time to review your proposals, we will ensure you have our positions in sufficient time to timely file on December 26.

Thanks very much,
Brian

Brian F. McMahon
Member
Christensen O'Connor Johnson Kindness PLLC
1201 Third Avenue, Suite 3600
Seattle, Washington 98101

Direct Dial: 206.695.1655

www.cojk.com

PRIVILEGED and CONFIDENTIAL. If you received this e-mail in error, please advise the sender and permanently delete the message, including all attachments, without copying or disclosing the contents. Thank you.

---

**From:** Riedinger, Jerry A. (Perkins Coie) [mailto:JRiedinger@perkinscoie.com]
**Sent:** Thursday, December 20, 2018 11:12 AM
**To:** Brian McMahon
**Cc:** Shultz, Mack H. (Perkins Coie); Gaston, Mary Z. (Perkins Coie); Sanders, James (Perkins Coie); Alfonso, Shylah R. (Perkins Coie); John Denkenberger; Lindsay Calkins; BMBD-6-3764
**Subject:** Bombardier v. MITAC et al -- Motion to Seal

Brian,

We have not heard from you regarding our suggested method of handling next Wednesday's filing by MITAC America, which will include documents and information Bombardier contends is confidential.  As we discussed on Tuesday, we suggest serving our PI opposition brief on Wednesday, with exhibits and declarations, but not immediately filing the papers.  That will allow you to identify the portions that you believe should be redacted before we file them with the court.

We suggest you tell us on Thursday the portions of our materials you believe require redaction.  We would then discuss and have a joint call with the court clerk.  The plan would be to thereafter file the redacted version with the corresponding motion to seal.  Of course, to do this, you will need to re-note the motion so that we can just serve you on the 26th and file on Thursday after we have worked out the redactions.  Please let us know your response.

Thanks,

Jerry

9

**Jerry A. Riedinger | Perkins Coie LLP**
1201 Third Avenue Suite 4900
Seattle, WA 98101-3099
Direct 206.359.8664
Cell 425.985.9469
Fax 206.359.9664
Email JRiedinger@perkinscoie.com

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.

NOTICE: This communication may contain privileged or other confidential information. If you have received it in error, please advise the sender by reply email and immediately delete the message and any attachments without copying or disclosing the contents. Thank you.