The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BOMBARDIER, INC.,

    Plaintiff,

v.

MITSUBISHI AIRCRAFT CORPORATION, et al.,

    Defendants.

NO. 2:18-cv-1543JLR

AEROTEC DEFENDANTS' REPLY TO BOMBARDIER'S RESPONSE TO AEROTEC'S MOTION TO SEAL

Noted on Motion Calendar:
January 18, 2019

After forcing the AeroTEC Defendants to meet and confer, and insisting that they file a motion to seal, a redacted preliminary injunction opposition brief, and the Declarations of Laurus Basson and Cindy Dornéval under seal in their entirety, Plaintiff now concedes in its Response that the redactions and sealed filings were not warranted, with the minor exception of two innocuous sentences of Basson's Declaration (the "Basson Redactions"). The fact that Plaintiff now back-pedals and withdraws its baseless demands is not surprising, as the sealed information is so obviously not confidential or sensitive that the AeroTEC Defendants predicted Plaintiff would be unable to rationally justify their designations. What is surprising is that Plaintiff asserted its original position at all. The AeroTEC Defendants submit that even the newly proposed Basson Redactions are unwarranted, and the entire Basson Declaration should be unsealed and made

AEROTEC'S REPLY RE MOTION TO SEAL- 1
(Case No. 2:18-cv-01543 RAJ)
#1221880 v1 / 45898-028

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

available for public view.

### 1. Plaintiff's Initial Redaction Demands Were Unwarranted.

In this case, Plaintiff accuses the AeroTEC Defendants of misappropriating trade secret documents. The allegations have been reported in the news and are damaging to AeroTEC Defendants' reputation. The AeroTEC Defendants continue to assert that none of the documents contain any trade secret information, and the Basson and Dornéval Declarations explain why. They nonetheless acquiesced to Plaintiff's insistence that the Basson and Dornéval Declaration be filed under seal just because they mentioned the documents. As confirmed by Plaintiff's Response, there was no reasonable basis for Plaintiff's position. Plaintiff now concedes that the entire Dornéval Declaration can be unsealed, along with everything but two sentences in the Basson Declaration.

Plaintiff's now-withdrawn but still absurd demands for redaction are representative of its exaggerated position, which appears to be that practically *everything* related to Plaintiff is a trade secret. To sharpen this point, below is a list of the portions from the AeroTEC Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction, which Plaintiff claimed to require redactions because they constituted "trade secrets":

- "The documents, filed under seal as Exhibits A and B to the Declaration of Daniel Burns, were drafts of a presentation Basson had been working on to present Bombardier's proposed certification of the Global 7000/8000 aircraft's Skew Detection System to Canada's aircraft regulatory agency, Transport Canada Civil Aviation ("TCCA"). Basson Decl., ¶ 12." Dkt. # 61 at 4-5.

- "Bombardier's SDS technology is generic, and would have no value or relevance to the design or certification of the MRJ, which uses a completely different skew system. *Id.* at 22. This is confirmed by experts retained by MITAC-A. *See* the Declaration of Robert John Hansman Jr., ¶ 44 and the Declaration of Stephen Boyd, ¶ 64." *Id.* at 5.

- "*See* Complaint Exhibits O and Q." *Id.* at 6.

- "The November 2016 email had two identical Flight Test Procedure documents attached. *See* Complaint Exh. O." *Id.*

- "Bombardier's cruise performance procedures (comprising 5 pages of the document) had recently changed, and Dornéval wanted to study them to prepare for the test flight." *Id.*

AEROTEC'S REPLY RE MOTION TO SEAL- 2
(Case No. 2:18-cv-01543 RAJ)
#1221880 v1 / 45898-028

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

- "Moreover, as with the other Documents, the test points and flight conditions information contained in the two documents were specific to the CSeries aircraft, and inapplicable to the MRJ or any other aircraft. *Id.*; *see also* Boyd Decl., ¶ 68; Hansman Decl. ¶54 (the information is specific to Bombardier's plane and not useful or at best insignificant to certification of the MRJ)." *Id.*

- "Computerized Airplane Flight Manual (CAFM) calculation methodology saved as "BM7002.02.15.02 – Flight Performance.pdf." *Id.*

- A reference to the Tidd Declaration's Exhibit "A." *Id.*

- "The equations and information are generic, applicable to any aircraft design, commonly known to aircraft engineers, and publicly available. *Id.*; Hansman Decl., ¶¶ 40, 43; Boyd Decl., ¶ 69. That version of the CAFM methodology did not contain any updates of information specific to the CSeries aircraft, which did not exist in 2007. *Id.*; Hansman Decl., ¶¶ 43, 54; Boyd Decl., ¶ 69." *Id.*

- A reference to the Complaint's Exhibit "Q." *Id.* at 7.

- A reference to "Boyd Decl, ¶¶ 65-67; Hansman Decl. ¶¶ 25, 52-54." *Id.*

- "For example, the Flight Test Procedures document Dornéval emailed to herself in November 2016 (Burns Decl., Exhs. I & J), broadly outlines generic test check points that flight test personnel would evaluate for CSeries flight tests. Hansman Decl., ¶ 52. The document is largely a form, however, with blanks for specific results to be completed during the flight tests." *Id.* at 12-13.

- "It has no application to other aircraft, and would not have given any competitive advantage to the defendants working on MRJ flight tests. Hansman Decl., ¶ 52; Boyd Decl., ¶ 68." *Id.* at 13.

- "CAFM Methodology (Tidd Decl., Exh. A)". *Id.*

- "The information is not specific to Bombardier or the CSeries. Hansman Decl., ¶¶ 50, 43; Boyd Decl., ¶ 68." *Id.*

- A reference to "Hansman Decl., ¶ 39; Boyd Decl., ¶¶ 43." *Id.*

- "While the Boyd Declaration at paragraph 55 acknowledges that specific algorithms and computational approaches in the CAFM *software* might be confidential, the version in the zip file attached to Dornéval's February 2017 email was a .pdf copy only. (Complaint, Exh. Q, page 2 of 9)." *Id.* at 13 fn. 8.

As is immediately clear from even a cursory reading of the above, *none* of the text Plaintiff specifically demanded be redacted can reasonably be viewed as sensitive or confidential. The demanded redactions include legal arguments, publicly available information (including from

AEROTEC'S REPLY RE MOTION TO SEAL- 3
(Case No. 2:18-cv-01543 RAJ)
#1221880 v1 / 45898-028

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

Plaintiff's own filings), and perhaps most perplexingly, mere references to other documents or even single exhibit letters. Plaintiff now appears to admit it. There is no excuse for demanding the AeroTEC Defendants file an unnecessary motion to seal at their own expense. Plaintiff's efforts to ensure the AeroTEC Defendants' opposition brief was peppered with random redactions has more to do with bolstering their case for trade secret misappropriation in the eyes of the public than it does protecting such alleged secrets.

### 2. The Two Sentences Plaintiff Now Claims Should be Redacted are Not Confidential or Sensitive in Any Way.

Realizing it would be unable to rationally justify their designations in the face of strong opposition, Plaintiff has now backed off from all but one of their demands. Trying to save face, Plaintiff insists that two sentences in Basson's Declaration still merit redaction. Plaintiff has failed to meet its burden of overcoming the strong presumption of public access.

Plaintiff claims it need only establish "good cause" for its designations because its preliminary injunction motion is non-dispositive, and not "compelling reasons" as required for dispositive motions, citing *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006). But the Ninth Circuit has disapproved of this "'binary' approach based on 'mechanical classifications[.]'" *Cohen v. Trump*, No. 13-cv-2519-GPC-WVG, 2016 U.S. Dist. LEXIS 69985, at *10 (S.D. Cal. May 27, 2016), citing *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1098 (9th Cir. 2016). The Ninth Circuit has departed from the rigid reasoning of *Kamakana*, and now requires analysis of whether information is "tangentially related to the underlying cause of action." *Id.* at *9. Because the AeroTEC Defendants' preliminary injunction opposition is "strongly correlative to the merits of a case," they are not "tangential," and thus, the higher standard of "compelling reasons" applies to this dispute.

Under the compelling reasons test, "a strong presumption in favor of [public] access is the starting point." *Cohen*, 2016 U.S. Dist. LEXIS 69985, at *11. "A party seeking to seal a judicial record . . . bears the burden of overcoming this presumption by . . . articulat[ing] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and

AEROTEC'S REPLY RE MOTION TO SEAL- 4
(Case No. 2:18-cv-01543 RAJ)
#1221880 v1 / 45898-028

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

the public policies favoring disclosure." *Id.* "[B]lanket assertions as to why disputed materials constitute trade secrets" are not good enough. *Id.* at *16.

Plaintiff seeks redaction of a preliminary injunction opposition declaration due to the alleged threat of trade secrets within the Basson Redactions being revealed to the public. This cuts to the heart of this litigation, because the AeroTEC Defendants assert that the documents at issue contain no such trade secrets. The Basson Redactions appear random and arbitrary. The only reasons given for the redaction are that the information is not "publicly available," that "Basson was aware of it only through his employment," and it is "self-evidently proprietary." None of these alleged facts, even if true, constitute "good cause" or "compelling reasons" for the Basson Redactions.

The first sentence of the Basson Redactions relates to a simple fact that it is public knowledge. *See e.g.*, FAA Order 8110.4C, Type Certification ("All [Type Certificate] applicants are required to submit a certification plan to the FAA and to keep it current throughout the project").[1] The second redacted sentence contains no design details of any kind. In fact, the sentences immediately following the Basson Redactions explicitly mention essentially the same facts, yet Plaintiff has not demanded their redaction. The claim that the Basson Redactions contain sensitive or proprietary information strains credulity, and is as unwarranted as the other demands for redaction originally made by Plaintiff. Once again, the random and inexplicable demand to shield the Basson Redactions from public view appears to be more of a face saving maneuver than a serious concern, and the Court should reject it as such.

Pursuant to Plaintiff's consent, this Court should unseal the AeroTEC Defendant's unredacted preliminary injunction opposition (Dkt. # 61), the Dornéval Declaration and Exhibits (Dkt. # 64), and Exhibit C to the Basson Declaration (Dkt. # 63). And because Plaintiff has failed to establish the propriety of the Basson Redactions, the Court should also unseal the unredacted Basson Declaration and attached exhibits (Dkt. # 62). Plaintiff's arguments to shield the innocuous statements in the Basson Redactions from public access are unreasonable and meritless. All of the

---

[1] *See* https://www.faa.gov/documentLibrary/media/Order/FAA_Order_8110_4C_Chg_6.pdf, at p.21.

AEROTEC'S REPLY RE MOTION TO SEAL- 5
(Case No. 2:18-cv-01543 RAJ)
#1221880 v1 / 45898-028

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

1 AeroTEC Defendant's sealed filings should be unsealed without redaction in their entirety.

Dated this 18th day of January, 2019.

**KARR TUTTLE CAMPBELL**
*Attorneys for Defendants AeroTEC, Basson, Dornéval and Korwin-Szymanowski*

*/s/ Richard J. Omata*
*/s/ Mark A. Bailey*
Richard J. Omata, WSBA #7032
Mark A. Bailey, WSBA #26337
701 Fifth Avenue, Suite 3300
Seattle, WA 98104
Phone: 206-223-1313
Fax: 206-682-7100
Email: romata@karrtuttle.com
       mbailey@karrtuttle.com

AEROTEC'S REPLY RE MOTION TO SEAL- 6
(Case No. 2:18-cv-01543 RAJ)
#1221880 v1 / 45898-028

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100

CERTIFICATE OF SERVICE

I, Sherelyn Anderson, affirm and state that I am employed by Karr Tuttle Campbell in King County, in the State of Washington. I am over the age of 18 and not a party to the within action. My business address is: 701 Fifth Avenue, Suite 3300, Seattle, Washington 98104. On this day, I electronically filed the foregoing AeroTEC Defendants' Reply to Bombardier's Response to Aerotec's Motion to Seal with the Clerk of the Court and caused it to be served upon the below counsel of record using the CM/ECF system.

| | |
|---|---|
| Brian F. McMahon, WSBA #45739<br>Erin L. Calkins, WSBA #44127<br>John D. Denkenberger, WSBA #25907<br>Christensen O'Connor Johnson & Kindness<br>1201 Third Avenue, Suite 3600<br>Seattle, WA 98101-3029<br>Phone: 206-682-8100<br>Fax: 206-224-0779<br>Email: brian.mcmahon@cojk.com<br>         lindsay.calkins@cojk.com<br>         denkenj@cojk.com<br>*Attorneys for Plaintiff* | Jerry A. Riedinger, WSBA #25828<br>Mack H. Shultz, Jr., WSBA #27190<br>James Sanders, WSBA #24565<br>Mary Z. Gaston, WSBA #27258<br>Shylah R. Alfonso, WSBA #33138<br>Perkins Coie LLP<br>1201 3rd Avenue, Suite 4900<br>Seattle, WA 98101-3099<br>Phone: 206-359-8000<br>Fax: 206-359-9000<br>Email: jriedinger@perkinscoie.com<br>         mshultz@perkinscoie.com<br>         jsanders@perkinscoie.com<br>         mgaston@perkinscoie.com<br>         salfonso@perkinscoie.com<br>*Attorneys for Mitsubishi Aircraft Corporation America, Inc.* |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, to the best of my knowledge.

Dated this 18th day of January, 2019, at Seattle, Washington.

                                  */s/ Sherelyn Anderson*
                                  Sherelyn Anderson
                                  Litigation Legal Assistant

AEROTEC'S REPLY RE MOTION TO SEAL- 7
(Case No. 2:18-cv-01543 RAJ)
#1221880 v1 / 45898-028

KARR TUTTLE CAMPBELL
701 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Main: (206) 223 1313
Fax: (206) 682 7100