THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOMBARDIER INC., <br><br> Plaintiff, <br><br> v. <br><br> MITSUBISHI AIRCRAFT CORPORATION, MITSUBISHI AIRCRAFT CORPORATION AMERICA INC., et al., <br><br> Defendants. | No. 2:18-cv-1543 JLR <br><br> DEFENDANT MITSUBISHI AIRCRAFT CORPORATION AMERICA, INC.'S REPLY IN SUPPORT OF ITS MOTION TO FILE UNDER SEAL ITS OPPOSITION TO BOMBARDIER'S MOTION FOR PRELIMINARY INJUNCTION AND SUPPORTING MATERIALS THERETO <br><br> NOTE ON MOTION CALENDAR: <br> Friday, January 18, 2019 |

MITAC AMERICA'S REPLY ISO ITS MOTION TO FILE UNDER SEAL (No. 18-cv-1543 JLR)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

This briefing was caused by Bombardier taking the extraordinary position that the majority of evidence supporting MITAC America's opposition to Bombardier's requested preliminary injunction—*consisting of admittedly public documents*—needed to be sealed. That robust evidence countering Bombardier's public accusations of theft and trade secret misappropriation, filed under seal on December 27, 2018, remains hidden from the public to this day. Bombardier has withdrawn some of the inappropriate redactions. But not all. Bombardier's request that the Court seal hundreds of pages of information readily available on the Internet should be denied because the justification it provides falls far short of the compelling reason required to keep this information secret under Ninth Circuit law and the local rules.

## I. BOMBARDIER ADMITS ITS PURPORTED "TRADE SECRETS" ARE COMPRISED OF PUBLIC INFORMATION.

As a preliminary matter, and though the case is barely underway, the justification for its request to seal hundreds of pages of public documents exemplifies the shifting-sands approach Bombardier has taken in this case.[1] In response to MITAC America's strong showing that the purported trade secrets at issue are available publicly, Bombardier concedes it wants public information sealed but justifies its position by contending, for the first time, that its trade secrets are compilations of public information. Bombardier thus essentially *admits* that it seeks to enjoin use of alleged "secrets" that are comprised of public information. (*See, e.g.*, Dkt. 98 at 4 ("Assuming MITAC America's allegation to be true, filing its papers publicly without redaction would therefore eviscerate any competitive advantage Bombardier could derive from *its compilation of publicly available information*." (emphasis added)); 5 ("Public disclosure of that information prior to trial will deny Bombardier the opportunity to prove the value derived from keeping that compilation of *publicly available information* secret." (emphasis added).)[2]

---

[1] *See, e.g.,* Bombardier's evolving request for injunction relief (Dkt. 71 at 9; Dkt. 76, Ex. A), moving target number of documents at issue (Dkt. 71 at 1, n.1; Dkt. 76, Ex. C), and new alter ego and vicarious liability theories. (Dkt. 96 at 7-8).

[2] *See also id.* ("The value in Bombardier's trade secret information lies not only in the proprietary information contained in the documents at issue that are not readily ascertainable by public means, but also in the

MITAC AMERICA'S REPLY ISO ITS MOTION TO FILE UNDER SEAL (No. 18-cv-1543 JLR) – 1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Merely invoking a theory that its trade secrets are compilations of public information does not eliminate Bombardier's burden of establishing a compelling reason for each redaction and each document it seeks to file under seal, especially when its requests include hiding admittedly public information. Bombardier's inability to demonstrate a compelling need is fatal to its request.

## II. BOMBARDIER DISREGARDS THE REQUIREMENTS TO FILE UNDER SEAL, INCLUDING IDENTIFICATION OF THE UNDERLYING TRADE SECRETS.

Bombardier's argument starts out flawed as it is predicated on the more lenient "good cause" standard. (Dkt. 98 at 3.) In fact, the "compelling reasons" standard governs Bombardier's attempt to seal the evidence relied on by MITAC America to defend itself against Bombardier's request for the extraordinary remedy of a preliminary injunction. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016). "Under this stringent standard, a court may seal records only when it finds a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1096-97 (internal quotation omitted). Bombardier presents no evidence of a compelling reason to seal here. Nor could it.

Under the relevant rules, Bombardier was required to show for each proposed redaction or request to seal a document, "'compelling reasons' sufficient to outweigh the public's interest in disclosure," *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006), and explain (1) the legitimate private or public interests that warrant the relief sought; (2) the injury that will result if relief is not granted; and (3) why a less restrictive alternative to the relief sought is not sufficient, LCR 5(g)(3)(B). Bombardier fails on several levels. It starts with Bombardier's failure at the outset of this lawsuit to *first* identify *what* in the eleven documents allegedly stolen is allegedly a trade secret. Instead, with its Complaint, Bombardier filed these eleven documents under seal in their entirety, rather than only *those portions* of those documents that allegedly reflect its purported trade secrets (or for which there was another compelling reason to seal). (*See* Dkt. 31 at 6-7 (MITAC America's Opposition to Bombardier's Motion to Seal the entirety of the

---

fact that certain specified *publicly available information* was used by Bombardier with success for certification purposes.") (emphasis altered).

MITAC AMERICA'S REPLY ISO ITS
MOTION TO FILE UNDER SEAL (No. 18-cv-1543 JLR) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1  documents purportedly containing the trade secrets).) Despite LCR 5(g)(4)'s requirement to
2  minimize sealing, Bombardier filed hundreds of pages under seal, including information that it
3  later admitted was not a trade secret. (*See, e.g.*, Dkt. 99-4 ¶ 30 (Bombardier agreeing to unseal
4  schematic from Burns Exhibit A).) To this day, Bombardier has still not identified (let alone
5  proffered any evidence to support) what within the eleven documents it contends is a trade secret.
6  *See Digital Mentor, Inc. v. Ovivo USA, LLC*, No. C17-1935-RAJ, 2018 WL 6724765, at *7 (W.D.
7  Wash. Dec. 21, 2018) (recognizing that plaintiff must sufficiently *identify* alleged trade secrets and
8  show they exist even under a "compilation" theory).

9        Bombardier now compounds its original error by apparently claiming that any references
10 to, or evidence that relates to, the subject matter of *anything* in those eleven documents must *also*
11 be filed under seal. And, when MITAC America pointed out that the eleven documents are full
12 of public information, Bombardier argued, for the first time in this case, that a compilation of
13 public information could be a trade secret (still without identifying the supposed compilation
14 within the eleven documents that it contends is a trade secret). Bombardier cites no law to
15 support its contention that because it invoked a compilation-of-public-information theory, the
16 Court must seal hundreds of pages of publicly available documents that simply *relate to*
17 information in documents that supposedly contain trade secrets. To be clear, Bombardier is
18 asking to seal public documents that were produced and filed by the party defending itself, not
19 ones that Bombardier "compiled" (*see, e.g.*, Exs. J, K, O, and T to Boyd Declaration). While
20 ironically Bombardier suggests the "injury that will result if the relief sought is not granted" is a
21 potential "slippery slope" whereby MITAC America might "continue its piecemeal disclosures
22 of Bombardier's compilation of publicly available information" (Dkt. 98 at 6), the real risk of a
23 "slippery slope" here is that MITAC America will be forced to defend itself from public
24 accusations of wrongdoing essentially in private, as Bombardier now apparently contends that
25 nearly everything in the public domain relating to aircraft performance or certification must be
26 sealed if it so much as cites an equation or regulation that is in one of the eleven documents.

MITAC AMERICA'S REPLY ISO ITS
MOTION TO FILE UNDER SEAL (No. 18-
cv-1543 JLR) – 3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

A closer look at the specific information Bombardier wants redacted underscores the indefensibility of Bombardier's position and, correspondingly, the lack of a compelling reason to seal. Bombardier requests that MITAC America redact sentences from its brief that reference a NASA document, a 660-page textbook, and another manufacturer's technical manual. (Dkt. 99-2 at 4-5.) Bombardier claims that revealing these generic references "would inform the public that these texts have information *relied upon successfully by Bombardier to certify its aircraft . . . .*" (Dkt. 98 at 5-6) (emphasis in original). Bombardier's argument does not pass muster.

First, the argument is misleading as it suggests that Bombardier relied upon the NASA document and 660-page textbook to certify its aircraft. To the contrary, these references are not cited in the eleven documents. Rather, they were identified as relevant by MITAC America's experts. To summarize: Bombardier is requesting that the Court order references to public documents identified by MITAC America redacted from MITAC America's Response brief simply because those references contain information that is allegedly related to the substance of the still-unidentified trade secrets, based on Bombardier's unsupported assertion that its (unidentified) trade secrets consist of the compilation of (unidentified) public information.[3] This proposition is on its face remarkable and, not surprisingly, unsupported by law. Second, and also glaring, is the unsupported assumption upon which this argument is premised: that someone armed with knowledge of the title of a 660-page textbook or a passing reference to a NASA document or another manufacturer's manual could somehow decipher not only what particular nuggets within those reference materials were relied on by Bombardier to certify an aircraft, but also how it relied on them. Bombardier's argument is not supported by the law or the evidence.

For similar reasons, the Court should decline to seal the publicly available Exhibits J, K, O, S, and T to the Boyd Declaration and the corresponding references to the exhibits in the

---

[3] Equally flawed is Bombardier's request to redact the generic reference to another aerospace manufacturer's "Technical Manual" in MITAC America's brief, which does not even specify the particular technical manual cited in Bombardier's purported trade secret documents. It is also suspicious (and not at all explained) that Bombardier appears to be claiming that another aerospace manufacturer's manual is part of its top-secret "compilation."

MITAC AMERICA'S REPLY ISO ITS
MOTION TO FILE UNDER SEAL (No. 18-
cv-1543 JLR) – 4

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

declaration itself. (*See* Dkt. 99-3 ¶¶ 60, 65d, 67d (Bombardier's proposed redactions).) These exhibits are publicly available documents relating to air-speed calibration and pressure-sensor error. It is no secret that the eleven documents touch on these topics; Bombardier's publicly filed Burns Declaration says as much. (*See, e.g.*, Dkt. 5 ¶¶ 11, 16.) Bombardier cites no declaration to explain how and why revealing these five exhibits would risk revealing a purported, but unidentified, trade secret.[4] Similarly, the fact that Exhibit 7 to the Hansman Declaration discloses that Bombardier's allegedly secret documents comprise information found in textbooks and governing regulations is hardly a "compelling reason" to hide Dr. Hansman's analysis from the public.[5] Finally, as to the remaining proposed redactions to MITAC America's expert declarations, Bombardier has not identified what about those proposed redactions might reveal a "trade secret," nor could it until it first identifies the "trade secrets" allegedly being protected. Until Bombardier makes the proper showing, the Court should reject all of Bombardier's proposed redactions[6] and require Bombardier to first identify the purported "trade secrets" at issue in the eleven documents, and then demonstrate a compelling reason why sealing each proposed document and making each proposed redaction is needed to protect such secrets.

### III.  BOMBARDIER'S COMPILATION THEORY IS FUNDAMENTALLY FLAWED.

A final error permeates Bombardier's entire analysis. While citing cases that stand for the uncontroversial proposition that compilations may achieve trade secret status in limited instances (*see* Dkt. 98 at 3), Bombardier suggests that mere invocation of a compilation theory satisfies its burden. It does not. The word "compilation" is not a talisman that converts any public materials

---

[4] Bombardier quotes and cites the Burns Declaration to suggest its trade secrets will be exposed if this already publicly available information is made public in this case. (*See* Dkt. 98 at 4 (citing Burns Decl., Dkt. 5 ¶ 12).) Burns does not support that argument. Rather, Burns only acknowledges two of the documents contain public information. (*See id.*). That the previously filed declarations do not support Bombardier's current position is unsurprising given that this is the first instance Bombardier has claimed it has trade secrets consisting of the compilation of public information.

[5] Boyd notes only that Exhibit S is referenced in Bombardier's purportedly secret documents (Burns Decl. Exs. D and G), but he reveals nothing substantive about the contents of Bombardier's materials. (*See* Dkt. 77 ¶ 65d.)

[6] To the extent anything is redacted, it should be limited to the experts' quotations of the content of the eleven documents, and only after the trade secrets in those documents are identified and a compelling need is shown.

MITAC AMERICA'S REPLY ISO ITS
MOTION TO FILE UNDER SEAL (No. 18-
cv-1543 JLR) – 5

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

related to information in a document alleged to contain trade secrets into information that must be shielded from the public. These cases—not previously cited in any other Bombardier briefing, including its earlier briefing on its first Motion to Seal (*see* Dkts. 3, 37)[7]—merely recognize that a "compilation" can be a trade secret. However, they *do not* stand for the proposition that just because something is a compilation it is therefore a trade secret. Thus, while the many flaws in Bombardier's new theory are a dispute for another day, Bombardier's reliance on the theory to justify sealing public records here reveals a basic misunderstanding of the theory.

If Bombardier wanted to rely on a compilation theory, it needed to support its request to seal by showing its supposed compilation of public information is a protectable trade secret, including by showing that the compilation is a secret and the information therein is not "'readily ascertainable by proper means from some other source, including the product itself." *Boeing Co. v. Sierracin Corp.*, 108 Wash. 2d 38, 49-50 (1987) (quoting RCW 19.108.010(4)(a)). No such evidence is present here; rather, the evidence is to the contrary. For example, where Bombardier itself has publicly disclosed that some of its purported trade secrets relate to aircraft performance calculation methodologies (*see* Dkt. 7 ¶¶ 2-7), it cannot thereafter establish a compelling reason to redact MITAC America's identification of textbooks that discuss methods for calculating aircraft performance—references that would be readily available to any person with a library card interested in such calculations. *See, e.g.*, *Health Care Mgmt. Consulting, Inc. v. McCombes*, 661 So. 2d 1223 (Fla. Ct. App. 1995) (holding methodology of interpreting regulations was not protectable trade secret because information was "readily ascertainable" through researching the Code of Federal Regulations).[8] For these reasons, the requested sealing should be denied.

---

[7] Bombardier cited *Boeing* at Dkt. 91 at 16, but for its discussion of preemption.
[8] The failure to make such a showing is fatal to a compilation theory. *Keystone Fruit Mktg., Inc. v. Brownfield*, No. CV05-5087-RHW, 2006 WL 1873800, at *7 (E.D. Wash. 2006) (finding customer list to be "readily available" and thus rejecting compilation trade secret theory); *State ex. rel. The Plain Dealer v. Ohio Dept. of Ins.*, 687 N.E.2d 661, 675 (Ohio 1997) (finding insurer's compilation was not protectable trade secret where some information might not have been in the "public domain," but other information in the compilation was); *see also Cosmopolitan Imports, LLC v. Pac. Funds, LLC*, 145 Wash. App. 1047 (2008) (unpublished) (finding no compilation trade secret where the "underlying information is in the public domain and the end product of the information is unoriginal or may be independently created through proper means, even after much effort . . . .").

MITAC AMERICA'S REPLY ISO ITS
MOTION TO FILE UNDER SEAL (No. 18-
cv-1543 JLR) – 6

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1  DATED this 18th day of January 2019.

2                                                  */s/ Mary Z. Gaston*
3                                                  Jerry A. Riedinger, WSBA No. 25828
   Mack H. Shultz, WSBA No. 27190
4  James Sanders, WSBA No. 24565
   Mary Z. Gaston, WSBA No. 27258
5  Shylah R. Alfonso, WSBA No. 33138
6  **Perkins Coie LLP**
   1201 Third Avenue, Suite 4900
7  Seattle, WA 98101-3099
   Telephone: 206.359.8000
8  Facsimile: 206.359.9000
   E-mail: JRiedinger@perkinscoie.com
9  E-mail: MShultz@perkinscoie.com
   E-mail: JSanders@perkinscoie.com
10 E-mail: MGaston@perkinscoie.com
   E-mail: SAlfonso@perkinscoie.com
11

12 Attorneys for Defendant Mitsubishi Aircraft
   Corporation America, Inc.
13

14

15

16

17

18

19

20

21

22

23

24

25

26

MITAC AMERICA'S REPLY ISO ITS MOTION TO FILE UNDER SEAL (No. 18-cv-1543 JLR) – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that on January 18, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses indicated on the Court's Electronic Mail Notice List.

DATED this 18th day of January 2019.

*/s/ Mary Z. Gaston*
Mary Z. Gaston, WSBA No. 27258
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
E-mail: MGaston@perkinscoie.com

CERTIFICATE OF SERVICE
(No. 18-cv-1543 RAJ) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000