Honorable Judge James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| BOMBARDIER INC., <br><br>  Plaintiff, <br><br> v. <br><br> MITSUBISHI AIRCRAFT CORPORATION, MITSUBISHI AIRCRAFT CORPORATION AMERICA INC., AEROSPACE TESTING ENGINEERING & CERTIFICATION INC., MICHEL KORWIN-SZYMANOWSKI, LAURUS BASSON, MARC-ANTOINE DELARCHE, CINDY DORNÉVAL, KEITH AYRE, AND JOHN AND/OR JANE DOES 1-88, <br><br> Defendants. | No. 2:18-cv-01543-JLR <br><br> JOINT SUBMISSION RE: PROPOSED PROTECTIVE ORDER |

Per the Court's instructions of January 17, 2019, Plaintiff Bombardier Inc. ("Bombardier") and all Defendants who have been served—Mitsubishi Aircraft Corporation America, Inc. ("MITAC America"), Aerospace Testing Engineering & Certification Inc. ("AeroTEC"), Michel Korwin-Szymanowski ("Korwin-Szymanowski"), Laurus Basson ("Basson") and Cindy Dornéval ("Dornéval")—(collectively, "the Parties") submit this Joint Submission Re: Proposed Protective Order. The Parties were "directed to file a stipulated protection order no later than noon on Friday, 1/25/19" (Minute Entry, Dkt. No. 101). The Parties have conferred repeatedly and in good faith and reached agreement on all but one

JOINT SUBMISSION RE: PROPOSED
PROTECTIVE ORDER (2:18-cv-01543-JLR) - 1

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

provision of a stipulated protective order. The Parties now respectfully request this Court's assistance to finalize that one provision that remains in dispute among the parties.

Attached hereto as Exhibit A is the proposed stipulated protective order negotiated among the Moving Parties to date.[1] The only section that remains in dispute concerns the manner and extent to which material designated "ATTORNEYS' EYES ONLY" ("AEO") can be shared with in-house counsel and/or other corporate designees (Paragraph 4.2(h)). The parties' respective proposals on the issue are set forth in Exhibit A's Paragraphs 4.2(h)[Defendants' Proposal] and 4.2(h)[Plaintiff's Proposal]. The arguments supporting the parties' positions are set forth below. The Moving Parties respectfully request that the Court decide the dispute among the parties and enter a protective order consistent with its decision.

Plaintiff's Position:

Because this is a trade secret case, discovery inevitably will involve the exchange of what Bombardier considers to be trade secret information. The Moving Parties agree that trade secret information may be designated as AEO, and Bombardier seeks only to ensure that AEO-designated information is treated with sufficient care to safeguard the secrecy of that information. *See* 18 U.S.C. § 1839(3) (requiring the owner of a trade secret to "take[] reasonable measures to keep such information secret"). Bombardier's obligation to safeguard its trade secrets obviously does not end when litigation begins, and as such Bombardier cannot stipulate to the proposal Defendants proffer.

Bombardier seeks only reasonable restrictions under Ninth Circuit law concerning the dissemination of AEO information in a trade secret case. Its proposal includes disclosure of AEO-designated information to four in-house counsel not involved in competitive decision making or aircraft certification activities, who are not advising unserved Defendants in this case, and where that information is subject to a motion to seal. This is eminently reasonable under the circumstances, particularly where a Court may require "that a trade secret or other

---

[1] Also attached hereto, as Exhibit B, is the redline version of Exhibit A identifying the departures from the Court's Model Protective Order.

JOINT SUBMISSION RE: PROPOSED
PROTECTIVE ORDER (2:18-cv-01543-JLR) - 2

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

1  confidential research, development, or commercial information not be revealed or be revealed
2  only in a specified way." *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th
3  Cir. 1992).  Proper review of a protective order in a trade secrets case "requires the district
4  court to examine factually all the risks and safeguards surrounding inadvertent disclosure by
5  any counsel, whether in-house or retained. Further, the nature of the claims and of a party's
6  opportunity to develop its case through alternative discovery procedures factors into decisions
7  on the propriety of such protective orders." *Id.*

8  Absent compelling reasons or actual prejudice, a corporate attorney of a defendant in a
9  trade secret dispute is not permitted to view documents marked "AEO" when such counsel is
10 involved in "competitive decision making." *Id.* Further, district courts applying the principles
11 of *Brown Bag* have imposed additional reasonable limitations on disclosure of AEO material
12 because "good intentions are insufficient to prevent inadvertent disclosure of confidential
13 information because it is not possible [for them] to 'lock-up trade secrets in [their] mind[s].'"
14 *Intel Corp. v. VIA Technologies, Inc.*, 198 F.R.D. 525, 531 (N.D.Cal.2000).  This is true even
15 when witnesses have no impact on competitive decision-making in the company. *See e.g.,*
16 *F.T.C. v. Foster*, 2007 WL 2219410, at *9 (D.N.M. Apr. 26, 2007)(limiting AEO disclosure
17 to two in-house attorneys, among other limitations); *Johnson Outdoors Inc. v. Navico, Inc.,*
18 2011 WL 13218010, at *5 (M.D. Ala. Mar. 15, 2011) (same).

19 In contrast, Defendants' proposal unnecessarily jeopardizes the secrecy of
20 Bombardier's information.  As proposed, Defendants seek to expand AEO disclosure to, in
21 addition to the four in-house counsel, a "corporate representative" of each Defendant. This
22 additional "corporate representative" could have (and likely would have) "decision making
23 authority" that the Ninth Circuit has found to be a critical factor in denying AEO disclosure to
24 corporate attorneys. Even worse, a designated "corporate representative" would likely be a
25 representative of the unserved Japanese corporate entity MITAC (Japan)—thereby letting a
26 Defendant who has not formally appeared in this case to meaningfully participate and guide
27 the remaining Defendants' decisions.

JOINT SUBMISSION RE: PROPOSED
PROTECTIVE ORDER (2:18-cv-01543-JLR) - 3

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

Relatedly, Defendants are not willing to limit AEO disclosures to in-house counsel who are not also advising unserved Defendants in this case. Specifically, Defendants' proposal permits disclosure of Bombardier trade secret information to individuals who simultaneously serve MITAC America and its yet-to-be-served-and-unwilling-to-waive-service Corporate Parent MITAC (Japan). Bombardier should not have to compromise the security of its trade secret information to benefit a defendant who is unwilling to subject itself to the Court's jurisdiction. MITAC (Japan) should not have access to Bombardier information of any kind unless and until it appears in this litigation.

Further, Defendants wish to be able to "withdra[w] and replac[e]" a signed undertaking, thereby allowing a potentially unlimited number of their employees to pass through a proverbial revolving door to Bombardier's trade secrets. Defendants' proposal does not properly balance the parties' competing interests in this litigation as required by Ninth Circuit law. It is therefore properly denied, and Bombardier's proposal is the better course.

MITAC America Defendant's Position:

The disputed language involves only paragraph 4.2(h), and only three issues, all relating to documents designated as AEO: (1) the ability of the MITAC America corporate legal team to see AEO documents that have not been filed with the Court; (2) whether a MITAC America corporate representative can see specific AEO documents that MITAC America is accused of misappropriating; and (3) whether the MITAC America legal team will be precluded from seeing any AEO documents before MITAC America's parent company is served and formally made part of the litigation.

Bombardier has shown neither "good cause" for preventing access by the MITAC America legal team, nor a "specific prejudice or harm" that would result from MITAC America's proposal. See *UCC Ueshima Coffee Co. v. Tully's Coffee Corp.*, No. C06-1604RSL, 2007 WL 710092, at *1 (W.D. Wash. Mar. 6, 2007). The MITAC America legal team members will be identified in advance; they have agreed to sign the Ex A

JOINT SUBMISSION RE: PROPOSED
PROTECTIVE ORDER (2:18-cv-01543-JLR) - 4

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

Acknowledgment; they have agreed to not include competitive decision makers on their team; and they have agreed to not include anyone involved with the regulatory certification processes that are the focus of this case. Bombardier has not shown any reason to believe the MITAC legal team would violate this Court's order.

MITAC America's need for access outweighs any harm alleged by Bombardier. Bombardier's sweeping charges against MITAC America, made in a highly technical case while sales efforts on the MRJ are at a crucial phase, have the potential to cause enormous harm.  The corporate legal team should not be handcuffed in its efforts to support MITAC America's defense.  That team needs to see AEO documents before they are filed in the court – any other approach prevents the corporate legal team from providing effective advance assistance to MITAC America's outside counsel, by restricting outside counsel's ability to consult on strategy and the strengths and weaknesses in the case.  The MITAC America legal team needs to take an active role, and limiting their ability to consider all relevant materials and evaluate the case is unwarranted.  Of course, Bombardier's corporate counsel may see any MITAC America's AEO materials under the same conditions MITAC America seeks.

A MITAC America corporate representative should also be able to see those AEO materials MITAC America allegedly misappropriated.  That person will sign the Acknowledgement, and will agree to be bound by the order.  Being able see the source of an accusation is a fundamental part of the justice system that applies to corporations as well as individual.  Even corporations need access to information to make critical decisions.

The need for AEO access beyond outside counsel is not hypothetical. For example, the MRJ is being certified by the Japan Civil Aviation Bureau ("JCAB"), not Transport Canada or the FAA.. The MRJ is the first airliner certified by the JCAB in nearly 50 years., Dkt. 4 at 21, and the JCAB's approach to certification is different from other regulators.  How the JCAB is approaching the MRJ is uniquely known to those working on the MRJ project.  Outside litigation counsel needs full access to the MITAC legal team to get the best access to

JOINT SUBMISSION RE: PROPOSED
PROTECTIVE ORDER (2:18-cv-01543-JLR) - 5

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

knowledge of how the JCAB approach makes Bombardier's Transport Canada certification knowledge irrelevant.

Bombardier has also failed to justify precluding access by the MITAC America legal team until Bombardier completes service on MITAC Japan. Whether MITAC Japan has been served has no impact on the ability of the MITAC legal team to comply with the protective order – they will comply regardless.

MITAC America respectively requests that Court enter the Protective Order with MITAC America's proposed paragraph 4.2(h).

AeroTEC Defendants' Position:

The AeroTEC Defendants' join MITAC America's proposal and position regarding paragraph 4.2(h). AeroTEC does not have in-house counsel, but agrees that access to AEO documents by MITAC America's in-house counsel is warranted and necessary to defend against Plaintiff's claims.

Since it does not have in-house counsel, AeroTEC's need for a designated corporate representative to access documents AeroTEC is accused of misappropriating is even more acute. If Plaintiff accuses a AeroTEC of misappropriating documents designated as AEO, the AeroTEC Defendants can easily foresee situations where access by a corporate representative will be necessary to defend the corporate defendant. A corporate representative, as opposed to experts, will have a unique inside understanding of AeroTEC's business and operations necessary to defend any allegations that the documents were in fact misappropriated, or that they are in fact trade secrets.

Moreover, Defendants' proposal may well avoid the need to challenge AEO designations and disputes whether AEO documents should be re-designated. Allowing a single employee to access AEO documents pursuant to the Protective Order also protects the designating party from the all-or-nothing prospect of having the documents re-designated and thereby available to all directors, officers and employees pursuant to section 4.2(b). The

JOINT SUBMISSION RE: PROPOSED
PROTECTIVE ORDER (2:18-cv-01543-JLR) - 6

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

Defendants' proposed paragraph 4.2(h) is necessary for the AeroTEC Defendants' counsel to work with its client on trial strategy and defending claims that particular were misappropriated by AeroTEC.

JOINT SUBMISSION RE: PROPOSED
PROTECTIVE ORDER (2:18-cv-01543-JLR) - 7

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

1  RESPECTFULLY SUBMITTED this 25th day of January, 2019.

| *s/* John D. Denkenberger | *s/* Mary Z. Gaston |
|---|---|
| John D. Denkenberger, WSBA No. 25907 | Jerry A. Riedinger, WSBA No. 25828 |
| Brian F. McMahon, WSBA No. 45739 | Mack H. Shultz, WSBA No. 27190 |
| E. Lindsay Calkins, WSBA No. 44127 | James Sanders, WSBA No. 24565 |
| **Christensen O'Connor Johnson Kindness PLLC** | Mary Z. Gaston, WSBA No. 27258 |
|  | Shylah R. Alfonso, WSBA No. 33138 |
| 1201 Third Avenue, Suite 3600 | **Perkins Coie LLP** |
| Seattle, WA 98101-3029 | 1201 Third Avenue, Suite 4900 |
| Telephone: 206.682.8100 | Seattle, WA  98101-3099 |
| Facsimile: 206.224.0779 | Telephone:  206.359.8000 |
| E-mail: john.denkenberger@cojk.com, | Facsimile:  206.359.9000 |
| E-mail:  brian.mcmahon@cojk.com | E-mail:  JRiedinger@perkinscoie.com |
|  | E-mail:  MShultz@perkinscoie.com |
|  | E-mail:  MGaston@perkinscoie.com |
| Attorneys for Plaintiff Bombardier Inc. | Attorneys for Defendant Mitsubishi Aircraft Corporation America, Inc. |

JOINT SUBMISSION RE: PROPOSED
PROTECTIVE ORDER (2:18-cv-01543-JLR) - 8

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

*s/* Mark A. Bailey
Richard J. Omata, WSBA No. 7032
Mark A. Bailey, WSBA No. 26337
**Karr Tuttle Campbell**
701 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: 206-223-1313
Facsimile: 206-682-7100
Email: romata@karrtuttle.com
Email: mbailey@karrtuttle.com

Attorneys for Defendants Aerospace Testing Engineering & Certification Inc., Michel Korwin-Szymanowksi, Laurus Basson, and Cindy Dornéval

JOINT SUBMISSION RE: PROPOSED
PROTECTIVE ORDER (2:18-cv-01543-JLR) - 9

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

**CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | | |
|---|---|---|
| Jerry A. Riedinger<br>PERKINS COIE LLP<br>Email:<br>JRiedinger@perkinscoie.com<br>docketsea@perkinscoie.com<br>lshaw@perkinscoie.com<br>sporter@perkinscoie.com | Mack H. Shultz<br>PERKINS COIE LLP<br>Email:<br>MShultz@perkinscoie.com<br>docketseapl@perkinscoie.com<br>sbilger@perkinscoie.com | Mary Z. Gaston<br>PERKINS COIE LLP<br>Email:<br>MGaston@perkinscoie.com<br>docketsea@perkinscoie.com<br>jstarr@perkinscoie.com |
| James Sanders<br>PERKINS COIE LLP<br>Email:<br>JSanders@perkinscoie.com<br>RBecken@perkinscoie.com<br>docketsea@perkinscoie.com<br>jdavenport@perkinscoie.com | Shylah R. Alfonso<br>PERKINS COIE LLP<br>Email:<br>SAlfonso@perkinscoie.com<br>docketsea@perkinscoie.com | |

Attorneys for Mitsubishi Aircraft Corporation America Inc.

| | |
|---|---|
| Richard J. Omata<br>KARR TUTTLE CAMPBELL<br>Email: romata@karrtuttle.com<br>jnesbitt@karrtuttle.com<br>swatkins@karrtuttle.com | Mark A. Bailey<br>KARR TUTTLE CAMPBELL<br>Email: mbailey@karrtuttle.com<br>jsmith@karrtuttle.com<br>mmunhall@karrtuttle.com<br>sanderson@karrtuttle.com |

Attorneys for Aerospace Testing Engineering & Certification Inc., Michel Korwin-Szymanowski, Laurus Basson, and Cindy Dornéval

Daneil T. Hagen
KARR TUTTLE CAMPBELL
Email: dhagen@karrtuttle.com

s/ John D. Denkenberger
John D. Denkenberger, WSBA No.: 25,907
Brian F. McMahon, WSBA No.: 45,739
E. Lindsay Calkins, WSBA No.: 44,127
Christensen O'Connor Johnson Kindness^PLLC
1201 Third Avenue, Suite 3600

JOINT SUBMISSION RE: PROPOSED
PROTECTIVE ORDER (2:18-cv-01543-JLR) - 10

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

Seattle, WA  98101-3029
Telephone:  206.682.8100
Fax:  206.224.0779
E-mail:  john.denkenberger@cojk.com,
brian.mcmahon@cojk.com,
lindsay.calkins@cojk.com, litdoc@cojk.com

*Attorneys for Plaintiff Bombardier Inc.*

JOINT SUBMISSION RE: PROPOSED
PROTECTIVE ORDER (2:18-cv-01543-JLR) - 11

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100