UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOMBARDIER INC.,<br><br>Plaintiff,<br><br>v.<br><br>MITSUBISHI AIRCRAFT CORPORATION, MITSUBISHI AIRCRAFT CORPORATION AMERICA, AEROSPACE TESTING ENGINEERING & CERTIFICATION INC., MICHEL KORWIN-SZYMANOWSKI, LAURUS BASSON, MARC-ANTOINE DELARCHE, CINDY DORNEVAL, KEITH AYRE, AND JOHN AND/OR JANE DOES 1-88,,<br><br>Defendants. | CASE NO. 2:18-cv-01543-JLR<br><br>**[PROPOSED]<br>STIPULATED<br>PROTECTIVE ORDER** |

1. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to

Case 2:18-cv-01543-JLR   Document 104-1   Filed 01/25/19   Page 2 of 14

confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

Pursuant to Local Civil Rule 26(c)(2), the parties began with the District's Model Protective Order and have identified departures from the model in redline, attached hereto as Exhibit 1.

2.  "CONFIDENTIAL" AND "ATTORNEYS' EYES ONLY" MATERIAL

For purposes of this protective order,[1] "CONFIDENTIAL" material shall include the following documents and tangible things produced or otherwise exchanged: formal and informal standard operating procedures ("SOPs") and related forms, best practices guidelines, vendor contracts, price quotations, supplier lists, purchase orders, other sales documents, proprietary engineering or design documents, internal communications and memoranda pertaining to strategic business decisions, communications with regulatory authorities conducted with the expectation of privacy, summaries of such communications with regulatory authorities, and documents marked internally at the time of their creation or distribution as confidential or proprietary.  Confidential material may be designated as "ATTORNEYS' EYES ONLY" (AEO) if the designating party (including a non-party) reasonably believes the information to be highly competitively sensitive, because it contains trade secrets, proprietary design specifications, proprietary product specifications, current business or strategic plans, proprietary cost and pricing information, or other information of direct competitive significance.

3.  SCOPE

The protections conferred by this agreement cover not only CONFIDENTIAL and/or ATTORNEYS' EYES ONLY material (as defined above), but also (1) any information copied or extracted from CONFIDENTIAL and/or ATTORNEYS' EYES ONLY material; (2) all copies, excerpts, summaries, or compilations of CONFIDENTIAL and/or ATTORNEYS' EYES ONLY

---

[1] Nothing herein constitutes an admission that the materials identified herein as Confidential or Attorney's Eyes Only are in fact confidential and/or trade secret information.  Any party may therefore challenge the designation of any material designated under this Protective Order, regardless of whether it fits within the definition of Section 2 of this Protective Order.

material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal CONFIDENTIAL and/or ATTORNEYS' EYES ONLY material.

The protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or other proper means.[2]

4.  ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1   Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)   the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)   the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the material produced is for Attorney's Eyes Only and is so designated;

(c)   experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)   the court, court personnel, and court reporters and their staff;

(e)   copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service

---

[2] This language is not intended to restrict protections properly applicable to publicly available information that constitutes part of a party's purported trade secrets.

instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h)[**DEFENDANTS' PROPOSAL**] (A) For AEO materials that a corporate defendant is accused of misappropriating, in addition to the entities identified under paragraph 4.2(a), (c)-(g), supra, no more than four in-house counsel who (1) have no involvement in competitive decision-making, (2) have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), (3) have no involvement in the regulatory certification processes at issue in this dispute, and (4) as to whom the procedures set forth in paragraph 4.4(a)(1), have been followed; and one corporate representative of that corporate defendant who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and which Exhibit A has been provided to the designated party.

(B) for any other material designated as "ATTORNEYS' EYES ONLY," and not included in subsection (A) supra, in addition to the entities identified under paragraph 4.2(a), (c)-(g), supra, the in-house counsel of the receiving Party identified to the designating party pursuant to section 4.2(h)(A) supra.

For purposes of this section, in the event of staffing changes in the in-house corporate team, a signed Exhibit A may be withdrawn and replaced with a new one.

(h)[**PLAINTIFF'S PROPOSAL**] for material designated as "ATTORNEYS' EYES ONLY," in addition to the entities identified under paragraph 4.2(a), (c)-(g), *supra*, up to

four designated in-house counsel of the receiving Party, but only for information or items designated "ATTORNEYS' EYES ONLY" that has been filed with the Court under seal or is the subject of a meet and confer under LCR 5(g), and where such designated in house counsel (1) have no involvement in competitive decision-making, (2) have signed the "Acknowledgment and Agreement to Be Bound" found attached hereto as Exhibit A, (3) have no involvement in the regulatory certification processes at issue in this dispute, (4) have no professional or other work-related obligations owed to any other named corporate defendant in this litigation that has yet to appear in this litigation, and (5) as to whom the procedures set forth in paragraph 4.4(a)(1), below, have been followed.

        (i)    specific materials that any individuals are accused of misappropriating, if designated as "ATTORNEYS' EYES ONLY," may also be disclosed to those individuals (and their counsel), but only after signing the "Acknowledgment and Agreement to Be Bound" (Exhibit A) prior to the disclosure, and subject to the further restrictions identified herein. Access for such individuals shall be limited to viewing only those "ATTORNEYS' EYES ONLY" materials that each particular individual is alleged to have misappropriated. At no time will any individual defendant maintain in his or her possession, custody, or control any copy of any document marked as "ATTORNEYS' EYES ONLY."

    4.3    <u>Filing Confidential Material</u>. Before filing confidential material or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information

must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

4.4 <u>Procedures for Approving or Objecting to Disclosure of "ATTORNEYS' EYES ONLY" Material to Designated In-House Counsel or Experts</u>.

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the designating party, a party that seeks to disclose to designated in house counsel any information or item that has been designated "ATTORNEYS' EYES ONLY" first must make a written request to the designating party that (1) sets forth the full name of the designated in house counsel and the city and state of his or her residence, and (2) describes the designated in house counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if in house counsel is involved, or may become involved, in any competitive decision-making.

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the designating party, a party that seeks to disclose to an expert (as defined in this Order) any information or item that has been designated "ATTORNEYS' EYES ONLY" pursuant to paragraph 4.2(c) first must make a written request to the designating party that (1) identifies the general categories of "ATTORNEYS' EYES ONLY" information that the receiving party seeks permission to disclose to the expert, (2) sets forth the full name of the expert and the city and state of his or her primary residence, (3) attaches a copy of the expert's current resume, (4) identifies the expert's current employer(s), and (5) identifies each person or entity from whom the expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, unless providing such information would be prohibited by a confidentiality obligation to a third-party. (b) A party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject confidential material to the identified designated in-house counsel or expert unless, within 14

1  days of delivering the request, the Party receives a written objection from the designating party
2  that sets forth in detail the grounds on which the objection is based, including by describing a
3  reasonable ground for concern that the named individual will not or cannot comply with the
4  Protective Order. Upon the expiration of the fourteen-day period or upon notification by the
5  designating party that they have no objection to the disclosure, whichever occurs earliest,
6  disclosure may be made.

7              (c)     A Party that receives a timely written objection must meet and confer with
8  the designating party (through direct voice to voice dialogue, in person if practicable) to try to
9  resolve the matter by agreement within seven days of the written objection. If no agreement is
10 reached, the Party seeking to make the disclosure to designated in house counsel or the expert
11 may file a motion as provided in LCR 7 (and in compliance with LCR 5(g), if applicable)
12 seeking permission from the court to do so. Any such motion must describe the circumstances
13 with specificity, and set forth in detail the reasons why the disclosure to designated in house
14 counsel or the expert is reasonably necessary. In addition, any such motion must be accompanied
15 by a certification describing the parties' efforts to resolve the matter by agreement (i.e., the
16 extent and the content of the meet and confer discussions) and setting forth the reasons advanced
17 by the designating party for its refusal to approve the disclosure.  In any such proceeding, the
18 party opposing disclosure to designated in house counsel or the expert shall bear the burden of
19 proving that the risk of harm that the disclosure would entail (under any reasonable safeguards)
20 outweighs the receiving party's need to disclose the "ATTORNEYS' EYES ONLY" material to
21 its designated in house counsel or expert.  Objections not made in good faith and /or made
22 without a reasonable basis may result in sanctions.  If resolution of an objection under this
23 section impacts a filing deadline, the objecting party agrees that it will not oppose a reasonable
24 extension of that deadline that accounts for the delay caused by the objection.

5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a) <u>Information in documentary form:</u> (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated

1  which material it would like copied and produced. During the inspection and before the
2  designation, all of the material made available for inspection shall be deemed "ATTORNEYS'
3  EYES ONLY." After the inspecting party has identified the documents it wants copied and
4  produced, the producing party must determine which documents qualify for protection under this
5  order. Then, before producing the specified documents, the producing party must affix the
6  appropriate legend ("CONFIDENTIAL" or "ATTORNEYS' EYES ONLY") to each page that
7  contains confidential material.

8  (b) <u>Testimony given in deposition or in other pretrial proceedings</u>: the parties
9  and any participating non-parties must identify on the record, during the deposition or other
10 pretrial proceeding, all protected testimony, without prejudice to their right to so designate other
11 testimony after reviewing the transcript. Any party or non-party may, within fifteen days after
12 receiving the transcript of the deposition or other pretrial proceeding, designate portions of the
13 transcript, or exhibits thereto, as Confidential. If a party or non-party desires to protect
14 Confidential information at trial, the issue should be addressed during the pre-trial conference.

15 Parties shall give the other parties notice if they reasonably expect a deposition,
16 hearing or other proceeding involving testimony to disclose Confidential material so that the
17 other parties can ensure that only authorized individuals who have signed the "Acknowledgment
18 and Agreement to Be Bound" (Exhibit A) are present at those proceedings while the Confidential
19 information is being discussed. The use of a document as an exhibit at a deposition shall not in
20 any way affect its designation as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

21 Transcripts containing Confidential material shall have an obvious legend on the
22 title page that the transcript contains Confidential material and the title page shall be followed by
23 a list of all pages (including line numbers as appropriate) that have been designated as
24 Confidential material and the level of protection being asserted by the designating party. The
25 designating party shall inform the court reporter of these requirements. Any transcript that is
26 prepared before the expiration of a ten-day period for designation shall be treated during that
27 period as if it had been designated "ATTORNEYS' EYES ONLY" in its entirety unless

otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3 <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain the confidentiality

designation under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential or AEO until the court rules on the challenge.

7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," that party must:

(a)     promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)     The terms of this order are applicable to information produced by a non-party in this action and designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by the non-party. Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protections.

(b)     In the event that a party has a reasonable basis to contend that material produced by a non-party includes material that a party considers to be at least Confidential

material of that party, it may designate that portion of the non-party's production under the terms of this Protective Order.

**9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

11.    NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: _____          _____
                                                                   Attorneys for Plaintiff

DATED: _____          _____
                                                                   Attorneys for Defendant

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED: _____

                                                                   _____
                                                                   [Name of Judge]
                                                                   United States District Court Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on \_\_\_\_ in the case of *Bombardier v. Mitsubishi Aircraft Corp., et al.*, Case No. 2:18-cv-01543-JLR . I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____