THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOMBARDIER INC.,<br><br>                 Plaintiff,<br><br>v.<br><br>MITSUBISHI AIRCRAFT<br>CORPORATION, MITSUBISHI<br>AIRCRAFT CORPORATION OF<br>AMERICA INC., et al.,<br><br>                 Defendants. | No. 2:18-cv-1543 JLR<br><br>DEFENDANT MITSUBISHI AIRCRAFT<br>CORPORATION OF AMERICA, INC.'S<br>ANSWER, AFFIRMATIVE DEFENSES,<br>AND COUNTERCLAIMS TO PLAINTIFF<br>BOMBARDIER INC.'S VERIFIED<br>COMPLAINT |

    Defendant Mitsubishi Aircraft Corporation of America, Inc. ("MITAC America"), by and through its attorneys of record, answers Bombardier Inc.'s ("Bombardier") Verified Complaint (the "Complaint") as follows. Except as expressly admitted herein, each and every allegation in the Complaint is denied.

## NATURE OF THE ACTION

    **Answer to Paragraph 1:** MITAC America admits that Bombardier purports to bring a civil action pursuant to the Defend Trade Secrets Act of 2016 codified at 18 U.S.C. § 1836 *et seq.* and the Washington Uniform Trade Secrets Act codified at RCW 19.108.010 *et seq.* MITAC America also admits Bombardier purports to bring a civil action for Tortious Interference with Claims for Tortious Interference with Business Expectancies and/or Contracts, and Breach of Contract under Washington state common law. MITAC America specifically denies that

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1   Bombardier is entitled to any relief sought herein, and denies any remaining allegations set forth
2   in this paragraph.

3                                                        **PARTIES**

4           **Answer to Paragraph 2:**  The allegations in this paragraph concern parties other than
5   MITAC America, and therefore no response is required.  To the extent a response is required,
6   MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if
7   any, of the allegations in the first sentence, and therefore denies them. MITAC America denies
8   the allegations in the second sentence.

9

10          **Answer to Paragraph 3:**  The allegations in this paragraph concern parties other than
11  MITAC America, and therefore no response is required. To the extent a response is required,
12  MITAC America admits that, to its knowledge, MITAC is a corporation organized and existing
13  under the laws of Japan, with its registered office and principal place of business at Nagoya
14  Airport, Toyoyama-cho, Nishikasugai-Gun, Aichi 480-0287, Japan.

15

16          **Answer to Paragraph 4:**  MITAC America admits it is a subsidiary corporation of MITAC
17  organized and existing under the laws of the State of Delaware with its Engineering Center located
18  at 6100 4th Avenue South, Suite 300, Seattle, WA 98108.  MITAC America denies the remaining
19  allegations in this paragraph.

20

21          **Answer to Paragraph 5:**  The allegations in this paragraph concern parties other than
22  MITAC America, and therefore no response is required.

23

24          **Answer to Paragraph 6:**  The allegations in this paragraph concern parties other than
25  MITAC America, and therefore no response is required.

26

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**Answer to Paragraph 7:**   The allegations in this paragraph concern parties other than MITAC America, and therefore no response is required.

**Answer to Paragraph 8:**   The allegations in this paragraph concern parties other than MITAC America, and therefore no response is required.

**Answer to Paragraph 9:**   The allegations in this paragraph concern parties other than MITAC America, and therefore no response is required.

**Answer to Paragraph 10:**   The allegations in this paragraph concern parties other than MITAC America, and therefore no response is required.

**Answer to Paragraph 11:**   To the extent the allegations in this paragraph are directed at MITAC America, MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations and therefore denies them.   MITAC America admits that Bombardier collectively refers to the parties identified in paragraphs 4-10 above as "Defendants."

## JURISDICTION AND VENUE

**Answer to Paragraph 12:**   This paragraph asserts a legal conclusion to which no response is required.   To the extent a response is required, MITAC America admits that Bombardier has alleged that MITAC America has violated the DTSA, and that this Court has jurisdiction over DTSA actions, but denies that MITAC America has violated the DTSA and denies that Bombardier is entitled to any relief under the DTSA.

**Answer to Paragraph 13:**   This paragraph asserts a legal conclusion to which no response is required.   To the extent a response is required, MITAC America admits that Bombardier has

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

alleged that MITAC America has violated the common law of the State of Washington, but denies that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1367 over those claims. MITAC America further denies that it has violated the common law of the State of Washington, and denies that Bombardier is entitled to any relief under the common law of the State of Washington.

**Answer to Paragraph 14:**   This paragraph asserts a legal conclusion to which no response is required.  To the extent a response is required, MITAC America admits that this Court has personal jurisdiction over MITAC America, but specifically denies that it has committed wrongful acts within the State of Washington and further denies that Bombardier is entitled to any relief sought herein.

**Answer to Paragraph 15:**  The allegations in this paragraph concern parties other than MITAC America, and therefore no response is required. To the extent a response is required, MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 16:**  MITAC America admits it employs workers to provide flight-test and certification support for the MRJ. The remaining allegations in this paragraph concern parties other than MITAC America, and therefore no response is required. To the extent a response is required, MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 17:**  The allegations in this paragraph concern parties other than MITAC America, and therefore no response is required. To the extent a response is required,

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 18:**  MITAC America denies that it has committed trade secret misappropriation in the State of Washington or this judicial district, or anywhere else. The remaining allegations in this paragraph concern parties other than MITAC America, and therefore no response is required.

**Answer to Paragraph 19:**  MITAC America denies that Defendant Ayre disclosed Bombardier trade secret information to MITAC America. The remaining allegations in this paragraph concern parties other than MITAC America and contain legal conclusions, and therefore no response is required. To the extent a response is required, MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 20:**  This paragraph asserts a legal conclusion to which no response is required.  To the extent a response is required, MITAC America admits that venue is proper in this judicial district for the claims brought against MITAC America, but specifically denies that it has committed wrongful acts within this judicial district and further denies that Bombardier is entitled to any relief sought herein.

## FACTUAL ALLEGATIONS

**Answer to Paragraph 21:**  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

MITSUBISHI AIRCRAFT CORPORATION AMERICA, INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS (No. 18-cv-1543 JLR) – 5

**Answer to Paragraph 22:**  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 23:**  On information and belief, MITAC America admits the C-Series appears to be a family of narrow-body, geared turbofan twin-engine, medium-range jet airliners.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 24:**  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 25:**  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 26:**  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 27:**  MITAC America admits the FAA, Transport Canada, and EASA require certain regulatory standards to be met for the purposes of airworthiness and public safety. MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 28:**  MITAC America admits these allegations to the extent they are consistent with the referenced laws, regulations, and regulatory materials.  MITAC America denies any remaining allegations not specifically admitted herein.

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4

**Answer to Paragraph 29:**   MITAC America admits these allegations to the extent they are consistent with the referenced laws, regulations, and regulatory materials. MITAC America denies any remaining allegations not specifically admitted herein.

5
6
7
8

**Answer to Paragraph 30:**  MITAC America admits these allegations to the extent they are consistent with the referenced laws, regulations, and regulatory materials. MITAC America denies any remaining allegations not specifically admitted herein.

9
10
11
12

**Answer to Paragraph 31:**   MITAC America admits these allegations to the extent they are consistent with the referenced laws, regulations, and regulatory materials. MITAC America denies any remaining allegations not specifically admitted herein.

13
14
15
16

**Answer to Paragraph 32:**  MITAC America admits these allegations to the extent they are consistent with the referenced laws, regulations, and regulatory materials. MITAC America denies any remaining allegations not specifically admitted herein.

17
18
19

**Answer to Paragraph 33:**  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

20
21
22
23
24
25
26

**Answer to Paragraph 34:**  The allegations in this paragraph concern parties other than MITAC America, and therefore no response is required. To the extent a response is required, MITAC America admits that the MRJ has yet to receive all necessary certifications to enter into service. MITAC America further admits that the MRJ is a narrow-body, geared turbofan twin-engine jet aircraft.  MITAC America denies the characterization of the MRJ as a "medium-range" jet aircraft. MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2      **Answer to Paragraph 35:**  The allegations in this paragraph concern parties other than

3   MITAC America, and therefore no response is required. To the extent a response is required,

4   MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any,

5   of the allegations in this paragraph, and therefore denies them.

6

7      **Answer to Paragraph 36:**  The allegations in this paragraph concern parties other than

8   MITAC America, and therefore no response is required. To the extent a response is required,

9   MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any,

10  of the allegations in this paragraph, and therefore denies them.

11

12     **Answer to Paragraph 37:**  The allegations in this paragraph concern parties other than

13  MITAC America, and therefore no response is required. To the extent a response is required,

14  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any,

15  of the allegations in this paragraph, and therefore denies them.

16

17     **Answer to Paragraph 38:**  The allegations in this paragraph concern parties other than

18  MITAC America, and therefore no response is required. To the extent a response is required,

19  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any,

20  of the allegations in this paragraph, and therefore denies them.

21

22     **Answer to Paragraph 39:**  The allegations in this paragraph concern parties other than

23  MITAC America, and therefore no response is required. To the extent a response is required,

24  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any,

25  of the allegations in this paragraph, and therefore denies them.

26

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4

**Answer to Paragraph 40:**  The allegations in this paragraph concern parties other than MITAC America, and therefore no response is required. To the extent a response is required, MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

5
6
7
8
9
10
11
12
13

**Answer to Paragraph 41:**  MITAC America admits it is a subsidiary of MITAC, but denies MITAC America was formed on June 4, 2014. MITAC America further admits AeroTEC assists MITAC America on the certification project for the MRJ. MITAC America denies the remaining allegations in this paragraph concerning MITAC America. To the extent the allegations in this paragraph concern parties other than MITAC America, no response is required. To the extent a response is required, MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

14
15
16
17
18
19
20

**Answer to Paragraph 42:**  MITAC America admits that MITAC America and AeroTEC have assisted MITAC on the MRJ project. MITAC America denies the remaining allegations in this paragraph concerning MITAC America. To the extent the allegations in this paragraph concern parties other than MITAC America, no response is required. To the extent a response is required, MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

21
22
23
24
25

**Answer to Paragraph 43:**  The allegations in this paragraph concern parties other than MITAC America, and therefore no response is required. To the extent a response is required, MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

26

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Answer to Paragraph 44:**  The allegations in this paragraph concern parties other than MITAC America, and therefore no response is required. To the extent a response is required, MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 45:**  The allegations in this paragraph concern parties other than MITAC America, and therefore no response is required. To the extent a response is required, MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 46:**  The allegations in this paragraph concern parties other than MITAC America, and therefore no response is required. To the extent a response is required, MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 47:**  The allegations in this paragraph concern parties other than MITAC America, and therefore no response is required. To the extent a response is required, MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 48:**  The allegations in this paragraph concern parties other than MITAC America, and therefore no response is required. To the extent a response is required, MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**Answer to Paragraph 49:**  MITAC America admits it was involved in organizing and promoting a job fair in Montreal.  It denies the remaining allegations in this paragraph directed at MITAC America. To the extent the allegations in this paragraph concern parties other than MITAC America, no response is required. To the extent the Court deems a response is required, MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 50:**  The allegations in this paragraph concern parties other than MITAC America, and therefore no response is required. To the extent a response is required, MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 51:**  MITAC America admits it recruits qualified personnel from other companies around the world, and will at times use professional recruiting services to assist in recruitment. MITAC America also advertises under its own name to obtain applicants. MITAC America denies the remaining allegations in this paragraph concerning MITAC America.  To the extent the allegations in this paragraph concern parties other than MITAC America, no response is required.  To the extent a response is required, MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 52:**  The allegations in this paragraph concern parties other than MITAC America, and therefore no response is required. To the extent a response is required, MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 11

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2   **Answer to Paragraph 53:**  The allegations in this paragraph concern parties other than

3   MITAC America, and therefore no response is required. To the extent a response is required,

4   MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any,

5   of the allegations in this paragraph, and therefore denies them.

6   **Answer to Paragraph 54:**  The allegations in this paragraph concern parties other than

7   MITAC America, and therefore no response is required. To the extent a response is required,

8   MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any,

9   of the allegations in this paragraph, and therefore denies them.

10

11   **Answer to Paragraph 55:**  The allegations in this paragraph concern parties other than

12   MITAC America, and therefore no response is required. To the extent a response is required,

13   MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any,

14   of the allegations in this paragraph, and therefore denies them.

15

16   **Answer to Paragraph 56:**  The allegations in this paragraph concern parties other than

17   MITAC America, and therefore no response is required. To the extent a response is required,

18   MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any,

19   of the allegations in this paragraph, and therefore denies them.

20

21   **Answer to Paragraph 57:**  The allegations in this paragraph concern parties other than

22   MITAC America, and therefore no response is required. To the extent a response is required,

23   MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any,

24   of the allegations in this paragraph, and therefore denies them.

25

26

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 12

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2  **Answer to Paragraph 58:**  The allegations in this paragraph concern parties other than

MITAC America, and therefore no response is required. To the extent a response is required,

3  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any,

4  of the allegations in this paragraph, and therefore denies them.

5

6  **Answer to Paragraph 59:**  MITAC America admits that MITAC America, and upon

7  information and belief AeroTEC, employ qualified individuals, some of whom formerly worked

8  for other aerospace companies around the world. MITAC America denies that Bombardier has

9  sufficiently identified any purported trade secrets and further denies that MITAC America has

10  misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information

11  sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and

12  therefore denies them.

13

14  **Answer to Paragraph 60:**  MITAC America admits Defendant Basson works for

15  AeroTEC. The remaining allegations in this paragraph concern parties other than MITAC

16  America, and therefore no response is required. To the extent a response is required, MITAC

17  America denies that Bombardier has sufficiently identified any purported trade secrets and further

18  denies that MITAC America has misappropriated any Bombardier trade secrets. MITAC America

19  also denies Bombardier's Code of Ethics precludes employees from emailing documents to

20  themselves.   MITAC America lacks knowledge or information sufficient to form a belief as to

21  the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

22

23  **Answer to Paragraph 61:**  MITAC America admits Defendant Delarche worked for

24  AeroTEC and works for MITAC. The remaining allegations in this paragraph concern parties other

25  than MITAC America, and therefore no response is required. To the extent a response is required,

26  MITAC America denies that Bombardier has sufficiently identified any purported trade secrets

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

and further denies that MITAC America has misappropriated any Bombardier trade secrets. MITAC America also denies Bombardier's Code of Ethics precludes employees from emailing documents to themselves. MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 62:**  MITAC America admits Defendant Dorneval works for AeroTEC. The remaining allegations in this paragraph concern parties other than MITAC America, and therefore no response is required. To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets. MITAC America also denies Bombardier's Code of Ethics precludes employees from emailing documents to themselves. MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 63:**  The allegations in this paragraph concern parties other than MITAC America, and therefore no response is required. To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets. MITAC America also denies Bombardier's Code of Ethics precludes employees from emailing documents to themselves. MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 64:**  The allegations in this paragraph concern parties other than MITAC America, and therefore no response is required. To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 14

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

and further denies that MITAC America has misappropriated any Bombardier trade secrets. MITAC America also denies Bombardier's Code of Ethics precludes employees from emailing documents to themselves. MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 65:**  MITAC America admits Defendant Ayre works for MITAC. The remaining allegations in this paragraph concern parties other than MITAC America, and therefore no response is required. To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America also denies Bombardier's Code of Ethics precludes employees from emailing documents to themselves. MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 66:**  The allegations in this paragraph concern parties other than MITAC America, and therefore no response is required. To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets. MITAC America also denies Bombardier's Code of Ethics precludes employees from emailing documents to themselves. MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 67:**  MITAC America denies Defendant Ayre visited and participated in MRJ certification efforts in Washington. MITAC America admits Ayre participated

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 15

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

in an in-person interview at a Washington hotel as part of his recruitment. The allegations in this paragraph concern parties other than MITAC America, and therefore no response is required. To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets. MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 68:** MITAC America admits Defendant Knystautas works for MITAC. The remaining allegations in this paragraph concern parties other than MITAC America, and therefore no response is required. To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets. MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 69:** MITAC America admits Defendant Knystautas works at MITAC. MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in the first sentence, and therefore denies them. To the extent the remaining allegations in this paragraph concern parties other than MITAC America, no response is required. To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets. MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 16

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1

## CLAIMS FOR RELIEF

2

### Count I: Violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.* (MITAC)

3

4

    **Answer to Paragraph 70:**  MITAC America incorporates by reference its answers to the
allegations in the preceding paragraphs.

5

6

    **Answer to Paragraph 71:**  The allegations in this paragraph concern parties other than

7

MITAC America, and therefore no response is required.  To the extent a response is required,

8

MITAC America denies the allegations in this paragraph.

9

10

    **Answer to Paragraph 72:**    The allegations in this paragraph concern parties other than

11

MITAC America, and therefore no response is required.  To the extent a response is required,

12

MITAC America denies the allegations in this paragraph.

13

14

    **Answer to Paragraph 73:**    The allegations in this paragraph contain legal conclusions

15

and concern parties other than MITAC America, and therefore no response is required.  To the

16

extent a response is required, MITAC America denies the allegations in this paragraph.

17

18

    **Answer to Paragraph 74:**    MITAC America admits that the MRJ is a narrow-body,

19

geared turbofan twin-engine jet aircraft.  MITAC America denies the characterization of the MRJ

20

as a "medium-range" jet aircraft. The remaining allegations in this paragraph contain legal

21

conclusions and concern parties other than MITAC America, and therefore no response is required.

22

To the extent a response is required, MITAC America denies that Bombardier has sufficiently

23

identified any purported trade secrets and further denies that MITAC America has misappropriated

24

any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form

25

a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies

26

them.

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 17

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2        **Answer to Paragraph 75:**   The allegations in this paragraph contain legal conclusions

3   and concern parties other than MITAC America, and therefore no response is required.  To the

4   extent a response is required, MITAC America denies that Bombardier has sufficiently identified

5   any purported trade secrets and further denies that MITAC America has misappropriated any

6   Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a

7   belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies

8   them.

9

10       **Answer to Paragraph 76:** MITAC America admits it employs qualified individuals, some

11  of whom formerly worked for other aerospace companies around the world. The remaining

12  allegations in this paragraph contain legal conclusions and concern parties other than MITAC

13  America, and therefore no response is required. To the extent a response is required, MITAC

14  America denies that Bombardier has sufficiently identified any purported trade secrets and further

15  denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America

16  lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining

17  allegations in this paragraph, and therefore denies them.

18

19       **Answer to Paragraph 77:** The allegations in this paragraph contain legal conclusions and

20  concern parties other than MITAC America, and therefore no response is required.   To the extent

21  a response is required, MITAC America denies that Bombardier has sufficiently identified any

22  purported trade secrets and further denies that MITAC America has misappropriated any

23  Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a

24  belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies

25  them.

26

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 18

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

   **Answer to Paragraph 78:** The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.   To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

   **Answer to Paragraph 79:** The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.   To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

   **Answer to Paragraph 80:** The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.   To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 19

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2

## Count II: Violation of the Washington Uniform Trade Secrets Act (WUTSA), RCW 19.108.010 *et seq.* (MITAC)

3

4

**Answer to Paragraph 81:**  MITAC America incorporates by reference its answers to the allegations in the preceding paragraphs.

5

6

7

8

**Answer to Paragraph 82:**  The allegations in this paragraph concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies the allegations in this paragraph.

9

10

11

12

**Answer to Paragraph 83:**  The allegations in this paragraph concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies the allegations in this paragraph.

13

14

15

16

**Answer to Paragraph 84:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies the allegations in this paragraph.

17

18

19

20

21

22

23

24

25

26

**Answer to Paragraph 85:**  MITAC America admits that the MRJ is a narrow-body, geared turbofan twin-engine jet aircraft.  MITAC America denies the characterization of the MRJ as a "medium-range" jet aircraft. The remaining allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 20

1

2  **Answer to Paragraph 86:**  The allegations in this paragraph contain legal conclusions and

3  concern parties other than MITAC America, and therefore no response is required.  To the extent

4  a response is required, MITAC America denies that Bombardier has sufficiently identified any

5  purported trade secrets and further denies that MITAC America has misappropriated any

6  Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a

7  belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies

8  them.

9

10  **Answer to Paragraph 87:**  MITAC America admits it employs qualified individuals, some

11  of whom formerly worked for other aerospace companies around the world. The remaining

12  allegations in this paragraph contain legal conclusions and concern parties other than MITAC

13  America, and therefore no response is required. To the extent a response is required, MITAC

14  America denies that Bombardier has sufficiently identified any purported trade secrets and further

15  denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America

16  lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining

17  allegations in this paragraph, and therefore denies them.

18

19  **Answer to Paragraph 88:**  The allegations in this paragraph contain legal conclusions and

20  concern parties other than MITAC America, and therefore no response is required.  To the extent

21  a response is required, MITAC America denies that Bombardier has sufficiently identified any

22  purported trade secrets and further denies that MITAC America has misappropriated any

23  Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a

24  belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies

25  them.

26

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 21

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Answer to Paragraph 89:** The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required. To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets. MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 90:** The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required. To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets. MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 91:** The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required. To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets. MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

## Count III: Violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.*

2

### (MITAC America)

3      **Answer to Paragraph 92:**  MITAC America incorporates by reference its answers to the

4   allegations in the preceding paragraphs.

5

6      **Answer to Paragraph 93:**  Denied.

7

8      **Answer to Paragraph 94:**  Denied.

9

10      **Answer to Paragraph 95:**  Denied.

11

12      **Answer to Paragraph 96:**  The allegations in this paragraph contain legal conclusions,

13   and therefore no response is required.  To the extent a response is required, MITAC America

14   denies the allegations in this paragraph.

15

16      **Answer to Paragraph 97:**  MITAC America admits that the MRJ is a narrow-body, geared

17   turbofan twin-engine jet aircraft.  MITAC America denies the characterization of the MRJ as a

18   "medium-range" jet aircraft. The remaining allegations in this paragraph contain legal conclusions,

19   and therefore no response is required.  To the extent a response is required, MITAC America

20   denies the allegations in this paragraph.

21

22      **Answer to Paragraph 98:**  The allegations in this paragraph contain legal conclusions,

23   and therefore no response is required.  To the extent a response is required, MITAC America

24   denies the allegations in this paragraph.

25

26

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 23

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Answer to Paragraph 99:**  MITAC America admits that the MRJ is a narrow-body, geared turbofan twin-engine jet aircraft.  MITAC America denies the characterization of the MRJ as a "medium-range" jet aircraft. MITAC America further admits it employs qualified individuals who formerly worked for other aerospace companies around the world. To the extent the remaining allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations concerning parties other than MITAC America in this paragraph, and therefore denies them.  To the extent the allegations in this paragraph concern MITAC America, those allegations are denied.

**Answer to Paragraph 100:**  The allegations in this paragraph contain legal conclusions, and therefore no response is required.  To the extent a response is required, MITAC America denies the allegations in this paragraph.

**Answer to Paragraph 101:**  The allegations in this paragraph contain legal conclusions, and therefore no response is required.  To the extent a response is required, MITAC America denies the allegations in this paragraph.

**Answer to Paragraph 102:**  The allegations in this paragraph contain legal conclusions, and therefore no response is required.  To the extent a response is required, MITAC America denies the allegations in this paragraph.

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 24

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**Answer to Paragraph 103:**  The allegations in this paragraph contain legal conclusions, and therefore no response is required.  To the extent a response is required, MITAC America denies the allegations in this paragraph.

**Count IV: Violation of the Washington Uniform Trade Secrets Act (WUTSA),**
**RCW 19.108.010 *et seq.* (MITAC AMERICA)**

**Answer to Paragraph 104:**  MITAC America incorporates by reference its answers to the allegations in the preceding paragraphs.

**Answer to Paragraph 105:**  Denied.

**Answer to Paragraph 106:**  Denied.

**Answer to Paragraph 107:**  The allegations in this paragraph contain legal conclusions, and therefore no response is required.  To the extent a response is required, MITAC America denies the allegations in this paragraph.

**Answer to Paragraph 108:**  MITAC America admits that the MRJ is a narrow-body, geared turbofan twin-engine jet aircraft.  MITAC America denies the characterization of the MRJ as a "medium-range" jet aircraft. The remaining allegations in this paragraph contain legal conclusions, and therefore no response is required.  To the extent a response is required, MITAC America denies the remaining allegations in this paragraph.

**Answer to Paragraph 109:**  The allegations in this paragraph contain legal conclusions, and therefore no response is required.  To the extent a response is required, MITAC America denies the allegations in this paragraph.

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 25

1

2      **Answer to Paragraph 110:**  MITAC America admits that the MRJ is a narrow-body,

3   geared turbofan twin-engine jet aircraft.  MITAC America denies the characterization of the MRJ

4   as a "medium-range" jet aircraft. MITAC America further admits it employs qualified individuals,

5   some of whom formerly worked for other aerospace companies around the world.  To the extent

6   the allegations in this paragraph contain legal conclusions and concern parties other than MITAC

7   America, and therefore no response is required.  To the extent a response is required, MITAC

8   America denies that Bombardier has sufficiently identified any purported trade secrets and further

9   denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America

10  lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining

11  allegations concerning parties other than MITAC America in this paragraph, and therefore denies

12  them.  To the extent the allegations in this paragraph concern MITAC America, those allegations

13  are denied.

14

15     **Answer to Paragraph 111:**  The allegations in this paragraph contain legal conclusions,

16  and therefore no response is required.  To the extent a response is required, MITAC America

17  denies the allegations in this paragraph.

18

19     **Answer to Paragraph 112:**  The allegations in this paragraph contain legal conclusions,

20  and therefore no response is required.  To the extent a response is required, MITAC America

21  denies the allegations in this paragraph.

22

23     **Answer to Paragraph 113:**  The allegations in this paragraph contain legal conclusions,

24  and therefore no response is required.  To the extent a response is required, MITAC America

25  denies the allegations in this paragraph.

26

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 26

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    **Answer to Paragraph 114:**  The allegations in this paragraph contain legal conclusions,

2    and therefore no response is required.  To the extent a response is required, MITAC America

3    denies the allegations in this paragraph.

4

5    **Count V: Violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.* (AeroTEC)**

6    **Answer to Paragraph 115:**  MITAC America incorporates by reference its answers to the

7    allegations in the preceding paragraphs.

8

9    **Answer to Paragraph 116:**   The allegations in this paragraph concern parties other than

10   MITAC America, and therefore no response is required.  To the extent a response is required,

11   MITAC America denies the allegations in this paragraph.

12

13   **Answer to Paragraph 117:**  The allegations in this paragraph concern parties other than

14   MITAC America, and therefore no response is required.  To the extent a response is required,

15   MITAC America denies the allegations in this paragraph.

16

17   **Answer to Paragraph 118:**  The allegations in this paragraph contain legal conclusions

18   and concern parties other than MITAC America, and therefore no response is required.  To the

19   extent a response is required, MITAC America denies the allegations in this paragraph.

20

21   **Answer to Paragraph 119:**  MITAC America admits that the MRJ is a narrow-body,

22   geared turbofan twin-engine jet aircraft.  MITAC America denies the characterization of the MRJ

23   as a "medium-range" jet aircraft. The remaining allegations in this paragraph contain legal

24   conclusions and concern parties other than MITAC America, and therefore no response is required.

25   To the extent a response is required, MITAC America denies that Bombardier has sufficiently

26   identified any purported trade secrets and further denies that MITAC America has misappropriated

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 27

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1   any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form
2   a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies
3   them.

5       **Answer to Paragraph 120:**  The allegations in this paragraph contain legal conclusions
6   and concern parties other than MITAC America, and therefore no response is required.  To the
7   extent a response is required, MITAC America denies that Bombardier has sufficiently identified
8   any purported trade secrets and further denies that MITAC America has misappropriated any
9   Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a
10  belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies
11  them.

13      **Answer to Paragraph 121:**  MITAC America admits that AeroTEC is working on the
14  MRJ project.  MITAC America further admits that MITAC America, and upon information and
15  belief AeroTEC, employ qualified individuals, some of whom formerly worked for other
16  aerospace companies around the world. The remaining allegations in this paragraph concern
17  parties other than MITAC America, and therefore no response is required. To the extent a response
18  is required, MITAC America denies that Bombardier has sufficiently identified any purported
19  trade secrets and further denies that MITAC America has misappropriated any Bombardier trade
20  secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth,
21  if any, of the remaining allegations in this paragraph, and therefore denies them.

23      **Answer to Paragraph 122:**  The allegations in this paragraph contain legal conclusions
24  and concern parties other than MITAC America, and therefore no response is required.  To the
25  extent a response is required, MITAC America denies that Bombardier has sufficiently identified
26  any purported trade secrets and further denies that MITAC America has misappropriated any

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 28

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4

Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

5
6
7
8
9
10
11
12

**Answer to Paragraph 123:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

13
14
15
16
17
18
19
20

**Answer to Paragraph 124:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

21
22
23
24
25
26

**Answer to Paragraph 125:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 29

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

### Count VI: Violation of the Washington Uniform Trade Secrets Act (WUTSA), RCW 19.108.010 *et seq.* (AeroTEC)

**Answer to Paragraph 126:** MITAC America incorporates by reference its answers to the allegations in the preceding paragraphs.

**Answer to Paragraph 127:** The allegations in this paragraph concern parties other than MITAC America, and therefore no response is required. To the extent a response is required, MITAC America denies the allegations in this paragraph.

**Answer to Paragraph 128:** The allegations in this paragraph concern parties other than MITAC America, and therefore no response is required. To the extent a response is required, MITAC America denies the allegations in this paragraph.

**Answer to Paragraph 129:** The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required. To the extent a response is required, MITAC America denies the allegations in this paragraph.

**Answer to Paragraph 130:** MITAC America admits that the MRJ is a narrow-body, geared turbofan twin-engine jet aircraft. MITAC America denies the characterization of the MRJ as a "medium-range" jet aircraft. The remaining allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required. To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated

MITSUBISHI AIRCRAFT CORPORATION AMERICA, INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS (No. 18-cv-1543 JLR) – 30

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1  any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form
2  a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies
3  them.
4
5  **Answer to Paragraph 131:**  The allegations in this paragraph contain legal conclusions
6  and concern parties other than MITAC America, and therefore no response is required.  To the
7  extent a response is required, MITAC America denies that Bombardier has sufficiently identified
8  any purported trade secrets and further denies that MITAC America has misappropriated any
9  Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a
10 belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies
11 them.
12
13 **Answer to Paragraph 132:**  MITAC America admits that AeroTEC is working on the
14 MRJ project. MITAC America further admits that MITAC America, and upon information and
15 belief AeroTEC, employ qualified individuals, some of whom formerly worked for other
16 aerospace companies around the world.   The remaining allegations in this paragraph concern
17 parties other than MITAC America, and therefore no response is required. To the extent a response
18 is required, MITAC America denies that Bombardier has sufficiently identified any purported
19 trade secrets and further denies that MITAC America has misappropriated any Bombardier trade
20 secrets. MITAC America lacks knowledge or information sufficient to form a belief as to the truth,
21 if any, of the remaining allegations in this paragraph, and therefore denies them.
22
23 **Answer to Paragraph 133:**  The allegations in this paragraph contain legal conclusions
24 and concern parties other than MITAC America, and therefore no response is required.  To the
25 extent a response is required, MITAC America denies that Bombardier has sufficiently identified
26 any purported trade secrets and further denies that MITAC America has misappropriated any

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 31

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 134:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 135:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 136:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a

MITSUBISHI AIRCRAFT CORPORATION AMERICA, INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS (No. 18-cv-1543 JLR) – 32

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

### Count VII: Tortious Interference with Contractual Relationship and/or Business Expectancy (MITAC)

**Answer to Paragraph 137:**  MITAC America incorporates by reference its answers to the allegations in the preceding paragraphs.

**Answer to Paragraph 138:**  The allegations in this paragraph concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies the allegations in this paragraph.

**Answer to Paragraph 139:**  The allegations in this paragraph concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies the allegations in this paragraph.

**Answer to Paragraph 140:**  The allegations in this paragraph concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies the allegations in this paragraph.

**Answer to Paragraph 141:**  The allegations in this paragraph concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies the allegations in this paragraph.

**Answer to Paragraph 142:**  The allegations in this paragraph concern parties other than MITAC America, and therefore no response is required. To the extent a response is required,

MITSUBISHI AIRCRAFT CORPORATION AMERICA, INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS (No. 18-cv-1543 JLR) – 33

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 143:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required. To the extent a response is required, MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 144:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required. To the extent a response is required, MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 145:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required. To the extent a response is required, MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

## Count VIII: Tortious Interference with Contractual Relationship and/or Business Expectancy (MITAC AMERICA)

**Answer to Paragraph 146:**  MITAC America incorporates by reference its answers to the allegations in the preceding paragraphs.

**Answer to Paragraph 147:**  Denied.

**Answer to Paragraph 148:**  Denied.

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 34

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2      **Answer to Paragraph 149:**  Denied.

3

4      **Answer to Paragraph 150:**  Denied.

5

6      **Answer to Paragraph 151:**  Denied.

7

8      **Answer to Paragraph 152:**  MITAC America admits that MITAC America employs

9   qualified individuals, some of whom formerly worked for other aerospace companies around the

10  world.  The remaining allegations in this paragraph contain legal conclusions, and therefore no

11  response is required.  To the extent a response is required, MITAC America denies the remaining

12  allegations in this paragraph.

13

14     **Answer to Paragraph 153:**  The allegations in this paragraph contain legal conclusions,

15  and therefore no response is required.  To the extent a response is required, MITAC America

16  denies the allegations in this paragraph.

17

18     **Answer to Paragraph 154:**  The allegations in this paragraph contain legal conclusions,

19  and therefore no response is required.  To the extent a response is required, MITAC America

20  denies the allegations in this paragraph.

21

22     <u>**Count IX: Tortious Interference with Contractual Relationship and/or Business**</u>

23     <u>**Expectancy (AeroTEC)**</u>

24     **Answer to Paragraph 155:**  MITAC America incorporates by reference its answers to the

25  allegations in the preceding paragraphs.

26

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 35

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    **Answer to Paragraph 156:**  The allegations in this paragraph concern parties other than

2  MITAC America, and therefore no response is required.  To the extent a response is required,

3  MITAC America denies the allegations in this paragraph.

4

5    **Answer to Paragraph 157:**  The allegations in this paragraph concern parties other than

6  MITAC America, and therefore no response is required.  To the extent a response is required,

7  MITAC America denies the allegations in this paragraph.

8

9    **Answer to Paragraph 158:**  The allegations in this paragraph concern parties other than

10  MITAC America, and therefore no response is required.  To the extent a response is required,

11  MITAC America denies the allegations in this paragraph.

12

13    **Answer to Paragraph 159:**  The allegations in this paragraph concern parties other than

14  MITAC America, and therefore no response is required.  To the extent a response is required,

15  MITAC America denies the allegations in this paragraph.

16

17    **Answer to Paragraph 160:**  The allegations in this paragraph concern parties other than

18  MITAC America, and therefore no response is required. To the extent a response is required,

19  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any,

20  of the allegations in this paragraph, and therefore denies them.

21

22    **Answer to Paragraph 161:**  The allegations in this paragraph contain legal conclusions

23  and concern parties other than MITAC America, and therefore no response is required. To the

24  extent a response is required, MITAC America lacks knowledge or information sufficient to form

25  a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

26

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 36

1

**Answer to Paragraph 162:**  The allegations in this paragraph contain legal conclusions

2

and concern parties other than MITAC America, and therefore no response is required. To the

3

extent a response is required, MITAC America lacks knowledge or information sufficient to form

4

a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

5

6

**Answer to Paragraph 163:**  The allegations in this paragraph contain legal conclusions

7

and concern parties other than MITAC America, and therefore no response is required. To the

8

extent a response is required, MITAC America lacks knowledge or information sufficient to form

9

a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

10

11

**Count X: Violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 _et seq._**

12

**(Laurus Basson)**

13

**Answer to Paragraph 164:**  MITAC America incorporates by reference its answers to the

14

allegations in the preceding paragraphs.

15

16

**Answer to Paragraph 165:**  The allegations in this paragraph concern parties other than

17

MITAC America, and therefore no response is required.  To the extent a response is required,

18

MITAC America denies that Bombardier has sufficiently identified any purported trade secrets

19

and further denies that MITAC America has misappropriated any Bombardier trade secrets.

20

MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any,

21

of the remaining allegations in this paragraph, and therefore denies them.

22

23

**Answer to Paragraph 166:**  The allegations in this paragraph concern parties other than

24

MITAC America, and therefore no response is required.  To the extent a response is required,

25

MITAC America denies that Bombardier has sufficiently identified any purported trade secrets

26

and further denies that MITAC America has misappropriated any Bombardier trade secrets.

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 37

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 167:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies the allegations in this paragraph.

**Answer to Paragraph 168:**  MITAC America admits that the MRJ is a narrow-body, geared turbofan twin-engine jet aircraft.  MITAC America denies the characterization of the MRJ as a "medium-range" jet aircraft. To the extent the remaining allegations in this paragraph concern MITAC America, those allegations are denied.  The remaining allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 169:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 38

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Answer to Paragraph 170:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.   To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 171:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.   To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 172:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2

**Count XI: Violation of the Washington Uniform Trade Secrets Act (WUTSA),**

**RCW 19.108.010 *et seq.* (Laurus Basson)**

3

4

5

**Answer to Paragraph 173:**  MITAC America incorporates by reference its answers to the allegations in the preceding paragraphs.

6

7

8

9

10

11

12

**Answer to Paragraph 174:**  The allegations in this paragraph concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets. MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them

13

14

15

16

17

18

19

**Answer to Paragraph 175:**  The allegations in this paragraph concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets. MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

20

21

22

23

**Answer to Paragraph 176:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies the allegations in this paragraph.

24

25

26

**Answer to Paragraph 177:**  MITAC America admits that the MRJ is a narrow-body, geared turbofan twin-engine jet aircraft.  MITAC America denies the characterization of the MRJ as a "medium-range" jet aircraft. To the extent the remaining allegations in this paragraph concern

MITAC America, those allegations are denied.  The remaining allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 178:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 179:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 180:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 41

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax:  206.359.9000

extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 181:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

## Count XII: Breach of Contract (Laurus Basson)

**Answer to Paragraph 182:**  MITAC America incorporates by reference its answers to the allegations in the preceding paragraphs.

**Answer to Paragraph 183:**  The allegations in this paragraph concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies the allegations in this paragraph.

**Answer to Paragraph 184:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

MITSUBISHI AIRCRAFT CORPORATION AMERICA, INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS (No. 18-cv-1543 JLR) – 42

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2    **Answer to Paragraph 185:**  MITAC America denies Bombardier's Code of Ethics is

3   violated when employees email themselves documents. The remaining allegations in this

4   paragraph contain legal conclusions and concern parties other than MITAC America, and therefore

5   no response is required. To the extent a response is required, MITAC America lacks knowledge

6   or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph,

7   and therefore denies them.

8

9    **Answer to Paragraph 186:**  The allegations in this paragraph contain legal conclusions

10  and concern parties other than MITAC America, and therefore no response is required. To the

11  extent a response is required, MITAC America lacks knowledge or information sufficient to form

12  a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

13

14    **Count XIII: Violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 _et seq._**

15    **(Marc-Antoine Delarche)**

16    **Answer to Paragraph 187:**  MITAC America incorporates by reference its answers to the

17  allegations in the preceding paragraphs.

18

19    **Answer to Paragraph 188:**  The allegations in this paragraph concern parties other than

20  MITAC America, and therefore no response is required.  To the extent a response is required,

21  MITAC America denies that Bombardier has sufficiently identified any purported trade secrets

22  and further denies that MITAC America has misappropriated any Bombardier trade secrets.

23  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any,

24  of the remaining allegations in this paragraph, and therefore denies them.

25

26

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 43

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2

3

4

5

6

7

**Answer to Paragraph 189:**  The allegations in this paragraph concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets. MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

8

9

10

11

**Answer to Paragraph 190:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies the allegations in this paragraph.

12

13

14

15

16

17

18

19

20

21

22

**Answer to Paragraph 191:**  MITAC America admits that the MRJ is a narrow-body, geared turbofan twin-engine jet aircraft.  MITAC America denies the characterization of the MRJ as a "medium-range" jet aircraft..  To the extent the remaining allegations in this paragraph concern MITAC America, those allegations are denied.  The remaining allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

23

24

25

26

**Answer to Paragraph 192:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 44

Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 193:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 194:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them

**Answer to Paragraph 195:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required. To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 45

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1  belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies

2  them

3

4  **Count XIV: Violation of the Washington Uniform Trade Secrets Act (WUTSA),**

5  **RCW 19.108.010 *et seq.* (Marc-Antoine Delarche)**

6     **Answer to Paragraph 196:**  MITAC America incorporates by reference its answers to the

7  allegations in the preceding paragraphs.

8

9     **Answer to Paragraph 197:**  The allegations in this paragraph concern parties other than

10  MITAC America, and therefore no response is required. To the extent a response is required,

11  MITAC America denies that Bombardier has sufficiently identified any purported trade secrets

12  and further denies that MITAC America has misappropriated any Bombardier trade secrets.

13  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any,

14  of the remaining allegations in this paragraph, and therefore denies them.

15

16     **Answer to Paragraph 198:**  The allegations in this paragraph concern parties other than

17  MITAC America, and therefore no response is required. To the extent a response is required,

18  MITAC America denies that Bombardier has sufficiently identified any purported trade secrets

19  and further denies that MITAC America has misappropriated any Bombardier trade secrets.

20  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any,

21  of the remaining allegations in this paragraph, and therefore denies them.

22

23     **Answer to Paragraph 199:**  The allegations in this paragraph contain legal conclusions

24  and concern parties other than MITAC America, and therefore no response is required.  To the

25  extent a response is required, MITAC America denies the allegations in this paragraph.

26

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 46

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2          **Answer to Paragraph 200:**   MITAC America admits that the MRJ is a narrow-body,

3   geared turbofan twin-engine jet aircraft.   MITAC America denies the characterization of the MRJ

4   as a "medium-range" jet aircraft..  To the extent the remaining allegations in this paragraph concern

5   MITAC America, those allegations are denied.   The remaining allegations in this paragraph

6   contain legal conclusions and concern parties other than MITAC America, and therefore no

7   response is required.   To the extent a response is required, MITAC America denies that

8   Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC

9   America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge

10  or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this

11  paragraph, and therefore denies them.

12          **Answer to Paragraph 201:**   The allegations in this paragraph contain legal conclusions

13  and concern parties other than MITAC America, and therefore no response is required. To the

14  extent a response is required, MITAC America denies that Bombardier has sufficiently identified

15  any purported trade secrets and further denies that MITAC America has misappropriated any

16  Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a

17  belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies

18  them.

19

20          **Answer to Paragraph 202:**   The allegations in this paragraph contain legal conclusions

21  and concern parties other than MITAC America, and therefore no response is required.  To the

22  extent a response is required, MITAC America denies that Bombardier has sufficiently identified

23  any purported trade secrets and further denies that MITAC America has misappropriated any

24  Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a

25  belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies

26  them.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2      **Answer to Paragraph 203:**  The allegations in this paragraph contain legal conclusions

3  and concern parties other than MITAC America, and therefore no response is required.  To the

4  extent a response is required, MITAC America denies that Bombardier has sufficiently identified

5  any purported trade secrets and further denies that MITAC America has misappropriated any

6  Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a

7  belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies

8  them.

9

10     **Answer to Paragraph 204:**  The allegations in this paragraph contain legal conclusions

11  and concern parties other than MITAC America, and therefore no response is required.  To the

12  extent a response is required, MITAC America denies that Bombardier has sufficiently identified

13  any purported trade secrets and further denies that MITAC America has misappropriated any

14  Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a

15  belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies

16  them.

17

18                  **Count XV: Breach of Contract (Marc-Antoine Delarche)**

19     **Answer to Paragraph 205:**  MITAC America incorporates by reference its answers to the

20  allegations in the preceding paragraphs.

21

22     **Answer to Paragraph 206:**  The allegations in this paragraph concern parties other than

23  MITAC America, and therefore no response is required.  To the extent a response is required,

24  MITAC America denies the allegations in this paragraph.

25

26

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 48

**Answer to Paragraph 207:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 208:**  MITAC America denies Bombardier's Code of Ethics is violated when employees email themselves documents. The remaining allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required. To the extent a response is required, MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 209:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required. To the extent a response is required, MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

## Count XVI: Violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.*
### (Cindy Dornéval)

**Answer to Paragraph 210:**  MITAC America incorporates by reference its answers to the allegations in the preceding paragraphs.

**Answer to Paragraph 211:**  The allegations in this paragraph concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 49

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 212:** The allegations in this paragraph concern parties other than MITAC America, and therefore no response is required. To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets. MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 213:** The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required. To the extent a response is required, MITAC America denies the allegations in this paragraph.

**Answer to Paragraph 214:** MITAC America admits that the MRJ is a narrow-body, geared turbofan twin-engine jet aircraft. MITAC America denies the characterization of the MRJ as a "medium-range" jet aircraft. To the extent the remaining allegations in this paragraph concern MITAC America, those allegations are denied. The remaining allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required. To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets. MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2

3

4

5

6

7

8

**Answer to Paragraph 215:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

9

10

11

12

13

14

15

16

**Answer to Paragraph 216:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required. To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

17

18

19

20

21

22

23

24

**Answer to Paragraph 217:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

25

26

**Answer to Paragraph 218:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 51

1   extent a response is required, MITAC America denies that Bombardier has sufficiently identified

2   any purported trade secrets and further denies that MITAC America has misappropriated any

3   Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a

4   belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies

5   them.

6

7   **Count XVII: Violation of the Washington Uniform Trade Secrets Act (WUTSA),**

8   **RCW 19.108.010 *et seq.* (Cindy Dornéval)**

9       **Answer to Paragraph 219:**  MITAC America incorporates by reference its answers to the

10  allegations in the preceding paragraphs.

11

12      **Answer to Paragraph 220:**  The allegations in this paragraph concern parties other than

13  MITAC America, and therefore no response is required.  To the extent a response is required,

14  MITAC America denies that Bombardier has sufficiently identified any purported trade secrets

15  and further denies that MITAC America has misappropriated any Bombardier trade secrets.

16  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any,

17  of the remaining allegations in this paragraph, and therefore denies them.

18

19      **Answer to Paragraph 221:**  The allegations in this paragraph concern parties other than

20  MITAC America, and therefore no response is required.  To the extent a response is required,

21  MITAC America denies that Bombardier has sufficiently identified any purported trade secrets

22  and further denies that MITAC America has misappropriated any Bombardier trade secrets.

23  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any,

24  of the remaining allegations in this paragraph, and therefore denies them.

25

26

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 52

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**Answer to Paragraph 222:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies the allegations in this paragraph.

**Answer to Paragraph 223:**  MITAC America admits that the MRJ is a narrow-body, geared turbofan twin-engine jet aircraft.  MITAC America denies the characterization of the MRJ as a "medium-range" jet aircraft..  To the extent the remaining allegations in this paragraph concern MITAC America, those allegations are denied.  The remaining allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 224:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 225:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 53

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax:  206.359.9000

any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 226:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 227:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

## Count XVIII: Breach of Contract (Cindy Dornéval)

**Answer to Paragraph 228:**  MITAC America incorporates by reference its answers to the allegations in the preceding paragraphs.

MITSUBISHI AIRCRAFT CORPORATION AMERICA, INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS (No. 18-cv-1543 JLR) – 54

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2  **Answer to Paragraph 229:**  The allegations in this paragraph concern parties other than

3  MITAC America, and therefore no response is required.  To the extent a response is required,

4  MITAC America denies the allegations in this paragraph.

5  **Answer to Paragraph 230:**  The allegations in this paragraph contain legal conclusions

6  and concern parties other than MITAC America, and therefore no response is required.  To the

7  extent a response is required, MITAC America lacks knowledge or information sufficient to form

8  a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

9

10  **Answer to Paragraph 231:**  MITAC America denies Bombardier's Code of Ethics is

11  violated when employees email themselves documents. The allegations in this paragraph contain

12  legal conclusions and concern parties other than MITAC America, and therefore no response is

13  required. To the extent a response is required, MITAC America lacks knowledge or information

14  sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore

15  denies them.

16

17  **Answer to Paragraph 232:**  The allegations in this paragraph contain legal conclusions

18  and concern parties other than MITAC America, and therefore no response is required. To the

19  extent a response is required, MITAC America lacks knowledge or information sufficient to form

20  a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

21

22  **Count XIX: Violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.***

23  **(Michel Korwin-Szymanowski)**

24  **Answer to Paragraph 233:**  MITAC America incorporates by reference its answers to the

25  allegations in the preceding paragraphs.

26

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 55

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2

3

4

**Answer to Paragraph 234:**  The allegations in this paragraph concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies the allegations in this paragraph.

5

6

7

8

**Answer to Paragraph 235:**  The allegations in this paragraph concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies the allegations in this paragraph.

9

10

11

12

**Answer to Paragraph 236:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies the allegations in this paragraph.

13

14

15

16

17

18

19

20

21

22

23

**Answer to Paragraph 237:**  MITAC America admits that the MRJ is a narrow-body, geared turbofan twin-engine jet aircraft.  MITAC America denies the characterization of the MRJ as a "medium-range" jet aircraft. To the extent the remaining allegations in this paragraph concern MITAC America, those allegations are denied.  The remaining allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

24

25

26

**Answer to Paragraph 238:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 56

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax:  206.359.9000

any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 239:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 240:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 241:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a

MITSUBISHI AIRCRAFT CORPORATION AMERICA, INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS (No. 18-cv-1543 JLR) – 57

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1 belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies

2 them.

3

4 **Count XX: Violation of the Washington Uniform Trade Secrets Act (WUTSA),**

5 **RCW 19.108.010 *et seq.* (Michel Korwin-Szymanowski)**

6 **Answer to Paragraph 242:**  MITAC America incorporates by reference its answers to the

7 allegations in the preceding paragraphs.

8

9 **Answer to Paragraph 243:**  The allegations in this paragraph concern parties other than

10 MITAC America, and therefore no response is required.  To the extent a response is required,

11 MITAC America denies the allegations in this paragraph.

12

13 **Answer to Paragraph 244:**  The allegations in this paragraph concern parties other than

14 MITAC America, and therefore no response is required.  To the extent a response is required,

15 MITAC America denies the allegations in this paragraph.

16

17 **Answer to Paragraph 245:**  The allegations in this paragraph contain legal conclusions

18 and concern parties other than MITAC America, and therefore no response is required.  To the

19 extent a response is required, MITAC America denies the allegations in this paragraph.

20

21 **Answer to Paragraph 246:**  MITAC America admits that the MRJ is a narrow-body,

22 geared turbofan twin-engine jet aircraft.  MITAC America denies the characterization of the MRJ

23 as a "medium-range" jet aircraft. To the extent the remaining allegations in this paragraph concern

24 MITAC America, those allegations are denied.  The remaining allegations in this paragraph

25 contain legal conclusions and concern parties other than MITAC America, and therefore no

26 response is required.  To the extent a response is required, MITAC America denies that

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 58

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 247:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 248:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 249:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 59

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 250:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

## Count XXI: Tortious Interference with Contractual Relationship and/or Business Expectancy (Michel Korwin-Szymanowski)

**Answer to Paragraph 251:**  MITAC America incorporates by reference its answers to the allegations in the preceding paragraphs.

**Answer to Paragraph 252:**  The allegations in this paragraph concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies the allegations in this paragraph.

**Answer to Paragraph 253:**  The allegations in this paragraph concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies the allegations in this paragraph.

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 60

1

2      **Answer to Paragraph 254:**  The allegations in this paragraph concern parties other than

3   MITAC America, and therefore no response is required.  To the extent a response is required,

    MITAC America denies the allegations in this paragraph.
4

5      **Answer to Paragraph 255:**  The allegations in this paragraph concern parties other than

6   MITAC America, and therefore no response is required.  To the extent a response is required,

7   MITAC America denies the allegations in this paragraph.

8

9      **Answer to Paragraph 256:**  The allegations in this paragraph concern parties other than

10  MITAC America, and therefore no response is required. To the extent a response is required,

11  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any,

12  of the allegations in this paragraph, and therefore denies them.

13

14     **Answer to Paragraph 257:**  The allegations in this paragraph contain legal conclusions

15  and concern parties other than MITAC America, and therefore no response is required. To the

16  extent a response is required, MITAC America lacks knowledge or information sufficient to form

17  a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

18

19     **Answer to Paragraph 258:**  The allegations in this paragraph contain legal conclusions

20  and concern parties other than MITAC America, and therefore no response is required. To the

21  extent a response is required, MITAC America lacks knowledge or information sufficient to form

22  a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

23  MITAC America further denies that Bombardier has sufficiently identified any purported trade

24  secrets and also denies that MITAC America has misappropriated any Bombardier trade secrets.

25

26

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 61

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**Answer to Paragraph 259:** The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required. To the extent a response is required, MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

## Count XXII: Violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.*
## (Keith Ayre)

**Answer to Paragraph 260:** MITAC America incorporates by reference its answers to the allegations in the preceding paragraphs.

**Answer to Paragraph 261:** The allegations in this paragraph concern parties other than MITAC America, and therefore no response is required. To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets. MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 262:** The allegations in this paragraph concern parties other than MITAC America, and therefore no response is required. To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets. MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 62

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**Answer to Paragraph 263:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies the allegations in this paragraph.

**Answer to Paragraph 264:**  MITAC America admits that the MRJ is a narrow-body, geared turbofan twin-engine jet aircraft.  MITAC America denies the characterization of the MRJ as a "medium-range" jet aircraft. To the extent the remaining allegations in this paragraph concern MITAC America, those allegations are denied.  The remaining allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 265:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 266:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 63

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 267:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 268:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

## Count XXIII: Violation of the Washington Uniform Trade Secrets Act (WUTSA), RCW 19.108.010 *et seq.* (Keith Ayre)

**Answer to Paragraph 269:**  MITAC America incorporates by reference its answers to the allegations in the preceding paragraphs.

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 64

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**Answer to Paragraph 270:**  The allegations in this paragraph concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets. MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 271:**  The allegations in this paragraph concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets. MITAC America lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Answer to Paragraph 272:**  The allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies the allegations in this paragraph.

**Answer to Paragraph 273:**  MITAC America admits that the MRJ is a narrow-body, geared turbofan twin-engine jet aircraft.  MITAC America denies the characterization of the MRJ as a "medium-range" jet aircraft. To the extent the remaining allegations in this paragraph concern MITAC America, those allegations are denied.  The remaining allegations in this paragraph contain legal conclusions and concern parties other than MITAC America, and therefore no response is required.  To the extent a response is required, MITAC America denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC America has misappropriated any Bombardier trade secrets.  MITAC America lacks knowledge

MITSUBISHI AIRCRAFT CORPORATION AMERICA, INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS (No. 18-cv-1543 JLR) – 65

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax:  206.359.9000

1   or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this
2   paragraph, and therefore denies them.

3

4       **Answer to Paragraph 274:**  The allegations in this paragraph contain legal conclusions
5   and concern parties other than MITAC America, and therefore no response is required.  To the
6   extent a response is required, MITAC America denies that Bombardier has sufficiently identified
7   any purported trade secrets and further denies that MITAC America has misappropriated any
8   Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a
9   belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies
10  them.

11

12      **Answer to Paragraph 275:**  The allegations in this paragraph contain legal conclusions
13  and concern parties other than MITAC America, and therefore no response is required.  To the
14  extent a response is required, MITAC America denies that Bombardier has sufficiently identified
15  any purported trade secrets and further denies that MITAC America has misappropriated any
16  Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a
17  belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies
18  them.

19

20      **Answer to Paragraph 276:**  The allegations in this paragraph contain legal conclusions
21  and concern parties other than MITAC America, and therefore no response is required.  To the
22  extent a response is required, MITAC America denies that Bombardier has sufficiently identified
23  any purported trade secrets and further denies that MITAC America has misappropriated any
24  Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a
25  belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies
26  them.

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 66

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2    **Answer to Paragraph 277:**  The allegations in this paragraph contain legal conclusions

3    and concern parties other than MITAC America, and therefore no response is required.  To the

4    extent a response is required, MITAC America denies that Bombardier has sufficiently identified

5    any purported trade secrets and further denies that MITAC America has misappropriated any

6    Bombardier trade secrets.  MITAC America lacks knowledge or information sufficient to form a

7    belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies

8    them.

9

10                                  **AFFIRMATIVE DEFENSES**

11        Further answering and as additional defenses, MITAC America states the following. By

12   raising the following additional defenses, MITAC America does not assume the burden of proof

13   of any issue that, as a matter of law, is Bombardier's burden to prove. MITAC America further

14   does not admit any allegation of the Complaint not otherwise admitted and expressly incorporates

15   the admissions and denials in paragraphs 1-276, above. MITAC America reserves the right to

16   amend or augment these defenses based on further investigation and discovery.  MITAC America

17   explicitly incorporates its motion to dismiss and the allegations in its Counterclaims, below, into

18   its affirmative defenses.

19

20                                  **First Affirmative Defense**

21        **(Failure to State a Claim for Federal Trade Secret Misappropriation)**

22        Bombardier has failed to state a claim for trade secret misappropriation under the Defend

23   Trade Secrets Act upon which relief may be granted.

24

25

26

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 67

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

### **Second Affirmative Defense**

2

### **(Failure to State a Claim for Washington Trade Secret Misappropriation)**

3

Bombardier has failed to state a claim for trade secret misappropriation under the

4

Washington Uniform Trade Secrets Act upon which relief may be granted.

5

6

### **Third Affirmative Defense**

7

### **(The Alleged Trade Secrets Are Not Secrets)**

8

One or more of Bombardier's alleged trade secrets are not secrets, were not the subject of

9

reasonable efforts to maintain their secrecy, and/or have been publicly disclosed.

10

11

### **Fourth Affirmative Defense**

12

### **(Forfeiture/Abandonment)**

13

Bombardier's trade secret misappropriation claims are barred to the extent it has forfeited

14

or abandoned its trade secrets.

15

16

### **Fifth Affirmative Defense**

17

### **(No Access)**

18

MITAC America did not have access to the purported trade secrets allegedly

19

misappropriated.

20

21

### **Sixth Affirmative Defense**

22

### **(No Use)**

23

MITAC America has not made use of the purported trade secrets allegedly

24

misappropriated.

25

26

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 68

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

**Seventh Affirmative Defense**

2

**(No Damages)**

3      None of the actions Bombardier claims were taken by MITAC America caused Bombardier

4   any damages.

5

6

**Eighth Affirmative Defense**

7

**(Failure to Mitigate)**

8      Bombardier's trade secret claim is barred from recovery of damages, in whole or in part,

9   because Bombardier failed and neglected to exercise reasonable care and diligence and mitigate

10   the damages claimed.

11

12

**Ninth Affirmative Defense**

13

**(Acts of Others)**

14      Any damages, if any, sustained by Bombardier were caused, in whole or in part, by the

15   conduct of others for which MITAC America is not liable or responsible.

16

17

**Tenth Affirmative Defense**

18

**(Bad Faith Enforcement)**

19      Bombardier's causes of action have been brought in bad faith. Bombardier filed this lawsuit

20   against MITAC America for anticompetitive reasons.

21

22

**Eleventh Affirmative Defense**

23

**(Unclean Hands)**

24      Bombardier's claims are barred for acting in bad faith with respect to the subject of the

25   complaint, including but not limited to Bombardier's interference with MITAC America's

26   business and Bombardier's bad faith attempts to mar MITAC America's reputation.

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 69

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2
## **Twelfth Affirmative Defense**
3
## **(Laches and/or Equitable Estoppel)**
4
Bombardier has delayed inexcusably and unreasonably in the filing of this action causing
5
substantial prejudice to MITAC America, and thus Bombardier's claims are barred by the
6
equitable doctrine of laches and/or equitable estoppel.
7

8
## **Thirteenth Affirmative Defense**
9
## **(Adequate Remedy at Law/No Irreparable Harm)**
10
Bombardier is not entitled to any equitable or injunctive relief as prayed for in the
11
Complaint because Bombardier has suffered no irreparable injury based upon any alleged conduct
12
MITAC America, and Bombardier has an adequate remedy at law for any such conduct.
13

14
## **Fourteenth Affirmative Defense**
15
## **(No Standing)**
16
Bombardier lacks standing to assert its trade secret misappropriation claims.
17

18
## **Fifteenth Affirmative Defense**
19
## **(Failure to State a Claim for Tortious Interference)**
20
Bombardier has failed to state a claim for tortious interference of contractual relationship
21
and/or business expectancy under Washington state law upon which relief may be granted.
22

23
## **Sixteenth Affirmative Defense**
24
## **(Competition)**
25
Bombardier's tortious interference claim is barred to the extent MITAC America's conduct
26
constituted fair or proper competition.

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 70

**Seventeenth Affirmative Defense**

**(Preemption)**

Bombardier's tortious interference claim is preempted by RCW 19.108.900.

**Eighteenth Affirmative Defense**

**(Other Defenses)**

MITAC America intends to rely on any other defenses that may be available by law, or pursuant to statute, of which it becomes aware as a result of discovery or otherwise during this matter, and hereby reserves the right to assert such defenses.

**COUNTERCLAIMS**

In and for its Counterclaims against Bombardier Inc. ("Bombardier"), Mitsubishi Aircraft Corporation America, Inc. ("MITAC America") alleges as follows:

**I.     INTRODUCTION**

1.     Since 2015, Bombardier has engaged in a multifaceted scheme to expand its power within the regional jet market by impeding the entrance of a new competing aircraft: the Mitsubishi Regional Jet ("MRJ"). Through a series of interrelated actions directed at MITAC America and other companies and individuals involved in the MRJ's development and certification, Bombardier has attempted to prevent or delay competition from the MRJ by denying access to a critical development input—the skill and know-how of experienced aerospace professionals—and by tainting the image of the MRJ among purchasers of regional jets. Bombardier's anticompetitive aims are clear: to increase its market share and revenues by causing prospective MRJ customers to instead purchase Bombardier's competing Canadair Regional Jets ("CRJs") or extend the lives of in-service CRJs through the purchase of parts, maintenance, and other aftermarket services from Bombardier.

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 71

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    2.    Bombardier's scheme has included a series of actions intended to delay and

2  disrupt the development, certification, and sale of the MRJ.  Over the course of the past three

3  years, Bombardier has: (1) levied baseless threats and accusations against MITAC America and

4  others involved in developing the MRJ—including Mitsubishi Aircraft Corporation ("MITAC"),

5  Mitsubishi Heavy Industries, Ltd. ("MHI"), Aerospace Testing Engineering & Certification, Inc.

6  ("AeroTEC"), and those companies' current and prospective employees—in order to restrict the

7  free flow of skilled labor; (2) made threats against its own employees to deter them from

8  accepting employment on the MRJ program; (3) attempted to coerce MITAC America, MITAC,

9  and AeroTEC to enter into per se unlawful no-poaching agreements in order to undermine

10  recruitment and hiring activities in support of the MRJ program; (4) threatened the long-standing

11  supply relationship between MHI and Bombardier in an attempt to achieve its illicit ends; and (5)

12  initiated this litigation in a further effort to delay the MRJ program, undermine prospective

13  customers' and suppliers' confidence in the MRJ, and impair the efforts of MITAC America and

14  MITAC to sell the MRJ during a critical period for regional jet services.

15    3.    The purported justifications for Bombardier's demands have changed over time,

16  but the purpose and intended effect of its conduct have been consistent, as demonstrated by

17  Bombardier's own statements confirming its intent to block competition from the MRJ.  This

18  litigation is the latest in a series of efforts taken by Bombardier to blunt an emerging competitive

19  threat in an attempt to monopolize the regional jet market.  Bombardier's anticompetitive

20  conduct violates the Sherman Act and the Washington Consumer Protection Act.

## II.    THE PARTIES

22    4.    Counterclaim Plaintiff MITAC America is a Delaware corporation with its

23  principal place of business in Seattle, Washington.  MITAC America is a wholly-owned

24  subsidiary of MITAC, a Japanese corporation.  MITAC is a subsidiary of MHI, also a Japanese

25  corporation.  Together, these companies are referred to herein as "Mitsubishi."

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 72

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

5.      Counterclaim Defendant Bombardier, on information and belief, is a corporation organized and existing under the laws of the province of Quebec, Canada, with its principal place of business in Montreal, Quebec, Canada.

### III.      JURISDICTION AND VENUE

6.      MITAC America brings its claims against Bombardier under Section 2 of the Sherman Antitrust Act, 15 U.S.C. § 2, and the Washington Consumer Protection Act, RCW ch. 19.86.

7.      The Court has subject-matter jurisdiction over MITAC America's counterclaims under 15 U.S.C. § 2 pursuant to 28 U.S.C. §§ 1331 and 1337.  The Court has subject-matter jurisdiction over MITAC America's counterclaims under Washington state law pursuant to 28 U.S.C. § 1367 because the state-law claims arise out of the same case or controversy as gives rise to MITAC America's counterclaims under the Sherman Act.

8.      The Court has personal jurisdiction over Bombardier because Bombardier consented to the Court's jurisdiction over it by filing this action in this Court and because Bombardier has committed unlawful acts within Washington that give rise to the causes of action alleged herein.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this judicial district and pursuant to 28 U.S.C. § 1391(c) because Bombardier is not a resident of any judicial district and Bombardier is subject to the court's personal jurisdiction, including by virtue of Bombardier's filing of this action in this Court.

### IV.      FACTUAL BACKGROUND

**A.      Mitsubishi's Efforts to Enter the Regional Jet Market**

10.      Regional jets are single-aisle, turbofan-powered commercial aircraft with seating capacity for 50 to 100 passengers and flight ranges up to approximately 2,500 nautical miles.

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 73

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

11.     The first regional jets entered service in 1992 when Bombardier began delivery of its Canadair Regional Jet ("CRJ").  Prior to introduction of the CRJ100, demand for short to medium-range aircraft had increased due in part to U.S. airlines' increasing use of a hub-and-spoke system (which increased the number of flights between larger "hub" airports and smaller "spoke" airports) after passage of the 1978 Airline Deregulation Act.  Neither turboprop airplanes nor existing jets were capable of meeting the market demand for fast, efficient, quiet, and smooth midsized aircraft needed to service an increasing number of routes worldwide.  As the first jet capable of filling the gap between the operating capabilities of short-haul turboprop airplanes and larger capacity, longer range jets, the CRJ100 quickly surpassed analysts' sales expectations and established Bombardier's position as the leader in the regional jet market.

12.     Bombardier was the sole manufacturer of regional jets until late 1996, when Brazilian jet maker Embraer SA ("Embraer") delivered its first Embraer Regional Jet ("ERJ"). Since then, Bombardier and Embraer have dominated the market for regional jets, accounting for 89% of in-service regional jets worldwide over the past decade, and as of 2018.  British Aerospace and Fokker briefly attempted to compete with Bombardier and Embraer in the regional jet market, but neither succeeded in gaining a foothold and both ultimately ceased manufacturing regional jets.  Russian-based United Aircraft Corporation and Chinese state-owned Commercial Aircraft Corporation of China have made some inroads in their home markets but together only account for approximately 4% of in-service regional jets as of 2018.

13.     The barriers faced by new entrants into the regional jet market are significant. As explained further below, these barriers include the cost of developing a regional jet, the complexity of the development and certification process, manufacturing requirements and costs, the challenges of earning customer trust for a new aircraft, and the costs associated with an airline's decision to switch to a new manufacturer's aircraft.  Among the many barriers to entry is the finite supply of engineers with the skills and know-how necessary to the development and

MITSUBISHI AIRCRAFT CORPORATION AMERICA, INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS (No. 18-cv-1543 JLR) – 74

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

certification of commercial jets.  Restrictions on the mobility of employees with these specialized skills and know-how can serve as an additional barrier to entry.

14.    Due to the limited supply and vital importance of engineers with specialized skills and know-how, aircraft manufacturers (including companies seeking to enter the market) frequently seek to recruit and hire such employees from other aerospace companies.  For example, when Bombardier was developing its own expertise in support of certification of the CRJ100, it recruited heavily from British Aerospace, which at the time was a leading jet manufacturer.  Similarly, in 1997—the year after Embraer began competing against Bombardier in the regional jet market—Bombardier recruited and hired at least a dozen engineers from Embraer.  More recently, Bombardier hired at least 50 experienced aeronautical engineers from Embraer to work on the development of its CSeries family of narrowbody jets.  On information and belief, Bombardier recruited and hired these Embraer employees so that Bombardier could benefit from the specialized skills and know-how that the employees had developed through their work on Embraer jets.  On information and belief, Embraer likewise has hired skilled employees from Bombardier.

15.    In March 2008, MHI announced the launch of a program to develop the MRJ, a next-generation regional jet that seeks to be the most efficient, comfortable, and reliable commercial aircraft of its type to ever take flight. MITAC and MITAC America were formed in 2008 to lead the MRJ program, including the development, marketing, and sale of the MRJ.  The MRJ is being designed to burn 20% less fuel and make 40% less noise compared to existing regional jets.  As such, the MRJ is expected to pose formidable competition to Bombardier in the regional jet market.

16.    The MRJ is a "clean sheet" aircraft, which means the design is new, not based on a prior previously certified plane.  Development and certification of a clean sheet aircraft is a complex, costly, and lengthy process.  As Bombardier acknowledges in its complaint, even experienced manufacturers typically spend several billion dollars and upwards of ten years

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 75

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

bringing a clean sheet aircraft from concept and design to commercialization and flight.  (*See* Dkt. 1 at ¶¶ 24-27.)  Unexpected setbacks and delays during the development process are also not atypical.  Certification flight testing of the MRJ is currently expected to begin in early 2019 with the MRJ entering into service in 2020.

17.    The MRJ will be the first all-new commercial jet developed in large part by a Japanese company since the 1960s.  Consequently, at the time the MRJ program was launched, few individuals in Japan possessed expertise related to the development and certification of aircraft.

18.    To support their efforts to bring the MRJ to market, including by obtaining required certification from regulatory authorities in the United States, Japan, Canada, and Europe, MITAC and MITAC America have sought to obtain expert assistance from outside Japan.  Since mid-2014, MITAC has partnered with AeroTEC, a company based in Seattle, Washington that specializes in the testing, engineering, and certification of aircraft for its clients.  In July 2015, MITAC America opened its Seattle Engineering Center to assist in testing and certification efforts for the MRJ.  The following summer, in August 2016, MITAC America opened a Flight Test Center in Moses Lake, Washington.

19.    In order to meet their human resources needs, MITAC, MITAC America, and AeroTEC have undertaken efforts to recruit and hire individuals with specialized skill and know-how related to the development and certification of regional jets.

20.    As detailed further below, beginning in 2015, AeroTEC advertised that it was hiring for positions related to flight testing of the MRJ, held job fairs to identify potential candidates, and engaged in other recruitment activities both through recruiters and via direct communications with potential hires.

21.    In 2016, MITAC and MITAC America sought to recruit and hire over 200 aircraft system engineers to work on certification activities of the MRJ aircraft.  As part of their efforts, the companies held eight job fairs in cities throughout North America in 2016: Wichita, Kansas

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 76

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax:  206.359.9000

1  (May 6-7), Anaheim, California (June 18-19), Dallas, Texas (June 24-25), Montreal, Quebec

2  (July 15-16), and Seattle, Washington (July 30-31, August 19-20, October 28, and December 3).

3  Those cities were chosen because each was well-known to be the home of sizeable aerospace

4  companies and thus job fairs in those cities were expected to result in sizeable pools of qualified

5  job applicants.  Through the eight job fairs held in 2016, MITAC hired a total of 28 employees, 9

6  of whom had previously been employed by Bombardier.

7       22.     In addition to holding job fairs, MITAC and MITAC America have publicized job

8  openings via the website LinkedIn.com and have engaged recruiting firms to identify job

9  candidates.  All told, MITAC and MITAC America have together recruited and hired candidates

10 from the leading jet manufacturers (including Boeing, Airbus, and Embraer) as well as systems

11 suppliers and government agencies.

12      23.     The singular purpose of MITAC and MITAC America's recruiting efforts was to

13 meet the human resources needs of the MRJ program.  Neither MITAC nor MITAC America

14 sought to disrupt or interfere with the business operations of Bombardier or any other company

15 nor to acquire any company's proprietary intellectual property.  Nor did MITAC or MITAC

16 America believe that any such disruption or interference with Bombardier's operations was

17 possible given Bombardier's immense size and its long history of experience with jet

18 development and certification.  On information and belief, AeroTEC's own recruiting efforts

19 were similarly motivated only by its desire to meet its own human resources needs, not to disrupt

20 the operations of Bombardier or any other company or to acquire any company's proprietary

21 intellectual property.

22 **B.      Bombardier's Predatory Scheme to Thwart Competition in the Regional Jet Market**

23      24.     Since late 2015, Bombardier has engaged in a multifaceted scheme to restrain

24 competition in the regional jet market by impeding and delaying the development, certification,

25 and sale of the MRJ.  Bombardier's anticompetitive conduct has included a series of spurious

26 and improper threats and allegations against Mitsubishi, AeroTEC, and former and current

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 77

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

1   Bombardier employees that were intended to prevent and impede competition from the MRJ.

2   Bombardier's attempts to prevent Mitsubishi and AeroTEC from hiring, retaining, and utilizing

3   highly-skilled individuals critical to the development and certification of the MRJ have included

4   its efforts to: coerce Mitsubishi and AeroTEC to enter per se illegal no-poach agreements or

5   otherwise refrain from the legitimate recruitment and hiring of Bombardier employees (including

6   via threats that the Bombardier-MHI supply relationship would be threatened if Bombardier's

7   illegal demands were not heeded); deter potential job candidates from applying for or accepting

8   employment related to the MRJ program; and limit the ability of former Bombardier employees

9   to perform legitimate job functions in support of the MRJ effort.  At the same time, Bombardier

10  has attempted to impair Mitsubishi's reputation and goodwill, including among current and

11  potential MRJ customers and suppliers, by falsely insinuating that the success of the MRJ

12  program is dependent on misappropriated trade secrets, thus sullying the image of the MRJ and

13  creating doubt and uncertainty about whether the MRJ will be able to meet development and

14  production deadlines and enter the market notwithstanding Bombardier's lawsuit.  All of these

15  actions were taken as part of an overarching plot to monopolize and reduce competition in the

16  regional jet market.

17        25.     Bombardier's efforts to undermine the development of the MRJ began no later

18  than October 22, 2015 when Bombardier's Director of Legal Services wrote to AeroTEC and its

19  Head of MRJ Flight Testing, Michel Korwin-Szymanowski, threatening to "institute legal

20  proceedings" unless AeroTEC and Mr. Korwin-Szymanowski ceased efforts to recruit

21  Bombardier and Learjet employees.  (*See* Ex. A (October 22, 2015 correspondence between

22  Bombardier and AeroTEC); Dkt. 1-11 (October 22, 2015 letter from Bombardier to Korwin-

23  Szymanowski).)

24        26.     Two days prior, on October 20, 2015, Mr. Korwin-Szymanowski had emailed a

25  "form letter" to hundreds of individuals with flight test experience, including but not limited to

26  former colleagues at Bombardier, regarding employment opportunities at AeroTEC and

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 78

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

recruiting and non-recruiting social events being held the following week in Wichita, Kansas and Montreal, Canada.  (*See* Dkt. 1-12 at 33-35.) These recruiting activities were aimed at hiring qualified personnel to work on the MRJ program.

27.     Referencing Mr. Korwin-Szymanowski's October 20, 2015 email, Bombardier demanded that Mr. Korwin-Szymanowski and AeroTEC cancel events planned for October 22, 2015 and October 28, 2018 in Wichita and Montreal, respectively, and end the use of "mobile truck signage with the mention 'Now hiring in Seattle' with interview dates and times" in any area "around Bombardier and Learjet facilities."  Notwithstanding that Mr. Korwin-Szymanowski was no longer employed by Bombardier and had never entered a post-employment non-compete agreement, Bombardier asserted that Mr. Korwin-Szymanowski's recruitment activities "unquestionably constitute[] a breach of [his] confidentiality duty and also a breach of contract."  Citing no authority, Bombardier asserted that "[c]ourts have routinely reached the conclusion that former employees are not allowed to facilitate the piracy of employees from their former employer" and that "[i]n these situations, employees and their new employer are liable for the conspiracy to achieve such piracy."  (Dkt. 1-11.)

28.     Although neither AeroTEC nor Mr. Korwin-Szymanowski had done anything improper, AeroTEC reluctantly conformed to Bombardier's demands, with AeroTEC's President Lee Human advising in an October 22, 2015 email that "1) Mr. Korwin-Szymanowski has been removed from this recruiting activity either directly or indirectly; 2) We have cancelled the social hour scheduled for tonight at Hangar 1; 3) We have moved recruitment trucks away from your facilities."  (*See* Ex. A.)  As Mr. Human later explained, AeroTEC "did not agree with Bombardier's claims of impropriety," but AeroTEC nevertheless "decided to cancel the impending social events and job fairs in Wichita and Montreal, and agreed Michel [Korwin-Szymanowski] would not contact any Bombardier employees going forward," in part because AeroTEC "had recently been invited by Bombardier to bid on a project . . . and we wanted to stay in their good graces."  (Dkt. 66 at ¶ 5; *see also* Dkt. 60 at 3 ("AeroTEC did not, and does

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 79

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

not, agree that Korwin-Szymanowski used or possessed any such confidential information, but in an attempt to work with Bombardier, AeroTEC agreed that he would no longer be involved with the recruiting activity.").)

29.     On or about February 12, 2016, AeroTEC informed Bombardier that it intended to restart its recruiting activities in the Montreal and Wichita areas.  In response, Bombardier's Senior Director of Human Resources, Product Development Engineering stated that Bombardier was adamantly opposed to any such recruitment activities by AeroTEC.  (*See* Dkt. 1-12 at 7.)

30.     On April 26, 2016, Bombardier escalated its threats towards AeroTEC and its employees when Bombardier's outside counsel, Peter Nohle of Jackson Lewis, sent a letter to AeroTEC's president threatening litigation against AeroTEC and the former Bombardier employees hired by AeroTEC unless, among other things, AeroTEC and the former Bombardier employees entered into no-poaching agreements pursuant to which they would not directly or indirectly communicate with or otherwise solicit "any current or recently departed employee of Bombardier regarding any employment or similar opportunities for work outside of Bombardier for a period of one year from the date of this Agreement."  (*See* Dkt. 1-12.)  The threats issued by Bombardier's outside counsel purported to be based on legal obligations and/or restrictions that Bombardier inaccurately claimed were applicable to its current and former employees Bombardier's Code of Ethics and Business Conduct, and on Bombardier's claim that the recruitment-related activities of two former Bombardier employees, Mr. Korwin-Szymanowski and Dale Goulding, created the risk of "substantial liability" for AeroTEC.  Even if those propositions were correct (and they are not), they would provide no lawful basis for the wide-ranging and anticompetitive no-poaching agreement Bombardier demanded.

31.     In early May 2016, outside counsel for AeroTEC responded to Bombardier's April 26 demand letter, and over the following months counsel for the companies discussed the terms of the additional no-poach agreement Bombardier requested.  Ultimately, the companies did not execute any agreement.

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 80

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    32.    However, Bombardier's threats towards AeroTEC succeeded in their objective of

2    continuing to deter AeroTEC's hiring of employees in support of the MRJ project.  As stated in a

3    June 3, 2016 letter from AeroTEC's president to Bombardier test pilot Ed Grabman, "AeroTEC

4    does not agree with Bombardier's assertion that we cannot freely recruit employees of any

5    background and the two companies are in the process of trying to work out their differences.

6    Until this is accomplished, however, we are refraining from offering positions to any current

7    employees of Bombardier."  (Ex. B.)  Thus, AeroTEC's ability to hire skilled labor for the MRJ

8    program was impaired not only by the concessions Bombardier had coerced AeroTEC to make,

9    but also by Bombardier's subsequent threats of legal action against AeroTEC.

10    33.    Around this time, Bombardier began issuing similar threats to Mitsubishi.  On

11    June 3, 2016, Bombardier's Vice President of Contracts and Legal Services, Christian Poupart,

12    sent an email to the Managing Counsel of MHI, Luke Walker, regarding Bombardier's

13    "concern[]" that "AeroTEC . . . has recently been soliciting and recruiting a number of key

14    employees from our Flight [T]est Center, despite being asked by us on numerous occasions to

15    cease and desist from that practice" and that "some of these former Bombardier employees have

16    been transferred to MHI or are working on the MRJ flight test program."  (Dkt. 1-14.)  Alluding

17    vaguely to the "concern[]" that undefined "Bombardier proprietary methods and know-how"

18    would "inevitably be transferred and used by AeroTEC or MHI for the purpose of their flight

19    testing activities," Mr. Poupart requested Mr. Walker's "assistance in ensuring that this practice

20    of soliciting and hiring Bombardier key flight testing employees ceases immediately . . . ."  In

21    response, Mr. Walker requested that Mr. Poupart provide "the non-solicitation agreement that

22    Bombardier believes prohibits AeroTEC from recruiting Bombardier employees" in addition to

23    "any of the correspondence that you have had with AeroTEC."  Mr. Poupart did not respond to

24    Mr. Walker's request.

25    34.    On July 14, 2016, Mr. Poupart sent a letter to Mr. Walker expressing objections to

26    a job fair scheduled to take place over the following two days in Montreal.  (Dkt. 1-15.)  As

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 81

1   indicated in the newspaper advertisement for the job fair referenced in Mr. Poupart's letter,

2   MITAC was at that point "looking to hire over 200 Aircraft Systems Engineers who can work on

3   Certification activities for MRJ aircraft in Japan." (Dkt. 1-10 at 134-35.)  After acknowledging

4   the lawful intent of the job fair and that the promotional materials were not "directly aimed at

5   Bombardier employees," Mr. Poupart nevertheless insinuated that Mitsubishi's holding of the

6   job fair was illegal.  Without citation to authority or explanation of how Mitsubishi's conduct

7   was wrongful, Mr. Poupart claimed that "[c]ourts have routinely reached the conclusion that

8   massive solicitation that cause (sic) irreversible damages to a business is prohibited.  In these

9   situations, employees and their new employer can be held jointly liable for the prejudice caused

10  by such practice."  Then, without contending or suggesting that any previously-departed

11  Bombardier employee had in fact misappropriated any Bombardier intellectual property, Mr.

12  Poupart "remind[ed]" Mr. Walker that any such hypothetical misappropriation would be

13  wrongful.  Mr. Poupart concluded by stating that "[w]e trust you understand the seriousness of

14  the situation and ask that MHI refrains from engaging in any illegal activity that could cause

15  Bombardier to suffer damages, failing which we reserve all of our rights against MHI, including

16  our right to institute legal proceeding (sic) against MHI without any further notice."

17          35.     Three weeks later, Bombardier escalated its threats against MHI.  On August 5,

18  2016, Alain Bellemare, the President and Chief Executive Officer of Bombardier, sent a letter to

19  Hideaki Omiya, the Chairman of the Board of MHI, in which he described the two companies'

20  partnership "on various aircraft programs for several decades" and how they have "had to face

21  and resolve several issues in order to continue enjoying a mutually beneficial relationship."

22  (Dkt. 1-16.)  After making a request for MHI's cooperation on certain payment terms related to

23  the companies' supply contract, Mr. Bellemare referred Mr. Omiya to an attached letter—

24  Mr. Poupart's July 14, 2016, letter to Mr. Walker—and implicitly threatened the continuation of

25  the supply relationship between Bombardier and MHI unless MHI ceased the solicitation of

26  Bombardier employees.  Mr. Bellemare wrote: "You will appreciate the fact that the relationship

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 82

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

between our two companies must be based on trust.  As key suppliers, we expect Mitsubishi not

to cause harm to Bombardier by engaging in massive solicitation of our engineers."  The letter

concluded with the not-so-subtle threat that "[t]he long standing partnership between Bombardier

and MHI has been a successful one and I trust that MHI will continue to be [a] key supplier and

will support Bombardier in light of the current market conditions."

      36.    In response to Mr. Bellemare's letter, on August 22, 2016, Hiromichi Morimoto,

the President of MITAC, wrote to Mr. Bellemare to acknowledge that MITAC was "currently

engaged in an aircraft development program in Japan and North America and due to our need for

qualified engineers, we have recently carried out various recruiting activities, including job fairs,

in several North American cities with an aviation industry presence."  (Ex. C.)  He went on to

assure Mr. Bellemare that MITAC was acting within the law and not attempting to harm

Bombardier's business:

> We are confident that all our recruiting activities held, or to be held,
> fully comply with all applicable laws and regulations, and moreover,
> should be considered routine and customary for any company in our
> industry seeking qualified employees. With respect to your
> concerns, please be assured that these recruiting activities were not
> and are not intended to harm or target Bombardier's business.
> Further, Mitsubishi Aircraft Corporation, like MHI and all other
> MHI group companies, has a strong commitment to respect the
> intellectual property rights of all third parties, and we take
> appropriate measures in this respect with all new employees.

      37.    Mr. Bellemare did not reply to Mr. Morimoto's letter or otherwise respond to

MITAC.  Instead, Mr. Bellemare opted to send a second letter to the Chairman of the Board of

MHI, again implicitly threatening the MHI-Bombardier supply relationship on the basis of

MITAC's lawful efforts to compete with Bombardier.  (Dkt. 1-17.)  In a January 27, 2017 letter

to Mr. Omiya, Mr. Bellemare complained that "despite my [August 5, 2016] letter . . . MHI

continues to actively solicit and hire key employees of Bombardier."  Without evidence or

explanation—but with an acknowledgement that Bombardier's fear of competition in the

regional jet market underpinned its threats—Mr. Bellemare asserted that "we have reasons to

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 83

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1  believe that the employees recruited by MHI will use the intellectual property owned by

2  Bombardier to assist MHI in developing the MRJ aircraft which will compete against

3  Bombardier aircraft" and requested that Mr. Omiya "[t]ake note that my team is instructed to

4  take all necessary actions to ensure the protection of the intellectual property of Bombardier and

5  its know-how."  Mr. Bellemare concluded by again implicitly threatening the MHI-Bombardier

6  supply relationship should MITAC's lawful hiring activities continue, stating that "[i]n light of

7  the long standing partnership between our corporations, I trust that I can count on your

8  cooperation in putting an end to the solicitation of our employees by MHI."

9       38.     Bombardier's threats to the MHI-Bombardier supply relationship—and its

10  acknowledgment that potential competition from the MRJ animated those threats—did not

11  emanate only from its President and CEO.  On August 30, 2016, Bombardier's Chief

12  Procurement Officer, Nico Buchholz, issued similar threats to the President of MHI Canada

13  Aerospace, Inc., Mike McCarthy.  (Ex. D.)  After noting that MHI was a "valued supplier of

14  Bombardier," Mr. Buchholz complained that MHI "has been recruiting several Bombardier

15  employees to work on the MRJ program" and that this recruitment was "contrary to what we

16  expect from a long term business partner such as MHI."  The letter made clear that Bombardier

17  feared the competition posed by the MRJ, and that the competition was the primary basis for the

18  company's threats and demands.  According to Mr. Buchholz, Mitsubishi's hiring activity "raises

19  serious concerns that valuable knowledge and know-how will be transferred to MHI and put to

20  use to accelerate the development and entry of the MRJ aircraft which will compete with our

21  commercial aircraft programs."  Mr. Buchholz stated that Bombardier had "notified MHI's head

22  office of this issue and have asked that MHI refrain from hiring Bombardier employees.

23  Unfortunately, our request seems to have been ignored.  I'm asking your assistance in getting this

24  issue permanently resolved:  MHI, as a valued supplier to Bombardier, must stop recruiting

25  Bombardier employees.  I trust that you understand the seriousness of the situation and that I can

26  count on your cooperation."

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 84

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

39.     In early 2017, Bombardier again escalated its pressure and threats against Mitsubishi, this time through outside counsel.  In a "Letter of Demand" dated February 17, 2017 and addressed to Mr. Morimoto of MITAC, Marianne Plamondon of the Norton Rose Fulbright law firm formally demanded that the solicitation of Bombardier employees cease.  (Dkt. 1-18.) Ms. Plamondon asserted that "by targeting and soliciting key employees at Bombardier[,] Mitsubishi is (i) knowingly destabilising Bombardier's aircraft activities which constitutes unfair competition and (ii) acquiring proprietary information belonging to Bombardier to accelerate the development and entry into service of the MRJ aircraft."  The letter identified 26 former Bombardier Product Development and Engineering employees who had allegedly been hired directly or indirectly by Mitsubishi since the summer of 2015, claiming that "Mitsubishi continues to target and solicit key employees who possess confidential information essential to the development of the MRJ program and to meeting certification requirements."  While acknowledging that the recruited employees in question possessed skills and abilities important to Mitsubishi's effort to compete in the regional jet market, Ms. Plamondon attempted to portray that recruitment as an attack on Bombardier, asserting that Mitsubishi's "solicitation of Bombardier's employees [was] an attempt to destabilise and disrupt the internal affairs of a competitor, and obstruct their activities and aircraft development and launch," claiming that this "constitutes illegal and unfair competition towards Bombardier and engages Mitsubishi's liability and the liability of Bombardier's former employees towards Bombardier."  Ms. Plamondon explicitly acknowledged that the employees' own "know-how" was valuable to Mitsubishi, but nonetheless she appeared to believe that merely by hiring highly-skilled and specialized engineers and test pilots from Bombardier, Mitsubishi was acquiring "trade secrets" and "proprietary information" belonging to Bombardier.  According to Ms. Plamondon:

> The employees targeted by Mitsubishi are highly skilled and
> specialized engineers and test pilots, many of whom held key
> positions during their employment at Bombardier.  More
> importantly, the know-how and trade secrets acquired by these
> employees can hardly be acquired outside the context of the

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 85

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

development of new aircraft programs. This information is both rare and extremely valuable. We have every reason to believe these employees are now assigned to the MRJ program, which raises important questions regarding the disclosure of proprietary information, especially in the wake of recent press highlighting Mitsubishi's difficulties and lack of expertise.

The letter warned Mitsubishi that unless it took "immediate corrective action," Bombardier "will have no other option than to take more formal legal action" against it.  Bombardier demanded that Mitsubishi "immediately cease any behavior which constitutes unfair competition"— behavior that, although not explicitly defined, was evident from the remainder of the letter to mean the hiring of Bombardier employees.  Bombardier also demanded that Mitsubishi "[r]equire all former employees of Bombardier to sign agreements undertaking not to solicit employees of Bombardier" and to "[t]ake any and all necessary measures to ensure that the agreements are respected by former employees of Bombardier and inform Bombardier of such measures."  The letter concluded by demanding that Mitsubishi confirm in writing by February 28, 2017 that it would accede to Bombardier's no-poach agreement.

40.     Bombardier's over-the-top accusations about the "destabilization" of its business through the loss of a few dozen employees were not only unsupported by any facts set forth in Ms. Plamondon's letter, they were also demonstrably false.  Indeed, Ms. Plamondon made no mention that Bombardier was laying off substantial numbers of its own employees at the same time, including many of its most important employees in its aircraft business.  For example, as reported in news media:

- In 2014, well before the first recruiting activity by AeroTEC, Bombardier eliminated 2,900 positions worldwide.

- In May 2015, Bombardier announced that it was cutting 1,750 jobs, including 1,000 positions at the company's facility in Montreal and 480 at its facility in Toronto.  Positions eliminated in 2015 would eventually total 2,750.

- In February 2016, Bombardier announced that it would cut 10 percent of its workforce over two years.

MITSUBISHI AIRCRAFT CORPORATION AMERICA, INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS (No. 18-cv-1543 JLR) – 86

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

- In October 2016, Bombardier cut 7,500 positions worldwide, including 1,500 in Quebec.  This itself constituted more than 10 percent of Bombardier's worldwide workforce.

- In February 2017—the very month of Ms. Plamondon's letter—Bombardier announced that it would be eliminating another 7,000 positions worldwide, including 2,800 in Canada (more than 10 percent of its remaining Canadian workforce) and 220 in Wichita.  Of these 7,000 positions, all but 150 would be in product development and engineering.

In light of these substantial and ongoing job cuts, it is implausible that MITAC's recruitment and hiring of 26 employees could "destabilize" Bombardier, particularly given Bombardier's vast size.  According to Bombardier's complaint in this litigation, Bombardier employs over 69,000 persons worldwide—even after the significant job cuts over the past several years—including more than 29,000 persons who work in Bombardier's Aerospace division.

      41.   MITAC refused to accede to Bombardier's anticompetitive demands.  By letter dated March 9, 2017, MITAC's outside counsel, W. Jay DeVecchio of Morrison Foerster, rejected the accusations in Ms. Plamondon's letter and explained that MITAC would not enter an agreement with Bombardier in violation of the antitrust laws.  (Ex. E.)  As Mr. DeVecchio explained:

> MITAC has not acted improperly in any way in connection with its hiring activities.  MITAC has no legal or other obligation to Bombardier to refrain from exploring free-market hiring opportunities with potential employees.  Furthermore, to engage in any such no-poaching agreement with Bombardier could create potential antitrust liability for both MITAC and Bombardier.  MITAC accordingly strongly urges Bombardier to cease its repeated attempts to induce MITAC into such an agreement.

> To be clear, MITAC's only intent in its hiring activities is to meet its human resources needs.  MITAC does not have any intent to destabilize Bombardier's aircraft activities, to acquire Bombardier's proprietary information, or otherwise to harm Bombardier in any way.

Mr. DeVecchio continued, emphasizing the lack of factual support for Bombardier's assertions:

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2

3

4

5

6

7

8

9

       Bombardier unjustifiably accuses MITAC of soliciting key employees at Bombardier to "knowingly destabili[ze] Bombardier's aircraft activities" and "acquir[e] proprietary information belonging to Bombardier."  Bombardier ascribes these motives to MITAC without providing any support, pointing only to the fact that MITAC, at times, has hired employees who previously worked for Bombardier. However, the fact that some of MITAC's employees have previously worked for Bombardier is hardly surprising, as both companies rely on a relatively limited pool of highly-skilled and specialized engineers to support their product lines. Bombardier also speculates that MITAC held a job fair in Montreal for the sole purpose of soliciting Bombardier employees, despite Montreal's being one of the top five largest hubs for aerospace jobs in North America.  MITAC estimates that three-fourths of the nearly 150 attendees were not employed by Bombardier. We also note that MITAC held job fairs in various other North American cities for the same recruiting reasons as mentioned above.

10

11

12

13

       In any event, MITAC is free to explore hiring possibilities with whomever it pleases, regardless of any past or present employment by Bombardier, absent a Bombardier employee's raising an express, written employment agreement restriction by Bombardier against future employment by MITAC. We are unaware of any such enforceable "noncompete" agreements, and you have conspicuously failed to mention any.

14

15

16

Mr. DeVecchio then responded to Bombardier's speculative allegations that the hiring of Bombardier employees was part of a plot to improperly acquire Bombardier's trade secrets and proprietary information:

17

18

19

20

21

22

23

24

25

       Bombardier expresses its concern that former Bombardier employees might disclose Bombardier's proprietary information or trade secrets, although Bombardier does not identify a single instance where such information was divulged or used, nor indeed does Bombardier identify with any specificity any trade secrets the former employees might usurp.  Lacking these facts, Bombardier attempts to support its speculation by referring to a MITAC press release and two news articles that indicate MITAC currently is working to meet certification requirements for its MRJ aircraft. Certification requirements, however, are published in regulations and publicly available. Therefore, this assertion rests on two equally implausible premises: First, that only Bombardier engineers have the know-how and information necessary to meet these governmental and industry-wide certification standards; and second that knowledge of these certification standards is a trade secret of Bombardier.  Neither of these premises is accurate.

26

       Without any allegation, much less fact, that particular and specifically-identified Bombardier trade secrets exist that are being

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 88

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

> or are threatened to be disclosed, Bombardier is left only with the
> implication that employees are not allowed to carry general know-
> how with them in their new employment endeavors. This is contrary
> to common sense and experience, and certainly is not the law.

After observing that Bombardier had failed to respond to MITAC's requests to specifically

identify former employees improperly disclosing Bombardier's trade secrets or breaching

confidential or nondisclosure agreements, Mr. DeVecchio explained the procedures that MITAC

employs to prevent such disclosures:

> New employees are instructed not to bring any proprietary
> information or materials from their former employers, and they are
> further instructed not to use, release, or disclose any such
> information in the course of their employment at MITAC. These
> requirements also are embedded in MITAC's Code of Ethics.
> Indeed, many if not all of Bombardier's former employees were
> specifically admonished not to bring over, disclose, or otherwise
> misappropriate Bombardier trade secrets or confidential
> information.

Finally, Mr. DeVecchio noted the lack of a legal basis for Bombardier's demands and further

explained that the agreement Bombardier was seeking from MITAC likely was illegal:

> MITAC has no legal obligation to cease soliciting or hiring
> Bombardier's employees. Yet, as your letter notes, Bombardier
> repeatedly has attempted to induce MITAC to agree not to solicit or
> not to hire Bombardier's employees. In doing so, Bombardier has
> not identified any lawful basis for restricting competition between
> Bombardier and MITAC in hiring employees. Conversely, the U.S.
> Department of Justice and Federal Trade Commission recently
> issued formal guidance instructing that such agreements may be
> unlawful. This guidance instructs businesses that "[a]n individual is
> likely breaking the antitrust law if he or she ... agrees with
> individual(s) at another company to refuse to solicit or hire that other
> company's employees (so-called "no poaching" agreements)." *See*
> https://www.justice.gov/atr/file/903511/download at 3, 6. This is
> not a hypothetical concern. The Justice Department has brought
> several actions, including two cases in which at least one company
> "agreed to limit its hiring of employees who currently work at a
> competitor." *Id.* at 4 (note that both cases involved the hiring of
> "highly skilled and specialized engineers"). The agency further
> warns that it "will criminally investigate allegations that employers
> have agreed among themselves ... not to solicit or hire each others'
> employees," and that naked "no-poaching" agreements could
> expose the companies involved to "substantial criminal and civil
> liability." *Id.* at 4, 6.

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 89

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

42.     By letter dated April 12, 2017, Ms. Plamondon responded to Mr. DeVecchio's letter, accusing Mr. DeVecchio of acting inappropriately and in bad faith by requesting factual support for Bombardier's assertion that MITAC's hiring practices were destabilizing Bombardier's business or were otherwise unlawful.  (Ex. F.)  Rather than provide any such evidence of "destabilization" of Bombardier, Ms. Plamondon suggested that because the employees in question were important to MITAC's certification efforts, the hiring of these individuals necessarily constituted "unfair competition."  Tellingly, Ms. Plamondon again made no mention that Bombardier had been laying off its own employees or that its CSeries aircraft, the CS100 and CS300, had already been awarded certification.  Misstating the law—and making clear that Bombardier's primary concern was not the "destabilization" of its business but rather competition from the MRJ—Ms. Plamondon wrote that "We reiterate that the targeting by MITAC of Bombardier's employees for a project which is in direct competition with Bombardier's activities is clearly unfair competition under Quebec law" and falsely accused MITAC of engaging in the "unlawful misappropriation of Bombardier's competitive advantage." Ms. Plamondon did not dispute that the no-poaching agreement demanded by Bombardier would violate the U.S. antitrust laws.  Instead, she stated Bombardier's view that the Sherman Act is "not directly applicable in Canada" and claimed that the demanded agreement was not a per se violation of Canada's Competition Act.  The letter concluded by reiterating Bombardier's threat that "any further solicitation of Bombardier's employees by MITAC at this stage with the aim of further destabilising Bombardier's activities will be firmly contested."

43.     Mr. DeVecchio responded on behalf of MITAC on May 1, 2017, writing to Ms. Plamondon: "We have received your response of April 12, 2017, and disagree with and reject every assertion you have made about MITAC's actions and motivations.  Although we are always available for constructive discussions, MITAC has done nothing wrong, and we consider this matter to be closed."  (Ex. G.)

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 90

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax:  206.359.9000

44.     Bombardier's attempts to prevent Mitsubishi and AeroTEC from exercising their right to recruit and hire Bombardier employees were not limited to its baseless threats against the companies.  Rather, in parallel with those threats, Bombardier sent dozens of threatening letters to former Bombardier employees and individuals considering employment opportunities in connection with the MRJ program.  On March 2-3, 2017, Bombardier, through its outside counsel at Norton Rose Fulbright, sent a "letter of demand" to no fewer than 37 former Bombardier employees.  (*See, e.g.*, Ex. H.)  Similar letters were sent to no fewer than four other former Bombardier employees on April 13, 2017.  (*See, e.g.*, Ex. I.)  The letters contended that the former employees were in possession of undefined "confidential information" that the individuals were purportedly "obligated contractually and legally to protect."  Noting that "MITAC carries on activities that compete directly with the activities of Bombardier," the letters stated that the former employees were obligated, among other things, "not to solicit, directly or indirectly, our client's employees in order to induce them to leave."  The letters concluded by stating that "Should you fail to comply fully with all of your contractual and legal obligations, our client has instructed us to institute against you, without further notice or delay, any and all legal proceedings as are appropriate and necessary, including injunction proceedings . . . DO GOVERN YOURSELF ACCORDINGLY."

45.     Bombardier also issued ultimatums to its own employees that led those employees to delay the start of their employment on the MRJ project.  For example, on February 17, 2017, Andrius Knystautas, then a Principal Engineering Specialist and Section Chief of Flight Simulation at Bombardier, announced to Bombardier that he was resigning effective March 2, 2017.  On March 2, 2017—Mr. Knystautas' planned last day of employment—Bombardier (through its outside counsel at Norton Rose Fulbright) demanded that Mr. Knystautas continue working at Bombardier for an additional ten weeks.  (Ex. J.)  Mr. Knystautas responded by stating his disagreement with Bombardier's demand but offering to extend his end date so as to provide a six-week notice period which, on account of overtime worked, would make his last day

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1   of work at Bombardier March 24, 2017.  (Ex. K; Ex L.)  In response, Bombardier refused to

2   shorten the notice period it had demanded.  (Ex. M.)  Ultimately, Mr. Knystautas agreed to

3   continue working at Bombardier until April 7, 2017, weeks after Mr. Knystautas' original

4   scheduled start date with MITAC.  (Ex. N.)  Similarly, on August 1, 2017, Bombardier

5   demanded that Jeff Kirdeikis, then a Principal Engineering Specialist, provide eight weeks'

6   advance notice of his departure, and in doing so extend his announced end date at Bombardier

7   and scheduled start date at MITAC.  Ultimately, Mr. Kirdeikis agreed to extend his end date until

8   late August, delaying his anticipated start date at MITAC.

9          46.     On information and belief, Bombardier has taken additional actions designed to

10  limit the mobility of its employees, including by notifying employees that if they accept work on

11  the MRJ project, they will be blacklisted from any future work at Bombardier.

12         47.     As part of its predatory scheme to impede competition from the MRJ, Bombardier

13  filed its complaint in this action on October 19, 2018, alleging claims of trade secret

14  misappropriation against MITAC, MITAC America, AeroTEC, and former Bombardier

15  employees Laurus Basson, Marc-Antoine Delarche, Cindy Dorneval, Michel Korwin-

16  Szymanowski, and Keith Ayre; tortious interference with contractual relationship and/or

17  business expectancy against MITAC, MITAC America, AeroTEC, and Mr. Korwin-

18  Szymanowski; and breach of contract against Mr. Basson, Mr. Delarche, and Mrs. Dorneval.

19  Bombardier also named as defendants 88 "John and/or Jane Does," identified only as former

20  Bombardier employees now employed by MITAC, MITAC America, or AeroTEC or otherwise

21  "working actively on the Mitsubishi Regional Jet project."  (*See* Dkt. 1.)  In its prayer for relief,

22  Bombardier seeks, among other things, "a preliminary and permanent injunction prohibiting

23  MITAC, MITAC America, AeroTEC, and all those employed by, or acting in concert with, any

24  of them from continuing to recruit personnel from Bombardier for the improper purpose of

25  obtaining Bombardier confidential, proprietary, and/or trade secret information[.]" (*Id.* at 90).

26

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 92

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

48.     Also on October 19, 2018, Bombardier filed a motion for preliminary injunction against MITAC America, AeroTEC, Mr. Basson, Mr. Delarche, and Ms. Dorneval.  (Dkt. 4.)  Despite cloaking them in the language of trade secrets and propriety information, Bombardier's motion and proposed order reveal that Bombardier's primary objective in this litigation is to prevent and impede competition in the regional jet market.  For example, in identifying the "irreparable harm" that it will incur if a preliminary injunction is not granted, Bombardier states that "unless the Defendants are enjoined, Bombardier's misappropriated trade secret information stands to serve as the very foundation for a revival of the Japanese aircraft manufacturing industry as a whole."  (*Id.* at 20.)  It adds that absent an injunction, Bombardier will "be forced to compete with literally a new nation of competing aircraft manufacturers that would otherwise not exist for at least several years to come."  (*Id.* at 21.)

49.     Since filing its complaint and preliminary injunction motion, Bombardier has confirmed that its objective in this litigation is to delay the certification of the MRJ.  In a brief submitted to the Court on December 7, 2018, Bombardier contended that any delay in the schedule for its motion for a preliminary injunction could render its request for equitable relief "moot" given MITAC's "public statements that it expects to obtain regulatory certification for its commercial aircraft 'in mid-2019.'"  (Dkt. 47 at 5; *see also id.* at 9 ("This may prove too late, as MITAC Japan expects certification of its aircraft by mid-2019.").)

50.     Like its pre-litigation demands, Bombardier's statements in this litigation confirm that its primary objective here is to impede and delay entry of a nascent competitor in the regional jet market.  The form of relief requested by Bombardier's complaint and preliminary injunction evidence that Bombardier's primary motivation is not to protect any valid intellectual property rights, but rather to accomplish the illicit goal of its anticompetitive scheme.  Moreover, despite knowing about the hiring activities in support of the MRJ program at issue in its complaint since at least 2015 and knowing (or having reason to know) about the circumstances of the individual defendants' departures for years, Bombardier waited until late 2018 to file this

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

lawsuit.  On information and belief, Bombardier delayed filing suit until the MRJ was close to entering the market and increasingly competing with the CRJ for sales so as to maximize the damage to Mitsubishi's reputation and undermine sales of the MRJ.

**C.    Bombardier's Pretextual and Meritless Excuses for its Efforts to Impede Competition**

51.    Bombardier's supposed justifications for demanding the cessation of hiring related to the MRJ project have shifted through the years, but the primary motivation for its actions, as established by its own statements, has remained the same:  to impede or delay the formidable competition on the merits posed by the MRJ's entry into the regional jet market.

52.    As detailed above, Bombardier's initial threats against AeroTEC lacked factual and legal merit.  Among other things, Bombardier did not have a basis to enforce its Code of Ethics and Business Conduct against departed employees in the way it contended, including against Mr. Korwin-Szymanowski, nor did it have a basis for its claims that AeroTEC could face "substantial liability" as a result of its lawful hiring efforts.  Moreover, the form of "relief" sought by Bombardier—that AeroTEC enter an unenforceable, anticompetitive no-poach agreement—demonstrates the bad faith nature of Bombardier's demands.

53.    Bombardier's initial threats against Mitsubishi were similarly meritless.  As explained, the June 3, 2016 demand to "cease[] immediately" the soliciting and hiring of Bombardier personnel provided no legal or factual basis beyond a vague and speculative reference to the possibility that some undefined "Bombardier proprietary methods and know-how" would "inevitably be transferred and used by AeroTEC or MHI."  The next letter, sent July 14, 2016, falsely insinuated that MITAC's planned job fair was illegal.  The subsequent letters from Bombardier's President and Chief Executive Officer to MHI's Chairman of the Board levied similarly vague and unsupported claims that Mitsubishi's hiring practices were unlawful, threatening that the MHI-Bombardier supply relationship would be jeopardized if the hiring activities continued.

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 94

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

54.     The demands issued to Mitsubishi by Bombardier's outside counsel likewise sought to coerce MITAC to enter an anticompetitive no-poach agreement through baseless allegations of illegal conduct by Mitsubishi.  As explained, the February 17, 2017 letter claimed that by "targeting and soliciting key employees at Bombardier[,] Mitsubishi is (i) knowingly destabilising Bombardier's aircraft activities which constitutes unfair competition."  But the letter was devoid of facts suggesting that Bombardier had been "destabilized" by the loss of the 26 employees identified in the letter (or otherwise), let alone that Mitsubishi had any reason to know that its efforts to hire employees for the MRJ program had any such effect.  In fact, Bombardier had engaged in several rounds of highly-publicized layoffs, including in its aviation business, and Bombardier had already completed certification activities for its CSeries aircraft. Tellingly, Bombardier's complaint in this litigation contains no allegations of "destabilization" or related harm purportedly resulting from the Defendants' hiring activities.

55.     The February 17, 2017 letter also claimed that Mitsubishi was "(ii) acquiring proprietary information belonging to Bombardier to accelerate the development and entry into service of the MRJ aircraft."  But the letter identified no such "proprietary information belonging to Bombardier" or "trade secrets" that had been taken by any of the departed employees, let alone acquired by Mitsubishi.  Instead, the letter left little doubt that it was the employees' own "know-how . . . acquired [in] the context of the development of new aircraft programs" that Bombardier sought to prevent being used on the MRJ program.  Bombardier had no legal basis to stop its employees from taking that know-how to Mitsubishi.  Nor did Bombardier have any legal basis for its demands that MITAC enter a per se illegal no-poach agreement.  Nevertheless, even after MITAC's counsel pointed out the factual and legal infirmities in Bombardier's demands, Bombardier reiterated its baseless claims in its counsel's April 12, 2017 letter.

56.     The form of "relief" requested by Bombardier further demonstrates the anticompetitive nature its pre-litigations threats and demands.  Each of Bombardier's demands to Mitsubishi and AeroTEC sought the cessation of recruitment and hiring activities in support of

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 95

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

the MRJ project.  Bombardier did not (and could not) contend that any specific trade secrets had been misappropriated by Mitsubishi or AeroTEC for use in the MRJ program, nor did Bombardier request that the companies refrain from or cease using any misappropriated trade secrets.  Rather, Bombardier improperly demanded that Mitsubishi and AeroTEC cease their lawful hiring activities.  Indeed, Bombardier demanded that AeroTEC cease the hiring of not only Bombardier's current employees but also former employees who had already departed the company.

57.     Bombardier's counsel in the instant litigation has essentially confirmed that there was no factual basis for Bombardier's initial threats and demands.  In a January 11, 2018 email to counsel for MITAC America and the AeroTEC defendants, Bombardier's counsel stated that "[w]hile Bombardier certainly took issue with your clients' recruiting tactics those years ago, litigation was not necessary until (1) Bombardier discovered actual evidence of trade secret misappropriation . . ."  Although MITAC America denies Bombardier's counsel's assertion regarding trade secret misappropriation, counsel's statement amounts to an unqualified admission that Bombardier did not have any evidence of misappropriation at the time Bombardier demanded that Mitsubishi and AeroTEC enter illegal no-poach agreements to delay or disrupt certification and sale of the MRJ.

58.     Bombardier's threats towards its former and then-current employees also represent an improper attempt to chill the free flow of skilled labor.  As explained in MITAC America's motion to dismiss (Dkt. 54, incorporated herein by reference), Bombardier had no legal basis to contend that its Code of Ethics and Business Conduct imposed binding contractual obligations on its former employees that prevented them from seeking or accepting new employment, nor did Bombardier have a factual basis to insinuate that the dozens of recipients of its letters had acted contrary to the Bombardier Code of Ethics and Business Conduct or any provision of law.  On information and belief, Bombardier's objective in issuing these demands was to impede or delay the MRJ program.

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 96

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

59.     Bombardier's claims against MITAC and MITAC America in this litigation are meritless.  As detailed in MITAC America's motion to dismiss (incorporated herein by reference), there is no factual or legal basis for the claims in Bombardier's complaint that MITAC America misappropriated Bombardier's trade secrets, tortiously interfered with a valid contractual relationship or business expectancy of Bombardier, or otherwise acted unlawfully by recruiting, hiring, and continuing to employ former Bombardier employees.  For similar reasons, Bombardier's claims against MITAC lack merit.

60.     Neither MITAC nor MITAC America has acquired, possessed, used, disclosed, or even had knowledge of the alleged trade secret information identified by Bombardier. Bombardier's complaint asserts no factual allegations to the contrary.

61.     MITAC and MITAC America take precautions to ensure that newly hired employees do not transfer to MITAC and MITAC America, or use in their work for MITAC and MITAC America, trade secrets or other confidential or proprietary information that they acquired from former employers.  New employees are instructed not to bring any proprietary information or materials from their former employers, and they are further instructed not to use, release, or disclose any such information during their employment at MITAC or MITAC America.  These requirements are embedded in MITAC's Code of Ethics.  On information and belief, the same precautions are taken with respect to persons hired by MITAC's partners, such as AeroTEC, who perform work on projects for MITAC or MITAC America.  Consistent with these policies, on information and belief, many if not all of the former Bombardier employees hired by AeroTEC were specifically admonished not to bring with them, disclose, or otherwise misappropriate Bombardier trade secrets or confidential information.

62.     MITAC and MITAC America have not misappropriated the alleged trade secret information identified by Bombardier, and Bombardier lacks any basis to allege otherwise. Bombardier's complaint is devoid of factual allegations connecting MITAC or MITAC America to any alleged misappropriation.  Moreover, the alleged trade secrets identified by Bombardier

MITSUBISHI AIRCRAFT CORPORATION AMERICA, INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS (No. 18-cv-1543 JLR) – 97

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    would have been of no use to the development, certification, and sale of the MRJ by MITAC and

2    MITAC America.

3         63.    Even if Bombardier had a basis to allege that MITAC or MITAC America had

4    obtained Bombardier information, Bombardier's claims would lack merit insofar as the

5    documents and information that Bombardier contends constitutes legally-protectable trade

6    secrets are not legally-protectable trade secrets because, among other things, such information is

7    publicly available and/or was provided to Bombardier by government agencies.

8         64.    On information and belief, Bombardier's claims against AeroTEC in this

9    litigation are meritless because, among other things, AeroTEC: has not acquired, possessed,

10   used, or disclosed the alleged trade secret information identified by Bombardier; has not

11   tortiously interfered with a valid contractual relationship or business expectancy of Bombardier;

12   and has not otherwise acted unlawfully by recruiting, hiring, and continuing to employ former

13   Bombardier employees.

14        65.    On information and belief, Bombardier's claims against the individual defendants

15   in this litigation are meritless because, among other things, none of the individual defendants:

16   used any Bombardier trade secrets in performing work on the MRJ project; transferred any

17   documents containing Bombardier trade secrets to any AeroTEC, MITAC or MITAC America

18   computer; disclosed any Bombardier trade secrets to any persons employed by AeroTEC,

19   MITAC or MITAC America; or discussed any Bombardier trade secrets with other persons

20   employed by AeroTEC, MITAC or MITAC America.

21        66.    On information and belief, none of the individual defendants who allegedly sent

22   Bombardier documents to their personal email accounts did so for the purpose of

23   misappropriating those documents or Bombardier's trade secrets or other proprietary

24   information.  Rather, each did so for the purpose of conducting work that they had been assigned

25   to do for Bombardier or for other reasons unrelated to the individuals' subsequent work on the

26   MRJ project.  Moreover, it was a common practice for Bombardier employees to send

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 98

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    Bombardier documents to their home email systems so that they could work on and complete

2    work assignments at home.

3        67.    On information and belief, none of the Bombardier documents that the individual

4    defendants allegedly sent to their personal email accounts contained trade secret information that

5    would have been of use in the development, manufacture, or certification of the MRJ because of,

6    among other things, the significant differences between the MRJ and Bombardier's jet aircraft,

7    including but not limited to different systems (e.g., different flap skew detection systems and

8    different pitot-static systems) and different engines.  Bombardier knew or should have known

9    that the Bombardier documents that the individual defendants allegedly sent to their home email

10   systems contained no trade secret information that would have been of use in the development,

11   manufacture, or certification of the MRJ.

12   **D.    The Relevant Market and Bombardier's Market Power**

13       68.    The relevant market of commerce in which to analyze the effects of Bombardier's

14   anticompetitive scheme is the market for single-aisle, turbofan-powered commercial aircraft with

15   seating capacity for 50 to 100 passengers and flight ranges up to approximately 2,500 nautical

16   miles (the "Regional Jet Market").

17       69.    The Regional Jet Market is an accepted, defined market within the aerospace

18   industry.  Commercial aircraft with capacity for over 100 passengers are classified within the

19   industry as "narrowbody" jets (such as the Boeing 737 and the Airbus 220) or even larger

20   "widebody" jets (such as the Boeing 747 and the Airbus 330).  Bombardier's own annual market

21   forecasts acknowledge that the jet industry is segmented between "regional aircraft" with

22   capacity for up to 100 seats and jets with greater seating capacity.  Similarly, Bombardier's

23   Commercial Aircraft President Fred Cromer has stated as recently as June 2018 that the market

24   for regional jets with a maximum capacity of 100 passengers is distinct from the market for

25   narrowbody jets with capacity for over 100 passengers, acknowledging that Bombardier's

26

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 99

CSeries family of jets (small narrowbody jets with seating capacity of 108 passengers and above, now known as the Airbus A220) do not compete within the market for regional jets.

70.     Regional jets are not interchangeable with other commercial aircraft given their differentiated passenger seating capacity, flight ranges, fuel efficiencies, operating costs, and sales prices.  Other commercial aircraft are not close enough substitutes to prevent Bombardier and other regional jet suppliers from raising prices above competitive levels, degrading quality, or reducing output for regional jets.  Put simply, other commercial aircraft are not a material competitive constraint on Bombardier regional jets.

71.     Specifically, airlines and other aerospace customers do not consider larger narrowbody jets to be a reasonable substitute for regional jets, nor do they consider regional jets to be a reasonable substitute for narrowbody jets.  Regional jets and narrowbody jets are differentiated by their passenger seating capacities, flight ranges, and costs, among other factors. For example, the shorter flight range of regional jets prevents regional jets from servicing many routes that can be served only by narrowbody jets, including routes between the East and West coasts of the United States.  Moreover, government regulations, airport operating restrictions, and contractual arrangements, including clauses in airline pilot contracts limiting the size of aircraft that can be flown by certain pilots, serve to reduce the interchangeability of regional jets and narrowbody jets.  Regional jets and narrowbody jets are also differentiated by their initial sales price and subsequent operating costs.  Larger and heavier narrowbody jets typically cost more to operate, on a trip cost basis, than smaller regional jets, and these operating costs represent most of the lifetime cost of a plane.  As a result, airlines and other aerospace customers are disinclined to purchase a jet with more seats or a longer flight range than needed for a specific route.  Narrowbody jets are not a material competitive constraint on regional jets.

72.     Airlines and other aerospace customers do not consider turboprop airplanes to be a reasonable substitute for regional jets, nor do they consider regional jets to be a reasonable substitute for turboprop airplanes.  As compared to turboprop airplanes, regional jets are capable

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 100

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

of longer flight ranges, are faster, are safer, and provide superior passenger comfort, including less noise and vibration.  Regional jets and turboprop airplanes are also differentiated by their initial sales price and subsequent operating costs.  As such, turboprop airplanes are not a material competitive constraint on regional jets.

73.     For these reasons, the Regional Jet Market is a distinct product market.  The relevant geographic market for regional jets is worldwide.  Regional jets are manufactured by a small number of companies (predominantly Bombardier and Embraer) and are capable of being sold by those companies on a worldwide basis.  However, the United States is the largest and most important market area for regional jet manufacturers, as discussed further below.

74.     Bombardier has significant market power in the Regional Jet Market. Bombardier's market power in the Regional Jet Market is directly evidenced by its ability to exclude or delay the entry of competition in the Regional Jet Market.  Bombardier's market power is further demonstrated by its significant share of the Regional Jet Market, a market which is highly concentrated with the vast majority of jets manufactured by Bombardier and Embraer and is subject to substantial barriers to entry and other conditions that serve to protect Bombardier's market power, including Bombardier's exclusionary conduct.  On information and belief, these conditions allow Bombardier to charge supracompetitive prices for regional jets.

75.     Since the launch of the original CRJ, Bombardier has held a significant share of the Regional Jet Market.  From at least 2010 to present, Bombardier's worldwide share of the Regional Jet Market has consistently been over 40%, with Bombardier's CRJs comprising over 40% of in-service regional jets worldwide as of 2018.  Bombardier's position has been even more significant in the largest and most important market for regional jets, the United States.  In the U.S., where Bombardier's only other active competitor in recent years has been Embraer, Bombardier's market share was 49% as of 2018.[1]

---

[1] Due to the dynamics of the Regional Jet Market discussed herein, it is appropriate to assess regional jet manufacturers' market share by reference to the number of regional jets that are in service in any given period of time.  These dynamics include the long product lifecycle of a regional jet, the ability in many cases to extend the life

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 101

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

76.     Bombardier's public statements confirm that the company expects to increase its share of the Regional Jet Market in the near term.  In media briefings in June 2018, Bombardier's Commercial Aircraft President Fred Cromer stated that Bombardier is actively seeking to increase its share of the market through sales of its CRJ 900 and that the company anticipates achieving a market share of over 50%.  Mr. Cromer contended that the only competition for sale of the CRJ 900 came from Embraer, apparently suggesting to the media and public that the MRJ would not enter the market and compete with the CRJ 900.  Indeed, Mr. Cromer stated that the barriers to entry into the marketplace would effectively shield Bombardier from competition from the MRJ.  In response to a question about whether Bombardier viewed the MRJ as a competitive threat in the regional jet market, Mr. Cromer stated that "[i]t's complicated to bring new technology to the marketplace . . . not only in your home country, but then to establish the footprint outside of your home country with authorities around the world, and we've been doing that for years and years and years and we have relationships and we know how to do it, and we know how difficult it is.  So I think it is going to be challenging over time for other OEMs that are starting that process to catch up with what other established OEMs have, and that allows us to continue to make our own advancements and continue to be at the forefront of where those opportunities are."

77.     Bombardier's power in the Regional Jet Market is augmented by substantial barriers to entry, including the following:

- Development costs.  The cost of developing a new jet is significant and often exceeds initial estimates.  For example, the cost of developing the MRJ was initially estimated to be $1.9 billion but has increased to nearly $5 billion.  Similarly, although Bombardier initially estimated that development of its narrowbody CSeries jets would cost $2.1 billion, the program ultimately cost $5.4 billion.

---

of an in-service regional jet through the use of aftermarket services rather than purchase a new regional jet, the fact that regional jet manufacturers earn revenue throughout the life of an aircraft through the provision of those aftermarket services (which itself factors into the sales price for regional jets, particularly when customers agree to contract for the jet manufacturers' provision of services in connection with their purchase of a new regional jet), and due to the relatively small number of regional jets sold each year, which means that a firm's sales in any given year may not reflect its true share of the product market.

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 102

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

- _Complexity of development and certification process._
  Development of a new regional jet is complex, and entry to the market requires that a new jet pass through a long, complex, and difficult certification process.  In addition, unanticipated challenges and problems in the development and certification process are commonplace. Moreover, as explained above, the finite supply of skilled engineers capable of assisting in the development and certification of regional jets serves as an additional barrier to entry.

- _Manufacturing requirements and costs._  The manufacturing of regional jets requires substantial and costly manufacturing capabilities and facilities, as well as significant reliance on subcontractors and complex supply chains.  Many firms are incapable of making the substantial investment required to establish adequate manufacturing capabilities and facilities.

- _Customer trust._  Establishing customer trust in the operability and reliability of a regional jet can present challenges, particularly for manufacturers that are seeking to enter the jet market.  Establishing a reliable global customer support network also requires significant investment and presents operational challenges. This is particularly true given the substantial price and long-term commitment associated with the purchase of a regional jet.

- _Brand loyalty and switching costs._  Customers with existing fleets comprised of a given manufacturer's jets may be more inclined to purchase additional jets from the same manufacturer rather than a different manufacturer (particularly a new entrant) given the costs associated with switching to a different manufacturer's jets.  These switching costs include the time and expense of retraining personnel (pilots, crew, and maintenance workers); the costs associated with maintenance program changes, proving flights, establishing a new spare parts inventory, equipment tooling, and supply chain integration; and other overhead costs associated with adding a new aircraft type to air operator's certificates issued by national aviation authorities.  Loyalty to a given manufacturer's jets and personal relationships between a manufacturer's and customer's personnel may also present barriers to entry to a new competitor.

78.     These barriers to entry and other technical, business, and political challenges to penetrating the Regional Jet Market are so significant that government support is often necessary to the successful entry of a new jet manufacturer.

79.     Both the cyclical nature of demand for regional jets and the length of a regional jet's lifecycle can present additional barriers to entry.  These interrelated factors also make

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 103

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

certain periods of time particularly important for manufacturers' sales of regional jets.  The average lifespan of regional jets currently in service is approximately 18 years.  As an in-service regional jet nears the end of its life, the owner must choose whether to replace the jet or invest in maintenance and related services to extend the life of the jet.  In the United States (which is home to over 57% of all regional jets in service worldwide), the average age of regional jets currently in service is such that a large replacement wave is forecast to begin in 2022.  The ability to make sales in advance of the upcoming U.S. replacement wave will be critical to regional jet manufacturers' success, both in terms of earning revenue from initial sales and aftermarket services during the life of the aircraft, and in creating a foundation for additional sales inside and outside the U.S.  The next several years are thus of vital importance to established regional jet manufacturers and new entrants alike.  As a result, even a small impairment to a regional jet manufacturer's ability to compete in the upcoming U.S. replacement cycle could have significant ramifications for the manufacturer's revenues and market share— and for the revenues and market shares of the manufacturer's competitors.  Accordingly, if Bombardier successfully prevents, delays, or undermines the MRJ's availability to be sold during the upcoming U.S. replacement cycle, it could be foreclosed from capturing any meaningful share of the U.S. and global markets for many years to come, and could be foreclosed from entry entirely.

80.     The barriers to entry into the Regional Jet Market increase Bombardier's market power beyond the level suggested by the company's market share alone.  This is particularly true with respect to customers whose fleets of regional jets are already comprised in whole or in part by Bombardier jets.  Due to the aforementioned switching costs and brand loyalty in the current duopoly market, Bombardier has greater market power with respect to customers that already own or operate Bombardier jets.  Entry of a new competitor could threaten Bombardier's market power with respect to these customers, particularly as they decide whether and when to replace aging CRJs already in their fleet.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

81.     The nature of regional jets and their lifecycles also make the provision of aftermarket services an important source of revenue for regional jet manufacturers, including Bombardier.  Over the life of an in-service regional jet, manufacturers typically earn substantial revenue from the sale of parts, maintenance, repair, and other services.  The need for these services—and thus the revenue manufacturers derive from their provision—tends to increase as a jet ages.  More expensive maintenance services, such as overhaul of jet engines, also tend to be required later in the life of a regional jet.  As a result, as a jet ages, owners are often confronted with the choice of whether to extend the life of the jet through increasingly expensive aftermarket maintenance and services or to instead replace the aging jet.  A jet owner's decision to forego the purchase of aftermarket services provided by the jet's manufacturer and instead to purchase a new regional jet from a different manufacturer would thus have a significant impact on both manufacturers' revenue streams.

82.     As a result of these market dynamics, even a temporary delay or impairment of the certification, development, or sale of the MRJ would have a significant impact not only on the short- and long-term prospects for the MRJ, but also for Bombardier.  Indeed, any such delay or impairment would enable Bombardier to capture additional sales, including in the upcoming replacement cycle in the U.S., and allow Bombardier to gain additional revenue from the sale of aftermarket services as airlines elect to extend the lives of in-service Bombardier jets rather than purchasing new MRJs.

E.     **Anticompetitive Effect and Injury**

83.     Bombardier's anticompetitive practices have excluded competition, reduced choice, suppressed innovation, and increased barriers to entry in the Regional Jet Market.  On information and belief, Bombardier's conduct has also reduced output and increased prices for regional jets.  As a result, Bombardier's actions have harmed competition, regional jet purchasers, engineers, and MITAC America.

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 105

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

84.     Competition in the Regional Jet Market has been harmed.  Bombardier has delayed the entry of new competitors, reduced the movement of skilled aerospace engineers, reduced choice, and suppressed innovation.  By delaying the entry of new regional jets, Bombardier has reduced choice and limited innovation in the Regional Jet Market.  By blocking and otherwise chilling the movement of skilled engineers within the market, Bombardier has further diminished competitors' ability to compete and innovate in the market.  And by unfairly tarnishing the image of Mitsubishi and the MRJ in the eyes of customers, Bombardier has suppressed competition in the Regional Jet Market.  On information and belief, this has reduced output and elevated prices of regional jets above what they would have been but for Bombardier's conduct.

85.     Purchasers of regional jets have also been harmed in that they have fewer and less innovative options for regional jets.  In addition, Bombardier can maintain higher prices than would otherwise prevail in the face of new competition.

86.     Individual engineers looking for employment related to commercial jets have also been harmed.  Individual engineers and competitors for their talent are harmed by Bombardier's campaign to impede the movement of skilled engineers.  The industry is highly concentrated and news travels fast when any company or individual in the industry is sued.  Bombardier's threats and actual litigation against individual employees chills the marketplace for such talent, which will endure for several years to come.

87.     MITAC America has incurred antitrust injury from the violations of law alleged and would not have incurred such injury in the absence of Bombardier's anticompetitive actions.  As the direct result of Bombardier's ongoing predatory campaign described above, MITAC America has been undermined or delayed in its ability to recruit, hire, and retain engineers critical to the development and certification of the MRJ, which has not only risked delaying the MRJ's certification, but also impedes MITAC America's innovation and design efforts and raises MITAC America's costs and the barriers to enter the Regional Jet Market.

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 106

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

88.     For example, as a result of Bombardier's anticompetitive conduct:

- Recruitment and hiring efforts by MITAC America, MITAC, and AeroTEC in support of the MRJ program have been undermined.

- AeroTEC was forced to decline to extend an offer of employment to one or more Bombardier employees that would have supported the MRJ program.

- At least one prospective employee that MITAC America intended to hire withdrew his application for employment, citing the situation between Bombardier and Mitsubishi as the reason for doing so.

- The start dates of at least two individuals employed in connection with the MRJ program were delayed.

- On information and belief, other prospective employees declined to either seek or accept employment on the MRJ program, slowing the pace of hiring related to the MRJ program.

- The ability of MITAC America, MITAC, and AeroTEC to hire and retain employees for the MRJ program, including but not limited to highly-skilled individuals currently or formerly employed by Bombardier, has been reduced, with significant near-term and long-lasting effects on the companies.

89.     MITAC America has also incurred antitrust injury in the form of harm to its reputation and goodwill caused by Bombardier's anticompetitive conduct, including its baseless claims that MITAC America has misappropriated Bombardier's trade secrets.  On information and belief, the reputation and goodwill of MITAC America and MITAC among current and potential MRJ customers and suppliers has been diminished as a result of Bombardier's conduct, with long lasting detrimental effects.  Similarly, Bombardier's insinuation that the MRJ program is built on misappropriated trade secrets may create uncertainty among current and potential MRJ customers and suppliers about whether MITAC America and MITAC can be trusted business partners and whether the MRJ will be able to meet development and production deadlines and enter the market notwithstanding the litigation.  Both harm not only MITAC America's reputation and goodwill, but also its sales.

MITSUBISHI AIRCRAFT CORPORATION AMERICA, INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS (No. 18-cv-1543 JLR) – 107

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

90.     Bombardier's relentless threats and demands that MITAC America, MITAC, and AeroTEC enter into unlawful no-poach agreements have also forced the companies to divert attention and resources that could have otherwise been committed to the MRJ program, including through the retention of outside counsel and mounting legal fees and costs associated with responding to Bombardier's baseless demands and legal actions.

91.     The effects of Bombardier's predatory scheme harm competition, regional jet purchasers, aerospace engineers, and MITAC America.  These harms are the types that antitrust laws were designed to prevent and those harms flow directly from that which makes Bombardier's conduct unlawful.  Bombardier's practices are not reasonably necessary to accomplish any significant procompetitive benefit.

**COUNTERCLAIM I: ATTEMPTED MONOPOLIZATION IN VIOLATION OF THE SHERMAN ACT, 15 U.S.C. § 2**

92.     MITAC America realleges and incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

93.     Bombardier has market power in the Regional Jet Market and has a dangerous probability of obtaining monopoly power.

94.     Bombardier has engaged in a scheme to expand its market power in the Regional Jet Market, to the detriment of competition, purchasers of regional jets, aerospace engineers, and MITAC America.

95.     Bombardier's anticompetitive and exclusionary conduct includes its ongoing actions to impede or delay the development, certification, and sale of the MRJ by (1) levying baseless threats at MITAC America, MITAC, MHI, AeroTEC, and those companies' current and prospective employees in order to restrict the free flow of skilled labor necessary to the development and certification of the MRJ; (2) making threats against its own employees to deter them from accepting employment on the MRJ program; (3) attempting to coerce MITAC America, MITAC, MHI, and AeroTEC to enter per se unlawful no-poaching agreements in order

MITSUBISHI AIRCRAFT CORPORATION AMERICA, INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS (No. 18-cv-1543 JLR) – 108

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

to restrict recruitment and hiring activities in support of the MRJ program; (4) threatening the long-standing supply relationship between MHI and Bombardier in an attempt to achieve its illicit ends; and (5) initiating this litigation in an effort to delay the MRJ program and undermine sales of the MRJ.  In furtherance of this scheme, Bombardier has engaged in a pattern of threats of litigation without regards to the merits and for the purpose of injuring MITAC, MITAC America, AeroTEC, and competition in the Regional Jet Market.  Bombardier has also threatened and filed litigation against MITAC, MITAC America, AeroTEC, and former Bombardier employees that is objectively baseless and subjectively intended to interfere with MITAC, MITAC America, and AeroTEC's ability to compete.

96.     Bombardier undertook the anticompetitive and exclusionary conduct alleged herein with the specific intent to acquire monopoly power in the Regional Jet Market.

97.     As evidenced by Bombardier's market share and the dynamics of the Regional Jet Market, including the significant barriers to entry to the Regional Jet Market, there is a dangerously high probability that Bombardier's scheme to impede competition from the MRJ and monopolize the Regional Jet Market will succeed.

98.     Bombardier's conduct has no efficiency or procompetitive benefit or justification, the anticompetitive effects of its conduct outweigh any purported procompetitive justifications, and Bombardier could reasonably achieve any purported procompetitive goals through less restrictive alternatives.

99.     Bombardier's conduct constitutes attempted monopolization in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2.

100.    As a direct and proximate result of the unlawful conduct of Bombardier in furtherance of the violations alleged, MITAC America has been injured in its business and property in an amount to be proved at trial and to be automatically trebled, as provided by 15 U.S.C. § 15.

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 109

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

101.    MITAC America is also entitled to recover from Bombardier the cost of suit, including a reasonable attorney's fee, as provided by 15 U.S.C. § 15.

### COUNTERCLAIM II: ATTEMPTED MONOPOLIZATION IN VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT, RCW 19.86.040

102.    MITAC America realleges and incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

103.    Bombardier has market power in the Regional Jet Market and has a dangerous probability of obtaining monopoly power.

104.    Bombardier has engaged in a scheme to expand its market power in the Regional Jet Market, to the detriment of competition, purchasers of regional jets, aerospace engineers, and MITAC America.

105.    Bombardier's anticompetitive and exclusionary conduct includes its ongoing actions to impede or delay the development, certification, and sale of the MRJ by (1) levying baseless threats at MITAC America, MITAC, MHI, AeroTEC, and those companies' current and prospective employees in order to restrict the free flow of skilled labor necessary to the development and certification of the MRJ; (2) making threats against its own employees to deter them from accepting employment on the MRJ program; (3) attempting to coerce MITAC America, MITAC, MHI, and AeroTEC to enter per se unlawful no-poaching agreements in order to restrict recruitment and hiring activities in support of the MRJ program; (4) threatening the long-standing supply relationship between MHI and Bombardier in an attempt to achieve its illicit ends; and (5) initiating this litigation in an effort to delay the MRJ program and undermine sales of the MRJ.  In furtherance of this scheme, Bombardier has engaged in a pattern of threats of litigation without regards to the merits and for the purpose of injuring MITAC, MITAC America, AeroTEC, and competition in the Regional Jet Market.  Bombardier has also threatened and filed litigation against MITAC, MITAC America, AeroTEC, and former

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 110

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Bombardier employees that is objectively baseless and subjectively intended to interfere with MITAC, MITAC America, and AeroTEC's ability to compete.

106.    Bombardier undertook the anticompetitive and exclusionary conduct alleged herein with the specific intent to acquire monopoly power in the Regional Jet Market.

107.    As evidenced by Bombardier's market share and the dynamics of the Regional Jet Market, including the significant barriers to entry to the Regional Jet Market, there is a dangerously high probability that Bombardier's scheme to impede competition from the MRJ and monopolize the Regional Jet Market will succeed.

108.    Bombardier's conduct has no efficiency or procompetitive benefit or justification, the anticompetitive effects of its conduct outweigh any purported procompetitive justifications, and Bombardier could reasonably achieve any purported procompetitive goals through less restrictive alternatives.

109.    Bombardier's conduct constitutes attempted monopolization in violation of RCW 19.86.040.

110.    As a direct and proximate result of the unlawful conduct of Bombardier in furtherance of the violations alleged, MITAC America has been injured in its business and property in an amount to be proved at trial and, in the Court's discretion, to be increased up to an amount not to exceed three times the actual damages sustained, as provided by RCW 19.86.090.

111.    MITAC America is also entitled to recover from Bombardier the cost of suit, including a reasonable attorney's fee, as provided by RCW 19.86.090.

**COUNTERCLAIM III: PROPOSAL FOR AN ARRANGEMENT TO VIOLATE THE WASHINGTON CONSUMER PROTECTION ACT, RCW 19.86.030**

112.    MITAC America realleges and incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

113.    Bombardier proposed (and demanded) that MITAC America agree to cease all recruitment and hiring of Bombardier employees.

MITSUBISHI AIRCRAFT CORPORATION AMERICA, INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS (No. 18-cv-1543 JLR) – 111

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax:  206.359.9000

114.    If consummated, Bombardier's proposed no-poaching agreement would have constituted a per se violation of RCW 19.86.030, which prohibits every contract, combination, or conspiracy in restraint of trade or commerce.  In any event, the proposed agreement had no legitimate business justification, but instead was proposed and demanded by Bombardier in order to reduce competition in the Regional Jet Market by restricting hiring related to the MRJ.  There is no efficiency-enhancing, procompetitive justification for the proposal.  Any purported procompetitive justifications or effects are outweighed by the anticompetitive impact, and there are less restrictive alternatives available to achieve any purported procompetitive impact.

115.    As a direct and proximate result of its refusal to accede to Bombardier's proposal, MITAC America has been injured in its business and property in an amount to be proved at trial and trebled pursuant to RCW 19.86.090.  In particular, MITAC America has been forced to incur the burden and expense of responding to and defending against Bombardier's repeated threats and demands, including the attorneys' fees and costs incurred in relation to the instant litigation, and to otherwise divert away attention and resources that could have otherwise been committed to the MRJ program.

116.    MITAC America is also entitled to recover from Bombardier the cost of suit, including a reasonable attorney's fee, as provided by RCW 19.86.090.

### COUNTERCLAIM IV: UNFAIR COMPETITION IN VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT, RCW 19.86.020

117.    MITAC America realleges and incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

118.    Bombardier's conduct constitutes unfair methods of competition and unfair acts or practices within the meaning of RCW 19.86.020 because the conduct: (1) offends public policy as it has been established by statutes, the common law, or otherwise, including state and federal laws that prohibit anticompetitive conduct; (2) is oppressive in that it seeks to prevent or limit lawful competition; and/or (3) causes substantial injury to competitors (e.g. MITAC

MITSUBISHI AIRCRAFT CORPORATION AMERICA, INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS (No. 18-cv-1543 JLR) – 112

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

America, MITAC, and AeroTEC), other businesspersons (e.g., airlines and other purchasers of regional jets who may pay more for regional jets due to the reduction in competition in the market for regional jets), and/or consumers (e.g., individuals who may pay more for airplane tickets if airplane manufacturers can charge airlines more for jets due to the reduction of competition in the market for regional jets).

119.    Bombardier's conduct took place in the course of trade or commerce because Bombardier's threats and demands were issued by Bombardier in the course of its business operations, were directed towards other companies and individuals involved in the manufacture of regional jets, and were related to efforts to compete with Bombardier in the market for regional jets.

120.    Bombardier's conduct is injurious to the public interest, within the meaning of RCW 19.86.093(1), because it violates statutes that incorporate the Consumer Protection Act, including but not limited to RCW 19.86.020, 19.86.030, and 19.86.040.

121.    Bombardier's conduct is injurious to the public interest within the meaning of RCW 19.86.093(3)(a) because it has injured persons other than MITAC America, including MITAC, MHI, AeroTEC, the current and former Bombardier employees who were the recipients of Bombardier's threats and allegations, and other individuals, including but not limited to current and former Bombardier employees, among others, who were deterred or dissuaded from seeking employment related to the MRJ.

122.    Bombardier's conduct is injurious to the public interest within the meaning of RCW 19.86.093(3)(b) and RCW 19.86.093(3)(c) because it had the capacity, and still has the capacity, to injure other persons, including current and former Bombardier employees who were deterred or dissuaded from seeking employment related to the MRJ, as well as other companies or individuals who may be the recipients of similarly improper threats, accusations, and invitations to collude in the future.

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 113

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

123.    As a direct and proximate result of Bombardier's conduct, MITAC America has been injured in its business and property in an amount to be proved at trial and, in the Court's discretion, to be increased up to an amount not to exceed the greater of three times the actual damages sustained or $25,000, as provided by RCW 19.86.090.

124.    MITAC America is also entitled to recover from Bombardier the cost of suit, including a reasonable attorney's fee, as provided by RCW 19.86.090.

## PRAYER FOR RELIEF

WHEREFORE, MITAC America prays for judgment and relief as follows:

A.    That Bombardier's Complaint be dismissed with prejudice and that Bombardier take nothing by way of its Complaint;

B.    That this Court enter judgment against Bombardier for the amount of damages that MITAC America proves at trial, trebled to the extent permitted by the applicable federal and state laws;

C.    That this Court enter a judgment awarding MITAC America its expenses, costs, and attorneys' fees under applicable laws;

D.    That this Court award MITAC America pre-judgment and post-judgment interest to the full extent allowed under the law, as well as costs; and

E.    That this Court grant MITAC America such other and further relief as the Court deems just and proper.

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 114

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    RESPECTFULLY SUBMITTED this 28th day of January 2019.

2

3                                              */s/ Jerry A. Riedinger*
                                               Jerry A. Riedinger, WSBA No. 25828
4                                              Mack H. Shultz, WSBA No. 27190
                                               James Sanders, WSBA No. 24565
5                                              Mary Z. Gaston, WSBA No. 27258
                                               Shylah R. Alfonso, WSBA No. 33138
6                                              **Perkins Coie LLP**
                                               1201 Third Avenue, Suite 4900
7                                              Seattle, WA  98101-3099
                                               Telephone:  206.359.8000
8                                              Facsimile:  206.359.9000
                                               E-mail:  JRiedinger@perkinscoie.com
9                                              E-mail:  MShultz@perkinscoie.com
                                               E-mail:  JSanders@perkinscoie.com
10                                             E-mail:  MGaston@perkinscoie.com
                                               E-mail:  SAlfonso@perkinscoie.com

11                                             Attorneys for Defendant Mitsubishi Aircraft
                                               Corporation America Inc.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MITSUBISHI AIRCRAFT CORPORATION
AMERICA, INC.'S ANSWER, DEFENSES, AND
COUNTERCLAIMS (No. 18-cv-1543 JLR) – 115

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that on January 28, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses indicated on the Court's Electronic Mail Notice List.

DATED this 28th day of January 2019.

*/s/ Jerry A. Riedinger*
Jerry A. Riedinger, WSBA No. 25828
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
E-mail: JRiedinger@perkinscoie.com

CERTIFICATE OF SERVICE
(No. 18-cv-1543 JLR)

LEGAL143080223.2