Honorable Judge James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| BOMBARDIER INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MITSUBISHI AIRCRAFT CORPORATION, MITSUBISHI AIRCRAFT CORPORATION AMERICA INC., AEROSPACE TESTING ENGINEERING & CERTIFICATION INC., MICHEL KORWIN-SZYMANOWSKI, LAURUS BASSON, MARC-ANTOINE DELARCHE, CINDY DORNÉVAL, KEITH AYRE, AND JOHN AND/OR JANE DOES 1-88,<br><br>　　　　　Defendants. | No. 2:18-cv-01543-JLR<br><br>BOMBARDIER INC.'S MOTION FOR RELIEF UNDER FED. R. CIV. P. 12(b)(7)<br><br>**NOTE ON MOTION CALENDAR:**<br>**FEBRUARY 22, 2019** |

BOMBARDIER INC.'S RULE 12(B)(7)
MOTION FOR RELIEF (2:18-cv-01543-JLR) - i

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................1

II. RELEVANT FACTS............................................................................................2

III. ARGUMENT .......................................................................................................4

    A. Legal Standard.........................................................................................4

    B. Bombardier Cannot Achieve Complete Relief Without Joinder of the Required Parties Pursuant to Fed. R. Civ. P. 19(a)(1)(A).................................................5

        1. Bombardier Cannot Obtain Complete Relief for Counterclaims I and II Without Joinder of MHI and MITAC Japan ...........................................5

        2. Bombardier Cannot Obtain Complete Relief for Counterclaim III Without Joinder of MHI, MITAC Japan, Mr. Delarche, and Mr. Ayre .7

        3. Bombardier Cannot Obtain Complete Relief for Counterclaim IV Without Joinder of MHI, MITAC Japan, Mr. Delarche, and Mr. Ayre .8

    C. MITAC America's Counterclaims Implicate at Least MHI's and MITAC Japan's Interests Under Rule 19(a)(1)(B)(i).........................................................9

    D. The Required Parties Are Necessary to Prevent Multiple and/or Inconsistent Obligations Under Rule 19(a)(1)(B)(ii)............................................................10

    E. Dismissal Is Appropriate if Any of the Required Parties Refuses to Appear ..11

IV. CONCLUSION ..................................................................................................12

BOMBARDIER INC.'S RULE 12(B)(7)
MOTION FOR RELIEF (2:18-cv-01543-JLR) - ii

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

# TABLE OF AUTHORITIES

**Cases**

*Beane v. Beane*, 06-CV-446-SM, 2008 WL 1787105 (D.N.H. Apr. 18, 2008) .......................... 9

*E.E.O.C. v. Peabody Western Coal Co.*, 610 F.3d 1070 (9th Cir. 2010) .............................. 5, 11

*Hammons v. Wells Fargo Bank, N.A.*, 15-CV-04897-RS, 2015 WL 9258092 (N.D. Cal. Dec. 18, 2015) ............................................................................................................................. 10

*Provident Tradesmen Bank & Trust Co. v. Patterson*, 390 U.S. 102 (1968) ............. 5, 7, 11, 12

*Salt River Project Agr. Imp. and Power Dist. v. Lee*, 672 F.3d 1176 (9th Cir. 2012) ............... 4

*Sulit v. Slep-Tone Ent.*, C06-00045 MJJ, 2007 WL 4169762 (N.D. Cal. Nov. 20, 2007) ......... 9

*Tansy v. North Pacific Ins. Co.*, Case No. Civ. 04-6375-AA, 2005 WL 1334546 (D. Or. June 2, 2005) ................................................................................................................................... 5

*Trademark Retail, Inc. v. Apple Glen Inv'rs*, LP, 196 F.R.D. 535 (N.D. Ind. 2000).................. 9

**Statutes**

20 U.S.T. 361..................................................................................................................................5

**Rules**

Fed. R. Civ. P. 12(b)(7) ................................................................................................................. 1

Fed. R. Civ. P. 19 ...................................................................................................................... 1, 2

Fed. R. Civ. P. 19(a) ................................................................................................................... 10

Fed. R. Civ. P. 19(a)(1) ................................................................................................................. 1

Fed. R. Civ. P. 19(a)(1)(A) ........................................................................................................... 4

Fed. R. Civ. P. 19(a)(1)(B)(i) .................................................................................................... 4, 9

Fed. R. Civ. P. 19(a)(1)(B)(ii) .................................................................................................. 4, 11

Fed. R. Civ. P. 19(b) ..................................................................................................................... 5

Fed. R. Civ. P. 4(f)(1) ................................................................................................................... 5

Fed. R. Civ. P. 4(h)(2) .................................................................................................................. 5

BOMBARDIER INC.'S RULE 12(B)(7)
MOTION FOR RELIEF (2:18-cv-01543-JLR) - iii

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

Honorable Judge James L. Robart

Pursuant to Fed. R. Civ. P. 12(b)(7), Plaintiff/Counterclaim-Defendant Bombardier Inc. ("Bombardier") respectfully moves this Court for an order to remedy the failure of Defendant/Counterclaim-Plaintiff Mitsubishi Aircraft Corporation of America, Inc. ("MITAC America") to name parties necessary to its asserted counterclaims as required by Fed. R. Civ. P. 19.  Specifically, Bombardier respectfully requests that the Court dismiss MITAC America's counterclaims if Mitsubishi Heavy Industries, Ltd. ("MHI"); as well as named but yet to be served Defendants Mitsubishi Aircraft Corporation ("MITAC Japan"), Mr. Marc-Antoine Delarche, and Mr. Keith Ayre; do not appear in this case within fourteen (14) days of the Court's adjudication of this motion.

## I.     INTRODUCTION

MITAC America seeks far-reaching relief from the Court in its counterclaims against Bombardier for alleged attempted monopolization, anticompetitive conduct, and unfair competition.  *See* MITAC America's Answer, Defenses, and Counterclaims to Bombardier's Verified Complaint ("Answer," Dkt. No. 105, at 108-114 (Counterclaims I-IV).)  However, MITAC America failed to join at least four necessary parties for proper adjudication of all its asserted counterclaims: (1) MITAC Japan, a named defendant who has yet to appear in this case because of its repeated refusal to waive service under the Hague Convention; (2) Mr. Keith Ayre, another named defendant whose service is pending under the Hague Convention; (3) Mr. Marc-Antoine Delarche, a third named defendant whose pending service under the Hague Convention was necessitated by his transfer from AeroTEC in Seattle to MITAC Japan before Bombardier could effectuate service; and (4) MHI, the corporate parent of MITAC Japan who has not been named in this suit (collectively, "the Required Parties").  According to MITAC America's own counterclaim allegations, each of the Required Parties has an interest implicated by at least one of MITAC America's counterclaims such that their presence and participation in this case is required under Rule 19.  *See*, *e.g.*, Answer, at Counterclaims ¶¶ 1, 2, 33, 37, 58, 84, 86, 95, 105, 118, and 121; Fed. R. Civ. P. 19(a)(1).

BOMBARDIER INC.'S RULE 12(B)(7) MOTION FOR RELIEF (2:18-cv-01543-JLR) - 1

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

MITAC America expressly alleges that Bombardier has directed illicit activities at each Required Party, and it further alleges with specificity that each Required Party was harmed by such conduct. It alleges that Bombardier made "threats to Mitsubishi" through correspondence sent directly to MHI (*id*. at ¶ 33); later "escalated its threats against MHI" (*id.* at ¶ 35); "again escalated its pressure and threats against Mitsubishi [MITAC Japan]" (*id.* at ¶ 39); "issued ultimatums to its own employees that led those employees to delay the start of their employment on the MRJ project" (*id.* at ¶ 45); took "additional actions designed to limit the mobility of its employees, including" the threat of "blacklist[ing]" (*id.* at ¶ 46); and filed this purportedly baseless lawsuit against the named defendants "[a]s part of its predatory scheme to impede competition from the MRJ" (*id.* at ¶ 47). MITAC America then grounds each of its four Counterclaims on this alleged conduct. *Id.* at ¶ 95 (Count I); at ¶ 105 (Count II); at ¶ 113 (Count III); at ¶ 118, 121 (Count IV). It further explicitly alleges that this conduct "has injured persons other than MITAC America, including MITAC [Japan], MHI, . . . [and] the current and former Bombardier employees who were the recipients of Bombardier's threats" such as named defendants Messrs. Ayre and Delarche. *Id.* at ¶ 121.

Assuming these allegations to be true in the context of a Rule 12(b) motion, each of the Required Parties—by MITAC America's own admission—is a necessary party to this action under Rule 19. MITAC America's contentions establish that each Required Party would have standing to also bring at least one of the four claims asserted by MITAC America, and each could do so based on the exact alleged facts relied upon by MITAC America. To avoid duplicative proceedings and potentially inconsistent judgments, to protect the interests of those not yet a party to this suit, and to permit the Court to "accord complete relief among the existing parties," joinder of the Required Parties is necessary before permitting MITAC America to pursue its claims. Fed. R. Civ. P. 19.

## II.   RELEVANT FACTS

On October 19, 2018, Bombardier initiated suit against, *inter alia*, MITAC Japan, MITAC America (collectively, "the MITAC entities"), Mr. Delarche, and Mr. Ayre based on

BOMBARDIER INC.'S RULE 12(B)(7)
MOTION FOR RELIEF (2:18-cv-01543-JLR) - 2

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

allegations that Mr. Delarche, Mr. Ayre, and other former Bombardier employees absconded with Bombardier trade secret information for the benefit of the MITAC entities after being specifically recruited by the MITAC entities for improper purposes. *See generally* Complaint, Dkt. No. 1. Bombardier shortly thereafter perfected service on MITAC America, but service on MITAC Japan, Mr. Delarche, and Mr. Ayre is still pending. MITAC Japan, through counsel, informed Bombardier that it would not waive service and that Bombardier would need to follow the procedures outlined in the Hague Convention to effectuate it. *See* Bombardier's Brief Setting Forth Its Positions Outlined in Stipulated Motion for Scheduling Conference, Dkt. No. 47, at 3. Service of Messrs. Ayre and Delarche under the Hague Convention is also pending, as both defendants now apparently reside in Japan. *See id.*, at 2.

MHI is not yet a party to this suit, but it is well aware of the proceedings. In addition to owning more than 86% of MITAC Japan, it is MHI's in-house counsel that are acting as MITAC America's in-house counsel for this matter, at least according to MITAC America's outside counsel of record. *See* Declaration of John Denkenberger "Denkenberger Decl.," at ¶¶ 2-3, 5 and Ex. A.

Each of these Required Parties is related to MITAC America in some way: Messrs. Ayre and Delarche work for MITAC Japan, a subsidiary of MHI and the corporate parent of MITAC America.

On January 28, 2019, MITAC America filed its Answer, therein alleging four counterclaims: (1) Attempted Monopolization in Violation of the Sherman Act, 15 U.S.C. § 2; (2) Attempted Monopolization in Violation of the Washington Consumer Protection Act, RCW 19.86.040; (3) Proposal for an Arrangement to Violate the Washington Consumer Protection Act, RCW 19.86.030; and (4) Unfair Competition in Violation of the Washington Consumer Protection Act, RCW 19.86.020 (collectively, the "Counterclaims"). Answer, Dkt. No. 105, at 108-114. As the factual predicate for its Counterclaims, MITAC America identifies allegedly illicit conduct by Bombardier that was directed at and harmed not only MITAC America, but also MHI, MITAC Japan, and Messrs. Ayre and Delarche. *See*, *e.g.*,

BOMBARDIER INC.'S RULE 12(B)(7)
MOTION FOR RELIEF (2:18-cv-01543-JLR) - 3

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

Answer, at Counterclaims ¶¶ 1, 2, 33, 37, 58, 84, 86, 95, 105, 113, 118, 121 (describing an alleged "predatory scheme" of Bombardier). Additionally, MITAC America alleges that Bombardier's conduct "subjectively intended to interfere with MITAC [Japan], MITAC America, and AeroTEC's ability to compete" in violation of the Sherman Act (*id.* at ¶ 95) and the Washington Consumer Protection Act (*id.* at ¶ 105). It further alleges that such conduct has resulted in unjust damage in the form of "the burden and expense of responding to and defending against Bombardier's repeated threats and demands, including the attorneys' fees and costs incurred in relation to the instant litigation." *Id.* at ¶ 115. It also explicitly alleges that this conduct "has injured persons other than MITAC America, including MITAC [Japan], MHI, AeroTEC, [and] the current and former Bombardier employees who were the recipients of Bombardier's threats" such as named defendants Messrs. Ayre and Delarche. *Id.* at ¶ 121.

### III.  ARGUMENT

#### A.  Legal Standard

The application of Rule 19 to determine the necessity of any party to a proceeding was set forth succinctly by the Ninth Circuit:

> A party may be necessary under Rule 19(a) in three different ways. First, a person is necessary if, in his absence, the court cannot accord complete relief among existing parties. *See* Fed. R. Civ. P. 19(a)(1)(A). Second, a person is necessary if he has an interest in the action and resolving the action in his absence may as a practical matter impair or impede his ability to protect that interest. *See* Fed. R. Civ. P. 19(a)(1)(B)(i). Third, a person is necessary if he has an interest in the action and resolving the action in his absence may leave an existing party subject to inconsistent obligations because of that interest. *See* Fed. R. Civ. P. 19(a)(1)(B)(ii).

*Salt River Project Agr. Imp. and Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012). If a party is deemed necessary for any of these reasons, joinder or dismissal may be the proper remedy depending on whether joinder is feasible under the circumstances. *Id.* If parties are located in a country that is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("the Hague Convention," 20 U.S.T. 361), then joinder

BOMBARDIER INC.'S RULE 12(B)(7)
MOTION FOR RELIEF (2:18-cv-01543-JLR) - 4

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

is deemed feasible. *See* Fed. R. Civ. P. 4(f)(1) and (h)(2); *see also Tansy v. North Pacific Ins. Co.*, Case No. Civ. 04-6375-AA, 2005 WL 1334546, at *4 (D. Or. June 2, 2005) (ordering the joinder of Patrick Tansy as a necessary plaintiff subject to service of process in Argentina, a Hague Convention signatory).

Where joinder does not result, a court "look[s] to the factors provided in Rule 19(b) to determine whether, 'in equity or good conscience, the action should proceed among the existing parties or should be dismissed.'" *E.E.O.C. v. Peabody Western Coal Co.*, 610 F.3d 1070, 1083 (9th Cir. 2010) (quoting Fed. R. Civ. P. 19(b)).  The four relevant factors in making this determination are "(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by shaping the judgment or the relief; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed." *Id.*  "The heart of this inquiry is the question of 'equity and good conscience.'" *Id.* (quoting *Provident Tradesmen Bank & Trust Co. v. Patterson*, 390 U.S. 102, 125 (1968).)

### B. Bombardier Cannot Achieve Complete Relief Without Joinder of the Required Parties Pursuant to Fed. R. Civ. P. 19(a)(1)(A)

As previously noted, MITAC America's Counterclaims are predicated on alleged conduct not just directed and purportedly harmful to MITAC America, but also to each of the Required Parties.  As such, Bombardier cannot obtain complete relief on any asserted Counterclaim without the joinder of at least two of the four Required Parties.

#### 1. Bombardier Cannot Obtain Complete Relief for Counterclaims I and II Without Joinder of MHI and MITAC Japan

Without Joinder of MHI and MITAC Japan, Bombardier will not be able to obtain complete relief from the successful defense against MITAC America's Counterclaims for attempted monopolization under the Sherman Act and Washington Consumer Protection Act ("WCPA").  Answer, Dkt. No. 105, at 108-111 (Counterclaims I and II).  This is because

BOMBARDIER INC.'S RULE 12(B)(7)
MOTION FOR RELIEF (2:18-cv-01543-JLR) - 5

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

MITAC America predicates its claims on conduct directed at, and resulting harm sustained by, not just MITAC America, but also MHI and MITAC Japan. *Id.* at ¶¶ 95, 105 (describing Bombardier conduct aimed at "MITAC America, MITAC [Japan], [and] MHI" "to delay the MRJ program and undermine sales of the MRJ"). Further, MITAC America establishes that the MRJ program ultimately belongs to MHI, and that "MITAC [Japan] and MITAC America were formed in 2008" by MHI "to lead the MRJ program, including the development, marketing, and sale of the MRJ." *Id.* at ¶ 15. As such, the anticompetitive harm to the MRJ market MITAC America purportedly sustained from Bombardier's alleged conduct in the "Regional Jet Market" is equally sustained by both MHI and MITAC Japan. *See id.* at ¶ 4 (defining MITAC America, MITAC Japan, and MHI collectively as "Mitsubishi"), at ¶ 24 (alleging that Bombardier's attempts to "impede competition" were directed at "Mitsubishi" "to impair Mitsubishi's reputation and good will" and to "sully[] the image of the MRJ"). Assuming MITAC America's allegations to be true for purposes of a Rule 12(b) motion, MHI and MITAC Japan have the same antitrust claims against Bombardier based on exactly the same alleged conduct giving rise to MITAC America's Counterclaims I and II.

Permitting MITAC America to proceed on Counterclaims I and II without MHI and MITAC Japan as parties to this suit will deprive Bombardier the opportunity to vindicate itself in a single action for the same conduct giving rise to the same claim. Bombardier should not be forced to defend itself in multiple actions, particularly when MITAC America concedes in its pleading that the same nucleus of operative facts gives rise to claims for MITAC America, MITAC Japan, and MHI. This is further the case where MHI and MITAC Japan are already aware of this litigation, are poised to participate in this case, and seemingly are already actively litigating it. Denkenberger Decl., at ¶ 4. As a matter of "equity and good conscience," MHI and MITAC Japan should be party to this matter before MITAC America is permitted to proceed with Counterclaims I and II. *Provident Tradesmen Bank & Trust Co.,* 390 U.S. at 125 (1968).

BOMBARDIER INC.'S RULE 12(B)(7)
MOTION FOR RELIEF (2:18-cv-01543-JLR) - 6

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

### 2. Bombardier Cannot Obtain Complete Relief for Counterclaim III Without Joinder of MHI, MITAC Japan, Mr. Delarche, and Mr. Ayre

Unless MHI, MITAC Japan, Mr. Delarche, and Mr. Ayre appear as parties in this case, Bombardier's successful defense against MITAC America's Counterclaim III, "Proposal for an Arrangement to Violate the Washington Consumer Protection Act" will not provide Bombardier with complete relief.  As with its Counterclaims I and II, MITAC America pleads Counterclaim III in a manner indicating that necessary parties are not yet part of this case. Specifically with respect to Counterclaim III as pled, every named defendant in this lawsuit would have standing to bring the same claim based on the same set of facts giving rise to MITAC America's Counterclaim.  Just as "Bombardier [allegedly] proposed (and demanded) that MITAC America agree to cease all recruitment and hiring of Bombardier employees" (Answer, Dkt. No. 105, at ¶ 113), Bombardier allegedly also made this request (and demand) of MHI, MITAC Japan (*id.* at ¶¶ 35-36), and "former Bombardier employees" at AeroTEC (*id.* at ¶ 30).  Further, MITAC America's theory of resulting damages is premised in part on "attorneys' fees and costs incurred in relation to the instant litigation" (*id.* at ¶ 115).  —a burden every named defendant will eventually incur once served.  MITAC America's theory of resulting damages is premised in remaining part on having "to otherwise divert away attention and resources that could have otherwise been committed to the MRJ program" (*id.*) —a burden also ostensibly allegedly sustained by MHI.

Similar to Counterclaims I and II addressed above, MITAC America should not be permitted to proceed with Counterclaim III until all Required Parties appear in this matter.  To permit otherwise would deprive Bombardier of the opportunity to fully and finally dispose of the claim with respect to all potential claimants, it would subject Bombardier to multiple and redundant suits, and it would potentially expose Bombardier to inconsistent obligations and judgments.  Based on MITAC America's allegations, each Required Party has standing to assert the same claim premised on the same facts allegedly resulting in the same harm. Bombardier should have to defend itself against such allegations only one time, particularly

BOMBARDIER INC.'S RULE 12(B)(7)
MOTION FOR RELIEF (2:18-cv-01543-JLR) - 7

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

under these circumstances and given the relationships among MITAC America and the Required Parties.

### 3. Bombardier Cannot Obtain Complete Relief for Counterclaim IV Without Joinder of MHI, MITAC Japan, Mr. Delarche, and Mr. Ayre

Just as Counterclaim III requires the presence of all Required Parties under Rule 19, so too does Counterclaim IV. Again, MITAC America's own allegations establish as much. MITAC America's Counterclaim IV is predicated on alleged Bombardier conduct directed at all named defendants as well as MHI. Answer, Dkt. No. 105, at ¶¶ 117-118 (referencing generally "Bombardier's conduct" previously alleged and described as "constitut[ing] unfair methods of competition and unfair acts or practices within the meaning of RCW 19.86.020"). Additionally—and unequivocally—MITAC America alleges that this conduct "injured persons other than MITAC America, *including MITAC [Japan], MHI,* AeroTEC, [and] *the current and former Bombardier employees who were the recipients of Bombardier's threats and allegations*." *Id.* at ¶ 121 (emphasis added). As such, Messrs. Delarche and Ayre, as well as MHI and MITAC Japan,[1] all have the same potential claim for Unfair Competition under Washington law as MITAC America, and again all predicated on the exact facts giving rise to MITAC America's Counterclaim IV.

For the same reasons that MITAC America should not be permitted to pursue Counterclaims I and II until MHI and MITAC Japan appear in this case, and for the same reasons MITAC America should not be permitted to pursue Counterclaim III until MHI, MITAC Japan, Mr. Delarche, and Mr. Ayre appear, MITAC America must wait until each Required Party appears in this litigation to pursue Counterclaim IV. Each Required Party has the same potential claim against Bombardier based on the same alleged facts and the identical legal theory. Bombardier should not have to defend itself in multiple suits for the same

---

[1] Indeed, MITAC America's broad allegations of sustained harm by "current and former Bombardier employees who were the recipients of Bombardier's threats and allegations" potentially make all such recipients necessary parties to this Counterclaim.

BOMBARDIER INC.'S RULE 12(B)(7)
MOTION FOR RELIEF (2:18-cv-01543-JLR) - 8

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

conduct, again, particularly under these circumstances and given the relationships among MITAC America and the Required Parties.

### C. MITAC America's Counterclaims Implicate at Least MHI's and MITAC Japan's Interests Under Rule 19(a)(1)(B)(i)

Under Rule 19(a)(1)(B)(i), if a "person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may [] as a practical matter impair or impede the person's ability to protect the interest," that person is a necessary party. District courts around the country have found separate corporate entities to be necessary parties where the claims impact their interests. *See*, *e.g.*, *Sulit v. Slep-Tone Ent.*, C06-00045 MJJ, 2007 WL 4169762, at *4 (N.D. Cal. Nov. 20, 2007) (finding plaintiff's corporation is a necessary party where the defamation claim is, by plaintiff's own admission, related to the actions of both the named defendants and the unnamed corporation); *Beane v. Beane*, 06-CV-446-SM, 2008 WL 1787105, at *6 (D.N.H. Apr. 18, 2008) (finding LLC was necessary party to dispute because its "substantive rights are at stake and those rights are sought to be vindicated in this suit by" the parties present); *Trademark Retail, Inc. v. Apple Glen Inv'rs*, LP, 196 F.R.D. 535, 542 (N.D. Ind. 2000) (finding LLC was necessary party where the complaint alleged breaches of fiduciary duty that were causing harm to the LLC).

Here, MHI and MITAC Japan are both necessary parties at least for the reason that both MHI and MITAC Japan claim an interest in this action, and disposing of this action without them could, as a practical matter, impair or impede their ability to protect those interests. In short, as alleged in MITAC America's Answer, MHI and MITAC Japan are similarly situated to MITAC America with respect to all Counterclaims I-IV, and proceeding without them will impede their ability seek redress for their own similar causes of action.

MITAC America alleges that MHI and MITAC Japan have suffered a similar harm as MITAC America as a result of the exact same conduct complained of by MITAC America. The nucleus of operative facts alleged by MITAC America is identical for all parties, so both

BOMBARDIER INC.'S RULE 12(B)(7)
MOTION FOR RELIEF (2:18-cv-01543-JLR) - 9

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

MHI and MITAC Japan would have the same alleged cause of action against Bombardier as complained of by MITAC America.

Allowing this action to proceed without both MHI and MITAC Japan joined could lead to either numerous factual findings or even a final judgment on the dispute between Bombardier and *only* MITAC America in this action. However, those factual findings or final judgment could be inconsistent with a case that either MHI or MITAC Japan may well bring. In other words, MITAC America could litigate a significantly different case here from what either MHI or MITAC Japan would have litigated had they been joined in this action or may litigate later if not joined. The absence of MHI and MITAC Japan from this action creates a significant risk of inconsistent factual findings and rulings on what are otherwise identical claims. For that reason, the interests of MHI and MITAC Japan may not be adequately represented in this action without their involvement. *See*, *e.g.*, *Hammons v. Wells Fargo Bank, N.A.*, 15-CV-04897-RS, 2015 WL 9258092, at *7 (N.D. Cal. Dec. 18, 2015). Their joinder is therefore proper under Rule 19.

**D. The Required Parties Are Necessary to Prevent Multiple and/or Inconsistent Obligations Under Rule 19(a)(1)(B)(ii)**

As noted particularly in Section III(B)(1-3) *supra*, each of the Required Parties is necessary under Rule 19(a) to prevent Bombardier from enduring multiple and/or inconsistent obligations for the same alleged conduct giving rise to MITAC America's Counterclaims. MITAC America concedes in its own pleadings that Bombardier's alleged anticompetitive and/or unfair activity caused harm to the MRJ project, to the named defendants, and to MHI. MITAC Japan is not yet a party to this case, however, and it will have no obligation to bring its own related Counterclaims against Bombardier unless and until it makes its appearance in this case. The same is true of Messrs. Delarche and Ayre. MHI, uniquely, is not a named party in this case, and unless it is joined voluntarily or otherwise in this matter, it will have no obligation to participate in this case and bring its own related claims.

BOMBARDIER INC.'S RULE 12(B)(7)
MOTION FOR RELIEF (2:18-cv-01543-JLR) - 10

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

This scenario is the precise circumstance Rule 19(a)(1)(B)(ii) was created to eliminate: it "leaves [Bombardier] subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Unless joined, MHI can bring a separate suit against Bombardier premised on the same facts and legal theories at any time. Likewise, until MITAC Japan and Messrs. Ayre and Delarche are successfully served and appear, the same is true of their claims. As noted previously, and if for no other reason, "equity and good conscience" compel that the Required Parties appear before MITAC America be permitted to pursue its Counterclaims here—particularly given the relationships between and among MITAC America and each of the Required Parties. *Provident Tradesmen Bank & Trust Co.,* 390 U.S. at 125 (1968).

**E. Dismissal Is Appropriate if Any of the Required Parties Refuses to Appear**

In the event any of the Required Parties refuses to appear, dismissal of at least two of MITAC America's Counterclaims is warranted. Assuming MITAC America's allegations to be true for purposes of a Rule 12(b) motion, MHI and MITAC Japan have standing to bring their own Counterclaims I-IV, and Messrs. Delarche and Ayre have standing to bring their own Counterclaims III and IV. If either individual defendant refuses to appear, then dismissal of MITAC America's Counterclaims III and IV is justified; if either corporate defendant refuses to appear, then dismissal of MITAC America's Counterclaims I-IV is proper. An assessment of the four relevant factors in determining the propriety of a Rule 19 dismissal confirms as much. *See Peabody Western Coal Co.*, 610 F.3d at 1083 (identifying the relevant factors as "(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by shaping the judgment or the relief; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed").

As noted above, Bombardier stands to sustain considerable prejudice if MITAC America is permitted to pursue its Counterclaims without the Required Parties. The potential

BOMBARDIER INC.'S RULE 12(B)(7)
MOTION FOR RELIEF (2:18-cv-01543-JLR) - 11

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

for multiple, inconsistent obligations and judgments stemming from consecutive lawsuits from different claimants is real. Bombardier's successful defense of any Counterclaim, in the absence of any Required Party, will only serve to provide that Required Party a second bite at the apple and pursue its claim at a different time and in a different manner in an effort to succeed where MITAC America failed. No shaping of the judgment could prevent such gamesmanship, and Bombardier would be forced to defend itself against the same claims based on the same facts in multiple lawsuits.

Moreover, MITAC America faces no undue prejudice if the conditional dismissal Bombardier now seeks is granted. Indeed, Bombardier asks only that the Counterclaims be dismissed if the Required Parties fail to appear within fourteen days of the Court's adjudication of this motion. MITAC America and the Required Parties are all related: Messrs. Delarche and Ayre work for MITAC Japan, which is a subsidiary of MHI and corporate parent of MITAC America. In-house counsel for MHI are the same in-house counsel for MITAC America who are the same in-house counsel for MITAC Japan. *See* Denkenberger Decl., at ¶ 3. If any Required Party chooses not to appear after fourteen days from the Court's order on this motion, then that is simply MITAC America informing the Court of Mitsubishi's collective decision to forego its Counterclaims for the twin aims of (a) keeping MHI out of court, and (b) continuing to delay these proceedings needlessly.[2] Under these circumstances, dismissal of MITAC's Counterclaims absent participation of the Required Parties in this matter is entirely consistent with "equity and good conscience." *Provident Tradesmen Bank & Trust Co.* 390 U.S. at 125.

### IV.   CONCLUSION

For the foregoing reasons, Bombardier respectfully requests that the Court dismiss MITAC America's counterclaims if MHI; as well as named but yet to be served Defendants

---

[2] As of the date of this filing, service of process for MITAC Japan, Mr. Delarche, and Mr. Ayre has been transmitted to the Japanese Central Authority ("JCA") pursuant to the Hague Convention. Their eventual participation in this case is expected, assuming no issues arise from the JCA.

BOMBARDIER INC.'S RULE 12(B)(7)
MOTION FOR RELIEF (2:18-cv-01543-JLR) - 12

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

MITAC Japan, Mr. Marc-Antoine Delarche, and Mr. Keith Ayre; do not appear in this case within fourteen days of the Court's adjudication of this motion.

Dated this 31st day of January, 2019.

                              CHRISTENSEN O'CONNOR
                              JOHNSON KINDNESS$^{PLLC}$

                              s/ John D. Denkenberger
                              John D. Denkenberger, WSBA No.: 25,907
                              Brian F. McMahon, WSBA No.: 45,739
                              E. Lindsay Calkins, WSBA No.: 44,127
                              Christensen O'Connor Johnson Kindness$^{PLLC}$
                              1201 Third Avenue, Suite 3600
                              Seattle, WA  98101-3029
                              Telephone:  206.682.8100
                              Fax:  206.224.0779
                              E-mail:  john.denkenberger@cojk.com,
                              brian.mcmahon@cojk.com,
                              lindsay.calkins@cojk.com, litdoc@cojk.com

                              *Attorneys for Plaintiff Bombardier Inc.*

BOMBARDIER INC.'S RULE 12(B)(7)
MOTION FOR RELIEF (2:18-cv-01543-JLR) - 13

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

# CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jerry A. Riedinger
PERKINS COIE LLP
Email: JRiedinger@perkinscoie.com
docketsea@perkinscoie.com
lshaw@perkinscoie.com
sporter@perkinscoie.com

Mack H. Shultz
PERKINS COIE LLP
Email: MShultz@perkinscoie.com
docketseapl@perkinscoie.com
sbilger@perkinscoie.com

Mary Z. Gaston
PERKINS COIE LLP
Email: MGaston@perkinscoie.com
docketsea@perkinscoie.com
jstarr@perkinscoie.com

James Sanders
PERKINS COIE LLP
Email: JSanders@perkinscoie.com
RBecken@perkinscoie.com
docketsea@perkinscoie.com
jdavenport@perkinscoie.com

Shylah R. Alfonso
PERKINS COIE LLP
Email: SAlfonso@perkinscoie.com
docketsea@perkinscoie.com

Attorneys for Mitsubishi Aircraft Corporation America Inc.

Richard J. Omata
KARR TUTTLE CAMPBELL
Email: romata@karrtuttle.com
jnesbitt@karrtuttle.com
swatkins@karrtuttle.com

Mark A. Bailey
KARR TUTTLE CAMPBELL
Email: mbailey@karrtuttle.com
jsmith@karrtuttle.com
mmunhall@karrtuttle.com
sanderson@karrtuttle.com

Daniel T. Hagen
KARR TUTTLE CAMPBELL
Email: dhagen@karrtuttle.com

Attorneys for Aerospace Testing Engineering & Certification Inc., Michel Korwin-Szymanowski, Laurus Basson, and Cindy Dornéval

            s/ John D. Denkenberger
            John D. Denkenberger, WSBA No.: 25,907
            Brian F. McMahon, WSBA No.: 45,739
            E. Lindsay Calkins, WSBA No.: 44,127
            Christensen O'Connor Johnson Kindness[PLLC]

BOMBARDIER INC.'S RULE 12(B)(7) MOTION FOR RELIEF (2:18-cv-01543-JLR) - 14

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

1201 Third Avenue, Suite 3600
Seattle, WA 98101-3029
Telephone: 206.682.8100
Fax: 206.224.0779
E-mail: john.denkenberger@cojk.com,
brian.mcmahon@cojk.com,
lindsay.calkins@cojk.com, litdoc@cojk.com

*Attorneys for Plaintiff Bombardier Inc.*

BOMBARDIER INC.'S RULE 12(B)(7)
MOTION FOR RELIEF (2:18-cv-01543-JLR) - 15

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100