```
                    UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF WASHINGTON AT SEATTLE
_____

 BOMBARDIER INC.,                  )
                                   )
          Plaintiff,               ) CASE NO. C18-1543-JLR
                                   )
 v.                                ) SEATTLE, WASHINGTON
                                   ) January 17, 2019
 MITSUBISHI AIRCRAFT CORPORATION,  )
 MITSUBISHI AIRCRAFT CORPORATION   ) TELEPHONIC CONFERENCE
 AMERICA INC., et al.,             )
                                   )
          Defendants.              )
_____

                  VERBATIM REPORT OF PROCEEDINGS
              BEFORE THE HONORABLE JAMES L. ROBART
                  UNITED STATES DISTRICT JUDGE
_____

 APPEARANCES:

  For the Plaintiff:     JOHN D. DENKENBERGER
                         Christensen O'Connor Johnson & Kindness
                         1201 Third Avenue, Suite 3600
                         Seattle, WA 98101-3029

  For the Defendants:    MARK A. BAILEY
                         Karr Tuttle Campbell
                         701 Fifth Avenue, Suite 3300
                         Seattle, WA 98104

                         JERRY A. RIEDINGER
                         Perkins Coie
                         1201 Third Avenue, Suite 4900
                         Seattle, WA 98101-3099


  Reported by:           NANCY L. BAUER, CCR, RPR
                         Federal Court Reporter
                         700 Stewart Street, Suite 17205
                         Seattle, WA 98101
                         (206) 370-8506
                         nancy_bauer@wawd.uscourts.gov
```

| | |
|---|---|
| January 17, 2019 | 2:30 p.m. |

PROCEEDINGS

THE COURT: Good afternoon, counsel. This is Judge Robart. May I have an appearance, please, from the person who is going to be speaking for each of the parties?

MR. DENKENBERGER: Your Honor, this is John Denkenberger from Christensen O'Connor Johnson & Kindness on behalf of the plaintiff Bombardier.

MR. RIEDINGER: And Jerry Riedinger speaking on behalf of Mitsubishi Aircraft America, and just to be complete, two of my partners are listening in but won't be speaking, and that's James Sanders and Mary Gaston.

THE COURT: Thank you.

MR. BAILEY: Good afternoon, Your Honor. Mark Bailey at Karr Tuttle Campbell, and I represent Aero TEC and three of the named individuals.

THE COURT: All right.

Counsel, I'm just going to riff for a little bit here, and then I'm going to ask you why can't we do it the way I want to do it, so make yourselves at home.

We've taken this matter over from Judge Jones. I know all of you practice here in the Western District. We have a personnel shortage that's causing havoc in that there are only four acting judges left.

Normally what I would suggest is this case be handled in

the following manner:

I would have expected to see the plaintiff filing a standard protective order for entry by the court as one of the, probably, first five docket entries.  We found what seems to be some kind of informally agreed-to protective order, but it's not signed and it's not filed and I haven't approved it, although it looks to be in fairly good shape.  So that's kind of my first question.

My second question is, if you have a protective order in place, then we ought to be able to have whatever both sides are doing continue while we address the two sets of pending motions that are of greatest interest to us, which would probably be to take up the motion to dismiss next because, as I understand it, it's fully briefed and you don't need additional discovery.  And then depending on the outcome of that motion, we would turn to the motion for preliminary injunction, which will hang around until you get to trial.

So, Mr. Denkenberger, I'll start with you.  How does your client feel we ought to handle this?

MR. DENKENBERGER:  Well, Your Honor, we do not object to you taking up the motion to dismiss first.  It would be, as Your Honor's suggested, case dispositive if, in fact, it were -- in case that we did not plead it within the standard 12(b)(6).  So we have no objection, Your Honor, to going first with the motion to dismiss and then the motion for

```
 1   preliminary injunction.  But we are interested, Your Honor,
 2   in moving quickly to the motion for preliminary injunction at
 3   the court's convenience.
 4           THE COURT:  Well, if you have a protective order in
 5   place, how much of an interference is it with your client's
 6   operations, if we have some period of delay, while I deal
 7   with the motion to dismiss and then the motion for
 8   preliminary injunction?
 9           MR. DENKENBERGER:  That's a great -- great question,
10   Your Honor.  The defendants are, as we allege, moving very
11   quickly towards certification, and every day that
12   certification is continuing towards that end, it is causing
13   us harm.
14      If -- if we -- I'm sorry I can't be more direct, Your
15   Honor, but we are being harmed by the continued delay.  I am
16   sorry.  I'm not sure how to answer that question directly,
17   Your Honor, but it is very urgent to us that we do get to the
18   motion for preliminary injunction at the earliest
19   convenience, Your Honor.
20           THE COURT:  Well, Mr. Riedinger, I'll turn to you
21   next, see how you do.
22           MR. RIEDINGER:  Yes, Your Honor.
23      First of all, you asked the question regarding the
24   informal agreement the parties submitted.  That's because
25   it's Judge Jones' practice to have the parties make such
```

1  informal agreements and not have them signed by him, so we
2  were complying with his practice.
3       The parties also agree we need to make some modifications
4  to that.  But we're willing to work very quickly with the
5  opposing side to come up with an agreed protective order that
6  we could submit to you for your approval and signature.  And
7  I don't think that would take an enormous amount of time.
8       In terms of the order, the motion to dismiss going first,
9  we have no problem with that.
10      In terms of the preliminary injunction --
11           THE COURT:  Let me stop you there.
12           MR. RIEDINGER:  I'm sorry.
13           THE COURT:  Sorry to interrupt.
14      Do you agree that the motion to dismiss appears to be
15  fully briefed and that it does not need further discovery?
16           MR. RIEDINGER:  That is correct.  I'm speaking on
17  behalf of Mitsubishi Aircraft America.  Of course, Aero TEC
18  has their own motion as well.  But our motion is certainly
19  fully brief and we do not need discovery on a motion to
20  dismiss.
21           THE COURT:  All right.  Let me go back to
22  Mr. Denkenberger for a moment.
23      Do you need further discovery to respond to the motion to
24  dismiss?
25           MR. DENKENBERGER:  No, Your Honor.

1    THE COURT:  All right.  Go ahead, Mr. Riedinger.  You
2 were going to finish up before I interrupted you.
3    MR. RIEDINGER:  Yes, Your Honor.  Thank you.
4     On the motion for a preliminary injunction, I would just
5 simply note that the conduct that they're complaining of
6 happened years ago and, therefore, we do not see an urgency
7 in resolving the preliminary injunction immediately.
8 However, the longer this hangs over us, the more it has
9 potential to impact the market.  And so we would like to see
10 a resolution at some point, but we do believe that the motion
11 is one that can be resolved after the motion to dismiss, both
12 sides.  Both the Aero TEC and MITAC America motions on the
13 Rule 12(b)(6) matter can be resolved.
14    THE COURT:  All right.  Counsel, the Ninth Circuit
15 teaches me that if I rule on motions to dismiss, I'm supposed
16 to seriously consider allowing amendment.
17     Is it your sense -- and anyone who wants to chime in first
18 can feel free to do so.  Is it your sense that if the motion
19 to dismiss is granted but with leave to amend, what does that
20 do to the case?  I mean, is that likely where we go next, or
21 is it likely that this is one shot, and we're in and out?
22    MR. RIEDINGER:  Your Honor, speaking on behalf of
23 Mitsubishi Aircraft America, we think that there is going to
24 be an absence of facts applicable to us no matter what they
25 do.  I suspect that they would want to try to amend the

1   complaint and add additional facts, but we don't believe
2   there simply are facts that are applicable to Mitsubishi
3   Aircraft America.
4       When you look at the existing complaints, you can see that
5   their facts are focused on other parties, and even then we
6   think there is a deficiency.  But regarding us, there is
7   almost a complete dearth of anything other than conclusory
8   statements, and we believe that's because there was a
9   complete absence of facts.
10             THE COURT:  Let's not --
11             MR. RIEDINGER:  Now, I can't predict what they'll
12  do --
13             THE COURT:  Let's not get into the merits.  I'm still
14  trying to figure out who's on first here.
15      Mr. Bailey, you haven't had your chance to talk.  What
16  have you got to say?
17             MR. BAILEY:  Thank you, Your Honor.
18      I agree that the motion to dismiss, it makes sense to do
19  that first in that order, and that may resolve some issues.
20  I think we have a little different position than MITAC
21  America does insofar as, you know, candidly, frankly, I
22  can -- I can envision the plaintiff re-pleading the facts
23  with sufficiency against some of my clients, the individuals.
24  I'm not so sure they can do so against Aero TEC, but I can't
25  say that I'd be a hundred percent confident that this would

1  be a dismissal with prejudice.
2           THE COURT:  All right.  Well, let me tell you what I
3  hear us saying here, and see if I can put some words in your
4  mouths.
5     I would like to get a stipulated protective order.  If it
6  needs amendments, you know, make the amendments to me no
7  later than noon next Friday.  I'm giving you the weekend off,
8  so I won't make it due on Monday, but we'll do it by next
9  Friday at noon.
10     And you seem to have a pretty good start on a protective
11  order.  It's one that we commonly use.  It's been doctored up
12  a little bit, but that's not uncommon, particularly in trade
13  secret cases.
14     Then the court will be inclined, then, to turn its
15  attention, along with the other 213 matters that we're
16  handling, to the motions to dismiss, and I understand that
17  there are more than one.  There's one from each of the
18  defendants.  Mr. Bailey, I'm doing a disservice to your
19  individual clients, but I'm going to loop them all in there.
20  We will try and get that out promptly.  And then, depending
21  on the result of that analysis, we would turn to the motion
22  for preliminary injunction.
23     If we rule on the motion to dismiss and find that we need
24  to give leave to amend, we would probably continue on with
25  the motion for preliminary injunction anyway, as opposed to

```
 1   going through a second round of motions to dismiss.
 2       Let me go to the top of the order here again.
 3   Mr. Denkenberger, do you have any comments on that as a
 4   proposed plan of action?
 5            MR. DENKENBERGER:  No, Your Honor.  That's acceptable.
 6            THE COURT:  Mr. Riedinger?
 7            MR. RIEDINGER:  That's fine with us, Your Honor.
 8            THE COURT:  Mr. Bailey?
 9            MR. BAILEY:  Yes, that sounds fine.  Thank you.
10            THE COURT:  All right.  Well, let me apologize on
11   behalf of the court.  I know that this is an important matter
12   to you-all and you've been around for a little bit of time,
13   but given the current status of the government, that's just
14   where we are these days.
15            MR. RIEDINGER:  We understand, Your Honor.
16            THE COURT:  Anyway, I'll look forward to getting your
17   protective order by next week, and we'll try and take a look
18   at the motions to dismiss after we work our way through a
19   couple other matters first.
20       Counsel, anything else I can do to ruin your day?
21            MR. BAILEY:  No, Your Honor.  Thank you.
22            THE COURT:  All right, counsel. Thank you.  I
23   appreciate it.  I look forward to working with you.
24                 (The proceedings concluded at 2:42 p.m.)
25
```

# C E R T I F I C A T E

      I, Nancy L. Bauer, CCR, RPR, Court Reporter for the United States District Court in the Western District of Washington at Seattle, do hereby certify that I was present in court during the foregoing matter and reported said proceedings stenographically.

      I further certify that thereafter, I have caused said stenographic notes to be transcribed under my direction and that the foregoing pages are a true and accurate transcription to the best of my ability.

      Dated this 1st day of February 2019.


      <u>/S/   Nancy L. Bauer</u>

      Nancy L. Bauer, CCR, RPR
      Official Court Reporter