1
2
3
4
5
6

THE HONORABLE JAMES L. ROBART

7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

BOMBARDIER INC.,

10

                              Plaintiff,

11

v.

12

MITSUBISHI AIRCRAFT
CORPORATION, MITSUBISHI
13  AIRCRAFT CORPORATION AMERICA
INC., et al.,

14

15                              Defendants.

16

No. 2:18-cv-1543-JLR

DEFENDANT MITSUBISHI AIRCRAFT
CORPORATION AMERICA INC.'S
RESPONSE TO PLAINTIFF'S MOTION
FOR RELIEF UNDER FED. R. CIV. P.
12(b)(7)

NOTE ON MOTION CALENDAR:
Friday, February 22, 2019

ORAL ARGUMENT REQUESTED

17
18
19
20
21
22
23
24
25
26

MITAC AMERICA'S RESPONSE TO PLAINTIFF'S
MOTION UNDER FED. R. CIV. P. 12(b)(7)
(No. 2:18-cv-1543-JLR)

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# TABLE OF CONTENTS

Page

I.     INTRODUCTION ................................................................................................ 1

II.    THE NINTH CIRCUIT'S LEGAL STANDARD ............................................... 2

       A.     Determine Whether the Nonparty Is a "Necessary" Party ..................... 2

              1.     The "Complete Relief" Criterion ................................................ 2

              2.     The Action Threatens to "Impair or Impede" the Nonparty's
                     "Interest" .................................................................................... 3

              3.     An Existing Party Has a Substantial Risk of "Inconsistent
                     Obligations" ................................................................................ 4

       B.     Determine Whether Joinder is Feasible ................................................. 5

       C.     Determine if the Case Can Proceed Without the Necessary Party ......... 5

III.   MHI IS NOT NECESSARY ................................................................................ 6

       A.     Bombardier's Motion Fails to Meet any Rule 19 Criteria for a "Necessary"
              Party ..................................................................................................... 6

       B.     This Case Can Proceed Without MHI .................................................... 8

IV.    THE REMAINING NAMED PARTIES WILL APPEAR ..................................... 9

V.     THE REMAINING NAMED PARTIES ARE NOT NECESSARY ............................ 10

       A.     Bombardier Again Fails to Meet any Rule 19 Criteria for a "Necessary"
              Party ................................................................................................... 10

       B.     The Counterclaims Need Not Be Delayed ............................................ 12

VI.    BOMBARDIER'S REQUEST FOR IDENTIFICATION IS UNSUPPORTED ............ 12

VII.   CONCLUSION .................................................................................................. 12

MITAC AMERICA'S RESPONSE TO PLAINTIFF'S
MOTION UNDER FED. R. CIV. P. 12(b)(7)
(No. 2:18-cv-1543-JLR) – i

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

CASES

4

*A. H. R. v. Wash. State Health Care Auth.*,
  No. C15-5701JLR, 2016 WL 98513 (W.D. Wash. Jan. 7, 2016) ....................................4, 8, 12

5

6

*Advanced Video Tech. v. HTC Corp.*,
  879 F.3d 1314 (Fed. Cir. 2018).........................................................................................4

7

*Alto v. Black*,
  738 F.3d 1111 (9th Cir. 2013) ...........................................................................................3

8

9

*Ass'n to Protect Hammersley, Eld, & Totten Inlets v. Taylor Res., Inc.*,
  299 F.3d 1007 (9th Cir. 2002) ........................................................................................3, 7

10

11

*Beane v. Beane*,
  No. 06-CV-446-SM, 2008 WL 1787105 (D.N.H. Apr. 18, 2008)............................................7

12

13

*Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. California*,
  547 F.3d 962 (9th Cir. 2008) .............................................................................................4

14

*Carr v. United Healthcare Servs. Inc.*,
  No. C15-1105-MJP, 2016 WL 7716060 (W.D. Wash. May 31, 2016) ....................................3

15

16

*Confederated Tribes of Chehalis Indian Reservation v. Lujan*,
  928 F.2d 1496 (9th Cir. 1991) ...........................................................................................4

17

18

*Dawavendewa v. Salt River Project Agric. Improvement & Power Dist.*,
  276 F.3d 1150 (9th Cir. 2002) ..............................................................................3, 4, 7, 11

19

*Delgado v. Plaza Las Ams., Inc.*,
  139 F.3d 1 (1st Cir. 1998)...........................................................................................4, 6, 8

20

21

*Disabled Rights Action Comm. v. Las Vegas Events, Inc.*,
  375 F.3d 861 (9th Cir. 2004) .....................................................................................2, 7, 11

22

*E.E.O.C. v. Peabody W. Coal Co.*,
  400 F.3d 774 (9th Cir. 2005) ..........................................................................................2, 5

23

24

*Eldredge v. Carpenters 46 N. Cal. Ctys. Joint Apprenticeship & Training Comm.*,
  662 F.2d 534 (9th Cir. 1981) .............................................................................................3

25

26

*Fanning v. Grp. Health Coop.*,
  No. C07-1716MJP, 2008 WL 2148753 (W.D. Wash. May 21, 2008) ....................................3

MITAC AMERICA'S RESPONSE TO PLAINTIFF'S
MOTION UNDER FED. R. CIV. P. 12(b)(7)
(No. 2:18-cv-1543-JLR) – ii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

**TABLE OF AUTHORITIES**
(continued)

2
                                                                    **Page(s)**

3
*Hammons v. Wells Fargo Bank, N.A.*,
   No. 15-CV-04897-RS, 2015 WL 9258092 (N.D. Cal. Dec. 18, 2015)..................7, 8

4
*Holcomb v. Nw. Mut. Life Ins. Co.*,
5
   No. C10-5509BHS, 2011 WL 31774 (W.D. Wash. Jan. 4, 2011)...........................4

6
*Makah Indian Tribe v. Verity*,
   910 F.2d 555 (9th Cir. 1990) ...................................................................... passim
7

8
*Northrop Corp. v. McDonnell Douglas Corp.*,
   705 F.2d 1030 (9th Cir. 1983) ...........................................................................5, 6

9
*Pan Am. World Airways, Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal.*,
10
   523 F.2d 1073 (9th Cir. 1975) ...............................................................................5

11
*Provident Tradesmens Bank & Trust Co. v. Patterson*,
12
   390 U.S. 102 (1968)................................................................................................6

13
*Salt River Project Agric. Improvement & Power Dist. v. Lee*,
   672 F.3d 1176 (9th Cir. 2012) ..........................................................................2, 4

14
*Sirna Therapeutics, Inc. v. Protiva Biotherapeutics, Inc.*,
15
   No. C-06-1361 MMC, 2006 WL 3491027 (N.D. Cal. Dec. 1, 2006)...................3, 7

16
*Sulit v. Slep-Tone Entm't*,
   No. C06-00045 MJJ, 2007 WL 4169762 (N.D. Cal. Nov. 20, 2007)......................7
17

18
*Trademark Retail, Inc. v. Apple Glen Inv'rs, LP*,
   196 F.R.D. 535 (N.D. Ind. 2000).............................................................................7

19
*United States v. Bestfoods*,
20
   524 U.S. 51 (1998)..................................................................................................9

21
*United States v. Bowen*,
   172 F.3d 682 (9th Cir. 1999) ..............................................................................3, 8
22

23
*Versaterm Inc. v. City of Seattle*,
   No. C16-1217JLR, 2016 WL 4793239 (W.D. Wash. Sept. 13, 2016) ....................4

24
**OTHER AUTHORITIES**

25
4 *Moore's Federal Practice*, § 19.03 (Matthew Bender 3d ed.)..........................................5

26

MITAC AMERICA'S RESPONSE TO PLAINTIFF'S
MOTION UNDER FED. R. CIV. P. 12(b)(7)
(No. 2:18-cv-1543-JLR) – iii

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

**TABLE OF AUTHORITIES**
(continued)

2

Page(s)

3

RULES

4

Fed. R. Civ. P. 7 ...................................................................................................12

5

Fed. R. Civ. P. 19 ........................................................................................... passim

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MITAC AMERICA'S RESPONSE TO PLAINTIFF'S
MOTION UNDER FED. R. CIV. P. 12(b)(7)
(No. 2:18-cv-1543-JLR) – iv

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# I.      INTRODUCTION

Bombardier's motion relies upon the fundamentally erroneous belief that Rule 19 makes all persons with similar causes of action "necessary parties" to a suit by any of those persons. This has never has been the law.  Bombardier's theory would mean, for example, that every person injured in a mass tort is a necessary party to a suit by any other injured person.  The cases show instead that such persons are not necessary, even when they have similar claims on the same core facts.

Bombardier's motion misapprehends each of the factors applicable under Rule 19.  The "complete relief" factor evaluates whether the claimant can obtain full relief on its claims, not whether the defendant might be subject to similar claims by other potential claimants.  An "interest" in a litigation is not a potential ability to assert a similar cause of action, but instead is a right that will be impacted by the litigation, such as ownership in disputed property, or rights in a disputed contract.  An interest is "impaired or impeded," not when the defendant might face other suits arising from the same conduct, but when the court's decision could harm the rights of the nonparty.  And Bombardier has failed to even allege facts showing any of the four supposedly "necessary" parties actually claim an "interest".  Likewise, the potential for others to have similar claims does not create "double, multiple, or otherwise inconsistent obligations." Rather, inconsistencies occur when a party is unable to comply with one court's order without breaching another court's order on the same incident.  None of the Rule 19 criteria are present.

Even if the present facts did make one or more nonparties "necessary," Rule 19 allows litigations to proceed where, as here, "equity and good conscience" allows continuation of the suit.  This standard is especially applicable to the already named parties Bombardier contends are "necessary," but have not appeared because Bombardier has not served those parties with the summons and complaint.  Indeed, the relief requested in Bombardier's proposed order is a non-sequitur, since Bombardier wants named parties to appear before they have been served, and seeks dismissal of MITAC America's counterclaims unless those named parties appear early.

MITAC AMERICA'S RESPONSE TO PLAINTIFF'S
MOTION UNDER FED. R. CIV. P. 12(b)(7)
(No. 2:18-cv-1543-JLR) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2

Bombardier fundamentally misapprehends Rule 19 and the law of necessary parties. Its motion should be rejected.

## II.   THE NINTH CIRCUIT'S LEGAL STANDARD

3
4
5
6
7
8
9
10
11
12
13

Rule 19 imposes a three-step inquiry when determining whether a court should dismiss an action for failure to join a necessary party. *Salt River Project Agric. Improvement & Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012). "First, the court must determine whether a nonparty should be joined under Rule 19(a)." *E.E.O.C. v. Peabody W. Coal Co.*, 400 F.3d 774, 779 (9th Cir. 2005) ("*E.E.O.C.*"). Second, if the party should be joined, the court should "determine whether it is feasible to order that the absentee be joined." *Id.* Finally, "if joinder is not feasible, the court must determine . . . whether the case can proceed without the absentee, or whether the absentee is an 'indispensable party' such that the action must be dismissed." *Id.* The moving party has the burden of persuasion. *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990).

## A.   Determine Whether the Nonparty Is a "Necessary" Party

14
15

Rule 19(a)(1) sets forth three criteria for when a nonparty may be necessary:

16
17
18
19

First, a person is necessary if, in his absence, the court cannot accord complete relief among existing parties. Second, a person is necessary if he has an interest in the action and resolving the action in his absence may as a practical matter impair or impede his ability to protect that interest. Third, a person is necessary if he has an interest in the action and resolving the action in his absence may leave an existing party subject to inconsistent obligations because of that interest.

20

*Salt River*, 672 F.3d at 1179 (internal citations omitted).

21

### 1.   The "Complete Relief" Criterion

22
23
24
25

"Complete relief" is possible if the court can issue an order among the existing parties that wholly addresses the plaintiff's claim for relief. This criterion examines whether the court can provide "meaningful relief as between the parties" on the claim asserted in the action. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004).

26

MITAC AMERICA'S RESPONSE TO PLAINTIFF'S
MOTION UNDER FED. R. CIV. P. 12(b)(7)
(No. 2:18-cv-1543-JLR) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

The "complete relief" criteria focuses on the plaintiff's injury.  If compliance by the existing parties with a court order will address that injury, then complete relief is available.  *E.g.*, *Ass'n to Protect Hammersley, Eld, & Totten Inlets v. Taylor Res., Inc.*, 299 F.3d 1007, 1014–15 (9th Cir. 2002) ("*APHETI*"); *Carr v. United Healthcare Servs. Inc.*, No. C15-1105-MJP, 2016 WL 7716060, at *1, *4 (W.D. Wash. May 31, 2016).  Complete relief is available even when a nonparty's future acts might undermine the court's order.  *See Eldredge v. Carpenters 46 N. Cal. Ctys. Joint Apprenticeship & Training Comm.*, 662 F.2d 534, 537–38 (9th Cir. 1981). Conversely, complete relief is not available when "the injury complained of [i]s a result of the absent[ee's] action."  *Alto v. Black*, 738 F.3d 1111, 1126-27 (9th Cir. 2013) (citing cases).

### 2.    The Action Threatens to "Impair or Impede" the Nonparty's "Interest"

The second criterion asks if the nonparty claims an "interest" that the court's resolution would "impair or impede."  *See* Fed. R. Civ. P. 19(a)(1)(B)(i).  This criterion has three parts: First, the nonparty must claim the interest.  If the nonparty is aware of the lawsuit but remains silent or affirmatively states it has no interest in the action, such silence weighs heavily against finding the nonparty to be necessary.  *United States v. Bowen*, 172 F.3d 682, 689 (9th Cir. 1999); *Fanning v. Grp. Health Coop.*, No. C07-1716MJP, 2008 WL 2148753, at *2 (W.D. Wash. May 21, 2008); *see APHETI*, 299 F.3d at 1014–15.

Second, the nonparty must claim a "legally cognizable" interest.  *Makah Indian Tribe*, 910 F.2d at 558.  "This interest must be more than a financial stake and more than speculation about a future event."  *Id.* (internal citation omitted); *e.g.*, *Sirna Therapeutics, Inc. v. Protiva Biotherapeutics, Inc.*, No. C-06-1361 MMC, 2006 WL 3491027, at *3 (N.D. Cal. Dec. 1, 2006). No case stands for the proposition that a nonparty's potential claim for damages, by itself, creates a "legally cognizable interest."  Instead, a "legally cognizable interest" is one that bestows upon the nonparty some right or privilege that the instant action threatens to affect.  For example, in actions that challenge a contract, all parties to the contract are necessary parties. *E.g.*, *Dawavendewa v. Salt River Project Agric. Improvement & Power Dist.*, 276 F.3d 1150,

MITAC AMERICA'S RESPONSE TO PLAINTIFF'S MOTION UNDER FED. R. CIV. P. 12(b)(7) (No. 2:18-cv-1543-JLR) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1156–57 (9th Cir. 2002).  Actions that impact a nonparty's legal authority also threaten the
nonparty's legally cognizable interest.  *E.g.*, *Confederated Tribes of Chehalis Indian Reservation
v. Lujan*, 928 F.2d 1496, 1498 (9th Cir. 1991).  In patent cases, all owners of the patent are
normally necessary parties.  *E.g., Advanced Video Techs., LLC v. HTC Corp.,* 879 F.3d 1314,
1318 (Fed. Cir. 2018).  And where a party claims ownership to portions of a fixed fund, all
beneficiaries to that fund are necessary parties.  *E.g.*, *Holcomb v. Nw. Mut. Life Ins. Co.*, No.
C10-5509BHS, 2011 WL 31774, at *2 (W.D. Wash. Jan. 4, 2011).

      Last, the action must threaten to "impair or impede" the nonparty's ability to protect its
interest.  This occurs where resolving the action has the possibility of depriving the nonparty's
right or privilege in its legally cognizable interest.  *E.g.*, *Dawavendewa*, 276 F.3d at 1157;
*Confederated Tribes of Chehalis Indian Reservation*, 928 F.2d at 1498–99.  But where a party to
the lawsuit can adequately represent the nonparty's interest, courts have found the nonparty to be
not necessary.  *Salt River*, 672 F.3d at 1180; *see also*, *Versaterm Inc. v. City of Seattle*, No. C16-
1217JLR, 2016 WL 4793239, at *4 (W.D. Wash. Sept. 13, 2016).

### 3.    An Existing Party Has a Substantial Risk of "Inconsistent Obligations"

      The third criterion examines whether the nonparty's absence subjects an existing party to
a substantial risk of "inconsistent obligations."  *See* Fed. R. Civ. P. 19(a)(1)(B)(ii).  "Inconsistent
obligations are not the same as inconsistent adjudications or results."  *A. H. R. v. Wash. State
Health Care Auth.*, No. C15-5701JLR, 2016 WL 98513, at *9 (W.D. Wash. Jan. 7, 2016)
(quoting *Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. California*, 547 F.3d
962, 976 (9th Cir. 2008) (adopting the First Circuit's approach in *Delgado v. Plaza Las Ams.,
Inc.*, 139 F.3d 1, 3 (1st Cir. 1998)).  Merely being susceptible to differing results against multiple
claims that arise out of the same event does not give rise to inconsistent obligations.  *Delgado*,
139 F.3d at 3.  Rather, "[i]nconsistent obligations occur when a party is unable to comply with
one court's order without breaching another court's order concerning the same incident."  *Id.*;
*e.g.*, *Dawavendewa*, 276 F.3d at 1158.  As described in *Moore's*:

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

It is important to note that the "multiple liability" clause compels joinder of an absentee to avoid inconsistent obligations, and not to avoid inconsistent adjudications. It is not triggered by the possibility of a subsequent adjudication that may result in a judgment that is inconsistent as a matter of logic.

Sequential claims for damages do not inflict the relevant harm. Consider a mass tort, in which several plaintiffs may sue serially. One plaintiff may lose, and yet a later plaintiff may win on precisely the same theory. Although the results are inconsistent, the defendant's obligations are not. Put simply, having to write a check to one claimant and not to another is not the sort of inconsistent obligation the clause addresses . . . .

4 *Moore's Federal Practice*, § 19.03 [4][d] (Matthew Bender 3d ed.); *cf. Pan Am. World Airways, Inc. v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 523 F.2d 1073, 1078 (9th Cir. 1975) (Rule 19 described as not requiring joinder of other non-party victims of the same aircraft crash).

**B.     Determine Whether Joinder is Feasible**

If the court determines that the nonparty is necessary, then the next step is to determine if joinder is feasible.  Joinder is not feasible: (1) when venue is improper; (2) when the necessary party is not subject to personal jurisdiction; and (3) when joinder would destroy subject matter jurisdiction.  *E.E.O.C.*, 400 F.3d at 779.  Only where joinder is not feasible should the court determine whether to dismiss the action.  Fed. R. Civ. P. 19(b).

**C.     Determine if the Case Can Proceed Without the Necessary Party**

The court next examines whether the action should proceed without the necessary party.  Fed. R. Civ. P. 19(b).  The focus in this stage is on "equity and good conscience."  *E.E.O.C.*, 400 F.3d at 779 (citation omitted).  This analysis examines four factors:

first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

*Id.*; Fed. R. Civ. P. 19(b).

Prejudice to the necessary party is the same as the impairment of the nonparty's interest.  *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 n.15 (9th Cir. 1983).

MITAC AMERICA'S RESPONSE TO PLAINTIFF'S
MOTION UNDER FED. R. CIV. P. 12(b)(7)
(No. 2:18-cv-1543-JLR) – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8

Prejudice to the defendant is the same as the risk of inconsistent obligations. *Id.* Thus, being susceptible to differing results from multiple claims arising from the same event are not inconsistent obligations and is not prejudice. *Delgado,* 139 F.3d at 3. The adequacy of relief factor applies the analysis of whether the court can issue complete relief. *Northrop,* 705 F.2d at 1043 n.15. But as long as there is an "*adequate remedy*, even if not complete . . . , the suit may go forward." *Makah Indian Tribe*, 910 F.2d at 560 (emphasis in original). Notably, the "Supreme Court has encouraged shaping relief to avoid dismissal." *Id.* (citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111–12 (1968)).

### III.    MHI IS NOT NECESSARY

9
10
11
12
13
14
15
16
17
18

Bombardier's failure to apply the governing law is most apparent in Bombardier's flawed analysis of Mitsubishi Heavy Industries (MHI), the majority parent of MITAC Japan. None of the "necessary party" factors apply to MHI. Unlike Bombardier and MITAC America, MHI is not in the business of developing, selling, or certifying regional jets. Verified Compl., Dkt. No. 1 at ¶ 35; Denkenberger Decl., Dkt. No. 1-10 at Exs. 16, 18, 19; MITAC America's Answer, Dkt. No. 105 at Countercls. ¶¶ 15, 35, 37–38. MHI has not been accused of trade secret misappropriation in objectively baseless litigation. Dkt. No. 1 at 90. MHI has not claimed an "interest" in this litigation. If it did assert a claim against Bombardier, that claim would rely on different facts and request different damages. *E.g.*, Dkt. No. 105 at Countercls. ¶¶ 35, 37–38, 53.

19

### A.    Bombardier's Motion Fails to Meet any Rule 19 Criteria for a "Necessary" Party

20
21
22
23
24

Bombardier argues that this Court cannot grant complete relief for MITAC America's counterclaims because MHI might raise similar claims against Bombardier. *See* Bombardier's Mot. for Relief Under Rule 12(b)(7), Dkt. No. 106 at 5–8. MITAC America has found no case that says a potential similar claim precludes "complete relief," especially not when that similar claim would be based on different facts and damages.

25
26

MHI is not needed for complete relief on MITAC America's counterclaims. MITAC America's injury arose from Bombardier's anticompetitive conduct, *e.g.*, Dkt. No. 105 at

MITAC AMERICA'S RESPONSE TO PLAINTIFF'S
MOTION UNDER FED. R. CIV. P. 12(b)(7)
(No. 2:18-cv-1543-JLR) – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1  Countercls. ¶¶ 87–91, and MITAC America seeks monetary damages resulting from

2  Bombardier's actions against MITAC America.  *Id.* at Prayer for Relief 114.  Any order

3  resolving the dispute between MITAC America and Bombardier will not require anything from

4  MHI.  *See APHETI*, 299 F.3d at 1014–15.  MITAC America and Bombardier are before the

5  court, so "meaningful relief as between the parties" is available.  *Disabled Rights Action Comm.*,

6  375 F.3d at 879.

7       Bombardier also argues that MHI is necessary because resolving MITAC America's

8  counterclaims threatens to impair an alleged MHI "interest," which Bombardier suggests is

9  attaining the same outcome on a similar claim.  *See* Dkt. No. 106 at 9–10.  Whether MHI might

10  obtain the same outcome on a similar claim is merely "speculation about a future event," not a

11  "legally cognizable interest."  *See Makah Indian Tribe*, 910 F.2d at 558.  It assumes MHI, who is

12  not competing with Bombardier in the regional jet market, would assert claims identical to that

13  of MITAC America.  No facts support that speculation.  Resolving MITAC America's

14  counterclaims will not threaten to deprive MHI of any rights or privileges, or of any "interest"

15  related to the action.  *See, e.g.*, *Dawavendewa*, 276 F.3d at 1156–57; *Sirna Therapeutics, Inc.*,

16  2006 WL 3491027, at *3.

17       Bombardier's arguments also disregard its cited authority.  *See* Dkt. 106 at 9–10.  Each

18  case it cited involved a legally cognizable interest unlike that alleged by Bombardier.  *See Sulit v.*

19  *Slep-Tone Entm't*, No. C06-00045 MJJ, 2007 WL 4169762, at *1 (N.D. Cal. Nov. 20, 2007)

20  (claims related to contractual obligation between defendant and necessary party); *Beane v.*

21  *Beane*, No. 06-CV-446-SM, 2008 WL 1787105, at *6 (D.N.H. Apr. 18, 2008) (claims involved

22  ownership of intellectual property and fiduciary duties); *Trademark Retail, Inc. v. Apple Glen*

23  *Inv'rs, LP*, 196 F.R.D. 535, 540 (N.D. Ind. 2000) (agreements between plaintiff, defendant, and

24  necessary party); *see also Hammons v. Wells Fargo Bank, N.A.*, No. 15-CV-04897-RS, 2015 WL

25  9258092, at *7 (N.D. Cal. Dec. 18, 2015) (necessary party was co-signatory with plaintiff on

26  deed of trust).  Bombardier does not, and cannot, allege any similar "interest" involving MHI.

MITAC AMERICA'S RESPONSE TO PLAINTIFF'S
MOTION UNDER FED. R. CIV. P. 12(b)(7)
(No. 2:18-cv-1543-JLR) – 7

1    Notably, Bombardier acknowledges that MHI is aware of the action.  Dkt. No. 106 at 3,

2   6.  Although supposedly "poised to participate in th[e] case," MHI remains silent.  *Id.* at 6.

3   MHI's silence is consistent with the conclusion that MHI has no Rule 19 "interest" in MITAC

4   America's counterclaims.  *See Bowen*, 172 F.3d at 689.

5    Finally, Bombardier contends that MHI is necessary "to prevent Bombardier from

6   enduring multiple and/or inconsistent obligations."  Dkt. No. 106 at 10.  It argues that

7   inconsistent obligations might arise because MHI supposedly "can bring a separate suit against

8   Bombardier premised on the same facts and legal theories" as MITAC America's counterclaims.

9   *Id.* at 11.   But because MHI does not compete with Bombardier in the regional jet market and

10  was not a defendant in Bombardier's baseless litigation, any claim would be based on different

11  facts and legal theories.  In any event, "'[i]nconsistent obligations' are not the same as

12  inconsistent adjudications," so the "risk that a defendant who has successfully defended against a

13  party may be found liable to another party in a subsequent action arising from the same

14  incident . . . does not necessitate joinder of all parties into one action."  *Delgado*, 139 F.3d at 3.

15   None of the Rule 19(a)(1) categories apply to MHI.

16  **B.    This Case Can Proceed Without MHI**

17   Even if this Court were to find MHI to be necessary, this Court can, in "equity and good

18  conscience," proceed on MITAC America's counterclaims without MHI.  *See* Fed. R. Civ. P.

19  19(b).  MHI's absence does not give rise to any prejudice, neither to itself, to MITAC America,

20  nor to Bombardier.  *Id.*  MHI does not claim any legally cognizable interest that that would be

21  impaired by resolving MITAC America's counterclaims.  *See Makah Indian Tribe*, 910 F.2d at

22  558.  And even if Bombardier were subject to inconsistent adjudications, Bombardier fails to

23  show any risk of "inconsistent obligations."  *See A. H. R.*, 2016 WL 98513, at \*9.

24   MITAC America seeks money damages resulting from Bombardier's actions, and the

25  Court only needs those two parties to resolve the counterclaims.  Dkt. No. 105 at Prayer for

26  Relief ¶14.  And if this Court were to dismiss MITAC America's counterclaims, MITAC

MITAC AMERICA'S RESPONSE TO PLAINTIFF'S
MOTION UNDER FED. R. CIV. P. 12(b)(7)
(No. 2:18-cv-1543-JLR) – 8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1   America will not have an adequate remedy.  Thus, even if MHI were a necessary party, this

2   Court should permit MITAC America's counterclaims to proceed in MHI's absence in "equity

3   and good conscience."

4                    IV.    THE REMAINING NAMED PARTIES WILL APPEAR

5          The heart of Bombardier's motion is the bizarre argument that MITAC America's

6   counterclaims should be dismissed unless three existing defendants that Bombardier has not yet

7   served appear before Bombardier effects service.  Bombardier sued Mr. Delarche, Mr. Ayre, and

8   MITAC Japan, but has not yet served them with the summons and complaint.  Bombardier now

9   contends that those three defendants are necessary parties, but with the peculiar additional

10   argument that MITAC America, who has appeared, not be allowed to assert counterclaims unless

11   the unserved defendants appear early.  Bombardier cites no cases supporting its remarkable

12   theory, and fails to even attempt to explain why Bombardier's concerns will not be fully resolved

13   once Bombardier finally serves those defendants.

14          Bombardier's motion is premature.  Mr. Delarche, Mr Ayre, and MITAC Japan all reside

15   in Japan.  Bombardier's Br. re: Mot. for Scheduling Conference, Dkt. No. 47 at 2–3; Dkt. No.

16   106 at 3.  Bombardier has initiated service through the Hague Convention, so those parties will

17   appear.  *See* Dkt. No. 106 at 12 n.2.  Since Bombardier sued those parties in October 2018,

18   service will likely occur in the near future.  Once those parties appear, Bombardier's motion for

19   those parties will be moot.

20          To the extent that Bombardier seeks to force MITAC America to control Mr. Delarche,

21   Mr. Ayer, or MITAC Japan, MITAC America cannot comply.  MITAC America cannot compel

22   MITAC Japan or its employees to appear in this proceeding.  *See cf. United States v. Bestfoods*,

23   524 U.S. 51, 61 (1998) (recognizing separation of corporate identities between parent and

24   subsidiary as "a general principle of corporate law").  MITAC America cannot compel

25

26

MITAC AMERICA'S RESPONSE TO PLAINTIFF'S
MOTION UNDER FED. R. CIV. P. 12(b)(7)
(No. 2:18-cv-1543-JLR) – 9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    individuals to appear.  And at least Messrs. Delarche and Ayre will be represented by different

2    counsel than counsel for MITAC America.[1]

3        Bombardier's motion regarding Mr. Delarche, Mr. Ayer, and MITAC Japan serves no

4    purpose and should be denied.

5               **V.      THE REMAINING NAMED PARTIES ARE NOT NECESSARY**

6        Even though Mr. Delarche, Mr. Ayer, and MITAC Japan will appear in due course, none

7    is necessary for MITAC America's counterclaims.  The facts involving each are different from

8    the facts related to MITAC America.  MITAC Japan and MITAC America have different MRJ

9    roles and have taken different actions regarding that jet, as even Bombardier acknowledges.  Dkt.

10   No. 1 at ¶¶ 35, 41–42; Dkt. No. 105 at Countercls ¶ 18.  Any damages that MITAC Japan

11   suffered from Bombardier's actions will differ from those suffered by MITAC America.  *E.g.*,

12   Dkt. No. 105 at Countercls ¶¶ 39–43, 87–89.  If MITAC Japan were to assert a claim, that claim

13   would depend on facts with material differences, and would seek different damages.

14       The facts regarding Mr. Delarche and Mr. Ayre are dramatically different than the

15   MITAC America facts.  Dkt. No. 1 at ¶¶ 61, 65; Dkt. No. 47 at 2.  The individuals are not

16   competitors of Bombardier, and do not manufacture, sell, or service regional jets.  They are not

17   trying to hire other engineers.  Any counterclaim they would bring would not be similar to

18   MITAC America's.  Mr. Delarche and Mr. Ayre are not necessary for this Court to resolve the

19   dispute between MITAC America and Bombardier.

20   **A.    Bombardier Again Fails to Meet any Rule 19 Criteria for a "Necessary" Party**

21       Bombardier argues that this Court cannot grant complete relief for MITAC America's

22   Counterclaims I–IV without MITAC Japan.  Dkt. No. 106 at 5–9.  Bombardier also argues that

23   Mr. Delarche and Mr. Ayer are necessary for the Court to grant complete relief on MITAC

24   America's Counterclaims III–IV.  *Id.* at 7–9.  Bombardier alleges that complete relief is

25

26       [1] MITAC Japan has made no final determination on counsel in this matter, but that counsel will likely be the same as counsel for MITAC America.

MITAC AMERICA'S RESPONSE TO PLAINTIFF'S
MOTION UNDER FED. R. CIV. P. 12(b)(7)
(No. 2:18-cv-1543-JLR) – 10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    unavailable because each of those parties has the potential to raise similar claims to MITAC
2    America's.  *Id.* at 6–9.
3        No case supports Bombardier's proposition.  Even if Mr. Delarche, Mr. Ayre, and
4    MITAC Japan could raise similar claims, all parties needed to resolve MITAC America's
5    counterclaims against Bombardier have appeared.  "Meaningful relief as between the parties" is
6    available because compliance by the existing parties with this Court's order is all that is needed
7    to address MITAC America's claim for relief.  *Disabled Rights Action Comm.*, 376 F.3d at 879.
8        Bombardier also contends that MITAC Japan is necessary because MITAC America's
9    counterclaims supposedly threatens to impair some MITAC Japan "interest."  *See* Dkt. No. 106
10   at 9.  Like its argument about MHI, Bombardier suggests that MITAC Japan's "interest" is in
11   attaining the same outcome on claims similar to MITAC America's.  *See id.* at 9–10.
12   Bombardier again fails to identify a "legally cognizable" interest.  *See Makah Indian Tribe*, 910
13   F.2d at 558.  Bombardier cites no case suggesting that a potential for similar claims is a Rule 19
14   "interest."  It further cites no case saying a parent company is a necessary party to a subsidiary's
15   claims just because the parent might make a similar claim.  Bombardier has not contended that
16   MITAC America's counterclaims impact a joint fund with MITAC Japan, impact jointly owned
17   property, or otherwise impact jointly-held rights.  *See, e.g.*, *Dawavendewa*, 276 F.3d at 1156–57.
18       Moreover, the prospect of obtaining a similar outcome is merely "speculation about a
19   future event."  *Makah Indian Tribe*, 910 F.2d at 558.  Bombardier has thus failed to allege that
20   MITAC Japan has an "interest" that would be impaired by resolving MITAC America's
21   counterclaims.
22       Finally, Bombardier contends that Mr. Delarche, Mr. Ayre, and MITAC Japan are
23   necessary "to prevent Bombardier from enduring multiple and/or inconsistent obligations."  Dkt.
24   No. 106 at 10.  Bombardier again roots its argument on the risk of similar claims on similar facts.
25   *See id.* at 11–12.  But "[i]nconsistent obligations are not the same as inconsistent adjudications or
26   results," so the supposed risk to Bombardier of succeeding and failing against similar claims by

MITAC AMERICA'S RESPONSE TO PLAINTIFF'S
MOTION UNDER FED. R. CIV. P. 12(b)(7)
(No. 2:18-cv-1543-JLR) – 11

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1   multiple plaintiffs does not create a risk of "inconsistent obligations." *A. H. R.*, 2016 WL 98513,

2   at *9 (citation omitted).

3   **B.      The Counterclaims Need Not Be Delayed**

4          Bombardier's Proposed Order seeks dismissal of the counterclaims if Mr. Delarche, Mr.

5   Ayre, and MITAC Japan do not appear in two weeks.  Proposed Order, Dkt. 106-1.  Bombardier

6   does not seek dismissal with prejudice, so presumably MITAC America's counterclaims would

7   be refiled after Mr. Delarche, Mr. Ayre, and MITAC Japan appear.  Bombardier thus seeks what

8   would amount to a stay of the counterclaims until more parties appear.

9          The case is still in its earliest stages, with some parties yet to appear and no scheduling

10  order in place.  Bombardier sued on October 19, 2018, so service on Mr. Delarche, Mr. Ayre,

11  and MITAC Japan is likely imminent.  No purpose would be served if the counterclaims were

12  dismissed, only to be refiled in weeks, or at most, a few months.  The counterclaims can proceed

13  in the normal fashion and in accordance with the schedule eventually adopted by the Court.

14  **VI.     BOMBARDIER'S REQUEST FOR IDENTIFICATION IS UNSUPPORTED**

15         Bombardier's Proposed Order requests MITAC America to "identify the remaining

16  individuals it argues were harmed by Bombardier."  Dkt. 106-1.  Bombardier did not set forth

17  any arguments corresponding to such an order in its motion.  Bombardier therefore failed to

18  "state with particularity the grounds for seeking the order," and this Court should deny the

19  request. Fed. R. Civ. P. 7(b)(1)(B).

20  **VII.    CONCLUSION**

21         Bombardier's motion relies upon a gross misunderstanding of Rule 19 and should be

22  denied.  None of the allegedly "necessary" parties are actually needed under Ninth Circuit law,

23  and no purpose would be served by providing any of the relief Bombardier demands.

24

25

26

MITAC AMERICA'S RESPONSE TO PLAINTIFF'S
MOTION UNDER FED. R. CIV. P. 12(b)(7)
(No. 2:18-cv-1543-JLR) – 12

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    RESPECTFULLY SUBMITTED this 19th day of February 2019.

2                                      /s/ Jerry A. Riedinger
                                       Jerry A. Riedinger, WSBA No. 25828
3                                      Mack H. Shultz, WSBA No. 27190
                                       Mary Z. Gaston, WSBA No. 27258
4                                      **Perkins Coie LLP**
                                       1201 Third Avenue, Suite 4900
5                                      Seattle, WA 98101-3099
                                       Telephone: 206.359.8000
6                                      Facsimile: 206.359.9000
                                       E-mail: JRiedinger@perkinscoie.com
7                                      E-mail: MShultz@perkinscoie.com
                                       E-mail: MGaston@perkinscoie.com
8
                                       Attorneys for Defendant Mitsubishi Aircraft
9                                      Corporation America Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MITAC AMERICA'S RESPONSE TO PLAINTIFF'S
MOTION UNDER FED. R. CIV. P. 12(b)(7)
(No. 2:18-cv-1543-JLR) – 13

1

**CERTIFICATE OF SERVICE**

2

       I certify under penalty of perjury that on February 19, 2019, a true and correct copy of the

3

foregoing was served via ECF on all counsel of record.

4

DATED this 19th day of February 2019.

5

                                                 */s/ Mary Z. Gaston*
                                                 Mary Z. Gaston, WSBA No. 27258

6

                                                 **Perkins Coie LLP**
                                                 1201 Third Avenue, Suite 4900

7

                                                 Seattle, WA 98101-3099
                                                 Telephone: 206.359.8000

8

                                                 Facsimile: 206.359.9000
                                                 E-mail: mgaston@perkinscoie.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE
(No. 2:18-cv-1543-JLR) – 1