

April 12, 2019

Honorable James L. Robart
United States District Judge

Re:   *Bombardier Inc. v. Mitsubishi Aircraft Corporation et al.*
        USDC Western District of Washington, Case No. 2:18-cv-01543-JLR

Dear Judge Robart:

In response to the Court's April 10, 2019 Order, Plaintiff Bombardier Inc. ("Bombardier") regrets that it cannot accommodate the requests of Defendants Marc-Antoine Delarche and Keith Ayre to re-note its properly and timely served Motion for Preliminary Injunction against Mitsubishi Aircraft Corporation ("MITAC Japan"), Mr. Delarche, and Mr. Ayre (Dkt. 123) from its current noting date of April 26, 2019 to May 31, 2019 ("Request"). The reason Bombardier cannot is simple: the additional delay the Request would impose on the briefing schedule will impose substantial and potentially irreparable prejudice on Bombardier.

The purpose of Bombardier's Motions for Preliminary Injunction (Dkt. 4, 123) is to prevent Defendants from using Bombardier trade secret information to certify the Mitsubishi Regional Jet ("MRJ"). According to MITAC Japan's own press releases, certification will be complete by "mid-2019." (Complaint, Dkt. 1, ¶ 47.) Recent certification efforts by MITAC Japan also establish that Defendants are doing everything they can to expedite not just certification by the Japan Civil Aviation Bureau, but also certification by FAA. (*See*, *e.g.*, Joe Utter, <u>FAA staff cleared to join MRJ certification flights</u>, iFiberOne (Apr. 3, 2019), https://bit.ly/2X4sI4B.) The imminence of expected MRJ certification, coupled with Defendants' recent announcement of their additional efforts to accelerate certification, underscore the urgency in fully briefing Bombardier's Motions for Preliminary Injunction as early as possible.

Defendants' Request, if granted, will all but guarantee that the MRJ will be certified before the Court has the opportunity to rule on Bombardier's motions. The requested noting date is May 31, 2019—"mid-2019"—the time by which MRJ certification is expected. And if the Defendants successfully certify the MRJ before injunctive relief can be imposed, Bombardier's motions become moot, and the irreparable harm awaiting Bombardier becomes unavoidable.

Additionally, Defendants' Request misconstrues the Court's earlier-stated intention to address the pending motions to dismiss filed by MITAC USA and the AeroTEC defendants before addressing the Motions for Preliminary Injunction filed against them. Defendants argue that because a *currently unfiled* motion to dismiss by Messrs. Delarche and Ayre *may* be noted for May 31, 2019, which the Court *may* decide to adjudicate before any motion for injunctive relief, no harm comes from the grant of the Request. That reasoning ignores the realities of Defendants' expedited certification efforts, and it punishes Bombardier for accommodating a request for a 30-day extension for Messrs. Delarche and Ayre to respond to the Complaint. Under these exigent circumstances, Bombardier respectfully requests that, rather than grant the Request, the Court reconsider its decision to rule on Defendants' motions to dismiss before the motions for injunctive relief. The need for injunctive relief is simply too imminent.

Honorable James L. Robart
April 12, 2019
Page 2



Respectfully,

CHRISTENSEN O'CONNOR
JOHNSON KINDNESS[PLLC]

John D. Denkenberger
Direct Dial No.:  206.695.1749
E-Mail Address:  john.denkenberger@cojk.com