# SAVITT BRUCE & WILLEY LLP

April 12, 2019

*Via CM/ECF Electronic Filing*

The Honorable James L. Robart
United States District Court
700 Stewart Street, Suite 14128
Seattle, WA 98101-9906

      Re:    *Bombardier Inc v. Mitsubishi Aircraft Corporation, et al.*
               Case No. 2:18-cv-01543-JLR

Dear Judge Robart:

      We represent defendants Keith Ayre and Marc-Antoine Delarche, and seek an extension of time to oppose Plaintiff's motion served and filed on April 4 requesting entry of a preliminary injunction against my clients. Three separate grounds support this request.

      *It allows the case to orderly proceed, consistently with how the Court is addressing similar motions*. Ayre and Delarche are Canadian citizens who worked for Plaintiff in Montreal and who currently work and live in Nagoya, Japan. The day before filing the PI motion, Plaintiff granted them until May 9 to respond to the Complaint, which we advised would include Rule 12(b)(2) motions. The personal jurisdiction issue logically must be resolved before the Court can address the PI. Indeed, the Court suggested that consideration of the MTDs here logically would precede the PI motions—and Plaintiff accepted that without objection. (ECF 108 [Jan. 17 Tr.] at 8:14–9:9.) The same procedure should apply now.

      *There is no prejudice to Plaintiff*. On the schedule set forth in LCR 7(d)(3), our opposition would be due April 22. We ask that the motion be re-noted for May 31—the same date MTDs submitted on May 9 would be noted—or at least to have until May 9 to submit our PI opposition. I.e., we request an extension of 17–35 days. There is no way, here, that this is prejudicial: Ayre departed Plaintiff's employ and began working for MITAC in <u>2016</u>; Delarche likewise departed Bombardier in 2016. Plaintiff waited two years before even starting this case, and since has not insisted that the PI be decided urgently. (ECF 108 at 3:20–4:3, 8:14–9:9.) After almost three years, an additional 35 days will not have a material impact.

      *We need the additional time*. My office received a huge set of service package documents on March 21, consisting of thousands of pages of pleadings and exhibits. The case has multiple parties, multiple claims and issues, and involves complex facts occurring over a long period. In addition to the papers served upon us, and the PI motion, the docket in this case already has 131 entries. There is a massive amount of information to digest, and it is dangerous to start taking steps without understanding the record, the claims, and the context. The other defendants had over two months to respond to the first PI motion. We are asking for less, in a more complicated context: we must catch up with all that has transpired before us, and prepare MTDs, at the same time we are preparing our PI opposition. And our clients are individuals who live thousands of miles away, and whose careers, livelihoods and reputations are on the line.[i]

The Honorable James L. Robart
April 12, 2019
Page 2

                                                  Respectfully submitted,

                                                  SAVITT BRUCE & WILLEY LLP

                                                  By James P. Savitt
                                                  Attorneys for Keith Ayre and
                                                  Marc-Antoine Delarche

cc:    All counsel of record (via CM/ECF)

---

[i] Ayre and Delarche assert and preserve, and do not waive by this extension request, the defense of lack of personal jurisdiction; and all other defenses, including all Rule 12 defenses, are expressly preserved and not waived. *E.g. Benny v Pipes*, 799 F.2d 489 (9th Cir. 1986.)