UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOMBARDIER INC., <br><br> Plaintiff, <br><br> v. <br><br> MITSUBISHI AIRCRAFT CORPORATION, et al., <br><br> Defendants. | CASE NO. C18-1543JLR <br><br> ORDER DENYING MOTION FOR RULE 12(b)(7) RELIEF |

## I. INTRODUCTION

Before the court is Plaintiff Bombardier Inc.'s ("Bombardier") motion for relief under Federal Rule of Civil Procedure 12(b)(7). (*See* Mot. (Dkt. # 106).) Specifically, Bombardier requests that the court dismiss Defendant Mitsubishi Aircraft Corporation America, Inc.'s ("MITAC America") counterclaims if purportedly necessary parties do not appear. (*See generally id.*; *see also* Countercl. (Dkt. # 105).) MITAC America opposes the motion (Resp. (Dkt. # 110)), and Bombardier filed a reply (Reply (Dkt.

ORDER - 1

# 112)). The court has considered the motion, the parties' submissions concerning the motion, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court DENIES Bombardier's motion.

## II. BACKGROUND

The court detailed this case's factual background in its prior order. (*See* 4/15/19 Order (Dkt. # 136) at 2-9.) In this order, the court recounts only the factual and procedural history salient to the instant motion.

Bombardier is one of the world's leading plane manufacturers. (Compl. (Dkt. # 1) ¶¶ 2, 21.) On October 19, 2018, Bombardier brought suit against Defendants Mitsubishi Aircraft Corporation ("MITAC Japan"), MITAC America, Aerospace Testing Engineering & Certification, Inc., Michel Korwin-Szymanowski, Laurus Basson, Marc-Antoine Delarche, Cindy Dornéval, Keith Ayre, and John and/or Jane Does 1-88, alleging trade secret misappropriation, breach of contract, and tortious interference with a contractual relationship and/or business expectancy. (*See generally id.*) Mr. Ayre and Mr. Delarche are MITAC Japan employees. (*See* Mot. at 4.)

On January 28, 2019, MITAC America filed its answer to Bombardier's complaint. (Answer (Dkt. # 105).) In its answer, MITAC America asserted four counterclaims against Bombardier for violations of the Sherman Act and the Washington

//

//

---

[1] MITAC America requested oral argument (*see* Resp. at 1), but the court finds oral argument unnecessary to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

Consumer Protection Act ("the CPA"). (Countercl. ¶¶ 92-124.[2]) At the time MITAC America filed its answer, MITAC Japan, Mr. Ayre, and Mr. Delarche had not yet appeared in this matter. (*See* 3/28/19 Notice of Appearance (Dkt. # 120); 4/3/19 Notice of Appearance (Dkt. # 121).)

On January 31, 2019, Bombardier filed the instant motion for relief under Rule 12(b)(7). (*See* Mot.) Bombardier alleges that MITAC America failed "to name parties necessary to its asserted counterclaims as required by [Federal Rule of Civil Procedure] 19." (*Id.* at 4.) Specifically, Bombardier asserts that MITAC America failed to name MITAC Japan, Mr. Delarche, Mr. Ayre, and Mitsubishi Heavy Industries, Ltd. ("MHI"), the corporate parent of MITAC Japan.[3] (*Id.*; *see also* Countercl. ¶ 4.) Bombardier asks the court to dismiss MITAC America's counterclaims if these parties "do not appear in this case within fourteen (14) days of the Court's adjudication of this motion." (*Id.*)

Since Bombardier filed its motion, MITAC Japan, Mr. Delarche, and Mr. Ayre have appeared in this case. (*See* 3/28/19 Notice of Appearance; 4/3/19 Notice of Appearance.) Accordingly, Bombardier's motion is moot as to these Defendants. The court therefore only addresses Bombardier's motion as it pertains to MHI.

//

//

---

[2] MITAC America's answer and counterclaims are contained in the same filing and have overlapping paragraph designations. (*See generally* Dkt. # 105.) Therefore, when the court cites the counterclaims, the court refers to the paragraph numbers that restart on page 71 of the document. (*See id.* at 71.)

[3] MITAC America is a wholly-owned subsidiary of MITAC Japan. (Countercl. ¶ 4.)

## III.   ANALYSIS

**A.   Necessary Party Under Rule 19**

Pursuant to Federal Rule of Civil Procedure 12(b)(7), a party may move for relief for "failure to join a party under Rule 19." *See* Fed. R. Civ. P. 12(b)(7). Federal Rule of Civil Procedure 19 entails a three-step inquiry. *See Salt River Project Agric. Improvement & Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012) (citing *EEOC v. Peabody W. Coal Co.*, 400 F.3d 774, 779-80 (9th Cir. 2005)):

1. Is the absent party necessary (i.e., required to be joined if feasible) under Rule 19(a)?

2. If so, is it feasible to order that the absent party be joined?

3. If joinder is not feasible, can the case proceed without the absent party, or is the absent party indispensable such that the action must be dismissed?

*Id.* Regarding the first Rule 19(a) inquiry, a party may be "necessary" in three different ways. First, a party is necessary if, in the party's absence, "the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). Second, a party is necessary if the party has an interest in the action, and resolving the action without that party may "as a practical matter impair or impede the [party's] ability to protect the interest." Fed. R. Civ. P. 19(a)(1)(B)(i). Third, a party is necessary if it has an interest in the action and resolving the action without that party may "leave an existing party subject to a substantial risk of incurring . . . inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B)(ii).

Even if an absent party meets the second or third definitions, however, "that party may not be necessary under Rule 19(a) if the absent party is 'adequately represented' by

a present party." *See A.H.R. v. Wash. State Health Care Auth.*, No. C15-5701JLR, 2016 WL 98513, at *7 (W.D. Wash. Jan. 7, 2016) (citing *Salt River*, 672 F.3d at 1080-81). An absent party is adequately represented where the present party "'will undoubtedly make all of the absent party's arguments,'" "'the party is capable of and willing to make such arguments,'" and "'the absent party would [not] offer any necessary element to the proceedings that the present parties would neglect.'" *Salt River*, 672 F.3d at 1080 (quoting *Shermoen v. United States*, 982 F.2d 1312, 1318 (9th Cir. 1992)). "The inquiry into whether a party is necessary is a practical one and fact specific, and is designed to avoid the harsh results of rigid application." *A.H.R.*, 2016 WL 98513, at *6 (internal quotations and citation omitted).

B.   **Bombardier's Motion**

Bombardier argues that MHI is a necessary party for each of MITAC America's counterclaims. (*See generally* Mot.) MITAC America's first two counterclaims allege attempted monopolization under the Sherman Act and the CPA. (*See* Countercl. ¶¶ 92-111.) As part of these counterclaims, MITAC America asserts that Bombardier "lev[ied] baseless threats at MITAC America, MITAC [Japan], [and] MHI," "attempt[ed] to coerce MITAC America, MITAC [Japan], [and] MHI . . . to enter per se unlawful no-poaching agreements," and "threaten[ed] the long-standing supply relationship between MHI and Bombardier in an attempt to achieve its illicit ends." (*Id.* ¶¶ 95, 105.) MHI also formed MITAC America and MITAC Japan in 2008 to develop the Mitsubishi Regional Jet ("MRJ"), which is at the heart of this litigation. (Mot. at 9 (citing Countercl. ¶ 15).) Bombardier argues that "the anticompetitive harm to the MRJ market MITAC

America purportedly sustained from Bombardier's alleged conduct in the 'Regional Jet Market' is equally sustained by . . . MHI." (Mot. at 9 (citing Countercl. ¶¶ 15, 24).) Therefore, Bombardier claims, MHI "has the same antitrust claims against Bombardier based on exactly the same alleged conduct giving rise to MITAC America's" first two counterclaims. (Mot. at 9.)

Bombardier similarly asserts that MHI is a necessary party to MITAC America's third and fourth counterclaims. (*See id.* at 10-12.) MITAC America's third counterclaim alleges that Bombardier proposed a no-poaching agreement in violation of the CPA that restricted MITAC America's ability to hire Bombardier employees. (Countercl. ¶¶ 112-16.) According to Bombardier, MHI is a necessary party to this counterclaim because Bombardier made its alleged unlawful proposal to MHI, as well as MITAC Japan. (*See* Mot. at 10 (citing Countercl. ¶¶ 35-36); *see also* Countercl. ¶ 39.) Likewise, Bombardier argues that MHI is a necessary party to MITAC America's fourth claim for unfair competition in violation of the CPA because some of Bombardier's alleged unlawful conduct was purportedly directed at and injured MHI. (Mot. at 11; Countercl. ¶¶ 117-24.)

On these allegations, Bombardier argues that MHI is a necessary party under every definition provided by Rule 19(a). (*See* Mot. 8-14.) The court addresses these arguments in turn.

    1. <u>Complete Relief Among Existing Parties</u>

As noted, a person is a necessary party if, in the party's absence, "the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). "Complete

relief" in this context is concerned with "consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action." *Alto v. Black*, 738 F.3d 1111, 1115 (9th Cir. 2013).  To be complete, the relief must be "meaningful relief as between the parties." *Id.* (quoting *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004)).

Bombardier argues that it cannot obtain complete relief on MITAC America's counterclaims unless MHI joins the suit.  (*See* Mot. at 8-12.)  According to Bombardier, because MITAC America's counterclaims allegedly implicate MHI, *see supra* § III.B, MHI must be joined so that Bombardier will not face multiple actions "for the same conduct giving rise to the same claim" (Mot. at 9-12.)  The court concludes that MITAC America and Bombardier can achieve complete relief in MHI's absence.

Several past cases involving Indian tribes have analyzed whether relief can be complete without the joinder of absent tribes that were parties to a contract.  For example, in *Dawavendewa v. Salt River Project Agricultural Improvement & Power District*, 276 F.3d 1150 (9th Cir. 2002), the plaintiff, a member of the Hopi Tribe, challenged a provision of an employment contract between the defendant power company and the Navajo Nation, which was the lessor of the land on which the defendant's facility operated.  *Id.* at 1053-54.  The contract provision required the defendant to give preferential hiring treatment to members of the Navajo Tribe.  *Id.* at 1153.  The Ninth Circuit held that complete relief could not be granted without the Navajo Nation as a party.  *See id.* at 1155-58.  The Court determined that, even if it enjoined the defendant from applying the contract provision, the Navajo Nation could still move to enforce its

rights under the lease, ultimately evict the defendant from the reservation, and then insist on enforcing the provision with a new lessee. *Id.* Thus, there would be no "meaningful relief" for either the plaintiff or the defendant. *See Disabled Rights*, 375 F.3d at 879.

Here, however, MITAC America's counterclaims seek monetary damages against Bombardier for the alleged injuries caused to MITAC America. (*See* Countercl. at 114.) If Bombardier wins on the counterclaims, then it will not owe MITAC America any damages and the relief would be complete. Conversely, if MITAC America wins, then Bombardier will have to pay MITAC America its damages and again the relief would be complete. In short, MHI is not needed for complete relief "as between" MITAC America and Bombardier. *See Alto*, 738 at 1115; *see also Ass'n to Protect Hammersley, Eld, & Totten Inlets v. Taylor Res., Inc.*, 299 F.3d 1007, 1014-15 (9th Cir. 2002) ("*APHETI*"). The possibility that MHI—a corporate entity that is not engaged in airplane manufacturing (*see* Resp. at 11 (citing Compl. ¶ 35; Countercl. ¶¶ 15, 35, 37-38)—could attempt to bring claims against Bombardier that arise out of unlawful competition in the regional jet market does not mean that complete relief is not possible between the parties on counterclaims that focus on alleged damages caused to MITAC America. *See Salt River*, 672 F.3d at 1180.

Accordingly, the court finds that meaningful relief can be afforded to both Bombardier and MITAC America in the absence of MHI.

2. Impair or Impede MHI's Interests

Second, a party is necessary if the party has an interest in the action and resolving the action without that party may "as a practical matter impair or impede the [party's]

ability to protect the interest." Fed. R. Civ. P. 19(a)(1)(B)(i). This inquiry involves two parts: First, the party's interest must be "legally cognizable" or "legally protected." *See Disabled Rights*, 375 F.3d at 880, 883; *Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990). To meet this criterion, the "interest must be more than a financial stake and more than speculation about a future event." *Makah*, 910 F.2d at 558 (internal citations omitted); *see also Disabled Rights*, 375 F.3d 861 ("[A] financial stake in the outcome of the litigation is not a legally protected interest giving rise to § 19(a)(2) necessity."). Second, if the absent party has a legally protected interest, then the court must determine if that interest will be impaired or impeded by the suit. *Id.* A potential impairment "may be minimized if the absent party is adequately represented in the suit." *Id.* (citation omitted).

Here, MHI's alleged interests are entirely financial. (*See* Countercl. at 114 (requesting that Bombardier pay damages as a result of the counterclaims).) Further, the court finds that whether MHI will assert any interest—financial or otherwise—against Bombardier is merely speculative and therefore not legally cognizable. *See Makah*, 910 F.2d at 558. Again, MHI is not in the business of manufacturing aircraft. It created MITAC Japan and MITAC America—who are both parties to this lawsuit—specifically to work on the MRJ. Bombardier did not even name MHI in its underlying suit. On these facts, it is no more than speculative that MHI would assert claims that relate to alleged anti-competitive actions in the regional jet market.

Further, MHI is aware of this lawsuit and chose not to claim an interest. (*See* Mot. at 6 ("MHI is not yet a party to this suit, but it is well aware of the proceedings.").)

MHI's decision not to become involved in a lawsuit of which it is aware weighs against the court finding that it has a legally cognizable interest.[4] *See United States v. Bowen*, 172 F.3d 682, 689 (9th Cir. 1999); *APHETI*, 299 F.3d at 1015.

Even if MHI has a legally cognizable interest in this lawsuit, Bombardier alleges that its interest is identical to that of MITAC America and MITAC Japan. (*See, e.g.*, Mot. at 11 (arguing that "MHI and MITAC Japan . . . have the same potential claim for Unfair Competition under Washington law as MITAC America . . . predicated on the exact facts giving rise to MITAC America's [claim].").)  The court concludes that MITAC America and MITAC Japan (which has now appeared in this case) can therefore be expected to "adequately represent" MHI, which minimizes any impairment to MHI's alleged interests. *See Makah*, 910 F.2d at 558; *A.H.R.*, 2016 WL 98513, at *7. MITAC America and MITAC Japan's interests are aligned with MHI's interests:  MITAC America and MITAC Japan are corporate subsidiaries of MHI, and Bombardier alleges that their interests in the counterclaims are identical. (*See* Mot. at 9, 11); *Salt River*, 672 F.3d at 1080.  Second, there is no reason to believe that MITAC America and MITAC Japan cannot or will not make any reasonable argument that MHI would make if it were a party. *See Salt River*, 672 F.3d at 1080.  This is all the more so considering that MITAC

---

[4] Bombardier asserts that MHI, in fact, already asserted an interest in MITAC America's counterclaims because the two entities share in-house counsel. (*See* Reply at 5, 9; *see also* Mot. at 6; Denkenberger Decl. (Dkt. # 107) ¶¶ 2-4.) Bombardier did not provide any law that stands for the proposition that, when a non-party employs the same counsel as a party, the non-party asserts a legally cognizable interest in the underlying suit.  In fact, the opposite appears to be just as true:  by employing in-house counsel that is already involved in a suit, but still choosing to remain silent, a non-party expresses that it has no legally cognizable interest.  Regardless, the court does not find that MHI has asserted a legally cognizable interest in this litigation by way of using the same in-house counsel as MITAC America.

America and MHI share counsel. (*See* Denkenberger Decl. ¶¶ 2-4.) Third, there is no indication that MHI would offer any necessary element to the action that MITAC America or MITAC Japan would neglect. *See Salt River*, 672 F.3d at 1080.

Accordingly, the court concludes that resolving this action without MHI will not impair or impede MHI's ability to protect its legally cognizable interests.

### 3. Inconsistent Obligations

Third, a party is necessary if it has an interest in the action and resolving the action without that party may "leave an existing party subject to a substantial risk of incurring . . . inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B)(ii). Bombardier alleges that it is subject to a substantial risk of incurring inconsistent obligations because, without MHI's joinder, "MHI can bring a separate suit against Bombardier premised on the same facts and legal theories at any time." (Mot. at 14.)

In Rule 19's context, "[i]nconsistent obligations are not the same as inconsistent adjudications or results." *See A.H.R.*, 2016 WL 98513, at *9 (quoting *Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. California*, 547 F.3d 962, 976 (9th Cir. 2008) (alternations omitted) (adopting the approach taken by the First Circuit and quoting *Delgado v. Plaza Las Ams., Inc.*, 139 F.3d 1, 3 (1st Cir. 1998) (per curiam)). Inconsistent obligations occur in the Rule 19 context "when a party is unable to comply with one court's order without breaching another court's order concerning the same incident." *Id.*

There is not a substantial risk of inconsistent obligations in this case. Again, Bombardier's potential liability on MITAC America's counterclaims is entirely financial and entirely between Bombardier and MITAC America. Thus, the hypothetical future

1 | resolution of MHI's similar counterclaims against Bombardier will not inhibit

2 | Bombardier's ability to comply with the resolution of MITAC America's counterclaims.

3 | It is instructive to compare MHI to other absent parties that courts find to be

4 | necessary. Courts often find that an absent party has a legally cognizable interest that it

5 | must represent in a suit that seeks to invalidate a contract for which the absent party is a

6 | signatory. *See, e.g.*, *Dawavendewa*, 276 F.3d at 1157 ("[A] party to a contract is

7 | necessary, and if not susceptible to joinder, indispensable to litigation seeking to

8 | decimate that contract."); *Clinton v. Babbitt*, 180 F.3d 1081, 1088 (9th Cir. 1999) ("[A]

9 | district court cannot adjudicate an attack on the terms of a negotiated agreement without

10 | jurisdiction over the parties to that agreement."). In addition, an absent party must

11 | represent its legally cognizable interest in a suit that involves patents or intellectual

12 | property over which the absent party has a claim of ownership. *See, e.g.*, *Beane v. Beane*,

13 | No. 06-cv-446-SM, 2008 WL 1787105, at *6 (D.N.H. Apr. 18, 2008).

14 | MHI's interests in Bombardier's alleged anti-competitive actions—to the extent

15 | any interests exist—are not of a kind with the more traditional analysis. MHI is not a

16 | party to any contract that is involved in this matter; nor is MHI a co-owner of any

17 | relevant intellectual property. Rather, MITAC America's counterclaims involve

18 | allegations of anti-competitive behavior by Bombardier and requests compensation for

19 | damages sustained by MITAC America. The mere fact that MHI is linked to some of the

20 | facts that underlie MITAC America's counterclaims is not sufficient to make MITAC

21 | America a necessary party under Rule 19(a).

22 | //

Accordingly, the court concludes that MHI is not a necessary party to this suit. Because MHI is not a necessary party under Rule 19(a), the court does not consider under Rule 19(b) whether the action should be dismissed because MHI cannot be joined. *See* Fed. R. Civ. P. 19; *EEOC*, 400 F.3d at 779-80. Thus, the court DENIES Bombardier's Rule 19 motion for joinder.

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Bombardier's motion (Dkt. # 106).

Dated this 29th day of April, 2019.

JAMES L. ROBART
United States District Judge