THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOMBARDIER INC., <br><br> Plaintiff, <br><br> v. <br><br> MITSUBISHI AIRCRAFT CORPORATION, MITSUBISHI AIRCRAFT CORPORATION AMERICA, INC., et al., <br><br> Defendants. | 2:18-cv-1543 JLR <br><br> DECLARATION OF STEPHEN PORTER IN SUPPORT OF DEFENDANT MITSUBISHI AIRCRAFT CORPORATION'S OPPOSITION TO BOMBARDIER, INC.'S MOTION FOR PRELIMINARY INJUNCTION <br><br> FILED UNDER SEAL |

I, Stephen Porter, declare as follows:

1. I am a Senior Paralegal employed by Perkins Coie LLP ("Perkins Coie"). I work at Perkins Coie's Seattle, Washington office (1201 Third Avenue Suite 4900, Seattle, Washington, 98101). I have worked at Perkins Coie since 1996.

2. At Perkins Coie, my responsibilities include using databases to research document productions and depositions, reviewing client documents for responsiveness and privilege prior to productions, and coordinating with vendors and in-house technical staff regarding document and deposition databases, among other duties.

3. I work with the legal team that represents Mitsubishi Aircraft Corporation ("MITAC") in the above-captioned matter. I was advised that Bombardier had alleged that

DECL. OF STEPHEN PORTER IN SUPPORT OF DEFENDANT MITAC'S RESPONSE TO PLAINTIFF'S MOTION FOR PRELIM. INJUNCTION (NO. 18-CV-1543 JLR) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

eleven documents had been misappropriated and that those documents contained alleged trade secrets.

4. I understand Bombardier provided the file names and .pdf versions of the eleven documents to Perkins Coie. I was provided access to .pdf copies of the documents and I familiarized myself with them.

5. I was asked to review a collection of MITAC files for the eleven allegedly misappropriated documents. The initial database that I reviewed contained files that Perkins Coie received from KLDiscovery, an e-discovery vendor. I understand KLDiscovery created the database based on data provided from MITAC based on an internal search of its files listings from its file servers (referred to herein as "Database I" for convenience) using keyword and/or portions of keywords based on the file names of the eleven identified documents. To my knowledge, MITAC collected the files for purposes of determining whether the eleven identified documents were on its servers, but neither KLDiscovery or MITAC internal technical support employees had access to the eleven identified documents.

6. I viewed the files in Database I in Relativity, an e-discovery software platform. I worked on the project with Michael T. Swick, an e-discovery attorney who also works for Perkins Coie. Mr. Swick has worked at Perkins Coie since 2016. To my knowledge, Mr. Swick is fluent in Japanese. I understand Mr. Swick also viewed the eleven identified documents. I understand that Mr. Swick familiarized himself with the eleven documents. The eleven documents were not in Database I.

7. I was asked to review a second collection of MITAC files for the eleven allegedly misappropriated documents. The collection contained files that Perkins Coie received access to from KLDiscovery, an e-discovery vendor. I understand that this set of data contained the emails and email attachments from the corporate email folders of two MITAC employees and Defendants in this matter (Marc Delarche and Keith Ayre), and a third MITAC employee mentioned in the First Amended Complaint (Andrius Knystautas) (referred to herein as

DECL. OF STEPHEN PORTER IN SUPPORT OF DEFENDANT MITAC'S RESPONSE TO PLAINTIFF'S MOTION FOR PRELIM. INJUNCTION (NO. 18-CV-1543 JLR) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

"Database II" for convenience). To my knowledge, MITAC had KLDiscovery collect the email folders for purposes of determining whether the eleven identified documents were in the folders, but neither KLDiscovery or MITAC internal technical support employees had access to the eleven identified documents.

8. I viewed the emails and attachments in Database II in Relativity. I worked on the project with Michael T. Swick. All emails and attachments from the Gmail, Yahoo, AOL, Me, Hotmail, and iCloud email domains were reviewed. In addition, targeted searches of Database II were conducted using search terms derived from the file names of the eleven documents. The eleven documents were not located in Database II.

9. I was asked to review a third collection of MITAC files for the eleven allegedly misappropriated documents. The third collection contained files that Perkins Coie received access to from KLDiscovery, an e-discovery vendor. I understand that the database contained the emails and email attachments from the corporate email folders of all former Bombardier employees now employed by MITAC (referred to herein as Database III for convenience). To my knowledge, MITAC had KLDiscovery collect these email folders for purposes of determining whether the eleven identified documents were in the folders, but neither KLDiscovery or MITAC internal technical support employees had access to the eleven identified documents. There are 47,796 documents in Database III.

10. I viewed the emails and attachments in Database III in Relativity. I worked on the project with Michael T. Swick. Targeted searches of Database III were conducted using search terms derived from the file names of the eleven documents.

11. As of this filing, we have inspected 27,251 documents in Databases I, II, and III and compared them to the eleven allegedly misappropriated documents. Not a single copy of the eleven documents has been located in any of the three databases. Unless otherwise stated, I have personal knowledge of all facts stated in this declaration and, if called to, could and would testify competently thereto.

DECL. OF STEPHEN PORTER IN SUPPORT OF DEFENDANT
MITAC'S RESPONSE TO PLAINTIFF'S MOTION FOR
PRELIM. INJUNCTION (NO. 18-CV-1543 JLR) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct

Executed at Seattle, Washington this 13th day of May 2019.

*Stephen Porter* (signature)

Stephen Porter

DECL. OF STEPHEN PORTER IN SUPPORT OF DEFENDANT MITAC'S RESPONSE TO PLAINTIFF'S MOTION FOR PRELIM. INJUNCTION (NO. 18-CV-1543 JLR) – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that on May 13, 2019, I electronically served the foregoing via email.

DATED this 13 day of May, 2019.

*s/Mary Z. Gaston*
Mary Z. Gaston, WSBA No. 27258
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
E-mail: MGaston@perkinscoie.com

CERTIFICATE OF SERVICE
(NO. 18-CV-1543 JLR) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000