THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOMBARDIER INC., | No. 2:18-cv-1543 JLR |
| Plaintiff, | DECLARATION OF ROBERT JOHN HANSMAN JR. |
| v. | |
| MITSUBISHI AIRCRAFT CORPORATION, MITSUBISHI AIRCRAFT CORPORATION AMERICA, INC., et al., | REDACTED |
| Defendants. | |

I, Robert John Hansman, under penalty of perjury, declare as follows:

1. I am the T. Wilson Professor of Aeronautics and Astronautics at the Massachusetts Institute of Technology in Cambridge, Massachusetts. I previously submitted a declaration in this matter, dated December 23, 2018. I understand that my December 23, 2018 declaration can be found at Docket # 78. My background and expertise are described in that declaration and Exhibit 1 to that declaration (which is my c.v.). I reaffirm and incorporate the opinions from the December 23, 2018 declaration here.

2. I understand that Bombardier, Inc. ("Bombardier") has filed a second motion for a preliminary injunction. This declaration responds to some of the statements made in that motion.

3. In preparation for making this declaration, I studied Bombardier's motion (which

DECL. OF ROBERT JOHN HANSMAN JR. – 1

I understand is Docket # 123) and the exhibits to that motion. I also studied Bombardier's Reply memorandum supporting its first preliminary injunction motion filed on January 4, 2019 (which I understand is Docket # 83), and the positions taken by Bombardier in its Response (Docket # 98) to the December 27, 2018 motion to seal filed by MITAC America (Docket # 69). I further spoke with an engineer at MITAC Japan to obtain an understanding of some additional facts related to the Mitsubishi Regional Jet ("MRJ") and modifications made to the MRJ.

### *The Alleged Secrets Do Not Relate to the Avionics Bay or Electrical Wires Routing*

4. As I stated in paragraph 55 of my December 23, 2018 declaration, the exhibits attached to the Burns and Tidd declarations do not discuss wiring issues in the avionics bay. In making that statement, I relied on Bombardier's complaint's description of the avionics bay compliance issue. In particular, paragraph 48 of Bombardier's complaint described a "fifth" delay to the MRJ project and attributes that delay to difficulty in showing compliance of the avionics bay, leading to a change in the electrical wires routing.

5. On April 15, 2019, I spoke with David Barrow (former Director of Systems Engineering at MITAC) who led the audit and redesign of the Electrical Wire Interface System (EWIS) of the MRJ in 2016. The rewiring referenced at paragraph 48 of Bombardier's complaint was a result of the need to relocate redundant avionics systems component boxes in the avionics bay because the boxes were too close physically and resulted in systems vulnerability to risks such as fire, water damage or rotor burst, as well as other systems changes. The need to relocate components had been previously identified by the JCAB, but the magnitude of the wiring issues did not become apparent until the audit under Barrow's direction was conducted.

6. I have reviewed all of the exhibits attached to the Burns and Tidd declarations and confirm that nothing in them relates to the re-wiring effort or other issues that caused the "fifth" delay to the MRJ project.

DECL. OF ROBERT JOHN HANSMAN JR. – 2

*The March 12, 2018 Special Condition*

7. At page 20 of Bombardier's second motion for a preliminary injunction, Bombardier cites to a Special Condition that Bombardier describes as follows: "Special Condition for the MRJ requiring certification to include analyses of 'any significant nonlinearity' (including flap skew, the very subject matter Defendant Basson misappropriated from Bombardier)." The special condition being referenced is titled "Special Conditions: Mitsubishi Aircraft Corporation Model MRJ-200 Airplane: Interaction of Systems and Structures," with a March 12, 2018 date, found in the Federal Register at: 83 Fed. Reg. 10,559-10,563 (the "Special Condition"). Contrary to Bombardier's description, the reference to "significant nonlinearity" in the Special Condition is not relevant to the MRJ's flap skew detection system.

8. This Special Condition is related to structural performance requirements for the MRJ which consider new design features such as electronic control systems. On page 10,561, the Special Condition discusses load and strength requirements which result from electronic flight-control systems and stability-augmentation systems that may affect the structural performance of the airplane. In doing so, the Special Condition only refers to nonlinearity in the section on "System Fully Operational" on page 10561 where it states "any significant nonlinearity (rate of displacement of control surfaces, thresholds, or any other system nonlinearities) must be accounted for in a realistic or conservative way when deriving limit loads from limit conditions." This section is defining the strength criteria for the aircraft structure (limit loads are the maximum loads that the aircraft is expected to see an any point in its service life). The nonlinearities referred to are sudden or abrupt changes in systems which could increase the loads on the aircraft structure.

9. The definition of a Fully Operative System is one without any failure conditions. Since flap skew would be a failure condition, the section the nonlinearities being discussed in the Special Condition are not referring to flap skew. As such, the consideration of nonlinearity in the

DECL. OF ROBERT JOHN HANSMAN JR. – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Special Condition is not relevant to certifying the MRJ's flap skew detection system.

### *Potential Problems Regarding Bombardier's Proposed Order*

10.  I understand Bombardier filed a proposed order with its second motion and that the proposed order can be found at Docket # 123-1. The proposed order describes various actions that would be prohibited involving "information or data contained" in the Burns and Tidd exhibits, or information "derived from" the information in the Burns and Tidd exhibits.  Thus, as written, the proposed order would enjoin MITAC from "[u]sing, accessing, imitating, copying, disclosing, or making available to any person or entity Bombardier confidential and proprietary documents [the Burns and Tidd exhibits] and/or any information or data contained therein." The proposed order would further enjoin MITAC from "[u]sing, accessing, imitating, copying, disclosing, or making available to any person or entity any information derived from the information [in the Burns and Tidd exhibits]."

11.  As I discussed in more detail in my December 23, 2018 declaration (for example, at paragraphs 39-54), the eleven exhibits attached to the Burns and Tidd declarations primarily contain information that is publicly available. Much of that public information is the type of information that engineers working on certifying an aircraft would routinely reference and use.

12.  Aircraft certification is based on publicly available regulations, advisory material, accepted means of compliance and reference material.  Restricting use of this public information would undermine the certification process.

13.  If the proposed order is interpreted to preclude MITAC from using public information if that information is contained in one of the eleven exhibits attached to the Burns and Tidd declarations, then normal engineering and certification activity, without reference to any Bombardier document or information, might constitute a violation of the terms of the proposed order.  Certification engineers routinely refer to, rely on, and use public references and information like some of the information contained in the exhibits attached to the Burns and Tidd

DECL. OF ROBERT JOHN HANSMAN JR. – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

declarations.

### *Availability of Certain Information that Bombardier Requested Be Sealed*

14. Bombardier has admitted that the exhibits attached to the Burns and Tidd declarations contain public information. For example, at page 6 of its Response (Docket # 98) to the December 27, 2018 motion to seal filed by MITAC America, Bombardier states: "If MITAC America is permitted to continue its piecemeal disclosures of Bombardier's compilation of publicly available information used successfully for certification purposes. . .." As cited above, Bombardier's proposed order (Docket # 123-1) proposes to prohibit use of all information in the exhibits attached to the Burns and Tidd declarations, which would thus include information that Bombardier admits is public information. I understand that Bombardier requested that certain materials cited or discussed in my December 23, 2018 declaration and the December 22, 2018 declaration of Mr. Stephen Boyd (which I understand can be found at Docket # 77) be placed under seal. This suggests that Bombardier interprets its proposed order as covering use of the materials it requested be placed under seal on the rationale that those materials contain information found in the exhibits to the Burns and Tidd declarations.

15. It is my opinion that information that Bombardier requested be placed under seal is standard reference material in the field of aeronautical engineering and is readily identifiable and accessible to someone involved in aircraft testing and performance evaluation. Some of the material includes standard practices or bases for testing. Restricting MITAC engineers from referencing this material would prevent MITAC from being able to rely on standard industry practice in testing and certification.

16. In my December 23, 2018 declaration I cited two standard textbooks: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ I understand that Bombardier requested that citations

DECL. OF ROBERT JOHN HANSMAN JR. – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

to these textbooks be placed under seal.

17. These are standard undergraduate engineering text books. The ▮▮▮ book is a standard text on aircraft performance and the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ I have referred to both of these books in my teaching of undergraduates at MIT, and both books are available in the MIT library.

18. In my December 23, 2018 declaration I also included a citation to three references in paragraph 42: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ I understand that Bombardier requested that these citations be placed under seal.

19. The three citations that Bombardier requested be redacted—▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ The JAA was a coordination activity between the civil aviation regulatory authorities of several European countries (and some non-European countries) who cooperated to develop and implement safety standards and regulatory guidance for aircraft before the creation of the European Union Aviation Safety Agency ("EASA"). JAA documents continue to be used as a basis for EASA certification and many JAA activities such as the JAA Flight Steering Group on ▮▮▮▮ ▮▮▮▮ continued to be active after the formation of the EASA.

20. Aircraft certification engineers would know about the JAA and its various guidance materials, which would be readily available to such an engineer. These specific documents that I cited in my December 23, 2018 declaration related to braking coefficients. An engineer working on braking performance would easily find these documents, or the current versions ▮▮▮▮▮▮▮▮▮▮ either through regulatory references or a simple Google search.

21. Mr. Boyd attached four NASA publications to his December 22, 2018 declaration, as Exhibits J, K, O, and S (the "NASA exhibits"), and he attached a ▮▮▮▮▮▮▮▮▮▮

DECL. OF ROBERT JOHN HANSMAN JR. – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

██████████████████████████████████ report as Exhibit T. I understand that Bombardier requested that each of these exhibits be placed under seal in their entirety.

22. These are fundamental NASA (or its predecessor NACA) reference papers ██ ██████████████████████████████████ as well as a related paper from ██████ that is referenced in one or more of the NASA papers. An aerospace engineer interested in air data systems would easily find these papers. For example, a simple Google search on ██████ ████████ yields Exhibit O as the second listing and the first technical paper. The first and third references of that paper are the ██████ report (Exhibit T) and the ████████ report (Exhibit J). The ██████ report references the older ████████ (Exhibit S). Exhibit K—██████████████████████████████████—is likewise easily found by an aerospace engineering interested in ██████████████ with a Google search for ████████ ████."

23. Mr. Boyd also cited a certain reference in his December 22, 2018 declaration that Bombardier requested be filed under seal. I understand that Bombardier requested that the citation to the following reference be redacted: ██████████████████████████████ ████.

24. This is a well-known industry standard consensus on the recommend practice for ██████████████████████ It is directly cited by the FAA advisory circular ████████ ██████████████████████████████ as the recommended practice for manufacturers who are seeking certification of aircraft or aircraft system. An aerospace engineer would have no problem identifying or finding ██████████████████████████ ████.

25. The opinions and conclusions expressed in this declaration are made to a reasonable degree of certainty and are based in whole or part on my education, experience, and training in my field over the last four decades.

DECL. OF ROBERT JOHN HANSMAN JR. – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___9___th day of May, 2019 at ___Cambridge___, Massachusetts.

_Robert John Hansman Jr._

DECL. OF ROBERT JOHN HANSMAN JR. – 8

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that on May 13, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses indicated on the Court's Electronic Mail Notice List.

DATED this 13th day of May, 2019.

*s/Jerry A. Riedinger*
Jerry A. Riedinger, WSBA No. 25828
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
E-mail: JRiedinger@perkinscoie.com

CERTIFICATE OF SERVICE
(No. 2:18-cv-1543 RAJ) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000