THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BOMBARDIER INC.,<br><br>Plaintiff,<br><br>v.<br><br>MITSUBISHI AIRCRAFT CORPORATION, MITSUBISHI AIRCRAFT CORPORATION AMERICA INC., et al.,<br><br>Defendants. | No. 2:18-cv-1543-JLR<br><br>DEFENDANT MITSUBISHI AIRCRAFT CORPORATION'S ANSWER TO FIRST AMENDED VERIFIED COMPLAINT AND COUNTERCLAIMS |

Defendant Mitsubishi Aircraft Corporation ("MITAC"), by and through its attorneys of record, answers Bombardier Inc.'s ("Bombardier") First Amended Verified Complaint (the "Amended Complaint") as follows. Except as expressly admitted herein, each and every allegation in the Amended Complaint is denied.

**NATURE OF THE ACTION**

**ANSWER TO COMPLAINT 1:**

MITAC admits that Bombardier purports to bring a civil action pursuant to the Defend Trade Secrets Act of 2016 codified at 18 U.S.C. § 1836 et seq. and the Washington Uniform Trade Secrets Act codified at RCW 19.108.010 et seq. MITAC also admits Bombardier purports to bring a civil action for Tortious Interference with Claims for Tortious Interference with Business Expectancies and/or Contracts, and Breach of Contract under Washington state common law.

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

144470447.1

1   MITAC specifically denies that Bombardier is entitled to any relief sought herein, and denies any

2   remaining allegations set forth in this paragraph.

3   **PARTIES**

4   **ANSWER TO COMPLAINT 2:**

5       The allegations in this paragraph concern parties other than MITAC, and therefore no

6   response is required.  To the extent a response is required, MITAC lacks knowledge or information

7   sufficient to form a belief as to the truth, if any, of the allegations in the first sentence, and therefore

8   denies them.  MITAC denies the allegations in the second sentence.

9   **ANSWER TO COMPLAINT 3:**

10      MITAC denies its registered office is at Nagoya Airport, Toyoyama-cho, Nishikasugai-

11  Gun, Aichi 480-0287, Japan.  MITAC admits the remaining allegations in this paragraph.

12  **ANSWER TO COMPLAINT 4:**

13      MITAC admits MITAC America is a subsidiary corporation of MITAC organized and

14  existing under the laws of the State of Delaware.  MITAC denies the allegations regarding the

15  location of MITAC America's registered principal place of business and its engineering center.

16  MITAC America moved its principal place of business to 1601 East Valley Road, Suite 300,

17  Renton, Washington, 98057 in April of 2019.  MITAC also denies that MITAC America is the

18  alter ego of MITAC.

19  **ANSWER TO COMPLAINT 5:**

20      The allegations in this paragraph concern parties other than MITAC, and therefore no

21  response is required.

22  **ANSWER TO COMPLAINT 6:**

23      The allegations in this paragraph concern parties other than MITAC, and therefore no

24  response is required.

25

26

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 2

144470447.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**ANSWER TO COMPLAINT 7:**

The allegations in this paragraph concern parties other than MITAC, and therefore no response is required.

**ANSWER TO COMPLAINT 8:**

The documents referenced and quoted in this paragraph of the Complaint speak for themselves. MITAC admits that Marc-Antoine Delarche is an employee of MITAC and that Delarche was formerly employed by AeroTEC. The remaining allegations in this paragraph concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 9:**

The allegations in this paragraph concern parties other than MITAC, and therefore no response is required.

**ANSWER TO COMPLAINT 10:**

The documents referenced and quoted in this paragraph of the Complaint speak for themselves. MITAC admits Keith Ayre is an employee of MITAC and that his title is Engineering Manager. The remaining allegations in this paragraph concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 11:**

MITAC admits that Bombardier collectively refers to the parties identified in paragraphs 3-10 above as "Defendants." MITAC further admits that it employs persons who previously worked for Bombardier. To the extent the remaining allegations in this paragraph are directed at MITAC, MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations and therefore denies them.

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

# JURISDICTION AND VENUE

**ANSWER TO COMPLAINT 12:**

This paragraph asserts a legal conclusion to which no response is required.  To the extent a response is required, MITAC admits that Bombardier has alleged that MITAC has violated the DTSA, and that this Court has jurisdiction over DTSA actions, but denies that MITAC has violated the DTSA and denies that Bombardier is entitled to any relief under the DTSA.

**ANSWER TO COMPLAINT 13:**

This paragraph asserts a legal conclusion to which no response is required.  To the extent a response is required, MITAC admits that Bombardier has alleged that MITAC has violated the common law of the State of Washington, but denies that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1367 over those claims. MITAC further denies that it has violated the common law of the State of Washington, and denies that Bombardier is entitled to any relief under the common law of the State of Washington.

**ANSWER TO COMPLAINT 14:**

This paragraph asserts a legal conclusion to which no response is required.  To the extent a response is required, MITAC denies that this Court has personal jurisdiction over MITAC in this matter.  MITAC also denies that it has committed wrongful acts within the State of Washington and further denies that Bombardier is entitled to any relief sought herein.

**ANSWER TO COMPLAINT 15:**

The first sentence of this paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, MITAC denies that this Court has personal jurisdiction over MITAC in this matter. The documents referenced and quoted in this paragraph of the Complaint speak for themselves.  MITAC admits MITAC America maintains a flight-test center in Moses Lake, Washington, where it conducts flight tests of the MRJ.  MITAC admits MITAC America employs approximately 170 pilots, engineers, and technicians seconded from MITAC who work in Moses Lake, Washington. MITAC admits that it owns four MRJ flight-test

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

144470447.1

1  aircraft located at the flight-test center in Moses Lake, Washington.  All remaining allegations in

2  this paragraph are denied.

3  **ANSWER TO COMPLAINT 16:**

4      The documents referenced and quoted in this paragraph of the Complaint speak for

5  themselves.  MITAC denies that this Court has personal jurisdiction over MITAC in this matter.

6  MITAC admits the Seattle engineering center opened on approximately August 3, 2015, in Seattle,

7  Washington, and that the opening was attended by MITAC representatives and representatives

8  from the state of Washington, among others. MITAC further admits: eight engineers work for

9  MITAC America at the Seattle engineering center that have been seconded from MITAC, as well

10  as other employees; MITAC America and AeroTEC assist MITAC in MITAC's efforts to develop

11  and certify the MRJ.  Any remaining allegations in this paragraph are denied.

12  **ANSWER TO COMPLAINT 17:**

13      The documents referenced and quoted in this paragraph of the Complaint speak for

14  themselves.  MITAC denies that this Court has personal jurisdiction over MITAC in this matter.

15  MITAC admits Hiromichi Morimoto has attended events across the globe on behalf of MITAC,

16  including Seattle and the State of Washington. MITAC admits Mr. Morimoto attended the events

17  alleged in this paragraph.

18  **ANSWER TO COMPLAINT 18:**

19      MITAC denies that it has committed trade secret misappropriation in the State of

20  Washington or this judicial district, or anywhere else.  The remaining allegations in this paragraph

21  assert legal conclusions to which no response is required.  To the extent a response is required,

22  MITAC denies that this Court has personal jurisdiction over MITAC in this matter.

23  **ANSWER TO COMPLAINT 19:**

24      MITAC denies that Defendant Delarche disclosed Bombardier trade secret information to

25  MITAC. Upon information and belief, MITAC also denies that Delarche has traveled to the

26  Western District of Washington since transferring to Japan.  The remaining allegations in this

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

144470447.1

paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 20:**

The documents referenced and quoted in this paragraph of the Complaint speak for themselves. MITAC denies that Defendant Ayre disclosed Bombardier trade secret information to MITAC. Upon information and belief, MITAC also denies Ayre visited the engineering center or the flight-test center during the time period alleged in this paragraph.  The remaining allegations in this paragraph concern parties other than MITAC and contain legal conclusions, and therefore no response is required. To the extent a response is required, MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 21:**

This paragraph asserts a legal conclusion to which no response is required.  To the extent a response is required, MITAC denies that venue is proper in this judicial district for the claims brought against MITAC, and denies that it has committed wrongful acts within this judicial district and further denies that Bombardier is entitled to any relief sought herein.

## FACTUAL ALLEGATIONS

**ANSWER TO COMPLAINT 22:**

MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 23:**

MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 6

144470447.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**ANSWER TO COMPLAINT 24:**

On information and belief, MITAC admits the C-Series appears to be a family of narrow-body, geared turbofan twin-engine, medium-range jet airliners. MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 25:**

MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 26:**

MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 27:**

MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 28:**

MITAC admits the FAA, Transport Canada, and EASA require certain regulatory standards to be met for the purposes of airworthiness and public safety. MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 29:**

MITAC admits these allegations to the extent they are consistent with the referenced laws, regulations, and regulatory materials. MITAC denies any remaining allegations not specifically admitted herein.

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 7

144470447.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**ANSWER TO COMPLAINT 30:**

MITAC admits these allegations to the extent they are consistent with the referenced laws, regulations, and regulatory materials.  MITAC denies any remaining allegations not specifically admitted herein.

**ANSWER TO COMPLAINT 31:**

MITAC admits these allegations to the extent they are consistent with the referenced laws, regulations, and regulatory materials.  MITAC denies any remaining allegations not specifically admitted herein.

**ANSWER TO COMPLAINT 32:**

MITAC admits these allegations to the extent they are consistent with the referenced laws, regulations, and regulatory materials.  MITAC denies any remaining allegations not specifically admitted herein.

**ANSWER TO COMPLAINT 33:**

MITAC admits these allegations to the extent they are consistent with the referenced laws, regulations, and regulatory materials.  MITAC denies any remaining allegations not specifically admitted herein.

**ANSWER TO COMPLAINT 34:**

MITAC admits these allegations to the extent they are consistent with the referenced laws, regulations, and regulatory materials.  MITAC denies any remaining allegations not specifically admitted herein.

**ANSWER TO COMPLAINT 35:**

The documents referenced and quoted in this paragraph of the Complaint speak for themselves. MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 8

144470447.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

**ANSWER TO COMPLAINT 36:**

2

3

The allegations in this paragraph concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC admits that the MRJ has yet to

4

receive all necessary certifications to enter into service. MITAC further admits that the MRJ is a

5

narrow-body, geared turbofan twin-engine jet aircraft.  MITAC denies the characterization of the

6

MRJ as a "medium-range" jet aircraft. MITAC lacks knowledge or information sufficient to form

7

a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies

8

them.

9

**ANSWER TO COMPLAINT 37:**

10

The documents referenced and quoted in this paragraph of the Complaint speak for

11

themselves.  MITAC admits it is responsible for developing the MRJ.   To the extent the allegations

12

in this paragraph concern parties other than MITAC, no response is required. To the extent a

13

response is required, MITAC lacks knowledge or information sufficient to form a belief as to the

14

truth, if any, of the allegations in this paragraph, and therefore denies them.

15

**ANSWER TO COMPLAINT 38:**

16

The documents referenced and quoted in this paragraph of the Complaint speak for

17

themselves. MITAC admits it has implemented design changes in the MRJ and that the MRJ

18

schedule has been delayed.

19

**ANSWER TO COMPLAINT 39:**

20

The documents referenced and quoted in this paragraph of the Complaint speak for

21

themselves. MITAC admits it oversees the production drawing phase and the manufacturing

22

process of the MRJ project.  MITAC further admits that the MRJ schedule has been delayed.

23

**ANSWER TO COMPLAINT 40:**

24

The documents referenced and quoted in this paragraph of the Complaint speak for

25

themselves. MITAC admits that the MRJ schedule has been delayed. MITAC has insufficient

26

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

144470447.1

knowledge and information to admit or deny whether JCAB "locally instituted the FAA system to keep certification regulations internationally consistent" and therefore denies the same.

**ANSWER TO COMPLAINT 41:**

The documents referenced and quoted in this paragraph of the Complaint speak for themselves. MITAC admits that the MRJ schedule has been delayed.

**ANSWER TO COMPLAINT 42:**

The documents referenced and quoted in this paragraph of the Complaint speak for themselves. MITAC admits that the MRJ schedule has been delayed. MITAC has insufficient knowledge and information to admit or deny the characterization of the bases for the timing of the announcements as "unclear," and therefore denies the same. MITAC denies the characterization of the work remaining to certify the MRJ after August 2013.

**ANSWER TO COMPLAINT 43:**

The documents referenced and quoted in this paragraph of the Complaint speak for themselves. MITAC has insufficient knowledge and information to admit or deny the characterization of a "clear road ahead," and therefore denies the same.  MITAC admits that during the time period alleged in this paragraph, MITAC sought to add personnel with certification experience to supplement existing resources. MITAC denies that during the time period alleged MITAC did not have any personnel with certification experience.  MITAC admits that MITAC America is its subsidiary, but denies that MITAC America was formed on June 4, 2014.  MITAC also denies MITAC America was formed for the purposes alleged in this paragraph.  MITAC admits that AeroTEC provides services to help the MRJ certification project.

**ANSWER TO COMPLAINT 44:**

The documents referenced and quoted in this paragraph of the Complaint speak for themselves. MITAC admits that the MRJ schedule has been delayed, including the maiden voyage to November 11, 2015.  MITAC admits the MRJ flight testing in the United States is managed by MITAC America at the Seattle engineering center and the Moses Lake Flight Test Center, and that

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 10

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

AeroTEC and MITAC America employees (including those seconded from MITAC Japan) work at both locations.  MITAC further admits that the development and certification of the MRJ is directed by MITAC.   The remaining allegations in paragraph 44 are denied.

**ANSWER TO COMPLAINT 45:**

The documents referenced and quoted in this paragraph of the Complaint speak for themselves. MITAC admits that the MRJ schedule has been delayed. MITAC denies the characterization of the causes of the delay.

**ANSWER TO COMPLAINT 46:**

The documents referenced and quoted in this paragraph of the Complaint speak for themselves. MITAC admits that the MRJ schedule has been delayed. MITAC has insufficient knowledge and information to admit or deny the opinions of industry analysts and therefore denies the same.

**ANSWER TO COMPLAINT 47:**

The documents referenced and quoted in this paragraph of the Complaint speak for themselves. MITAC admits that the MRJ schedule has been delayed.

**ANSWER TO COMPLAINT 48:**

The documents referenced and quoted in this paragraph of the Complaint speak for themselves. MITAC admits that the MRJ schedule has been delayed.

**ANSWER TO COMPLAINT 49:**

The documents referenced and quoted in this paragraph of the Complaint speak for themselves. MITAC admits that the MRJ schedule has been delayed.

**ANSWER TO COMPLAINT 50:**

The documents referenced and quoted in this paragraph of the Complaint speak for themselves. MITAC admits that the MRJ schedule has been delayed. MITAC denies the characterization that MITAC's identification of the certification issues was the result of MITAC

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 11

144470447.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    hiring former Bombardier employees.  Upon information and belief, MITAC also denies the job

2    title alleged for Defendant Korwin-Szymanowski.

3    **ANSWER TO COMPLAINT 51:**

4         The documents referenced and quoted in this paragraph of the Complaint speak for

5    themselves. MITAC admits it was involved in organizing and promoting a job fair in Montreal.

6    MITAC admits that it hired Keith Ayre.  MITAC denies that Bombardier has sufficiently identified

7    any purported trade secrets and further denies that MITAC has misappropriated any Bombardier

8    trade secrets.  MITAC denies the remaining allegations in this paragraph directed at MITAC. To

9    the extent the allegations in this paragraph concern parties other than MITAC, no response is

10   required. To the extent a response is required, MITAC lacks knowledge or information sufficient

11   to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore

12   denies them.

13   **ANSWER TO COMPLAINT 52:**

14        The allegations in this paragraph concern parties other than MITAC, and therefore no

15   response is required. To the extent a response is required, MITAC lacks knowledge or information

16   sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore

17   denies them.

18   **ANSWER TO COMPLAINT 53:**

19        The documents referenced and quoted in this paragraph of the Complaint speak for

20   themselves.  MITAC admits it recruits qualified personnel from other companies around the world,

21   and will at times use professional recruiting services to assist in recruitment. MITAC also

22   advertises under its own name to obtain applicants. MITAC denies the remaining allegations in

23   this paragraph concerning MITAC.  To the extent the allegations in this paragraph contain legal

24   conclusions and concern parties other than MITAC, no response is required.  To the extent a

25   response is required, MITAC lacks knowledge or information sufficient to form a belief as to the

26   truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 12

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

144470447.1

**ANSWER TO COMPLAINT 54:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 55:**

The allegations in this paragraph concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 56:**

MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets. The remaining allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 57:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 58:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC lacks

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 13

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

144470447.1

knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 59:**

The allegations in this paragraph concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 60:**

The documents referenced and quoted in this paragraph of the Complaint speak for themselves. MITAC denies the allegations in this paragraph directed at MITAC. The remaining allegations contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 61:**

The allegations in this paragraph concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 62:**

The allegations in this paragraph concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 14

144470447.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**ANSWER TO COMPLAINT 63:**

The documents referenced and quoted in this paragraph of the Complaint speak for themselves. MITAC denies the allegations in this paragraph directed at MITAC. The remaining allegations concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 64:**

The documents referenced and quoted in this paragraph of the Complaint speak for themselves. MITAC admits that its outside counsel exchanged correspondence with Bombardier outside counsel, including on September 13, 2018, but denies the characterization of the correspondence between the parties.

**ANSWER TO COMPLAINT 65:**

The documents referenced and quoted in this paragraph of the Complaint speak for themselves. MITAC denies the allegations in this paragraph directed at MITAC. The remaining allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations, and therefore denies them.

**ANSWER TO COMPLAINT 66:**

MITAC denies the allegations directed to MITAC in the paragraph, and specifically denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets. The remaining allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 15

144470447.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

**ANSWER TO COMPLAINT 67:**

2

3      MITAC admits that MITAC, and upon information and belief MITAC America and

4 AeroTEC, employ qualified individuals, some of whom formerly worked for Bombardier and

5 other aerospace companies around the world. MITAC denies that Bombardier has sufficiently

6 identified any purported trade secrets and further denies that MITAC has misappropriated any

7 Bombardier trade secrets.  The remaining allegations in this paragraph contain legal conclusions

8 and concern parties other than MITAC, and therefore no response is required. To the extent a

9 response is required, MITAC lacks knowledge or information sufficient to form a belief as to the

truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

10

**ANSWER TO COMPLAINT 68:**

11

12      The documents referenced and quoted in this paragraph of the Complaint speak for

13 themselves.  MITAC admits Defendant Basson works for AeroTEC. The remaining allegations in

14 this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no

15 response is required. To the extent a response is required, MITAC denies that Bombardier has

16 sufficiently identified any purported trade secrets and further denies that MITAC has

17 misappropriated any Bombardier trade secrets. MITAC also denies Bombardier's Code of Ethics

18 precludes employees from emailing documents to themselves.   MITAC lacks knowledge or

19 information sufficient to form a belief as to the truth, if any, of the remaining allegations in this

paragraph, and therefore denies them.

20

**ANSWER TO COMPLAINT 69:**

21

22      The documents referenced and quoted in this paragraph of the Complaint speak for

23 themselves.  MITAC admits Defendant Delarche worked for AeroTEC and works for MITAC.

24 The remaining allegations in this paragraph contain legal conclusions and concern parties other

25 than MITAC, and therefore no response is required. To the extent a response is required, MITAC

26 denies that Bombardier has sufficiently identified any purported trade secrets and further denies

that MITAC has misappropriated any Bombardier trade secrets.  MITAC also denies Bombardier's

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 16

144470447.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Code of Ethics precludes employees from emailing documents to themselves. MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 70:**

MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets. The remaining allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 71:**

The documents referenced and quoted in this paragraph of the Complaint speak for themselves.  MITAC admits Defendant Dorneval works for AeroTEC. The remaining allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets. MITAC also denies Bombardier's Code of Ethics precludes employees from emailing documents to themselves. MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 72:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets. MITAC also denies Bombardier's Code of Ethics precludes employees from emailing documents to themselves. MITAC lacks

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 17

144470447.1

knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 73:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets. MITAC also denies Bombardier's Code of Ethics precludes employees from emailing documents to themselves. MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 74:**

The documents referenced and quoted in this paragraph of the Complaint speak for themselves. MITAC admits it employs Defendant Ayre. The remaining allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets. MITAC also denies Bombardier's Code of Ethics precludes employees from emailing documents to themselves. MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 75:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets. MITAC also denies Bombardier's Code of Ethics precludes employees from emailing documents to themselves. MITAC lacks

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 18

144470447.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 76:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets. MITAC also denies Bombardier's Code of Ethics precludes employees from emailing documents to themselves. MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 77:**

The documents referenced and quoted in this paragraph of the Complaint speak for themselves. MITAC admits that Defendant Ayre signed and dated a MITAC Employee Proprietary Information, Inventions, Non-Competition and Non-Solicitation Agreement.  MITAC denies the remaining allegations directed at MITAC in this paragraph.  The remaining allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets. MITAC also denies Bombardier's Code of Ethics precludes employees from emailing documents to themselves. MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 78:**

The documents referenced and quoted in this paragraph of the Complaint speak for themselves.  MITAC admits that it employs Koki Fukuda.  MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 19

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

misappropriated any Bombardier trade secrets. MITAC denies Bombardier's Code of Ethics precludes employees from emailing documents to themselves. The remaining allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 79:**

The documents referenced and quoted in this paragraph of the Complaint speak for themselves. MITAC denies that Bombardier has sufficiently identified any purported trade secrets and denies that MITAC has misappropriated any Bombardier trade secret. MITAC further denies the characterization of the MRJ certification efforts. The remaining allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 80:**

MITAC denies Defendant Ayre visited and participated in MRJ certification efforts in Washington. MITAC admits Ayre participated in an in-person interview at a Washington hotel as part of his recruitment. The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets. MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**ANSWER TO COMPLAINT 81:**

MITAC admits that Andrius Knystautas works for MITAC. The remaining allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets. MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 82:**

The documents referenced and quoted in this paragraph of the Complaint speak for themselves. MITAC denies the allegations directed at MITAC in this paragraph. The remaining allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets. MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 83:**

The documents referenced and quoted in this paragraph of the Complaint speak for themselves. MITAC admits MITAC America is MITAC's subsidiary but denies that MITAC America was formed on June 4, 2014. MITAC denies MITAC America was formed for the purposes alleged in this paragraph.

**ANSWER TO COMPLAINT 84:**

The documents referenced and quoted in this paragraph of the Complaint speak for themselves. The remaining allegations in this paragraph contain legal conclusions and concern

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 21

144470447.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies MITAC America is an alter ego of MITAC.

**ANSWER TO COMPLAINT 85:**

MITAC admits that it is working together with MITAC America and AeroTEC to certify the MRJ. MITAC denies the characterization of the relationship among the entities in this paragraph.

**ANSWER TO COMPLAINT 86:**

The documents referenced and quoted in this paragraph of the Complaint speak for themselves.  MITAC admits Hirofumi Takahashi has held roles in both companies but denies he has held roles in both companies simultaneously.  MITAC denies the characterization of the relationship between MITAC and MITAC America.

**ANSWER TO COMPLAINT 87:**

Admitted.

**ANSWER TO COMPLAINT 88:**

Admitted.

**ANSWER TO COMPLAINT 89:**

MITAC admits MITAC America is a wholly owned subsidiary of MITAC.  MITAC denies that MITAC America generates no revenue of its own.

**ANSWER TO COMPLAINT 90:**

MITAC denies that MITAC America generates no profit of its own.

**ANSWER TO COMPLAINT 91:**

Denied.

**ANSWER TO COMPLAINT 92:**

The documents referenced and quoted in this paragraph of the Complaint speak for themselves.  MITAC denies the characterization of the MRJ certification process in this paragraph.

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 22

144470447.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

**ANSWER TO COMPLAINT 93:**

2

Denied.

3

**ANSWER TO COMPLAINT 94:**

4

Denied.

5

**ANSWER TO COMPLAINT 95:**

6

Denied.

7

**ANSWER TO COMPLAINT 96:**

8

MITAC admits that Mr. Knystautas works for MITAC. The remaining allegations in this

9

paragraph concern parties other than MITAC, and therefore no response is required. To the extent

10

a response is required, MITAC denies that Bombardier has sufficiently identified any purported

11

trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets.

12

MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the

13

remaining allegations in this paragraph, and therefore denies them.

14

**CLAIMS FOR RELIEF**

15

**Count I: Violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 _et seq._ (MITAC)**

16

**ANSWER TO COMPLAINT 97:**

17

MITAC incorporates by reference its answers to the allegations in the preceding

18

paragraphs.

19

**ANSWER TO COMPLAINT 98:**

20

MITAC denies that Bombardier has sufficiently identified any purported trade secrets and

21

further denies that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks

22

knowledge or information sufficient to form a belief as to the truth, if any, of the remaining

23

allegations in this paragraph, and therefore denies them.

24

**ANSWER TO COMPLAINT 99:**

25

Denied

26

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 23

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**ANSWER TO COMPLAINT 100:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies the allegations in this paragraph

**ANSWER TO COMPLAINT 101:**

MITAC admits that the MRJ is a narrow-body, geared turbofan twin-engine jet aircraft. MITAC denies the characterization of the MRJ as a "medium-range" jet aircraft. The remaining allegations in this paragraph contain legal conclusions and therefore no response is required.  To the extent a response is required, MITAC denies the allegations in this paragraph.

**ANSWER TO COMPLAINT 102:**

The documents referenced and quoted in this paragraph of the Complaint speak for themselves. MITAC admits that the MRJ is a narrow-body, geared turbofan twin-engine jet aircraft.  MITAC further admits it employs qualified individuals who formerly worked for other aerospace companies around the world.  MITAC admits that the MRJ schedule has been delayed. MITAC admits it was involved in organizing and promoting a job fair in Montreal.  MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets. MITAC further denies MITAC America is the alter ego of MITAC.  To the extent the remaining allegations in this paragraph contain legal conclusions and concern parties other than MITAC, no response is required.  To the extent a response is required, MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations concerning parties other than MITAC in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 103:**

MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets.  To the extent the remaining allegations in this paragraph contain legal conclusions and concern parties other than

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 24

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

MITAC, no response is required.  To the extent a response is required, MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations concerning parties other than MITAC in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 104:**

MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets.  To the extent the remaining allegations in this paragraph contain legal conclusions and concern parties other than MITAC, no response is required.  To the extent a response is required, MITAC denies the remaining allegations.

**ANSWER TO COMPLAINT 105:**

The allegations in this paragraph contain legal conclusions, and therefore no response is required.  To the extent a response is required, MITAC denies the allegations in this paragraph.

**ANSWER TO COMPLAINT 106:**

The allegations in this paragraph contain legal conclusions, and therefore no response is required.  To the extent a response is required, MITAC denies the allegations in this paragraph.

**ANSWER TO COMPLAINT 107:**

The allegations in this paragraph contain legal conclusions, and therefore no response is required.  To the extent a response is required, MITAC denies the allegations in this paragraph.

**ANSWER TO COMPLAINT 108:**

The allegations in this paragraph contain legal conclusions, and therefore no response is required.  To the extent a response is required, MITAC denies the allegations in this paragraph.

### Count II: Violation of the Washington Uniform Trade Secrets Act (WUTSA),
### RCW 19.108.010 *et seq.* (MITAC)

**ANSWER TO COMPLAINT 109:**

MITAC incorporates by reference its answers to the allegations in the preceding paragraphs.

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 25

144470447.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**ANSWER TO COMPLAINT 110:**

Denied

**ANSWER TO COMPLAINT 111:**

Denied

**ANSWER TO COMPLAINT 112:**

The allegations in this paragraph contain legal conclusions, and therefore no response is required. To the extent a response is required, MITAC denies the allegations in this paragraph.

**ANSWER TO COMPLAINT 113:**

MITAC admits that the MRJ is a narrow-body, geared turbofan twin-engine jet aircraft. The remaining allegations in this paragraph contain legal conclusions, and therefore no response is required. To the extent a response is required, MITAC denies the remaining allegations in this paragraph.

**ANSWER TO COMPLAINT 114:**

The documents referenced and quoted in this paragraph of the Complaint speak for themselves. MITAC admits that the MRJ is a narrow-body, geared turbofan twin-engine jet aircraft. MITAC further admits it employs qualified individuals, some of whom formerly worked for other aerospace companies around the world. MITAC admits that the MRJ schedule has been delayed. MITAC admits it was involved in organizing and promoting a job fair in Montreal. MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets. MITAC further denies MITAC America is the alter ego of MITAC. To the extent the remaining allegations in this paragraph contain legal conclusions and concern parties other than MITAC, no response is required. To the extent a response is required, MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations concerning parties other than MITAC in this paragraph, and therefore denies them.

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 26

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

144470447.1

1

**ANSWER TO COMPLAINT 115:**

2

3        MITAC denies that Bombardier has sufficiently identified any purported trade secrets and

4    further denies that MITAC has misappropriated any Bombardier trade secrets.  To the extent the

5    remaining allegations in this paragraph contain legal conclusions and concern parties other than

6    MITAC, no response is required.  To the extent a response is required, MITAC lacks knowledge

7    or information sufficient to form a belief as to the truth, if any, of the remaining allegations
     concerning parties other than MITAC in this paragraph, and therefore denies them.

8

**ANSWER TO COMPLAINT 116:**

9        MITAC denies that Bombardier has sufficiently identified any purported trade secrets and

10   further denies that MITAC has misappropriated any Bombardier trade secrets.  To the extent the

11   remaining allegations in this paragraph contain legal conclusions and concern parties other than

12   MITAC, no response is required.  To the extent a response is required, MITAC denies the

13   remaining allegations.

14

**ANSWER TO COMPLAINT 117:**

15       The allegations in this paragraph contain legal conclusions, and therefore no response is

16   required.  To the extent a response is required, MITAC denies the allegations in this paragraph.

17

**ANSWER TO COMPLAINT 118:**

18       The allegations in this paragraph contain legal conclusions, and therefore no response is

19   required.  To the extent a response is required, MITAC denies the allegations in this paragraph.

20

**ANSWER TO COMPLAINT 119:**

21       The allegations in this paragraph contain legal conclusions, and therefore no response is

22   required.  To the extent a response is required, MITAC denies the allegations in this paragraph.

23

**ANSWER TO COMPLAINT 120:**

24       The allegations in this paragraph contain legal conclusions, and therefore no response is

25   required.  To the extent a response is required, MITAC denies the allegations in this paragraph.

26

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 27

144470447.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**Count III: Violation of the Defend Trade Secrets Act (DTSA), 18 U.S.C. § 1836 *et seq.***

**(MITAC America)**

**ANSWER TO COMPLAINT 121:**

MITAC incorporates by reference its answers to the allegations in the preceding paragraphs.

**ANSWER TO COMPLAINT 122:**

Denied.

**ANSWER TO COMPLAINT 123:**

Denied.

**ANSWER TO COMPLAINT 124:**

Denied.

**ANSWER TO COMPLAINT 125:**

The allegations in this paragraph contain legal conclusions and parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies the allegations in this paragraph.

**ANSWER TO COMPLAINT 126:**

MITAC admits that the MRJ is a narrow-body, geared turbofan twin-engine jet aircraft. MITAC denies the characterization of the MRJ as a "medium-range" jet aircraft.  The remaining allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies the allegations in this paragraph.

**ANSWER TO COMPLAINT 127:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 28

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 128:**

The documents referenced and quoted in this paragraph of the Complaint speak for themselves. MITAC admits that the MRJ is a narrow-body, geared turbofan twin-engine jet aircraft. MITAC further admits it employs qualified individuals who formerly worked for other aerospace companies around the world.  MITAC admits that the MRJ schedule has been delayed. MITAC admits it was involved in organizing and promoting a job fair in Montreal. To the extent the remaining allegations in this paragraph contain legal conclusions and concern parties other than MITAC, no response is required.  To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets.  MITAC further denies MITAC America is the alter ego of MITAC.  MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations concerning parties other than MITAC in this paragraph, and therefore denies them.  To the extent the allegations in this paragraph concern MITAC, those allegations are denied.

**ANSWER TO COMPLAINT 129:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 130:**

MITAC denies the allegations directed at MITAC.  The remaining allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 29

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

144470447.1

response is required.  To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets. MITAC further denies MITAC America is the alter ego of MITAC.  MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 131:**

MITAC denies the allegations directed at MITAC.  The remaining allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets, denies that MITAC has misappropriated any Bombardier trade secrets, and also denies MITAC America is the alter ego of MITAC.  MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 132:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.   To the extent a response is required MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets.   MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 133:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.   To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets.   MITAC lacks knowledge or

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 30

144470447.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 134:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.   To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 135:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.   To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Count IV: Violation of the Washington Uniform Trade Secrets Act (WUTSA),**

**RCW 19.108.010 *et seq.* (MITAC AMERICA)**

**ANSWER TO COMPLAINT 136:**

MITAC incorporates by reference its answers to the allegations in the preceding paragraphs.

**ANSWER TO COMPLAINT 137:**

Denied.

**ANSWER TO COMPLAINT 138:**

Denied.

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 31

144470447.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

**ANSWER TO COMPLAINT 139:**

2

Denied.

3

**ANSWER TO COMPLAINT 140:**

4

The allegations in this paragraph contain legal conclusions, and therefore no response is

5

required.  To the extent a response is required, MITAC denies the allegations in this paragraph.

6

**ANSWER TO COMPLAINT 141:**

7

MITAC admits that the MRJ is a narrow-body, geared turbofan twin-engine jet aircraft.

8

MITAC denies the characterization of the MRJ as a "medium-range" jet aircraft. The remaining

9

allegations in this paragraph contain legal conclusions, and therefore no response is required.  To

10

the extent a response is required, MITAC denies the remaining allegations in this paragraph.

11

**ANSWER TO COMPLAINT 142:**

12

The allegations in this paragraph contain legal conclusions and concern parties other than

13

MITAC, and therefore no response is required.  To the extent a response is required, MITAC

14

denies that Bombardier has sufficiently identified any purported trade secrets and further denies

15

that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or

16

information sufficient to form a belief as to the truth, if any, of the remaining allegations

17

concerning parties other than MITAC in this paragraph, and therefore denies them.  To the extent

18

the allegations in this paragraph concern MITAC, those allegations are denied.

19

**ANSWER TO COMPLAINT 143:**

20

The documents referenced and quoted in this paragraph of the Complaint speak for

21

themselves. MITAC admits that the MRJ is a narrow-body, geared turbofan twin-engine jet

22

aircraft.  MITAC further admits it employs qualified individuals, some of whom formerly worked

23

for other aerospace companies around the world.  MITAC admits that the MRJ schedule has been

24

delayed.  MITAC admits it was involved in organizing and promoting a job fair in Montreal.  To

25

the extent the allegations in this paragraph contain legal conclusions and concern parties other than

26

MITAC, no response is required.  To the extent a response is required, MITAC denies that

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 32

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets. MITAC further denies MITAC America is the alter ego of MITAC. MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations concerning parties other than MITAC in this paragraph, and therefore denies them. To the extent the allegations in this paragraph concern MITAC, those allegations are denied.

**ANSWER TO COMPLAINT 144:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets. MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 145:**

MITAC denies the allegations directed at MITAC. MITAC specifically denies MITAC America is the alter ego of MITAC. The remaining allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 146:**

MITAC denies the allegations directed at MITAC. The remaining allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets, denies that MITAC has misappropriated any Bombardier trade secrets, also denies MITAC America is the alter ego of MITAC. MITAC lacks

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 33

144470447.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1   knowledge or information sufficient to form a belief as to the truth, if any, of the remaining

2   allegations in this paragraph, and therefore denies them.

3   **ANSWER TO COMPLAINT 147:**

4     The allegations in this paragraph contain legal conclusions, and therefore no response is

5   required.  To the extent a response is required, MITAC denies the allegations in this paragraph.

6   **ANSWER TO COMPLAINT 148:**

7     The allegations in this paragraph contain legal conclusions, and therefore no response is

8   required.  To the extent a response is required, MITAC denies the allegations in this paragraph.

9   **ANSWER TO COMPLAINT 149:**

10    The allegations in this paragraph contain legal conclusions, and therefore no response is

11  required.  To the extent a response is required, MITAC denies the allegations in this paragraph.

12  **ANSWER TO COMPLAINT 150:**

13    The allegations in this paragraph contain legal conclusions, and therefore no response is

14  required.  To the extent a response is required, MITAC denies the allegations in this paragraph.

15

16  **Count V: Violation of the Defend Trade Secrets Act (DTSA), 18 U.S.C. § 1836 *et seq.***

17  **(AeroTEC)**

18  **ANSWER TO COMPLAINT 151:**

19    MITAC incorporates by reference its answers to the allegations in the preceding

20  paragraphs.

21  **ANSWER TO COMPLAINT 152:**

22    Denied.

23  **ANSWER TO COMPLAINT 153:**

24    Denied.

25

26

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 34

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**ANSWER TO COMPLAINT 154:**

The allegations in this paragraph contain legal conclusions and parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies the allegations in this paragraph.

**ANSWER TO COMPLAINT 155:**

MITAC admits that the MRJ is a narrow-body, geared turbofan twin-engine jet aircraft. MITAC denies the characterization of the MRJ as a "medium-range" jet aircraft. The remaining allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 156:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 157:**

The documents referenced and quoted in this paragraph of the Complaint speak for themselves. MITAC admits that AeroTEC is working on the MRJ project.  MITAC further admits that MITAC, and upon information and belief AeroTEC, employ qualified individuals, some of whom formerly worked for other aerospace companies around the world. The remaining allegations in this paragraph concern parties other than MITAC, and therefore no response is

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 35

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

144470447.1

1  required. To the extent a response is required, MITAC denies that Bombardier has sufficiently

2  identified any purported trade secrets and further denies that MITAC has misappropriated any

3  Bombardier trade secrets.  MITAC lacks knowledge or information sufficient to form a belief as

4  to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

5  **ANSWER TO COMPLAINT 158:**

6      The allegations in this paragraph contain legal conclusions and concern parties other than

7  MITAC, and therefore no response is required.  To the extent a response is required, MITAC

8  denies the allegations in this paragraph.

9  **ANSWER TO COMPLAINT 159:**

10     The allegations in this paragraph contain legal conclusions and concern parties other than

11  MITAC, and therefore no response is required.  To the extent a response is required, MITAC

12  denies the allegations in this paragraph.

13  **ANSWER TO COMPLAINT 160:**

14     The allegations in this paragraph contain legal conclusions and concern parties other than

15  MITAC, and therefore no response is required.  To the extent a response is required, MITAC

16  denies the allegations in this paragraph.

17  **ANSWER TO COMPLAINT 161:**

18     The allegations in this paragraph contain legal conclusions and concern parties other than

19  MITAC, and therefore no response is required.  To the extent a response is required, MITAC

20  denies the allegations in this paragraph.

21

22  **Count VI: Violation of the Washington Uniform Trade Secrets Act (WUTSA),**

23  **RCW 19.108.010 *et seq.* (AeroTEC)**

24  **ANSWER TO COMPLAINT 162:**

25     MITAC incorporates by reference its answers to the allegations in the preceding

26  paragraphs.

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 36

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

144470447.1

1

**ANSWER TO COMPLAINT 163:**

2

Denied.

3

**ANSWER TO COMPLAINT 164:**

4

Denied.

5

**ANSWER TO COMPLAINT 165:**

6

The allegations in this paragraph contain legal conclusions and concern parties other than

7

MITAC, and therefore no response is required.  To the extent a response is required, MITAC

8

denies the allegations in this paragraph.

9

**ANSWER TO COMPLAINT 166:**

10

MITAC admits that the MRJ is a narrow-body, geared turbofan twin-engine jet aircraft.

11

MITAC denies the characterization of the MRJ as a "medium-range" jet aircraft. The remaining

12

allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and

13

therefore no response is required.  To the extent a response is required, MITAC denies that

14

Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC

15

has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or information

16

sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and

17

therefore denies them.

18

**ANSWER TO COMPLAINT 167:**

19

The allegations in this paragraph contain legal conclusions and concern parties other than

20

MITAC, and therefore no response is required.  To the extent a response is required, MITAC

21

denies that Bombardier has sufficiently identified any purported trade secrets and further denies

22

that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or

23

information sufficient to form a belief as to the truth, if any, of the remaining allegations in this

24

paragraph, and therefore denies them.

25

26

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 37

144470447.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**ANSWER TO COMPLAINT 168:**

The documents referenced and quoted in this paragraph of the Complaint speak for themselves. MITAC admits that AeroTEC is working on the MRJ project. MITAC further admits that MITAC America, and upon information and belief AeroTEC, employ qualified individuals, some of whom formerly worked for other aerospace companies around the world.   The remaining allegations in this paragraph concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 169:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies the allegations in this paragraph.

**ANSWER TO COMPLAINT 170:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies the allegations in this paragraph.

**ANSWER TO COMPLAINT 171:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies the allegations in this paragraph.

**ANSWER TO COMPLAINT 172:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies the allegations in this paragraph.

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 38

144470447.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**Count VII: Tortious Interference with Contractual Relationship and/or Business Expectancy (MITAC)**

**ANSWER TO COMPLAINT 173:**

MITAC incorporates by reference its answers to the allegations in the preceding paragraphs.

**ANSWER TO COMPLAINT 174:**

Denied.

**ANSWER TO COMPLAINT 175:**

MITAC admits Delarche is employed by MITAC.   MITAC denies the remaining allegations directed at MITAC. The remaining allegations in this paragraph concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets. MITAC also denies Bombardier's Code of Ethics precludes employees from emailing documents to themselves. MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 176:**

Denied.

**ANSWER TO COMPLAINT 177:**

Denied.

**ANSWER TO COMPLAINT 178:**

Denied.

**ANSWER TO COMPLAINT 179:**

MITAC admits that MITAC employs qualified individuals, some of whom formerly worked for other aerospace companies around the world.   The remaining allegations in this

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 39

144470447.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    paragraph contain legal conclusions, and therefore no response is required.  To the extent a
2    response is required, MITAC denies the remaining allegations in this paragraph.

3    **ANSWER TO COMPLAINT 180:**

4        Denied.

5    **ANSWER TO COMPLAINT 181:**

6        Denied.

7    **ANSWER TO COMPLAINT 182:**

8        Denied.

9    **Count VIII: Tortious Interference with Contractual Relationship and/or Business**
10                          **Expectancy (MITAC AMERICA)**

11   **ANSWER TO COMPLAINT 183:**

12       MITAC incorporates by reference its answers to the allegations in the preceding
13   paragraphs.

14   **ANSWER TO COMPLAINT 184:**

15       The allegations in this paragraph contain legal conclusions and concern parties other than
16   MITAC, and therefore no response is required.  To the extent a response is required, MITAC
17   denies the allegations in this paragraph.

18   **ANSWER TO COMPLAINT 185:**

19       The allegations in this paragraph contain legal conclusions and concern parties other than
20   MITAC, and therefore no response is required.  To the extent a response is required, MITAC
21   denies the allegations in this paragraph.

22   **ANSWER TO COMPLAINT 186:**

23       The allegations in this paragraph contain legal conclusions and concern parties other than
24   MITAC, and therefore no response is required.  To the extent a response is required, MITAC
25   denies the allegations in this paragraph.

26

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 40

144470447.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**ANSWER TO COMPLAINT 187:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies the allegations in this paragraph.

**ANSWER TO COMPLAINT 188:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies the allegations in this paragraph.

**ANSWER TO COMPLAINT 189:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies the allegations in this paragraph.

**Count IX: Tortious Interference with Contractual Relationship and/or Business Expectancy (AeroTEC)**

**ANSWER TO COMPLAINT 190:**

MITAC incorporates by reference its answers to the allegations in the preceding paragraphs.

**ANSWER TO COMPLAINT 191:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies the allegations in this paragraph.

**ANSWER TO COMPLAINT 192:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies the allegations in this paragraph.

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 41

144470447.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**ANSWER TO COMPLAINT 193:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies the allegations in this paragraph.

**ANSWER TO COMPLAINT 194:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies the allegations in this paragraph.

**ANSWER TO COMPLAINT 195:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies the allegations in this paragraph.

**ANSWER TO COMPLAINT 196:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies the allegations in this paragraph.

**ANSWER TO COMPLAINT 197:**

The allegations in this paragraph concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 198:**

The allegations in this paragraph concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies that Bombardier has

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 42

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1   sufficiently identified any purported trade secrets and further denies that MITAC has

2   misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or information sufficient

3   to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore

4   denies them.

5   **Count X: Violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 _et seq._**

6   **(Laurus Basson)**

7   **ANSWER TO COMPLAINT 199:**

8       MITAC America incorporates by reference its answers to the allegations in the preceding

9   paragraphs.

10  **ANSWER TO COMPLAINT 200:**

11      The allegations in this paragraph contain legal conclusions and concern parties other than

12  MITAC, and therefore no response is required.  To the extent a response is required, MITAC

13  denies that Bombardier has sufficiently identified any purported trade secrets and further denies

14  that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or

15  information sufficient to form a belief as to the truth, if any, of the remaining allegations in this

16  paragraph, and therefore denies them.

17  **ANSWER TO COMPLAINT 201:**

18      The allegations in this paragraph contain legal conclusions and concern parties other than

19  MITAC, and therefore no response is required.  To the extent a response is required, MITAC

20  denies that Bombardier has sufficiently identified any purported trade secrets and further denies

21  that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or

22  information sufficient to form a belief as to the truth, if any, of the remaining allegations in this

23  paragraph, and therefore denies them.

24  **ANSWER TO COMPLAINT 202:**

25      The allegations in this paragraph contain legal conclusions and concern parties other than

26  MITAC, and therefore no response is required.  To the extent a response is required, MITAC

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 43

144470447.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1   denies that Bombardier has sufficiently identified any purported trade secrets and further denies

2   that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or

3   information sufficient to form a belief as to the truth, if any, of the remaining allegations in this

4   paragraph, and therefore denies them.

5   **ANSWER TO COMPLAINT 203:**

6        MITAC admits that the MRJ is a narrow-body, geared turbofan twin-engine jet aircraft.

7   MITAC denies the characterization of the MRJ as a "medium-range" jet aircraft. To the extent the

8   remaining allegations in this paragraph concern MITAC, those allegations are denied.  The

9   remaining allegations in this paragraph contain legal conclusions and concern parties other than

10   MITAC, and therefore no response is required.  To the extent a response is required, MITAC

11   denies that Bombardier has sufficiently identified any purported trade secrets and further denies

12   that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or

13   information sufficient to form a belief as to the truth, if any, of the remaining allegations in this

14   paragraph, and therefore denies them.

15   **ANSWER TO COMPLAINT 204:**

16        The allegations in this paragraph contain legal conclusions and concern parties other than

17   MITAC, and therefore no response is required.  To the extent a response is required, MITAC

18   denies that Bombardier has sufficiently identified any purported trade secrets and further denies

19   that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or

20   information sufficient to form a belief as to the truth, if any, of the remaining allegations in this

21   paragraph, and therefore denies them.

22   **ANSWER TO COMPLAINT 205:**

23        The allegations in this paragraph contain legal conclusions and concern parties other than

24   MITAC, and therefore no response is required.  To the extent a response is required, MITAC

25   denies that Bombardier has sufficiently identified any purported trade secrets and further denies

26   that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 44

144470447.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 206:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.   To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 207:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.   To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Count XI: Violation of the Washington Uniform Trade Secrets Act (WUTSA),**

**RCW 19.108.010 *et seq.* (Laurus Basson)**

**ANSWER TO COMPLAINT 208:**

MITAC incorporates by reference its answers to the allegations in the preceding paragraphs.

**ANSWER TO COMPLAINT 209:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 45

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 210:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 211:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 212:**

MITAC admits that the MRJ is a narrow-body, geared turbofan twin-engine jet aircraft. MITAC denies the characterization of the MRJ as a "medium-range" jet aircraft. To the extent the remaining allegations in this paragraph concern MITAC, those allegations are denied.  The remaining allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 46

144470447.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**ANSWER TO COMPLAINT 213:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets. MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 214:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets. MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 215:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets. MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 216:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets. MITAC lacks knowledge or

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 47

144470447.1

1  information sufficient to form a belief as to the truth, if any, of the remaining allegations in this

2  paragraph, and therefore denies them.

3  **Count XII: Breach of Contract (Laurus Basson)**

4  **ANSWER TO COMPLAINT 217:**

5  MITAC incorporates by reference its answers to the allegations in the preceding

6  paragraphs.

7  **ANSWER TO COMPLAINT 218:**

8  The allegations in this paragraph contain legal conclusions and concern parties other than

9  MITAC, and therefore no response is required.  To the extent a response is required, MITAC

10  denies the allegations in this paragraph.

11  **ANSWER TO COMPLAINT 219:**

12  The allegations in this paragraph contain legal conclusions and concern parties other than

13  MITAC, and therefore no response is required.  To the extent a response is required, MITAC

14  denies the allegations in this paragraph.

15  **ANSWER TO COMPLAINT 220:**

16  MITAC denies Bombardier's Code of Ethics is violated when employees email themselves

17  documents. The remaining allegations in this paragraph contain legal conclusions and concern

18  parties other than MITAC, and therefore no response is required. To the extent a response is

19  required, MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any,

20  of the allegations in this paragraph, and therefore denies them.

21  **ANSWER TO COMPLAINT 221:**

22  The allegations in this paragraph contain legal conclusions and concern parties other than

23  MITAC, and therefore no response is required.  To the extent a response is required, MITAC lacks

24  knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this

25  paragraph, and therefore denies them.

26

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 48

144470447.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**Count XIII: Violation of the Defend Trade Secrets Act (DTSA), 18 U.S.C. § 1836 *et seq.***

**(Marc-Antoine Delarche)**

**ANSWER TO COMPLAINT 222:**

MITAC incorporates by reference its answers to the allegations in the preceding paragraphs.

**ANSWER TO COMPLAINT 223:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 224:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 225:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

**ANSWER TO COMPLAINT 226:**

2

3

     MITAC admits that the MRJ is a narrow-body, geared turbofan twin-engine jet aircraft.

4

MITAC denies the characterization of the MRJ as a "medium-range" jet aircraft.  To the extent the

remaining allegations in this paragraph concern MITAC, those allegations are denied.   The

5

remaining allegations in this paragraph contain legal conclusions and concern parties other than

6

MITAC, and therefore no response is required.  To the extent a response is required, MITAC

7

denies that Bombardier has sufficiently identified any purported trade secrets and further denies

8

that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or

9

information sufficient to form a belief as to the truth, if any, of the remaining allegations in this

10

paragraph, and therefore denies them.

11

**ANSWER TO COMPLAINT 227:**

12

     The allegations in this paragraph contain legal conclusions and concern parties other than

13

MITAC, and therefore no response is required.  To the extent a response is required, MITAC

14

denies that Bombardier has sufficiently identified any purported trade secrets and further denies

15

that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or

16

information sufficient to form a belief as to the truth, if any, of the remaining allegations in this

17

paragraph, and therefore denies them.

18

**ANSWER TO COMPLAINT 228:**

19

     The allegations in this paragraph contain legal conclusions and concern parties other than

20

MITAC, and therefore no response is required.  To the extent a response is required, MITAC

21

denies that Bombardier has sufficiently identified any purported trade secrets and further denies

22

that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or

23

information sufficient to form a belief as to the truth, if any, of the remaining allegations in this

24

paragraph, and therefore denies them.

25

26

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 50

144470447.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**ANSWER TO COMPLAINT 229:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets. MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 230:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets. MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Count XIV: Violation of the Washington Uniform Trade Secrets Act (WUTSA),**

**RCW 19.108.010 *et seq.* (Marc-Antoine Delarche)**

**ANSWER TO COMPLAINT 231:**

MITAC incorporates by reference its answers to the allegations in the preceding paragraphs.

**ANSWER TO COMPLAINT 232:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets. MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 51

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

144470447.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**ANSWER TO COMPLAINT 233:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets. MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 234:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets. MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 235:**

MITAC admits that the MRJ is a narrow-body, geared turbofan twin-engine jet aircraft. MITAC denies the characterization of the MRJ as a "medium-range" jet aircraft. To the extent the remaining allegations in this paragraph concern MITAC, those allegations are denied. The remaining allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets. MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 52

144470447.1

**ANSWER TO COMPLAINT 236:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 237:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 238:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 239:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 53

144470447.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1   information sufficient to form a belief as to the truth, if any, of the remaining allegations in this

2   paragraph, and therefore denies them.

3   **Count XV: Breach of Contract (Marc-Antoine Delarche)**

4   **ANSWER TO COMPLAINT 240:**

5   MITAC incorporates by reference its answers to the allegations in the preceding

6   paragraphs.

7   **ANSWER TO COMPLAINT 241:**

8   The allegations in this paragraph contain legal conclusions and concern parties other than

9   MITAC, and therefore no response is required.   To the extent a response is required, MITAC

10  denies the allegations in this paragraph.

11  **ANSWER TO COMPLAINT 242:**

12  The allegations in this paragraph contain legal conclusions and concern parties other than

13  MITAC, and therefore no response is required.   To the extent a response is required, MITAC lacks

14  knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this

15  paragraph, and therefore denies them.

16  **ANSWER TO COMPLAINT 243:**

17  The allegations in this paragraph contain legal conclusions and concern parties other than

18  MITAC, and therefore no response is required.   To the extent a response is required, MITAC lacks

19  knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this

20  paragraph, and therefore denies them.

21  **ANSWER TO COMPLAINT 244:**

22  The allegations in this paragraph contain legal conclusions and concern parties other than

23  MITAC, and therefore no response is required.   To the extent a response is required, MITAC lacks

24  knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this

25  paragraph, and therefore denies them.

26

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 54

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## Count XVI: Violation of the Defend Trade Secrets Act (DTSA), 18 U.S.C. § 1836 *et seq.*

### (Cindy Dornéval)

**ANSWER TO COMPLAINT 245:**

MITAC incorporates by reference its answers to the allegations in the preceding paragraphs.

**ANSWER TO COMPLAINT 246:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 247:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 248:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 55

144470447.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

**ANSWER TO COMPLAINT 249:**

2

3    MITAC admits that the MRJ is a narrow-body, geared turbofan twin-engine jet aircraft.

4    MITAC denies the characterization of the MRJ as a "medium-range" jet aircraft. To the extent the

5    remaining allegations in this paragraph concern MITAC, those allegations are denied.   The

6    remaining allegations in this paragraph contain legal conclusions and concern parties other than

7    MITAC, and therefore no response is required.  To the extent a response is required, MITAC

8    denies that Bombardier has sufficiently identified any purported trade secrets and further denies

9    that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or

10   information sufficient to form a belief as to the truth, if any, of the remaining allegations in this

     paragraph, and therefore denies them.

11   **ANSWER TO COMPLAINT 250:**

12   The allegations in this paragraph contain legal conclusions and concern parties other than

13   MITAC, and therefore no response is required.  To the extent a response is required, MITAC

14   denies that Bombardier has sufficiently identified any purported trade secrets and further denies

15   that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or

16   information sufficient to form a belief as to the truth, if any, of the remaining allegations in this

17   paragraph, and therefore denies them.

18   **ANSWER TO COMPLAINT 251:**

19   The allegations in this paragraph contain legal conclusions and concern parties other than

20   MITAC, and therefore no response is required.  To the extent a response is required, MITAC

21   denies that Bombardier has sufficiently identified any purported trade secrets and further denies

22   that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or

23   information sufficient to form a belief as to the truth, if any, of the remaining allegations in this

24   paragraph, and therefore denies them.

25

26

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 56

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

144470447.1

1

**ANSWER TO COMPLAINT 252:**

2

3      The allegations in this paragraph contain legal conclusions and concern parties other than

4    MITAC, and therefore no response is required.  To the extent a response is required, MITAC

5    denies that Bombardier has sufficiently identified any purported trade secrets and further denies

6    that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or

7    information sufficient to form a belief as to the truth, if any, of the remaining allegations in this

     paragraph, and therefore denies them.

8

**ANSWER TO COMPLAINT 253:**

9

10      The allegations in this paragraph contain legal conclusions and concern parties other than

11    MITAC, and therefore no response is required.  To the extent a response is required, MITAC

12    denies that Bombardier has sufficiently identified any purported trade secrets and further denies

13    that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or

14    information sufficient to form a belief as to the truth, if any, of the remaining allegations in this

     paragraph, and therefore denies them.

15

**Count XVII: Violation of the Washington Uniform Trade Secrets Act (WUTSA),**

16

**RCW 19.108.010 *et seq.* (Cindy Dornéval)**

17

**ANSWER TO COMPLAINT 254:**

18

19      MITAC incorporates by reference its answers to the allegations in the preceding

     paragraphs.

20

**ANSWER TO COMPLAINT 255:**

21

22      The allegations in this paragraph contain legal conclusions and concern parties other than

23    MITAC, and therefore no response is required.  To the extent a response is required, MITAC

24    denies that Bombardier has sufficiently identified any purported trade secrets and further denies

25    that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or

26    information sufficient to form a belief as to the truth, if any, of the remaining allegations in this

     paragraph, and therefore denies them.

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 57

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

**ANSWER TO COMPLAINT 256:**

2

3        The allegations in this paragraph contain legal conclusions and concern parties other than

4  MITAC, and therefore no response is required.  To the extent a response is required, MITAC

5  denies that Bombardier has sufficiently identified any purported trade secrets and further denies

6  that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or

7  information sufficient to form a belief as to the truth, if any, of the remaining allegations in this

   paragraph, and therefore denies them.

8

**ANSWER TO COMPLAINT 257:**

9

10       The allegations in this paragraph contain legal conclusions and concern parties other than

11 MITAC, and therefore no response is required.  To the extent a response is required, MITAC

12 denies that Bombardier has sufficiently identified any purported trade secrets and further denies

13 that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or

14 information sufficient to form a belief as to the truth, if any, of the remaining allegations in this

   paragraph, and therefore denies them.

15

**ANSWER TO COMPLAINT 258:**

16

17       MITAC admits that the MRJ is a narrow-body, geared turbofan twin-engine jet aircraft.

18 MITAC denies the characterization of the MRJ as a "medium-range" jet aircraft.  To the extent the

19 remaining allegations in this paragraph concern MITAC, those allegations are denied.  The

20 remaining allegations in this paragraph contain legal conclusions and concern parties other than

21 MITAC, and therefore no response is required.  To the extent a response is required, MITAC

22 denies that Bombardier has sufficiently identified any purported trade secrets and further denies

23 that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or

24 information sufficient to form a belief as to the truth, if any, of the remaining allegations in this

   paragraph, and therefore denies them.

25

26

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**ANSWER TO COMPLAINT 259:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets. MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 260:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets. MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 261:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets. MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 262:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets. MITAC lacks knowledge or

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 59

144470447.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1  information sufficient to form a belief as to the truth, if any, of the remaining allegations in this

2  paragraph, and therefore denies them.

3  **Count XVIII: Breach of Contract (Cindy Dornéval)**

4  **ANSWER TO COMPLAINT 263:**

5  MITAC incorporates by reference its answers to the allegations in the preceding

6  paragraphs.

7  **ANSWER TO COMPLAINT 264:**

8  The allegations in this paragraph contain legal conclusions and concern parties other than

9  MITAC, and therefore no response is required.  To the extent a response is required, MITAC lacks

10  knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this

11  paragraph, and therefore denies them.

12  **ANSWER TO COMPLAINT 265:**

13  The allegations in this paragraph contain legal conclusions and concern parties other than

14  MITAC, and therefore no response is required.  To the extent a response is required, MITAC lacks

15  knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this

16  paragraph, and therefore denies them.

17  **ANSWER TO COMPLAINT 266:**

18  The allegations in this paragraph contain legal conclusions and concern parties other than

19  MITAC, and therefore no response is required.  To the extent a response is required, MITAC lacks

20  knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this

21  paragraph, and therefore denies them.

22  **ANSWER TO COMPLAINT 267:**

23  The allegations in this paragraph contain legal conclusions and concern parties other than

24  MITAC, and therefore no response is required.  To the extent a response is required, MITAC lacks

25  knowledge or information sufficient to form a belief as to the truth, if any, of the allegations in this

26  paragraph, and therefore denies them.

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 60

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## Count XIX: Violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.*

## (Michel Korwin-Szymanowski)

**ANSWER TO COMPLAINT 268:**

MITAC incorporates by reference its answers to the allegations in the preceding paragraphs.

**ANSWER TO COMPLAINT 269:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 270:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 271:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

**ANSWER TO COMPLAINT 272:**

2

3

MITAC admits that the MRJ is a narrow-body, geared turbofan twin-engine jet aircraft.

MITAC denies the characterization of the MRJ as a "medium-range" jet aircraft. To the extent the

4

remaining allegations in this paragraph concern MITAC, those allegations are denied.   The

5

remaining allegations in this paragraph contain legal conclusions and concern parties other than

6

MITAC, and therefore no response is required.  To the extent a response is required, MITAC

7

denies that Bombardier has sufficiently identified any purported trade secrets and further denies

8

that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or

9

information sufficient to form a belief as to the truth, if any, of the remaining allegations in this

10

paragraph, and therefore denies them.

11

**ANSWER TO COMPLAINT 273:**

12

The allegations in this paragraph contain legal conclusions and concern parties other than

13

MITAC, and therefore no response is required.  To the extent a response is required, MITAC

14

denies that Bombardier has sufficiently identified any purported trade secrets and further denies

15

that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or

16

information sufficient to form a belief as to the truth, if any, of the remaining allegations in this

17

paragraph, and therefore denies them.

18

**ANSWER TO COMPLAINT 274:**

19

The allegations in this paragraph contain legal conclusions and concern parties other than

20

MITAC, and therefore no response is required.  To the extent a response is required, MITAC

21

denies that Bombardier has sufficiently identified any purported trade secrets and further denies

22

that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or

23

information sufficient to form a belief as to the truth, if any, of the remaining allegations in this

24

paragraph, and therefore denies them.

25

26

**ANSWER TO COMPLAINT 275:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 276:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 277:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Count XX: Violation of the Washington Uniform Trade Secrets Act (WUTSA), RCW 19.108.010 *et seq.* (Michel Korwin-Szymanowski)**

**ANSWER TO COMPLAINT 278:**

MITAC incorporates by reference its answers to the allegations in the preceding paragraphs.

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 63

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

144470447.1

**ANSWER TO COMPLAINT 279:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets. MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 280:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets. MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 281:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets. MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 282:**

MITAC admits that the MRJ is a narrow-body, geared turbofan twin-engine jet aircraft. MITAC denies the characterization of the MRJ as a "medium-range" jet aircraft. To the extent the remaining allegations in this paragraph concern MITAC, those allegations are denied. The remaining allegations in this paragraph contain legal conclusions and concern parties other than

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 64

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them

**ANSWER TO COMPLAINT 283:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 284:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 285:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 65

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

144470447.1

1

**ANSWER TO COMPLAINT 286:**

2

3       The allegations in this paragraph contain legal conclusions and concern parties other than

4   MITAC, and therefore no response is required.  To the extent a response is required, MITAC

5   denies that Bombardier has sufficiently identified any purported trade secrets and further denies

6   that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or

7   information sufficient to form a belief as to the truth, if any, of the remaining allegations in this

8   paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 287:**

9

10      The allegations in this paragraph contain legal conclusions and concern parties other than

11  MITAC, and therefore no response is required.  To the extent a response is required, MITAC

12  denies that Bombardier has sufficiently identified any purported trade secrets and further denies

13  that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or

14  information sufficient to form a belief as to the truth, if any, of the remaining allegations in this

    paragraph, and therefore denies them.

15  **Count XXI: Tortious Interference with Contractual Relationship and/or Business**

16  **Expectancy (Michel Korwin-Szymanowski)**

17  **ANSWER TO COMPLAINT 288:**

18      MITAC incorporates by reference its answers to the allegations in the preceding

19  paragraphs.

20

21  **ANSWER TO COMPLAINT 289:**

22      The allegations in this paragraph contain legal conclusions and concern parties other than

23  MITAC, and therefore no response is required.  To the extent a response is required, MITAC lacks

24  knowledge or information sufficient to form a belief as to the truth, if any, in the allegations, and

25  therefore denies them.

26

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 66

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**ANSWER TO COMPLAINT 290:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, in the allegations, and therefore denies them.

**ANSWER TO COMPLAINT 291:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, in the allegations, and therefore denies them.

**ANSWER TO COMPLAINT 292:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, in the allegations, and therefore denies them.

**ANSWER TO COMPLAINT 293:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, in the allegations, and therefore denies them.

**ANSWER TO COMPLAINT 294:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, in the allegations, and therefore denies them.

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 67

144470447.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

**ANSWER TO COMPLAINT 295:**

2

3

4

5

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, in the allegations, and therefore denies them.

6

**ANSWER TO COMPLAINT 296:**

7

8

9

10

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, in the allegations, and therefore denies them.

11

**Count XXII: Violation of the Defend Trade Secrets Act (DTSA), 18 U.S.C. § 1836 *et seq.***

12

**(Keith Ayre)**

13

**ANSWER TO COMPLAINT 297:**

14

15

MITAC incorporates by reference its answers to the allegations in the preceding paragraphs.

16

**ANSWER TO COMPLAINT 298:**

17

18

19

20

21

22

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets. MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

23

**ANSWER TO COMPLAINT 299:**

24

25

26

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 68

144470447.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1  that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or

2  information sufficient to form a belief as to the truth, if any, of the remaining allegations in this

3  paragraph, and therefore denies them.

4  **ANSWER TO COMPLAINT 300:**

5  The allegations in this paragraph contain legal conclusions and concern parties other than

6  MITAC, and therefore no response is required.  To the extent a response is required, MITAC

7  denies that Bombardier has sufficiently identified any purported trade secrets and further denies

8  that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or

9  information sufficient to form a belief as to the truth, if any, of the remaining allegations in this

10  paragraph, and therefore denies them.

11  **ANSWER TO COMPLAINT 301:**

12  MITAC admits that the MRJ is a narrow-body, geared turbofan twin-engine jet aircraft.

13  MITAC denies the characterization of the MRJ as a "medium-range" jet aircraft. To the extent the

14  remaining allegations in this paragraph concern MITAC, those allegations are denied.  The

15  remaining allegations in this paragraph contain legal conclusions and concern parties other than

16  MITAC, and therefore no response is required.  To the extent a response is required, MITAC

17  denies that Bombardier has sufficiently identified any purported trade secrets and further denies

18  that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or

19  information sufficient to form a belief as to the truth, if any, of the remaining allegations in this

20  paragraph, and therefore denies them.

21  **ANSWER TO COMPLAINT 302:**

22  The allegations in this paragraph contain legal conclusions and concern parties other than

23  MITAC, and therefore no response is required.  To the extent a response is required, MITAC

24  denies that Bombardier has sufficiently identified any purported trade secrets and further denies

25  that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or

26

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 69

144470447.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1  information sufficient to form a belief as to the truth, if any, of the remaining allegations in this

2  paragraph, and therefore denies them.

3  **ANSWER TO COMPLAINT 303:**

4      The documents referenced and quoted in this paragraph of the Complaint speak for

5  themselves. MITAC denies the allegations directed at MITAC.  The remaining allegations in this

6  paragraph contain legal conclusions and concern parties other than MITAC, and therefore no

7  response is required.  To the extent a response is required, MITAC denies that Bombardier has

8  sufficiently identified any purported trade secrets and further denies that MITAC has

9  misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or information sufficient

10  to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore

11  denies them.

12  **ANSWER TO COMPLAINT 304:**

13      The allegations in this paragraph contain legal conclusions and concern parties other than

14  MITAC, and therefore no response is required.  To the extent a response is required, MITAC

15  denies that Bombardier has sufficiently identified any purported trade secrets and further denies

16  that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or

17  information sufficient to form a belief as to the truth, if any, of the remaining allegations in this

18  paragraph, and therefore denies them.

19  **ANSWER TO COMPLAINT 305:**

20      The allegations in this paragraph contain legal conclusions and concern parties other than

21  MITAC, and therefore no response is required.  To the extent a response is required, MITAC

22  denies that Bombardier has sufficiently identified any purported trade secrets and further denies

23  that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or

24  information sufficient to form a belief as to the truth, if any, of the remaining allegations in this

25  paragraph, and therefore denies them.

26

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 70

144470447.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**ANSWER TO COMPLAINT 306:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**Count XXIII: Violation of the Washington Uniform Trade Secrets Act (WUTSA),**

**RCW 19.108.010 *et seq.* (Keith Ayre)**

**ANSWER TO COMPLAINT 307:**

MITAC incorporates by reference its answers to the allegations in the preceding paragraphs.

**ANSWER TO COMPLAINT 308:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 309:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required.  To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 71

144470447.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

**ANSWER TO COMPLAINT 310:**

2

3        The allegations in this paragraph contain legal conclusions and concern parties other than

4    MITAC, and therefore no response is required.  To the extent a response is required, MITAC

5    denies that Bombardier has sufficiently identified any purported trade secrets and further denies

6    that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or

7    information sufficient to form a belief as to the truth, if any, of the remaining allegations in this

     paragraph, and therefore denies them.

8
     **ANSWER TO COMPLAINT 311:**

9        MITAC admits that the MRJ is a narrow-body, geared turbofan twin-engine jet aircraft.

10   MITAC denies the characterization of the MRJ as a "medium-range" jet aircraft. To the extent the

11   remaining allegations in this paragraph concern MITAC, those allegations are denied.  The

12   remaining allegations in this paragraph contain legal conclusions and concern parties other than

13   MITAC, and therefore no response is required.  To the extent a response is required, MITAC

14   denies that Bombardier has sufficiently identified any purported trade secrets and further denies

15   that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or

16   information sufficient to form a belief as to the truth, if any, of the remaining allegations in this

17   paragraph, and therefore denies them.

18   **ANSWER TO COMPLAINT 312:**

19       The allegations in this paragraph contain legal conclusions and concern parties other than

20   MITAC, and therefore no response is required.  To the extent a response is required, MITAC

21   denies that Bombardier has sufficiently identified any purported trade secrets and further denies

22   that MITAC has misappropriated any Bombardier trade secrets.  MITAC lacks knowledge or

23   information sufficient to form a belief as to the truth, if any, of the remaining allegations in this

24   paragraph, and therefore denies them.

25

26

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 72

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**ANSWER TO COMPLAINT 313:**

The documents referenced and quoted in this paragraph of the Complaint speak for themselves. MITAC denies the allegations directed at MITAC. The remaining allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets. MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 314:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets. MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

**ANSWER TO COMPLAINT 315:**

The allegations in this paragraph contain legal conclusions and concern parties other than MITAC, and therefore no response is required. To the extent a response is required, MITAC denies that Bombardier has sufficiently identified any purported trade secrets and further denies that MITAC has misappropriated any Bombardier trade secrets. MITAC lacks knowledge or information sufficient to form a belief as to the truth, if any, of the remaining allegations in this paragraph, and therefore denies them.

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 73

144470447.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**AFFIRMATIVE DEFENSES**

Further answering and as additional defenses, MITAC states the following. By raising the following additional defenses, MITAC does not assume the burden of proof of any issue that, as a matter of law, is Bombardier's burden to prove. MITAC further does not admit any allegation of the Complaint not otherwise admitted and expressly incorporates the admissions and denials in paragraphs 1-315, above. MITAC reserves the right to amend or augment these defenses based on further investigation and discovery.   MITAC explicitly incorporates the allegations in its Counterclaims, below, into its affirmative defenses.

**First Affirmative Defense**

**(Failure to State a Claim for Federal Trade Secret Misappropriation)**

Bombardier has failed to state a claim for trade secret misappropriation under the Defend Trade Secrets Act upon which relief may be granted.

**Second Affirmative Defense**

**(Failure to State a Claim for Washington Trade Secret Misappropriation)**

Bombardier has failed to state a claim for trade secret misappropriation under the Washington Uniform Trade Secrets Act upon which relief may be granted.

**Third Affirmative Defense**

**(The Alleged Trade Secrets Are Not Secrets)**

One or more of Bombardier's alleged trade secrets are not secrets, were not the subject of reasonable efforts to maintain their secrecy, and/or have been publicly disclosed.

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 74

144470447.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

## Fourth Affirmative Defense

2

### (Forfeiture/Abandonment)

3
Bombardier's trade secret misappropriation claims are barred to the extent it has forfeited

4
or abandoned its trade secrets.

5

6

## Fifth Affirmative Defense

7

### (No Access)

8
MITAC did not have access to the purported trade secrets allegedly misappropriated.

9

10

## Sixth Affirmative Defense

11

### (No Use)

12
MITAC has not made use of the purported trade secrets allegedly misappropriated.

13

14

## Seventh Affirmative Defense

15

### (No Damages)

16
None of the actions Bombardier claims were taken by MITAC caused Bombardier any

17
damages.

18

19

## Eighth Affirmative Defense

20

### (Failure to Mitigate)

21
Bombardier's trade secret claim is barred from recovery of damages, in whole or in part,

22
because Bombardier failed and neglected to exercise reasonable care and diligence and mitigate

23
the damages claimed.

24

25

26

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 75

144470447.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

**Ninth Affirmative Defense**

2

**(Acts of Others)**

3       Any damages, if any, sustained by Bombardier were caused, in whole or in part, by the

4   conduct of others for which MITAC is not liable or responsible.

5

6

**Tenth Affirmative Defense**

7

**(Bad Faith Enforcement)**

8       Bombardier's causes of action have been brought in bad faith. Bombardier filed this lawsuit

9   against MITAC for anticompetitive reasons.

10

11

**Eleventh Affirmative Defense**

12

**(Unclean Hands)**

13       Bombardier's claims are barred for acting in bad faith with respect to the subject of the

14   complaint, including but not limited to Bombardier's interference with MITAC's business and

15   Bombardier's bad faith attempts to mar MITAC's reputation.

16

17

**Twelfth Affirmative Defense**

18

**(Laches and/or Equitable Estoppel)**

19       Bombardier has delayed inexcusably and unreasonably in the filing of this action causing

20   substantial prejudice to MITAC, and thus Bombardier's claims are barred by the equitable doctrine

21   of laches and/or equitable estoppel.

22

23

24

25

26

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 76

144470447.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**Thirteenth Affirmative Defense**

**(Adequate Remedy at Law/No Irreparable Harm)**

Bombardier is not entitled to any equitable or injunctive relief as prayed for in the Complaint because Bombardier has suffered no irreparable injury based upon any alleged conduct MITAC, and Bombardier has an adequate remedy at law for any such conduct.

**Fourteenth Affirmative Defense**

**(No Standing)**

Bombardier lacks standing to assert its trade secret misappropriation claims.

**Fifteenth Affirmative Defense**

**(Failure to State a Claim for Tortious Interference)**

Bombardier has failed to state a claim for tortious interference of contractual relationship and/or business expectancy under Washington state law upon which relief may be granted.

**Sixteenth Affirmative Defense**

**(Competition)**

Bombardier's tortious interference claim is barred to the extent MITAC's conduct constituted fair or proper competition.

**Seventeenth Affirmative Defense**

**(Preemption)**

Bombardier's tortious interference claim is preempted by RCW 19.108.900.

**Eighteenth Affirmative Defense**

**(Lack of Personal Jurisdiction)**

The Court does not have jurisdiction over MITAC.

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 77

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**Nineteenth Affirmative Defense**

**(Improper Venue)**

Venue is not proper in the Western District of Washington.

**Twentieth Affirmative Defense**

**(Other Defenses)**

MITAC intends to rely on any other defenses that may be available by law, or pursuant to statute, of which it becomes aware as a result of discovery or otherwise during this matter, and hereby reserves the right to assert such defenses.

**COUNTERCLAIMS**

In and for its Counterclaims against Bombardier Inc. ("Bombardier"), Mitsubishi Aircraft Corporation ("MITAC") alleges as follows:

## I.   INTRODUCTION

1.     Since 2015, Bombardier has engaged in a multifaceted scheme to expand its power within the regional jet market by impeding the entrance of a new competing aircraft: the Mitsubishi Regional Jet ("MRJ"). Through a series of interrelated actions directed at MITAC and other companies and individuals involved in the MRJ's development and certification, Bombardier has attempted to prevent or delay competition from the MRJ by denying access to a critical development input—the skill and know-how of experienced aerospace professionals— and by tainting the image of the MRJ among purchasers of regional jets. Bombardier's anticompetitive aims are clear: to increase its market share and revenues by causing prospective MRJ customers to instead purchase Bombardier's competing Canadair Regional Jets ("CRJs") or extend the lives of in-service CRJs through the purchase of parts, maintenance, and other aftermarket services from Bombardier.

2.     Bombardier's scheme has included a series of actions intended to delay and disrupt the development, certification, and sale of the MRJ. Over the course of the past three

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 78

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

144470447.1

years, Bombardier has: (1) levied baseless threats and accusations against MITAC and others involved in developing the MRJ—including Mitsubishi Aircraft Corporation America, Inc. ("MITAC America"), Mitsubishi Heavy Industries, Ltd. ("MHI"), Aerospace Testing Engineering & Certification, Inc. ("AeroTEC"), and those companies' current and prospective employees—in order to restrict the free flow of skilled labor; (2) made threats against its own employees to deter them from accepting employment on the MRJ program; (3) attempted to coerce MITAC, MITAC America, and AeroTEC to enter into per se unlawful no-poaching agreements in order to undermine recruitment and hiring activities in support of the MRJ program; (4) threatened the long-standing supply relationship between MHI and Bombardier in an attempt to achieve its illicit ends; and (5) initiated this litigation in a further effort to delay the MRJ program, undermine prospective customers' and suppliers' confidence in the MRJ, and impair the efforts of MITAC and MITAC America to sell the MRJ during a critical period for regional jet services.

3.      The purported justifications for Bombardier's demands have changed over time, but the purpose and intended effect of its conduct have been consistent, as demonstrated by Bombardier's own statements confirming its intent to block competition from the MRJ.  This litigation is the latest in a series of efforts taken by Bombardier to blunt an emerging competitive threat in an attempt to monopolize the regional jet market.  Bombardier's anticompetitive conduct violates the Sherman Act and the Washington Consumer Protection Act.

## II.      THE PARTIES

4.      Counterclaim Plaintiff MITAC is a Japanese corporation with its principal place of business in Nagoya, Japan.  MITAC is a subsidiary of MHI, also a Japanese corporation. MITAC is the parent company of MITAC America, a Delaware corporation with its principal place of business in Seattle, Washington.  Together, these companies are referred to herein as "Mitsubishi."

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 79

144470447.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

5.      Counterclaim Defendant Bombardier, on information and belief, is a corporation organized and existing under the laws of the province of Quebec, Canada, with its principal place of business in Montreal, Quebec, Canada.

### III.      JURISDICTION AND VENUE

6.      MITAC brings its claims against Bombardier under Section 2 of the Sherman Antitrust Act, 15 U.S.C. § 2, and the Washington Consumer Protection Act, RCW ch. 19.86.

7.      The Court has subject-matter jurisdiction over MITAC's counterclaims under 15 U.S.C. § 2 pursuant to 28 U.S.C. §§ 1331 and 1337.  The Court has subject-matter jurisdiction over MITAC's counterclaims under Washington state law pursuant to 28 U.S.C. § 1367 because the state-law claims arise out of the same case or controversy as gives rise to MITAC's counterclaims under the Sherman Act.

8.      The Court has personal jurisdiction over Bombardier because Bombardier consented to the Court's jurisdiction over it by filing this action in this Court and because Bombardier has committed unlawful acts within Washington that give rise to the causes of action alleged herein.

9.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this judicial district and pursuant to 28 U.S.C. § 1391(c) because Bombardier is not a resident of any judicial district and Bombardier is subject to the court's personal jurisdiction, including by virtue of Bombardier's filing of this action in this Court.

### IV.      FACTUAL BACKGROUND

**A.      Mitsubishi's Efforts to Enter the Regional Jet Market**

10.      Regional jets are single-aisle, turbofan-powered commercial aircraft with seating capacity for 50 to 100 passengers and flight ranges up to approximately 2,500 nautical miles.

11.      The first regional jets entered service in 1992 when Bombardier began delivery of its Canadair Regional Jet ("CRJ").  Prior to introduction of the CRJ100, demand for short to

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 80

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

medium-range aircraft had increased due in part to U.S. airlines' increasing use of a hub-and-spoke system (which increased the number of flights between larger "hub" airports and smaller "spoke" airports) after passage of the 1978 Airline Deregulation Act.  Neither turboprop airplanes nor existing jets were capable of meeting the market demand for fast, efficient, quiet, and smooth midsized aircraft needed to service an increasing number of routes worldwide.  As the first jet capable of filling the gap between the operating capabilities of short-haul turboprop airplanes and larger capacity, longer range jets, the CRJ100 quickly surpassed analysts' sales expectations and established Bombardier's position as the leader in the regional jet market.

12.     Bombardier was the sole manufacturer of regional jets until late 1996, when Brazilian jet maker Embraer SA ("Embraer") delivered its first Embraer Regional Jet ("ERJ"). Since then, Bombardier and Embraer have dominated the market for regional jets, accounting for 89% of in-service regional jets worldwide over the past decade, and as of 2018.  British Aerospace and Fokker briefly attempted to compete with Bombardier and Embraer in the regional jet market, but neither succeeded in gaining a foothold and both ultimately ceased manufacturing regional jets.  Russian-based United Aircraft Corporation and Chinese state-owned Commercial Aircraft Corporation of China have made some inroads in their home markets but together only account for approximately 4% of in-service regional jets as of 2018.

13.     The barriers faced by new entrants into the regional jet market are significant. As explained further below, these barriers include the cost of developing a regional jet, the complexity of the development and certification process, manufacturing requirements and costs, the challenges of earning customer trust for a new aircraft, and the costs associated with an airline's decision to switch to a new manufacturer's aircraft.  Among the many barriers to entry is the finite supply of engineers with the skills and know-how necessary to the development and certification of commercial jets.  Restrictions on the mobility of employees with these specialized skills and know-how can serve as an additional barrier to entry.

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 81

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

144470447.1

14.     Due to the limited supply and vital importance of engineers with specialized skills and know-how, aircraft manufacturers (including companies seeking to enter the market) frequently seek to recruit and hire such employees from other aerospace companies.  For example, when Bombardier was developing its own expertise in support of certification of the CRJ100, it recruited heavily from British Aerospace, which at the time was a leading jet manufacturer.  Similarly, in 1997—the year after Embraer began competing against Bombardier in the regional jet market—Bombardier recruited and hired at least a dozen engineers from Embraer.  More recently, Bombardier hired at least 50 experienced aeronautical engineers from Embraer to work on the development of its CSeries family of narrowbody jets.  On information and belief, Bombardier recruited and hired these Embraer employees so that Bombardier could benefit from the specialized skills and know-how that the employees had developed through their work on Embraer jets.  On information and belief, Embraer likewise has hired skilled employees from Bombardier.

15.     In March 2008, MHI announced the launch of a program to develop the MRJ, a next-generation regional jet that seeks to be the most efficient, comfortable, and reliable commercial aircraft of its type to ever take flight. MITAC and MITAC America were formed in 2008 to lead the MRJ program, including the development, marketing, and sale of the MRJ.  The MRJ is being designed to burn 20% less fuel and make 40% less noise compared to existing regional jets.  As such, the MRJ is expected to pose formidable competition to Bombardier in the regional jet market.

16.     The MRJ is a "clean sheet" aircraft, which means the design is new, not based on a prior previously certified plane.  Development and certification of a clean sheet aircraft is a complex, costly, and lengthy process.  As Bombardier acknowledges in its first amended complaint, even experienced manufacturers typically spend several billion dollars and upwards of ten years bringing a clean sheet aircraft from concept and design to commercialization and flight.  (*See* Dkt. 143 at ¶¶ 25-28.)  Unexpected setbacks and delays during the development

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 82

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

process are also not atypical.  Certification flight testing of the MRJ is currently expected to begin in early 2019 with the MRJ entering into service in 2020.

17.  The MRJ will be the first all-new commercial jet developed in large part by a Japanese company since the 1960s.  Consequently, at the time the MRJ program was launched, few individuals in Japan possessed expertise related to the development and certification of aircraft.

18.  To support their efforts to bring the MRJ to market, including by obtaining required certification from regulatory authorities in the United States, Japan, Canada, and Europe, MITAC and MITAC America have sought to obtain expert assistance from outside Japan.  Since mid-2014, MITAC has partnered with AeroTEC, a company based in Seattle, Washington that specializes in the testing, engineering, and certification of aircraft for its clients. In July 2015, MITAC America opened its Seattle engineering center to assist in testing and certification efforts for the MRJ.  The following summer, in August 2016, MITAC America opened a Flight Test Center in Moses Lake, Washington.

19.  In order to meet their human resources needs, MITAC, MITAC America, and AeroTEC have undertaken efforts to recruit and hire individuals with specialized skill and know-how related to the development and certification of regional jets.

20.  As detailed further below, beginning in 2015, AeroTEC advertised that it was hiring for positions related to flight testing of the MRJ, held job fairs to identify potential candidates, and engaged in other recruitment activities both through recruiters and via direct communications with potential hires.

21.  In 2016, MITAC and MITAC America sought to recruit and hire over 200 aircraft system engineers to work on certification activities of the MRJ aircraft.  As part of their efforts, the companies held eight job fairs in cities throughout North America in 2016: Wichita, Kansas (May 6-7), Anaheim, California (June 18-19), Dallas, Texas (June 24-25), Montreal, Quebec (July 15-16), and Seattle, Washington (July 30-31, August 19-20, October 28, and December 3).

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 83

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

144470447.1

Those cities were chosen because each was well-known to be the home of sizeable aerospace companies and thus job fairs in those cities were expected to result in sizeable pools of qualified job applicants.  Through the eight job fairs held in 2016, MITAC hired a total of 28 employees, 9 of whom had previously been employed by Bombardier.

22.     In addition to holding job fairs, MITAC and MITAC America have publicized job openings via the website LinkedIn.com and have engaged recruiting firms to identify job candidates.  All told, MITAC and MITAC America have together recruited and hired candidates from the leading jet manufacturers (including Boeing, Airbus, and Embraer) as well as systems suppliers and government agencies.

23.     The singular purpose of MITAC and MITAC America's recruiting efforts was to meet the human resources needs of the MRJ program.  Neither MITAC nor MITAC America sought to disrupt or interfere with the business operations of Bombardier or any other company nor to acquire any company's proprietary intellectual property.  Nor did MITAC or MITAC America believe that any such disruption or interference with Bombardier's operations was possible given Bombardier's immense size and its long history of experience with jet development and certification.  On information and belief, AeroTEC's own recruiting efforts were similarly motivated only by its desire to meet its own human resources needs, not to disrupt the operations of Bombardier or any other company or to acquire any company's proprietary intellectual property.

**B.     Bombardier's Predatory Scheme to Thwart Competition in the Regional Jet Market**

24.     Since late 2015, Bombardier has engaged in a multifaceted scheme to restrain competition in the regional jet market by impeding and delaying the development, certification, and sale of the MRJ.  Bombardier's anticompetitive conduct has included a series of spurious and improper threats and allegations against Mitsubishi, AeroTEC, and former and current Bombardier employees that were intended to prevent and impede competition from the MRJ.  Bombardier's attempts to prevent Mitsubishi and AeroTEC from hiring, retaining, and utilizing

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 84

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

highly-skilled individuals critical to the development and certification of the MRJ have included

its efforts to: coerce Mitsubishi and AeroTEC to enter per se illegal no-poach agreements or

otherwise refrain from the legitimate recruitment and hiring of Bombardier employees (including

via threats that the Bombardier-MHI supply relationship would be threatened if Bombardier's

illegal demands were not heeded); deter potential job candidates from applying for or accepting

employment related to the MRJ program; and limit the ability of former Bombardier employees

to perform legitimate job functions in support of the MRJ effort.  At the same time, Bombardier

has attempted to impair Mitsubishi's reputation and goodwill, including among current and

potential MRJ customers and suppliers, by falsely insinuating that the success of the MRJ

program is dependent on misappropriated trade secrets, thus sullying the image of the MRJ and

creating doubt and uncertainty about whether the MRJ will be able to meet development and

production deadlines and enter the market notwithstanding Bombardier's lawsuit.  All of these

actions were taken as part of an overarching plot to monopolize and reduce competition in the

regional jet market.

25.    Bombardier's efforts to undermine the development of the MRJ began no later

than October 22, 2015 when Bombardier's Director of Legal Services wrote to AeroTEC and its

Head of MRJ Flight Testing, Michel Korwin-Szymanowski, threatening to "institute legal

proceedings" unless AeroTEC and Mr. Korwin-Szymanowski ceased efforts to recruit

Bombardier and Learjet employees.  (*See* Dkt. 105-1 at 5 (October 22, 2015 correspondence

between Bombardier and AeroTEC); Dkt. 1-11 (October 22, 2015 letter from Bombardier to

Korwin-Szymanowski).)

26.    Two days prior, on October 20, 2015, Mr. Korwin-Szymanowski had emailed a

"form letter" to hundreds of individuals with flight test experience, including but not limited to

former colleagues at Bombardier, regarding employment opportunities at AeroTEC and

recruiting and non-recruiting social events being held the following week in Wichita, Kansas and

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 85

144470447.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Montreal, Canada.  (*See* Dkt. 1-12 at 33-35.) These recruiting activities were aimed at hiring qualified personnel to work on the MRJ program.

27.     Referencing Mr. Korwin-Szymanowski's October 20, 2015 email, Bombardier demanded that Mr. Korwin-Szymanowski and AeroTEC cancel events planned for October 22, 2015 and October 28, 2018 in Wichita and Montreal, respectively, and end the use of "mobile truck signage with the mention 'Now hiring in Seattle' with interview dates and times" in any area "around Bombardier and Learjet facilities."  Notwithstanding that Mr. Korwin-Szymanowski was no longer employed by Bombardier and had never entered a post-employment non-compete agreement, Bombardier asserted that Mr. Korwin-Szymanowski's recruitment activities "unquestionably constitute[] a breach of [his] confidentiality duty and also a breach of contract."  Citing no authority, Bombardier asserted that "[c]ourts have routinely reached the conclusion that former employees are not allowed to facilitate the piracy of employees from their former employer" and that "[i]n these situations, employees and their new employer are liable for the conspiracy to achieve such piracy."  (Dkt. 1-11.)

28.     Although neither AeroTEC nor Mr. Korwin-Szymanowski had done anything improper, AeroTEC reluctantly conformed to Bombardier's demands, with AeroTEC's President Lee Human advising in an October 22, 2015 email that "1) Mr. Korwin-Szymanowski has been removed from this recruiting activity either directly or indirectly; 2) We have cancelled the social hour scheduled for tonight at Hangar 1; 3) We have moved recruitment trucks away from your facilities."  (*See* Dkt. 105-1 at 2.)  As Mr. Human later explained, AeroTEC "did not agree with Bombardier's claims of impropriety," but AeroTEC nevertheless "decided to cancel the impending social events and job fairs in Wichita and Montreal, and agreed Michel [Korwin-Szymanowski] would not contact any Bombardier employees going forward," in part because AeroTEC "had recently been invited by Bombardier to bid on a project . . . and we wanted to stay in their good graces."  (Dkt. 66 at ¶ 5; *see also* Dkt. 60 at 3 ("AeroTEC did not, and does not, agree that Korwin-Szymanowski used or possessed any such confidential information, but in

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1   an attempt to work with Bombardier, AeroTEC agreed that he would no longer be involved with

2   the recruiting activity.").)

3       29.    On or about February 12, 2016, AeroTEC informed Bombardier that it intended to

4   restart its recruiting activities in the Montreal and Wichita areas.  In response, Bombardier's

5   Senior Director of Human Resources, Product Development Engineering stated that Bombardier

6   was adamantly opposed to any such recruitment activities by AeroTEC.  (*See* Dkt. 1-12 at 7.)

7       30.    On April 26, 2016, Bombardier escalated its threats towards AeroTEC and its

8   employees when Bombardier's outside counsel, Peter Nohle of Jackson Lewis, sent a letter to

9   AeroTEC's president threatening litigation against AeroTEC and the former Bombardier

10   employees hired by AeroTEC unless, among other things, AeroTEC and the former Bombardier

11   employees entered into no-poaching agreements pursuant to which they would not directly or

12   indirectly communicate with or otherwise solicit "any current or recently departed employee of

13   Bombardier regarding any employment or similar opportunities for work outside of Bombardier

14   for a period of one year from the date of this Agreement."  (*See* Dkt. 1-12.)  The threats issued

15   by Bombardier's outside counsel purported to be based on legal obligations and/or restrictions

16   that Bombardier inaccurately claimed were applicable to its current and former employees by

17   operation of Bombardier's Code of Ethics and Business Conduct, and on Bombardier's claim

18   that the recruitment-related activities of two former Bombardier employees, Mr. Korwin-

19   Szymanowski and Dale Goulding, created the risk of "substantial liability" for AeroTEC.  Even

20   if those propositions were correct (and they are not), they would provide no lawful basis for the

21   wide-ranging and anticompetitive no-poaching agreement Bombardier demanded.

22       31.    In early May 2016, outside counsel for AeroTEC responded to Bombardier's

23   April 26 demand letter, and over the following months counsel for the companies discussed the

24   terms of the additional no-poach agreement Bombardier requested.  Ultimately, the companies

25   did not execute any agreement.

26

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 87

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

32.     However, Bombardier's threats towards AeroTEC succeeded in their objective of continuing to deter AeroTEC's hiring of employees in support of the MRJ project.  As stated in a June 3, 2016 letter from AeroTEC's president to Bombardier test pilot Ed Grabman, "AeroTEC does not agree with Bombardier's assertion that we cannot freely recruit employees of any background and the two companies are in the process of trying to work out their differences. Until this is accomplished, however, we are refraining from offering positions to any current employees of Bombardier." (Dkt. 105-1 at 8.)  Thus, AeroTEC's ability to hire skilled labor for the MRJ program was impaired not only by the concessions Bombardier had coerced AeroTEC to make, but also by Bombardier's subsequent threats of legal action against AeroTEC.

33.     Around this time, Bombardier began issuing similar threats to Mitsubishi.  On June 3, 2016, Bombardier's Vice President of Contracts and Legal Services, Christian Poupart, sent an email to the Managing Counsel of MHI, Luke Walker, regarding Bombardier's "concern[]" that "AeroTEC . . . has recently been soliciting and recruiting a number of key employees from our Flight [T]est Center, despite being asked by us on numerous occasions to cease and desist from that practice" and that "some of these former Bombardier employees have been transferred to MHI or are working on the MRJ flight test program." (Dkt. 1-14.)  Alluding vaguely to the "concern[]" that undefined "Bombardier proprietary methods and know-how" would "inevitably be transferred and used by AeroTEC or MHI for the purpose of their flight testing activities," Mr. Poupart requested Mr. Walker's "assistance in ensuring that this practice of soliciting and hiring Bombardier key flight testing employees ceases immediately . . . ."  In response, Mr. Walker requested that Mr. Poupart provide "the non-solicitation agreement that Bombardier believes prohibits AeroTEC from recruiting Bombardier employees" in addition to "any of the correspondence that you have had with AeroTEC."  Mr. Poupart did not respond to Mr. Walker's request.

34.     On July 14, 2016, Mr. Poupart sent a letter to Mr. Walker expressing objections to a job fair scheduled to take place over the following two days in Montreal.  (Dkt. 1-15.)  As

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 88

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

indicated in the newspaper advertisement for the job fair referenced in Mr. Poupart's letter, MITAC was at that point "looking to hire over 200 Aircraft Systems Engineers who can work on Certification activities for MRJ aircraft in Japan." (Dkt. 1-10 at 134-35.) After acknowledging the lawful intent of the job fair and that the promotional materials were not "directly aimed at Bombardier employees," Mr. Poupart nevertheless insinuated that Mitsubishi's holding of the job fair was illegal. Without citation to authority or explanation of how Mitsubishi's conduct was wrongful, Mr. Poupart claimed that "[c]ourts have routinely reached the conclusion that massive solicitation that cause (sic) irreversible damages to a business is prohibited. In these situations, employees and their new employer can be held jointly liable for the prejudice caused by such practice." Then, without contending or suggesting that any previously-departed Bombardier employee had in fact misappropriated any Bombardier intellectual property, Mr. Poupart "remind[ed]" Mr. Walker that any such hypothetical misappropriation would be wrongful. Mr. Poupart concluded by stating that "[w]e trust you understand the seriousness of the situation and ask that MHI refrains from engaging in any illegal activity that could cause Bombardier to suffer damages, failing which we reserve all of our rights against MHI, including our right to institute legal proceeding (sic) against MHI without any further notice."

35.     Three weeks later, Bombardier escalated its threats against MHI. On August 5, 2016, Alain Bellemare, the President and Chief Executive Officer of Bombardier, sent a letter to Hideaki Omiya, the Chairman of the Board of MHI, in which he described the two companies' partnership "on various aircraft programs for several decades" and how they have "had to face and resolve several issues in order to continue enjoying a mutually beneficial relationship." (Dkt. 1-16.) After making a request for MHI's cooperation on certain payment terms related to the companies' supply contract, Mr. Bellemare referred Mr. Omiya to an attached letter— Mr. Poupart's July 14, 2016, letter to Mr. Walker—and implicitly threatened the continuation of the supply relationship between Bombardier and MHI unless MHI ceased the solicitation of Bombardier employees. Mr. Bellemare wrote: "You will appreciate the fact that the relationship

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 89

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

between our two companies must be based on trust.  As key suppliers, we expect Mitsubishi not

to cause harm to Bombardier by engaging in massive solicitation of our engineers."  The letter

concluded with the not-so-subtle threat that "[t]he long standing partnership between Bombardier

and MHI has been a successful one and I trust that MHI will continue to be [a] key supplier and

will support Bombardier in light of the current market conditions."

36.    In response to Mr. Bellemare's letter, on August 22, 2016, Hiromichi Morimoto,

the President of MITAC, wrote to Mr. Bellemare to acknowledge that MITAC was "currently

engaged in an aircraft development program in Japan and North America and due to our need for

qualified engineers, we have recently carried out various recruiting activities, including job fairs,

in several North American cities with an aviation industry presence." (Dkt. 105-1 at 11.)  He

went on to assure Mr. Bellemare that MITAC was acting within the law and not attempting to

harm Bombardier's business:

> We are confident that all our recruiting activities held, or to be held,
> fully comply with all applicable laws and regulations, and moreover,
> should be considered routine and customary for any company in our
> industry seeking qualified employees.  With respect to your
> concerns, please be assured that these recruiting activities were not
> and are not intended to harm or target Bombardier's business.
> Further, Mitsubishi Aircraft Corporation, like MHI and all other
> MHI group companies, has a strong commitment to respect the
> intellectual property rights of all third parties, and we take
> appropriate measures in this respect with all new employees.

37.    Mr. Bellemare did not reply to Mr. Morimoto's letter or otherwise respond to

MITAC.  Instead, Mr. Bellemare opted to send a second letter to the Chairman of the Board of

MHI, again implicitly threatening the MHI-Bombardier supply relationship on the basis of

MITAC's lawful efforts to compete with Bombardier.  (Dkt. 1-17.)  In a January 27, 2017 letter

to Mr. Omiya, Mr. Bellemare complained that "despite my [August 5, 2016] letter . . . MHI

continues to actively solicit and hire key employees of Bombardier."  Without evidence or

explanation—but with an acknowledgement that Bombardier's fear of competition in the

regional jet market underpinned its threats—Mr. Bellemare asserted that "we have reasons to

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 90

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

believe that the employees recruited by MHI will use the intellectual property owned by Bombardier to assist MHI in developing the MRJ aircraft which will compete against Bombardier aircraft" and requested that Mr. Omiya "[t]ake note that my team is instructed to take all necessary actions to ensure the protection of the intellectual property of Bombardier and its know-how." Mr. Bellemare concluded by again implicitly threatening the MHI-Bombardier supply relationship should MITAC's lawful hiring activities continue, stating that "[i]n light of the long standing partnership between our corporations, I trust that I can count on your cooperation in putting an end to the solicitation of our employees by MHI."

38. Bombardier's threats to the MHI-Bombardier supply relationship—and its acknowledgment that potential competition from the MRJ animated those threats—did not emanate only from its President and CEO. On August 30, 2016, Bombardier's Chief Procurement Officer, Nico Buchholz, issued similar threats to the President of MHI Canada Aerospace, Inc., Mike McCarthy. (Dkt. 105-1 at 13.) After noting that MHI was a "valued supplier of Bombardier," Mr. Buchholz complained that MHI "has been recruiting several Bombardier employees to work on the MRJ program" and that this recruitment was "contrary to what we expect from a long term business partner such as MHI." The letter made clear that Bombardier feared the competition posed by the MRJ, and that the competition was the primary basis for the company's threats and demands. According to Mr. Buchholz, Mitsubishi's hiring activity "raises serious concerns that valuable knowledge and know-how will be transferred to MHI and put to use to accelerate the development and entry of the MRJ aircraft which will compete with our commercial aircraft programs." Mr. Buchholz stated that Bombardier had "notified MHI's head office of this issue and have asked that MHI refrain from hiring Bombardier employees. Unfortunately, our request seems to have been ignored. I'm asking your assistance in getting this issue permanently resolved: MHI, as a valued supplier to Bombardier, must stop recruiting Bombardier employees. I trust that you understand the seriousness of the situation and that I can count on your cooperation."

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 91

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

144470447.1

39.     In early 2017, Bombardier again escalated its pressure and threats against Mitsubishi, this time through outside counsel.  In a "Letter of Demand" dated February 17, 2017 and addressed to Mr. Morimoto of MITAC, Marianne Plamondon of the Norton Rose Fulbright law firm formally demanded that the solicitation of Bombardier employees cease.  (Dkt. 1-18.) Ms. Plamondon asserted that "by targeting and soliciting key employees at Bombardier[,] Mitsubishi is (i) knowingly destabilising Bombardier's aircraft activities which constitutes unfair competition and (ii) acquiring proprietary information belonging to Bombardier to accelerate the development and entry into service of the MRJ aircraft."  The letter identified 26 former Bombardier Product Development and Engineering employees who had allegedly been hired directly or indirectly by Mitsubishi since the summer of 2015, claiming that "Mitsubishi continues to target and solicit key employees who possess confidential information essential to the development of the MRJ program and to meeting certification requirements."  While acknowledging that the recruited employees in question possessed skills and abilities important to Mitsubishi's effort to compete in the regional jet market, Ms. Plamondon attempted to portray that recruitment as an attack on Bombardier, asserting that Mitsubishi's "solicitation of Bombardier's employees [was] an attempt to destabilise and disrupt the internal affairs of a competitor, and obstruct their activities and aircraft development and launch," claiming that this "constitutes illegal and unfair competition towards Bombardier and engages Mitsubishi's liability and the liability of Bombardier's former employees towards Bombardier."  Ms. Plamondon explicitly acknowledged that the employees' own "know-how" was valuable to Mitsubishi, but nonetheless she appeared to believe that merely by hiring highly-skilled and specialized engineers and test pilots from Bombardier, Mitsubishi was acquiring "trade secrets" and "proprietary information" belonging to Bombardier.  According to Ms. Plamondon:

> The employees targeted by Mitsubishi are highly skilled and specialized engineers and test pilots, many of whom held key positions during their employment at Bombardier.  More importantly, the know-how and trade secrets acquired by these employees can hardly be acquired outside the context of the

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 92

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

development of new aircraft programs. This information is both rare and extremely valuable. We have every reason to believe these employees are now assigned to the MRJ program, which raises important questions regarding the disclosure of proprietary information, especially in the wake of recent press highlighting Mitsubishi's difficulties and lack of expertise.

The letter warned Mitsubishi that unless it took "immediate corrective action," Bombardier "will have no other option than to take more formal legal action" against it. Bombardier demanded that Mitsubishi "immediately cease any behavior which constitutes unfair competition"—behavior that, although not explicitly defined, was evident from the remainder of the letter to mean the hiring of Bombardier employees. Bombardier also demanded that Mitsubishi "[r]equire all former employees of Bombardier to sign agreements undertaking not to solicit employees of Bombardier" and to "[t]ake any and all necessary measures to ensure that the agreements are respected by former employees of Bombardier and inform Bombardier of such measures." The letter concluded by demanding that Mitsubishi confirm in writing by February 28, 2017 that it would accede to Bombardier's no-poach agreement.

40.      Bombardier's over-the-top accusations about the "destabilization" of its business through the loss of a few dozen employees were not only unsupported by any facts set forth in Ms. Plamondon's letter, they were also demonstrably false. Indeed, Ms. Plamondon made no mention that Bombardier was laying off substantial numbers of its own employees at the same time, including many of its most important employees in its aircraft business. For example, as reported in news media:

- In 2014, well before the first recruiting activity by AeroTEC, Bombardier eliminated 2,900 positions worldwide.

- In May 2015, Bombardier announced that it was cutting 1,750 jobs, including 1,000 positions at the company's facility in Montreal and 480 at its facility in Toronto. Positions eliminated in 2015 would eventually total 2,750.

- In February 2016, Bombardier announced that it would cut 10 percent of its workforce over two years.

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 93

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

- In October 2016, Bombardier cut 7,500 positions worldwide, including 1,500 in Quebec.  This itself constituted more than 10 percent of Bombardier's worldwide workforce.

- In February 2017—the very month of Ms. Plamondon's letter— Bombardier announced that it would be eliminating another 7,000 positions worldwide, including 2,800 in Canada (more than 10 percent of its remaining Canadian workforce) and 220 in Wichita.  Of these 7,000 positions, all but 150 would be in product development and engineering.

In light of these substantial and ongoing job cuts, it is implausible that MITAC's recruitment and hiring of 26 employees could "destabilize" Bombardier, particularly given Bombardier's vast size.  According to Bombardier's first amended complaint in this litigation, Bombardier employs over 69,000 persons worldwide—even after the significant job cuts over the past several years— including more than 29,000 persons who work in Bombardier's Aerospace division.  (*See* Dkt. 143 at 9.)

41.     MITAC refused to accede to Bombardier's anticompetitive demands.  By letter dated March 9, 2017, MITAC's outside counsel, W. Jay DeVecchio of Morrison Foerster, rejected the accusations in Ms. Plamondon's letter and explained that MITAC would not enter an agreement with Bombardier in violation of the antitrust laws.  (Dkt. 105-1 at 15-18.)  As Mr. DeVecchio explained:

> MITAC has not acted improperly in any way in connection with its hiring activities.  MITAC has no legal or other obligation to Bombardier to refrain from exploring free-market hiring opportunities with potential employees.  Furthermore, to engage in any such no-poaching agreement with Bombardier could create potential antitrust liability for both MITAC and Bombardier.  MITAC accordingly strongly urges Bombardier to cease its repeated attempts to induce MITAC into such an agreement.

> To be clear, MITAC's only intent in its hiring activities is to meet its human resources needs.  MITAC does not have any intent to destabilize Bombardier's aircraft activities, to acquire Bombardier's proprietary information, or otherwise to harm Bombardier in any way.

Mr. DeVecchio continued, emphasizing the lack of factual support for Bombardier's assertions:

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 94

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Bombardier unjustifiably accuses MITAC of soliciting key employees at Bombardier to "knowingly destabili[ze] Bombardier's aircraft activities" and "acquir[e] proprietary information belonging to Bombardier."  Bombardier ascribes these motives to MITAC without providing any support, pointing only to the fact that MITAC, at times, has hired employees who previously worked for Bombardier. However, the fact that some of MITAC's employees have previously worked for Bombardier is hardly surprising, as both companies rely on a relatively limited pool of highly-skilled and specialized engineers to support their product lines. Bombardier also speculates that MITAC held a job fair in Montreal for the sole purpose of soliciting Bombardier employees, despite Montreal's being one of the top five largest hubs for aerospace jobs in North America.  MITAC estimates that three-fourths of the nearly 150 attendees were not employed by Bombardier. We also note that MITAC held job fairs in various other North American cities for the same recruiting reasons as mentioned above.

In any event, MITAC is free to explore hiring possibilities with whomever it pleases, regardless of any past or present employment by Bombardier, absent a Bombardier employee's raising an express, written employment agreement restriction by Bombardier against future employment by MITAC. We are unaware of any such enforceable "noncompete" agreements, and you have conspicuously failed to mention any.

Mr. DeVecchio then responded to Bombardier's speculative allegations that the hiring of

Bombardier employees was part of a plot to improperly acquire Bombardier's trade secrets and

proprietary information:

Bombardier expresses its concern that former Bombardier employees might disclose Bombardier's proprietary information or trade secrets, although Bombardier does not identify a single instance where such information was divulged or used, nor indeed does Bombardier identify with any specificity any trade secrets the former employees might usurp.  Lacking these facts, Bombardier attempts to support its speculation by referring to a MITAC press release and two news articles that indicate MITAC currently is working to meet certification requirements for its MRJ aircraft. Certification requirements, however, are published in regulations and publicly available. Therefore, this assertion rests on two equally implausible premises: First, that only Bombardier engineers have the know-how and information necessary to meet these governmental and industry-wide certification standards; and second that knowledge of these certification standards is a trade secret of Bombardier.  Neither of these premises is accurate.

Without any allegation, much less fact, that particular and specifically-identified Bombardier trade secrets exist that are being

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 95

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

> or are threatened to be disclosed, Bombardier is left only with the implication that employees are not allowed to carry general know-how with them in their new employment endeavors. This is contrary to common sense and experience, and certainly is not the law.

After observing that Bombardier had failed to respond to MITAC's requests to specifically identify former employees improperly disclosing Bombardier's trade secrets or breaching confidential or nondisclosure agreements, Mr. DeVecchio explained the procedures that MITAC employs to prevent such disclosures:

> New employees are instructed not to bring any proprietary information or materials from their former employers, and they are further instructed not to use, release, or disclose any such information in the course of their employment at MITAC. These requirements also are embedded in MITAC's Code of Ethics. Indeed, many if not all of Bombardier's former employees were specifically admonished not to bring over, disclose, or otherwise misappropriate Bombardier trade secrets or confidential information.

Finally, Mr. DeVecchio noted the lack of a legal basis for Bombardier's demands and further explained that the agreement Bombardier was seeking from MITAC likely was illegal:

> MITAC has no legal obligation to cease soliciting or hiring Bombardier's employees. Yet, as your letter notes, Bombardier repeatedly has attempted to induce MITAC to agree not to solicit or not to hire Bombardier's employees. In doing so, Bombardier has not identified any lawful basis for restricting competition between Bombardier and MITAC in hiring employees. Conversely, the U.S. Department of Justice and Federal Trade Commission recently issued formal guidance instructing that such agreements may be unlawful. This guidance instructs businesses that "[a]n individual is likely breaking the antitrust law if he or she ... agrees with individual(s) at another company to refuse to solicit or hire that other company's employees (so-called "no poaching" agreements)." *See* https://www.justice.gov/atr/file/903511/download at 3, 6. This is not a hypothetical concern. The Justice Department has brought several actions, including two cases in which at least one company "agreed to limit its hiring of employees who currently work at a competitor." *Id.* at 4 (note that both cases involved the hiring of "highly skilled and specialized engineers"). The agency further warns that it "will criminally investigate allegations that employers have agreed among themselves ... not to solicit or hire each others' employees," and that naked "no-poaching" agreements could expose the companies involved to "substantial criminal and civil liability." *Id.* at 4, 6.

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 96

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

42.     By letter dated April 12, 2017, Ms. Plamondon responded to Mr. DeVecchio's letter, accusing Mr. DeVecchio of acting inappropriately and in bad faith by requesting factual support for Bombardier's assertion that MITAC's hiring practices were destabilizing Bombardier's business or were otherwise unlawful.  (Dkt. 105-1 at 20-22.)  Rather than provide any such evidence of "destabilization" of Bombardier, Ms. Plamondon suggested that because the employees in question were important to MITAC's certification efforts, the hiring of these individuals necessarily constituted "unfair competition."  Tellingly, Ms. Plamondon again made no mention that Bombardier had been laying off its own employees or that its CSeries aircraft, the CS100 and CS300, had already been awarded certification.  Misstating the law—and making clear that Bombardier's primary concern was not the "destabilization" of its business but rather competition from the MRJ—Ms. Plamondon wrote that "We reiterate that the targeting by MITAC of Bombardier's employees for a project which is in direct competition with Bombardier's activities is clearly unfair competition under Quebec law" and falsely accused MITAC of engaging in the "unlawful misappropriation of Bombardier's competitive advantage." Ms. Plamondon did not dispute that the no-poaching agreement demanded by Bombardier would violate the U.S. antitrust laws.  Instead, she stated Bombardier's view that the Sherman Act is "not directly applicable in Canada" and claimed that the demanded agreement was not a per se violation of Canada's Competition Act.  The letter concluded by reiterating Bombardier's threat that "any further solicitation of Bombardier's employees by MITAC at this stage with the aim of further destabilising Bombardier's activities will be firmly contested."

43.     Mr. DeVecchio responded on behalf of MITAC on May 1, 2017, writing to Ms. Plamondon: "We have received your response of April 12, 2017, and disagree with and reject every assertion you have made about MITAC's actions and motivations.  Although we are always available for constructive discussions, MITAC has done nothing wrong, and we consider this matter to be closed."  (Dkt. 105-1 at 24.)

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 97

144470447.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

44.     Bombardier's attempts to prevent Mitsubishi and AeroTEC from exercising their right to recruit and hire Bombardier employees were not limited to its baseless threats against the companies.  Rather, in parallel with those threats, Bombardier sent dozens of threatening letters to former Bombardier employees and individuals considering employment opportunities in connection with the MRJ program.  On March 2-3, 2017, Bombardier, through its outside counsel at Norton Rose Fulbright, sent a "letter of demand" to no fewer than 37 former Bombardier employees.  (*See, e.g.*, Dkt. 105-1 at 26-28.)  Similar letters were sent to no fewer than four other former Bombardier employees on April 13, 2017.  (*See, e.g.*, Dkt. 105-1 at 30-33.)  The letters contended that the former employees were in possession of undefined "confidential information" that the individuals were purportedly "obligated contractually and legally to protect."  Noting that "MITAC carries on activities that compete directly with the activities of Bombardier," the letters stated that the former employees were obligated, among other things, "not to solicit, directly or indirectly, our client's employees in order to induce them to leave."  The letters concluded by stating that "Should you fail to comply fully with all of your contractual and legal obligations, our client has instructed us to institute against you, without further notice or delay, any and all legal proceedings as are appropriate and necessary, including injunction proceedings . . . DO GOVERN YOURSELF ACCORDINGLY."

45.     Bombardier also issued ultimatums to its own employees that led those employees to delay the start of their employment on the MRJ project.  For example, on February 17, 2017, Andrius Knystautas, then a Principal Engineering Specialist and Section Chief of Flight Simulation at Bombardier, announced to Bombardier that he was resigning effective March 2, 2017.  On March 2, 2017—Mr. Knystautas' planned last day of employment—Bombardier (through its outside counsel at Norton Rose Fulbright) demanded that Mr. Knystautas continue working at Bombardier for an additional ten weeks.  (Dkt. 105-1 at 35-38.)  Mr. Knystautas responded by stating his disagreement with Bombardier's demand but offering to extend his end date so as to provide a six-week notice period which, on account of overtime worked, would

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 98

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

make his last day of work at Bombardier March 24, 2017. (Dkt. 105-1 at 40, 42.) In response, Bombardier refused to shorten the notice period it had demanded. (Dkt. 105-1 at 44.) Ultimately, Mr. Knystautas agreed to continue working at Bombardier until April 7, 2017, weeks after Mr. Knystautas' original scheduled start date with MITAC. (Dkt. 105-1 at 46.) Similarly, on August 1, 2017, Bombardier demanded that Jeff Kirdeikis, then a Principal Engineering Specialist, provide eight weeks' advance notice of his departure, and in doing so extend his announced end date at Bombardier and scheduled start date at MITAC. Ultimately, Mr. Kirdeikis agreed to extend his end date until late August, delaying his anticipated start date at MITAC.

46.     On information and belief, Bombardier has taken additional actions designed to limit the mobility of its employees, including by notifying employees that if they accept work on the MRJ project, they will be blacklisted from any future work at Bombardier.

47.     As part of its predatory scheme to impede competition from the MRJ, Bombardier filed its original complaint in this action on October 19, 2018, alleging claims of trade secret misappropriation against MITAC, MITAC America, AeroTEC, and former Bombardier employees Laurus Basson, Marc-Antoine Delarche, Cindy Dorneval, Michel Korwin-Szymanowski, and Keith Ayre; tortious interference with contractual relationship and/or business expectancy against MITAC, MITAC America, AeroTEC, and Mr. Korwin-Szymanowski; and breach of contract against Mr. Basson, Mr. Delarche, and Mrs. Dorneval. Bombardier also named as defendants 88 "John and/or Jane Does," identified only as former Bombardier employees now employed by MITAC, MITAC America, or AeroTEC or otherwise "working actively on the Mitsubishi Regional Jet project." (*See* Dkt. 1.) In its prayer for relief, Bombardier sought, among other things, "a preliminary and permanent injunction prohibiting MITAC, MITAC America, AeroTEC, and all those employed by, or acting in concert with, any of them from continuing to recruit personnel from Bombardier for the improper purpose of obtaining Bombardier confidential, proprietary, and/or trade secret information[.]" (*Id.* at 90.)

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 99

144470447.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

48.     Also on October 19, 2018, Bombardier filed a motion for preliminary injunction against MITAC America, AeroTEC, Mr. Basson, Mr. Delarche, and Ms. Dorneval.  (Dkt. 4.) Although cloaked in the language of trade secrets and propriety information, the motion and proposed order reveal that Bombardier's primary objective in this litigation is to prevent and impede competition in the regional jet market.  For example, in identifying the "irreparable harm" that it will incur if a preliminary injunction is not granted, Bombardier states that "unless the Defendants are enjoined, Bombardier's misappropriated trade secret information stands to serve as the very foundation for a revival of the Japanese aircraft manufacturing industry as a whole."  (*Id.* at 20.)  It adds that absent an injunction, Bombardier will "be forced to compete with literally a new nation of competing aircraft manufacturers that would otherwise not exist for at least several years to come."  (*Id.* at 21.)

49.     Since filing its first complaint and preliminary injunction motion, Bombardier has confirmed that its objective in this litigation is to delay the certification of the MRJ.  In a brief submitted to the Court on December 7, 2018, Bombardier contended that any delay in the schedule for its motion for a preliminary injunction could render its request for equitable relief "moot" given MITAC's "public statements that it expects to obtain regulatory certification for its commercial aircraft 'in mid-2019.'"  (Dkt. 47 at 5; *see also id.* at 9 ("This may prove too late, as MITAC Japan expects certification of its aircraft by mid-2019.").)

50.     Bombardier's second preliminary injunction motion—filed against MITAC, Mr. Delarche, and Mr. Ayre on April 4, 2019, after MITAC America had filed its antitrust and unfair competition counterclaims against Bombardier—repeats the brazenly anticompetitive refrain of the first preliminary injunction motion.  Bombardier again contends that competition from MITAC constitutes irreparable harm, claiming that an injunction is necessary to prevent the "revival of the Japanese aircraft manufacturing industry as a whole" and that absent an injunction, Bombardier would be "forced to compete with literally a new nation of aircraft manufacturers . . . ."  (Dkt. 123 at 19-20.)

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 100

144470447.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

51.     Similarly, in an April 12, 2019 letter to the Court, Bombardier provided further evidence of its intent to use this litigation in an attempt to thwart competition from the MRJ. Reiterating the statements made in its December 7, 2018 letter, Bombardier claimed that a preliminary injunction was urgently needed because MRJ certification efforts have progressed and "if the Defendants successfully certify the MRJ before injunctive relief can be imposed, Bombardier's motions become moot, and the irreparable harm awaiting Bombardier becomes unavoidable." (Dkt. 134.)

52.     Bombardier's first amended complaint, filed on April 30, 2019, further confirms Bombardier's anticompetitive intent.  (*See* Dkt. 143.)  While on the one hand professing concern about "stifling innovation in an industry that is absolutely critical for the regional and worldwide economies," (*id.* at 45), Bombardier nevertheless complains of harm in the form of "accelerated regional-jet-market competition." (*Id.* at 7.)  And despite the fact that MITAC and MITAC America had never "recruit[ed] personnel from Bombardier for the improper purpose of obtaining Bombardier confidential, proprietary, and/or trade secret information," Bombardier reiterated its request for an injunction barring the defendants from "continuing to recruit" from Bombardier.  (*See id.* at 115-16).

53.     Like its pre-litigation demands, Bombardier's statements in this litigation confirm that its primary objective here is to impede and delay entry of a nascent competitor in the regional jet market.  The form of relief requested by Bombardier's complaints and preliminary injunction motions evidence that Bombardier's primary motivation is not to protect any valid intellectual property rights, but rather to accomplish the illicit goal of its anticompetitive scheme. Tellingly, Bombardier rejected MITAC and MITAC America's offer to enter a private agreement confirming the continued non-use and non-disclosure of the 11 supposedly secret documents identified in Bombardier's preliminary injunction motion, electing to instead make public allegations in an effort to obtain a public court order that has the potential to further chill employees form considering employment with MITAC and MITAC America and delay or

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 101

144470447.1

undermine sales of the MRJ. (*See* Dkt. 76, Ex. A; *see also* Dkt. 165 at 10-11.) Moreover, despite knowing about the hiring activities in support of the MRJ program at issue in its complaints since at least 2015 and knowing (or having reason to know) about the circumstances of the individual defendants' departures for years, Bombardier waited until late 2018 to file this lawsuit. On information and belief, Bombardier delayed filing suit until the MRJ was close to entering the market and increasingly competing with the CRJ for sales so as to maximize the damage to Mitsubishi's reputation and undermine sales of the MRJ.

**C.      Bombardier's Pretextual and Meritless Excuses for its Efforts to Impede Competition**

54.      Bombardier's supposed justifications for demanding the cessation of hiring related to the MRJ project have shifted through the years, but the primary motivation for its actions, as established by its own statements, has remained the same:  to impede or delay the formidable competition on the merits posed by the MRJ's entry into the regional jet market.

55.      As detailed above, Bombardier's initial threats against AeroTEC lacked factual and legal merit.  Among other things, Bombardier did not have a basis to enforce its Code of Ethics and Business Conduct against departed employees in the way it contended, including against Mr. Korwin-Szymanowski, nor did it have a basis for its claims that AeroTEC could face "substantial liability" as a result of its lawful hiring efforts.  Moreover, the form of "relief" sought by Bombardier—that AeroTEC enter an unenforceable, anticompetitive no-poach agreement—demonstrates the bad faith nature of Bombardier's demands.

56.      Bombardier's initial threats against Mitsubishi were similarly meritless.  As explained, the June 3, 2016 demand to "cease[] immediately" the soliciting and hiring of Bombardier personnel provided no legal or factual basis beyond a vague and speculative reference to the possibility that some undefined "Bombardier proprietary methods and know-how" would "inevitably be transferred and used by AeroTEC or MHI."  The next letter, sent July 14, 2016, falsely insinuated that MITAC's planned job fair was illegal.  The subsequent letters

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 102

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

from Bombardier's President and Chief Executive Officer to MHI's Chairman of the Board levied similarly vague and unsupported claims that Mitsubishi's hiring practices were unlawful, threatening that the MHI-Bombardier supply relationship would be jeopardized if the hiring activities continued.

57.     The demands issued to Mitsubishi by Bombardier's outside counsel likewise sought to coerce MITAC to enter an anticompetitive no-poach agreement through baseless allegations of illegal conduct by Mitsubishi.  As explained, the February 17, 2017 letter claimed that by "targeting and soliciting key employees at Bombardier[,] Mitsubishi is (i) knowingly destabilising Bombardier's aircraft activities which constitutes unfair competition."  But the letter was devoid of facts suggesting that Bombardier had been "destabilized" by the loss of the 26 employees identified in the letter (or otherwise), let alone that Mitsubishi had any reason to know that its efforts to hire employees for the MRJ program had any such effect.  In fact, Bombardier had engaged in several rounds of highly-publicized layoffs, including in its aviation business, and Bombardier had already completed certification activities for its CSeries aircraft.

58.     The February 17, 2017 letter also claimed that Mitsubishi was "(ii) acquiring proprietary information belonging to Bombardier to accelerate the development and entry into service of the MRJ aircraft."  But the letter identified no such "proprietary information belonging to Bombardier" or "trade secrets" that had been taken by any of the departed employees, let alone acquired by Mitsubishi.  Indeed, as the Court recognized, "none of Bombardier's alleged [pre-litigation] requests to stop recruitment identified a specific trade secret."  (Dkt. 136 at 31). The February 17, 2017 letter left little doubt that it was the employees' own "know-how . . . acquired [in] the context of the development of new aircraft programs" that Bombardier sought to prevent being used on the MRJ program.  Bombardier had no legal basis to stop its employees from taking that know-how to Mitsubishi.  Nor did Bombardier have any legal basis for its demands that MITAC enter a per se illegal no-poach agreement.  Nevertheless, even after

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 103

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

144470447.1

MITAC's counsel pointed out the factual and legal infirmities in Bombardier's demands, Bombardier reiterated its baseless claims in its counsel's April 12, 2017 letter.

59.     The form of "relief" requested by Bombardier further demonstrates the anticompetitive nature its pre-litigations threats and demands.  Each of Bombardier's demands to Mitsubishi and AeroTEC sought the cessation of recruitment and hiring activities in support of the MRJ project.  Bombardier did not (and could not) contend that any specific trade secrets had been misappropriated by Mitsubishi or AeroTEC for use in the MRJ program, nor did Bombardier request that the companies refrain from or cease using any misappropriated trade secrets.  Rather, Bombardier improperly demanded that Mitsubishi and AeroTEC cease their lawful hiring activities.  Indeed, Bombardier demanded that AeroTEC cease the hiring of not only Bombardier's current employees but also former employees who had already departed the company.

60.     Bombardier's counsel in the instant litigation has essentially confirmed that there was no factual basis for Bombardier's initial threats and demands.  In a January 11, 2018 email to counsel for MITAC, MITAC America, and the AeroTEC defendants, Bombardier's counsel stated that "[w]hile Bombardier certainly took issue with your clients' recruiting tactics those years ago, litigation was not necessary until (1) Bombardier discovered actual evidence of trade secret misappropriation . . ."  Although MITAC denies Bombardier's counsel's assertion regarding trade secret misappropriation, counsel's statement amounts to an unqualified admission that Bombardier did not have any evidence of misappropriation at the time Bombardier demanded that Mitsubishi and AeroTEC enter illegal no-poach agreements to delay or disrupt certification and sale of the MRJ.

61.     Bombardier's threats towards its former and then-current employees also represent an improper attempt to chill the free flow of skilled labor.  As suggested by the Court's Order on Motions to Dismiss, Bombardier had no legal basis to contend that its Code of Ethics and Business Conduct imposed binding contractual obligations on its former employees that

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 104

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

prevented them from seeking or accepting new employment.  (*See* Dkt. 136 at 35.)  Nor did Bombardier have a factual basis to insinuate that the dozens of recipients of its letters had acted contrary to the Bombardier Code of Ethics and Business Conduct or any provision of law.  On information and belief, Bombardier's objective in issuing these demands was to impede or delay the MRJ program.

62.     Bombardier's claims against MITAC and MITAC America in this litigation are meritless.  There is no factual or legal basis for Bombardier's claims that MITAC or MITAC America misappropriated Bombardier's trade secrets, tortiously interfered with a valid contractual relationship or business expectancy of Bombardier, or otherwise acted unlawfully by recruiting, hiring, and continuing to employ former Bombardier employees.  On information and belief, Bombardier's objective in filing its original and amended complaints and preliminary injunction motions was to impede or delay the development, certification, and sale of the MRJ.

63.     Neither MITAC nor MITAC America has acquired, possessed, used, disclosed, or even had knowledge of the alleged trade secret information identified by Bombardier.  In particular, no one at MITAC nor MITAC America has obtained or used any of the 11 supposedly secret documents identified in Bombardier's motion for a preliminary injunction.   MITAC and MITAC America take precautions to ensure that newly hired employees do not transfer to MITAC and MITAC America, or use in their work for MITAC and MITAC America, trade secrets or other confidential or proprietary information that they acquired from former employers.  New employees are instructed not to bring any proprietary information or materials from their former employers, and they are further instructed not to use, release, or disclose any such information during their employment at MITAC or MITAC America.  These requirements are embedded in MITAC's Code of Ethics.  On information and belief, the same precautions are taken with respect to persons hired by MITAC's partners, such as AeroTEC, who perform work on projects for MITAC or MITAC America.  Consistent with these policies, on information and belief, many if not all of the former Bombardier employees hired by AeroTEC were specifically

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 105

144470447.1

1    admonished not to bring with them, disclose, or otherwise misappropriate Bombardier trade

2    secrets or confidential information.  In any event, the alleged trade secrets identified by

3    Bombardier would have been of no use to the development, certification, and sale of the MRJ by

4    MITAC and MITAC America.

5         64.    Even if Bombardier had a basis to allege that MITAC or MITAC America had

6    obtained Bombardier information, Bombardier's claims would lack merit insofar as the

7    documents and information that Bombardier contends constitutes legally-protectable trade

8    secrets are not legally-protectable trade secrets because, among other things, such information is

9    publicly available and/or was provided to Bombardier by government agencies.

10        65.    The baselessness of Bombardier's trade secret misappropriation claims against

11   MITAC America is reflected in part by the Court's Order on Motions to Dismiss, which found

12   that Bombardier's claim did not pass muster even at the pleading stage because the original

13   complaint "fail[ed] to allege that MITAC America knew or had reason to know that it

14   improperly acquired or used Bombardier's trade secrets."  (Dkt. 136 at 19.)  Rather than

15   acknowledge the baselessness of its claim against MITAC America, Bombardier instead doubled

16   down by reasserting the claim in its amended complaint—not on the basis of any new allegations

17   regarding MITAC America's conduct, but rather based on the contrived theories that MITAC

18   America operates as an "alter ego" of MITAC and that AeroTEC employee Mr. Korwin-

19   Szymanowski is an "agent" of MITAC America.  (*See* Dkt. 143.)  Both theories are based on

20   allegations that Bombardier could have made in its original complaint, underscoring that

21   Bombardier is now grasping at straws in an effort to see that its claims against MITAC America

22   proceed past the pleading stage.  Notably, Bombardier also failed to add any new allegations

23   regarding MITAC's conduct.  (*See id.*)  Although MITAC has chosen not to file a motion to

24   dismiss Bombardier's first amended complaint, it is confident that the baselessness of

25   Bombardier's claims against MITAC will be established during the course of this case.

26

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 106

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

66.     On information and belief, Bombardier's claims against AeroTEC in this litigation are meritless because, among other things, AeroTEC: has not acquired, possessed, used, or disclosed the alleged trade secret information identified by Bombardier; has not tortiously interfered with a valid contractual relationship or business expectancy of Bombardier; and has not otherwise acted unlawfully by recruiting, hiring, and continuing to employ former Bombardier employees.

67.     On information and belief, Bombardier's claims against the individual defendants in this litigation are meritless because, among other things, none of the individual defendants: used any Bombardier trade secrets in performing work on the MRJ project; transferred any documents containing Bombardier trade secrets to any AeroTEC, MITAC, or MITAC America computer; disclosed any Bombardier trade secrets to any persons employed by AeroTEC, MITAC, or MITAC America; or discussed any Bombardier trade secrets with other persons employed by AeroTEC, MITAC, or MITAC America.

68.     On information and belief, none of the individual defendants who allegedly sent Bombardier documents to their personal email accounts did so for the purpose of misappropriating those documents or Bombardier's trade secrets or other proprietary information.  Rather, each did so for the purpose of conducting work that they had been assigned to do for Bombardier or for other reasons unrelated to the individuals' subsequent work on the MRJ project.  Moreover, it was a common practice for Bombardier employees to send Bombardier documents to their home email systems so that they could work on and complete work assignments at home.

69.     The baselessness of Bombardier's claims is exemplified by obvious shortcomings in its allegations.  For example, Bombardier knew or should have known that the 11 purportedly "secret" documents identified in Bombardier's preliminary injunction motions would not be useful to MITAC or MITAC America because the MRJ has a very different design than any Bombardier plane and the certifying body for the MRJ—the Japan Civil Aviation Bureau—is

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 107

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

very different from Transport Canada Civil Aviation, the government agency that certifies Bombardier's planes.  (*See also* Dkt. 165 at 3-4.)  Bombardier also knew or should have known that its allegations about Mr. Ayre's supposed disclosure of "trade secret information pertaining to Fire Detection and Extinguishing ("FIDEX") and related System Safety Analysis ("SSA")" show no misconduct whatsoever by Mr. Ayre or any other defendant.  (*See* Dkt. 143 at 20-21.) To the contrary, it is readily apparent from the content of the documents referenced in Bombardier's first amended complaint that Mr. Ayre was describing a flaw with Bombardier's C-Series aircraft that Mr. Ayre sought to ensure would be addressed after his departure in order to ensure the safety of the C-Series----a *benefit* to Bombardier.  Bombardier likewise has no basis for its allegation that Mr. Ayre's August 18, 2016 draft email to Mr. Koki Fukuda of MITAC contains any Bombardier trade secret information, let alone that the information would be useful to MRJ certification.  (*See* Dkt. 146 at 5.)  To the contrary, the draft email merely includes publicly available information regarding Federal Aviation Authority's regulatory requirements. (*See* Dkt. No. 127 Exs. A and B; *see also* Dkt. 160 at 7-9.)  These are but some of the many examples demonstrating that Bombardier's claims against MITAC and MITAC America lack merit.

70.    On information and belief, none of the Bombardier documents that the individual defendants allegedly sent to their personal email accounts contained trade secret information that would have been of use in the development, manufacture, or certification of the MRJ because of, among other things, the significant differences between the MRJ and Bombardier's jet aircraft, including but not limited to different systems (e.g., different flap skew detection systems and different pitot-static systems) and different engines.  Bombardier knew or should have known that the Bombardier documents that the individual defendants allegedly sent to their home email systems contained no trade secret information that would have been of use in the development, manufacture, or certification of the MRJ.

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 108

144470447.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    **D.      The Relevant Market and Bombardier's Market Power**

2           71.     The relevant market of commerce in which to analyze the effects of Bombardier's

3    anticompetitive scheme is the market for single-aisle, turbofan-powered commercial aircraft with

4    seating capacity for 50 to 100 passengers and flight ranges up to approximately 2,500 nautical

5    miles (the "Regional Jet Market").

6           72.     The Regional Jet Market is an accepted, defined market within the aerospace

7    industry.  Commercial aircraft with capacity for over 100 passengers are classified within the

8    industry as "narrowbody" jets (such as the Boeing 737 and the Airbus A220) or even larger

9    "widebody" jets (such as the Boeing 747 and the Airbus 330).  Bombardier's own annual market

10   forecasts acknowledge that the jet industry is segmented between "regional aircraft" with

11   capacity for up to 100 seats and jets with greater seating capacity.  Similarly, Bombardier's

12   Commercial Aircraft President Fred Cromer has stated as recently as June 2018 that the market

13   for regional jets with a maximum capacity of 100 passengers is distinct from the market for

14   narrowbody jets with capacity for over 100 passengers, acknowledging that Bombardier's

15   CSeries family of jets (small narrowbody jets with seating capacity of 108 passengers and above,

16   now known as the Airbus A220) do not compete within the market for regional jets.

17          73.     Regional jets are not interchangeable with other commercial aircraft given their

18   differentiated passenger seating capacity, flight ranges, fuel efficiencies, operating costs, and

19   sales prices.  Other commercial aircraft are not close enough substitutes to prevent Bombardier

20   and other regional jet suppliers from raising prices above competitive levels, degrading quality,

21   or reducing output for regional jets.  Put simply, other commercial aircraft are not a material

22   competitive constraint on Bombardier regional jets.

23          74.     Specifically, airlines and other aerospace customers do not consider larger

24   narrowbody jets to be a reasonable substitute for regional jets, nor do they consider regional jets

25   to be a reasonable substitute for narrowbody jets.  Regional jets and narrowbody jets are

26   differentiated by their passenger seating capacities, flight ranges, and costs, among other factors.

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 109

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

For example, the shorter flight range of regional jets prevents regional jets from servicing many routes that can be served only by narrowbody jets, including routes between the East and West coasts of the United States.  Moreover, government regulations, airport operating restrictions, and contractual arrangements, including clauses in airline pilot contracts limiting the size of aircraft that can be flown by certain pilots, serve to reduce the interchangeability of regional jets and narrowbody jets.  Regional jets and narrowbody jets are also differentiated by their initial sales price and subsequent operating costs.  Larger and heavier narrowbody jets typically cost more to operate, on a trip cost basis, than smaller regional jets, and these operating costs represent most of the lifetime cost of a plane.  As a result, airlines and other aerospace customers are disinclined to purchase a jet with more seats or a longer flight range than needed for a specific route.  Narrowbody jets are not a material competitive constraint on regional jets.

75.     Airlines and other aerospace customers do not consider turboprop airplanes to be a reasonable substitute for regional jets, nor do they consider regional jets to be a reasonable substitute for turboprop airplanes.  As compared to turboprop airplanes, regional jets are capable of longer flight ranges, are faster, are safer, and provide superior passenger comfort, including less noise and vibration.  Regional jets and turboprop airplanes are also differentiated by their initial sales price and subsequent operating costs.  As such, turboprop airplanes are not a material competitive constraint on regional jets.

76.     For these reasons, the Regional Jet Market is a distinct product market.  The relevant geographic market for regional jets is worldwide.  Regional jets are manufactured by a small number of companies (predominantly Bombardier and Embraer) and are capable of being sold by those companies on a worldwide basis.  However, the United States is the largest and most important market area for regional jet manufacturers, as discussed further below.

77.     Bombardier has significant market power in the Regional Jet Market.  Bombardier's market power in the Regional Jet Market is directly evidenced by its ability to exclude or delay the entry of competition in the Regional Jet Market.  Bombardier's market

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 110

144470447.1

power is further demonstrated by its significant share of the Regional Jet Market, a market which is highly concentrated with the vast majority of jets manufactured by Bombardier and Embraer and is subject to substantial barriers to entry and other conditions that serve to protect Bombardier's market power, including Bombardier's exclusionary conduct.  On information and belief, these conditions allow Bombardier to charge supracompetitive prices for regional jets.

78.     Since the launch of the original CRJ, Bombardier has held a significant share of the Regional Jet Market.  From at least 2010 to present, Bombardier's worldwide share of the Regional Jet Market has consistently been over 40%, with Bombardier's CRJs comprising over 40% of in-service regional jets worldwide as of 2018.  Bombardier's position has been even more significant in the largest and most important market for regional jets, the United States.  In the U.S., where Bombardier's only other active competitor in recent years has been Embraer, Bombardier's market share was 49% as of 2018.[1]

79.     Bombardier's public statements confirm that the company expects to increase its share of the Regional Jet Market in the near term.  In media briefings in June 2018, Bombardier's Commercial Aircraft President Fred Cromer stated that Bombardier is actively seeking to increase its share of the market through sales of its CRJ 900 and that the company anticipates achieving a market share of over 50%.  Mr. Cromer contended that the only competition for sale of the CRJ 900 came from Embraer, apparently suggesting to the media and public that the MRJ would not enter the market and compete with the CRJ 900.  Indeed, Mr. Cromer stated that the barriers to entry into the marketplace would effectively shield Bombardier from competition from the MRJ.  In response to a question about whether Bombardier viewed

---

[1] Due to the dynamics of the Regional Jet Market discussed herein, it is appropriate to assess regional jet manufacturers' market share by reference to the number of regional jets that are in service in any given period of time.  These dynamics include the long product lifecycle of a regional jet, the ability in many cases to extend the life of an in-service regional jet through the use of aftermarket services rather than purchase a new regional jet, the fact that regional jet manufacturers earn revenue throughout the life of an aircraft through the provision of those aftermarket services (which itself factors into the sales price for regional jets, particularly when customers agree to contract for the jet manufacturers' provision of services in connection with their purchase of a new regional jet), and due to the relatively small number of regional jets sold each year, which means that a firm's sales in any given year may not reflect its true share of the product market.

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 111

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

144470447.1

the MRJ as a competitive threat in the regional jet market, Mr. Cromer stated that "[i]t's complicated to bring new technology to the marketplace . . . not only in your home country, but then to establish the footprint outside of your home country with authorities around the world, and we've been doing that for years and years and years and we have relationships and we know how to do it, and we know how difficult it is.  So I think it is going to be challenging over time for other OEMs that are starting that process to catch up with what other established OEMs have, and that allows us to continue to make our own advancements and continue to be at the forefront of where those opportunities are."

80.    Bombardier's power in the Regional Jet Market is augmented by substantial barriers to entry, including the following:

- Development costs.  The cost of developing a new jet is significant and often exceeds initial estimates.  For example, the cost of developing the MRJ was initially estimated to be $1.9 billion but has increased to nearly $5 billion.  Similarly, although Bombardier initially estimated that development of its narrowbody CSeries jets would cost $2.1 billion, the program ultimately cost $5.4 billion.

- Complexity of development and certification process. Development of a new regional jet is complex, and entry to the market requires that a new jet pass through a long, complex, and difficult certification process.  In addition, unanticipated challenges and problems in the development and certification process are commonplace. Moreover, as explained above, the finite supply of skilled engineers capable of assisting in the development and certification of regional jets serves as an additional barrier to entry.

- Manufacturing requirements and costs.  The manufacturing of regional jets requires substantial and costly manufacturing capabilities and facilities, as well as significant reliance on subcontractors and complex supply chains.  Many firms are incapable of making the substantial investment required to establish adequate manufacturing capabilities and facilities.

- Customer trust.  Establishing customer trust in the operability and reliability of a regional jet can present challenges, particularly for manufacturers that are seeking to enter the jet market.  Establishing a reliable global customer support network also requires significant investment and presents operational challenges. This is particularly true given the substantial price and long-term commitment associated with the purchase of a regional jet.

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 112

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

- <u>Brand loyalty and switching costs</u>.  Customers with existing fleets comprised of a given manufacturer's jets may be more inclined to purchase additional jets from the same manufacturer rather than a different manufacturer (particularly a new entrant) given the costs associated with switching to a different manufacturer's jets.  These switching costs include the time and expense of retraining personnel (pilots, crew, and maintenance workers); the costs associated with maintenance program changes, proving flights, establishing a new spare parts inventory, equipment tooling, and supply chain integration; and other overhead costs associated with adding a new aircraft type to air operator's certificates issued by national aviation authorities.  Loyalty to a given manufacturer's jets and personal relationships between a manufacturer's and customer's personnel may also present barriers to entry to a new competitor.

81.     These barriers to entry and other technical, business, and political challenges to penetrating the Regional Jet Market are so significant that government support is often necessary to the successful entry of a new jet manufacturer.

82.     Both the cyclical nature of demand for regional jets and the length of a regional jet's lifecycle can present additional barriers to entry.  These interrelated factors also make certain periods of time particularly important for manufacturers' sales of regional jets.  The average lifespan of regional jets currently in service is approximately 18 years.  As an in-service regional jet nears the end of its life, the owner must choose whether to replace the jet or invest in maintenance and related services to extend the life of the jet.  In the United States (which is home to over 57% of all regional jets in service worldwide), the average age of regional jets currently in service is such that a large replacement wave is forecast to begin in 2022.  The ability to make sales in advance of the upcoming U.S. replacement wave will be critical to regional jet manufacturers' success, both in terms of earning revenue from initial sales and aftermarket services during the life of the aircraft, and in creating a foundation for additional sales inside and outside the U.S.  The next several years are thus of vital importance to established regional jet manufacturers and new entrants alike.  As a result, even a small impairment to a regional jet manufacturer's ability to compete in the upcoming U.S. replacement

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 113

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

144470447.1

cycle could have significant ramifications for the manufacturer's revenues and market share—and for the revenues and market shares of the manufacturer's competitors.  Accordingly, if Bombardier successfully prevents, delays, or undermines the MRJ's availability to be sold during the upcoming U.S. replacement cycle, it could be foreclosed from capturing any meaningful share of the U.S. and global markets for many years to come, and could be foreclosed from entry entirely.

83.     The barriers to entry into the Regional Jet Market increase Bombardier's market power beyond the level suggested by the company's market share alone.  This is particularly true with respect to customers whose fleets of regional jets are already comprised in whole or in part by Bombardier jets.  Due to the aforementioned switching costs and brand loyalty in the current duopoly market, Bombardier has greater market power with respect to customers that already own or operate Bombardier jets.  Entry of a new competitor could threaten Bombardier's market power with respect to these customers, particularly as they decide whether and when to replace aging CRJs already in their fleet.

84.     The nature of regional jets and their lifecycles also make the provision of aftermarket services an important source of revenue for regional jet manufacturers, including Bombardier.  Over the life of an in-service regional jet, manufacturers typically earn substantial revenue from the sale of parts, maintenance, repair, and other services.  The need for these services—and thus the revenue manufacturers derive from their provision—tends to increase as a jet ages.  More expensive maintenance services, such as overhaul of jet engines, also tend to be required later in the life of a regional jet.  As a result, as a jet ages, owners are often confronted with the choice of whether to extend the life of the jet through increasingly expensive aftermarket maintenance and services or to instead replace the aging jet.  A jet owner's decision to forego the purchase of aftermarket services provided by the jet's manufacturer and instead to purchase a new regional jet from a different manufacturer would thus have a significant impact on both manufacturers' revenue streams.

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 114

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

85.     As a result of these market dynamics, even a temporary delay or impairment of the certification, development, or sale of the MRJ would have a significant impact not only on the short- and long-term prospects for the MRJ, but also for Bombardier.  Indeed, any such delay or impairment would enable Bombardier to capture additional sales, including in the upcoming replacement cycle in the U.S., and allow Bombardier to gain additional revenue from the sale of aftermarket services as airlines elect to extend the lives of in-service Bombardier jets rather than purchasing new MRJs.

**E.     Anticompetitive Effect and Injury**

86.     Bombardier's anticompetitive practices have excluded competition, reduced choice, suppressed innovation, and increased barriers to entry in the Regional Jet Market.  On information and belief, Bombardier's conduct has also reduced output and increased prices for regional jets.  As a result, Bombardier's actions have harmed competition, regional jet purchasers, engineers, and MITAC.

87.     Competition in the Regional Jet Market has been harmed.  Bombardier has delayed the entry of new competitors, reduced the movement of skilled aerospace engineers, reduced choice, and suppressed innovation.  By delaying the entry of new regional jets, Bombardier has reduced choice and limited innovation in the Regional Jet Market.  By blocking and otherwise chilling the movement of skilled engineers within the market, Bombardier has further diminished competitors' ability to compete and innovate in the market.  And by unfairly tarnishing the image of Mitsubishi and the MRJ in the eyes of customers, Bombardier has suppressed competition in the Regional Jet Market.  On information and belief, this has reduced output and elevated prices of regional jets above what they would have been but for Bombardier's conduct.

88.     Purchasers of regional jets have also been harmed in that they have fewer and less innovative options for regional jets.  In addition, Bombardier can maintain higher prices than would otherwise prevail in the face of new competition.

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 115

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

144470447.1

89.     Individual engineers looking for employment related to commercial jets have also been harmed.  Individual engineers and competitors for their talent are harmed by Bombardier's campaign to impede the movement of skilled engineers.  The industry is highly concentrated and news travels fast when any company or individual in the industry is sued.  Bombardier's threats and actual litigation against individual employees chills the marketplace for such talent, which will endure for several years to come.

90.     MITAC has incurred antitrust injury from the violations of law alleged and would not have incurred such injury in the absence of Bombardier's anticompetitive actions.  As the direct result of Bombardier's ongoing predatory campaign described above, MITAC has been undermined or delayed in its ability to recruit, hire, and retain engineers critical to the development and certification of the MRJ, which has not only risked delaying the MRJ's certification, but also impedes MITAC's innovation and design efforts and raises MITAC's costs and the barriers to enter the Regional Jet Market.

91.     For example, as a result of Bombardier's anticompetitive conduct:

- Recruitment and hiring efforts by MITAC, MITAC America, and AeroTEC in support of the MRJ program have been undermined.

- AeroTEC was forced to decline to extend an offer of employment to one or more Bombardier employees that would have supported the MRJ program.

- At least one prospective employee that MITAC America intended to hire withdrew his application for employment, citing the situation between Bombardier and Mitsubishi as the reason for doing so.

- The start dates of at least two individuals employed in connection with the MRJ program were delayed.

- On information and belief, other prospective employees declined to either seek or accept employment on the MRJ program, slowing the pace of hiring related to the MRJ program.

- The ability of MITAC, MITAC America, and AeroTEC to hire and retain employees for the MRJ program, including but not

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 116

144470447.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2

> limited to highly-skilled individuals currently or formerly
> employed by Bombardier, has been reduced, with significant
> near-term and long-lasting effects on the companies.

3      92.     MITAC has also incurred antitrust injury in the form of harm to its reputation and

4   goodwill caused by Bombardier's anticompetitive conduct, including its baseless claims that

5   MITAC has misappropriated Bombardier's trade secrets.  On information and belief, the

6   reputation and goodwill of MITAC and MITAC America among current and potential MRJ

7   customers and suppliers has been diminished as a result of Bombardier's conduct, with long

8   lasting detrimental effects.  Similarly, Bombardier's insinuation that the MRJ program is built on

9   misappropriated trade secrets may create uncertainty among current and potential MRJ

10   customers and suppliers about whether MITAC and MITAC America can be trusted business

11   partners and whether the MRJ will be able to meet development and production deadlines and

12   enter the market notwithstanding the litigation.  Both harm not only MITAC's reputation and

13   goodwill, but also its sales.

14      93.     Bombardier's relentless threats and demands that MITAC, MITAC America, and

15   AeroTEC enter into unlawful no-poach agreements have also forced the companies to divert

16   attention and resources that could have otherwise been committed to the MRJ program, including

17   through the retention of outside counsel and mounting legal fees and costs associated with

18   responding to Bombardier's baseless demands and legal actions.

19      94.     The effects of Bombardier's predatory scheme harm competition, regional jet

20   purchasers, aerospace engineers, and MITAC.  These harms are the types that antitrust laws were

21   designed to prevent and those harms flow directly from that which makes Bombardier's conduct

22   unlawful.  Bombardier's practices are not reasonably necessary to accomplish any significant

23   procompetitive benefit.

24
25
26

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 117

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

144470447.1

## COUNTERCLAIM I: ATTEMPTED MONOPOLIZATION IN VIOLATION OF THE SHERMAN ACT, 15 U.S.C. § 2

95.     MITAC realleges and incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

96.     Bombardier has market power in the Regional Jet Market and has a dangerous probability of obtaining monopoly power.

97.     Bombardier has engaged in a scheme to expand its market power in the Regional Jet Market, to the detriment of competition, purchasers of regional jets, aerospace engineers, and MITAC.

98.     Bombardier's anticompetitive and exclusionary conduct includes its ongoing actions to impede or delay the development, certification, and sale of the MRJ by (1) levying baseless threats at MITAC, MITAC America, MHI, AeroTEC, and those companies' current and prospective employees in order to restrict the free flow of skilled labor necessary to the development and certification of the MRJ; (2) making threats against its own employees to deter them from accepting employment on the MRJ program; (3) attempting to coerce MITAC, MITAC America, MHI, and AeroTEC to enter per se unlawful no-poaching agreements in order to restrict recruitment and hiring activities in support of the MRJ program; (4) threatening the long-standing supply relationship between MHI and Bombardier in an attempt to achieve its illicit ends; and (5) initiating this litigation in an effort to delay the MRJ program and undermine sales of the MRJ.  In furtherance of this scheme, Bombardier has engaged in a pattern of threats of litigation without regards to the merits and for the purpose of injuring MITAC, MITAC America, AeroTEC, and competition in the Regional Jet Market.  Bombardier has also threatened and filed litigation against MITAC, MITAC America, AeroTEC, and former Bombardier employees that is objectively baseless and subjectively intended to interfere with MITAC, MITAC America, and AeroTEC's ability to compete.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

99.     Bombardier undertook the anticompetitive and exclusionary conduct alleged herein with the specific intent to acquire monopoly power in the Regional Jet Market.

100.    As evidenced by Bombardier's market share and the dynamics of the Regional Jet Market, including the significant barriers to entry to the Regional Jet Market, there is a dangerously high probability that Bombardier's scheme to impede competition from the MRJ and monopolize the Regional Jet Market will succeed.

101.    Bombardier's conduct has no efficiency or procompetitive benefit or justification, the anticompetitive effects of its conduct outweigh any purported procompetitive justifications, and Bombardier could reasonably achieve any purported procompetitive goals through less restrictive alternatives.

102.    Bombardier's conduct constitutes attempted monopolization in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2.

103.    As a direct and proximate result of the unlawful conduct of Bombardier in furtherance of the violations alleged, MITAC has been injured in its business and property in an amount to be proved at trial and to be automatically trebled, as provided by 15 U.S.C. § 15.

104.    MITAC is also entitled to recover from Bombardier the cost of suit, including a reasonable attorney's fee, as provided by 15 U.S.C. § 15.

**COUNTERCLAIM II: ATTEMPTED MONOPOLIZATION IN VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT, RCW 19.86.040**

105.    MITAC realleges and incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

106.    Bombardier has market power in the Regional Jet Market and has a dangerous probability of obtaining monopoly power.

107.    Bombardier has engaged in a scheme to expand its market power in the Regional Jet Market, to the detriment of competition, purchasers of regional jets, aerospace engineers, and MITAC.

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 119

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

144470447.1

108.     Bombardier's anticompetitive and exclusionary conduct includes its ongoing actions to impede or delay the development, certification, and sale of the MRJ by (1) levying baseless threats at MITAC, MITAC America, MHI, AeroTEC, and those companies' current and prospective employees in order to restrict the free flow of skilled labor necessary to the development and certification of the MRJ; (2) making threats against its own employees to deter them from accepting employment on the MRJ program; (3) attempting to coerce MITAC, MITAC America, MHI, and AeroTEC to enter per se unlawful no-poaching agreements in order to restrict recruitment and hiring activities in support of the MRJ program; (4) threatening the long-standing supply relationship between MHI and Bombardier in an attempt to achieve its illicit ends; and (5) initiating this litigation in an effort to delay the MRJ program and undermine sales of the MRJ.  In furtherance of this scheme, Bombardier has engaged in a pattern of threats of litigation without regards to the merits and for the purpose of injuring MITAC, MITAC America, AeroTEC, and competition in the Regional Jet Market.  Bombardier has also threatened and filed litigation against MITAC, MITAC America, AeroTEC, and former Bombardier employees that is objectively baseless and subjectively intended to interfere with MITAC, MITAC America, and AeroTEC's ability to compete.

109.     Bombardier undertook the anticompetitive and exclusionary conduct alleged herein with the specific intent to acquire monopoly power in the Regional Jet Market.

110.     As evidenced by Bombardier's market share and the dynamics of the Regional Jet Market, including the significant barriers to entry to the Regional Jet Market, there is a dangerously high probability that Bombardier's scheme to impede competition from the MRJ and monopolize the Regional Jet Market will succeed.

111.     Bombardier's conduct has no efficiency or procompetitive benefit or justification, the anticompetitive effects of its conduct outweigh any purported procompetitive justifications, and Bombardier could reasonably achieve any purported procompetitive goals through less restrictive alternatives.

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 120

144470447.1

112.    Bombardier's conduct constitutes attempted monopolization in violation of RCW 19.86.040.

113.    As a direct and proximate result of the unlawful conduct of Bombardier in furtherance of the violations alleged, MITAC has been injured in its business and property in an amount to be proved at trial and, in the Court's discretion, to be increased up to an amount not to exceed three times the actual damages sustained, as provided by RCW 19.86.090.

114.    MITAC is also entitled to recover from Bombardier the cost of suit, including a reasonable attorney's fee, as provided by RCW 19.86.090.

### COUNTERCLAIM III: PROPOSAL FOR AN ARRANGEMENT TO VIOLATE THE WASHINGTON CONSUMER PROTECTION ACT, RCW 19.86.030

115.    MITAC realleges and incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

116.    Bombardier proposed (and demanded) that MITAC agree to cease all recruitment and hiring of Bombardier employees.

117.    If consummated, Bombardier's proposed no-poaching agreement would have constituted a per se violation of RCW 19.86.030, which prohibits every contract, combination, or conspiracy in restraint of trade or commerce.  In any event, the proposed agreement had no legitimate business justification, but instead was proposed and demanded by Bombardier in order to reduce competition in the Regional Jet Market by restricting hiring related to the MRJ.  There is no efficiency-enhancing, procompetitive justification for the proposal.  Any purported procompetitive justifications or effects are outweighed by the anticompetitive impact, and there are less restrictive alternatives available to achieve any purported procompetitive impact.

118.    As a direct and proximate result of its refusal to accede to Bombardier's proposal, MITAC has been injured in its business and property in an amount to be proved at trial and trebled pursuant to RCW 19.86.090.  In particular, MITAC has been forced to incur the burden and expense of responding to and defending against Bombardier's repeated threats and demands,

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 121

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

144470447.1

including the attorneys' fees and costs incurred in relation to the instant litigation, and to otherwise divert away attention and resources that could have otherwise been committed to the MRJ program.

119.    MITAC is also entitled to recover from Bombardier the cost of suit, including a reasonable attorney's fee, as provided by RCW 19.86.090.

### COUNTERCLAIM IV: UNFAIR COMPETITION IN VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT, RCW 19.86.020

120.    MITAC realleges and incorporates by reference the allegations set forth in the preceding paragraphs as though fully set forth herein.

121.    Bombardier's conduct constitutes unfair methods of competition and unfair acts or practices within the meaning of RCW 19.86.020 because the conduct: (1) offends public policy as it has been established by statutes, the common law, or otherwise, including state and federal laws that prohibit anticompetitive conduct; (2) is oppressive in that it seeks to prevent or limit lawful competition; and/or (3) causes substantial injury to competitors (e.g. MITAC, MITAC America, and AeroTEC), other businesspersons (e.g., airlines and other purchasers of regional jets who may pay more for regional jets due to the reduction in competition in the market for regional jets), and/or consumers (e.g., individuals who may pay more for airplane tickets if airplane manufacturers can charge airlines more for jets due to the reduction of competition in the market for regional jets).

122.    Bombardier's conduct took place in the course of trade or commerce because Bombardier's threats and demands were issued by Bombardier in the course of its business operations, were directed towards other companies and individuals involved in the manufacture of regional jets, and were related to efforts to compete with Bombardier in the market for regional jets.

MITSUBISHI AIRCRAFT CORPORATION'S ANSWER, DEFENSES, AND COUNTERCLAIMS (No. 2:18-cv-1543) – 122

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

144470447.1

123.    Bombardier's conduct is injurious to the public interest, within the meaning of RCW 19.86.093(1), because it violates statutes that incorporate the Consumer Protection Act, including but not limited to RCW 19.86.020, 19.86.030, and 19.86.040.

124.    Bombardier's conduct is injurious to the public interest within the meaning of RCW 19.86.093(3)(a) because it has injured persons other than MITAC, including MITAC America, MHI, AeroTEC, the current and former Bombardier employees who were the recipients of Bombardier's threats and allegations, and other individuals, including but not limited to current and former Bombardier employees, among others, who were deterred or dissuaded from seeking employment related to the MRJ.

125.    Bombardier's conduct is injurious to the public interest within the meaning of RCW 19.86.093(3)(b) and RCW 19.86.093(3)(c) because it had the capacity, and still has the capacity, to injure other persons, including current and former Bombardier employees who were deterred or dissuaded from seeking employment related to the MRJ, as well as other companies or individuals who may be the recipients of similarly improper threats, accusations, and invitations to collude in the future.

126.    As a direct and proximate result of Bombardier's conduct, MITAC has been injured in its business and property in an amount to be proved at trial and, in the Court's discretion, to be increased up to an amount not to exceed the greater of three times the actual damages sustained or $25,000, as provided by RCW 19.86.090.

127.    MITAC is also entitled to recover from Bombardier the cost of suit, including a reasonable attorney's fee, as provided by RCW 19.86.090.

## PRAYER FOR RELIEF

WHEREFORE, MITAC prays for judgment and relief as follows:

A.    That Bombardier's Complaint be dismissed with prejudice and that Bombardier take nothing by way of its Complaint;

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 123

144470447.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

B.     That this Court enter judgment against Bombardier for the amount of damages that MITAC proves at trial, trebled to the extent permitted by the applicable federal and state laws;

C.     That this Court enter a judgment awarding MITAC its expenses, costs, and attorneys' fees under applicable laws;

D.     That this Court award MITAC pre-judgment and post-judgment interest to the full extent allowed under the law, as well as costs; and

E.     That this Court grant MITAC such other and further relief as the Court deems just and proper.

## JURY DEMAND

MITAC demands a jury trial on all issues so triable.


RESPECTFULLY SUBMITTED this 21st day of May 2019.

s/Mary Z. Gaston
Jerry A. Riedinger, WSBA No. 25828
Mack H. Shultz, WSBA No. 27190
James Sanders, WSBA No. 24565
Mary Z. Gaston, WSBA No. 27258
Shylah R. Alfonso, WSBA No. 33138
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
E-mail:  JRiedinger@perkinscoie.com
E-mail:  MShultz@perkinscoie.com
E-mail:  MGaston@perkinscoie.com

Attorneys for Defendant Mitsubishi Aircraft
Corporation America Inc.

MITSUBISHI AIRCRAFT CORPORATION'S
ANSWER, DEFENSES, AND COUNTERCLAIMS
(No. 2:18-cv-1543) – 124

144470447.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that on May 21, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses indicated on the Court's Electronic Mail Notice List.

DATED this 21st day of May 2019.

*s/Mary Z. Gaston*
Mary Z. Gaston, WSBA No. 27258
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
E-mail: MGaston@perkinscoie.com

CERTIFICATE OF SERVICE
(No. 2:18-cv-1543)

144470447.1