The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| BOMBARDIER, INC.,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>MITSUBISHI AIRCRAFT CORPORATION, MITSUBISHI AIRCRAFT CORPORATION AMERICA INC., AEROSPACE TESTING ENGINEERING & CERTIFICATION INC., MICHEL KORWIN-SZYMANOWSKI, LAURUS BASSON, MARC-ANTOINE DELARCHE, CINDY DORNÉVAL, KEITH AYRE, AND JOHN AND/OR JANE DOES 1-88,<br><br>　　　　Defendants. | NO.   2:18-cv-01543-JLR<br><br>**DEFENDANTS KEITH AYRE AND MARC-ANTOINE DELARCHE'S SURREPLY MOTION TO STRIKE**<br><br>NOTED ON MOTION CALENDAR:<br>May 17, 2019 |

DEFENDANTS KEITH AYRE AND MARC-ANTOINE
DELARCHE'S SURREPLY MOTION TO STRIKE
No. 2:18-cv-01543-JLR

Savitt Bruce & Willey LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

With its Reply in support of its Updated Preliminary Injunction Motion against Defendants Keith Ayre and Marc-Antoine Delarche, Plaintiff Bombardier Inc. filed four declarations and a total of thirteen exhibits, to which Mr. Ayre and Mr. Delarche have no opportunity to respond. We move to strike this evidence not submitted until reply.

In *Nautilus Grp., Inc. v. Icon Health & Fitness, Inc.*, 308 F. Supp. 2d 1208 (W.D. Wash. 2003), *aff'd*, 372 F.3d 1330 (Fed. Cir. 2004), the defendant moved to strike a declaration with new evidence that the plaintiff submitted with its Reply in support of a motion for preliminary injunction. *Id*. 1214. The district court granted the motion because "[t]he declaration at issue contain[ed] new evidence… to which Defendant is not able to respond within the briefing schedule." *Id*. The court in *Nautilus* cited and followed the rule in *Provenz v. Miller*, 102 F.3d 1478 (9th Cir. 1996), in which the Ninth Circuit held that a district court erred by denying a motion to strike new evidence submitted on reply. *Id*. at 1483.

The following describes Bombardier's new evidence and why it should be stricken.

*Declaration of John Whitaker (ECF No. 193)*. This declaration purports to summarize a telephone call between Mr. Whitaker, counsel for Bombardier, and Jacob Freeman, counsel for Defendants Ayre and Delarche. Because counsel for Defendants are not afforded an opportunity to correct the declaration's mischaracterizations of that call and of Defendants' position regarding the Stipulated Protective Order, the Whitaker Declaration should be stricken.

*Declaration of Boris Meislitzer (ECF No. 194)*. This declaration is apparently intended to cast doubt on Mr. Ayre's testimony that he sent the email contained in Exhibit C to the Declaration of Jerry Riedinger (ECF No. 166) to prepare for an exit meeting he had at Bombardier on his last day. (*See* Ayre Decl. [ECF Nos. 186, 188] ¶ 49.) Bombardier had originally alleged (falsely) that Mr. Ayre sent this email to a MITAC employee. (FAC [ECF No. 143] ¶ 79.) Bombardier has abandoned this allegation (Reply [ECF No. 192] at 3 n.1), and it may not now, on reply, create a new story about this email which Mr. Ayre will not have the chance to rebut. The Meislitzer Declaration should be stricken.

DEFENDANTS KEITH AYRE AND MARC-ANTOINE
DELARCHE'S SURREPLY MOTION TO STRIKE - 1
No. 2:18-cv-01543-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

*Declaration of Jeffrey Danley (ECF No. 196).* The Danley declaration attaches twelve exhibits, seven of which apparently are emails sent from Mr. Ayre's Bombardier email address to his personal email address on August 24, 2016. (Danely Decl. Exs. A, E–H, K & L.) Six of the seven emails are so heavily redacted that they have no substance, and should be stricken for this reason alone. Danley Exhibit A is already in the record. (FAC Ex. S, at 7–8.) Danley Exhibit G, which is almost entirely redacted, appears based on its "sent" time to be the same email MITAC submitted in unredacted form as Exhibit C to the Riedinger Declaration. Exhibit G was referred to in Bombardier's FAC (¶ 79) and in its Updated Preliminary Injunction Motion (ECF No. 146, at 6:12–13), but Bombardier chose not to include it as an exhibit to either pleading. The redacted emails in Danley Exhibits E, F, H, K, and L are in the record for the first time on reply, and have all been in Bombardier's possession since before the commencement of the case. Of these seven emails, only one, Exhibit E, is even arguably in rebuttal to new material in Defendants' Opposition to the Updated Preliminary Injunction Motion (ECF Nos. 185, 187). Danley Exhibits K and L are not even referred to in Bombardier's Reply. Danley Exhibits A, E–H, K & L should be stricken.

Danley Exhibit B is a heavily redacted screenshot of a search page from the FAA's website. Because the document is so redacted, it cannot support the proposition Bombardier cites it for. (*See* Reply at 3:12–15.) Moreover, there is no opportunity to respond to it, even were we able to figure out what it says. Danley Exhibit B should therefore be stricken.

Danley Exhibit C is apparently the LinkedIn page for Frederic Contenot, the person who Bombardier states it had wrongly assumed was the recipient of the email in Riedinger Exhibit C. (Reply at 3 n.1.) Bombardier submits this email to excuse itself for making the false allegation that Mr. Ayre sent that email to a MITAC employee. The exhibit does not rebut anything in Defendants' Opposition. Danley Exhibit C should be stricken.

Danley Exhibit D is email correspondence between counsel for MITAC and counsel for Bombardier concerning Riedinger Exhibit C. Bombardier uses this email to support its accusation that Defendants Ayre and Delarche misled the Court by not stating in the Opposition

DEFENDANTS KEITH AYRE AND MARC-ANTOINE
DELARCHE'S SURREPLY MOTION TO STRIKE - 2
No. 2:18-cv-01543-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

that Bombardier's counsel had asked *MITAC's counsel* to treat the email as if it had been designated "Attorneys Eyes Only." (Reply at 4:5–7.) Counsel for Defendants Ayre and Delarche are not copied on the email in Danley Exhibit D and were not aware of its substance on May 13, 2019, when the Opposition was filed. Danley Exhibit D should be stricken.

Danley Exhibits I and J are what purport to be logs of emails Mr. Ayre and Mr. Delarche respectively sent from their Bombardier email accounts to their personal email accounts. Bombardier uses these exhibits to argue that emailing work documents to personal email accounts was not these Defendants' normal practice. (Reply at 6.) This argument was available to Bombardier when it filed its Updated Motion, and Bombardier should not be allowed to make it now, when Defendants do not have an opportunity to respond. Danley Exhibits I and J should be stricken.

*Declaration of Michael Borfitz (ECF No. 197).* Mr. Borfitz states that he

> was asked to give [his] opinion, based on [his] technical and practical experience, about a) the relationship between Mr. Ayre's emails and the Scope of Work… Mr. Ayre outlined for himself for his new role at [MITAC] in July 2016, as he prepared to leave Bombardier… , and b) the nature of the commercial value the substance of Mr. Ayre's emails would have for a competitor of Bombardier's in the aerospace industry.

(Borfitz Decl. ¶ 7.) Mr. Borfitz goes on to discuss six emails attached as exhibits to the Danley Declaration. (Danley Decl. Exs. A, F, G, H, K & L.) The Borfitz Declaration is heavily redacted, rendering it almost impossible to respond to, even if Mr. Ayre had the opportunity, which he does not. The arguments in the Borfitz Declaration were available to Bombardier when it filed its Updated Motion, and Bombardier should not be permitted to make them now, when Mr. Ayre does not have an opportunity to respond. Moreover, the Borfitz Declaration has almost nothing to do with the Opposition, or even the Reply. The Reply cites only two of its paragraphs, one of which concerns Danley Exhibit H, which is new on reply. (Reply at 6:2.) The Reply also cites the declaration's paragraph 12 for a proposition that paragraph in no way supports. (*See* Reply at 3:5–6.) The Borfitz Declaration should be stricken.

DEFENDANTS KEITH AYRE AND MARC-ANTOINE DELARCHE'S SURREPLY MOTION TO STRIKE - 3
No. 2:18-cv-01543-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

DATED: May 22, 2019.

**SAVITT BRUCE & WILLEY LLP**

By   *s/Jacob P. Freeman*
    James P. Savitt, WSBA #16847
    Jacob P. Freeman, WSBA #54123
    1425 Fourth Avenue Suite 800
    Seattle, Washington 98101-2272
    Telephone: 206.749.0500
    Facsimile:  206.749.0600
    Email: jsavitt@sbwLLP.com
    Email: jfreeman@sbwLLP.com

Attorneys for Defendants Keith Ayre and Marc-Antoine Delarche

DEFENDANTS KEITH AYRE AND MARC-ANTOINE DELARCHE'S SURREPLY MOTION TO STRIKE - 4
No. 2:18-cv-01543-JLR

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 22, 2019 I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 22nd day of May, 2019 at Seattle, Washington.

*Gabriella Sanders*
Gabriella Sanders

CERTIFICATE OF SERVICE
No. 2:18-cv-01543-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500