THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BOMBARDIER INC.,

　　　　Plaintiff,

　　v.

MITSUBISHI AIRCRAFT CORPORATION, MITSUBISHI AIRCRAFT CORPORATION AMERICA INC., et al.,

　　　　Defendants.

No. 2:18-cv-1543 JLR

**DEFENDANT MITSUBISHI AIRCRAFT CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO FILE UNDER SEAL PORTIONS OF EXHIBITS ATTACHED TO THE DECLARATION OF MARY GASTON**

**NOTE ON MOTION CALENDAR:**

May 31, 2019

## I.   INTRODUCTION

Mitsubishi Aircraft Corporation ("MITAC") filed a Motion to Seal (Dkt. 125) portions of Exhibits A and B (the "Exhibits") attached to the Declaration of Mary Gaston (Dkt. 128) (collectively, the "Subject Redactions") in support of MITAC's Motion to Dismiss. Bombardier subsequently filed its First Amended Complaint (Dkt. 143), mooting MITAC's Motion to Dismiss, which it withdrew. (Dkt. 153.) After MITAC withdrew its Motion to Dismiss, Bombardier filed a Response to the Motion to Seal, arguing that the Subject Redactions should be sealed in their entirety and remain part of the record, or, alternatively, that they should be removed from the record. (Dkt. 219.)

MITSUBISHI AIRCRAFT
CORPORATION'S REPLY ISO MOTION
TO SEAL — 1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

As an initial matter, Bombardier's alternative requested relief should be rejected because MITAC cites the Exhibits in its opposition to Bombardier's pending Motion for a Preliminary Injunction (instead of unnecessarily cluttering the docket by refiling the same Exhibits with its opposition brief). (*See* Dkt. 165 at 15, n.8.) As such, removing them from the record would prejudice MITAC. Thus, the sole question for the Court is whether Bombardier has demonstrated that the Subject Redactions should be shielded from public view.

MITAC is mindful of the Court's instruction not to put the cart before the horse by litigating the merits of Bombardier's trade secret claim in the context of a motion to seal. (Dkt. 111 at 14.) MITAC does not seek to do so here. Instead, Bombardier seeks to redact undeniably public information untethered to any of the compilation trade secrets it claims are at issue. Bombardier thus attempts to extend the Court's ruling too far, interpreting it as granting Bombardier permission to file under seal any information in the case, including a verbatim quote from the Federal Register, by simply invoking the magic words. As Bombardier's position cannot be reconciled with the Ninth Circuit Court of Appeals' "compelling standard" precedent, MITAC respectfully requests that the Court unseal the Subject Redactions.

## II.   ARGUMENT

At issue are portions of Exhibit A, all of Exhibit B, and a portion of the Gaston Declaration. Exhibit A is a full, unredacted copy of an August 18, 2016 email from Defendant Keith Ayre (the "Ayre Email"). In the Ayre Email, Ayre responds to a question by copying-and-pasting a portion of a Federal Aviation Administration's ("FAA") summary of a final rule, which was published verbatim by the FAA in the Federal Register. Bombardier wants the copied-and-pasted public information sealed. Bombardier wants the entirety of Exhibit B sealed because it shows the portion of the Federal Register that contains the excerpted quote from the Ayre Email. And Bombardier wants the Gaston Declaration sealed because it provides a URL to the Federal Register website with the excerpted quote from the Ayre Email. (*See* Dkt. 219 at 2.)

MITSUBISHI AIRCRAFT
CORPORATION'S REPLY ISO MOTION
TO SEAL                                                        2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

While Bombardier's response claims that the quote from the Federal Register "is also protectable trade secret information," Bombardier does not tie this information to any compiled trade secret that it has identified in this litigation (and Bombardier cannot claim the Federal Register, standing alone, is its trade secret).[1] Nor does Bombardier support its request for sealing with a declaration linking this public reference to any Bombardier trade secret compilation. Even a cursory review of the Ayre Email shows that Ayre simply responded to a generic question by providing verbatim guidance from the FAA on the subject. (*See* Dkt. 128.) Ayre does not quote from a Bombardier document or otherwise reveal how or even if Bombardier looked at this FAA guidance. (*Id.*)

Accordingly, Bombardier goes too far. The logical conclusion of Bombardier's position is that *any* public information, such as regulations or FAA guidance, related to aircraft certification is a Bombardier trade secret if anyone at Bombardier ever referenced or relied on the public information in the course of certifying any part of a Bombardier plane. That cannot be right, particularly where, as here, there is no link between the public information and the alleged trade secrets Bombardier purports to enforce. Further, Bombardier's reliance on the timing of Ayre's email also cuts firmly against Bombardier's position. Bombardier suggests there would have been no exchange of confidential information if Ayre had just waited eight more days—that is, after he had stopped working for Bombardier—to answer the question. (*See* Dkt. 219. at 4.) But that implies that it's Ayre's *status* as a Bombardier employee that somehow renders the public information confidential. Since Bombardier implicitly concedes that Ayre could have

---

[1] In its Order addressing prior motions to seal (Dkt. 111), this Court sealed references to publicly available information because Bombardier asserted that revealing those references would reveal the contents of Bombardier's alleged trade secrets that the Court found Bombardier had sufficiently described. (*See* Dkt. 111 at 13-15.) The Court explained that those references "relate to [Bombardier's alleged trade secrets] and should therefore be filed under seal." (*Id.* at 13.) Here, on the other hand, Bombardier does not argue the Subject Redactions contain information found in any of the alleged trade secrets Bombardier has identified in this litigation. (*See generally* Dkt. 219.) And while Bombardier invokes the magic words "trade secret" and "compilation," Bombardier does not identify what alleged compilation is supposedly being revealed. (*Id.*)

MITSUBISHI AIRCRAFT
CORPORATION'S REPLY ISO MOTION
TO SEAL — 3

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

freely shared the information it wants redacted after he left, there is no compelling reason for sealing the information from the public now.

### III.   CONCLUSION

For the foregoing reasons, MITAC respectfully requests the Court deny MITAC's Motion to Seal, and unseal the Gaston Declaration and Exhibits A and B attached thereto.

DATED: May 31, 2019

*s/ Mary Z. Gaston*
Jerry A. Riedinger, WSBA No. 25828
Mack H. Shultz, WSBA No. 27190
James Sanders, WSBA No. 24565
Mary Z. Gaston, WSBA No. 27258
Shylah R. Alfonso, WSBA No. 33138
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
E-mail:  JRiedinger@perkinscoie.com
E-mail:  MShultz@perkinscoie.com
E-mail:  MGaston@perkinscoie.com

Attorneys for Defendant Mitsubishi Aircraft Corporation

MITSUBISHI AIRCRAFT CORPORATION'S REPLY ISO MOTION TO SEAL — 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**CERTIFICATE OF SERVICE**

I certify under penalty of perjury that on May 31, 2019 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses indicated on the Court's Electronic Mail Notice List.

DATED this 31st day of May 2019

*s/Mary Z. Gaston*
Mary Z. Gaston, WSBA No. 27258
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
E-mail: MGaston@perkinscoie.com

CERTIFICATE OF SERVICE
(No. 18-cv-1543 JLR) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000