THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BOMBARDIER INC.,

    Plaintiff,

v.

MITSUBISHI AIRCRAFT CORPORATION, MITSUBISHI AIRCRAFT CORPORATION AMERICA INC., et al.,

    Defendants.

No. 2:18-cv-1543 JLR

**DEFENDANT MITSUBISHI AIRCRAFT CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO FILE UNDER SEAL ITS OPPOSITION TO BOMBARDIER'S UPDATED MOTION FOR PRELIMINARY INJUNCTION AND SUPPORTING MATERIALS THERETO**

**NOTE ON MOTION CALENDAR:**

May 31, 2019

    Based on the Court's guidance in its previous ruling on Bombardier's requested redactions, (*see generally* Dkt. 111), Defendant Mitsubishi Aircraft Corporation ("MITAC") does not oppose Bombardier's request to seal certain information described in its response (Dkt. 220)—namely, the redactions in the Riedinger, Boyd, and Hansman declarations.[1] However, MITAC opposes Bombardier's request to seal portions of the Kanja declaration, as explained below.

---

[1] MITAC maintains its position that Bombardier has not justified — and cannot justify — withholding the redacted information for multiple reasons, including that much of what is redacted is public information. As MITAC's co-defendant, Mitsubishi Aircraft Corporation America, Inc., has explained, there is no legal basis for such references to be shielded from public view. (*See* Dkt. 103, at 4-5; Dkt. 214.) Accordingly, while MITAC does not oppose Bombardier's request to seal the Riedinger, Boyd, and Hansman declarations, given the Court's ruling

MITSUBISHI AIRCRAFT CORPORATION'S REPLY IN SUPPORT OF MOTION TO SEAL — 1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

The procedural posture of this motion to seal is recounted in this paragraph for the Court's reference. MITAC filed a Motion to File Under Seal Its Opposition to Bombardier's Updated Motion for a Preliminary Injunction ("Opposition") and Supporting Materials Thereto. (Dkt. 163.) The Motion asked the Court to seal its Opposition and thirteen supporting documents. (*Id*.) MITAC filed all its Opposition papers under seal because it had one week to respond to Bombardier's Updated Motion for a Preliminary Injunction, which left Bombardier no time to review MITAC's papers for allegedly confidential information and propose redactions, as had been the parties' practice for prior filings. (*See* Dkt. 207.) After Bombardier reviewed the documents, Bombardier's counsel informed MITAC's counsel that it believed four of the thirteen supporting documents should be redacted. (*See id.*) MITAC subsequently withdrew its Motion to File Under Seal and filed a Motion to Clarify that requested the Court seal only the following four documents: the Declarations of Jerry Riedinger (Dkt. 166), Stephen Boyd (Dkt. 167), Dr. Robert John Hansman, Jr. (Dkt. 168), and Hajime Kanja (Dkt. 171) (Collectively, the "Subject Declarations"). MITAC asked the Court to seal the Subject Declarations because Bombardier contends that certain information in the Subject Declarations should be shielded from the public. (*See* Dkt. 207.) In response to MITAC's clarified Motion to Seal the Subject Declarations, Bombardier requests that the unredacted versions of the declarations remain under seal and that only the redacted versions remain available for public viewing.[2] (*See* Dkt. 220.)

While MITAC does not oppose redacting the requested portions of the Riedinger, Boyd, and Hansman declarations, MITAC believes the requested portion of the Kanja declaration should not be redacted because the declaration does not relate to any alleged Bombardier trade secret or

---

(Dkt. 111), MITAC respectfully maintains that Bombardier has not carried its burden to justify sealing the information (*see* LCR 5(g)(3); *see also* Stipulated Protective Order, Dkt. 109 at 6.3), as MITAC will show as this litigation continues.

[2] In its response, Bombardier contends that it took reasonable efforts to maintain secrecy of Ex. C to the May 13 Riedinger declaration (Dkt. 166.) As explained in the attached Riedinger declaration, Bombardier's contention is incorrect, as is Bombardier's contention that the Riedinger declaration was "demonstrably inaccurate" when it stated that Ex. C was not designated confidential before the May 13 declaration was filed.

MITSUBISHI AIRCRAFT
CORPORATION'S REPLY ISO MOTION
TO FILE UNDER SEAL

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

contain confidential information. Bombardier seeks to seal a portion of Exhibit B to the Kanja declaration that recites a federal regulation that is publicly available. (Dkt. 220 at 7-8.) Exhibit B is the Ayre Email at issue in MITAC's Motion to Seal Portions of Exhibits Attached to the Declaration of Mary Gaston. MITAC's position is set forth more fully in its contemporaneously filed reply brief supporting that Motion. In short, Bombardier claims the publicly available information in the Kanja declaration is a protectable trade secret without specifically connecting that information to any alleged trade secret that Bombardier has identified in this litigation. MITAC therefore respectfully requests that the Court decline to seal the portion of Exhibit B to the Kanja declaration.

DATED: May 31, 2019

*s/ Mary Z. Gaston*
Jerry A. Riedinger, WSBA No. 25828
Mack H. Shultz, WSBA No. 27190
James Sanders, WSBA No. 24565
Mary Z. Gaston, WSBA No. 27258
Shylah R. Alfonso, WSBA No. 33138
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
E-mail: JRiedinger@perkinscoie.com
E-mail: MShultz@perkinscoie.com
E-mail: MGaston@perkinscoie.com

Attorneys for Defendant Mitsubishi Aircraft Corporation

MITSUBISHI AIRCRAFT
CORPORATION'S REPLY ISO MOTION
TO FILE UNDER SEAL

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# CERTIFICATE OF SERVICE

I certify under penalty of perjury that on May 31, 2019 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses indicated on the Court's Electronic Mail Notice List.

DATED this 31st day of May 2019

*s/Mary Z. Gaston*
Mary Z. Gaston, WSBA No. 27258
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
E-mail: MGaston@perkinscoie.com

CERTIFICATE OF SERVICE
(No. 18-cv-1543 JLR) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000