Honorable James L. Robart

1

2

3

4

5

6

7              UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8

9   BOMBARDIER INC.,                          No. 2:18-cv-01543-JLR

                    Plaintiff,               BOMBARDIER INC.'S
10                                           RESPONSE TO DEFENDANT
                                             MITSUBISHI AIRCRAFT
11          v.                               CORPORATION'S SUR-REPLY
                                             IN OPPOSITION TO PLAINTIFF'S
12  MITSUBISHI AIRCRAFT CORPORATION,         UPDATED MOTION FOR
    MITSUBISHI AIRCRAFT CORPORATION          PRELIMINARY INJUNCTION
13  AMERICA INC., AEROSPACE TESTING
    ENGINEERING & CERTIFICATION INC.,
14  MICHEL KORWIN-SZYMANOWSKI,
    LAURUS BASSON, MARC-ANTOINE
15  DELARCHE, CINDY DORNÉVAL, KEITH
    AYRE, AND JOHN AND/OR JANE DOES 1-
16  88,

17                  Defendants.

18

19

20

21

22

23

24

25

26

27

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

Plaintiff Bombardier Inc. ("Bombardier") thanks the Court for the opportunity to respond to Defendant Mitsubishi Aircraft Corporation's ("MITAC's") sur-reply (Dkt. # 210). MITAC accuses Bombardier of making a false statement based on purportedly "clear statement[s]" from MITAC's digital forensic examiner that required a "supplementary" declaration for clarity. As explained below, Bombardier's representations were—and continue to be—based on the very testimony MITAC submitted (and, as it turns out, failed to submit). And that Bombardier has not withdrawn its purportedly false statement is because MITAC's latest filing problematically cannot be reconciled with previous testimony. A full understanding of relevant events can be best assessed by reviewing three relevant time periods: (1) the time leading up to and including the filing of Bombardier's Reply in Support of Bombardier's Updated Motion for Preliminary Injunction; (2) the time period immediately thereafter, during which the parties met and conferred; and (3) the time period beginning from when MITAC filed its sur-reply and third Declaration of Duc Nguyen (hereinafter, "Nguyen Decl. 1, 2, or 3").

### 1. Filing of Bombardier Reply

The purportedly false statement that Bombardier made (that Defendant "Dornéval affirmatively uploaded [Bombardier's CAFM Methodology] to her personal MITAC laptops") was reasonably based on the testimony provided. As an initial matter, Mr. Nguyen's declarations stated that the facts contained therein were predicated on "personal and firsthand knowledge." Nguyen Decl. 1, 2. Mr. Nguyen's two declarations had never indicated that he had reviewed any non-MITAC-A laptops. Mr. Nguyen's first declaration disclosed a number of MITAC-A laptops as having been reviewed, two of which were assigned to Ms. Dornéval personally. Dkt. # 79, ¶ 7. Exhibits C1 and C2 to the declaration are custody logs for several computing devices that were provided to Mr. Nguyen for forensic analysis. *Id.* Those custody logs identify the two MITAC-A laptops assigned to Ms. Dornéval and also identify at least two devices (a USB thumb drive and an external hard drive) that in contrast are explicitly identified as being personally owned by Ms. Dornéval. The custody logs do not identify, explicitly or otherwise, any laptop personally owned by Ms. Dornéval. *Id.* Likewise, Mr. Nguyen's second

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

1    declaration (Dkt. # 178) specifically identified the same two MITAC-A laptops which had been

2    assigned to Ms. Dornéval. *Id*. ¶ 5. Again, none of the devices identified by Mr. Nguyen was a

3    computer owned by Ms. Dornéval. Because his declaration was based on "personal and

4    firsthand knowledge," it was reasonable for Bombardier to conclude that Mr. Nguyen used the

5    phrase "personal computer" to refer to one of the MITAC-A laptops explicitly identified in his

6    report as assigned to Ms. Dornéval personally. To conclude otherwise would assume that Mr.

7    Nguyen had misleadingly withheld from his declarations highly relevant information about the

8    devices he had reviewed.

9        Further, any other interpretation could not be reconciled with Mr. Nguyen's plain

10   statements. In his second declaration, Mr. Nguyen testified that he "performed an MD5 hash

11   value analysis," and in the very next sentence testified based on personal knowledge that "[o]ne

12   of the Burns & Tidd documents was present on Ms. Dorneval's personal computer." Nguyen

13   Decl. 2, ¶ 7. A reasonable reading of those two consecutive sentences is that Mr. Nguyen

14   located the document identified in his second sentence based on the "MD5 hash value analysis"

15   identified in his first sentence. And because he had never disclosed that he had searched a

16   computer owned by Dornéval personally, Bombardier had no reason to suspect otherwise.

## 2. The Parties Meet and Confer

18   MITAC objected to Bombardier's reply brief stating that Bombardier had

19   misrepresented the testimony of Mr. Nguyen. MITAC contended that Bombardier disregarded

20   Mr. Nguyen's statement that "[t]his file name search analysis, combined with the analysis

21   explained in my December 26, 2018 Declaration, has not identified a copy of any of the eleven

22   Burns and Tidd documents on any of the devices or servers I was provided or provided access

23   to." Sur-reply, Dkt. # 210, at 2. However, MITAC overstates the significance of that statement.

24   Mr. Nguyen did not testify, as MITAC contends, that he did not find any of the 11 documents on

25   any MITAC-A devices. *Id*. Rather, he testified that ***a subset of the analyses he employed*** did not

26   locate any of the 11 documents. *See* Nguyen Decl. 2 (Dkt. #178), ¶¶ 3, 4 (identifying six

27   different analyses that he employed, but testifying only about the "file name search analysis"

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

and his previous efforts). This is the only reading of Mr. Nguyen's testimony that reconciles his otherwise inconsistent statement that, based on his personal knowledge, one of the documents was in fact located. (*Compare id.* ¶ 4 (specific subset of analyses employed did not locate any documents), *with id.* ¶ 7 (one of the documents was located).) Perversely, it is Bombardier's understanding of his testimony—not MITAC's—that uniquely preserves Mr. Nguyen's credibility: unless Mr. Nguyen found the document on a MITAC-A laptop by way of one of the other six search analyses he identified (Bombardier's understanding and the basis for its purportedly false statement), Mr. Nguyen either (a) failed to fully disclose relevant information; (b) testified as to matters outside of his personal knowledge; or (c) both.

MITAC could not reasonably expect Bombardier to retract a statement as false where the only basis for its purported falsity hinges on an interpretation of testimony that impugns the declarant's credibility. And Bombardier certainly could not be expected to do so without first seeing a corrected declaration (which Bombardier did not receive until after the Court received its copy). This is particularly the case where MITAC's counsel disclosed for the first time during the meet and confer on this issue that Mr. Nguyen's declarations *in fact did not fully disclose all the devices that were provided to him*.

### 3. Post-Filing of Mr. Nguyen's Third Declaration

Upon finally having the opportunity to review Mr. Nguyen's clarifying declaration (Dkt. # 212), Bombardier still could not reasonably be expected to withdraw its purportedly false statement. While Mr. Nguyen declares explicitly that the CAFM Methodology was resident on Ms. Dornéval's personally owned laptop, he does nothing to reconcile the now-confirmed inconsistent statements in his second declaration. Further, Mr. Nguyen's third declaration highlights the now apparent incomplete disclosures made in his previous two declarations, it calls into question the thoroughness of searches conducted to date, and it casts doubt on the veracity of Mr. Nguyen's existing testimony not based on personal knowledge.

Bombardier did not submit a false statement or mislead the Court in any way. It stands by its conduct and is available to address any remaining concerns the Court may have.

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

1    Dated this 3rd day of June, 2019.

2

3                                        CHRISTENSEN O'CONNOR
                                         JOHNSON KINDNESS<sup>PLLC</sup>
4

5

6                                        s/John D. Denkenberger
7                                        John D. Denkenberger, WSBA No.:  25,907
                                         Brian F. McMahon, WSBA No.:  45,739
8                                        E. Lindsay Calkins, WSBA No.: 44,127
                                         Jeffrey E. Danley, WSBA No.: 52,747
9                                        Christensen O'Connor Johnson Kindness<sup>PLLC</sup>
10                                       1201 Third Avenue, Suite 3600
                                         Seattle, WA  98101-3029
11                                       Telephone:  206.682.8100
                                         Fax:  206.224.0779
12                                       E-mail:  john.denkenberger@cojk.com,
                                         brian.mcmahon@cojk.com,
13                                       lindsay.calkins@cojk.com,
                                         jeffrey.danley@cojk.com, litdoc@cojk.com
14

15                                       *Attorneys for Plaintiff Bombardier Inc.*

16

17

18

19

20

21

22

23

24

25

26

27

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

**CERTIFICATE OF SERVICE**

I hereby certify that on June 3, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jerry A. Riedinger
PERKINS COIE LLP
Email:
JRiedinger@perkinscoie.com
docketsea@perkinscoie.com
lshaw@perkinscoie.com
sporter@perkinscoie.com

Mack H. Shultz
PERKINS COIE LLP
Email:
MShultz@perkinscoie.com
docketseapl@perkinscoie.com
sbilger@perkinscoie.com

Mary Z. Gaston
PERKINS COIE LLP
Email:
MGaston@perkinscoie.com
docketsea@perkinscoie.com
jstarr@perkinscoie.com

James Sanders
PERKINS COIE LLP
Email:
JSanders@perkinscoie.com
RBecken@perkinscoie.com
docketsea@perkinscoie.com
jdavenport@perkinscoie.com

Shylah R. Alfonso
PERKINS COIE LLP
Email:
SAlfonso@perkinscoie.com
docketsea@perkinscoie.com

Attorneys for Mitsubishi Aircraft Corporation and Mitsubishi Aircraft Corporation America Inc.

Richard J. Omata
KARR TUTTLE CAMPBELL
Email: romata@karrtuttle.com
jnesbitt@karrtuttle.com
swatkins@karrtuttle.com

Mark A. Bailey
KARR TUTTLE CAMPBELL
Email: mbailey@karrtuttle.com
jsmith@karrtuttle.com
mmunhall@karrtuttle.com
sanderson@karrtuttle.com

Daniel T. Hagen
KARR TUTTLE CAMPBELL
Email: dhagen@karrtuttle.com
ksagawinia@karrtuttle.com

Attorneys for Aerospace Testing Engineering & Certification Inc., Michel Korwin-Szymanowski, Laurus Basson, and Cindy Dornéval

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

James P. Savitt
SAVITT BRUCE &
WILLEY LLP
Email: jsavitt@sbwLLP.com
eservice@sbwllp.com

Jacob P. Freeman
SAVITT BRUCE &
WILLEY LLP
Email:
jfreeman@sbwLLP.com

Attorneys for Marc-Antoine Delarche and Keith Ayre

s/John D. Denkenberger
John D. Denkenberger, WSBA No.: 25,907
Brian F. McMahon, WSBA No.: 45,739
E. Lindsay Calkins, WSBA No.: 44,127
Jeffrey E. Danley, WSBA No.: 52,747
Christensen O'Connor Johnson Kindness[PLLC]
1201 Third Avenue, Suite 3600
Seattle, WA  98101-3029
Telephone:  206.682.8100
Fax:  206.224.0779
E-mail:  john.denkenberger@cojk.com,
brian.mcmahon@cojk.com,
lindsay.calkins@cojk.com,
jeffrey.danley@cojk.com, litdoc@cojk.com

*Attorneys for Plaintiff Bombardier Inc.*

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100