Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| BOMBARDIER INC., <br><br> Plaintiff, <br><br> v. <br><br> MITSUBISHI AIRCRAFT CORPORATION, MITSUBISHI AIRCRAFT CORPORATION AMERICA INC., AEROSPACE TESTING ENGINEERING & CERTIFICATION INC., MICHEL KORWIN-SZYMANOWSKI, LAURUS BASSON, MARC-ANTOINE DELARCHE, CINDY DORNÉVAL, KEITH AYRE, AND JOHN AND/OR JANE DOES 1-88, <br><br> Defendants. | No. 2:18-cv-01543-JLR <br><br> BOMBARDIER INC.'S RESPONSE TO DEFENDANTS KEITH AYRE AND MARC-ANTOINE DELARCHE'S SURREPLY MOTION TO STRIKE |

BOMBARDIER'S RESPONSE TO AYRE AND DELARCHE'S SURREPLY MOTION TO STRIKE (2:18-cv-01543-JLR) - i

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

Bombardier appreciates the opportunity to respond to the Surreply Motion to Strike filed by Defendants Keith Ayre and Marc-Antoine Delarche (collectively, "Defendants"; Dkt. # 213). Defendants base their motion on two arguments: (1) Bombardier improperly introduced "new" evidence in its reply, and (2) Bombardier filed redacted copies of certain exhibits. Neither of these arguments holds up. Specifically, the evidence Defendants complain about is permitted under the Rules of this Court, and the filing of some exhibits in redacted form was unavoidable because Defendants refused to even temporarily and conditionally be bound by the Protective Order of record in this case. (Dkt. # 109.)

## I. BOMBARDIER DID NOT INCLUDE "NEW" EVIDENCE IN ITS REPLY

Defendants argue that no evidence can be introduced first on reply. This argument is wrong. If it were correct, replies would be turned into nothing more than vehicles to recycle the arguments of the opening brief and would be of little help to the Court. Defendants' position is contrary to the Local Rules, which expressly provide: "[t]he moving party may . . . file . . . a reply brief in support of the motion, together with any supporting material of the type described in subsection (1)." LCR 7(b)(3).[1] This Court has specifically recognized that "[a]dditional evidence can be presented in support of a reply brief where '[t]he Reply Brief addressed the same set of facts supplied in [respondent's] opposition to the motion but provides the full context to [respondent's] recitation of the facts.' In other words, '[e]vidence submitted in direct response to evidence raised in the opposition is not "new."'" *Kische USA LLC v. Simsek*, No. C16-0168JLR, 2018 WL 620493, at *3 (W.D. Wash. Jan. 29, 2018) (alterations in original) (citations omitted).

The evidence attached to Bombardier's reply fits within this allowable scope:

- *Whitaker Decl.*: The declaration addresses why Defendants were served with redacted documents and rebuts contentions in the opposition (Dkt. # 159) at p. 12, n.4. The correspondence described in the declaration occurred over a month before Defendants'

---

[1] The referenced "supporting material…described in subsection (1)" includes "affidavits, declarations, photographic or other evidence."

BOMBARDIER'S RESPONSE TO AYRE AND
DELARCHE'S SURREPLY MOTION TO STRIKE
(2:18-cv-01543-JLR) - 1

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

opposition. Defendants nevertheless chose to raise a "redacted exhibit" issue in a vacuum. The Whitaker Declaration, responsive to Defendants' arguments, is permissible.

- *Meislitzer Decl.*: The declaration provides context regarding Ayre's exit meeting, and rebuts the assertion that Ayre discussed FIDEX issues at that meeting, an issue raised in the opposition at p. 8, ll. 6-8, and p. 16, l. 27 - p. 17, l. 2.

- *Danley Decl., Exhibit E*: The exhibit provides context regarding the copying and retention of a 2013 email from David Johns (opposition at p. 5, l. 20 - p. 6, l. 2); Defendants admit that the exhibit "arguably" rebuts facts in the opposition. (Surreply at p. 2, ll. 12-14.)

- *Danley Decl., Exhibits F, H, K, L*: These exhibits provide context with respect to the number of Bombardier emails Ayre sent to himself and they rebut assertions at p. 6, l. 25 - p. 7, l. 2 of Defendants' Opposition.

- *Danley Decl., Exhibit B*: This exhibit provides context regarding a web site identified by Ayre and rebuts the assertion that the Bombardier trade secret material is available at this web site (allegation raised at Opp'n p. 5, ll. 15-19, and Ayre's declaration ¶ 28, Dkt. # 160).

- *Danley Decl., Exhibit C*: This exhibit provides context relating to a "Frederic email" (First Amended Complaint ¶ 79, Dkt. # 143) and rebuts Defendants' "Frederic email" statements at p. 7, ll. 11-15, and p. 18, ll. 11-17 of the opposition.

- *Danley Decl., Exhibit D*: This exhibit provides context for and rebuts the statement that Bombardier's counsel disclosed the Frederic email with "every indication that Bombardier believed the email *not* to contain its trade secrets." (Opp'n at p. 20, l. 27 - p. 21, l. 2.)

- *Danley Decl., Exhibit I, J*: These exhibits provide context regarding Defendants' normal treatment of work related emails, and rebut Defendants' statements that emailing work related material to personal email accounts was a common practice, at least as it pertains to Defendants. (*See id.* at p. 17, ll. 17-20.)

- *Borfitz Decl.*: This declaration provides context regarding the connection between the trade secrets taken by Ayre and his job responsibilities at MITAC, and it rebuts assertions that he (i) took the FIDEX emails to prepare for his exit interview and (ii) took the Transport

BOMBARDIER'S RESPONSE TO AYRE AND
DELARCHE'S SURREPLY MOTION TO STRIKE
(2:18-cv-01543-JLR) - 2

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

Canada email as a non-work related reminder (*see id.* at p. 16, ll. 5-8, and p. 16, l. 26, - p. 17, l. 2). The conclusions in Mr. Borfitz's Declaration show that it is much more likely that Ayre took these trade secrets for work on the MRJ.

Defendants note that Danley Exhibits A and G were previously part of the record. While they may have been in redacted form, and/or otherwise lacking appropriate confidentiality designations, Bombardier re-filed them under seal and properly designated, as part of its reply to make a clean record. Regardless, other than arguing that these exhibits are already part of the record, it is unclear on what basis Defendants seek to strike them.

## II. DEFENDANTS REFUSED TO ABIDE BY THE PROTECTIVE ORDER AND NOW COMPLAIN THAT THEY ARE NOT RECEIVING DOCUMENTS FILED UNDER SEAL

Throughout their Surreply, Defendants argue that certain exhibits should be struck because they are redacted. This is a problem of Defendants' own making because Defendants' counsel have repeatedly declined to be bound by the protective order. This stance by Defendants strikes at the heart of Bombardier's trade secret claims, which require that Bombardier take reasonable steps to protect its trade secrets. Forwarding the trade secret information to Defendants' counsel, who had consistently maintained that they were not bound by the protective order, could undercut Bombardier's entire case.

Bombardier made proposals to Defendants' counsel to address this issue, as described in the Whitaker Declaration. (Dkt. # 193.) Bombardier even offered to serve the sealed versions on Defendants' counsel as long as they agreed to honor the current protective order on at least an interim basis. Defendants rejected this proposal, silently sat for two months without approaching the Court, and only within the last week finally agreed to honor the protective order while the parties discuss potential modifications. Defendants' complaints about redacted copies ring hollow given their actions.

## CONCLUSION

Bombardier respectfully submits it acted reasonably in filing the exhibits to its Reply.

BOMBARDIER'S RESPONSE TO AYRE AND
DELARCHE'S SURREPLY MOTION TO STRIKE
(2:18-cv-01543-JLR) - 3

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

Dated this 3rd day of June, 2019.

        CHRISTENSEN O'CONNOR
        JOHNSON KINDNESS[PLLC]

        <u>s/John D. Denkenberger</u>
        John D. Denkenberger, WSBA No.: 25,907
        Brian F. McMahon, WSBA No.: 45,739
        E. Lindsay Calkins, WSBA No.: 44,127
        Jeffrey E. Danley, WSBA No.: 52,747
        Christensen O'Connor Johnson Kindness[PLLC]
        1201 Third Avenue, Suite 3600
        Seattle, WA 98101-3029
        Telephone: 206.682.8100
        Fax: 206.224.0779
        E-mail: john.denkenberger@cojk.com,
        brian.mcmahon@cojk.com,
        lindsay.calkins@cojk.com,
        jeffrey.danley@cojk.com, litdoc@cojk.com

        *Attorneys for Plaintiff Bombardier Inc.*

BOMBARDIER'S RESPONSE TO AYRE AND
DELARCHE'S SURREPLY MOTION TO STRIKE
(2:18-cv-01543-JLR) - 4

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS
1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

### CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | | |
|---|---|---|
| Jerry A. Riedinger<br>PERKINS COIE LLP<br>Email:<br>JRiedinger@perkinscoie.com<br>docketsea@perkinscoie.com<br>lshaw@perkinscoie.com<br>sporter@perkinscoie.com | Mack H. Shultz<br>PERKINS COIE LLP<br>Email:<br>MShultz@perkinscoie.com<br>docketseapl@perkinscoie.com<br>sbilger@perkinscoie.com | Mary Z. Gaston<br>PERKINS COIE LLP<br>Email:<br>MGaston@perkinscoie.com<br>docketsea@perkinscoie.com<br>jstarr@perkinscoie.com |
| James Sanders<br>PERKINS COIE LLP<br>Email:<br>JSanders@perkinscoie.com<br>RBecken@perkinscoie.com<br>docketsea@perkinscoie.com<br>jdavenport@perkinscoie.com | Shylah R. Alfonso<br>PERKINS COIE LLP<br>Email:<br>SAlfonso@perkinscoie.com<br>docketsea@perkinscoie.com | |

Attorneys for Mitsubishi Aircraft Corporation and Mitsubishi Aircraft Corporation America Inc.

| | |
|---|---|
| Richard J. Omata<br>KARR TUTTLE CAMPBELL<br>Email: romata@karrtuttle.com<br>jnesbitt@karrtuttle.com<br>swatkins@karrtuttle.com | Mark A. Bailey<br>KARR TUTTLE CAMPBELL<br>Email: mbailey@karrtuttle.com<br>jsmith@karrtuttle.com<br>mmunhall@karrtuttle.com<br>sanderson@karrtuttle.com |
| Daniel T. Hagen<br>KARR TUTTLE CAMPBELL<br>Email: dhagen@karrtuttle.com<br>ksagawinia@karrtuttle.com | |

Attorneys for Aerospace Testing Engineering & Certification Inc., Michel Korwin-Szymanowski, Laurus Basson, and Cindy Dornéval

BOMBARDIER'S RESPONSE TO AYRE AND DELARCHE'S SURREPLY MOTION TO STRIKE (2:18-cv-01543-JLR) - 5

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

| | |
|---|---|
| James P. Savitt<br>SAVITT BRUCE & WILLEY LLP<br>Email: jsavitt@sbwLLP.com<br>eservice@sbwllp.com | Jacob P. Freeman<br>SAVITT BRUCE & WILLEY LLP<br>Email: jfreeman@sbwLLP.com |

Attorneys for Marc-Antoine Delarche and Keith Ayre

s/John D. Denkenberger
John D. Denkenberger, WSBA No.: 25,907
Brian F. McMahon, WSBA No.: 45,739
E. Lindsay Calkins, WSBA No.: 44,127
Jeffrey E. Danley, WSBA No.: 52,747
Christensen O'Connor Johnson Kindness$^{PLLC}$
1201 Third Avenue, Suite 3600
Seattle, WA  98101-3029
Telephone:  206.682.8100
Fax:  206.224.0779
E-mail:  john.denkenberger@cojk.com,
brian.mcmahon@cojk.com,
lindsay.calkins@cojk.com,
jeffrey.danley@cojk.com, litdoc@cojk.com

*Attorneys for Plaintiff Bombardier Inc.*

BOMBARDIER'S RESPONSE TO AYRE AND
DELARCHE'S SURREPLY MOTION TO STRIKE
(2:18-cv-01543-JLR) - 6

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100