The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| BOMBARDIER, INC., <br><br> Plaintiff, <br><br> v. <br><br> MITSUBISHI AIRCRAFT CORPORATION, MITSUBISHI AIRCRAFT CORPORATION AMERICA INC., AEROSPACE TESTING ENGINEERING & CERTIFICATION INC., MICHEL KORWIN-SZYMANOWSKI, LAURUS BASSON, MARC-ANTOINE DELARCHE, CINDY DORNÉVAL, KEITH AYRE, AND JOHN AND/OR JANE DOES 1-88, <br><br> Defendants. | NO.   2:18-cv-01543-JLR <br><br> **DEFENDANTS KEITH AYRE AND MARC-ANTOINE DELARCHE'S REPLY TO BOMBARDIER INC.'S RESPONSE TO MOTION TO FILE UNDER SEAL** <br><br> NOTE ON MOTION CALENDAR: <br> June 7, 2019 |

We recognize the Court's ruling, in its February 2019 order on prior motions to seal, that such motions are not the occasion to litigate the merits of whether particular documents qualify for statutory trade secret protection. We also do not wish to inconvenience an already burdened Court with unnecessary motion practice.

But Plaintiff's sealing demands are, frankly, well over the top and, we submit, worthy of the Court's attention: Bombardier wants the Court to seal a 25-year-old FAA regulatory guidance that is publicly available on the internet as well as descriptions of that guidance's

DEFENDANTS KEITH AYRE AND MARC-ANTOINE DELARCHE'S REPLY REGARDING MOTION TO FILE UNDER SEAL - 1
No. 2:18-cv-01543-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

subject matter that are indistinguishable from descriptions Bombardier itself has made in its public filings in this case. This not only violates this District's local rules and Ninth Circuit precedent, it harms Mr. Ayre and Mr. Delarche. As the Court is aware, this case is being closely followed in the industry press, and colleagues and potential future employers are forming opinions of Mr. Ayre and Mr. Delarche based on the parties' filings and the Court's rulings.[1] Bombardier's practice of demanding that public information and anodyne descriptions be redacted and sealed makes the defendants look bad, because it shields from the public—including the aviation industry—how baseless Bombardier's claims against these individual defendants really are. We request that the Court put a stop to this practice by denying the instant motion to seal and by unsealing the fully unredacted versions of Defendants Ayre and Delarche's opposition to the preliminary injunction motion and the Ayre declaration.

A. **Local Civil Rule 5(g) and the Ninth Circuit's "Compelling Reasons" Test**

The District's local rules and Ninth Circuit precedent set a high bar for withholding from public view information a party relies on in litigation. Local Civil Rule 5(g) emphasizes that "[o]nly in rare circumstances should a party file a motion, opposition, or reply under seal," and that "[t]here is a strong presumption of public access to the court's files." In the Ninth Circuit a "party seeking to seal a judicial record… bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quotation marks omitted). This is a "stringent standard," under which "a court may seal records only when it finds a compelling reason and articulates the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1096–97 (quotation marks and alteration omitted). As the Court held in its Sealing Order (ECF No. 111), the "compelling reasons" standard applies to Bombardier's motion for preliminary injunction, because it seeks the same relief, or a portion of it, requested in the underlying complaint. (*Id.* at 5.)

---

[1] *See* Exhibit A to the Declaration of Mark A. Bailey, dated May 17, 2019 (ECF No. 141).

DEFENDANTS KEITH AYRE AND MARC-ANTOINE
DELARCHE'S REPLY REGARDING MOTION TO FILE
UNDER SEAL - 2
No. 2:18-cv-01543-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

**B.      Information Concerning the 2013 Transport Canada Email Should Be Unsealed**

Defendants Ayre and Delarche's Opposition to Bombardier's Motion for Preliminary Injunction[2] (here, the "Opposition") and Keith Ayre's Declaration[3] each contain descriptions of the contents of a 2013 email from Transport Canada to Mr. Ayre, which appears in heavily redacted form in Exhibit S to the FAC.[4]  In its Response (ECF No. 227) to the Motion to Seal (ECF No. 183), Bombardier asks the Court to seal high-level descriptions of that email's subject matter, as well as a citation to a 25-year-old, publicly available FAA advisory circular.

Most of the information that Bombardier wishes to redact from the Opposition and the Ayre Declaration concerning this email is actually contained in Bombardier's own public filings in this case.[5]  For instance, the face of the redacted 2013 email that Bombardier filed with its FAC states: "[REDACTED] guidance does allow for the use of other acceptable [REDACTED] to those that are specifically identified in the AC."  (FAC Ex. S, at 7.)  "[T]he AC" refers to a particular FAA advisory circular, which is publicly available on the FAA's website.  (Sealed Opp. at 5:15–16 & n.1.)  That advisory circular is now 25 years old (Redacted Opp. at 5:15), but Bombardier deems the URL of that document its trade secret and demanded its redaction.  (*Compare* Sealed Opp. at 5 n.1, *with* Redacted Opp. at same.)[6]

The FAC itself states that the referenced email "concern[s] smoke penetration testing for Bombardier aircraft" (FAC ¶ 77), a description of the email that appears repeatedly in Bombardier's public filings (*e.g.*, ECF No. 146, at 6:11; No. 228, at 4:17–18), but which Bombardier demanded be redacted from one portion of the Opposition (*compare* Sealed Opp. at 5:13–14, *with* Redacted Opp. at same), although not another (*see* Redacted Opp. at 20:9).

---

[2] ECF No. 185 (redacted, hereafter "Redacted Opp.") & ECF No. 187 (unredacted, hereafter "Sealed Opp.").

[3] ECF No. 186 (redacted, hereafter "Redacted Decl.") & ECF No. 188 (unredacted, hereafter "Sealed Decl.").

[4] Bombardier also filed an unredacted version under seal as Exhibit A to the Danley Declaration (ECF No. 216), but it has not served that unredacted exhibit on counsel for Defendants Ayre and Delarche.

[5] Bombardier's implication that it somehow inadvertently made the discussed disclosures in its own public filings should be disregarded.  (*See* Resp. at 4:3–4.)  If Bombardier truly views each of its many publicly filed descriptions of redacted portions of the 2013 email as inadvertent disclosures of its trade secret information, then it should move to seal all of its previous public filings containing those "inadvertent disclosures."  It has yet to do so.

[6] For the sake of brevity, the following discusses and cites only to the Opposition, but applies equally to the similar redacted content in the Ayre Declaration concerning the 2013 email.

DEFENDANTS KEITH AYRE AND MARC-ANTOINE
DELARCHE'S REPLY REGARDING MOTION TO FILE
UNDER SEAL - 3
No. 2:18-cv-01543-JLR

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

Furthermore, Bombardier's reply to the very Opposition it demanded be redacted describes the 2013 email as concerning "specific equipment as an alternative for satisfying the requirements of a specific FAA circular." (ECF No. 192, at 3:7–9.)  Bombardier demanded the redaction of substantially the same language from the Opposition.  (*Compare* Sealed Opp. at 5:14–15, *with* Redacted Opp. at same.)  The only difference between Bombardier's description in its reply and the redacted statement in the Opposition is that Bombardier does not identify the type of equipment discussed in the 2013 email, whereas the Opposition does.  Bombardier apparently views the type of equipment that is used in smoke-penetration testing and which is explicitly discussed in the FAA's 1994 advisory circular not only to be a trade secret, but to be *its* trade secret.  (*Compare* Sealed Opp. at 5:14, 5:15 & 20:13, *with* Redacted Opp. at same.)

The other material in the Opposition and the Ayre Declaration that Bombardier wants sealed that it has not itself already disclosed does not identify the brand or model of the device that, six years ago, Bombardier sought Transport Canada's permission to use, or even the particular equipment that is specifically named in the FAA's 1994 advisory circular.  Instead, that currently redacted material describes the equipment in general terms, and states for what non–smoke penetration testing purposes it is sold.[7]  (*Compare* Sealed Opp. at 5:16–18 & 20:13–14, *with* Redacted Opp. at same.)

Bombardier contends that it is of no moment that the FAA guidance referred to in the 2013 email is 25 years old and publicly available, because "[t]his Court has recognized that 'a trade secret may consist of data, public sources or a combination of proprietary and public sources.'"  (Resp. at 3:25–27, quoting ECF No. 111, at 9, 15.)  The Court quoted the foregoing language in its Sealing Order from the Ninth Circuit's decision in *United States v. Nosal*, 844 F.3d 1024, 1042 (9th Cir. 2016).  (ECF No. 111, at 9:19–10:1.)  The Ninth Circuit also observed in that case that "[i]t is well recognized that it is the secrecy of the claimed trade

---

[7] Bombardier asserts in its Response, without elaboration, that the 2013 email "concern[s] systems specific to Bombardier."  (Resp. at 3:21–22.)  None of the material Bombardier demanded be redacted from the Opposition mentions any Bombardier-specific "systems."

DEFENDANTS KEITH AYRE AND MARC-ANTOINE
DELARCHE'S REPLY REGARDING MOTION TO FILE
UNDER SEAL - 4
No. 2:18-cv-01543-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

secret as a whole that is determinative." *Nosal*, 844 F.3d at 1042, quoting RESTATEMENT (THIRD) OF UNFAIR COMPETITION § 39 cmt. f (1995). Thus, this doctrine is inapplicable to an effort to seal any individual, publicly available item that may be part of the compilation; it is the *compilation* "as a whole" that can be a trade secret—if it meets the statutory definition—not individual components viewed in isolation. Further, even if the separate, publicly available item did become secret by being part of a compilation, Bombardier here has not articulated what trade secret "compilation" the advisory circular is purportedly a part of, or any other explanation of what the compilation is, how it is unique, how it was compiled, or the other information necessary to make a trade secret claim based on a compilation theory. "Compilation" is not a magic word that transforms any public information into a trade secret.

The Response confusingly states that "the regulations and other publicly available information upon which Bombardier has successfully relied upon to certify its aircraft is not publicly available." (Resp. at 4:3–4.) If this is supposed to mean that the advisory circular is a trade secret because it is not publicly known which *particular* regulations Bombardier relied upon to certify its aircraft, Bombardier is mistaken. A trade secret must be both "not… generally known" and "not… readily ascertainable by proper means." 18 U.S.C. § 1839(3)(B). It is readily ascertainable that to certify its aircraft Bombardier relied (one hopes) on at least Part 25 of the Federal Aviation Regulations (14 C.F.R. Part 25)[8]—which contains airworthiness standards for transport category aircraft (FAC ¶ 34)—and the FAA's advisory circulars regarding those regulations,[9] all of which have an "AC number" beginning with "25-", just like the advisory circular that Bombardier contends is its trade secret.

Bombardier asserts that it will be harmed by disclosure of the redacted information in two ways. First, it contends "that a competitor could learn the alternative means of testing certain safety systems without having invested a comparable amount of time or resources." (Resp. at 4:17–18) Bombardier has not, however, submitted a declaration or otherwise

---

[8] < https://www.govinfo.gov/app/details/CFR-2018-title14-vol1/CFR-2018-title14-vol1-part25>

[9] <https://www.faa.gov/regulations_policies/advisory_circulars/index.cfm/go/document.list/parentTopicID/105>

DEFENDANTS KEITH AYRE AND MARC-ANTOINE DELARCHE'S REPLY REGARDING MOTION TO FILE UNDER SEAL - 5
No. 2:18-cv-01543-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

transformed this speculation into anything more than that. In addition, Bombardier has not explained how a competitor would save time and resources by paying the PACER fees to review the unredacted Opposition rather than by typing "faa smoke detection regulations" into an internet search engine. Second, Bombardier asserts that competitors might "improperly malign Bombardier and its certification process in a false light" if they get their hands on the unredacted Opposition. (*Id.* at 4:20–21.) It is unclear to what Bombardier could possibly be referring. These supposed harms are the type of mere "hypothesis or conjecture" that a court may not rely upon to grant a motion to seal. *Ctr. for Auto Safety*, 809 F.3d at 1096–97.

For the foregoing reasons the Motion to Seal should be denied as to the Opposition and as to the Ayre Declaration pages 5:24–25, 6:3, 6:24–7:2, 6 n.1, 7:9, and 7:11.

### C.    The Description of the "FIDEX" Email Should Be Unsealed

Bombardier demanded that a description of the contents of the "FIDEX" email attached as Exhibit C to the May 13 Riedinger Declaration (ECF No. 166) be redacted from the Ayre Declaration. (Resp. at 6:7–17; *compare* Sealed Decl. at 11:23–26, *with* Redacted Decl. at same.) Bombardier asserts that it "has undertaken reasonable efforts to maintain the secrecy of this information" (Resp. at 6:15–16), a requirement for trade secret protection. 18 U.S.C. § 1839(3)(A). Bombardier's assertion is demonstrably false, as set forth in the May 13 Riedinger Declaration (ECF No. 166 ¶¶ 3, 4 & Ex. B) and the May 31 Riedinger Declaration (ECF No. 224, including its exhibits). Moreover, nothing in the language Bombardier wants redacted is anywhere near specific enough to be considered a trade secret; rather, that language is a high-level description of the document. (Sealed Decl. at 11:23–26.) For the foregoing reasons the Motion to Seal should be denied as to the Ayre Declaration page 11:23–26.

### D.    Conclusion

For the reasons herein, the Motion to Seal (ECF No. 183) should be denied, and the unredacted Opposition (ECF No. 187) and the unredacted Ayre Declaration (ECF No. 188) should be unsealed in their entirety.

DEFENDANTS KEITH AYRE AND MARC-ANTOINE
DELARCHE'S REPLY REGARDING MOTION TO FILE
UNDER SEAL - 6
No. 2:18-cv-01543-JLR

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

DATED: June 7, 2019.

**SAVITT BRUCE & WILLEY LLP**

By    *s/Jacob P. Freeman*
    James P. Savitt, WSBA #16847
    Jacob P. Freeman, WSBA #54123
    1425 Fourth Avenue Suite 800
    Seattle, Washington 98101-2272
    Telephone: 206.749.0500
    Facsimile:  206.749.0600
    Email: jsavitt@sbwLLP.com
    Email: jfreeman@sbwLLP.com

Attorneys for Defendants
Keith Ayre and Marc-Antoine Delarche

DEFENDANTS KEITH AYRE AND MARC-ANTOINE DELARCHE'S REPLY REGARDING MOTION TO FILE UNDER SEAL - 7
No. 2:18-cv-01543-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 7, 2019 I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 7th day of June, 2019 at Seattle, Washington.

*Gabriella Sanders*
Gabriella Sanders

CERTIFICATE OF SERVICE
No. 2:18-cv-01543-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500