The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

BOMBARDIER, INC.,

Plaintiff,

v.

MITSUBISHI AIRCRAFT CORPORATION, MITSUBISHI AIRCRAFT CORPORATION AMERICA INC., AEROSPACE TESTING ENGINEERING & CERTIFICATION INC., MICHEL KORWIN-SZYMANOWSKI, LAURUS BASSON, MARC-ANTOINE DELARCHE, CINDY DORNÉVAL, KEITH AYRE, AND JOHN AND/OR JANE DOES 1-88,

Defendants.

NO. 2:18-cv-01543-JLR

**REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

NOTED ON MOTION CALENDAR: June 7, 2019

*ORAL ARGUMENT REQUESTED*

DEFENDANTS KEITH AYRE AND MARC-ANTOINE DELARCHE'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
No. 2:18-cv-01543-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

**TABLE OF CONTENTS**

A. Introduction ... 1
B. The Applicable Law Is Not in Dispute ... 2
C. No "Factual Content" Connects the Claims against Ayre or Delarche with Washington ... 2
D. Jurisdictional Facts Supported by Competent Evidence May Not Be Controverted by Mere Allegation ... 4
E. Bombardier's Allegations Do Not Establish Jurisdiction ... 6
F. Bombardier Has Not Shown Harm in the Forum, a But-For Relationship Between Alleged Harm and Forum Contacts, or that Exercising Jurisdiction Is Reasonable ... 9
G. Jurisdictional Discovery Is Inappropriate Here ... 9
H. Bombardier Fails to State a Claim Against Ayre and Delarche ... 10
J. Conclusion ... 12



SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500


# TABLE OF AUTHORITIES

**Cases**

*Alperin v. Vatican Bank*,
410 F.3d 532 (9th Cir. 2005) .......... 7

*Am. Republic Ins. Co. v. Union Fidelity Life Ins. Co.*,
470 F.2d 820 (9th Cir. 1972) .......... 8

*Amini v. Pro Custom Solar LLC*,
No. SACV 17-2244 JVS, 2018 WL 6133632 (C.D. Cal. Aug. 13, 2018) .......... 7

*Aqua-Lung Am., Inc. v. Am. Underwater Prod., Inc.*,
709 F.Supp.2d 773 (N.D. Cal. 2010) .......... 8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 1, 2, 4

*AT&T Mobility LLC v. AU Optronics Corp.*,
707 F.3d 1106 (9th Cir. 2013) .......... 3

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 1, 2

*Boddy v. Pourciau*,
No. C18-1046JLR, 2018 WL 4637380 (W.D. Wash. Sept. 27, 2018) .......... 4

*Boilermakers Nat'l Annuity Tr. Fund v. WaMu Mortg. Pass Through Certs., Series AR1*,
748 F.Supp.2d 1246 (W.D. Wash. 2010) .......... 3

*Brayton Purcell LLP v. Recordon & Recordon*,
606 F.3d 1124 (9th Cir. 2010) .......... 4

*CarePartners LLC v. Lashway*,
No. C05-1104RSL, 2010 WL 1141450 (W.D. Wash. Mar. 22, 2010) .......... 3

*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*,
557 F.2d 1280 (9th Cir. 1977) .......... 5

*Gartner, Inc. v. Parikh*,
No. CV 07-2039-PSG, 2008 WL 4601025 (C.D. Cal. Oct. 14, 2008) .......... 8

*Getty Images (US), Inc. v. Virtual Clinics*,
No. C13-0626JLR, 2013 WL 4827815 (W.D. Wash. Sept. 9, 2013) .......... 9

*Getz v. Boeing Co.*,
654 F.3d 852 (9th Cir. 2011) .......... 10

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945) .......... 2

*Laub v. U.S. Dep't of Interior*,
342 F.3d 1080 (9th Cir. 2003) .......... 9

*Mavrix Photo, Inc. v. Brand Techs., Inc.*,
647 F.3d 1218 (9th Cir. 2011) .......... 4, 6, 9

DEFENDANTS KEITH AYRE AND MARC-ANTOINE DELARCHE'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT - ii
No. 2:18-cv-01543-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

*Puget Sound Surgical Ctr., P.S. v. Aetna Life Ins. Co.*,
No. C17-1190JLR, 2018 WL 1172992 (W.D. Wash. Mar. 6, 2018) .................................... 10

*Ranza v. Nike, Inc.*,
793 F.3d 1059 (9th Cir. 2015) .................................................................................... 4

*Schneider v. California Dep't of Corr.*,
151 F.3d 1194 (9th Cir. 1998) .................................................................................... 7

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir.2004) ....................................................................................... 4

*SEC v. Jammin Java Corp.*,
No. 215-CV-08921-SVW-MRW, 2016 WL 6595133 (C.D. Cal. July 18, 2016) .................. 7

*Swartz v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007) ...................................................................................... 7

*Terracom v. Valley Nat'l Bank*,
49 F.3d 555 (9th Cir. 1995) ...................................................................................... 10

*United States v. Nosal*,
844 F.3d 1024 (9th Cir. 2016) ............................................................................. 10, 11

*Van Winkle v. HM Ins. Grp., Inc.*,
72 F.Supp.3d 723 (E.D. Ky. 2014) ............................................................................. 8

*Walden v. Fiore*,
571 U.S. 277 (2014) ............................................................................................... 2, 3

**Statutes**

18 U.S.C. § 1839(3)(B) ............................................................................................. 11

DEFENDANTS KEITH AYRE AND MARC-ANTOINE DELARCHE'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT - iii
No. 2:18-cv-01543-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

**A. Introduction**

While still working for Bombardier and still performing their duties and responsibilities as Bombardier engineers, Keith Ayre and Marc-Antoine Delarche emailed information to themselves relating to their Bombardier work. They did so while working and living in Quebec. With regard to Mr. Delarche, the complaint here affirmatively shows he did so as part of performing his work for Bombardier. With regard to Mr. Ayre, the complaint contains no factual content regarding any improper purpose in doing so (and, indeed, the record that has now been developed here shows that, like Mr. Delarche, he did so as part of performing his work for Bombardier). Shortly thereafter, they left Bombardier's employ and went to work for its competitors. Mr. Delarche lived in Washington for two years, working for AeroTEC; now, and at the time of the filing of the complaint, both he and Mr. Ayre live and work in Japan for MITAC. The complaint contains no factual content regarding any use or disclosure after their departure from Bombardier of the information they emailed to themselves.

On these allegations, Bombardier not only contends that the Court must infer that Mr. Ayre and Mr. Delarche sent the emails to themselves for the purpose of stealing trade secrets and that they then improperly used or disclosed those secrets. Bombardier also contends that, on these allegations, the Court must infer that they committed intentional acts expressly aimed at Washington State, that they knew that their acts would cause harm to Bombardier here, and that in fact their acts did so.

The law supports neither contention. On the facts alleged, it is mere speculation that Mr. Ayre or Mr. Delarche made any improper use or disclosure of any trade secret, and the claim of misappropriation thus fails to state a claim under *Twombly*, *Iqbal*, and their progeny. Even more stark is the absence of a basis to exercise jurisdiction here over these Canadian citizens who currently live and work in Japan. As much as it is speculation that they ever misused any trade secret, it is even more so that they aimed their alleged wrongdoing at Washington. And Mr. Ayre and Mr. Delarche have properly submitted evidence expressly controverting the jurisdictional allegations, which Bombardier has failed to dispute.

DEFENDANTS KEITH AYRE AND MARC-ANTOINE DELARCHE'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT - 1
No. 2:18-cv-01543-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

**B.     The Applicable Law Is Not in Dispute**

On both the Due Process Clause's requirements for exercising personal jurisdiction over a foreign defendant and the minimum pleading standards under Rule 12(b)(6) as stated by the Supreme Court, there is essentially no dispute.  For example, the Ninth Circuit's three-part specific jurisdiction analysis—intentional acts + expressly aimed at forum + causing harm in the forum that defendant knew was likely—is set forth in each side's memorandum.  (*E.g.* ECF No. 228 ["Opposition" or "Opp."], at 7:18-23.)  The parties also agree upon the essential requirement of the Due Process Clause that "the nonresident generally must have 'certain minimum contacts [with the forum]... such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *Walden v. Fiore*, 571 U.S. 277, 283 (2014), quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Or, as the Supreme Court recently put it, "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden*, 571 U.S. at 284.

There is no allegation of general jurisdiction here.  Bombardier's Opposition argues only for specific, claim-related jurisdiction.  Thus, the focus is upon contacts or connections with the forum each defendant has himself created through his alleged suit-related conduct.

Concerning the standard for a motion to dismiss under Rule 12(b)(6), Bombardier does not dispute that the pleading standards set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), control.  Bombardier thus concedes that it is the "factual content" of its allegations—as distinct from "conclusions" or recitations of the elements of a claim—that must establish a plausible claim.

**C.     No "Factual Content" Connects the Claims against Ayre or Delarche with Washington**

Most of the allegations in the FAC do not reference Mr. Ayre or Mr. Delarche or their actions.  Indeed, the first three pages of the fact discussion in the Opposition do not even mention either of them.  (Opp. at 1:12-3:26.)  There are no allegations (much less allegations

DEFENDANTS KEITH AYRE AND MARC-ANTOINE DELARCHE'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT - 2
No. 2:18-cv-01543-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

supported by the requisite "factual content") of concerted action or other basis to impute to Mr. Ayre or Mr. Delarche the actions of other defendants. All of these allegations concerning other defendants are irrelevant and should be disregarded. *Boilermakers Nat'l Annuity Tr. Fund v. WaMu Mortg. Pass Through Certs., Series AR1*, 748 F.Supp.2d 1246, 1257 (W.D. Wash. 2010); *CarePartners LLC v. Lashway,* No. C05-1104RSL, 2010 WL 1141450, at *9 (W.D. Wash. Mar. 22, 2010) ("Plaintiffs… cannot simply impute [defendants] Lashway and Tyson's knowledge to any of the other defendants."), *aff'd*, 428 F. App'x 734 (9th Cir. 2011).

With regard to personal jurisdiction, "the requirements of the Due Process Clause must be satisfied individually with respect to each defendant in a case." *AT&T Mobility LLC v. AU Optronics Corp.*, 707 F.3d 1106, 1113 n.15 (9th Cir. 2013). Likewise, "a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Walden*, 571 U.S. at 286.

When allegations against other defendants are stripped away, and allegations without factual content are disregarded, Bombardier's allegations of wrongdoing against Mr. Ayre and Mr. Delarche come down to this: While living in Quebec and while working for Bombardier, two Canadian citizens each used his work computer (located in Quebec) to send to himself (in Quebec) emails that allegedly contained his Canadian employer's trade secrets. The FAC itself furthermore alleges facts showing that Mr. Delarche did so in the course of performing his duties for Bombardier, and it alleges no facts suggesting that Mr. Ayre was not doing so in the performance of his Bombardier duties. None of this has anything to do Washington, or with harm to Bombardier in Washington, and none took place here.[1]

It is simply speculation for Bombardier to allege that Mr. Ayre or Mr. Delarche may have at some later date used or disclosed those alleged trade secrets in or to Washington. We

[1] Exhibit N to the FAC, which Bombardier declines to acknowledge in its Opposition, on its face shows that Mr. Delarche was expressly asked in the days before his departure to undertake Bombardier work relating to the six documents it alleges he emailed to himself. (ECF No. 162 Ex. 3, at 3; *see also* Delarche Decl. ¶¶ 30–45.) And Bombardier in fact knows from the record on its preliminary injunction motion that its allegations against Mr. Ayre are incorrect—e.g., that the "Frederic" referenced in paragraph 79 of the FAC does not work for MITAC, as it alleged, and that Mr. Ayre sent the email referenced in that paragraph to himself as part of doing his work as a Bombardier engineer. (Ayre Decl. ¶¶ 42–54.)

DEFENDANTS KEITH AYRE AND MARC-ANTOINE DELARCHE'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT - 3
No. 2:18-cv-01543-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

submit that these conclusory allegations cannot survive a motion to dismiss under *Iqbal*, as discussed below.  (Pp. 10–12; *see also* ECF No. 158 ["Motion" or "Mot."], at 17–23.)  Regardless, in all events such speculation cannot support jurisdiction over a foreign defendant, especially where, as here, that defendant has submitted an unopposed declaration directly contradicting the plaintiff's speculative assertions.

**D.     Jurisdictional Facts Supported by Competent Evidence May Not Be Controverted by Mere Allegation**

Mr. Ayre and Mr. Delarche each submitted affidavits in which they addressed under penalty of perjury Bombardier's jurisdictional allegations against them.  (ECF No. 161 [Delarche Decl.]; No.186 [redacted Ayre Decl.] & No. 188 [unredacted Ayre Decl. filed under seal, together with the redacted version, the "Ayre Decl."].)  As this Court has recognized, in the context of a Rule 12(b)(2) motion "the court may not 'assume the truth of allegations in a pleading which are contradicted by affidavit.'"  *Boddy v. Pourciau*, No. C18-1046JLR, 2018 WL 4637380, at *3 (W.D. Wash. Sept. 27, 2018), quoting *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).  A plaintiff faced with evidence that contradicts its jurisdictional allegations "may not simply rest on the 'bare allegations of [the] complaint.'"  *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015), quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir.2004) (brackets in original).

Bombardier had the opportunity to submit evidence to address the defendants' declarations or to support its allegations—the Court even offered Bombardier the possibility for discovery in the initial conference with the Court.  (ECF No. 108, at 5:21–25.)  Had it submitted evidence, Bombardier might have benefited from the rule that "conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiff's] favor."  *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010) (quotation mark omitted, brackets in original).  The Opposition's paraphrase of this rule drops its requirement for "affidavits," a requirement which renders the rule inapplicable here:  Bombardier has not submitted affidavits or other evidence that create a factual dispute.  (*See* Opp. at 6:9–10.)

DEFENDANTS KEITH AYRE AND MARC-ANTOINE DELARCHE'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT - 4
No. 2:18-cv-01543-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

Because Bombardier chose to sue Mr. Ayre and Mr. Delarche in a foreign jurisdiction, it assumed the burden of submitting affidavits or other materials beyond its controverted pleadings that "demonstrate facts which support a finding of jurisdiction in order to avoid a motion to dismiss." *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). It has declined to do so, and its argument that its jurisdictional allegations can trump actual evidence is contrary to law. The only *facts* before the Court on this Motion are Mr. Ayre and Mr. Delarche's uncontroverted declarations. In these, Mr. Ayre and Mr. Delarche contradict Bombardier's primary jurisdictional allegation against them: that they visited Washington on MITAC business. (Ayre Decl. ¶ 8; Delarche Decl. ¶¶ 12, 13.) The Opposition does not even mention these alleged visits, showing that Bombardier never had a basis for these allegations. In addition, Mr. Delarche states in his declaration that—consistent with Exhibit N to the FAC (*see* ECF No. 162 Ex. 3, at 3)—he acquired the six air data reports at issue properly in order to do work he was asked by a Bombardier colleague to do, emailed them to himself for the purpose of doing this work, and has never reviewed, used, or disclosed any of these documents since leaving Bombardier. (Delarche Decl. ¶ 11.) Mr. Ayre also has denied using or disclosing (in or to Washington or otherwise) the purported trade secrets Bombardier alleges he had in his possession. (Ayre Decl. ¶¶ 29, 35 & 52.)

In its Opposition, Bombardier characterizes Mr. Ayre's denial of use or disclosure as "conclusory" (Opp. at 12:3–4), and it characterizes Mr. Delarche's as "a blanket denial" that is "too conclusory to be given any weight." (*Id*. at 13:18–22.) But how are these defendants to respond to Bombardier's own blanket allegation, unsupported by factual content, that they "used Bombardier trade secret information… in this judicial district" and "impermissibly disclosed Bombardier trade secret information to unauthorized third parties" (FAC ¶ 19 [Delarche] & ¶ 20 [Ayre]), other than by a denial? Had Bombardier made specific allegations of use or disclosure in Washington, or even of facts giving rise to a plausible inference of such use or disclosure, Mr. Delarche and Mr. Ayre could have responded to them specifically.

DEFENDANTS KEITH AYRE AND MARC-ANTOINE DELARCHE'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT - 5
No. 2:18-cv-01543-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

Bombardier contends that the FAC need not contain non-conclusory factual content alleging use or disclosure, because "establishing personal jurisdiction through the minimum contacts test does not have a heightened threshold or burden," and that it can make a prima facie showing of the necessary minimum contacts by "using the type of circumstantial evidence that Bombardier pled in the FAC." (Opp. at 5:24–6:1; *see also id.* 15:6–22.) But while circumstantial *evidence* may be sufficient in certain cases to make the required prima facie showing, allegations that are merely *pled* must be disregarded when the defendant has refuted them in an affidavit. *Mavrix*, 647 F.3d at 1223.

**E. Bombardier's Allegations Do Not Establish Jurisdiction**

Even if Bombardier could simply rely on its controverted allegations, they are insufficient to establish personal jurisdiction in Washington over Mr. Ayre or Mr. Delarche: the factual content of the FAC's allegations fails to support Bombardier's conclusion that either of these defendants expressly aimed wrongful conduct at Washington, or that either caused harm here, or that either knew that something he did was likely to cause harm here.

Regarding Mr. Ayre, Bombardier distills its arguments and allegations to the following:

> Based on the trade secrets he took, it is reasonable to conclude that his communications with colleagues working on the MRJ certification efforts in Washington State would include the use and disclosure of Bombardier's trade secrets—the very activities underlying Bombardier's claims against Ayre.

(Opp. at 9:15–18.) In short, Bombardier alleges that because Mr. Ayre emailed Bombardier documents to himself in connection with doing his work for Bombardier in Quebec—the only allegation against him with "factual content"—it has a basis to allege not only that he used or disclosed those documents while working in Japan, but also that he transmitted them to people in Washington with the knowledge that he would cause harm to Bombardier in Washington.

The Opposition's assumption that Mr. Ayre communicated with colleagues in Washington about the material it has identified as a trade secret is not alleged in the FAC. Nor is Bombardier's speculation that Mr. Ayre "has been directly involved in flight test activities

DEFENDANTS KEITH AYRE AND MARC-ANTOINE DELARCHE'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT - 6
No. 2:18-cv-01543-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

taking place in this forum" (Opp. at 9:15) alleged anywhere in the FAC; it is thus bizarre that Bombardier faults Mr. Ayre for not denying it (*see id.* at 9:14–15). Because these allegations do not appear in the FAC and are not supported by admissible evidence, the Court should not consider them. *See Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss."); *see also SEC v. Jammin Java Corp.*, No. 215-CV-08921-SVW-MRW, 2016 WL 6595133, at *12 (C.D. Cal. July 18, 2016) (refusing to consider new allegations in plaintiff's opposition to 12(b)(2) motion), citing *Schneider*, 151 F.3d at 1197.[2]

But even if these allegations were in Bombardier's FAC, they are "mere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations [that] will not satisfy a plaintiff's pleading burden." *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007) (per curiam), quoting *Alperin v. Vatican Bank*, 410 F.3d 532, 539 n.1 (9th Cir. 2005). There is no "factual content" supporting the conclusory allegation—revealed as a speculative assumption by the Opposition—that Mr. Ayre used or disclosed any Bombardier trade secret, much less that he did so in or to Washington.

Bombardier argues that *Amini v. Pro Custom Solar LLC*, No. SACV 17-2244 JVS, 2018 WL 6133632 (C.D. Cal. Aug. 13, 2018), supports its position. In that case the defendant had targeted marketing phone calls at residents of specified and identified zip codes in the forum state, allegedly in violation of the TCPA. *Id.* at *5. *Amini* thus actually defeats Bombardier's argument, because, unlike that case, here there is no uncontroverted allegation in the FAC—let alone any evidence or factual content supporting such an allegation—that Mr. Ayre directed any wrongful conduct at Washington.

---

[2] In addition to making new allegations, Bombardier also mischaracterizes an allegation it did make in its FAC. In its Opposition, Bombardier asserts that Mr. Ayre "sent to his personal account, just before his departure, emails containing trade secret information related to System Safety Analysis," and cites for support paragraph 79 of the FAC. (Opp. at 4:22–24.) In fact, that paragraph references one email, not multiple "emails," and Bombardier alleges that Mr. Ayre sent that single email to someone it says is a MITAC employee named "Frederic." (FAC ¶ 79.) Mr. Ayre's declaration shows this is false (*see* Ayre Decl. ¶ 45), which Bombardier now concedes.

DEFENDANTS KEITH AYRE AND MARC-ANTOINE DELARCHE'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT - 7
No. 2:18-cv-01543-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

Regarding Mr. Delarche, Bombardier's jurisdictional argument is that

> the facts and events that Bombardier described in the FAC regarding the value of the trade secrets Delarche took, the relationship of those trade secrets to the certification process, and Delarche's role in certifying the MRJ at AeroTEC and MITAC stand uncontroverted, and all reasonable inferences from those events weigh in Bombardier's jurisdictional favor.

(Opp. at 13:22–26.)  Bombardier thus asserts jurisdiction over Mr. Delarche exists in Washington because (1) he possessed allegedly valuable trade secrets related to aircraft certification while (2) working on certifying a competitor's aircraft in the forum.  Bombardier does not dispute Mr. Delarche's explanation in his declaration that he came to possess the six air data reports properly, in the course of his duties as a Bombardier employee.  (Delarche Decl. ¶¶ 30–43; *see also* FAC Ex. N.)  Bombardier complains that Mr. Delarche does not know if these reports remain somewhere in an email account, and asserts that "there is no acceptable excuse for his continued possession of the trade secrets three years after his departure."  (Opp. at 13:11–13.)  Even if so, that does not change the proper circumstances of Mr. Delarche's *acquisition* of the information, nor does it suggest use or disclosure.

Even if Bombardier had pled improper *possession*, which it did not, that claim would fail, because it is not a cognizable ground for liability.  Courts analyzing the UTSA routinely hold that the statute "prohibits only the disclosure or use of a trade secret, not its mere possession."  *Aqua-Lung Am., Inc. v. Am. Underwater Prod., Inc.*, 709 F.Supp.2d 773, 788 (N.D. Cal. 2010); *accord Van Winkle v. HM Ins. Grp., Inc.*, 72 F.Supp.3d 723, 736–37 (E.D. Ky. 2014); *Gartner, Inc. v. Parikh*, No. CV 07-2039-PSG, 2008 WL 4601025, at *5 (C.D. Cal. Oct. 14, 2008); *see also Am. Republic Ins. Co. v. Union Fidelity Life Ins. Co.*, 470 F.2d 820, 825 n.3 (9th Cir. 1972) (pre-UTSA case holding "[u]se is distinguishable from mere possession and may be actionable while possession is not").  This only makes sense, because many employees leave one job for another with knowledge of trade secrets.  They would be liable if they then improperly used or disclosed that knowledge, but a former employer cannot state a

DEFENDANTS KEITH AYRE AND MARC-ANTOINE DELARCHE'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT - 8
No. 2:18-cv-01543-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

claim against a former employee based only on the allegation that he or she knows (i.e., possesses) the employer's trade secrets and went to work for a competitor.

**F.   Bombardier Has Not Shown Harm in the Forum, a But-For Relationship Between Alleged Harm and Forum Contacts, or that Exercising Jurisdiction Is Reasonable**

Bombardier's harm arguments depend on its assertions that Mr. Ayre and Mr. Delarche used or disclosed trade secrets in the forum.[3]  (Opp. at 11–12.)  For the reasons set immediately above, those assertions are insufficient under a personal jurisdiction analysis.  In any event, however, Bombardier fails to connect *to this forum* any alleged "harm to Bombardier's competitive advantage, in at least the form of the devaluation of Bombardier's trade secrets" (Opp. at 11:21–22; *see further* Mot. at 13:11–16.)

Bombardier has likewise not alleged a but-for relationship between its alleged injury and any alleged forum-related activity (Mot. at 14:16–26), and Bombardier's repetition of its speculation does not change that (*see* Opp. at 12:17–21).

Regarding the "reasonableness" factors, Bombardier's counterarguments are speculative (*id.* at 17:4), focus on irrelevant facts (*id.* at 18:5–12) or on other defendants (*id.* at 18:13–21), and ignore the fact that Bombardier's case against Mr. Ayre and Mr. Delarche is that of a Canadian corporation suing Canadian citizens for sending emails from Canada, to Canada (*id.* at 17:14–18:4).  Even if these defendants had the requisite minimum contacts with Washington, it would not be reasonable for a court here to exercise jurisdiction over them.  (Mot. at 15–17.)

**G.   Jurisdictional Discovery Is Inappropriate Here**

Bombardier quotes *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003), for the proposition that jurisdictional discovery "should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary" (quotation marks and brackets omitted).  Bombardier

---

[3] Bombardier's argument concerning the Motion's use of the phrase "jurisdictionally significant harm" is confusing, and beside the point.  We use the phrase in the same way as the Ninth Circuit in *Mavrix*, 647 F.3d at 1231, and this Court in *Getty Images (US), Inc. v. Virtual Clinics,* No. C13-0626JLR, 2013 WL 4827815, at *5 (W.D. Wash. Sept. 9, 2013).

DEFENDANTS KEITH AYRE AND MARC-ANTOINE DELARCHE'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT - 9
No. 2:18-cv-01543-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

correctly cites the rule but misapplies it: here there are no controverted facts, because Bombardier has not come forward with any. Instead, it relies on the speculative allegations in its complaint (and in its Opposition). But such "purely speculative allegations of attenuated jurisdictional contacts" do not support granting jurisdictional discovery. *Getz v. Boeing Co.*, 654 F.3d 852, 860 (9th Cir. 2011). And, in any event, Bombardier was previously offered the opportunity for discovery, which it declined.

The record already demonstrates the falsity of some of Bombardier's allegations (e.g., that Mr. Ayre and Mr. Delarche visited Washington on MITAC business). Throwing jurisdictional allegations against the wall to see if they stick should not be rewarded with a chance to fish for evidence. "[A] court need not permit jurisdictional discovery 'where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants.'" *Puget Sound Surgical Ctr., P.S. v. Aetna Life Ins. Co.*, No. C17-1190JLR, 2018 WL 1172992, at *7 (W.D. Wash. Mar. 6, 2018), quoting *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 562 (9th Cir. 1995).

### H. Bombardier Fails to State a Claim Against Ayre and Delarche

The parties agree that only non-conclusory allegations with "factual content" can support Bombardier's claim for trade secret misappropriation. The Opposition does not point to any non-conclusory allegations of improper acquisition, use, or disclosure in the FAC, with one exception—and the exception relates to publicly available information for which no factual basis is alleged to support the conclusory allegation that it constitutes a trade secret.

Bombardier admits that the purported trade secret in Mr. Ayre's draft August 18, 2016 email addressed to Fukuda-san is language taken verbatim from the Federal Register (Opp. at 21:7–8), but it maintains without explaining how that it represents a "secret combination, compilation, or integration" (*id.* at 21:10–16, quoting *United States v. Nosal*, 844 F.3d 1024, 1042 (9th Cir. 2016)). The word "compilation" is not, however, a magic wand that can turn any public information into a trade secret just by Bombardier's own say-so, and Bombardier fails to allege any factual content at all explaining what the secret combination or compilation

DEFENDANTS KEITH AYRE AND MARC-ANTOINE DELARCHE'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT - 10
No. 2:18-cv-01543-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

is. Furthermore, even if Bombardier had, it is the *compilation* itself that can be a trade secret—if it meets the statutory definition—not its individual components viewed in isolation. As the Ninth Circuit states in the case Bombardier itself relies upon: "It is well recognized that it is the secrecy of the claimed trade secret as a whole that is determinative." *Nosal*, 844 F.3d at 1042 (quotation mark and citation omitted). An email that points someone to and quotes from information in the Federal Register for background on a subject is not and cannot be a trade secret "compilation." Thus, the allegations regarding the draft email offer no support to a claim for trade secret misappropriation. (Mot. at 19:21–27; *see also* ECF No. 222.)[4] Separately, a trade secret must be "not… readily ascertainable by proper means." 18 U.S.C. § 1839(3)(B). It is readily ascertainable that Bombardier relies on at least Part 25 of the Federal Aviation Regulations (14 C.F.R. Part 25) to certify its aircraft (FAC ¶ 34). (See *id.* Ex. S, at 9.)

With regard to the other alleged secrets, Bombardier alleges "improper acquisition" based only on the emailing of the documents during and in connection with the Defendants' work at Bombardier. The Opposition does not dispute that Exhibit N to the FAC, when translated into English (ECF No. 162 Ex. 3, at 3), plainly shows that Mr. Delarche properly "acquired" the six air data reports at issue in the normal course of his job as a Bombardier engineer. (Mot. at 5:3–10; *id.* at 20:4–16.) Concerning the rest of the documents at issue regarding Mr. Ayre, Bombardier lumps them together and asserts that the timing of their emailing is enough to establish that their acquisition was improper. Bombardier challenges Defendants Ayre and Delarche to explain why the Court's reasoning in its Order concerning Defendant Basson "should not apply equally to defendants who are accused of trade secret misappropriation on *the day before* a defendant's last day of work (Ayre), or during their last two weeks of work after having given notice (Delarche). (Opp. at 22:16–16, citations omitted.)

---

[4] So it is clear, Defendants Ayre and Delarche do not concede that information in the documents they are alleged to have misappropriated is Bombardier's trade secret. Indeed, their counsel has not even been provided unredacted copies of those documents, which have been withheld by Bombardier—despite assurances that counsel will not do anything contrary to the terms of the stipulated protective order, pending addressing the additional terms necessary regarding Ayre and Delarche, which Bombardier has finally acknowledged. (ECF No. 226, at 3:21–23.) Bombardier still has not served on these defendants or their counsel the documents it has filed under seal.

DEFENDANTS KEITH AYRE AND MARC-ANTOINE DELARCHE'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT - 11
No. 2:18-cv-01543-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

The response is plain: a person who emails a document to himself before his last day of work still is working for his then-current employer, and still has time to complete that work before departing. Exhibit N to the FAC affirmatively shows this was the case with Mr. Delarche; it is the reasonable inference in the case of Mr. Ayre; and indeed, the record here expressly shows and explains why Mr. Ayre (and Mr. Delarche) sent these documents to themselves. (*E.g.*, Ayre Decl. ¶¶ 19–54; Delarche Decl. ¶¶ 19–45.) All of the allegations of any use or disclosure after departure from Bombardier are entirely devoid of factual content.

Bombardier asks the Court to assume such use or disclosure (Opp. at 23:9–18), and relies on the Court's earlier Order on the other defendants' motions to dismiss in this regard. (Opp. at 13:27–15:5, relying on ECF No. 136, at 24:19–22, 25:3–8.) This reliance, however, is misplaced, for two reasons. First, as noted above, neither sent the material at issue to himself on his last day of employment; to the contrary, both sent the information while still working for and still performing their duties and responsibilities to Bombardier. On these allegations alone—and that is all there is here—it is not a reasonable inference that the material was sent for the purpose of stealing trade secrets. Second, Mr. Delarche and Mr. Ayre have properly submitted evidence rebutting Bombardier's misappropriation allegations, and Bombardier did not respond. There is a record here that renders unreasonable the inference that Bombardier demands be drawn. This destroys whatever "reasonableness" or "plausibility" Bombardier's allegations even arguably had, because all Bombardier is left with is alleged possession and employment by a competitor, which is not enough.

Finally, Bombardier's claim against Mr. Delarche for breach of contract must be dismissed for the same reasons as its use and disclosure claims. (Mot. at 22:12–23:9.)

### J. Conclusion

For all of the reasons set forth herein and in their Motion (ECF No. 158), Defendants Keith Ayre and Marc-Antoine Delarche respectfully move the Court to dismiss the FAC's claims against them, which include Counts 13 (DTSA), 14 (WUTSA), and 15 (breach of contract) against Mr. Delarche, and Counts 22 (DTSA) and 23 (WUTSA) against Mr. Ayre.

DEFENDANTS KEITH AYRE AND MARC-ANTOINE DELARCHE'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT - 12
No. 2:18-cv-01543-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

DATED: June 7, 2019.

SAVITT BRUCE & WILLEY LLP

By *s/James P. Savitt*

James P. Savitt, WSBA #16847
Jacob P. Freeman, WSBA #54123
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
Telephone: 206.749.0500
Facsimile: 206.749.0600
Email: jsavitt@sbwLLP.com
Email: jfreeman@sbwLLP.com

Attorneys for Defendants
Keith Ayre and Marc-Antoine Delarche

DEFENDANTS KEITH AYRE AND MARC-ANTOINE DELARCHE'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT - 13
No. 2:18-cv-01543-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 7, 2019 I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 7th day of June, 2019 at Seattle, Washington.

Gabriella Sanders

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500