The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| BOMBARDIER, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MITSUBISHI AIRCRAFT CORPORATION, MITSUBISHI AIRCRAFT CORPORATION AMERICA INC., AEROSPACE TESTING ENGINEERING & CERTIFICATION INC., MICHEL KORWIN-SZYMANOWSKI, LAURUS BASSON, MARC-ANTOINE DELARCHE, CINDY DORNÉVAL, KEITH AYRE, AND JOHN AND/OR JANE DOES 1-88,<br><br>Defendants. | NO.   2:18-cv-01543-JLR<br><br>**DEFENDANTS KEITH AYRE AND MARC-ANTOINE DELARCHE'S OPPOSITION TO BOMBARDIER INC.'S MOTION TO SEAL THE DECLARATION OF MICHAEL BORFITZ AND EXHIBITS A, B, F–I, K, AND L TO THE DECLARATION OF JEFFREY DANLEY**<br><br>NOTED ON MOTION CALENDAR:<br>June 14, 2019<br><br>*ORAL ARGUMENT REQUESTED* |

## I.   INTRODUCTION

As noted in our recently filed reply regarding another motion to file under seal, we do not wish to inconvenience the Court with arguments regarding the merits of Bombardier's trade secret claims. For the most part, those claims are properly resolved on summary judgment or at trial. But no fact development or further analysis is necessary to resolve, and to reject, Bombardier's claims that the documents at issue here must be sealed. On their face these documents disclose that, with at most one exception, they merely cite or quote from publicly

DEFENDANTS KEITH AYRE AND MARC-ANTOINE
DELARCHE'S OPPOSITION TO BOMBARDIER'S MOTION
TO SEAL - 1
No. 2:18-cv-01543-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

available and easily accessible regulatory guidance that by its nature is confidential to no one. The one possible exception is a third-party vendor's specification document that conceivably might be proprietary to *that third party*, but is indisputably not Bombardier's own trade secret.

By redacting and designating information as its own trade secret that in fact is available to the public, Bombardier makes communications that would be innocent if revealed appear instead to be nefarious. And in the process it creates unnecessary motion practice that distracts the parties and the Court from the real issues in this case. We submit that the documents that are subject to Bombardier's instant motion to seal should be either unsealed or stricken from the record, and urge the Court to deny the motion for the reasons set forth herein.

## II.  STATEMENT OF FACTS

In response to the Court's May 1, 2019 order (ECF No. 144), Bombardier filed an Updated Motion for Preliminary Injunction against MITAC, Keith Ayre, and Marc-Antoine Delarche (ECF No. 146, hereafter the "Injunction Motion"). Defendants Ayre and Delarche opposed the Injunction Motion on May 13 (ECF No. 185 [re-filed redacted version], No. 187 [re-filed sealed version], hereafter the "Injunction Opposition"), and Bombardier filed its reply on May 17 (ECF No. 192, hereafter "Injunction Reply"). Along with its Injunction Reply, Bombardier filed the redacted Declaration of Michael Borfitz (ECF No. 197) and the Declaration of Jeffrey E. Danley along with twelve associated exhibits, eight of which contained some level of redaction (ECF No. 196). At that time, Bombardier did not serve unredacted copies of the eight exhibits on Defendants Ayre and Delarche, or the other defendants, nor did it indicate that it planned to file unredacted versions.

On May 22, Defendants Ayre and Delarche filed a surreply to strike the Danley Exhibits and the Borfitz Declaration. (ECF No. 213.) The next day Bombardier's counsel stated that Bombardier planned to move to file under seal unredacted versions of the Danley Exhibits and the Borfitz Declaration. Bombardier filed its Motion to File Under Seal (ECF No. 215, hereafter the "Motion to Seal" or "Mot.") and also filed under seal unredacted copies of the Borfitz Declaration (ECF No. 217) and the eight redacted Danley Exhibits (ECF

DEFENDANTS KEITH AYRE AND MARC-ANTOINE DELARCHE'S OPPOSITION TO BOMBARDIER'S MOTION TO SEAL - 2
No. 2:18-cv-01543-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

No. 216). Bombardier served unredacted copies of those sealed filings on counsel for the MITAC and MITAC America and counsel for the AeroTEC defendants, but not on counsel for Defendants Ayre and Delarche.

### III.   ARGUMENT

None of the documents subject to Bombardier's Motion to Seal should be kept from the public. Bombardier has not followed this District's local rules for sealing, it has not attempted to satisfy the Ninth Circuit's controlling standard for sealing, and the documents it wishes to seal do not in fact satisfy that standard or any other definition of confidentiality.

**A.   Bombardier Has Not Attempted to Satisfy This District's Local Civil Rules or the Ninth Circuit's "Compelling Reason" Standard**

This District's and the Ninth Circuit's requirements for filing papers in support of a dispositive motion are set forth in Defendants Ayre and Delarche's reply regarding the motion to seal portions of the Injunction Opposition and the Ayre Declaration. (ECF No. 231, at 2:12–25.) Contrary to those clear requirements, Bombardier has not provided a specific statement of the reasons for keeping the Danley Exhibits and the Borfitz Declaration under seal. *See* LCR 5(g)(3)(B). There is nothing specific about its assertion that the documents Bombardier wishes to seal "either contain or describe Bombardier confidential and/or proprietary trade secret information that is the subject of this trade secret misappropriation suit." (Mot. at 3:14–16.) Likewise, the Motion to Seal lumps together six of the Danley Exhibits—emails Mr. Ayre allegedly sent from his work email address to his personal email address—and asserts that they "disclose and describe Bombardier confidential and/or trade secret information." (*Id.* at 3:24–26.) Such vague contentions are not sufficient under Local Civil Rule 5(g).

Nor do such statements come close to satisfying the controlling Ninth Circuit standard, under which the proponent of sealing is "required to present 'articulable facts' identifying the interests favoring continued secrecy, and to show that these specific interests overc[o]me the presumption of access by outweighing the 'public interest in understanding the judicial process.'" *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1181 (9th Cir. 2006),

DEFENDANTS KEITH AYRE AND MARC-ANTOINE DELARCHE'S OPPOSITION TO BOMBARDIER'S MOTION TO SEAL - 3
No. 2:18-cv-01543-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003) (internal citation omitted). There are no such articulable facts in the Motion to Seal.

Nor does the Borfitz Declaration support sealing. For the most part, that declaration attempts to connect certain of the Danley Exhibits to Mr. Ayre's draft statement of work for a potential position at MITAC. (*Cf.* FAC Ex. S, at 5–6.) For some, but not all, of those exhibits, Mr. Borfitz also asserts that certain information an exhibit contains would be value to a Bombardier competitor. None of these statements are supported.

**B.     On Their Face, None of the Danley Exhibits, or the Borfitz Declaration, Should Be Sealed**

The information Bombardier wishes to seal from the Danley Exhibits and the Borfitz Declaration is either publicly available or not confidential to Bombardier, as described below. Plaintiff's two-and-one-half-page Motion to Seal does not attempt to explain why such public or third-party information should be sealed from public view.

In other filings with the Court, Bombardier has taken the position that otherwise publicly available information can be filed under seal in this case because "[t]his Court has recognized that 'a trade secret may consist of data, public sources or a combination of proprietary and public sources.'" (ECF No. 227, at 3:25–27, quoting ECF No. 111, at 9, 15.) The Court quoted the foregoing language from the Ninth Circuit's decision in *United States v. Nosal*, 844 F.3d 1024, 1042 (9th Cir. 2016). (ECF No. 111, at 9:19–10:1.) The Ninth Circuit observed in that case that "[i]t is well recognized that it is the secrecy of the claimed trade secret as a whole that is determinative." *Nosal*, 844 F.3d at 1042, quoting RESTATEMENT (THIRD) OF UNFAIR COMPETITION § 39 cmt. f (1995). The "compilation" doctrine is thus inapplicable to any individual, publicly available item that may be part of the compilation; it is the *compilation* "as a whole" that can be a trade secret—if and provided that it meets the requisites required of such compilations—not individual components when not part of that whole.

Further, even if the separate, publicly available item did become secret by being part of a secret compilation, Bombardier here has not articulated what secret compilation any

DEFENDANTS KEITH AYRE AND MARC-ANTOINE DELARCHE'S OPPOSITION TO BOMBARDIER'S MOTION TO SEAL - 4
No. 2:18-cv-01543-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

particular publicly available document is a part of or explained how such compilation is unique or how it was compiled, nor has Bombardier provided any of the other information necessary to make a trade secret claim based on a compilation theory.

While Bombardier's Motion to Seal is not the occasion to litigate the merits of Bombardier's underlying trade secret claims, this District's local rules require some explanation of the legitimate private or public interests that warrant sealing.  LCR 5(g)(3)(B).  Where, as here, the plaintiff grounds its motion to seal on a claim that the material in question constitutes a trade secret, it must make some showing beyond mere ipse dixit, otherwise the District's rules and the Ninth Circuit's precedent mean nothing.  But Bombardier has declined to make anything beyond conclusory arguments.  Moreover, the Court need not hold a mini-trial to decide that the Danley Exhibits and the Borfitz Declaration are not properly sealed: those materials on their face disclose that they cannot be Bombardier's trade secrets.

1. **Exhibit A:  2013 email from Transport Canada.**

Nothing in this email is confidential to Bombardier, let alone a trade secret.  Plaintiff seeks to seal from public view information that itself has disclosed in this litigation, the identity of a publicly available and easily locatable FAA regulatory guidance, and the names of products manufactured by third parties.  There is no legitimate interest warranting the redactions made to this email, and Bombardier cannot show that any injury will result from unsealing the unredacted version.[1]

Much of the redacted and sealed information in this email is actually revealed and stated in Bombardier's own public filings in this case.  For instance, the face of the redacted 2013 email states: "[REDACTED] guidance does allow for the use of other acceptable [REDACTED] to those that are specifically identified in the AC."  (Redacted Ex. A.)  "[T]he

---

[1] Exhibit A is the same email that is heavily redacted in Exhibit S to the FAC and discussed in the Injunction Opposition (at 5:9–6:6, 16:3–21, 18:6–8), and the reply regarding the motion to seal the Injunction Opposition and the Ayre Declaration (ECF No. 231, at 3–6).

DEFENDANTS KEITH AYRE AND MARC-ANTOINE DELARCHE'S OPPOSITION TO BOMBARDIER'S MOTION TO SEAL - 5
No. 2:18-cv-01543-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

AC" refers to a particular FAA advisory circular, which is publicly available on the FAA's website. (Injunction Opposition [filed under seal: ECF No. 187], at 5:15–16 & n.1.)[2]

Bombardier also discloses in its FAC that the referenced email "concern[s] smoke penetration testing for Bombardier aircraft" (FAC ¶ 77), a description of the email that appears repeatedly in Bombardier's public filings (*e.g.*, ECF No. 146, at 6:11; No. 228, at 4:17–18). But Bombardier has redacted the phrase "smoke penetration testing" from Exhibit A every time it appears. Bombardier also redacts from Exhibit A every mention of the type of equipment being discussed, so Bombardier apparently views the type of equipment that is used in smoke-penetration testing and which is explicitly discussed in the FAA's 1994 advisory circular not only to be a trade secret, but somehow to be *its* trade secret. Indeed, the name of one of the two models of that equipment mentioned in the email is contained in that advisory circular, but Bombardier redacts that information too. Even the brand and model of the equipment Bombardier proposes using in the alternative to that mentioned in the advisory circular is not Bombardier's trade secret. Does Bombardier truly claim as secret the identity of equipment it uses in *safety* testing? Bombardier has not attempted to show that the rest of the industry does not already use this same equipment, much less that it doesn't know of it.

Indeed, Bombardier even wishes to keep secret the identity of the FAA's publicly available regulatory guidance, which is cited in the unredacted Exhibit A. Bombardier contends in one of its other filings that it does not matter that the cited FAA guidance is 25 years old and publicly available, because it is part of a trade secret compilation. (ECF No. 227, at 3:25–27.) As set forth above, this doctrine does not apply to a single regulatory guidance, discussed in isolation. There is no identifiable "compilation" here.

---

[2] Bombardier implies in its Response regarding the motion to seal the Injunction Opposition and the Ayre Declaration that it inadvertently made the discussed disclosures in its own public filings. (ECF No. 227, at 3:13–17.) This should be disregarded, not least because Bombarder has failed to address the purported inadvertent disclosure. If Bombardier views its publicly filed descriptions of redacted portions of the 2013 email as inadvertent disclosures of its trade secret information, then it should have moved to seal all of its previous public filings containing those "inadvertent disclosures." It has not done so.

DEFENDANTS KEITH AYRE AND MARC-ANTOINE
DELARCHE'S OPPOSITION TO BOMBARDIER'S MOTION
TO SEAL - 6
No. 2:18-cv-01543-JLR

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

Furthermore, a trade secret must be both "not… generally known" and "not… readily ascertainable by proper means." 18 U.S.C. § 1839(3)(B). It is readily ascertainable that to certify its aircraft Bombardier relied on at least Part 25 of the Federal Aviation Regulations (14 C.F.R. Part 25)[3]—which contains airworthiness standards for transport category aircraft (FAC ¶ 34)—and the FAA's advisory circulars regarding those regulations,[4] all of which have an "AC number" beginning with "25-", just like the advisory circular that Bombardier contends is its trade secret. Relatedly, the identity of that advisory circular can be "reverse engineered," 18 U.S.C. § 1839(6)(B), from Bombardier's own public descriptions of this email by typing "faa smoke penetration regulations" into an internet search engine. The ease with which this information can be identified shows not only that it is not Bombardier's trade secret, but also that its disclosure could not possibly injure Bombardier.

Indeed, the Motion to Seal hardly bothers to argue why this email should be sealed. It just applies to this exhibit the same "confidential and/or trade secret information" assertion it applies to all of the documents subject to the Motion. Concerning this exhibit, the Borfitz Declaration states that "[d]ialogue such as this between a regulatory agency official and an aircraft company, discussing particular steps that may or may not be taken to ensure compliance with regulations, is typically treated as confidential and it is generally understood on both sides that the information will not be disclosed or otherwise disseminated." (Borfitz Decl. ¶ 12.) This assertion is not tied to this particular email, nor does it address that this email is now almost six years old. Mr. Borfitz's conclusory assertion that the email would "provide valuable information for other potential competitors of Bombardier" is not explained. (*Id.*)

**2.  Exhibit B:  FAA website search results.**

Bombardier apparently redacted the FAA website search results because they reflect the brand or model name of the equipment discussed in the 2013 Transport Canada email. (*See*

---

[3] < https://www.govinfo.gov/app/details/CFR-2018-title14-vol1/CFR-2018-title14-vol1-part25>

[4] <https://www.faa.gov/regulations_policies/advisory_circulars/index.cfm/go/document.list/parentTopicID/105>

DEFENDANTS KEITH AYRE AND MARC-ANTOINE
DELARCHE'S OPPOSITION TO BOMBARDIER'S MOTION
TO SEAL - 7
No. 2:18-cv-01543-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

ECF No. 192, at 3:11–15.) For the same reasons Exhibit A should not be sealed, neither should Exhibit B.

        **3.**        **Exhibit F: 2014 "Ducted Smoke Det Spec" email.**

Like Exhibit A, Exhibit F cannot be considered a trade secret "compilation," because it is an email attaching a single document created by a third party and describing that third party's product. That document conceivably could be confidential to the third party, but not to Bombardier.

The redacted version of the 2014 email in Exhibit F shows that the email attaches a PDF file named <R-7748_-G Ducted Smoke Det_Soft Reqt Spec.pdf>. The PDF attachment is a 41-page-long document, all of which is redacted from the publicly filed version of the exhibit. That document, which has a 2010 copyright date, is titled "R-7748 / Software Requirements Specifications (SRS) / Model [ ] Ducted Smoke Detector," all of which is indicated by the unredacted file name of the PDF.[5] The document was created and published by the third-party vendor that manufactures the smoke detector described in the document. The email itself contains an image of a portion of that PDF, which is redacted from the publicly filed version of the exhibit. The information in the image appears on page 29 of 41 of the PDF document.

This third party's specification document, existing by itself and not even arguably as a "compilation," is not Bombardier's trade secret or otherwise confidential or proprietary to Bombardier. *See Nosal*, 844 F.3d at 1042. The only reason to file it under seal would be to protect the *third party's* confidential information. But since Bombardier does not mention the Software Requirements Specifications document in its Reply, there is no reason for it to have been filed in the first place. Exhibit F should be unsealed, or stricken from the record.

        **4.**        **Exhibit G: "SSA analysis" email.**

This exhibit, which is almost entirely redacted, appears based on its "sent" time to be the same email MITAC submitted in unredacted form as Exhibit C to the Riedinger

---

[5] We leave out the manufacturer and model number of the smoke detector in order to not disclose information that Bombardier may, however incorrectly, consider confidential.

DEFENDANTS KEITH AYRE AND MARC-ANTOINE
DELARCHE'S OPPOSITION TO BOMBARDIER'S MOTION
TO SEAL - 8
No. 2:18-cv-01543-JLR

**SAVITT BRUCE & WILLEY LLP**
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

1 Declaration. Exhibit G was referred to in Bombardier's FAC (¶ 79) and in its Injunction
2 Motion (at 6:12–13). In order for information to receive statutory trade secret protection, the
3 proponent must show that it has "taken reasonable measures to keep such information secret."
4 18 U.S.C. § 1839(3)(A).

5 As set forth in the May 13 Riedinger Declaration (ECF No. 166 ¶¶ 3, 4 & Ex. B) and
6 the May 31 Riedinger Declaration (ECF No. 224, including its exhibits), Bombardier disclosed
7 this email to counsel for MITAC without any confidentiality designation, despite the fact that
8 on its face it is a document that describes a Bombardier aircraft. Bombardier has not stated
9 what, if anything, it did to determine whether this email contained its own trade secrets before
10 it disclosed it to opposing counsel without any confidentiality designation. Such nonchalance
11 is incompatible with the claim that this document contains any Bombardier trade secret. And
12 Bombardier's backpedaling now to assert "attorneys' eyes only" protection over the document
13 is an abuse of the stipulated protective order.

14 Moreover, Bombardier's Motion to Seal does not state what information in this
15 Exhibit G it argues is its trade secret. But based on its redactions, Bombardier apparently
16 believes every word in the email qualifies for trade secret protection, including the name
17 "Frederic," which Bombardier disclosed in its own pleading. (FAC ¶ 79.) Such over-redaction
18 flouts Local Rule 5(g)'s direction that parties minimize filings under seal.

19 **5.    Exhibit H: "Supplier CID" email.**

20 As with Exhibit A, the information redacted from this exhibit is publicly available and
21 not arguably part of any secret compilation. This exhibit is a forwarded October 15, 2015
22 email from Damien Toulouse to Mr. Ayre and two other people, all apparently Bombardier
23 employees. The copy of this exhibit that Bombardier filed on the public docket for this case
24 contains a large block redaction. A portion of that redaction is what appears to be an image
25 that was pasted into the email. The image states requirements for "CIDs," and it contains what
26 appears to be an identification code associated with those requirements. An internet search for
27 that code returns, as the first result, a Wikipedia article describing guidance issued by SAE

DEFENDANTS KEITH AYRE AND MARC-ANTOINE
DELARCHE'S OPPOSITION TO BOMBARDIER'S MOTION
TO SEAL - 9
No. 2:18-cv-01543-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

International, which is a U.S.-based professional association and standards developing organization for engineering professionals in various industries, including aerospace. The Wikipedia article contains a link to SAE International's website, where the referenced guidance is available for sale to the general public. The Wikipedia article also states that the FAA recognized this guidance in an advisory circular published in 2011, and gives that guidance's "AC" number. A search for that number on the FAA's website[6] returns the publicly available copy of the referenced advisory circular. Thus, for the same reasons Exhibit A is not properly filed under seal, neither is Exhibit H.

**6.     Exhibit I: Keith Ayre email log.**

On page 1 of 17 of this document, Bombardier has redacted part of the subject of the forwarded 2013 Transport Canada email contained in Exhibit A, described above. For the same reasons Exhibit A should not be sealed, neither should Exhibit I.

**7.     Exhibit K: "Technical Knowledge gaps" email.**

The unredacted portions of this exhibit show that it is an email chain between Mr. Ayre and another Bombardier engineer, Danilo Verrelli, from March and June 2015. Mr. Ayre had requested that Mr. Verrelli and certain other senior engineers at Bombardier identify gaps in knowledge at Bombardier "in the Pneumatics knowledge domain." (Ex. K, at 3.) According to the Borfitz Declaration, the redacted portions of the exhibit "identifies specific gaps in knowledge and experience" at Bombardier, "such as understanding leak detection within pneumatic systems." (Borfitz Decl. ¶ 8.) Bombardier's Motion to Seal gives no reason why the existence of knowledge gaps at Bombardier is a trade secret. Mr. Borfitz states in his declaration that "[c]ompetitors could use that information to target specific individuals for hiring and capitalize on recruitment efforts within a limited pool of qualified engineers." (*Id.*) This makes little sense: Neither Mr. Borfitz nor Bombardier describes how a competitor's

---

[6] <https://www.faa.gov/regulations_policies/advisory_circulars/index.cfm/>

DEFENDANTS KEITH AYRE AND MARC-ANTOINE
DELARCHE'S OPPOSITION TO BOMBARDIER'S MOTION
TO SEAL - 10
No. 2:18-cv-01543-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

having information about gaps in knowledge at Bombardier would help that competitor's own recruiting efforts or otherwise provide it with value.

**8. Exhibit L: "FAA Policy" email.**

Like Exhibits A and H, Exhibit L is another example of Bombardier's redaction of publicly available information to give it the aura of confidentiality. Indeed, nearly the entirety of Exhibit L is redacted. The last line of the email above the signature block contains what appears to be an identification code, which has been redacted from the publicly filed exhibit. An internet search for that code returns, as the first result, a PDF of a 2006 FAA memorandum, posted on the FAA's website.[7] This memorandum has a "Memo No." that is identical to the identification code in Exhibit L. The unredacted Exhibit L contains language in red under the line that starts, "This is what we will be fighting against." That language in red appears, exactly and in full, in the above-referenced 2006 FAA memorandum at page 7. The language of government regulations and the publicly available documents concerning them cannot, standing alone, be anyone's trade secret and have no business being filed under seal.

## IV. CONCLUSION

For the reasons set forth herein, the unredacted Borfitz Declaration (ECF No. 217) and all of the unredacted Danley Exhibits (ECF No. 216) should be unsealed or stricken from the record.

---

[7] <http://rgl.faa.gov/Regulatory_and_Guidance_Library/rgPolicy.nsf/>

DEFENDANTS KEITH AYRE AND MARC-ANTOINE
DELARCHE'S OPPOSITION TO BOMBARDIER'S MOTION
TO SEAL - 11
No. 2:18-cv-01543-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

DATED: June 10, 2019.

**SAVITT BRUCE & WILLEY LLP**

By   *s/Jacob P. Freeman*
James P. Savitt, WSBA #16847
Jacob P. Freeman, WSBA #54123
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
Telephone: 206.749.0500
Facsimile: 206.749.0600
Email: jsavitt@sbwLLP.com
Email: jfreeman@sbwLLP.com

Attorneys for Defendants Keith Ayre and Marc-Antoine Delarche

DEFENDANTS KEITH AYRE AND MARC-ANTOINE DELARCHE'S OPPOSITION TO BOMBARDIER'S MOTION TO SEAL - 12
No. 2:18-cv-01543-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 10, 2019 I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated this 10th day of June, 2019 at Seattle, Washington.

*Gabriella Sanders*
Gabriella Sanders

CERTIFICATE OF SERVICE
No. 2:18-cv-01543-JLR

SAVITT BRUCE & WILLEY LLP
1425 Fourth Avenue Suite 800
Seattle, Washington 98101-2272
(206) 749-0500