Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| BOMBARDIER INC., <br><br> Plaintiff, <br><br> v. <br><br> MITSUBISHI AIRCRAFT CORPORATION, MITSUBISHI AIRCRAFT CORPORATION AMERICA INC., AEROSPACE TESTING ENGINEERING & CERTIFICATION INC., MICHEL KORWIN-SZYMANOWSKI, LAURUS BASSON, MARC-ANTOINE DELARCHE, CINDY DORNÉVAL, KEITH AYRE, AND JOHN AND/OR JANE DOES 1-88, <br><br> Defendants. | No. 2:18-cv-01543-JLR <br><br> BOMBARDIER INC.'S REPLY TO DEFENDANTS KEITH AYRE AND MARC-ANTOINE DELARCHE'S OPPOSITION TO BOMBARDIER INC.'S MOTION TO SEAL THE DECLARATION OF MICHAEL BORFITZ AND EXHIBITS A, B, F-I, K, AND L TO THE DECLARATION OF JEFFREY DANLEY <br><br> **NOTE ON MOTION CALENDAR:** <br> **JUNE 14, 2019** |

BOMBARDIER INC.'S REPLY IN SUPPORT OF
MOTION TO SEAL (DKT. NO. 215)
(2:18-cv-01543-JLR) - i

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

## I. ARGUMENT

In light of this Court's order on various motions to seal (Order, Dkt. # 111), which dispatched nearly identical arguments as those now raised by Defendants Ayre and Delarche ("Defendants"), Bombardier's Motion to Seal ("Motion," Dkt. # 215) should have been stipulated. However, despite this Court's prior admonishment of imposing a "disproportionate burden on judicial resources," (Order, Dkt. # 218) Defendants have maintained positions similar to those that have failed earlier in the case, thereby requiring otherwise unnecessary briefing. As set forth below, Defendants' arguments are unavailing.

### A. Bombardier's Motion Is Not "Vague"

Defendants misguidedly criticize Bombardier of lodging "vague contentions" supporting its Motion, and they incorrectly assert that "[t]here are no such articulable facts" in the Motion to justify adopting Bombardier's requested redactions. (*See* Opp'n, Dkt. # 234, at 3-4.) More accurately, Bombardier and its expert, Mr. Michael Borfitz, explained that Exhibits A, B, F-I, K, and L to the Danley Declaration would be commercially valuable to competitors of Bombardier. (*See* Motion, Dkt. # 215, at 3-4; Borfitz Decl., Dkt. # 197, ¶¶ 7-13.) By discussing the commercial value to competitors in detail, Bombardier and Mr. Borfitz addressed "the legitimate private or public interests that warrant the relief sought" and "the injury that will result if the relief sought is not granted." LCR 5(g)(3)(B). Moreover, Bombardier explained that these documents are "closely related" to the trade secrets at issue (Motion, Dkt. # 215, at 3), thereby satisfying LCR 5(g)(3)(B)(iii)'s requirement as to "why a less restrictive alternative to the relief sought is not sufficient." Therefore, Defendants' contention that Bombardier merely submitted vague assertions is without merit.

### B. A Compilation Is Comprised of Individual Pieces of Information

Throughout their Opposition, Defendants ignore this Court's prior order that criticized MITAC America of putting "the cart before the horse" by arguing the merits of Bombardier's trade secret case in the context of a motion to seal. (*See* Order, Dkt. # 111, at 14.) Specifically, Defendants erroneously assert that Bombardier "has not articulated what secret

BOMBARDIER INC.'S REPLY TIN SUPPORT OF
MOTION TO SEAL (DKT. NO. 215)
(2:18-cv-01543-JLR) -1

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

compilation any particular publicly available document is a part of or explained how such compilation is unique or how it was compiled ...." (Opp'n, Dkt. # 234, at 4-5.) In addition to arguing the merits in an improper procedural context, Defendants' assertion also ignores the Court's previous ruling that "at this stage, Bombardier has identified its alleged trade secrets—which rely in part on a compilation theory—with enough specificity." (Order, Dkt. # 111, at 14.)

Further, Defendants ignore yet another part this Court's prior ruling: "[f]or purposes of determining if compelling reasons exist to seal the disputed material, the court only needs to find that the material '*might* . . . release trade secrets.'" (Order, Dkt. # 111, at 14 (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (emphasis added).) Specifically, Defendants put forth the untenable notion that every single redaction *on its own* must be Bombardier's *compilation* of trade secrets in order to justify keeping Bombardier's requests sealed from the public record. (*See, e.g.*, Opp'n, Dkt. # 234, at 4, 6, and 8.) Defendants offer no support for this assertion (as they indeed cannot), and they instead attempt to stretch a statement of law from *United States v. Nosal,* 844 F.3d 1024, 1042 (9th Cir. 2016) that is irrelevant to the question of whether documents should be filed under seal. (*See* Opp'n, Dkt. # 234, at 4.) While true that "the secrecy of the claimed trade secret as a whole" is "determinative" on the ultimate *merits* of a trade secret misappropriation case (*Nosal,* 844 F.3d at 1042 (quoting Restatement (Third) of Unfair Competition § 39 cmt. f (1995)), it is not determinative on the question to seal documents from the public; and it does not support the notion that an alleged wrongdoer may eviscerate a compilation by publicly disclosing its underlying components piece-by-piece in a motion-to-seal context. (*See* Order, Dkt. # 111, at 14.)

**C. The Redacted Information Is Properly Sealed**

*Exhibit A: "2013 Transport Canada" Email.* Exhibit A to the Danley Declaration is an un-redacted version of a portion of Exhibit S to Bombardier's First Amended Complaint ("FAC") (*Compare* Dkt. # 216, *and* Dkt. # 196-1, *with* Dkt. # 143-19) and has been discussed

BOMBARDIER INC.'S REPLY TIN SUPPORT OF
MOTION TO SEAL (DKT. NO. 215)
(2:18-cv-01543-JLR) -2

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

in briefing related to at least one other motion to seal. (*See, e.g.*, Dkt. # 227, at 3.) In brief, this email discusses alternative means that Bombardier discussed with Transport Canada ("TCCA") for testing certain safety systems in Bombardier's aircraft. This exchange between Mr. Ayre and TCCA cannot be readily ascertainable by the general public because it was direct and confidential correspondence concerning systems specific to Bombardier. (*See, e.g.*, Waterhouse Decl., Dkt. # 89, ¶¶ 21, 29 (identifying exchange with Transport Canada as "confidential"); *see also* Borfitz Decl., Dkt. # 197, ¶ 12 (same).) Bombardier invested time and resources to discover which publicly available information would be most pertinent to its certification efforts; it would be injured if a competitor gained an unfair advantage by learning this information absent a comparable investment of time and resources.

Next, Defendants argue that "Bombardier [itself] implies . . . that it inadvertently made the discussed disclosures in its own public filings," but the citation Defendants use in support reveals nothing of the sort. (*See* Opp'n, Dkt. # 234, at 6 n.2 (citing "ECF No. 227, at 3:13-17").) Even a cursory reading of Bombardier's position readily shows that Bombardier was merely identifying the broad protections of the Protective Order, not that it had already publicly disclosed sensitive information.

Further, Defendants incorrectly use hindsight to argue that the information contained in the TCCA email can be easily found through an internet search. (*See* Opp'n, Dkt. # 234, at 6-7 (discussing models of equipment, advisory circulars, and FAA regulations).) Defendants' counsel were able to expediently discover the equipment models, advisory circulars, and FAA regulations ***only after*** viewing Bombardier's identification of them. Unlike Defendants' counsel, Bombardier did not have the luxury of hindsight to arrive at this information in the first instance. Disclosing the information to the public as Defendants request would unfairly compromise Bombardier's substantial investment of time and resources expended in gathering such information. Further still, Defendants appear to maintain that 14 C.F.R. Part 25 represents the entire universe of relevant regulations for aircraft certification. (*See* Opp'n, Dkt. # 234, at 7.) But as this Court is well-aware, even Part 25 is just ***one*** set of rules that

BOMBARDIER INC.'S REPLY TIN SUPPORT OF
MOTION TO SEAL (DKT. NO. 215)
(2:18-cv-01543-JLR) -3

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

must be addressed during aircraft certification. (*See, e.g.*, FAC, Dkt. # 143, ¶ 29 (citing 14 C.F.R. Parts 21, 25, 34, and 36).) Indeed, Defendants' own cited URL indicates that 84 advisory circulars are associated *just* for airworthiness. (*See* Opp'n, Dkt. # 234, at 7 n.4.)

Finally, Defendants' argument concerning the ability to reverse-engineer the information at issue is irrelevant in this Circuit: "[T]he theoretical possibility of reconstructing the secret from published materials containing scattered references to portions of the information or of extracting it from public materials unlikely to come to the attention of the appropriator will not preclude relief against the wrongful conduct...." *Nosal*, 844 F.3d at 1042 (citations omitted). Thus, Defendants' contention that the information in the TCCA email can be reverse-engineered by proper means is without merit.

***Exhibit B: FAA Website Search Results.*** This exhibit reflects a summary of FAA publications and is properly considered part of Bombardier's trade secret compilation. Without the benefit of hindsight, Bombardier invested the time and resources to discover this model name and attendant search results amidst the sea of potentially determinative regulations to ascertain this model name and associated documents. Bombardier's competitors should not gain an unfair advantage by looking over Bombardier's shoulder to learn this information.

***Exhibit F: "Ducted Smoke Det" Email.*** Mr. Borfitz testified that the information in this exhibit "provides valuable guidance for potential competitors of Bombardier." (Borfitz Decl., Dkt. # 197, ¶ 11.) Yet Defendants maintain that because the PDF attachment to the email appears to originate from a third party, Bombardier cannot claim it as part of its trade secret compilation. (*See* Opp'n, Dkt. # 234, at 8.) Defendants cite no support for this proposition—and for good reason: it contravenes Ninth Circuit precedent. *See, e.g.*, *Nosal*, 844 F.3d at 1042; *Kamakana*, 447 F.3d at 1179. Additionally, given Bombardier's history of successful aircraft certification, whether the information originated from a third party does not negate the inherent value in knowing that such information contributed to Bombardier's successful certification efforts. Moreover, Defendants fail to appreciate that if the information

BOMBARDIER INC.'S REPLY TIN SUPPORT OF
MOTION TO SEAL (DKT. NO. 215)
(2:18-cv-01543-JLR) -4

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

labeled as "Confidential" truly does belong to a third party, the need to file such information under seal is even more pressing. (*See* First Page of Software Requirements Specifications for Ex. F, Dkt. # 216.) The information at issue would not be Bombardier's to disclose publicly.

***Exhibit G: "SSA Analysis" Email.*** Contrary to Defendants' contention (Opp'n, Dkt. # 234, at 9), Mr. Borfitz testified that the information in the SSA Analysis email is "particular to Bombardier" and that it provides "valuable information for potential competitors." (Borfitz Decl., Dkt. # 197, ¶ 13.) This email therefore is another "source[] of business information" that would "harm [Bombardier's] competitive standing"; and it therefore creates sufficient "compelling reasons to keep [the] document[s] sealed." *Hill v. Xerox Corp.*, No. C12-0717-JCC, 2014 WL 1356212, at *2 (W.D. Wash. Apr. 7, 2014). Additionally, Defendants' observation that Bombardier did not initially formally designate this document as "Confidential/AEO" is irrelevant. (*See*, Opp'n, Dkt. # 234, at 9.) Bombardier designated it "Confidential/AEO" just a few hours after initial production. (*See* Correspondence between Counsel for MITAC and Bombardier, Dkt. # 196-4.)

***Exhibit H: Supplier CID Email.*** Defendants again misguidedly use hindsight to argue that the particular identification codes and CIDs shown in the un-redacted Exhibit H can be readily found through simple internet searching. (Opp'n, Dkt. # 234, at 9-10.) Ironically, Defendants' search confirms how simple it would be for a competitor to identify determinative identification codes and CIDs ***only after*** someone else divulges that information to guide the search. This accordingly confirms that this exhibit "provides value to competitors in the aviation industry" because "it provides certification insight." (Borfitz Decl., Dkt. # 217, ¶ 10.) This is precisely why Bombardier seeks to seal this information.

***Exhibit I: Keith Ayre Email Log.*** The same reasons provided above with respect to Exhibit A apply to Bombardier's requested redaction of the subject line on page 1 of 17. The modest redaction to one email subject line, proposed by Bombardier, properly balances Bombardier's need to protect that information against the public's right to access court records. (*Compare* Dkt. # 216, *with* Dkt. # 196-9.)

BOMBARDIER INC.'S REPLY TIN SUPPORT OF
MOTION TO SEAL (DKT. NO. 215)
(2:18-cv-01543-JLR) -5

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

1   ***Exhibit K: "Technical Knowledge Gaps" Email.*** Defendants' assertion is misplaced insofar as it contends that Bombardier and Mr. Borfitz did not explain why this exhibit contains Bombardier's trade secrets. (*See* Opp'n, Dkt. # 234, at 10-11.) This is not the correct inquiry, as information need not constitute trade secrets to qualify for sealing from the public record. (*See* Order, Dkt. # 111, at 14; *see also* LCR 5(g) (stating that even "confidential" and "sensitive" information may be properly sealed.))  Regardless, Bombardier and Mr. Borfitz explained why the redacted portions of Exhibit K (*compare* Dkt. # 216, *with* Dkt. # 196-11) would enable competitors to target individuals with knowledge particularly relevant for aircraft certification without having to engage in the same analysis that is demonstrated in Exhibit K. (*See* Borfitz Decl., Dkt. # 217, ¶ 10.) Bombardier has a legitimate interest in keeping this confidential information sealed and would be prejudiced if its proposed redactions are not adopted.

***Exhibit L: "FAA Policy" Email.*** Defendants yet again impermissibly use hindsight to demonstrate that the information contained within the requested redactions is available online. (*See* Opp'n, Dkt. # 234, at 11.) Defendants again ***typed the very information that was redacted*** into a search engine in order to argue that, absent those redactions, that exact information is readily available. Additionally, Defendants again ignore this Court's ruling that publicly available information can form part of a trade secret compilation. (*See* Order, Dkt. # 111, at 14.) Exhibit L shows which FAA policy—among thousands—would be immediately applicable to MITAC's MRJ development because it had been previously applicable to Bombardier's certification efforts. Public disclosure of Mr. Ayre's citation to this policy would enable a competitor to learn of its particular relevance to aircraft certification without incurring investment comparable to Bombardier's. To avoid such prejudice to Bombardier, this information should remain sealed.

## II.   CONCLUSION

For the foregoing reasons, Bombardier's Motion to Seal should be granted.

Dated this 14th day of June, 2019.

BOMBARDIER INC.'S REPLY TIN SUPPORT OF
MOTION TO SEAL (DKT. NO. 215)
(2:18-cv-01543-JLR) -6

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

CHRISTENSEN O'CONNOR
JOHNSON KINDNESS[PLLC]

s/John D. Denkenberger
John D. Denkenberger, WSBA No.: 25,907
Brian F. McMahon, WSBA No.: 45,739
Jeffrey E. Danley, WSBA No.: 52,747
Christensen O'Connor Johnson Kindness[PLLC]
1201 Third Avenue, Suite 3600
Seattle, WA  98101-3029
Telephone:  206.682.8100
Fax:  206.224.0779
E-mail: john.denkenberger@cojk.com,
brian.mcmahon@cojk.com,
jeffrey.danley@cojk.com, litdoc@cojk.com

*Attorneys for Plaintiff Bombardier Inc.*

BOMBARDIER INC.'S REPLY TIN SUPPORT OF
MOTION TO SEAL (DKT. NO. 215)
(2:18-cv-01543-JLR) -7

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

**CERTIFICATE OF SERVICE**

I hereby certify that on June 14, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | | |
|---|---|---|
| Jerry A. Riedinger<br>PERKINS COIE LLP<br>Email:<br>JRiedinger@perkinscoie.com<br>docketsea@perkinscoie.com<br>lshaw@perkinscoie.com<br>sporter@perkinscoie.com | Mack H. Shultz<br>PERKINS COIE LLP<br>Email:<br>MShultz@perkinscoie.com<br>docketseapl@perkinscoie.com<br>sbilger@perkinscoie.com | Mary Z. Gaston<br>PERKINS COIE LLP<br>Email:<br>MGaston@perkinscoie.com<br>docketsea@perkinscoie.com<br>jstarr@perkinscoie.com |
| James Sanders<br>PERKINS COIE LLP<br>Email:<br>JSanders@perkinscoie.com<br>RBecken@perkinscoie.com<br>docketsea@perkinscoie.com<br>jdavenport@perkinscoie.com | Shylah R. Alfonso<br>PERKINS COIE LLP<br>Email:<br>SAlfonso@perkinscoie.com<br>docketsea@perkinscoie.com | |

Attorneys for Mitsubishi Aircraft Corporation and Mitsubishi Aircraft Corporation America Inc.

| | |
|---|---|
| Richard J. Omata<br>KARR TUTTLE CAMPBELL<br>Email: romata@karrtuttle.com<br>jnesbitt@karrtuttle.com<br>swatkins@karrtuttle.com | Mark A. Bailey<br>KARR TUTTLE CAMPBELL<br>Email: mbailey@karrtuttle.com<br>jsmith@karrtuttle.com<br>mmunhall@karrtuttle.com<br>sanderson@karrtuttle.com |

Daniel T. Hagen
KARR TUTTLE CAMPBELL
Email: dhagen@karrtuttle.com
ksagawinia@karrtuttle.com

Attorneys for Aerospace Testing Engineering & Certification Inc., Michel Korwin-Szymanowski, Laurus Basson, and Cindy Dornéval

---

BOMBARDIER INC.'S REPLY TIN SUPPORT OF
MOTION TO SEAL (DKT. NO. 215)
(2:18-cv-01543-JLR) -8

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100

| | |
|---|---|
| James P. Savitt | Jacob P. Freeman |
| SAVITT BRUCE & WILLEY LLP | SAVITT BRUCE & WILLEY LLP |
| Email: jsavitt@sbwLLP.com eservice@sbwllp.com | Email: jfreeman@sbwLLP.com |

Attorneys for Marc-Antoine Delarche and Keith Ayre

s/John D. Denkenberger
John D. Denkenberger, WSBA No.: 25,907
Brian F. McMahon, WSBA No.: 45,739
Jeffrey E. Danley, WSBA No.: 52,747
Christensen O'Connor Johnson Kindness$^{PLLC}$
1201 Third Avenue, Suite 3600
Seattle, WA  98101-3029
Telephone:  206.682.8100
Fax:  206.224.0779
E-mail: john.denkenberger@cojk.com,
brian.mcmahon@cojk.com,
jeffrey.danley@cojk.com, litdoc@cojk.com

*Attorneys for Plaintiff Bombardier Inc.*

BOMBARDIER INC.'S REPLY TIN SUPPORT OF
MOTION TO SEAL (DKT. NO. 215)
(2:18-cv-01543-JLR) -9

CHRISTENSEN | O'CONNOR
JOHNSON | KINDNESS

1201 Third Avenue
Suite 3600
Seattle, WA 98101-3029
1.206.682.8100